COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
JEFFREY M. GUTKIN (216083) (gutkinjm@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

FACEBOOK, INC.
COLIN S. STRETCH (205144) (colin@fb.com)
SANDEEP N. SOLANKI (244005) (ssolanki@fb.com)
1601 S. California Ave.
Palo Alto, CA 94304
Telephone:     (650) 853-1300
Facsimile:      (650) 543-4800

Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No. CV 11-01726 LHK (PSG)<br><br>**DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**F.R.C.P. 26(c)**<br><br>Date:          July 26, 2011<br>Time:         10:00 a.m.<br>Courtroom:  5<br>Judge:        Hon. Paul S. Grewal<br>Trial date:    None Set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

# Table of Contents

**Page**

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER ...................................... 1

STATEMENT OF RELIEF SOUGHT ........................................................................ 2

STATEMENT OF ISSUES TO BE DECIDED ............................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 3

I.      INTRODUCTION ...................................................................................... 3

II.     STATEMENT OF FACTS ............................................................................ 4

        A.      Procedural History ....................................................................... 4

        B.      Plaintiffs' Allegations and Facebook's Grounds for Dismissal ............................ 5

        C.      Rule 26(f) Conference .................................................................... 7

        D.      Plaintiffs' Discovery Requests ............................................................ 8

        E.      Plaintiffs' Damages Claim ............................................................... 11

III.    ARGUMENT ........................................................................................... 11

        A.      The Court Should Stay Discovery Until Judge Koh Determines Whether
                Plaintiffs Have Stated a Viable Claim ................................................... 11

                1.      Courts routinely stay discovery until they have determined whether
                        the plaintiffs have pled a viable complaint ................................... 12

                2.      In light of the volume and breadth of Plaintiffs' discovery demands,
                        a stay is particularly appropriate here ....................................... 15

        B.      In the Alternative, All Discovery Should Be Stayed Until Judge Koh
                Considers the Parties' Divergent Views as to What Discovery is
                Appropriate and Efficient at this Stage of the Action ......................................... 18

IV.     CONCLUSION………………………………………………………………………… 20

i.

**DEFENDANT FACEBOOK, INC.'S**
**MOTION FOR PROTECTIVE ORDER**
**CASE NO. CV 11-01726 LHK (PSG)**

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Table of Authorities**

**Page(s)**

CASES

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
   5 F.3d 378 (9th Cir. 1993) ................................................................................. 14

*In re Apple and AT & TM Antitrust Litig.*,
   No. C-07-05152 JW (PVT), 2010 WL 1240295 (N.D. Cal. Mar. 26, 2010) ........................ 20

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ..................................................................................... 13

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ..................................................................................... 13

*Camacho v. Auto. Club of S. Cal.*,
   142 Cal. App. 4th 1394 (2006).......................................................................... 7

*Chavous v. District of Columbia Financial Responsibility & Management Assistance
   Authority*,
   201 F.R.D. 1 (D.D.C. 2001)............................................................................. 18

*In re DirecTV Early Cancellation Litig.*,
   738 F. Supp. 2d 1062 (C.D. Cal. 2010)............................................................. 7

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)......................................................................................... 13

*In re Facebook Privacy Litig.*,
   No. C 10-02389 JW (N.D. Cal. May 12, 2001) ................................................ 7

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
   521 F.3d 1157 (9th Cir. 2008).......................................................................... 14

*GA Escrow, LLC v. Autonomy Corp. PLC*,
   No. C 08-01784 SI, 2008 WL 4848036 (N.D. Cal. Nov. 7, 2008) .................... 7

*Hall v. Tilton*,
   No. C 07-3223 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ............... 12, 13

*Hanni v. Am. Airlines, Inc.*,
   No. C-08-00732 CW (EDL), 2009 WL 1505286 (N.D. Cal. May 27, 2009) ........... 12

*Invitrogen Corp. v. President & Fellows of Harvard College*,
   No. 07-cv-0878-JLS (POR), 2007 WL 2915058 (S.D. Cal. Oct. 4, 2007) ............. 13, 17

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

**Table of Authorities**
(continued)

Page(s)

*Janis v. Biesheuvel,*
   428 F.3d 795 (8th Cir. 2005)..................................................... 12

*Jarvis v. Regan,*
   833 F.2d 149 (9th Cir. 1987) .................................................... 12, 14

*Johnson v. New York Univ. Sch. of Educ.,*
   205 F.R.D. 433 (S.D.N.Y. 2002) .............................................. 12

*Juarez v. Jani-King of Cal., Inc.,*
   __ F.R.D. __, No. 09-3495 SC, 2011 WL 835196 (N.D. Cal. Mar. 4, 2011) ....................... 19

*Jurin v. Google Inc.,*
   695 F. Supp. 2d 1117 (E.D. Cal. 2010) .................................... 6

*Koh v. S.C. Johnson & Son, Inc.,*
   No. C09-00927 RMW, 2011 WL 940227 (N.D. Cal. Feb. 18, 2011).................................... 17

*Little v. City of Seattle,*
   863 F.2d 681 (9th Cir. 1988)..................................................... 11, 12, 14

*Mitchell v. Forsyth,*
   472 U.S. 511 (1985) .................................................................. 12

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,*
   591 F.3d 250 (4th Cir. 2009).................................................... 14

*Newman v. San Joaquin Delta Cmty. Coll. Dist.,*
   No. 2:09-cv-03441 WBS KJN, 2011 WL 1743686 (E.D. Cal. May 6, 2011) ................. 17-18

*O'Meara v. Heineman,*
   No. 8:09CV0157, 2009 U.S. Dist. LEXIS 67487 (D. Neb. July 29, 2009) ........................... 12

*Rae v. Union Bank,*
   725 F.2d 478 (9th Cir. 1984)..................................................... 14

*Rutman Wine Co. v. E. & J. Gallo Winery,*
   829 F.2d 729 (9th Cir. 1987)..................................................... 12

*Shulman v. Group W Prods., Inc.,*
   18 Cal. 4th 200 (1998) ............................................................ 6

*Spencer Trask Software & Info. Servs. v. RPost Int'l Ltd.,*
   206 F.R.D. 367 (S.D.N.Y. 2002) .............................................. 15

**Table of Authorities**
(continued)

Page(s)

*Taylor v. Smith*,
No. 4:09CV3148, 2009 U.S. Dist. LEXIS 75718 (D. Neb. Aug. 25, 2009) ......................... 12

*Thompson v. Home Depot, Inc.*,
No. 07cv1058 IEG, 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007) ........................................ 6

*United States v. CBS, Inc.*,
666 F.2d 364 (9th Cir. 1982) ................................................................................................. 11

