COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

FACEBOOK, INC.
COLIN S. STRETCH (205144) (colin@fb.com)
SANDEEP N. SOLANKI (244005) (ssolanki@fb.com)
1601 S. California Ave.
Palo Alto, CA 94304
Telephone:   (650) 853-1300
Facsimile:   (650) 543-4800

Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendant. | Case No. CV-11-01726 LHK (PSG)<br><br>**DECLARATION OF MATTHEW D. BROWN IN SUPPORT OF FACEBOOK, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Date: July 28, 2011<br>Time: 1:30 p.m.<br>Courtroom: 4<br>Judge: Hon. Lucy H. Koh<br>Trial date: None Set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DECLARATION OF MATTHEW D. BROWN ISO
REPLY ISO MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

I, Matthew D. Brown, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California, and I am admitted to practice before this Court. I am a partner with the law firm of Cooley LLP, attorneys for Defendant Facebook, Inc. ("Facebook"). I make this declaration in support of Facebook's Reply Brief in Support of Motion for Protective Order in this action. I have personal knowledge of the facts stated in this declaration, and if called upon to testify, could and would competently testify thereto.

2. Counsel for Facebook have conferred on multiple occasions with Plaintiffs' counsel regarding discovery. Each time, we have taken the position that discovery should not go forward until the Court determines whether Plaintiffs have any viable claims against Facebook.

3. On at least two occasions, counsel for Facebook have specifically informed Plaintiffs' counsel that Facebook has a litigation hold in place covering the group of employees Facebook believes may have relevant information.

4. For instance, counsel for the parties, including myself, had a telephone conference call on May 18, 2011, in which we discussed a variety of issues, including those identified in Federal Rule of Civil Procedure 26(f) and the Standing Order For All Judges Of The Northern District Of California regarding joint case management statements. During that call, we informed Plaintiffs' counsel that Facebook had already initiated a litigation hold among the relevant employees and instructed them to preserve documents. We also told Plaintiffs' counsel, during this call, that we believed discovery should be stayed until the Court ruled on Facebook's anticipated motion to dismiss Plaintiffs' complaint and determined whether or not Plaintiffs had any viable claims.

5. Later, on June 16, 2011, Cooley partner Jeff Gutkin and I met in person with Plaintiffs' counsel, at their office in San Francisco. We again informed Plaintiffs' counsel that Facebook had initiated a litigation hold among the relevant employees. During the June 16, 2011 meeting, we also reiterated our position that discovery should be stayed, and we specifically informed Plaintiffs, in light of our disagreement over this issue, that Facebook intended to file a motion for protective order.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DECLARATION OF MATTHEW D. BROWN ISO
REPLY ISO MOTION FOR PROTECTIVE ORDER
CASE NO. CV 11-01726 LHK (PSG)

6. Contrary to Plaintiffs' assertions, we have never told Plaintiffs' counsel that Facebook "could not take steps to talk to specific [Facebook employees], as it did not know what information would be relevant until the motion to dismiss had been decided." (Pls.' Opp'n to Mot. for Protective Order at 10.) We also never stated that we "could not know who needed to be contacted until [we] knew what discovery would be relevant—after the[] motion to dismiss was decided." (*Id.* at 6.) Additionally, we never told Plaintiffs' counsel that we considered the "passing on of Plaintiffs' letter regarding preservation to [Facebook] [] sufficient to satisfy Defendant's obligations." (*Id.*)

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2011 at San Francisco, California.

*/s/ Matthew D. Brown*
Matthew D. Brown

1227271/SF