COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
JEFFREY M. GUTKIN (216083) (gutkinjm@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

FACEBOOK, INC.
COLIN S. STRETCH (205144) (colin@fb.com)
SANDEEP N. SOLANKI (244005) (ssolanki@fb.com)
1601 S. California Ave.
Palo Alto, CA 94304
Telephone:      (650) 853-1300
Facsimile:      (650) 543-4800
Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>                    Defendants. | Case No. 11-CV-01726 LHK (PSG)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Courtroom:    4<br>Judge:          Hon. Lucy H. Koh<br>Trial Date:    December 3, 2012 |

Defendant Facebook, Inc. ("Facebook"), by and through its undersigned counsel, hereby responds to the Second Amended Class Action Complaint for Damages ("Second Amended Complaint" or "Complaint") of Plaintiffs Angel Fraley; Paul Wang; Susan Mainzer; James H. Duval, a minor, by and through James Duval, as Guardian ad Litem; and William Tait, a minor, by and through Russell Tait, as Guardian ad Litem (collectively "Plaintiffs") as follows:

# I.    INTRODUCTION

1.     Paragraph 1 is Plaintiffs' characterization of their allegations and does not require a response.  Facebook admits that Plaintiffs purport to bring a class action, but denies that they have met the requirements necessary to do so.

2.     Paragraph 2 is Plaintiffs' characterization of this action and does not require a response; to the extent a response is required, Facebook denies the allegations therein, including that Plaintiffs have met the requirements necessary to bring a class action.

3.     The first sentence of paragraph 3 is Plaintiffs' characterization of this action and does not require a response; to the extent a response is required, Facebook denies the allegations therein. The fifth and sixth sentences of paragraph 3 are Plaintiffs' legal argument and do not require a response; to the extent a response is required, Facebook denies the allegations therein.  Facebook denies all other allegations in the remainder of paragraph 3.

# II.    JURISDICTION AND VENUE

4.     In response to paragraph 4, Facebook does not dispute that this Court has personal jurisdiction.  Facebook admits that the Court has subject matter jurisdiction to adjudicate Plaintiffs' claims, but Facebook denies Plaintiffs have standing under Article III of the United States Constitution.

5.     In response to paragraph 5, Facebook admits that it has offices in Palo Alto, California and that venue is proper in this district.  Because no Section 17203 of the California Code of Civil Procedure exists, no response is required to the second sentence of paragraph 5; to the extent a response is required, Facebook denies the allegation therein.

# III.    PARTIES

6.     In response to paragraph 6, Facebook admits that there is a Facebook user who once had her Facebook name set as Angel Frolicker.  Facebook is without knowledge sufficient to admit or deny the remaining allegations, and these allegations are therefore denied.

7.     In response to paragraph 7, Facebook admits that there is a Facebook user who once had her Facebook name set as Susan von Seggern.  Facebook is without knowledge sufficient to admit or deny the remaining allegations, and these allegations are therefore denied.

8.      In response to paragraph 8, Facebook admits that there is a Facebook user who once had his Facebook name set as Paul Wang.  Facebook is without knowledge sufficient to admit or deny the remaining allegations, and these allegations are therefore denied.

9.      In response to paragraph 9, Facebook admits that there is a Facebook user who once had his Facebook name set as Jimmy Duval.  Facebook is without knowledge sufficient to admit or deny the remaining allegations, and these allegations are therefore denied.

10.      In response to paragraph 10, Facebook admits that there is a Facebook user who once had his Facebook name set as Will Tait.  Facebook is without knowledge sufficient to admit or deny the remaining allegations, and these allegations are therefore denied.

11.      In response to paragraph 11, Facebook admits that it is a Delaware corporation, that it operates a social networking site at www.facebook.com, and that it conducts business in many countries throughout the world.  Facebook denies all other allegations in the remainder of paragraph 11.

12.      Paragraph 12 is Plaintiffs' characterization of their allegations with regard to "Doe" defendants and does not require a response; to the extent a response is required, Facebook denies the allegations therein.

