ROBERT S. ARNS
 (#65071, rsa@arnslaw.com)
JONATHAN E. DAVIS
 (#191346, jed@arnslaw.com)
STEVEN R. WEINMANN
 (#190956, srw@arnslaw.com)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

JONATHAN M. JAFFE
(# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Telephone: (510) 725-4293

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated;<br>　　　　　Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC., a corporation and DOES 1 to 100, inclusive<br>　　　　　Defendants. | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CLAIMS AND WITHDRAW CLASS REPRESENTATIVES**<br><br>Case No. CV 11-01726 LHK<br><br>Hearing: May 31, 2012<br>Time: 1:30 p.m.<br>Courtroom: 8<br>Judge: Lucy H. Koh<br>Trial Date: December 3, 2012 |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
CLAIMS AND WITHDRAW CLASS REPRESENTATIVES
CASE# CV 11-01726 LHK

## NOTICE

Notice is hereby given that Plaintiffs will move the Court for an Order allowing the dismissal of claims and withdrawal as class representatives under Fed. R. Civ. P. 41(a)(2) as to Plaintiffs Angel Fraley and Paul Wang. This Motion will be heard by Hon. Lucy H. Koh on May 31, 2012 at 1:30 p.m. in Courtroom 8 of the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California, or as soon thereafter as it may be heard. This Motion will be based on this Notice and following Memorandum of Law in Support, the Declaration of Steven R. Weinmann, the Declaration of Paul Wang, the Declaration of Angel Fraley and the arguments of counsel.

### I.  STATEMENT OF ISSUES TO BE DECIDED

Should the Court allow Plaintiffs Angel Fraley and Paul Wang to dismiss their claims against Facebook, Inc. without prejudice and without costs being assessed, and to withdraw as putative class representatives?

### II.  INTRODUCTION

Plaintiffs Angel Fraley and Paul Wang were among five putative class representatives who filed this class action against Facebook, Inc. in April 2011. Now that the case has progressed and they have been exposed to the discovery demands, they have decided that they no longer wish to be class representatives and would like to dismiss their cases against Facebook. Counsel for Plaintiffs attempted to obtain a stipulation dismissing them from the action, but Counsel for Facebook refused to dismiss the action against them without costs, unless Plaintiffs agreed to Plaintiff Fraley's deposition. Plaintiffs filed a Motion for a Protective Order seeking to prevent her deposition, shortly before filing this Motion, and the former motion is scheduled to be heard by Magistrate Judge Grewal on February 17, 2012.

It is a common occurrence for a class representative to decide that they no longer wish to be under the spotlight of class action litigation, subjected to discovery and to have to continue to commit their time to monitoring the prosecution of the action. There are three other class representatives who have already been deposed in advance of the Motion for Class Certification. They each intend to continue to prosecute the suit. Thus, the putative Class' interests are fully protected as the case will go on without Ms. Fraley and Mr. Wang.

Angel Fraley and Paul Wang have done their duty thus far as putative class representatives, but there is no authority that requires them to continue on if they no longer wish to do so, particularly where the Class' rights are not affected in any way. The dismissal should be without prejudice, as they will simply become absent class members. The posture at the time of this Motion is that the Plaintiffs have prevailed against Facebook's Motion to Dismiss the Complaint, and the Motion for Class Certification has yet to be decided. Thus, there is no reason for the Court to assess any costs against them, as Facebook has not suffered any costs or incurred fees for work that is not equally usable against the other Plaintiffs.

Plaintiffs accordingly request that Angel Fraley and Paul Wang be allowed to withdraw as class representatives and have their claims dismissed without prejudice. Alternatively, should the Court be inclined to assess costs, they request that their claims be dismissed with prejudice and no costs or fees assessed.

