UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY, et al., <br><br> Plaintiffs, <br> v. <br> FACEBOOK INC., a corporation; and DOES 1-100, <br><br> Defendants. | Case No.: C 11-1726 LHK (PSG) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** <br><br> **(Re: Docket No. 80)** |

In this putative class action over the alleged, unlawful appropriation of the names, photographs, likenesses, and identities of Plaintiffs Angel Fraley, Paul Wang, Susan Mainzer, James Duval, and William Tait ("Plaintiffs") by Defendant Facebook Inc. ("Facebook"), Plaintiffs move for a protective order to prevent the deposition of Angel Fraley ("Fraley"). Plaintiffs also have moved for a hearing on shortened time due to the need to resolve this dispute in advance of the March 8, 2012 deadline for briefing of Plaintiffs' motion for class certification. On February 17, 2012, the parties appeared for hearing on the motion for protective order on shortened time. Having considered the briefs and argument presented by both parties, Plaintiffs' motion for protective order is DENIED.

1

Case No.: CV 11-1726 LHK (PSG)
ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

# I. BACKGROUND[1]

Fraley is a named plaintiff who was part of the original lawsuit. The suit was filed initially in state court in March 2011. Facebook first sought to schedule Fraley's deposition, along with those of the other named plaintiffs, in September 2011. Plaintiffs provided deposition dates in December 2011 for the named plaintiffs other than Fraley and another named plaintiff, Paul Wang ("Wang"), agreeing that those depositions would take place in January 2012. On January 4, 2012, after Facebook again sought to schedule Fraley and Wang's deposition, Plaintiffs' counsel indicated that they were evaluating whether Fraley and Wang would remain as class representatives. On January 13, 2012, Plaintiffs' counsel informed Facebook that they would remove Fraley and Wang as class representatives, but took no further action at that time. On January 31, 2012, Facebook notified Plaintiffs that it intended to proceed with Fraley's deposition in late February. On February 13, 2012, after Plaintiffs offered to stipulate to the withdrawal of Fraley and Wang, to which Facebook agreed only on the condition that Fraley submit to her deposition, Plaintiffs filed this motion for protective order. On February 14, 2012 Plaintiffs filed their motion to dismiss Fraley and Wang's claims without prejudice and withdraw them as proposed class representatives. The motion to dismiss is set for hearing on May 31, 2012.

Fraley requests to withdraw as a class representative at least in part based on privacy concerns and potential embarrassment that she will suffer by her "posts or decisions regarding pages or posts where [she] click[ed] "Like" on Facebook" being made public in the class certification motion.[2] Fraley also points to the nature of the written discovery that has been directed at her and what she has learned of the other class representatives' depositions by Facebook as

---

[1] For a more complete explanation of the background and claims at issue in this case, the court refers interested parties to the district judge's order on Facebook's motion to dismiss. *See* Docket No. 74 (Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss).

[2] *See* Docket No. 83 ¶ 6 (Fraley Decl. in Support of Mot. for Protective Order) ("Fraley Decl.").

increasing her concern that she will be personally embarrassed or forced to defend her political views and lifestyle choices to Facebook.[3] Plaintiffs argue that Fraley's deposition by Facebook is unnecessary because she will not be proffered as a class representative in Plaintiffs' upcoming motion for class certification. Plaintiffs further argue that Fraley should be treated as an "absent" class member for the purposes of her motion for protective order. Facebook responds that Fraley remains a named plaintiff and as such is subject to discovery, particularly in light of the relevance of Fraley's testimony to class certification issues and the fact that Fraley's allegations will remain in the record even if she eventually is dismissed.

## II. DISCUSSION

Plaintiffs' argument that the court should treat Fraley as an absent class member based on the motion for her withdrawal and fact that she will not be proffered as a class representative is unpersuasive. Under the federal rules, the scope of relevant discovery broadly extends to "any nonprivileged matter that is relevant to any party's claim or defense."[4] Subject to a few exceptions not relevant here, Fed. R. Civ. P. 30 provides that a party may depose another party "without leave of court." Facebook notified Plaintiffs of its intent to depose Fraley more than four months ago in September 2011. But Plaintiffs informed Facebook of their intention to withdraw Fraley as a proposed class representative only in mid-January and filed their related motion on February 14, 2012. Until the district judge rules on Plaintiffs' motion, Fraley remains a named plaintiff. Plaintiffs cite to no case authority upon which the court may rely to treat Fraley as an absent class member under these circumstances. The court thus reviews the instant motion for protective order as one brought by a named party.[5]

---

[3] *See id.* ¶ 9.

[4] *See* Fed. R. Civ. P. 26(b)(1).

