UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY, et al., ) | Case No.: 11-CV-01726-LHK |
| ) | |
| Plaintiffs, ) | ORDER GRANTING PLAINTIFFS' |
| v. ) | MOTION TO DISMISS CLAIMS AND |
| ) | WITHDRAW CLASS |
| FACEBOOK, INC, a corporation; and DOES ) | REPRESENTATIVES |
| 1-100, ) | |
| ) | (re: dkt. #86) |
| Defendants. ) | |
| ) | |
| ) | |

This is a putative class action brought by Plaintiffs Angel Fraley; Paul Wang; Susan Mainzer; J.H.D., a minor, by and through James Duval as Guardian ad Litem; and W.T., a minor, by and through Russell Tait as Guardian ad Litem (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, against Defendant Facebook, Inc. ("Defendant" or "Facebook") for alleged violations of California's Right of Publicity Statute, Civil Code § 3344; and California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* ("UCL"). Before the Court is Plaintiffs' motion to allow Angel Fraley and Paul Wang to dismiss their claims against Facebook without prejudice and to withdraw as class representatives, pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* ECF No. 86 ("Mot."). On February 28, 2012, Defendant submitted a Statement of Non-Opposition to Plaintiff's Motion, subject to Plaintiffs' compliance with Magistrate Judge Paul S. Grewal's February 21, 2010 Order (ECF No. 93)

1

Case No.: 11-CV-01726-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW CLASS REPRESENTATIVES AND DISMISS CLAIMS

denying Plaintiffs' Motion for a Protective Order. *See* ECF No. 95 at 2 ("Non-Opp'n"). Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument, and hereby VACATES the May 31, 2012 motion hearing. For good cause shown, the Court GRANTS Plaintiffs' motion.

## I. BACKGROUND

This putative class action was first filed in Santa Clara County Superior Court on March 11, 2011, by Angel Fraley, Paul Wang, and Susan Mainzer as class representatives. *See* Mot. at 2; Decl. of Steven Weinmann ("Weinmann Decl.") ¶ 5. J.H.D., a minor, by and through James Duval, as Guardian ad Litem; and W.T., a minor, by and through Russell Tait, as Guardian ad Litem, were added as class representatives in the First Amended Complaint, filed on March 18, 2011. Weinmann Decl. ¶ 5. In response to a motion to dismiss filed after Defendants removed this action to federal court, Plaintiffs filed a Second Amended Complaint ("SAC") on June 6, 2011. On December 16, 2011, the Court granted in part, and denied in part, Defendant's motion to dismiss the SAC. *See* ECF No. 74. The SAC is brought on behalf of a putative Class, as well as a putative Subclass of Minors, defined as follows:

> All natural persons in the United States who had an account registered on facebook.com as of January 24, 2011, and had their names, photographs, likenesses or identities associated with that account used in a Facebook Sponsored Stories advertisement ("the Class").
>
> Subclass of Minors.
> All persons in the Plaintiff Class who additionally have had their names, photographs, likenesses or identities used in a Facebook Sponsored Stories ad while under 18 years of age ("the Minor Subclass").
>
> Excluded from the Class are (a) FACEBOOK, its officers and directors, legal representatives, successors or assigns; (b) any entity in which FACEBOOK has or had a controlling interest; (c) the judge to whom this case is assigned and the judge's immediate family; (d) any juror selected to hear this case.

SAC ¶ 95. Plaintiffs' Motion for Class Certification is due March 29, 2012, and Defendant's Opposition to the anticipated Motion for Class Certification will be due April 19, 2012.

**United States District Court**
For the Northern District of California

On February 14, 2012, Plaintiffs filed the instant motion to allow Angel Fraley ("Fraley") and Paul Wang ("Wang") to dismiss their claims against Facebook without prejudice and without assessment of costs, and to withdraw as class representatives, pursuant to Federal Rule of Civil Procedure 41(a)(2). Wang wishes to withdraw as class representative because his work requires him to travel frequently, making it difficult for him to fulfill certain litigation commitments. Decl. of Paul Wang ("Wang Decl.") ¶ 6. Fraley wishes to withdraw as class representative based on concerns regarding invasion of her privacy should she be subject to deposition.[1] Decl. of Angel Fraley ("Fraley Decl.") ¶¶ 6, 9 (submitted as Ex. 1 to Weinmann Decl.). Susan Mainzer ("Mainzer"), J.H.D., and W.T. do not move to dismiss their claims and will remain class representatives going forward. *See* Mot. at 6.

