COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

FACEBOOK, INC.
COLIN S. STRETCH (205144) (colin@fb.com)
SANDEEP N. SOLANKI (244005) (ssolanki@fb.com)
1601 S. California Ave.
Palo Alto, CA 94304
Telephone: (650) 853-1300
Facsimile: (650) 543-4800

Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>　　　　　　Defendant. | Case No. CV-11-01726 LHK (PSG)<br><br>**DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)**<br><br>Judge: Lucy H. Koh<br>Trial date: December 3, 2012 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. CV 11-01726 LHK (PSG)

## I. INTRODUCTION

Pursuant to Civil Local Rule 3-12, Defendant Facebook, Inc. ("Facebook") hereby moves for an order relating *E.K.D. v. Facebook, Inc.*, No. 12-cv-01216 ("*Dawes*"), to *Fraley v. Facebook, Inc.*, No. 11-cv-01726 ("*Fraley*").[1]  As set forth below, *Dawes* and *Fraley* involve substantially the same parties, events, and legal and factual issues, and allege substantially overlapping putative classes.  If these actions proceed independently, before two different judges, they will doubtless cause wasteful duplication of efforts and the needless expenditure of both Party and Court resources.  They also will create a risk of conflicting pretrial rulings on the many common legal issues they present.  Facebook's Administrative Motion is also supported by the Declaration of Matthew D. Brown ("Brown Declaration" or "Brown Decl.") filed herewith.[2]

## II. FACTUAL BACKGROUND

Since 2004, Facebook has enabled hundreds of millions of people to stay connected with friends and family, to discover what is happening around them, and to share and express what matters to them.  Facebook provides its service for free, and, like many free websites, Facebook funds its operation in part by showing advertisements and sponsored content.  It is this practice—specifically, showing advertisements and sponsored content that feature social content previously shared by Facebook users ("Users")—that is the basis for the claims in both *Fraley* and *Dawes*.

***Fraley v. Facebook***:  The *Fraley* action was filed in Santa Clara County Superior Court on March 11, 2011, and was removed to this Court on April 8, 2011.  (Brown Decl. ¶ 3.)  The core allegation in *Fraley* is that the Facebook feature known as Sponsored Stories violates California Civil Code Section 3344 ("Section 3344") and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, because it displays Users' names and profile pictures in advertisements, allegedly without Users' consent.  (Ex. A ¶¶ 3, 107-29.)  The *Fraley* Plaintiffs allege a putative class consisting of (1) "[a]ll natural persons in the United States who had an account registered on [F]acebook.com as of January 24, 2011" who had their names and

---

[1] As *Fraley* is the earliest-filed case, this Court decides this motion.  Civil L.R. 3-12(f).

[2] For the Court's convenience, the operative complaints are attached to the Brown Declaration as Exhibit A ("Ex. A") (*Fraley*) and Exhibit B ("Ex. B") (*Dawes*).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. CV 11-01726 LHK (PSG)

likenesses associated with a Sponsored Story and (2) an identical subclass of minor Users. (*Id.* ¶ 95.) The complaint seeks statutory damages, actual damages, and declaratory and other ancillary relief. (*Id.* ¶ 136.) On December 16, 2011, the Court granted, in part, and denied, in part, Facebook's motion to dismiss the *Fraley* action. Under the current schedule, Plaintiffs' motion for class certification is due on March 29, 2012. (Brown Decl. ¶ 3.)

***Dawes v. Facebook***: The *Dawes* action was filed on June 1, 2011 in the Southern District of Illinois. (*Id.* ¶ 4.) On August 1, 2011, Facebook filed a motion to dismiss or for a more definite statement. (*Id.*) On December 8, 2011, Facebook filed a motion to transfer *Dawes* to the Northern District of California pursuant to 28 U.S.C. § 1404, which the court granted on March 8, 2012. (*Id.* ¶ 5.)[3] The case has been assigned to Magistrate Judge Joseph Spero. (*Id.*) Facebook's motion to dismiss or for a more definite statement remains pending. (*Id.*)

The *Dawes* action alleges a nationwide class consisting of: "All [F]acebook users, who during a time that [F]acebook records identified them to be under the age of 18, had their name used in connection with a [F]acebook advertisement." (Ex. B ¶ 24.)[4] Although the allegations are highly unclear, Plaintiffs appear to claim that Facebook's "advertis[ing]" products violate multiple states' laws, including California's Section 3344. (*See id.* ¶ 20.) As in *Fraley*, the *Dawes* Plaintiffs seek statutory damages and declaratory relief. (*Id.*, Prayer for Relief.)

