ROBERT S. ARNS (#65071, rsa@arnslaw.com)
JONATHAN E. DAVIS (#191346, jed@arnslaw.com)
STEVEN R. WEINMANN (#190956, srw@arnslaw.com)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

JONATHAN M. JAFFE (# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:   (510) 725-4293
Fax:   (510) 868-3393

Attorneys for Plaintiffs Angel Fraley, et al.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated;<br>    Plaintiff,<br>vs.<br>FACEBOOK, INC., a corporation and DOES 1 to 100, inclusive<br>    Defendants | Case No. CV 11-01726 LHK<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Courtroom: 8<br>Judge: Hon. Lucy H. Koh<br>Trial Date:   December 3, 2012 |

**PLAINTIFFS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**
Case No. CV 11-01726 LHK

## I. INTRODUCTION

This Opposition to Facebook's motion to relate the *E.K.D. v. Facebook, Inc.* (No. 12-cv-01216-JCS) action ("*Dawes*") to this case is filed on behalf of the plaintiffs in *Fraley*. While Plaintiffs in *Fraley* believe this Court would be well-suited to decide issues involving the *Dawes* case, the motion does not meet the criteria for relation under L.R. 3-12. *Fraley* has only a minimal overlap with *Dawes*. *Dawes* only involves only minor children who have appeared in any type of ad on Facebook—or possibly only minor children in a handful of other States—whereas *Fraley* has a nationwide class of all Facebook Members (including a subclass of minors) who have had only Sponsored Stories created using their names and likeness. The parties in terms of the putative Class definitions, and the property involved (that is, the damages and relief sought) are not the same. There is little risk of unduly burdensome or duplicative discovery—the two cases have different allegations of law and fact, and discovery is almost completed in *Fraley*. Almost the only common issue is one of consent as to minors, but the documents relevant to that issue are or were on Facebook's website and are easily produced. The amount of knowledge required of the court with respect to Facebook's workings for purposes of overseeing the *Dawes* case does not amount to a degree of specialization that will cause Magistrate Judge Spero any significant extra work. Thus, the motion to relate should be denied.

Facebook's potential motion to consolidate the cases (see footnote 7 of its brief), will similarly not be in the best interests of judicial economy. Indeed, if this Motion or the possible motion to consolidate were to result in a delay of this case and a loss of the December 3, 2012 trial date, it would needlessly prolong and complicate the litigation. Plaintiffs in Fraley are largely done with discovery they need for trial, and are on the point of filing their motion for

-1-
PLAINTIFFS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. CV 11-01726 LHK

class certification on March 29, 2012.¹ Thus, both motions are in the nature of delaying tactics. Facebook makes this obvious by suggesting therein that the class certification briefing schedule would also be affected, should the cases be consolidated—supposedly to the benefit of the Court and parties. Such needless delay of the *Fraley* case would instead jeopardize potential settlement negotiations, which are driven by the impending class certification and trial dates. Class Counsel wish to discuss this aspect at oral argument with the Court, should the Court be inclined to move the class certification schedule or trial date in this action.

## II. FRALEY IS THE FIRST-FILED ACTION AS TO SPONSORED STORIES AND DISCOVERY IS NEARLY COMPLETE

The *Fraley* action was filed on March 11, 2011. Brown Decl, ¶3. *Fraley* involves Facebook's "Sponsored Stories" advertisements only. *Dawes,* filed June 1, 2011 in the Southern District of Illinois, involves claims that minors' likenesses appeared in advertisements—which are not defined to be Sponsored Stories, or limited to them. *JND v. Facebook, Inc.* No. 11-cv-03287 case ("*Downey*"), filed in the Northern District of California on July 5, 2011, defined its class as being minors who "had their names and likenesses used in a Facebook feed or in an advertisement sold by Facebook, Inc." *Downey* Compl. ¶3 (emphasis

---

¹ Facebook also filed its motion after business hours on Friday evening (8:30 p.m.), knowing that Local Rule 7-11 provides for only four days' response time. This is sharp practice, and it is not the first time Facebook has sought to "sneak" a motion past Plaintiffs. Indeed, the motion to relate *Fraley* and the *Downey* matter to the *R. Cohen* case, was filed at 9:30 p.m. on a Thursday, giving Plaintiffs only two business days in which to respond. The motion was also a back-door attempt to transfer this action to Judge Seeborg, after Facebook had earlier failed to ask *Fraley* to be so related to *R. Cohen v. Facebook* (N.D. Cal. Case No. 10-cv-05282) and tried to use *Downey* as a vehicle to do so. The Motion to relate *Downey* was mooted when that case was voluntarily dismissed on August 19, 2011.

added), Brown Decl. Ex G. Even assuming that the definition in *Downey* was intended to and did cover Sponsored Stories, *Fraley* was clearly the earliest to file as to Sponsored Stories.[2]

For this reason, *Fraley* should be allowed to go ahead towards trial as scheduled. Little discovery has taken place in *Dawes*, relative to *Fraley* or in general. Plaintiffs in *Fraley* are essentially ready for trial, having served extensive discovery, and taken six depositions of Facebook personnel; none have taken place in *Dawes*. Weinmann Decl., ¶2. They are also ready for class certification. Facebook has also taken discovery of all of the class representatives. *Id.* ¶3. In *Dawes*, no depositions of class representatives have been taken as counsel in *Dawes* has argued that they should not be taken. *Id.*, ¶4.

