Robert S. Arns, State Bar No. 65071
RSA@ARNSLAW.COM
Jonathan E. Davis, State Bar No. 191346
JED@ARNSLAW.COM
Steven R. Weinmann, State Bar No. 190956
SRW@ARNSLAW.COM
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

Jonathan M. Jaffe, State Bar No. 267012
JMJ@JAFFE-LAW.COM
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:   (510) 725-4293
Fax:   (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | **Case No. CV 11-01726 LHK PSG**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO FILE ADDITIONAL DOCUMENTS AND PORTIONS OF DOCUMENTS UNDER SEAL**<br><br>Courtroom: 8<br><br>Judge: Hon. Lucy H. Koh<br><br>Trial Date: December 3, 2012 |

1

**Plaintiffs' Opposition to Defendant's Administrative Motion to File Under Seal**
**Case No. CV 11-01726 LHK PSG**

## I. INTRODUCTION

"We are building Facebook to make the world more open and transparent [...]. Facebook promotes openness and transparency by giving individuals greater power to share and connect." "Facebook Principles," Exhibit 1.[1]

Despite Facebook's claims of transparency, it has designated virtually everything it has produced in this litigation as confidential. Now Facebook improperly moves the Court to force Plaintiffs to submit an order sealing documents in a manner not contemplated in the controlling rules. Facebook goes further yet, claiming their documents should be sealed under a claim of "competitive harm." See RSA Decl. ¶ 4. Facebook's true motives have nothing to do with competition and everything to do with hiding its unethical and illegal business practices from the public and from its users. Accordingly, Facebook's motion should be denied.

## II. PROCEDURAL BACKGROUND

Plaintiffs and Facebook entered into a Stipulated Protective Order for Litigation Involving Highly Confidential Information and/or Trade Secrets ("the Order"). On March 29, 2012, Plaintiffs filed their motion for class certification. This motion relied on various documents and deposition testimony that Facebook had designated as "Confidential" or "Highly Confidential" as supporting evidence. Accordingly, Plaintiffs submitted an Administrative Motion requesting an order to file these items under seal.

On April 5, Facebook filed a declaration and proposed order regarding some, but not all, of the documents Plaintiffs lodged under seal. Facebook simultaneously filed its own Administrative Motion seeking 1) that additional evidence, beyond that which Plaintiffs motion

---

[1] All exhibits, unless otherwise noted, are attached to the Declaration of Robert S. Arns, hereinafter "RSA Decl.," filed herewith.

1

**Plaintiffs' Opposition to Defendant's Administrative Motion to File Under Seal**
Case No. CV 11-01726 LHK PSG

identified, be filed under seal; and 2) that the Court order Plaintiffs to file a proposed order sealing Facebook's documents under seal. Facebook provides no authority supporting its argument Plaintiffs must file a proposed order and offers insufficient good cause to file its "confidential" documents under seal.

## III. ANALYSIS

### A. Plaintiffs Are Not Required and Should Not Be Ordered to File a Redundant Proposed Order to File Another Party's Documents Under Seal

A party submitting evidence that another party has deemed confidential must file and serve an Administrative Motion for a sealing order and lodge with the court clerk the designated evidence. Civil L.R. 79-5(d). Thereafter, the party that designated the evidence as confidential must file a declaration establishing that the designated evidence is sealable and propose a narrowly tailored order. *Id.* This procedure appropriately puts the burden of justifying the information's protection and tailoring a sufficiently narrow order on the party designating it as confidential. Facebook's Administrative Motion requests a court order for Plaintiffs to do so. Facebook's Administrative Motion to Seal, pg. 2. This request misinterprets the Local Rule. Proposing an order to file Facebook's documents under seal is not Plaintiffs' burden; the Local Rules state it is Facebook's responsibility to provide a proposed order sealing their documents. Civil L.R. 79-5(d). Plaintiffs, therefore, have met their burden and the Court should deny Facebook's motion to order Plaintiffs to take additional steps to seal their documents.