*Washington v. Brown & Williamson Tobacco Corp.*,
959 F.2d 1566 (11th Cir. 1992) ............................................................................................ 19

*Wenger v. Monroe*,
282 F.3d 1068 (9th Cir. 2002) .............................................................................................. 12

*Whiteside v. Tenet Healthcare Corp.*,
101 Cal. App. 4th 693 (2002) ................................................................................................. 7

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981) ................................................................................................. 12

*Yingling v. eBay Inc.*,
No. C 09-01733 JW (PVT), 2010 WL 2382304 (N.D. Cal. June 10, 2010) .......................... 20

STATUTES

47 U.S.C.
§ 230 ............................................................................................................................ 6, 13, 14,

Cal. Bus. & Prof. Code
§ 17200 ................................................................................................................................. 5, 7

Cal. Civil Code
§ 3344 .................................................................................................................. 3, 5, 6, 10, 16

OTHER AUTHORITIES

5 Wright & Miller § 1216 ...................................................................................................... 13

Federal Rule of Civil Procedure
12(b) ................................................................................................................... 12, 14, 17
15(a) ...................................................................................................................................... 5
26(c) ................................................................................................................. 1, 2, 11, 15
26(c)–(d) .............................................................................................................................. 11
30(b)(6) ...................................................................................................................... passim

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

**Table of Authorities**
(continued)

Page(s)

Manual for Complex Litigation (4th)
   § 21.11 ................................................................................................................. 20
   § 21.14 ................................................................................................................. 20

N.D. Cal. Civ. L.R.
   16-10(b) ............................................................................................................. 19
   30-1 ................................................................................................................... 8

U.S. Constitution, Article III ......................................................................................... 6

**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 26, 2011 at 10:00 a.m. or as soon thereafter as this motion may be heard in the above-entitled Court, located at 280 South First Street, San Jose, California, in Courtroom 5, 4th Floor, Defendant Facebook, Inc. ("Facebook") will, and hereby does, move for a protective order temporarily staying all discovery, apart from Federal Rule of Civil Procedure 26(f) disclosures, until the Honorable Lucy H. Koh (before whom the above-entitled action is pending) decides whether Plaintiffs have stated any viable claim for relief. Plaintiffs' May 18, 2011 set of discovery requests (collectively, "Plaintiffs' Discovery Requests") are premature and may be mooted by Facebook's forthcoming motion to dismiss Plaintiffs' Second Amended Complaint, which Facebook will file on or before July 1, 2011.  Plaintiffs' Discovery Requests also are overbroad, frequently irrelevant to the disputed issues in this action, and otherwise harassing and improper.  Permitting discovery to proceed before Facebook's motion to dismiss is resolved will impose undue, and potentially needless, burden and expense on the Parties and the Court.

In the alternative, discovery should be stayed at least until the scheduled July 28, 2011 Initial Case Management Conference.  That conference will give the Parties an opportunity to voice their competing views as to when and how discovery should move forward (if at all), and, as contemplated in the Federal Rules of Civil Procedure and the Northern District of California Civil Local Rules, will afford Judge Koh the opportunity to provide guidance on these issues.

Facebook's motion is made pursuant to Federal Rule of Civil Procedure 26(c) and is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Matthew D. Brown, and all pleadings and papers on file in this matter, and upon such other matters as may be presented to the Court at the time of hearing or otherwise.  As required by Federal Rule of Civil Procedure 26(c)(1), Facebook certifies that the Parties have conferred and attempted to resolve this dispute prior to Facebook filing this motion. (*See* Declaration of Matthew D. Brown ("Brown Decl.") ¶ 9.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**1.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

## STATEMENT OF RELIEF SOUGHT

Facebook seeks an order pursuant to Federal Rule of Civil Procedure 26(c) staying discovery in the above-entitled action, including all currently pending discovery, until after Judge Koh determines whether Plaintiffs have pled any viable claim for relief or, in the alternative, until after the scheduled July 28, 2011 Initial Case Management Conference before Judge Koh.[1]

## STATEMENT OF ISSUES TO BE DECIDED

1.      Should the Court stay all discovery, except Rule 26(f) initial disclosures, because Facebook's forthcoming motion to dismiss Plaintiffs' Second Amended Complaint is potentially dispositive of the entire case and can be decided without additional discovery, and because Plaintiffs' Discovery Requests are overbroad, unduly burdensome, premature, and, at times, wholly irrelevant to the claims and defenses at issue in this case and otherwise harassing and improper?

2.      In the alternative, should the Court stay all discovery until the scheduled July 28, 2011 Initial Case Management Conference is conducted and Judge Koh decides when and how discovery should proceed?

---

[1] Facebook reserves all rights, subject to the Court's ruling on this motion and Judge Koh's ruling on Facebook's forthcoming motion to dismiss, to assert objections to Plaintiffs' written and deposition discovery requests.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**2.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs, on behalf of themselves and a putative class of other users of the Facebook website, claim that Defendant Facebook, Inc. ("Facebook") has misappropriated users' names and likenesses by republishing certain information from users' profile pages to their friends on Facebook as "Sponsored Stories."  For example, Plaintiff Susan Mainzer alleges she voluntarily "clicked on a Facebook 'Like' on the facebook.com page for UNICEF… to support UNICEFF [sic] in a campaign to reduce the deaths of children."  (*See* Second Amended Class Action Complaint for Damages ("SAC") ¶ 70.)  Plaintiffs allege that the statement "Susan [Mainzer] likes UNICEF" was subsequently displayed to her Facebook friends as a Sponsored Story, along with Ms. Mainzer's profile picture – that is,  Ms. Mainzer's "Like," was republished to the same audience (in this case, her Facebook friends) that was able to see it when Ms. Mainzer first took the action of "Liking" the UNICEF page.  (*Id.* ¶¶ 71-72.)  Plaintiffs allege that this and similar republications of user content to users' Facebook friends violated users' rights of publicity under California Civil Code section 3344, violated California's Unfair Competition Law, and unjustly enriched Facebook.  (*Id.* ¶¶ 70-72, 107-135.)  Plaintiffs' claims have no merit and should be dismissed, as Facebook's forthcoming motion to dismiss will demonstrate.