## IV.     FACTUAL ALLEGATIONS

13.      In response to paragraph 13, Facebook admits that it owns and operates a social networking site, at www.facebook.com.  Facebook admits that it generates revenue through advertising targeted at its users.  Facebook admits that it requires users to register in order to obtain full use of the site, through which users can post content and connect with others on the site.  Facebook is without knowledge sufficient to admit or deny Plaintiffs' allegation that "Facebook has become an integral part of the lives of approximately 600 million people around the world" and that it "has become the de facto method of communication among friends for a significant portion of these Members," and these allegations are therefore denied.  Facebook admits that it currently has over 600 million registered users worldwide, that over 75% of its users are outside of the United States, that some of its users reside in the United States, and that some of its users are under the age of 18.   Facebook denies all other allegations in the remainder of

paragraph 13.

14.     In response to paragraph 14, Facebook admits that a Facebook "Like" button appears on the Facebook website as well as on other websites and that Facebook users can interact with the Facebook website by clicking on the "Like" button on Facebook or on other websites.  Facebook denies all other allegations in the remainder of paragraph 14.

15.     In response to paragraph 15, Facebook admits that the term "Friend" can refer to a mutually acceptable, voluntary connection between Facebook users in which two users give each other permission to view content they have each shared on the Facebook site, subject to each user's privacy and account settings.  Facebook admits that the terms "Story" and "News" can refer to the sharing of content users post on the Facebook site or the sharing of actions users take on the Facebook site.  Facebook is without knowledge sufficient to admit or deny the allegations in paragraph 15 regarding the intention(s) of every Facebook user who clicks a "Like" button (other than to communicate that he or she "likes" a particular page or content), and these allegations are therefore denied.  Facebook denies all other allegations in the remainder of paragraph 15.

16.     In response to paragraph 16, Facebook admits that to become a Facebook user, one must register for the site, which requires submission of a name, email address, birthdate, and gender. Facebook admits that, as stated in Facebook's terms of service, profile pictures—which are not required to contain a likeness of the user—are viewable by a user's friends and people who can find the user in search.  Facebook denies all other allegations in the remainder of paragraph 16.

17.     In response to paragraph 17, Facebook admits that Facebook users have "Profile" pages (or timeline) and that a part of a user's Profile page is known as a "Wall."  Facebook denies all other allegations in the remainder of paragraph 17.

18.     In response to paragraph 18, Facebook admits that the term "Friend" can refer to a connection between Facebook users in which two users give each other permission to view content they have each shared on the Facebook site, subject to each user's privacy and account settings, and that Facebook Friends can share content with each other through the site.  Facebook denies all other allegations in the remainder of paragraph 18.

19.     In response to paragraph 19, Facebook admits that users' News Feeds display information such as status updates, links, photos, and videos shared by users' Friends, and that individual entries in users' News Feeds can be referred to as stories.  Facebook denies all other allegations in the remainder of paragraph 19.

20.     In response to paragraph 20, Facebook admits that users may post information to Facebook using various methods and that posted information may appear in Friends' News Feeds according to the account and privacy settings of the user posting the information and his or her Friends.  Facebook denies all other allegations in the remainder of paragraph 20.

21.     In response to paragraph 21, Facebook admits that it derives profits from selling targeted advertising that appears on the Facebook website, including on users' Profile pages (or timeline).  Facebook denies all other allegations in the remainder of paragraph 21.

22.     In response to paragraph 22, Facebook admits that some Facebook features are enabled by default in users' Facebook accounts.  Facebook denies all other allegations in the remainder of paragraph 22.

23.     In response to paragraph 23, Facebook admits that users may post to Facebook by adding content, such as text, images, web links, or videos to his or her profile page.  Subject to users' account and privacy settings, this content may appear in the users' Friends' "News Feed."  Facebook denies all other allegations in the remainder of paragraph 23.

24.     In response to paragraph 24, Facebook admits that a user can "Check-in" at a location on Facebook, and that a News Feed story about the "Check-in" may be eligible to appear in the user's News Feed and/or may be eligible to appear in the News Feeds of the user's Friends, if permitted by the user's account and privacy settings. Facebook admits that users can "Check-in" at some locations linked to particular businesses.  Facebook denies all other allegations in the remainder of paragraph 24.

25.     In response to paragraph 25, Facebook admits that the "Like" button appears both on the Facebook webpage and on other webpages.  Facebook admits that when a user clicks on the "Like" button, a connection is made between that user and the object "Liked," and that a Story about that connection may be eligible to appear in the user's News Feed and/or may be eligible to

1    appear in the News Feeds of the user's Friends, if permitted by the user's account and privacy

2    settings.  Facebook admits that the administrator of a particular Facebook page can condition

3    certain privileges on "Liking" the page.  Facebook is without knowledge sufficient to admit or

4    deny the allegations in paragraph 25 regarding the intention of every Facebook user who clicks on

5    a "Like" button, and these allegations are therefore denied.  Facebook denies all other allegations

6    in the remainder of paragraph 25.