### III. STATEMENT OF FACTS

Plaintiffs filed this class action through multiple class representatives on March 11, 2011 in the California Superior Court for the County of Santa Clara. Declaration of Steven R. Weinmann, ¶5. Plaintiffs' First Amended Class Action Complaint for Damages was filed on March 18, 2011, also in California Superior Court, and in response to a Motion to Dismiss filed

by Facebook after removal to this Court, a Second Amended Complaint ("SAC"), the operative complaint, was filed on June 6, 2011. *Id.* The SAC is brought on behalf of a putative Class, currently defined as:

> All natural persons in the United States who had an account registered on facebook.com as of January 24, 2011, and had their names, photographs, likenesses or identities associated with that account used in a Facebook Sponsored Stories advertisement ("the Class").

**Subclass of Minors.**[1]

> All persons in the Plaintiff Class who additionally have had their names, photographs, likenesses or identities used in a Facebook Sponsored Stories ad while under 18 years of age ("the Minor Subclass").

> Excluded from the Class are (a) FACEBOOK, its officers and directors, legal representatives, successors or assigns; (b) any entity in which FACEBOOK has or had a controlling interest; (c) the judge to whom this case is assigned and the judge's immediate family; (d) any juror selected to hear this case.

SAC, ¶95.

Like the other class members, Ms. Fraley's image was used in Sponsored Stories advertisements when she clicked a "Like" button associated with her Facebook page. *Id.* at ¶¶ 66-68. She was one of the five original class representatives. Weinmann Decl., ¶5. She was no different than all other class members in any way relating to the substance of the lawsuit and she did not represent any sub-class within the broader class. Defendant has deposed three of

---

[1] William Tait and James Duval, who were both under 18 years of age during the relevant time period, are the class representatives for the minor subclass. Ms. Mainzer is the class representative for the class as a whole.

the other four class representatives and has now noticed Ms. Fraley's deposition. Weinmann Decl., ¶5. A fourth putative class representative, Paul Wang, has also decided that he does not wish to serve as a class representative. Declaration of Paul Wang, ¶6. Facebook has not sought Mr. Wang's deposition. Weinmann Decl., ¶6.

Both Ms. Fraley and Mr. Wang determined that they do not wish to remain as class representatives for numerous reasons, including in the case of Fraley, concerns for her privacy should she be subjected to deposition. Declaration of Angel Fraley, ¶9. Paul Wang has stated that he wishes to step down as class representative because he is required to travel frequently for work. Wang Decl., ¶6. Defendant, however, has refused to stipulate to allow Ms. Fraley and Mr. Wang to be dismissed as the class representatives unless Ms. Fraley's deposition is nevertheless taken. Weinmann Decl., ¶3. The parties met and conferred regarding Ms. Fraley's deposition and the request for dismissal of both Ms. Fraley and Mr. Wang pursuant to Fed. R. Civ. P. Rule 26(c)(1), but could not reach an agreement to resolve the issues. *Id.*

Facebook has already taken substantial discovery of the other named Class representative, William Tait, James Duval, and Susan Mainzer. Weinmann Decl., ¶7. They have each had their depositions taken for a full day, and provided all documents requested, as well as responses to written discovery. *Id.*

## IV. ARGUMENT

This motion seeks to dismiss the claims of two Plaintiffs who have decided they no longer want to proceed in this action. For the following reasons, they should be permitted to drop their claims without prejudice and without costs. There is no "legal prejudice" to Defendant Facebook, and no costs it has expended that are not equally attributed to the action still being prosecuted by the other named Plaintiffs.

### A. Angel Fraley and Paul Wang Are Entitled to Voluntarily Dismiss Their Claims as There Is No Prejudice to Facebook.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that courts may allow a plaintiff to be dismissed from an action. Plaintiffs and putative Class representatives Angel Fraley and Paul Wang wish to voluntarily dismiss their actions for personal reasons. "A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will 'suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts.'" *Gonzalez v. Proctor and Gamble Co.*, 2008 U.S. Dist. LEXIS 16872 at *7, quoting *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (9th Cir. 1989). Furthermore, the "Ninth Circuit interprets 'legal prejudice' to mean 'prejudice to some legal interest, some legal claim, some legal argument.'" *Gonzalez*, supra, 2008 U.S. Dist. LEXIS 16872 at *7, quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). This threshold is not satisfied merely because the defendant would be inconvenienced or where the plaintiff would gain some tactical advantage as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Even if it were a factor, these class representatives are not being withdrawn in aid of gaining a tactical advantage. They simply do not want to continue.