[5] *Cf. Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (finding that the "discovery standards governing putative class members are not necessarily applicable" where the

3
Case No.: CV 11-1726 LHK (PSG)
ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Under these circumstances, Plaintiffs bears the burden of establishing good cause for the protective order.[6] Plaintiffs suggest that Facebook's tactics in pursuing discovery and in deposing the other named plaintiffs are directed at embarrassing the plaintiffs and scrutinizing each and every Facebook post or action, such as the decision to "Like" certain content.[7] Thus the primary justification for preventing Fraley's deposition, according to Plaintiffs, is to protect her from such scrutiny and to honor her privacy concerns, which formed the very basis for her decision to participate in this litigation. In addition, Plaintiffs argue that the continued presence of three other named plaintiffs in the case is more than adequate for Facebook to take discovery relevant to its defense of the class certification motion and other matters.

Facebook disputes Plaintiffs' characterization of its discovery process up until this point. Facebook also argues that Fraley's deposition testimony is critical to its preparation for the class certification hearing, because Fraley's allegations present certain issues that may be unique among the other named plaintiffs. For example, Fraley's earlier statements that her reason for clicking on certain Facebook features, such as a "Like" function, was not the obvious reason of actually "liking" that product, bears on whether common issues predominate in Fraley and other potential class members' claims. Facebook argues that even if Fraley ultimately is dismissed from the case, her testimony is relevant because her allegations remain, and the court in its earlier orders has directly referenced Fraley's allegations. Furthermore, Facebook notes that any privacy concerns

---

person subject to deposition "is currently a *named* plaintiff and has not yet been dismissed) (emphasis in the original).

[6] The Ninth Circuit has held that a "'strong showing is required before a party will be denied entirely the right to take a deposition.'" *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (quoting 4 J. Moore, Federal Practice ¶ 26.69 (2d ed. 1974)). Upon an appropriate showing of good cause, the court may issue a protective order for such reasons as to prevent "annoyance, embarrassment, oppression, or undue burden." *See* Fed. R. Civ. P. 26(c)(1). In doing so, the court must balance the legitimate need for the information being sought against the injury or prejudice that might result from disclosure.

[7] At oral argument, counsel for Plaintiffs presented examples of questions or lines of questioning that took place during the deposition of other named plaintiffs in support of this theory.

4
Case No.: CV 11-1726 LHK (PSG)
ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

that Fraley has regarding her deposition testimony may be addressed by designating that testimony as confidential under the terms of the previously issued protective order.

Weighing all of these considerations, the court must conclude that Fraley's legitimate desire to protect her privacy does not outweigh the relevance or propriety of Facebook proceeding to take Fraley's deposition. As Fraley herself notes in her declaration, by agreeing to be a class representative, she understood that she would have to participate in discovery and provide testimony.[8] Although the court is sympathetic to Fraley's concerns regarding the scope and intensity of Facebook's likely scrutiny during the course of discovery and particularly in a deposition setting, these are concerns that should have been addressed earlier in the process by Plaintiffs' counsel.[9] Moreover, Plaintiffs have not shown that Facebook's attempts at discovery have been so intrusive or inappropriate, in light of the nature of the litigation and claims at issue, as to require the protection of the court up until this point. In addition, the protective order already in place between the parties is available to Plaintiffs for the specific reason that certain information disclosed during the course of discovery is not appropriate for public dissemination.[10] The fact that other named plaintiffs remain in the case does not render Fraley's testimony concerning her allegations to be any less relevant. If anything, the fact that Fraley may soon be dismissed from the lawsuit makes even more relevant Facebook's discovery into the basis for Fraley's allegations that will be a part of the record in this case. Even if Fraley is dismissed from the case, the court may

---

[8] *See* Docket No. 83 ¶ 3.

[9] In light of the breadth of discovery deemed relevant and obtainable under the federal rules, it should not come as any surprise to Plaintiffs' counsel that Facebook is seeking a wide range of information pertaining to the plaintiffs' habits relating to Facebook and reasons for posting or clicking on various functions or advertisements.

[10] The court encourages Plaintiffs' counsel to work with Fraley in identifying any such sections of her deposition testimony that may be appropriate for a "confidential" designation under the protective order.

5
Case No.: CV 11-1726 LHK (PSG)
ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

consider the relevance of her earlier testimony to Facebook's ongoing defense.[11] Plaintiffs have not offered any authority to the contrary.

### III. CONCLUSION

For the reasons set forth above, the court DENIES Plaintiffs' motion for protective order. Plaintiffs shall produce Fraley for her deposition at a time and place most convenient to her and in a timely fashion in light of the deadlines for Facebook's responsive briefing on Plaintiffs' class certification motion.[12]

**IT IS SO ORDERED.**

Dated: 2/21/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[11] *Cf. Alliance For Global Justice v. District of Columbia*, No. CV.A.01-0811 PLF/JMF, 2005 WL 469593, at *3-4 (D.D.C. Feb. 7, 2005) (recommending to district judge that voluntary dismissal of former named plaintiff be conditioned on responding to discovery requests in a case that "defendants must continue to defend").

[12] Based on the parties' representations to the court, Facebook's only objection to stipulating to Fraley and Wang's withdrawal and voluntary dismissal from the case was Facebook's insistence on taking Fraley's deposition. To the extent that this single issue has been resolved by the court's order, Facebook should consider relieving the presiding judge of the burden of an unnecessary hearing by withdrawing its objections and proceeding with the stipulation.