**II. LEGAL STANDARD AND DISCUSSION**

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). The decision to grant a voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)).

---

[1] Facebook originally scheduled Fraley's deposition to take place on February 17, 2012, which Plaintiffs opposed based on Fraley's intent to move to withdraw as a class representative. Facebook refused to stipulate to dismiss either Fraley or Wang from this action unless Class counsel produced Fraley for deposition. Weinmann Decl. ¶¶ 3, 6. Class counsel subsequently filed a Motion for a Protective Order to prevent the deposition of Fraley. *See* ECF No. 80; Weinmann Decl. ¶ 3. On February 21, 2012, Magistrate Judge Paul S. Grewal denied Plaintiffs' Motion for Protective Order and ordered Plaintiffs to produce Fraley for deposition. *See* ECF No. 93 at 6. Fraley's deposition is now scheduled for the last week in March. Reply at 1.

### A.  Whether to Allow Dismissal

Because the requested dismissal here does not dispose of the entire case, the Court considers the effect of the dismissal on other parties to the litigation.  *See Columbia Cas. Co. v. Gordon Trucking, Inc.*, No. 09-cv-05441-LHK, 2010 WL 4591977, at *3 (N.D. Cal. Nov. 4, 2010) (Koh, J.); *see also ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66, 70 (1st Cir. 2006) (holding that on a motion for voluntary dismissal, a third-party intervenor's interests should be considered); *Cnty. of Santa Fe v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002) ("[T]here will be circumstances where granting a plaintiff's motion to dismiss with prejudice may adversely affect the defendant or, more likely, other parties to the litigation.").

#### 1.  Prejudice to Defendant

The Ninth Circuit has held that a Rule 41(a)(2) motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Williams*, 227 F.R.D. at 539.  "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Smith*, 263 F.3d at 976 (internal quotation marks omitted).  "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (internal quotation marks omitted). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Here, Facebook does not assert in its Statement of Non-Opposition that it will suffer any prejudice if Fraley's and Wang's claims are dismissed.  Pursuant to Magistrate Judge Grewal's February 21, 2012 Order denying Plaintiffs' Motion for a Protective Order, Plaintiffs must produce Fraley for a deposition, regardless of whether she remains a class representative or not.[2]  *See* ECF No. 93 at 6.  Accordingly, the Court finds that dismissing Fraley's and Wang's claims will not prejudice Defendant.

#### 2.  Prejudice to Absent Class Members

---

[2] Defendants apparently have not sought to depose Wang.  Weinmann Decl. ¶ 6.

Nor will dismissing Fraley's and Wang's claims prejudice the interests of the putative Class or Subclass of Minors. This putative class action has not yet been certified, and three other putative class representatives remain in this case, all of whom have already been deposed, answered interrogatories, and responded to document requests. *See* Weinmann Decl. ¶¶ 5, 7. Plaintiffs represent that these three remaining putative class representatives each intend to continue to prosecute this action. Mot. at 2, 7; Weinmann Decl. ¶ 7. Mainzer, J.H.D., and W.T. all bring the same causes of action as did Fraley and Wang, and all have been involved in this case since at least the filing of the First Amended Complaint in state court. Weinmann Decl. ¶ 5. Thus, the Court finds no prejudice to the interests of the putative Class or Subclass in dismissing Fraley or Wang as class representatives.

Accordingly, because neither Defendant nor the absent class members will be prejudiced by Fraley's and Wang's withdrawal as class representatives or dismissal of their claims, the Court GRANTS Plaintiffs' motion to dismiss Fraley's and Wang's claims and to allow them to withdraw as class representatives.

### B. Whether the Dismissal Should Be With or Without Prejudice

In determining whether dismissal should be with or without prejudice, courts typically consider: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnett*, 828 F. Supp. at 1443; *see Williams*, 227 F.R.D. at 539-40.

Here, Fraley and Wang seek dismissal of their claims without prejudice so that they may become absent class members should the putative Class be certified. As previously discussed, three putative class representatives remain in this action, and this case will continue to move forward as planned. Thus, Defendant's investment of resources in this litigation thus far will not not be rendered futile by dismissal of Fraley's and Wang's claims without prejudice, nor will the

5

dismissal without prejudice subject Defendant to the risk of additional litigation.  Taking into account these considerations, along with the lack of any legal prejudice to Defendant and the relatively early stage of the proceedings, the Court does not find it would be inequitable or prejudicial to Defendant to allow Fraley and Wang to become absent class members should the putative Class be certified.  Accordingly, Fraley's and Wang's claims are dismissed without prejudice.