---

[3] The transfer order is attached as Exhibit D to the Brown Declaration. On March 12, 2012, the Illinois court denied Plaintiffs' motion for reconsideration. (Brown Decl. Ex. E.)

Facebook had previously filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer *Dawes* to the Northern District of California under 28 U.S.C § 1407. (Brown Decl. ¶ 6.) The MDL Panel denied Facebook's motion, though it acknowledged that the actions appeared to "involve some similar allegations concerning the use of plaintiffs' names or likenesses in what plaintiffs characterize as advertisements on Facebook.com." (*Id.* ¶ 6 & Ex. F.) The *Fraley* Plaintiffs may argue that the MDL Panel's denial weighs against granting this motion. Not so. The standard for transfer under 28 U.S.C. § 1407 is much different than for relation under Local Rule 3-12(a). A § 1407 transfer deprives the plaintiff of the opportunity to litigate in the forum of her choice. Such relief is often ordered only when there are many different overlapping actions pending around the country. By contrast, under Local Rule 3-12(a), the inquiry is whether judicial economy would be served by having one judge, rather than two or more, hear overlapping cases. Relating cases does not create any risk of prejudice to the parties.

[4] In the alternative, the *Dawes* Plaintiffs seek a class of the same description, comprised only of residents of five specified states (California, Ohio, Nevada, Illinois, and Indiana). (Ex. B ¶ 24.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. CV 11-01726 LHK (PSG)

The vaguely-worded *Dawes* complaint does not identify any specific marketing product, but discovery served in the action has focused on the display of Users' names and profile pictures in Sponsored Stories as one of the principal challenged Facebook practices. (Brown Decl. ¶ 8.) For example, the *Dawes* Plaintiffs' Rule 30(b)(6) deposition notice includes at least five topics referencing Sponsored Stories specifically (e.g., how "Facebook calculates . . . revenue generated by Sponsored Stories, social advertisements, and Featured Content" and who was responsible "for the creation, maintenance, or use of information derived from, social ads, Sponsored Stories, Featured Content . . . or the use of user name or profile pictures in advertisements"). (Ex. I, Nos. 8, 16.) The great majority of Plaintiffs' written discovery requests also appear to relate to Sponsored Stories, and the *Dawes* Plaintiffs have demanded production of all written discovery responses and deposition transcripts in the *Fraley* action. (Brown Decl. ¶ 8.) In its transfer order, the Illinois court summarized the claims in the action by stating that the *Dawes* Plaintiffs "challenge one of Facebook's . . . services in particular, known as 'sponsored stories' . . . ." (Ex. D, at 2.) Although *Dawes* also appears to encompass an additional Facebook product known as "ads paired with social context" or "Social Ads," there is no question that Sponsored Stories have been and will continue to be one of the primary Facebook practices challenged in *Dawes*.

Facebook notified the Plaintiffs in both *Dawes* and *Fraley* of its intention to move to relate these cases. The *Dawes* Plaintiffs responded that they had not yet settled on a position, and the *Fraley* Plaintiffs responded that they do not believe the actions are related. (Brown Decl. ¶ 2.)

### III. ARGUMENT

Under Civil Local Rule 3-12, actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." As set forth below, *Fraley* and *Dawes* plainly are related.

### A. *Fraley* and *Dawes* raise numerous identical legal and factual issues.

*Dawes* and *Fraley* overlap substantially in their parties, claims, allegations, and putative classes, and otherwise raise a variety of identical legal and factual issues. Facebook is the sole

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. CV 11-01726 LHK (PSG)

defendant in both actions. (Exs. A, B.) The core allegation in both cases is that Facebook displayed Plaintiffs' and putative class members' names and likenesses in connection with alleged advertisements without their consent. (*E.g.*, Ex. A ¶¶ 3, 27-28; Ex. B ¶ 1.) Both actions allege (or appear to allege, in the case of *Dawes*) violations of Section 3344 and seek damages, disgorgement, and other relief. (Ex. A ¶¶ 107-18, 136; Ex. B ¶ 20, Prayer for Relief.)