### III. THERE WILL BE NO UNDUE BURDEN BECAUSE THERE IS LITTLE OVERLAP IN DISCOVERY

Facebook fails to provide any support for its assertion that there is a risk of undue duplication of discovery of any significance. The Brown declaration simply states that a number of PMK deposition requests have been served in *Dawes* involving Sponsored Stories. It is reasonable to assume that *Dawes* counsel would wish to learn about consent issues as to Sponsored Stories for comparison to other ads, even if Sponsored Stories were not a part of their case. Facebook's observation that the parties will have to prove the same elements of the tort of misappropriation adds little to the discussion of economy in the litigation; the particulars as the *Dawes* claims as to ads other than Sponsored Stories are different, and the *Fraley* Plaintiffs do not intend to do much more discovery. Furthermore, if the *Dawes* case is certified

---

[2] Facebook in its MDL action requested, however, that all actions be consolidated specifically before Judge Seeborg in *R. Cohen*, despite the *Downey* action—which was very similar to *Dawes*—having been pending before this Court.

-3-
PLAINTIFFS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES
SHOULD BE RELATED
Case No. CV 11-01726 LHK

under the laws of several other States, the elements of proof required by those States may well be different. *Fraley* seeks to apply California law to the entire Class.

The *Fraley* Plaintiffs do not need or want to spend time looking at discovery as to issues relevant to other types of ads involving minors, except to the extent that there is comparative information as to how the ads are valued and paid for them by Facebook's customers. The *Dawes* plaintiffs now have copies of most of the discovery in *Fraley,* and again, *Fraley* discovery is almost complete. Weinmann Decl., ¶2. There is thus little apparent risk of any significant overlap of discovery in the future. There is no undue burden on the parties with the cases being separate, and little to no judicial economy to be had by relating the cases.

## IV. *FRALEY* AND *DAWES* DO NOT INVOLVE THE "SAME PARTIES," "TRANSACTIONS" OR "PROPERTY."

Local Rule 3-12 (1) is not satisfied because the parties to the *Dawes* case are not coextensive with those in *Fraley,* because the classes are defined in terms of different time periods and class membership. *Fraley* defines the Class as:

> All natural persons in the United States who had an account registered on facebook.com as of January 24, 2011, and had their names, photographs, likenesses or identities associated with that account used in a Facebook Sponsored Stories advertisement ("the Class").
>
> Subclass of Minors.
>
> All persons in the Plaintiff Class who additionally have had their names, photographs, likenesses or identities used in a Facebook Sponsored Stories ad while under 18 years of age ("the Minor Subclass").

*Fraley* Compl. ¶95.

*Dawes'* proposed class is as follows:

> All facebook users, who during a time that facebook records identified them to be under the age of 18, had their name used in connection with a facebook advertisement. (the "Class" or "Class Members").

Alternatively, Plaintiffs seek certification of a class defined as follows:

-4-
**PLAINTIFFS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**
**Case No. CV 11-01726 LHK**

> All facebook users, who during a time that facebook records identified them to be under the age of 18 and a resident of California, Ohio, Nevada, Illinois or Indiana and had their name used in connection with a facebook advertisement. (the "Class" or "Class Members"). *Dawes* Compl.¶24 (Brown Decl. Ex. B).

Thus, *Fraley* is a nationwide class of adults and minors for Sponsored Stories only (Sponsored Stories are a small subset of all ads on Facebook), and *Dawes* a nationwide (or possibly multi-state) class for minors only for "all" ads. The "transaction," and/or property rights asserted in each case are thus very different. Plaintiffs in *Fraley* seek recovery of all profits and lost monies arising out of all Sponsored Stories for adults and for minors, only; *Dawes* as to other types of ads which make up the vast majority of ads in which minors have appeared, in addition to Sponsored Stories, but <u>only</u> as to minors. There is therefore no evidence that *substantially* the same *parties, transactions,* or *property* are in play in the respective Classes and claims in the two actions, and L.R. 3-12(a)(1) is not satisfied. *Dawes* is at best a subset of *Fraley*, only to the extent that minors have appeared in Sponsored Stories.

The Plaintiffs in *Fraley* contend that no one could have or did consent to Sponsored Stories based on the Statement of Rights and Responsibilities (SRR) on Facebook's website, and based on the fact that Sponsored Stories did not exist prior to January 25, 2011. *Dawes* concerns lack of consent to be included in ads as to minors only—for a time period presumably extending back before that time. The claims are also substantially different, as *Fraley* asserts an Unfair Competition Law (B&P Code §17200) claim, but *Dawes* does not.

## V. CONCLUSION

For all the foregoing reasons, Facebook's Motion to Relate should be denied. In the alternative, should the Motion be granted, Plaintiffs respectfully suggest that the Court leave the trial date undisturbed.

**THE ARNS LAW FIRM**

By: /s/ Robert. S. Arns
    ROBERT S. ARNS
    JONATHAN E. DAVIS


By: /s/ Steven R. Weinmann
    STEVEN R. WEINMANN


**JONATHAN JAFFE LAW**

By /s/ Jonathan M. Jaffe

    JONATHAN M. JAFFE
    Attorneys for Plaintiffs

-6-
**PLAINTIFFS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**
Case No. CV 11-01726 LHK