### B. Facebook Stretches the Shields Protecting Confidential Evidence Beyond Anything Contemplated in the Applicable Law In Order to Hide Facts from Public View

The Rules of Civil Procedure, the Local Rules, and case law interpreting those foundations all favor disclosure of non-confidential evidence. This policy promotes the

2

**Plaintiffs' Opposition to Defendant's Administrative Motion to File Under Seal**
**Case No. CV 11-01726 LHK PSG**

democratic ends of transparency in the judicial system and public responsibility in litigation. Documents and testimony obtained through pretrial discovery are <u>presumed</u> public information. *San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). The principle of the public's right to information is based on the freedom of the press established in the First Amendment. *Nixon v. Warner Comm.* 435 U.S. 589 (1978).

Due to the public's significant right to information, a party seeking to file documents under seal must prove to the court that it has "good cause." *Kamakana v. City & County of Honolulu* 447 F.3d 1172, 1179 (9th Cir. 2006). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg* 23 F.3d 772, 786 (3rd Cir. 1994). In addition to showing good cause, the party moving to seal the information must show their interest outweighs the public's interest in allowing disclosure. *Pintos v. Pacific Creditors Association* 605 F.3d 665, 678 (9th Cir. 2010).

Facebook fails to offer specific evidence of any clearly defined and serious injury. Rather, the Declaration of Sandeep Solanki, the only evidence supporting Facebook's motion, repeatedly states disclosure of information would cause Facebook "competitive harm" by giving third-parties access to "sensitive information." Declaration of Sandeep Solanki, ¶¶ 4, 6, 7, 8, 10, 11. By inspecting what exactly Facebook wishes to file under seal, it becomes clear that it is not concerned with competition; it wishes to file this information under seal to hide the information from its users and from the public at large.

Plaintiffs reviewed all the information Facebook designated as confidential when Plaintiffs filed their motion for class certification. Much of this was unjustifiably deemed confidential. For example, Facebook seeks to seal portions of Plaintiffs Memorandum of Law

3

**Plaintiffs' Opposition to Defendant's Administrative Motion to File Under Seal**
**Case No. CV 11-01726 LHK PSG**

("MOL") relating to the date when Sponsored Stories ads were launched (Solanki Decl., ¶ 4; redacted MOL 3:12-13); users' ability to opt out of Sponsored Stories ads (*Id.*, 4:3-7, 9:17); and what agreement was in effect for Facebook's users at any given time (*Id.*, 4:15-17, 4:21-22, 5:1-35:18-20). Most outrageously, Facebook seeks to seal statements regarding the number of instances named plaintiffs were featured in advertisements. *Id.*, 7:5-7; 7:15-17; 8:10-11. Plaintiffs emphasize that Facebook, the claimed champion of transparency, seeks to seal documents tallying the number of times plaintiffs were featured in Sponsored Stories ads under the guise of "competition." By attempting to file this type of information under seal, Facebook reveals that its motives do not relate to competition. Facebook's opacity in this case relates to its relationship with the public and with its users. Facebook does not want people to know about its activity with their accounts.

Other documents Facebook has designated as confidential are already publicly available, and therefore cannot be logically or legally filed under seal. Facebook seeks to seal excerpts of Plaintiffs' motion relating to the value of Sponsored Stories ads (Solanki Decl., ¶ 4; redacted MOL, 23:11, 29:7; Solanki Decl., ¶ 11; redacted Frazier Decl., 3:13-17), which refer to publicly disclosed documents. Plaintiffs' counsel searched online and found the exact document Facebook seeks to seal in less than 30 seconds. RSA Decl., ¶ 3. Additionally, Facebook moves to seal significant portions of the expert opinions proffered with Plaintiffs' motion. *Id.*, ¶ 4.

## IV. CONCLUSION

Plaintiffs have done that which is required of them in order to file the documents Defendant Facebook has designated as confidential under seal. Facebook, however, falls short in showing the good cause required to seal their so-called confidential information. Therefore,

4

**Plaintiffs' Opposition to Defendant's Administrative Motion to File Under Seal**
**Case No. CV 11-01726 LHK PSG**

Facebook's motion to file under seal should be denied with respect to those documents identified.

By: _____

ROBERT S. ARNS
THE ARNS LAW FIRM
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

By     /s/ Jonathan M. Jaffe

JONATHAN M. JAFFE, ESQ.
(# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Telephone: (510) 725-4293

Attorneys for Plaintiffs

**Plaintiffs' Opposition to Defendant's Administrative Motion to File Under Seal**
**Case No. CV 11-01726 LHK PSG**