Facebook brings this motion, however, to obtain immediate relief from the onslaught of premature, overbroad, and, at times, blatantly harassing discovery requests recently propounded by Plaintiffs.  Plunging into discovery about virtually every aspect of Facebook's business before the Honorable Lucy H. Koh has even determined whether Plaintiffs have pled any viable claims is neither necessary nor efficient.  To the contrary, the process of answering and objecting to Plaintiffs' pending discovery requests at this very early stage of the litigation is almost certain to waste both Party and Court resources.  Plaintiffs' discovery is also premature because the Initial Case Management Conference before Judge Koh, at which the parties are likely to receive guidance regarding the appropriate timing for and scope of discovery, is still more than five weeks away.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**3.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

Plaintiffs' discovery also is overbroad, unduly burdensome, oppressive, and harassing. Plaintiffs' opening volley of demands consists of **131 written discovery requests**, as well as a battery of Rule 30(b)(6) "person most knowledgeable" deposition notices that purport to require Facebook to proffer multiple witnesses prepared to testify to the company's collective knowledge on **50 different topics**. Plaintiffs also seek information with no conceivable relevance to this lawsuit. This includes Plaintiffs' astounding demand for all documents and information related to whether Facebook intends to make an initial public offering ("IPO") of stock. Both the breadth and the intrusiveness of Plaintiffs' requests, along with Plaintiffs' preposterous claim that damages the putative class has suffered over the last five months for using Facebook's *free* service may exceed *one trillion dollars*, suggest that Plaintiffs hope to pressure Facebook into either settling or capitulating to some of Plaintiffs' unreasonable discovery demands to avoid the sting of others.

The case law in this and other circuits is clear that a stay of discovery is proper where a pending motion may obviate the need for discovery and no discovery is required to resolve that motion. Stays of discovery are particularly appropriate where the avoidable expenditure of party resources will be substantial, as it clearly will be here.

Accordingly, Facebook requests the entry of a protective order staying all discovery, apart from Rule 26(f) initial disclosures, until Judge Koh determines whether Plaintiffs have any viable claims that may proceed. In the alternative, Facebook requests that, at a minimum, the Court issue a short stay of discovery until the July 28, 2011 Initial Case Management Conference, at which the parties will have the opportunity to discuss the timing, sequence, and appropriate scope of discovery with Judge Koh.

## II.   STATEMENT OF FACTS

### A.   Procedural History.

Plaintiffs filed their original Complaint against Facebook in California's Santa Clara County Superior Court on March 11, 2011 and filed their First Amended Complaint a week later.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**4.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

Facebook removed the action to this Court on April 8, 2011, and timely filed a Motion to Dismiss Plaintiffs' First Amended Complaint on May 18, 2011.  (*See* Brown Decl. ¶¶ 2, 7, Ex. H.)[2]

On June 6, 2011, before Plaintiffs' deadline to oppose Facebook's motion to dismiss the FAC arrived, Plaintiffs filed a Second Amended Complaint (the "SAC").  (*See generally* SAC.)  Although Plaintiffs did not move for leave of court or seek Facebook's written consent before filing the SAC, as required by Federal Rule of Civil Procedure 15(a), Facebook subsequently consented to the filing of the SAC and withdrew its pending motion to dismiss.  (Brown Decl. ¶ 8.)  Per the Parties' stipulation, Facebook will move to dismiss the SAC on or before July 1, 2011. (*Id.*)

**B.    Plaintiffs' Allegations and Facebook's Grounds for Dismissal.**

The SAC is brought on behalf of a putative nationwide class of adults and teenagers[3] who are Facebook users and who (in at least some cases) have "Liked" content on Facebook (*e.g.*, a webpage, brand, organization, etc.)—an action that has the effect of communicating a user's opinion to his or her Facebook friends.  Primarily, Plaintiffs complain that Facebook republished user "Likes" to their Facebook friends as part of a story sponsored by an advertiser.  (*See, e.g.*, SAC ¶ 68 ("Angel Frolicker likes Rosetta Stone").)  Plaintiffs admit that a user's choice to "Like" content, by clicking an associated button labeled with the word "Like," is voluntary.  (*Id.* ¶ 25.)  They also admit that users previously published the same statement to their group of Facebook friends.  (*Id.* ¶¶ 18, 25 (noting when a user clicks the "Like" button, that action is published to the Member's "news feed"[4] which is seen by their "Friends").)  However, according to Plaintiffs, when *the same information is republished to the very same group of friends as a Sponsored Story*, Facebook (1) violates California Civil Code section 3344, (2) violates the California Unfair

---

[2]  All references to "Ex. [X]" shall refer to exhibits to the concurrently filed declaration of Matthew D. Brown.

[3]  Users must be at least 13 years of age to register with Facebook.

[4]  To be accurate, when a user "Likes" content, depending on the user's privacy settings, that action is published to the user's "profile" or "wall" and to their Facebook friends' "news feeds."  A user's "news feed" is the running list of updates and actions that their friends have shared with them on Facebook.

1   Competition Law, Business and Professions Code section 17200 ("UCL"), and (3) is unjustly

2   enriched.

3       As Facebook will show in its forthcoming motion to dismiss, Plaintiffs' SAC is

4   insufficient as a matter of law and should be dismissed with prejudice.  *First*, and fatal to all three

5   claims, Plaintiffs have not alleged any cognizable injury in fact that would give them standing to

6   bring suit under Article III of the U.S. Constitution.  Although Plaintiffs include conclusory

7   allegations that they have been deprived of "the monetary value of having his or her endorsement

8   appear in that advertisement" (SAC ¶ 63), they fail to allege any facts suggesting that their names

9   and/or likenesses have any commercial value.  Indeed, courts have held that private litigants do

10  not have a compensable property interest in their names and/or likenesses.  *See Thompson v.*

11  *Home Depot, Inc.*, No. 07cv1058 IEG (WMc), 2007 WL 2746603, at *3 (S.D. Cal. Sept. 18,

12  2007).

13      *Second*, the federal Communications Decency Act ("CDA"), 47 U.S.C. § 230, bars all

14  three claims.  As many courts have held, Congress enacted CDA § 230 to promote the

15  development of the Internet and to protect the Internet as an active forum for free and open

16  speech.  Accordingly, the statute grants websites broad immunity from liability for publishing

17  information posted by users.  Plaintiffs' allegations make clear that each piece of information they

18  complain of was posted by the Plaintiffs themselves and that Facebook, at most, performed an

19  editorial function and republished this user-provided information—conduct for which websites

20  consistently receive CDA § 230 immunity.  *See Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1122

21  (E.D. Cal. 2010).

22      *Third*, Plaintiffs' claim under California Civil Code section 3344 should be dismissed, not

23  only because the SAC fails to allege the required injury, but also because Plaintiffs consented to

24  the alleged use of their names and likenesses that they now challenge.  Under Facebook's terms

25  of service—which all users agree to when they use the service—Facebook is permitted to use

26  names and profile pictures in association with "commercial, sponsored or related content,"

27  subject to users' privacy settings.  (SAC ¶ 32.)  Further, the "newsworthy" exemption codified in

28  section 3344(d) protects Facebook's republication of a user's comments, activities and opinions

Cooley LLP
Attorneys At Law
San Francisco

6.