7    26.       In response to paragraph 26, Facebook admits that, after some limited, pre-launch testing,

8    it launched Sponsored Stories on or around January 25, 2011.  Facebook admits that certain

9    actions users may voluntarily take on the Facebook site, including Likes, Check-ins, or use of an

10   application or game may appear as Sponsored Stories to certain of the user's Friends, subject to

11   the user's account and privacy settings, and other conditions.   Facebook denies all other

12   allegations in the remainder of paragraph 26.

13   27.       In response to paragraph 27, Facebook denies the allegations therein.

14   28.       In response to paragraph 28, Facebook denies the allegations therein.

15   29.       In response to paragraph 29, Facebook denies the allegations therein.

16   30.       In response to paragraph 30, Facebook denies the allegations therein.

17   31.       In response to paragraph 31, Facebook admits that it publishes its terms of use in the

18   Statement of Rights and Responsibilities, available at http://www.facebook.com/legal/terms, and

19   that its Privacy Policy is available at http://www.facebook.com/about/privacy, to which the URLs

20   Plaintiffs cite in paragraph 31 redirect respectively.  Facebook denies all other allegations in the

21   remainder of paragraph 31.

22   32.       In response to paragraph 32, Facebook admits that the quoted text appears in Section 10.1

23   of its Statement of Rights and Responsibilities dated April 26, 2011, available at

24   http://www.facebook.com/legal/terms, to which the URL Plaintiffs cite in paragraph 32 redirects.

25   Facebook denies all other allegations in the remainder of paragraph 32.

26   33.       In response to paragraph 33, Facebook admits that the quoted text appeared in Facebook's

27   Privacy Policy that was available at the URL cited by Plaintiffs in paragraph 33 at the time of the

28   Second Amended Complaint.  Facebook denies all other allegations in the remainder of paragraph

33.

34.     In response to paragraph 34, Facebook admits that the quoted text has appeared in the Facebook Help Center at http://www.facebook.com/help/?faq=173332702723681.   Facebook denies all other allegations in the remainder of paragraph 34.

35.     In response to paragraph 35, Facebook denies the allegations therein.

36.     In response to paragraph 36, Facebook admits that the quoted text has appeared at http://www.facebook.com/note.php?note_id=10150434660350301.   Facebook denies all other allegations in the remainder of paragraph 36.

37.     In response to paragraph 37, Facebook denies the allegations therein.

38.     In response to paragraph 38, Facebook admits that Sponsored Stories launched on or about January 25, 2011, and that accounts with the userIDs, usernames, or names that Plaintiffs' counsel has provided to Facebook's counsel were registered prior to that date.   Facebook denies all other allegations in the remainder of paragraph 38.

39.     In response to paragraph 39, Facebook denies the allegations therein.

40.     In response to paragraph 40, Facebook denies the allegations therein.

41.     In response to paragraph 41, Facebook admits that it does not attempt to contact the parents or legal guardians of users under the age of eighteen to obtain their express consent before their teenage child or children register for Facebook.   Facebook denies all other allegations in the remainder of paragraph 41.

42.     In response to paragraph 42, Facebook admits that it has quoted statements made by the Nielsen Company and that the Nielsen Company has reported that advertising consisting of recommendations by friends has some benefits, such as increased awareness, over other forms of advertising.   Facebook is without knowledge sufficient to admit or deny Plaintiffs' description of the Nielsen Company, and that allegation is therefore denied.   Facebook denies all other allegations in the remainder of paragraph 42.

43.     In response to paragraph 43, Facebook admits that the text offset as a quotation appears in the cited sources.   Facebook denies all other allegations in the remainder of paragraph 43.

44.     In response to paragraph 44, Facebook admits that the text offset as a quotation appears in

1   the cited sources.  Facebook denies all other allegations in the remainder of paragraph 44.

2   45.     In response to paragraph 45, Facebook admits that the text offset as a quotation appears to

3   be a reasonable transcription of what Ms. Sandberg said in the video at the URL cited in

4   paragraph 45.  Facebook denies all other allegations in the remainder of paragraph 45.