There is no "legal prejudice" to Facebook as to any such legal interest, legal claim, or legal argument if Ms. Fraley and Mr. Wang are permitted to drop their claims. There is no reason for the Court to demand that these persons continue on litigating a case from which they have decided to withdraw. The class case will continue without them, and Facebook has had and will have ample time in which to prepare a defense.

There is no authority for forcing a person to continue on as class representative in a class case that they have decided they no longer wish to prosecute, prior to the certification of a

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
CLAIMS AND WITHDRAW CLASS REPRESENTATIVES
CASE# CV 11-01726 LHK

class. Ms. Fraley and Mr. Wang should be allowed to dismiss their claims, without prejudice, and simply become absent class members if the Class should be certified.

Ms. Fraley and Mr. Wang have expressed their reasons for wishing to no longer serve as class representatives. Ms. Fraley has learned that Facebook's lawyers have asked for detailed answers as to the reasons for clicking "Like" on Facebook, as well as other actions taken through the site. Fraley Decl., ¶6 (Weinmann Decl., Ex. 1). Ms. Fraley is thus legitimately concerned that a deposition will subject her to unnecessary annoyance, embarrassment, and intrusion into her private life. Fraley Decl., ¶9. Specifically, Ms. Fraley is concerned because the subject of her deposition will inevitably be the posts and messages she has shared with others through her Facebook page, which is the only interaction she has had involving Defendant. *Id.*

Paul Wang travels frequently for business, and became concerned that he would not be able to devote the requisite time to the case. Wang Decl., ¶6. Indeed, he was in Japan for business when he executed his declaration. *Id.* Thus, he also wishes to withdraw as a class representative. *Id.*

While the reasons for Ms. Fraley and Mr. Wang are not necessarily relevant under Rule 41 to whether they should be allowed to be withdraw from the case, they also constitute good cause for doing so in the interests of justice.

This class action shall continue regardless of the status of these two persons as parties or absent class members, and Plaintiffs will file their Motion for Class Certification on or before March 8, 2012, with Susan Mainzer, William Tait, and James Duval being put forward as the class representatives. Weinmann Decl., ¶7. Facebook's opposition to the class certification motion is due on March 29. Facebook has had full access to each of the three

-6-
PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
CLAIMS AND WITHDRAW CLASS REPRESENTATIVES
CASE# CV 11-01726 LHK

persons whom Class Counsel will ask to be appointed class representatives. *Id.* Class Counsel also notified Facebook's attorneys that Fraley and Wang would not be serving as class representatives on January 13, 2012. Weinmann Decl., ¶3. As of the filing of this motion, they have not been deposed, and Facebook has not noticed the deposition of Mr. Wang. *Id.* at ¶6. As Plaintiffs argued in their Motion for a Protective Order as to Ms. Fraley, she and Mr. Wang are effectively absent class members, and their experiences are not different from other absent class members.[2] There will be no prejudice to Facebook in preparing its opposition to the class certification motion if they are dismissed from the case, as whether or not their claims are typical or if they would be adequate class representatives is not relevant.

### B. There Is No Prejudice To The Putative Class

This putative class action has not yet been certified, as the Motion for Class Certification will be filed on or before March 8, 2012 and heard April 12, 2012. As a result, the requirement under Rule 23(e) of the Federal Rules of Civil Procedure, requiring the Court's consent to settlement, voluntary dismissal, or compromise as to claims of a "certified class," is not implicated. Furthermore, this Motion only seeks the dismissal of the claims of Ms. Fraley and Mr. Wang. There are three other class representatives, Susan Mainzer, William Tait, and James Duval, and they intend to continue on with the case. Weinmann Decl., ¶7. They bring all of the same causes of action as did Ms. Fraley and Mr. Wang, and Ms. Mainzer has been involved since the inception and the other two have been named in the various operative Complaints since the filing of the First Amended Complaint. *Id.* at ¶5. Thus, there is no prejudice to any claims of the putative Class.