### C. Terms and Conditions of Dismissal

Although Defendant filed a Statement of Non-Opposition, Defendant conditions its non-opposition on "Plaintiffs' compliance with Magistrate Judge Grewal's February 21, 2012 Order (Dkt. Entry No. 93) denying Plaintiffs' Motion for a Protective Order, in which Plaintiffs sought to bar Facebook from taking the deposition of Ms. Fraley." Non-Opp'n at 2.  Plaintiffs have an independent duty to comply with Magistrate Judge Grewal's Order, and therefore the Court sees no need to condition this dismissal on Plaintiffs' compliance therewith.

Defendant further states that "[i]n the event that Facebook is ultimately the prevailing party in this litigation, Facebook reserves the right to seek its costs and attorneys' fees from Plaintiffs Fraley and Wang to the full extent permitted by law." *Id.*  Thus, although Defendant does not at this time seek assessment of costs from Fraley and Wang, Defendant wishes to reserve its right to seek costs from Fraley and Wang at some later point in time.

"'In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss.'" *Williams*, 227 F.R.D. at 540 (quoting 8-41 MOORE'S FED. PRAC.-CIV. § 41.40[10][d][I]) (alterations and footnote omitted).  "Although costs are often awarded as a condition of dismissal without prejudice, . . . 'imposition of costs and fees as a condition for dismissing without prejudice is not mandatory.'" *Williams*, 227 F.R.D. at 540 (quoting *Westlands*, 100 F.3d at 97) (internal citation omitted)); *see also Stevedoring Servs. of Am.*, 889 F.2d at 921

6

Case No.: 11-CV-01726-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW CLASS REPRESENTATIVES AND DISMISS CLAIMS

1   ("'We do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to a
2   voluntary dismissal, although it is usually considered necessary for the protection of the
3   defendant.'" (quoting *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir.
4   1981)).

5   Here, as previously discussed, the dismissal of Fraley's and Wang's claims without
6   prejudice does not expose Facebook to any excessive or duplicative expense. All costs incurred by
7   Facebook thus far in relation to Plaintiffs Fraley and Wang are also associated with defense of the
8   case generally, with the exception of fees and costs associated with Facebook's Non-Opposition to
9   the instant motion and Facebook's Opposition to Plaintiffs' motion for a protective order to prevent
10  the deposition of Fraley. However, Defendant does not mention or address the factors the Court
11  should consider in determining whether to award fees and costs. Moreover, Plaintiffs state that
12  Facebook was willing to stipulate to a dismissal of Fraley's and Wang's claims without costs if
13  Plaintiffs agreed to produce Fraley for her deposition. *See* Mot. at 8 (citing Weinmann Decl. ¶ 3);
14  Reply at 2-3 (same). Pursuant to Magistrate Judge Grewal's February 21, 2012 Order, Facebook
15  will have the opportunity to depose Fraley, whose deposition is now scheduled for the last week in
16  March. *See* Reply at 1. The Court notes that Weinmann's Declaration does not explicitly state
17  whether Facebook agreed to stipulate to dismissal with or without costs if Plaintiffs produced
18  Fraley for her deposition. *See* Weinmann Decl. ¶ 3. Nevertheless, Facebook does not dispute
19  Plaintiffs' characterization of Facebook's offer. *See* Non-Opp'n at 2. In any event, the Court finds
20  that all factors favor denying an award of costs and fees. This case is still at a relatively early
21  stage, as the Motion for Class Certification is not due until March 29, 2012, and Plaintiffs have
22  acted with reasonable diligence in moving to dismiss Fraley and Wang. Accordingly, the Court
23  exercises its discretion to dismiss Fraley's and Wang's claims without prejudice, and without
24  assessment of costs or fees.

25  **III. CONCLUSION**

26  For the foregoing reasons, Plaintiffs' Motion is GRANTED. Pursuant to Federal Rule of
27  Civil Procedure 41(a)(2), Angel Fraley's and Paul Wang's claims against Defendant are

28

7

Case No.: 11-CV-01726-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW CLASS REPRESENTATIVES AND DISMISS CLAIMS

DISMISSED without prejudice, and they shall be withdrawn as class representatives.  No costs or fees shall be awarded to Defendant in connection with this dismissal and withdrawal.

**IT IS SO ORDERED.**

Dated: March 13, 2012

_____
LUCY H. KOH
United States District Judge