The actions also overlap substantially in their putative classes and the Facebook practices they challenge. The *Fraley* Plaintiffs challenge Sponsored Stories as to all Facebook Users and seek to certify a subclass of teenage Users. (Ex. A ¶ 95.) The *Dawes* Plaintiffs bring claims on behalf of teenage Users only and also challenge Sponsored Stories. (Ex. B ¶ 24.) With respect to minors, both sets of Plaintiffs claim that Facebook impermissibly failed to obtain parental consent. (Ex. A ¶¶ 2, 41, 62; Ex. B ¶¶ 1, 22-23.) Given this, the members of and claims of the minor subclass pled in *Fraley* are entirely subsumed by the *Dawes* action.[5] Though the claims in *Dawes* may be a bit broader, it is clear that the *Dawes* action will require litigation of *virtually every factual and legal issue relevant to the minor subclass in Fraley.*[6]

Finally, Facebook's defenses will raise numerous common legal and factual issues. Facebook will defend both cases on the ground that Users—and, to the extent necessary, their parents—consented to the conduct they now challenge. As another example, in both cases, Facebook will invoke statutory exemptions from liability rooted in the First Amendment, which provide a complete defense, as to both Sponsored Stories and Social Ads, with respect to all Facebook Users. Facebook will also show that neither set of Plaintiffs has suffered any cognizable injury as a result of the challenged conduct, and the facts and law underpinning those arguments will be largely the same in both cases. Additionally, Facebook anticipates that it will oppose class certification in both actions on mostly, if not entirely, the same bases.

---

[5] As the Court previously stated when considering whether *Fraley* was related to *J.N.D. v. Facebook*, No. 11-cv-03287, "[w]ell, if the subclass overlaps, that means -- I think that's an admission -- that it's related." (Ex. G, at 46:2-4.) *Downey* was also largely overlapping with *Dawes* and was brought and later dismissed by counsel for *Dawes*.

[6] Both complaints also contemplate resolution of whether class members, for example: (1) consented to the alleged display of their name and likeness; (2) were injured by Facebook's use of their names and likenesses; and (3) are entitled to damages. (*See* Ex. A ¶ 98; Ex. B ¶ 29.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. CV 11-01726 LHK (PSG)

**B.     Relating the cases will avoid duplication of efforts and conflicting results.**

Unless *Dawes* and *Fraley* are related, they will impose substantial and entirely avoidable burdens on the parties and the Court. Facebook has already expended, and without relation and appropriate coordination, will continue to expend, significant time and resources responding to overlapping discovery. (Brown Decl. ¶ 8.) Facebook will also be forced to engage in two entirely separate and uncoordinated class certification briefing and hearing processes and, potentially, separate and entirely uncoordinated dispositive motion practice.

The burden on the Court would be even more substantial. A second judge in this District would need to become intimately familiar with the operation of the Facebook website and features such as Sponsored Stories that are central to both cases. A second judge would need to resolve Facebook's pending motion to dismiss in *Dawes*, and if the case proceeds beyond that stage, that judge would be forced to analyze and rule on all the same issues that will be decided by this Court at the class certification stage. The judicial economy to be gained by having one judge handle both motions is undeniable.[7] Moreover, relation of these cases will avoid duplication of judicial efforts with respect to discovery disputes as well.

If these cases proceed separately, before two different judges, Facebook will also face a substantial risk of contradictory pretrial rulings on, for example: whether each class should be certified; whether Plaintiffs consented to the conduct they challenge; whether and how Facebook was required to obtain parental consent; whether the Plaintiffs have cognizable injury; and so on. Relating the actions before this Court will eliminate the risk of any such unseemly conflicts.

**IV.     CONCLUSION**

Accordingly, Facebook respectfully requests that *Fraley* and *Dawes* be related.

Dated: March 16, 2012                         COOLEY LLP

By: */s/ Matthew D. Brown*
Matthew D. Brown (196972)

Attorneys for Defendant FACEBOOK, INC.

1260106/SF

---

[7] Separate and apart from this Motion, Facebook may move to consolidate these two actions. As just one of many efficiencies consolidation would create, it would prevent this Court from being forced to conduct the same time-intensive, class certification briefing and hearing process twice.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. CV 11-01726 LHK (PSG)