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

1   (*e.g.*, "Susan Mainzer likes UNICEF") to the likely interested audience of the user's Facebook

2   friends. *See Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 225 (1998).

3       **Fourth**, Plaintiffs cannot allege facts suggesting that they suffered injury in fact or lost

4   money or property as a result of unfair competition. As a court in this district recently held,

5   because Facebook is a free service, parties like the Plaintiffs here lack standing to bring a claim

6   under the UCL. *See In re Facebook Privacy Litig.*, No. C 10-02389 JW, at 11-12 (N.D. Cal. May

7   12, 2011) (Ware, J.) (dismissing plaintiffs' UCL claim with prejudice because the plaintiffs

8   "received [Facebook's] services for free"). Moreover, the SAC fails to allege facts that would

9   support a claim under the "unlawful," "fraudulent," or "unfair" prongs of section 17200. *See*

10  *Whiteside v. Tenet Healthcare Corp.*, 101 Cal. App. 4th 693, 706 (2002); *Camacho v. Auto. Club*

11  *of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006).

12      **Fifth**, Plaintiffs' unjust enrichment claim should be dismissed as a matter of law because

13  there is no such independent cause of action in California. *See, e.g.*, *In re DirecTV Early*

14  *Cancellation Litig.*, 738 F. Supp. 2d 1062, 1091 (C.D. Cal. 2010) (noting "unjust enrichment is

15  not an independent claim"). Additionally, even if a court could reinterpret Plaintiffs' claim as

16  some alternate legal theory giving rise to a restitutionary remedy, Plaintiffs' claim, again, fails

17  because Facebook is a free service and Plaintiffs have not paid money to Facebook. *See GA*

18  *Escrow, LLC v. Autonomy Corp. PLC*, No. C 08-01784 SI, 2008 WL 4848036, at *7 (N.D. Cal.

19  Nov. 7, 2008).

20      **C.     Rule 26(f) Conference.**

21      Facebook and Plaintiffs conducted their initial conference pursuant to Federal Rule of

22  Civil Procedure 26(f) on May 18, 2011. (Brown Decl. ¶ 4.) During the conference, Facebook's

23  counsel stated its position that discovery should be stayed until its motion to dismiss was decided,

24  and that, if and when discovery commenced, it should be phased so that it would initially focus on

25  issues relevant to class certification. (*Id.*) Facebook proposed that the timing and sequencing of

26  discovery should be raised with Judge Koh at the Initial CMC, currently scheduled for July 28.

27  (*Id* ¶¶ 3-4; Ex. A-B.) Plaintiffs informed Facebook, however, that they would be hand-serving

28  discovery requests on the very day of the conference (*i.e.*, more than two months before the Initial

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

1   CMC) and, indeed, even before the telephonic Rule 26(f) conference was concluded, copies of

2   Plaintiffs' requests began to arrive in Facebook's counsel's email inbox.  (*Id*. ¶ 4.)

3         **D.**      **Plaintiffs' Discovery Requests.**

4         Plaintiffs' opening barrage of discovery demands, served May 18, 2011, includes: (1) five

5   sets of Requests for Admission ("RFAs") containing a total of *53 requests*; (2) five sets of

6   Requests for Production of Documents ("RFPs") containing a total of *63 requests*; (3) one set of

7   Interrogatories containing *15 questions*; and (4) five notices of Rule 30(b)(6) "person most

8   knowledgeable" depositions (collectively "Plaintiffs' Discovery Requests").  (Brown Decl. ¶ 5;

9   *See generally* Ex. C-F.)  Ignoring this Court's Civil Local Rule 30-1, Plaintiffs unilaterally picked

10   eight sequential business days for these depositions, all of which were noticed for dates *before* the

11   Initial CMC is scheduled to occur.   (Brown Decl. ¶¶ 3, 5; *see generally* Ex. F.)   In total,

12   Plaintiffs' Discovery Requests seek to require Facebook to answer *131 written discovery requests*

13   and to provide witnesses prepared to testify on the company's collective knowledge on a

14   staggering *50 different topics*.  (*Id*. ¶ 5.)

15         Plaintiffs' requests appear designed to inflict extraordinary burden on Facebook, and to

16   maximize the intrusion into its operations, by demanding information and data that touches nearly

17   all aspects of Facebook's business.  Many of Plaintiffs' requests are not limited to Sponsored

18   Stories (the sole Facebook product at issue in the case).  Even in the instances where Plaintiffs

19   purport to limit their requests to Sponsored Stories, the limitation is effectively vitiated by

20   Plaintiffs defining "SPONSORED STORIES" to include "the content found at

21   FACEBOOK.COM and the scheme by which it is generated," including "the system which

22   generates and delivers" this content.  (*See, e.g.*, Ex. D, Plaintiffs' First Set of RFPs, at 7.)

23   Plaintiffs also chose not to limit the timeframe of the information sought, despite conceding that

24   Sponsored Stories were introduced less than six months ago.  (SAC ¶ 26.)

25         Below is a sample of Plaintiffs' Discovery Requests:

26   •    All DOCUMENTS produced by YOU, with YOU or for YOU REGARDING the
value of friend-endorsed advertising (Ex. D, Plaintiffs' Fourth Set of RFPs, RFP No.

27   6);

28

Cooley LLP
Attorneys At Law
San Francisco

**8.**

Defendant Facebook, Inc.'s
Motion for Protective Order
Case No. CV 11-01726 LHK (PSG)

- All DOCUMENTS, including instant message conversations, RELATED TO the determination that socially-enhanced ads lead to higher recall, brand lift, or purchasing intent (*Id.*, Plaintiffs' Fourth Set of RFPs, RFP No. 17);

- All DOCUMENTS, including (but not limited to) instant message conversations, REGARDING YOUR research and development of socially-enhanced ads (*Id.*, Plaintiffs' Fifth Set of RFPs, RFP No. 8);

- All DOCUMENTS, including videos, where YOUR executives discuss friend-endorsed advertisements (*Id.*, Plaintiffs' Fourth Set of RFPs, RFP No. 20);

- A 30(b)(6) deposition REGARDING Facebook's determination that socially-enhanced ads have a higher recall, brand lift, and purchasing intent (Ex. F, Plaintiffs' Notice of 30(b)(6) Deposition for July 15, 2011);

- A 30(b)(6) deposition REGARDING the Facebooks [sic] agreements with Marketplace advertisers (*Id.*, Plaintiffs' Notice of 30(b)(6) Deposition for July 13, 2011);