5   46.     In response to paragraph 46, Facebook denies the allegations therein.

6   47.     In response to paragraph 47, Facebook admits that it does not directly pay users if their

7   names or profile pictures appear in Sponsored Stories.  Facebook also admits that it sells

8   advertising space on its website and derives revenue from those sales.  Facebook also admits that

9   it derives revenue from the sale of Sponsored Stories.  Facebook denies all other allegations in the

10   remainder of paragraph 47.

11   48.     In response to paragraph 48, Facebook admits that the quoted text appears in Section 15.1

12   of Facebook's Statement of Rights and Responsibilities, dated April 26, 2011, available at

13   http://www.facebook.com/legal/terms, to which the URL Plaintiffs cite in paragraph 48 redirects.

14   Facebook denies all other allegations in the remainder of paragraph 48.

15   49.     In response to paragraph 49, Facebook admits that all or the bulk of decisions regarding

16   the content of the Facebook's Statement of Rights and Responsibilities, and all or the bulk of

17   decisions regarding the implementation and marketing of Sponsored Stories, were made by

18   Facebook employees in or around Facebook's California headquarters.  Facebook denies all other

19   allegations in the remainder of paragraph 49.

20   50.     In response to paragraph 50, Facebook admits that accounts with the userIDs, usernames,

21   or names that Plaintiffs' counsel has provided to Facebook's counsel were registered prior to

22   January 25, 2011.

23   51.     In response to paragraph 51, Facebook admits that Sponsored Stories launched on or

24   about January 25, 2011, and that accounts with the userIDs, usernames, or names that Plaintiffs'

25   counsel has provided to Facebook's counsel were registered prior to that date.  Facebook denies

26   all other allegations in the remainder of paragraph 51.

27   52.     In response to paragraph 52, Facebook denies the allegations therein.

28   53.     In response to paragraph 53, Facebook denies the allegations therein.

54.     In response to paragraph 54, Facebook denies the allegations therein.

55.     In response to paragraph 55, Facebook admits that users are required by Facebook's terms of use to provide their names when registering for Facebook.   Facebook denies all other allegations in the remainder of paragraph 55.

56.     In response to paragraph 56, Facebook admits that Sponsored Stories typically contain the name of, and an image related to, the object or content with which the user voluntarily interacted. Facebook denies all other allegations in the remainder of paragraph 56.

57.     In response to paragraph 57, Facebook denies the allegations therein.

58.     In response to paragraph 58, Facebook denies the allegations therein.

59.     In response to paragraph 59, Facebook denies the allegations therein.

60.     In response to paragraph 60, Facebook denies the allegations therein.

61.     In response to paragraph 61, Facebook is without knowledge sufficient to admit or deny Plaintiffs' allegations regarding Plaintiffs' own knowledge at a certain time, and those allegations are therefore denied.  Facebook denies all other allegations in the remainder of paragraph 61.

62.     In response to paragraph 62, Facebook is without knowledge sufficient to admit or deny Plaintiffs' allegations regarding Plaintiffs' parents' knowledge or actions at a certain time, and those allegations are therefore denied.  Facebook denies all other allegations in the remainder of paragraph 62.

63.     In response to paragraph 63, Facebook denies the allegations therein.

64.     In response to paragraph 64, Facebook denies the allegations therein.

**Angel Fraley**

65.     In response to paragraph 65, Facebook is without knowledge sufficient to admit or deny the allegations, and these allegations are therefore denied.

66.     In response to paragraph 66, Facebook's investigation and discovery are ongoing, but based on current information, Facebook is without information sufficient to admit or deny the allegations of paragraph 66, and these allegations are therefore denied.

67.     In response to paragraph 67, while Facebook's investigation is still ongoing, Facebook is currently without knowledge sufficient to admit or deny the allegations, and these allegations are

1  therefore denied.

2  68.      In response to paragraph 68, Facebook is without knowledge sufficient to admit or deny

3  the allegations regarding Plaintiff Fraley's appearance in a Sponsored Story, and these allegations

4  are therefore denied.  Facebook denies all other allegations in the remainder of paragraph 68, and

5  specifically the allegation that Facebook solely authored a sentence stating, "Angel Frolicker likes

6  Rosetta Stone."

7                                        **Susan Mainzer**

8  69.      In response to paragraph 69, Facebook admits that at some time, the profile picture of the

9  user with Facebook name set as Susan von Seggern appeared to be an image of Plaintiff Mainzer.