---

[2] The U.S. Supreme Court has repeatedly ruled that Rule 23 class actions are representative suits and, as such, absent class members may remain passive parties to the class action. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

There is no reason why Angel Fraley and Paul Wang should not be allowed to step down from their roles as class representatives, and simply be absent class members.

### C. The Dismissals Should Be Without Costs

Facebook was willing to stipulate to a dismissal without costs as to both Ms. Fraley and Mr. Wang, if Plaintiffs had been willing to submit Ms. Fraley for her deposition. Weinmann Decl., ¶3. There is no reason for Facebook to need to recover any costs if it was willing to forego them in exchange for Fraley's uncontested deposition. There is also no prejudice to Facebook in terms of wasted time that would justify the imposition of costs, as all or the vast majority of Facebook's costs to date were equally applicable to defenses that will be in play as to the remaining class representatives.

Among the factors to be considered in assessing costs or not are whether the Defendant has incurred effort and expense preparing for trial; the extent to which the litigation has progressed; the plaintiff's diligence in moving to dismiss; whether awarding costs would discourage Plaintiffs from seeking early dismissal of actions but instead encourage them to bring them to trial; and whether the imposition would produce an "anomalous result" where Defendant could not recover fees if they prevailed at trial. *See Stevedoring Services of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *Williams v. Peralta*, 227 F.R.D. 538, 540 (N.D. Cal. 2005). Here, none of these factors weigh in favor of an award of costs. Any costs incurred by Facebook are also associated with the defense of the case generally, as noted, and thus are neither excessive nor duplicative. An award of costs here would, indeed, potentially discourage other plaintiffs from dismissing out (or filing in the first place) and any ability Facebook has to recover its costs should it prevail in the case, will be unaffected since there are still three other class representatives in the case.

If the Court is nevertheless inclined to grant costs and/or fees, Plaintiffs Ms. Fraley and Mr. Wang request that the dismissals of their claims be with prejudice. A court should generally not award costs and fees if a voluntary dismissal is granted with prejudice. *Gonzalez*, 2008 U.S. Dist Lexis 16872 at *8; *see Burnette v. Godshall*, 828 F.Supp. 1439 (N.D. Cal. 1993)(no risk of future litigation, so no fees or costs could be awarded). Further, when a plaintiff is faced with the imposition of attorney's fees and costs as a condition for voluntary dismissal, courts have held that a dismissal with prejudice will avoid such payment. See *Horton v. TWA Corp.*, 69 F.R.D. 11 (E.D. N.Y. 1996).

Thus, the dismissals should be without costs.

## V. CONCLUSION

For all the foregoing reasons, the Motion should be granted and Angel Fraley and Paul Wang permitted to dismiss their actions and step down as class representatives / plaintiffs.

**THE ARNS LAW FIRM**

By:  /s/ Robert S. Arns
    ROBERT S. ARNS

By:  /s/ Steven R. Weinmann
    STEVEN R. WEINMANN

515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:  (415) 495-7800
Fax:  (415) 495-7888

\_\_\_---and---

By\_\_\_\_  /s/ Jonathan M. Jaffe
    JONATHAN M. JAFFE
    (# 267012, jmj@jaffe-law.com)
    **JONATHAN JAFFE LAW**
    3055 Hillegass Avenue
    Berkeley, CA 94705
    Telephone: (510) 725-4293

Attorneys for Plaintiffs

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
CLAIMS AND WITHDRAW CLASS REPRESENTATIVES
CASE# CV 11-01726 LHK