- All DOCUMENTS, including instant message conversations, RELATED TO the creation of SPONSORED STORIES (Ex. D, Plaintiffs' Fourth Set of RFPs, RFP No. 1);

- All DOCUMENTS which YOU have provided to advertisers regarding SPONSORED STORIES (*Id.*, Plaintiffs' Third Set of RFPs, RFP No. 1);

- All studies, reports, and analyses done by YOU, for YOU, or with YOU, that led in any way to the ideation or creation of SPONSORED STORIES (*Id.*, Plaintiffs' Fourth Set of RFPs, RFP No. 16);

- All DOCUMENTS, including instant message conversations, by, to and from members of YOUR Board of Directors RELATING TO SPONSORED STORIES (*Id.*, Plaintiffs' Third Set of RFPs, RFP No. 2); and

- All DOCUMENTS, including instant message conversations where any of YOUR executives, presidents, vice presidents, or senior managers are a participant, that RELATE TO SPONSORED STORIES (*Id.*, Plaintiffs' Fourth Set of RFPs, RFP No. 4).

Taken together, Plaintiffs' requests would force Facebook to review virtually all company documents relating to any sponsored content, including all internal analyses, communications between anyone within Facebook, as well as communications with any advertising, research, or marketing entities.

Plaintiffs similarly demand broad discovery into Facebook's marketing strategies, without any appropriate limitation to the actual scope of this litigation. For example, Plaintiffs request a Rule 30(b)(6) deposition "REGARDING Facebook's research and development of socially enhanced ads." (Ex. F, Plaintiffs' Notice of 30(b)(6) Deposition for July 18, 2011.) They also

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

seek "[a]ll COMMUNICATIONS with The Nielsen Company," without any limit in subject matter or timeframe.  (Ex. D, Plaintiffs' Fourth Set of RFPs, RFP No. 19.)

In addition, Plaintiffs request highly sensitive and detailed financial information that has no relevance at this early stage of litigation.  These requests include:

- Please set forth how much money YOU have charged each individual advertiser for SPONSORED STORY advertising, by advertiser, billed amount, and date (Ex. E, Plaintiffs' First Set of Interrogatories, Interrogatory No. 12);

- DOCUMENTS sufficient to show all revenue derived from SPONSORED STORIES (Ex. D, Plaintiffs' Third Set of RFPs, RFP No. 3); and

- DOCUMENTS sufficient to show the amount YOU have invoiced and charged to each individual advertiser for SPONSORED STORIES (*Id.*, Plaintiffs' Third Set of RFPs, RFP No. 7).

Other of Plaintiffs' Discovery Requests have no plausible relation to the issues in dispute in this action at all.  For instance, several of Plaintiffs' written discovery requests and deposition topics seek information pertaining to whether and when Facebook is planning to make an IPO of stock. (*See* Ex. D, Plaintiffs' First Set of RFPs, RFP Nos. 5-6; Ex. F, Plaintiffs' Notice of 30(b)(6) Deposition for July 11, 2011.)  Plaintiffs demand that Facebook produce:

- All COMMUNICATIONS discussing whether and when FACEBOOK is planning an initial public offering (Ex. D, Plaintiffs' First Set of RFPs, RFP Nos. 5-6); and

- A Rule 30(b)(6) deponent "REGARDING whether Facebook is going to have an Initial Public Offering" and "REGARDING when Facebook is going to have an Initial Public Offering."  ( Ex. F, Plaintiffs' Notice of 30(b)(6) Deposition for July 11, 2011.)

This indefensible discovery can serve no purpose other than to harass and annoy Facebook.

Plaintiffs also make numerous discovery demands that call exclusively for privileged documents and information.  For example, Plaintiffs seek "[a]ll DOCUMENTS, including but not limited to all instant message conversations, regarding YOUR research on whether SPONSORED STORIES might violate any State or Federal Law."  (Ex. D, Plaintiffs' First Set of RFPs, RFP No. 7.)  Plaintiffs also request that Facebook turn over "[a]ll DOCUMENTS CONCERNING any analysis that SPONSORED STORIES would or would not violate Cal. Civil Code § 3344."  (*Id.*, Plaintiffs' First Set of RFPs, RFP No. 3.)  Still other requests are manifestly objectionable as

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**10.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

calling for nothing more than legal conclusions, such as when Plaintiffs ask Facebook to "[a]dmit that SPONSORED STORIES are advertisements within the meaning of California Civil Code section 3344." (Ex. C, Plaintiffs' First Set of RFAs, RFA No. 4.)

**E.     Plaintiffs' Damages Claim.**

The intent of Plaintiffs' Discovery Requests becomes even clearer when one reviews the estimated damages calculations in Plaintiffs' Rule 26(f) initial disclosures. According to one of Plaintiffs' damage calculation methodologies, damages are accruing at a rate of ***$229.5 billion per month***, which works out to over $7 billion a day and over $300 million an hour. (Brown Decl. ¶ 6; Ex. G.) Because Plaintiffs allege that Facebook began using Sponsored Stories on January 25, 2011, Plaintiffs effectively claim that the putative class may be entitled to in excess of ***$1,000,000,000,000*** ($1 trillion) in damages for just a six-month period. (*See* Ex. G.) To put that figure in context, the gross domestic product of the entire U.S. economy is approximately $15 trillion. In addition to this extraordinary demand, Plaintiffs also claim that they are entitled to "disgorgement of all revenue earned by Facebook from Sponsored Stories before any costs are deducted," and punitive damages. (*Id.*)

These ludicrous demands demonstrate that Plaintiffs seek nothing more than to pressure Facebook into settling or otherwise capitulating to Plaintiffs' unreasonable requests.

**III.    ARGUMENT**

**A.     The Court Should Stay Discovery Until Judge Koh Determines Whether Plaintiffs Have Stated a Viable Claim.**

Federal courts have broad discretion to control the timing and sequence of discovery and, upon a party's motion, may stay or limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and "for the parties' and witnesses' convenience and in the interests of justice . . . ." Fed. R. Civ. Proc. 26(c)–(d); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Protective orders provide a needed safeguard in light of the otherwise broad reach of discovery. Fed. R. Civ. Proc. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). Plaintiffs' premature, overbroad, and outlandish discovery demands easily justify a protective order here.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**11.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

1.      **Courts routinely stay discovery until they have determined whether the plaintiffs have pled a viable complaint.**

The Ninth Circuit has repeatedly upheld the issuance of discovery stays pending resolution of potentially dispositive motions and has stated that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming stay of discovery pending resolution of defendant's motion to dismiss) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery pending resolution of motions to dismiss where no "factual issues" were raised by the motions); *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).[5]