10  Facebook denies all other allegations in the remainder of paragraph 69.

11  70.      In response to paragraph 70, Facebook admits that at some time on or before February 12,

12  2011, the user with Facebook name set as Susan von Seggern clicked on a Facebook "Like"

13  button associated with UNICEF.  Facebook is without knowledge sufficient to admit or deny the

14  remaining allegations in paragraph 70, and these allegations are therefore denied.

15  71.      In response to paragraph 71, while Facebook's investigation is still ongoing, Facebook is

16  currently without knowledge sufficient to admit or deny the allegations, and these allegations are

17  therefore denied.

18  72.      In response to paragraph 72, Facebook is without knowledge sufficient to admit or deny

19  the allegations regarding Plaintiff Mainzer's appearance in a Sponsored Story, and these

20  allegations are therefore denied.  Facebook denies all other allegations in the remainder of

21  paragraph 72, and specifically the allegation that Facebook solely authored a sentence stating,

22  "Susan von Seggern likes UNICEF."

23                                        **Paul Wang**

24  73.      In response to paragraph 73, Facebook admits that at some time on or before March 10,

25  2011, the user with Facebook name set as Paul Wang clicked on a Facebook "Like" button

26  associated with Warrior Dash.  Facebook is without knowledge sufficient to admit or deny the

27  remaining allegations in paragraph 73, and these allegations are therefore denied.

28  74.      In response to paragraph 74, while Facebook's investigation is still ongoing, Facebook is

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)

10.

1  currently without knowledge sufficient to admit or deny the allegations, and these allegations are

2  therefore denied.

3  75.    In response to paragraph 75, Facebook is without knowledge sufficient to admit or deny

4  the allegations regarding Plaintiff Wang's appearance in a Sponsored Story, and these allegations

5  are therefore denied.  Facebook denies all other allegations in the remainder of paragraph 75, and

6  specifically the allegation that Facebook solely authored a sentence stating, "Paul Wang likes

7  Warrior Dash."

**Jimmy Duval**

8

9  76.    In response to paragraph 76, Facebook admits that at some time, the profile picture of the

10  user who currently has his Facebook name set as Dojanutt McSwindy (Bassnutt McSwindy)

11  appeared to be an image of Plaintiff Duval and that at some time after registration, the user who

12  currently has his Facebook name set as Dojanutt McSwindy (Bassnutt McSwindy) changed his

13  Facebook account information to set the name associated with his Facebook account to include

14  the word "Bassnutt."  Facebook is without knowledge sufficient to admit or deny the remaining

15  allegations in paragraph 76, and these allegations are therefore denied.

16  77.    In response to paragraph 77, Facebook admits that at some time on or before April 7,

17  2011, the user who currently has his Facebook name set as Dojanutt McSwindy (Bassnutt

18  McSwindy) clicked on a Facebook "Like" button associated with PopCorners.  Facebook is

19  without knowledge sufficient to admit or deny the remaining allegations in paragraph 77, and

20  these allegations are therefore denied.

21  78.    In response to paragraph 78, while Facebook's investigation is still ongoing, Facebook is

22  currently without knowledge sufficient to admit or deny the allegations, and these allegations are

23  therefore denied.

24  79.    In response to paragraph 79, Facebook is without knowledge sufficient to admit or deny

25  the allegations regarding Plaintiff Duval's appearance in an advertisement on Facebook, and these

26  allegations are therefore denied.  Facebook denies all other allegations in the remainder of

27  paragraph 79, and specifically the allegation that Facebook solely authored a sentence stating,

28  "Jimmy Bassnutt Duval likes PopCorners."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)

80.   In response to paragraph 80, Facebook admits that it did not attempt to contact the parents or legal guardians of Jimmy Duval to obtain their express consent before Plaintiff Duval registered for Facebook; Facebook denies all other allegations in the remainder of paragraph 80.

**William Tait**

81.   In response to paragraph 81, Facebook admits that at some time, the profile picture of the user with Facebook name set as Will Tait (TheMailman) appeared to be an image of Plaintiff Tait.  Facebook denies all other allegations in the remainder of paragraph 81.