Consistent with this precedent, federal district courts in California typically apply a two-part test when evaluating a motion to stay discovery during the pendency of a potentially dispositive motion: (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which the challenged discovery is aimed; and (2) the pending, potentially dispositive motion can be decided absent additional discovery. *See, e.g.*, *Hall v. Tilton*, No. C 07-3223 RMW (PR), 2010 WL 539679, at *1-2 (N.D. Cal. Feb. 9, 2010); *Hanni v. Am. Airlines, Inc.,* No. C-08-00732 CW (EDL), 2009 WL 1505286, at *7 (N.D. Cal. May 27, 2009) (applying two-part test and granting stay of discovery until district court rules on motion

_____

[5] Numerous other federal courts are in accord.  *See, e.g.*, *Janis v. Biesheuvel*, 428 F.3d 795, 800 (8th Cir. 2005) (predicate Rule 12(b)(6) issues should be resolved before subjecting defendants to "burdens of broad-reaching discovery") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay of discovery during pendency of motion to dismiss where "plaintiff has not demonstrated that he would be prejudiced by a stay," where the motion to dismiss was "potentially dispositive and does not appear to be unfounded in the law," and where the "discovery being sought . . . consists of an extensive set of interrogatories"); *O'Meara v. Heineman*, No. 8:09CV0157, 2009 U.S. Dist. LEXIS 67487, at *4 (D. Neb. July 29, 2009) (granting defendant's motion to stay discovery pending resolution of the defendant's motion to dismiss); *Taylor v. Smith*, No. 4:09CV3148, 2009 U.S. Dist. LEXIS 75718, at *3-5 (D. Neb. Aug. 25, 2009) (same).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**12.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

1   for summary judgment and decides whether class should be certified).  In *Hall*, the district court

2   applied this two-part test to determine whether to issue a protective order staying discovery

3   pending resolution of the defendants' motion to dismiss, based on the statute of limitations.  *Hall*,

4   2010 WL 539679, at *1-2.  The court held that the defendants had satisfied both requirements of

5   the test: "First, [defendants'] motion to dismiss, if meritorious, will dispose of the entire case.

6   Second, [t]here is no dispute that, should the motion be granted, any discovery request would be

7   moot."  *Id.* at *2; *see also Invitrogen Corp. v. President & Fellows of Harvard College*, No. 07-

8   cv-0878-JLS (POR), 2007 WL 2915058, at *2-4 (S.D. Cal. Oct. 4, 2007) (granting in part

9   protective order limiting discovery until personal jurisdiction and venue issues were decided).

10      Facebook's motion easily meets both prongs of this test.  First, Facebook moved to

11   dismiss all claims in Plaintiffs' First Amended Complaint based on lack of standing for failure to

12   allege injury in fact, CDA § 230 immunity, and numerous other failures to state claims upon

13   which relief can be granted.  Facebook intends to file a motion to dismiss Plaintiffs' SAC

14   asserting, at a minimum, these same bases to dismiss.  Thus, granting Facebook's motion would

15   resolve this action in its entirety (and render unnecessary all the pending discovery).  As to the

16   second prong of the test, to survive Facebook's motion to dismiss, the SAC "must contain

17   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'

18   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

19   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

20   *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974

21   (2007)).[6]  Accordingly, the only documents needed to evaluate Facebook's forthcoming motion to

22   _____

23   [6] Consistent with the numerous Ninth Circuit authorities cited above, in the *Twombly* decision
    itself, the United States Supreme Court warned that when "the allegations in a complaint,

24   however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be
    exposed at the point of minimum expenditure of time and money by the parties and the court.'"

25   *Bell Atl. Corp.*, 127 S. Ct. at 1966 (quoting 5 Wright & Miller § 1216, at 233-34).  The Court
    expressly recognized the "practical significance" holding plaintiffs to their obligations to plead

26   viable claims before permitting them to engage in discovery "lest a plaintiff with 'a largely
    groundless claim' be allowed to 'take up the time of a number of other people, with the right to

27   do so representing an *in terrorem* increment of the settlement value.'"  *Id.* (quoting *Dura Pharms.,*
    *Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

28

Cooley LLP
Attorneys At Law
San Francisco

**13.**                    DEFENDANT FACEBOOK, INC.'S
                    MOTION FOR PROTECTIVE ORDER
                    CASE NO. CV 11-01726 LHK (PSG)

1    dismiss are Plaintiffs' SAC and the documents it references.  Plaintiffs' allegations, which have

2    now been twice amended (once after Plaintiffs had Facebook's first motion to dismiss in hand),

3    are being challenged under Rule 12(b)(6) for failure to state a claim as a matter of law, and the

4    requested discovery will not affect that determination either way.  *See, e.g., Jarvis*, 833 F.2d at

5    155 ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b)

6    motion."); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same).

7        *Little v. City of Seattle* is particularly on point.   In *Little*, the plaintiff alleged that a

8    government agent had committed several state-law torts, including negligence, malicious

9    prosecution, and intentional infliction of emotional distress against him.  863 F.2d at 683.  The

10   city filed a motion to dismiss the case in its entirety based on absolute immunity from the state-

11   law claims.  *Id*.  The district court stayed discovery until the issue of immunity could be decided.

12   *Id*. at 685.  The Ninth Circuit affirmed, noting that the district court had wide discretion in

13   controlling discovery and that the stay was appropriate because it "further[ed] the goal of

14   efficiency for the court and litigants" and because "discovery could not have affected the

15   immunity decision."  *Id*.; *see also, e.g.*, *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d

16   378, 383 (9th Cir. 1993) (stay of discovery appropriate pending disposition of motions to dismiss

17   in Eleventh Amendment immunity case).

18       Here, too, CDA § 230 provides Facebook with absolute immunity against Plaintiffs'

19   claims.  (*See* Ex. H at 10-14.)  CDA § 230 is meant to shield Internet service providers like

20   Facebook from the immense burdens of defending themselves from lawsuits related to the

21   republication of user content.   *See, e.g., Fair Hous. Council of San Fernando Valley v.*

22   *Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) ("[C]lose cases, we believe, must be

23   resolved in favor of immunity, lest we cut the heart out of section 230 by forcing websites to face

24   death by ten thousand duck-bites . . . ."); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591

25   F.3d 250, 255-58 (4th Cir. 2009) (courts should "resolve the question of § 230 immunity at the

26   earliest possible stage of the case").   Forcing Facebook to answer the extraordinarily broad,

27   intrusive, and burdensome discovery requests contained in Plaintiffs' opening salvo, before

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**14.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

Facebook can even obtain a ruling on its immunity, would seriously undermine the goals of this statutory regime.