82.   In response to paragraph 82, Facebook admits that at some time on or before March 30, 2011, the user with Facebook name set as Will Tait (TheMailman) clicked on a Facebook "Like" button associated with Warrior Dash.  Facebook is without knowledge sufficient to admit or deny the remaining allegations in paragraph 82, and these allegations are therefore denied.

83.   In response to paragraph 83, Facebook is while Facebook's investigation is still ongoing, Facebook is currently without knowledge sufficient to admit or deny the allegations, and these allegations are therefore denied.

84.   In response to paragraph 84, Facebook is without knowledge sufficient to admit or deny the allegations regarding Plaintiff Tait's appearance in an advertisement on Facebook, and these allegations are therefore denied.   Facebook denies all other allegations in the remainder of paragraph 84, and specifically the allegation that Facebook authored a sentence stating, "William Tait and Paul Wang like Warrior Dash."

85.   In response to paragraph 85, Facebook admits that it did not attempt to contact the parents or legal guardians of Plaintiff Tait to obtain their express consent before Plaintiff Tait registered for Facebook; Facebook denies all other allegations in the remainder of paragraph 41.

86.   In response to paragraph 86, Facebook denies the allegations therein.

87.   In response to paragraph 87, Facebook denies the allegations therein.

88.   In response to paragraph 88, Facebook denies the allegations therein.

89.   In response to paragraph 89, Facebook denies the allegations therein.

90.   In response to paragraph 90, Facebook denies the allegations therein.

91.   In response to paragraph 91, Facebook denies the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)

12.

92.     In response to paragraph 92, Facebook denies the allegations therein.

93.     In response to paragraph 93, Facebook denies the allegations therein.

### V.     CLASS ACTION ALLEGATIONS

94.     In response to paragraph 94, Facebook denies that this action can be maintained as a class action under Rule 23(b)(3).

95.     Paragraph 95 sets forth Plaintiffs' proposed class definition and does not require a response; to the extent a response is required, Facebook denies the allegations therein, including that this action can be maintained as a class action under Rule 23(b)(3).

96.     In response to paragraph 96, Facebook admits that it currently has over 600 million registered users worldwide, that over 75% of its users are outside of the United States, that some of its users reside in the United States, and that some of its users are under the age of 18. Facebook denies all other allegations in the remainder of paragraph 96, including that this action is certifiable as a class action.

97.     In response to paragraph 97, Facebook denies the allegations therein, including that this action can be maintained as a class action.

98.     In response to paragraph 98, Facebook denies that common questions of law and fact exist sufficient to warrant certification under Rule 23.

99.     In response to paragraph 99, Facebook denies the allegations therein, including that this action can be maintained as a class action.

100.    In response to paragraph 100, Facebook denies the allegations therein, including that this action can be maintained as a class action.

101.    In response to paragraph 101, Facebook denies the allegations therein, including that this action can be maintained as a class action.

102.    In response to paragraph 102, Facebook denies the allegations therein, including that this action can be maintained as a class action.

103.    In response to paragraph 103, Facebook denies the allegations therein, including that Plaintiffs' claims are typical and that this action can be maintained as a class action.

104.    In response to paragraph 104, Facebook denies the allegations therein, including that this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)

13.

1    action can be maintained as a class action.

2    105.    In response to paragraph 105, Facebook denies the allegations therein, including that this

3    action can be maintained as a class action.

4    106.    Paragraph 106 is Plaintiffs' reservation of rights and does not require a response; to the

5    extent a response is required, Facebook denies the allegations therein.

6                                  **FIRST CAUSE OF ACTION**

7    107.    Facebook hereby incorporates by reference its answers contained herein to paragraphs 1

8    through 106 of the Complaint.

9    108.    Paragraph 108 is Plaintiffs' legal argument and does not require a response; to the extent a

10    response is required, Facebook denies the allegations therein.

11    109.    In response to paragraph 109, Facebook denies the allegations therein.

12    110.    In response to paragraph 110, Facebook denies the allegations therein.

13    111.    In response to paragraph 111, Facebook denies the allegations therein.

14    112.    In response to paragraph 112, Facebook denies the allegations therein.

15    113.    In response to paragraph 113, Facebook denies the allegations therein.

16    114.    In response to paragraph 114, Facebook denies the allegations therein.