These authorities uniformly weigh in favor of a short stay of discovery until the Court determines whether Plaintiffs have pled any viable claims for relief.[7]

> **2.     In light of the volume and breadth of Plaintiffs' discovery demands, a stay is particularly appropriate here.**

As discussed in the previous section, there is ample authority for staying discovery, even if Plaintiffs' Discovery Requests were actually targeted to the claims and defenses at issue.  But the discovery Plaintiffs launched is also plainly overbroad, seeks utterly irrelevant information, and/or appears designed to harass Facebook more than to probe the disputed issues in the case.  Accordingly, an order under Rule 26(c) is needed to protect Facebook "from annoyance, embarrassment, oppression, or undue burden or expense."

Plaintiffs seek to compel Facebook to answer *131 written discovery demands* and prepare witnesses to testify as to Facebook's corporate knowledge on *50 different topics*, all before Judge Koh determines whether Plaintiffs have any tenable claims against Facebook and considers the Parties' differing views on discovery.  As discussed, Plaintiffs effectively seek every document in the company that relates to Sponsored Stories, regardless of whether it has any relevance to their specific claims in this case or class certification.  (*See, e.g.*, Ex. D, Plaintiffs' Third Set of RFPs, RFP No. 2 ("All DOCUMENTS, including instant message conversations, by, to and from members of your Board of Directors RELATING TO SPONSORED STORIES"), *see also* Nos. 1, 3-8; *Id.*, Plaintiffs' Fourth Set of RFPs, RFP No. 5 ("All DOCUMENTS, including instant

---

[7] Plaintiffs will not be prejudiced by awaiting Judge Koh's ruling on Facebook's motion to dismiss before taking discovery.  Indeed, rather than delaying the ultimate progress of this litigation, a temporary stay will ensure that the litigation proceeds efficiently and that discovery focuses on the subjects that are relevant to the operative complaint (if any) that Judge Koh rules may move forward.  "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Spencer Trask Software & Info. Servs. v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citation omitted) (granting defendant's motion to stay discovery because allowing discovery while the motion to dismiss was pending "would unnecessarily drain the parties' resources").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**15.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

message conversations, containing statements made by YOU RELATING TO SPONSORED STORIES to third parties, including but not limited to investors, advertisers, the press and other media"), *see also* Nos. 1-4, 7-16; *Id.*, Plaintiffs' Fourth Set of RFPs, RFP No. 16 ("All studies, reports, and analyses done by YOU, for YOU, or with YOU, that led in any way to the ideation or creation of SPONSORED STORIES"), *see also* Nos. 1, 3-7, 9-10, 12-13, 17-19.)   Plaintiffs' requests also seek documents that do *not* relate to Sponsored Stories, including large tranches of documents that simply relate to any "socially-enhanced" or "friend-endorsed" advertisement that appears on Facebook—a platform that displays a substantial volume of advertisements every day. (*See, e.g.*, Ex. D, Plaintiffs' Fourth Set of RFPs, RFP No. 17 ("All DOCUMENTS, including instant message conversations, RELATED TO the determination that socially-enhanced ads lead to higher recall, brand lift, or purchasing intent"), *see also* Nos. 6, 18-20; *Id.*, Plaintiffs' Fifth Set of RFPs, RFP No. 8 ("All DOCUMENTS, including (but not limited to) instant message conversations, REGARDING YOUR research and development of socially enhanced ads"), *see also* Nos. 2, 11.)

Incredibly, Plaintiffs also demand that Facebook produce documents related to rumored plans for an IPO.   (*See* Ex. D, Plaintiffs' First Set of RFPs, RFP No. 5 ("All COMMUNICATIONS discussing whether FACEBOOK is planning an initial public offering"), *see also* No. 6 ("All COMMUNICATIONS discussing when FACEBOOK is planning an initial public offering"); Ex. F, Plaintiffs' Notice of 30(b)(6) Deposition for July 11, 2011 ("PMK REGARDING whether Facebook is going to have an Initial Public Offering" and "PMK REGARDING when Facebook is going to have an Initial Public Offering").)   These patently abusive requests seek information that is, on its face, utterly irrelevant to any disputed issue in the action.   These requests can only be designed to pressure Facebook into considering settlement or some other concession to Plaintiffs.

Plaintiffs also have served multiple requests that call for privileged documents and information (*see, e.g.*, Ex. D, Plaintiffs' First Set of RFPs, RFP Nos. 1, 7; Ex. F, Plaintiffs' Rule 30(b)(6) Notice of Deposition for July 11, 2011 ("PMK REGARDING the legality of sponsored stories in light of California Civil Code 3344")), and legal conclusions (Ex. C, Plaintiffs' First Set

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

of RFAs, RFA Nos. 4, 9-12; Ex. F, Plaintiffs' Rule 30(b)(6) Notice of Deposition July 11, 2011 ("PMK REGARDING that California Law Applies to any legal actions involving Facebook")). And several of Plaintiffs' requests demand highly confidential and sensitive financial information about Facebook and advertisers. (*See, e.g.*, Ex. D, Plaintiffs' Third Set of RFPs, RFP No. 7 ("DOCUMENTS sufficient to show the amount YOU have invoiced and charged to each individual advertiser for SPONSORED STORIES"); Ex. E, Plaintiffs' First Set of Interrogatories, Interrogatory No. 12 ("Please set forth how much money YOU have charged each individual advertiser for SPONSORED STORY advertising, by advertiser, billed amount, and date")).)

The Court should not condone Plaintiffs' attempt to obtain early negotiating or settlement leverage by burying Facebook in discovery and prying into virtually every aspect of its business and internal strategies before Facebook's Rule 12(b)(6) motion is decided.[8]   *Invitrogen Corp.* 2007 WL 2915058, at *4 (granting in part a protective order covering 31 document requests, eight interrogatories, and a deposition notice enumerating 22 subjects for deposition while jurisdictional challenge was pending).   A ruling in Facebook's favor on the soon-to-be-filed motion to dismiss the SAC would obviate the need for any of the discovery Plaintiffs have served. Facebook should not be needlessly compelled to expend the considerable time, effort, and money that would be required to gather, organize, and produce the vast array of information and documents Plaintiffs seek.   Neither should Facebook be forced to undertake the onerous task of educating a host of corporate representatives to testify to the *50* topics Plaintiffs have identified, before Judge Koh determines if Plaintiffs' complaint will even proceed beyond the pleading stage.   Courts can, and do, issue protective orders where discovery is served for an improper purpose. *See, e.g.*, *Koh v. S.C. Johnson & Son, Inc.*, No. C09-00927 RMW, 2011 WL 940227, at *4 (N.D. Cal. Feb. 18, 2011) (granting protective order where "entire line of inquiry . . . [struck] the Court as more harassing of [the plaintiff] and his employer than it is beneficial to any legitimate defense interest in this case"); *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, No. 2:09-cv-03441 WBS KJN, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011) ("It is apparent . . .