17    115.    In response to paragraph 115, Facebook denies the allegations therein.

18    116.    In response to paragraph 116, Facebook denies the allegations therein.

19    117.    Paragraph 117 is Plaintiffs' characterization of the sought-after relief, and does not require

20    a response.   To the extent a response is required, Facebook denies the allegations therein,

21    including that Plaintiffs are entitled to any relief.

22    118.    Paragraph 118 is Plaintiffs' characterization of the sought-after relief, and does not require

23    a response.   To the extent a response is required, Facebook denies the allegations therein,

24    including that Plaintiffs are entitled to any relief.

25                               **SECOND CAUSE OF ACTION**

26    119.    Facebook hereby incorporates by reference its answers contained herein to paragraphs 1

27    through 118 of the Complaint.

28    120.    In response to paragraph 120, Facebook denies the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)

14.

1    121.    In response to paragraph 121, Facebook denies the allegations therein.

2    122.    In response to paragraph 122, Facebook denies the allegations therein.

3    123.    In response to paragraph 123, Facebook denies the allegations therein.

4    124.    In response to paragraph 124, Facebook denies the allegations therein.

5    125.    In response to paragraph 125, Facebook denies the allegations therein.

6    126.    In response to paragraph 126, Facebook admits that it maintains computer systems in

7    California and that decisions concerning Sponsored Stories were made, and source code related to

8    Sponsored Stories was developed, in California.  Facebook denies all other allegations in the

9    remainder of paragraph 126.

10   127.    Paragraph 127 is Plaintiffs' characterization of the sought-after relief, and does not require

11   a response.   To the extent a response is required, Facebook denies the allegations therein,

12   including that Plaintiffs are entitled to any relief.

13   128.    In response to paragraph 128, Facebook denies the allegations therein.

14   129.    Paragraph 129 is Plaintiffs' characterization of the sought-after relief, and does not require

15   a response.   To the extent a response is required, Facebook denies the allegations therein,

16   including that Plaintiffs are entitled to any relief.

17                               **THIRD CAUSE OF ACTION**

18   130.    Facebook hereby incorporates by reference its answers contained herein to paragraphs 1

19   through 129 of the Complaint.

20   131.    Paragraph 131 relates to Plaintiffs' third cause of action, which claim has been dismissed

21   with prejudice per Judge Koh's December 16, 2011 ruling on Defendant's Motion to Dismiss;

22   therefore, no response is required; to the extent a response is required, Facebook denies the

23   allegations therein.

24   132.    Paragraph 132 relates to Plaintiffs' third cause of action, which claim has been dismissed

25   with prejudice per Judge Koh's December 16, 2011 ruling on Defendant's Motion to Dismiss;

26   therefore, no response is required; to the extent a response is required, Facebook denies the

27   allegations therein.

28   133.    Paragraph 133 relates to Plaintiffs' third cause of action, which claim has been dismissed

Cooley LLP
Attorneys At Law
San Francisco

FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)

15.

1   with prejudice per Judge Koh's December 16, 2011 ruling on Defendant's Motion to Dismiss;

2   therefore, no response is required; to the extent a response is required, Facebook denies the

3   allegations therein.

4   134.   Paragraph 134 relates to Plaintiffs' third cause of action, which claim has been dismissed

5   with prejudice per Judge Koh's December 16, 2011 ruling on Defendant's Motion to Dismiss;

6   therefore, no response is required; to the extent a response is required, Facebook denies the

7   allegations therein.

8   135.   Paragraph 135 relates to Plaintiffs' third cause of action, which claim has been dismissed

9   with prejudice per Judge Koh's December 16, 2011 ruling on Defendant's Motion to Dismiss;

10   therefore, no response is required; to the extent a response is required, Facebook denies the

11   allegations therein.

12   136.   Paragraph 136 is Plaintiffs' statement of requested relief, to which no response is

13   required; to the extent a response is required, Facebook denies the allegations therein, including

14   that Plaintiffs are entitled to any relief.

15   <center>**JURY TRIAL DEMANDED**</center>

16   Plaintiffs' last paragraph is a demand for a jury trial, to which no response is required.

17

18   <center>**<u>AFFIRMATIVE DEFENSES</u>**</center>

19   Facebook asserts the following separate defenses to Plaintiffs' Second Amended

20   Complaint, without assuming the burden of proof on such defenses that would otherwise fall on

21   Plaintiffs.  Facebook reserves the right to supplement or amend these defenses as discovery is

22   conducted, and does not knowingly or intentionally waive any applicable affirmative defense.

23   <center>**<u>First Defense</u>**</center>

24   The Complaint, and each and every claim alleged therein, fails to state a claim upon

25   which relief may be granted.

26   <center>**<u>Second Defense</u>**</center>

27   The named Plaintiffs, and each and every member of the purported Class, are barred from

28   recovery, in whole or in part, by the doctrines of waiver, estoppel, laches, and other applicable

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)

16.

1    equitable doctrines.

2

<div align="center">**Third Defense**</div>

3        The named Plaintiffs, and each and every member of the purported Class, are barred from

4 recovery in whole or in part by their failure to mitigate injury and their failure to mitigate

5 damages.

6

<div align="center">**Fourth Defense**</div>

7        This action is not suitable for class action treatment under Federal Rule of Civil

8 Procedure 23.

9

<div align="center">**Fifth Defense**</div>

10        Plaintiffs have no standing to bring this action under Article III of the United States

11 Constitution.

12

<div align="center">**Sixth Defense**</div>

13        Plaintiffs have no standing to bring this action under California Business and Professions

14 Code Section 17200, *et seq.*

15

<div align="center">**Seventh Defense**</div>

16        This action is preempted by the federal Children's Online Privacy Protection Act of 1998,

17 15 U.S.C. §§ 6501, *et seq.* and related regulations.

18

<div align="center">**Eighth Defense**</div>

19        This action is barred by the federal Communications Decency Act, 47 U.S.C. § 230.

20

<div align="center">**Ninth Defense**</div>

21        This action is barred as a result of Plaintiffs' consent to Facebook's alleged actions.

22

<div align="center">**Tenth Defense**</div>

23        As to Plaintiffs Duval and Tait, this action is barred as a result of Plaintiffs' parents' or

24 legal guardians' consent to Facebook's alleged actions.

25

<div align="center">**Eleventh Defense**</div>

26        This action is barred as a result of the doctrine of unclean hands.

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**FACEBOOK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 11-CV-01726 LHK (PSG)**

17.

1

**Twelfth Defense**

2     This action is barred by the First Amendment to the United States Constitution and/or by

3     Article 1, Section 2 of the California Constitution.

4

**Thirteenth Defense**

5     No punitive or exemplary damages should be awarded arising out of the claims made in

6     the Complaint, or any such damages should otherwise be limited, because: (i) any recovery of

7     punitive or exemplary damages would violate the substantive and/or procedural safeguards

8     guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article

9     1, Section 7 of the California Constitution, and by the common law; and (ii) the imposition of any

10    punitive or exemplary damages would constitute an excessive fine or penalty under Article 1,

11    Section 17 of the California Constitution.

12

**Fourteenth Defense**

13    Statutory damages under California Civil Code Section 3344 should not be awarded or

14    should otherwise be limited because: (i) such an award would violate the substantive and/or

15    procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States

16    Constitution, by Article 1, Section 7 of the California Constitution, and by the common law; and

17    (ii) the imposition of such an award would constitute an excessive fine or penalty under the

18    Eighth Amendment to the United States Constitution and/or Article 1, Section 17 of the

19    California Constitution.

20

**Fifteenth Defense**

21    Facebook has acted reasonably and in good faith with respect to the conduct alleged in the

22    Second Amended Complaint.

23

**Sixteenth Defense**

24    Plaintiffs' damages—including actual, punitive, compensatory, exemplary, or statutory

25    damages—are limited by the terms of a contract between Facebook and Plaintiffs.

26

**Reservation of Defenses**

27    Future discovery may reveal additional facts that support additional affirmative defenses

28    presently available to, but unknown to, Facebook.  Facebook reserves the right to assert additional

Cooley LLP
Attorneys At Law
San Francisco

Facebook's Answer to Plaintiffs' Second Amended Complaint
Case No. 11-CV-01726 LHK (PSG)

18.

1   defenses in the event that discovery and investigation indicate that additional defenses would be

2   appropriate.

3

4   Dated: January 9, 2012                    COOLEY LLP

5                                             /s/ Matthew D. Brown
                                              Matthew D. Brown (196972)
6
                                              Attorneys for Defendant
7                                             FACEBOOK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28