---

[8] No less outrageous is Plaintiffs' absurd claim that in the few short months Sponsored Stories have existed, they have caused approximately $1 trillion of damages to the putative class.

Cooley LLP
Attorneys At Law
San Francisco

**17.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

that plaintiffs simply wish to rummage around in [certain of defendant's records] in furtherance of an unfocused fishing expedition.  Given plaintiffs' apparent aims, a protective order is warranted to protect [] [defendant] from annoyance, embarrassment, oppression, and undue burden.") (footnote omitted).  Such an order is needed here.

Moreover, if Facebook is forced to respond to Plaintiffs' broad battery of discovery, the Parties will surely need to engage in a lengthy meet-and-confer process over the appropriateness of each individual request.  If the Parties cannot agree, they will be forced to turn to the Court to resolve their individual disputes.  This, too, will create potentially substantial burdens on the Court that would be avoided entirely by a favorable ruling on Facebook's forthcoming motion to dismiss.

For all these reasons, a brief stay of discovery is warranted until Judge Koh has resolved Facebook's forthcoming motion to dismiss and determined whether Plaintiffs have stated a claim.  As the court explained in *Chavous v. District of Columbia Financial Responsibility & Management Assistance Authority*, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."  201 F.R.D. 1, 2 (D.D.C. 2001) (internal quotations and citation omitted).

**B.  In the Alternative, All Discovery Should Be Stayed Until Judge Koh Considers the Parties' Divergent Views as to What Discovery is Appropriate and Efficient at this Stage of the Action.**

If the Court is not inclined to order a stay of discovery until Judge Koh determines if Plaintiffs claims are viable, all discovery should be stayed at least until the Parties have had a chance to discuss the appropriate management of discovery at the Initial CMC, *which is still more than five weeks away*.[9]  (*See* Ex. B.)  Any other approach puts the cart before the horse.

The Federal Rules of Civil Procedure contemplate that, at the Initial CMC, the district court will address the parties' competing discovery plans, which should include "the subjects on

---

[9]  Again, Plaintiffs seek depositions on 50 different "person most knowledgeable" topics and, notably, they unilaterally noticed those depositions to occur *before* the Initial CMC date set by the Court.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**18.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

1    which discovery may be needed, when discovery should be completed, and whether discovery

2    should be conducted in phases or be limited to or focused on particular issues . . . ."  Fed. R. Civ.

3    P. 26(f)(3).  Similarly, the Standing Order for all Judges of the Northern District of California

4    requires the parties to file a joint case management statement in advance of the Initial CMC

5    describing, among other things, "any proposed limitations or modifications of the discovery rules,

6    and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)."  Standing Order for all Judges

7    of the Northern District of California, Contents of Joint Case Management Statement ¶ 8.

8    Pursuant to this Court's Civil Local Rules, after the Initial CMC, Judge Koh will be entering a

9    Case Management Order "establish[ing] a disclosure and discovery plan [and] set[ting]

10   appropriate limits on discovery . . . ."  N.D. Cal. Civ. L.R. 16-10(b).

11         Furthermore, as Facebook's counsel explained to Plaintiffs during the Parties' Rule 26(f)

12   conference, Facebook asserts that if Plaintiffs file a viable complaint and discovery does

13   commence, discovery should be sequenced to focus on class certification issues before potentially

14   unnecessary discovery on the merits takes place.  (Brown Decl. ¶ 4.)  As is clear from the

15   descriptions above, the bulk of Plaintiffs' Discovery Requests have no bearing on class

16   certification and, instead, go to the merits of the case (that is, when they are relevant to the case at

17   all).  Phased class certification discovery increases efficiency, conserves judicial and party

18   resources, and makes an earlier class certification determination practical.  *See, e.g.*, *Washington

19   v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) ("To make

20   early class determination practicable and to best serve the ends of fairness and efficiency, courts

21   may allow classwide discovery on the certification issue and postpone classwide discovery on the

22   merits.").  An order bifurcating discovery into class certification and merits phases is well within

23   Judge Koh's discretion and district courts in the Northern District of California regularly bifurcate

24   discovery between class certification and merits issues.  *See, e.g.*, *Juarez v. Jani-King of Cal.,

25   Inc.*, __ F.R.D. __, No. 09-3495 SC, 2011 WL 835196, at *3 (N.D. Cal. Mar. 4, 2011) ("[T]he

26   Court bifurcated discovery, with discovery relating to class certification commencing

27   immediately and merits discovery beginning if and once the Court certified the class."); *Yingling

28   v. eBay Inc.*, No. C 09-01733 JW (PVT), 2010 WL 2382304, at *1 (N.D. Cal. June 10, 2010)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**19.**

DEFENDANT FACEBOOK, INC.'S
MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

1    (district court bifurcated discovery into class certification and merits discovery); *In re Apple and*

2    *AT & TM Antitrust Litig.*, No. C-07-05152 JW (PVT), 2010 WL 1240295, at *2 (N.D. Cal. Mar.

3    26, 2010) (court bifurcated class certification and merits discovery, and required plaintiffs to

4    establish relevance of information sought to class certification).   Phased discovery is also

5    contemplated by the Federal Manual for Complex Litigation, which states that allowing full

6    merits discovery before a decision on certification "can create extraordinary and unnecessary

7    expense and burden."  *See, e.g.*, Manual for Complex Litigation (4th) §§ 21.11, 21.14 (2004).

8        The Court should not require Facebook to respond to Plaintiffs' full-scale, unlimited

9    requests for documents and information before Judge Koh offers guidance on the appropriate

10   scope and sequence of discovery, and before the Parties have had the opportunity to voice their

11   competing views as to how discovery should proceed.  Plaintiffs' discovery is both inefficient and

12   unnecessary.  Thus, at the very least, this Court should stay all discovery until the Initial CMC.

13   **IV.   CONCLUSION**

14       For the foregoing reasons, Facebook respectfully requests that this Court issue a protective

15   order staying discovery until Judge Koh determines whether Plaintiffs have pled viable claims for

16   relief.   In the alternative, Facebook requests a stay of discovery until Judge Koh considers the

17   appropriate timing, scope, and sequence of discovery at the Initial Case Management Conference.

18

19   Dated: June 21, 2011               COOLEY LLP

20

21                                  By:  /s/ Matthew D. Brown

22                                     Matthew D. Brown (196972)

23                               Attorneys for Defendant FACEBOOK, INC.

24

25   1223589 /SF

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO