MICHAEL G. RHODES (116127) (mrhodes@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
JEFFREY M. GUTKIN (216083) (gutkinjm@cooley.com)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

S. ASHLIE BERINGER (263977)
(ABeringer@gibsondunn.com)
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5219
Facsimile: (650) 849-5333

Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC, a corporation; and DOES 1-100,<br><br>Defendants. | Case No. 11-CV-01726 LHK (PSG)<br><br>**DECLARATION OF MATTHEW D. BROWN IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: May 24, 2012<br>Time: 1:30 p.m.<br>Courtroom: 4<br>Judge: Hon. Lucy H. Koh<br>Trial date: December 3, 2012<br><br>**[PUBLIC DOCUMENT]**<br><br>**[PORTIONS SUBMITTED UNDER SEAL]** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO PLAINTIFFS' MOT. CLASS CERTIFICATION
CASE NO. 11-CV-01726

I, Matthew D. Brown, hereby declare as follows:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner at Cooley LLP, counsel for Defendant, Facebook, Inc. ("Facebook"). Except as set forth herein, I have personal knowledge of the contents of this declaration, and if called and sworn as a witness, I could competently testify regarding them.

### The Named Plaintiffs' Deposition Transcripts and Discovery Responses

1. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the transcript of the deposition of named Plaintiff Susan Mainzer, taken on December 20, 2011.

2. Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the transcript of the deposition of named Plaintiff James Duval, taken on December 13, 2011.

3. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the transcript of the deposition of James Duval Sr., father and guardian ad litem of named Plaintiff James Duval, taken on February 23, 2012.

4. Attached hereto as **Exhibit D** is a true and correct copy of excerpts from the transcript of the deposition of Patricia Coluse, mother of named Plaintiff James Duval, taken on February 23, 2012.

5. Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the transcript of the deposition of named Plaintiff W.T., taken on December 21, 2011.

6. Attached hereto as **Exhibit F** is a true and correct copy of excerpts from the transcript of the deposition of Russell Tait, father and guardian ad litem of W.T., taken on February 16, 2012.

7. Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the transcript of the deposition of former named Plaintiff Angel Fraley, taken on March 28, 2012.

8. Attached hereto as **Exhibit H** is a true and correct copy of excerpts from named Plaintiff Susan Mainzer's Verified Responses to Defendant Facebook's Interrogatories, signed October 18, 2011.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

9.     Attached hereto as **Exhibit I** is a true and correct copy of excerpts from named Plaintiff James Duval's Verified Responses to Defendant Facebook's Interrogatories, signed October 18, 2011.

10.    Attached hereto as **Exhibit J** is a true and correct copy of excerpts from named Plaintiff W.T.'s Verified Responses to Defendant Facebook's Interrogatories, signed October 18, 2011.

11.    Attached hereto as **Exhibit K** is a true and correct copy of excerpts from named Plaintiff Susan Mainzer's Supplemental Responses to Defendant Facebook's Interrogatories, received by Facebook on December 16, 2011.  This includes a document labeled "Exhibit 1," a chart that I understand was prepared by Plaintiffs, and identifies content on Facebook that Mainzer has "Liked" during the time she has been a registered Facebook User.

12.    Attached hereto as **Exhibit L** is a true and correct copy of excerpts from named Plaintiff James Duval's Verified Supplemental Responses to Defendant Facebook's Interrogatories, signed December 12, 2011.  This includes a document labeled "Exhibit 1," a chart that I understand was prepared by Plaintiffs, and identifies content on Facebook that Duval has "Liked" during the time he has been a registered Facebook User.

13.    Attached hereto as **Exhibit M** is a true and correct copy of named Plaintiff W.T.'s Supplemental Responses to Defendant Facebook's Interrogatories, received by Facebook on December 16, 2011.  This includes a document labeled "Exhibit 1," a chart that I understand was prepared by Plaintiffs, and identifies content on Facebook that W.T. has "Liked" during the time he has been a registered Facebook User.

14.    Attached hereto as **Exhibit N** is a true and correct copy of an excerpt of a document produced by Facebook to Plaintiffs in this litigation, Bates-numbered FB_FRA_000021428.  I understand that the document was generated by Facebook from named Plaintiff Susan Mainzer's account records on November 18, 2011, and depicts content on Facebook that she "Liked" from November 8, 2011 to November 17, 2011.

15.    Attached hereto as **Exhibit O** is a true and correct copy of a document introduced as Exhibit 1017 at the deposition of named Plaintiff Susan Mainzer on December 20, 2011, and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

1  produced to Facebook in this litigation, Bates-numbered FACEBOOK 000915 to FACEBOOK 000921. It depicts Profile Pictures uploaded to Susan Mainzer's Facebook account.

16. Attached hereto as **Exhibit P** is a true and correct copy of excerpt of a document introduced as Exhibit 1005 at the deposition of named Plaintiff James Duval on December 13, 2011, and produced to Facebook in this litigation, Bates-numbered FACEBOOK 004651. It depicts James Duval's Profile Page.

17. Attached hereto as **Exhibit Q** is a true and correct copy of a document introduced as Exhibit 1010 at the deposition of named Plaintiff James Duval on December 13, 2011, and produced to Facebook in this litigation, Bates-numbered FACEBOOK 000041 to FACEBOOK 000078. It depicts Profile Pictures uploaded to James Duval's Facebook account.

18. Attached hereto as **Exhibit R** is a true and correct copy of a document introduced as Exhibit 1027 at the deposition of named Plaintiff W.T. on December 21, 2011, and produced to Facebook in this litigation, Bates-numbered FACEBOOK 003330 to FACEBOOK 003350. It depicts Profile Pictures uploaded to W.T.'s Facebook account.

19. Attached hereto as **Exhibit S** is a true and correct copy of a document introduced as Exhibit 1037 at the deposition of former named Plaintiff Angel Fraley on March 28, 2012, which depicts Profile Pictures of twenty-one of Angel Fraley's Facebook Friends.

20. Attached hereto as **Exhibit T** is a true and correct copy of Exhibit 1039 from the deposition of former named Plaintiff Angel Fraley on March 28, 2012, which is a printout from Angel Fraley's Timeline on Facebook, and depicts the content on Facebook that she "Liked" in calendar year 2011.

21. Attached hereto as **Exhibit U** is a true and correct copy of a document introduced as Exhibit 1042 at the deposition of former named Plaintiff Angel Fraley on March 28, 2012, and produced to Facebook in this litigation, Bates-numbered FACEBOOK 006552. It depicts Facebook Messages between Angel Fraley and her Facebook Friend Manita Holtrop.

22. Attached hereto as **Exhibit V** is a true and correct copy of a document introduced as Exhibit 1050 at the deposition of former named Plaintiff Angel Fraley on March 28, 2012, and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

1 produced to Facebook in this litigation, Bates-numbered FACEBOOK 006229 to FACEBOOK 006251. It depicts a list of Angel Fraley's Facebook Friends.

23. Attached hereto as **Exhibit W** is a true and correct copy of a document introduced as Exhibit 1052 at the deposition of former named Plaintiff Angel Fraley on March 28, 2012, and produced by Facebook to Plaintiffs in this litigation, Bates-numbered FB_FRA_100039626. I understand that the document was generated by Facebook from Angel Fraley's account records on November 18, 2011, and depicts changes she has made to her Facebook name during the time she has been a registered Facebook User.

24. Attached hereto as **Exhibit X** is a true and correct copy of a document introduced as Exhibit 1056 at the deposition of former named Plaintiff Angel Fraley on March 28, 2012, and produced to Facebook in this litigation, Bates-numbered FACEBOOK 005874 to FACEBOOK 005920. It depicts Profile Pictures uploaded to Angel Fraley's account.

25. Attached hereto as **Exhibit Y** is a true and correct copy of an excerpt of a document produced by Facebook to Plaintiffs in this litigation, Bates-numbered FB_FRA_000019570 to FB_FRA_000019571. I understand that the document was generated by Facebook from named Plaintiff James Duval's account records on November 18, 2011, and depicts changes he has made to his Facebook name during the time he has been a registered Facebook User.

26. Attached hereto as **Exhibit Z** is a true and correct copy of a document that depicts named Plaintiff James Duval's publicly available Facebook Timeline, available at http://www.facebook.com/profile.php?id=1524195171, last accessed April 17, 2012.

27. Attached hereto as **Exhibit AA** is a true and correct copy of excerpts from named Plaintiff Susan Mainzer's Responses to Defendant Facebook's Interrogatories, received April 19, 2012.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

**Deposition Transcripts of Plaintiffs' Experts**

28. Attached hereto as **Exhibit BB** is a true and correct copy of excerpts from the deposition of Plaintiffs' expert, Fernando Torres, taken on April 11, 2012.

**Unpublished Court Records and Legislative History**

29. Attached hereto as **Exhibit CC** is a true and copy of the Memorandum and Order entered on March 8, 2012 in *E.K.D. v. Facebook*, No. 11-cv-00461 (S.D. Ill. Mar. 8, 2012), as downloaded from the Southern District of Illinois ECF system.

30. Attached hereto as **Exhibit DD** is a true and copy of the Order entered on January 15, 2010 in *Miller v. Facebook*, No. 09-cv-2810 (N.D. Ga. Jan. 15, 2010), as downloaded from the Northern District of Georgia ECF system.

31. Attached hereto as **Exhibit EE** are true and correct copies of documents regarding the legislative history of § 3344 of the California Civil Code, including:

    a. Excerpts from the 1971 Assembly Final History (Regular Session), detailing the history of Assembly Bill No. 826 ("A.B. 826"), the enacting bill for Civil Code § 3344;

    b. A.B. 826, as introduced by Assemblyman John Vasconcellos on March 8, 1971;

    c. Press Release from John Vasconcellos, dated March 8, 1971, describing A.B. 826;

    d. Analysis of A.B. 826 by the Assembly Committee on the Judiciary, dated May 24, 1971;

    e. Analysis of A.B. 826 by the Assembly Committee on the Judiciary, dated June 14, 1971;

    f. A.B. 826, as amended in the Assembly on June 16, 1971; and

    g. Excerpts from the chaptered bills of the 1971 California Legislature, which set forth the text of § 3344 as enacted in 1971.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

**News Articles Regarding Sponsored Stories**

32. Attached hereto as **Exhibit FF** is a true and correct copy of an article from USA Today.com, accessible at http://www.usatoday.com/tech/news/2011-01-31-facebook31_ST_N.htm#, last updated on January 30, 2011, and last accessed on April 14, 2012.

33. Attached hereto as **Exhibit GG** is a true and correct copy of an article from The Washington Post.com, accessible at http://voices.washingtonpost.com/fasterforward/2011/01/facebook_sponsored_stories_tur.html, last updated on January 27, 2011, and last accessed April 18, 2012.

34. Attached hereto as **Exhibit HH** is a true and correct copy of an article from The San Francisco Chronicle, accessible at http://www.sfgate.com/cgi-bin/article.cgi?f=/c/a/2011/01/25/BU361HE35D.DTL, last updated on January 26, 2011, and last accessed April 14, 2012.

35. Attached hereto as **Exhibit II** is a true and correct copy of an article from CNN.com, accessible at http://www.cnn.com/2011/11/21/tech/social-media/facebook-ads-ticker, last updated on November 21, 2011, and last accessed April 14, 2012.

36. Attached hereto as **Exhibit JJ** is a true and correct copy of an article from The New York Times Media blog, accessible at http://mobile.nytimes.com/article?a=883723&f=92, last updated on December 22, 2011, and last accessed April 14, 2012.

37. Attached hereto as **Exhibit KK** is a true and correct copy of an article from Forbes.com, accessible at http://www.forbes.com/sites/roberthof/2011/09/22/facebooks-big-changes-whats-in-it-for-advertisers/, last updated on September 22, 2011, and last accessed April 14, 2012.

38. Attached hereto as **Exhibit LL** is a true and correct copy of an article from ABC News.com, accessible at http://abcnews.go.com/Technology/facebook-put-sponsored-ads-timeline-newsfeed-january-2012/story?id=15205346#.T3toDas7WAg, last updated on December 21, 2011, and last accessed April 14, 2012.

39. Attached hereto as **Exhibit MM** is a true and correct copy of an article from The Chicago Daily Herald, accessible at

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

http://www.dailyherald.com/article/20120317/business/703179987/, last updated on March 17, 2012, and last accessed April 14, 2012.

**Information from Other Sources**

40. Attached hereto as **Exhibit NN** is a true and correct copy of a document entitled "The Kids are Alright: A Survey of the privacy habits and preferences of teens and their parents on social networks," accessible at http://www.truste.com/pdf/TRUSTe_SNS_shortdeck.pdf, last visited on April 18, 2012, with Bates identification number FB_FRA_000159131, provided to Plaintiffs during the course of this litigation.

41. Attached hereto as **Exhibit OO** is a true and correct copy of excerpts from Facebook's Form S-1 Registration Statement, filed with the United States Securities and Exchange Commission on February 1, 2012 and provided to Plaintiffs during the course of this litigation with Bates identification number FB_FRA_000089756.

**Citations**

42. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a.    Ex. A (Mainzer Tr.) 97:4-13;

    b.    Ex. B (Duval Tr.) 162:3-14, 166:11-167:8, 168:2-16, 168:24-169:7;

    c.    Ex. E (W.T. Tr.) 67:11-68:22;

    d.    Ex. G (Fraley Tr.) 303:15-308:4;

    e.    Ex. Q (Duval Depo. Ex.) 1010;

    f.    Ex. R (W.T. Depo. Ex.) 1027; and

    g.    Ex. X (Fraley Depo. Ex.) 1056.

43. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a.    Ex. A (Mainzer Tr.) 19:5-14, 98:15-99:21, 99:7-14, 101:23-102:24, 116:10-13, 121:25-122:4;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

  b. Ex. E (W.T. Tr.) 33:8-34:12;

  c. Ex. G (Fraley Tr.) 138:17-139:14, 140:5-12, 141:20-142:11, 143:5-8, 145:22-146:4, 270:12-271:4, 271:22-272:20;

  d. Ex. I (Duval Resp. to Facebook Interrog.) No. 2; and

  e. Ex. J (W.T. Resp. to Facebook Interrog.) No. 2.

44. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

  a. Ex. A (Mainzer Tr.) 31:3-23, 70:18-22;

  b. Ex. B (Duval Tr.) 57:2-23, 229:14-230:22;

  c. Ex. E (W.T. Tr.) 82:11-19; and

  d. Ex. G (Fraley Tr.) 151:10-19.

45. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

  a. Ex. A (Mainzer Tr.) 42:3-5, 54:17-25;

  b. Ex. B (Duval Tr.) 29:16-18, 29:25-30:17;

  c. Ex. E (W.T. Tr.) 17:7-25; and

  d. Ex. G (Fraley Tr.) 28:4-14, 28:19-29:18.

46. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

  a. Ex. B (Duval Tr.) 29:25-30:17.

47. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

  a. Ex. A (Mainzer Tr.) 45:19-21;

  b. Ex. B (Duval Tr.) 38:6-13;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

      c.      Ex. E (W.T. Tr.) 12:24-25;

      d.      Ex. P (Duval Depo. Ex.) 1005; and

      e.      Ex. G (Fraley Tr.) 33:16-21.

48.    The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

      a.      Ex. G (Fraley Tr.) 39:24-40:3.

49.    The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

      a.      Ex. G (Fraley Tr.) 170:16-171:23, 172:22-173:1, 174:9-176:9, 177:19-24, 179:2-24, 180:2-21.

50.    The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

      a.      Ex. G (Fraley Tr.) 267:6-282:12;

      b.      Ex. K (Mainzer Supp. Resp. to Facebook Interrog.) No. 2, Ex. 1;

      c.      Ex. L (Duval Supp. Resp. to Facebook Interrog.) No. 2, Ex. 1; and

      d.      Ex. M (W.T. Supp. Resp. to Facebook's Interrog.) No. 2, Ex. 1.

51.    The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

      a.      Ex. A (Mainzer Tr.) 19:5-14, 98:15-99:21, 99:7-14, 101:23-102:24, 116:10-13, 121:25-122:4;

      b.      Ex. E (W.T. Tr.) 33:8-34:12;

      c.      Ex. G (Fraley Tr.) 138:17-139:14, 140:5-12, 141:20-142:11, 143:5-8, 145:22-146:4, 270:12-271:4, 271:22-272:20;

      d.      Ex. I (Duval Resp. to Facebook Interrog.) No. 2;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

1     e.     Ex. J (W.T. Resp. to Facebook Interrog.) No. 2; and

2     f.     Ex. K (Mainzer Supp. Resp. to Facebook Interrog.) No. 2, Ex. 1.

3   52.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

6     a.     Ex. A (Mainzer Tr.) 98:15-99:21, 101:23-102:24;

7     b.     Ex. E (W.T. Tr.) 33:8-34:12;

8     c.     Ex. G (Fraley Tr.) 138:17-139:14, 141:20-142:11, 143:5-8, 145:22-146:4;

9     d.     Ex. I (Duval Resp. to Facebook Interrog.) No. 2;

10     e.     Ex. J (W.T. Resp. to Facebook Interrog.) No. 2; and

11     f.     Ex. K (Mainzer Supp. Resp. to Facebook Interrog.) No. 2, Ex. 1.

12   53.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

15     a.     Ex. A (Mainzer Tr.) 19:5-14, 19:23-20:2.

16   54.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

19     a.     Ex. B (Duval Tr.) 94:25-95:8, 204:24-205:19, 212:2-214:18.

20   55.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

23     a.     Ex. B (Duval Tr.) 134:2-4, 155:18-156:8; and

24     b.     Ex. Y (Duval Name Changes) FB_FRA_000019570-71.

25   56.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

28     a.     Ex. B (Duval Tr.) 136:11-21; and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

b.   Ex. C (Duval Sr. Tr.) 70:3-71:7, 71:22-72:17.

57.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

   a.   Ex. G (Fraley Tr.) 151:24-152:9.

58.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

   a.   Ex. A (Mainzer Tr.) 97:4-13;
   b.   Ex. B (Duval Tr.) 162:3-14, 166:11-167:8, 168:2-16;
   c.   Ex. E (W.T. Tr.) 67:11-68:22;
   d.   Ex. G (Fraley Tr.) 303:15-308:4
   e.   Ex. O (Mainzer Depo. Ex.) 1017;
   f.   Ex. Q (Duval Depo. Ex.) 1010;
   g.   Ex. R (W.T. Depo. Ex.) 1027; and
   h.   Ex. X (Fraley Depo. Ex.) 1056

59.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

   a.   Ex. O (Mainzer Depo. Ex.) 1017;
   b.   Ex. Q (Duval Depo. Ex.) 1010;
   c.   Ex. R (W.T. Depo. Ex.) 1027; and
   d.   Ex. X (Fraley Depo. Ex.) 1056.

60.   The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

   a.   Ex. E (W.T. Tr.) 40:19-41:21, 44:10-45:19, 50:6-52:13.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

61. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. E (W.T. Tr.) 28:13-29:22, 31:6-32:20; and

    b. Ex. F (R. Tait. Tr.) 32:18-39:14, 105:8-107:20.

62. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. E (W.T. Tr.) 28:21-29:22, 31:15-25.

63. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. E (W.T. Tr.) 119:22-120:17; and

    b. Ex. F (R. Tait. Tr.) 43:7-46:6.

64. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. A (Mainzer Tr.) 139:5-23;

    b. Ex. B (Duval Tr.) 209:14-22;

    c. Ex. E (W.T. Tr.) 137:12-14;

    d. Ex. G (Fraley Tr.) 126:21-127:6;

    e. Ex. N (Mainzer Account) FB_FRA_000021428; and

    f. Ex. T (Fraley Depo. Ex.) 1039.

65. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. B (Duval Tr.) 94:25-95:8.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

66. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. B (Duval Tr.) 94:25-95:8, 204:24-205:19, 212:2-214:18.

67. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. E (W.T. Tr.) 40:19-41:21; 44:10-45:19, 50:6-52:13.

68. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. E (W.T. Tr.) 28:13-29:22, 31:6-32:20; and

    b. Ex. F (R. Tait. Tr.) 32:18-39:14.

69. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. F (R. Tait. Tr.) 105:8-107:20.

70. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. E (W.T. Tr.) 119:22-120:17; and

    b. Ex. F (R. Tait. Tr.) 43:7-46:6.

71. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. B (Duval Tr.) 135:9-19, 136:11-21, 155:18-156:8; and

    b. Ex. Y (Duval Name Changes) FB_FRA_000019570-71.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

72. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. C (Duval Sr. Tr.) 70:3-71:7.

73. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. G (Fraley Tr.) 151:24-152:9.

74. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. A (Mainzer Tr.) 97:4-13;

    b. Ex. B (Duval Tr.) 164:25-165:8, 166:11-17, 168:17-23;

    c. Ex. E (W.T. Tr.) 67:11-68:22; and

    d. Ex. G (Fraley Tr.) 305:15-21, 308:2-4.

75. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. B (Duval Tr.) 162:3-14, 166:11-167:8, 168:2-16; and

    b. Ex. Q (Duval Depo. Ex.) 1010.

76. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. G (Fraley Tr.) 65:6-83:18, 71:5-24, 75:4-15, 76:9-22, 78:22-79:14, 80:25-81:20; and

    b. Ex. V (Fraley Depo. Ex.) 1050.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

77. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. G (Fraley Tr.) 65:6-83:18; and

    b. Ex. S (Fraley Depo Ex.) 1037.

78. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. I (Duval Resp. to Facebook Interrog.) No. 1;

    b. Ex. K (Mainzer Supp. Resp. to Facebook Interrog.) No. 1; and

    c. Ex. G (Fraley Tr.) 183:3-7, 183:22-25.

79. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. B (Duval Tr.) 94:1-24, 204:24-205:19; and

    b. Ex. E (W.T. Tr.) 33:8-34:20.

80. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. A (Mainzer Tr.) 70:18-22, 73:3-8, 139:5-23, 180:25-181:3;

    b. Ex. B (Duval Tr.) 94:25-95:8, 204:24-205:19, 209:14-22, 212:2-214:18;

    c. Ex. E (W.T. Tr.) 91:14-93:1; and

    d. Ex. G (Fraley Tr.) 198:22-199:16.

81. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. B (Duval Tr.) 94:25-95:8, 204:24-205:19, 212:2-214:18.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

82. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. A (Mainzer Tr.) 97:4-13;

    b. Ex. B (Duval Tr.) 134:2-4, 162:3-14, 166:11-167:8, 168:2-16;

    c. Ex. E (W.T. Tr.) 67:11-68:22;

    d. Ex. G (Fraley Tr.) 303:15-308:4;

    e. Ex. Q (Duval Depo. Ex.) 1010;

    f. Ex. R (W.T. Depo. Ex.) 1027;

    g. Ex. X (Fraley Depo. Ex.) 1056;

    h. Ex. Y (Duval Name Changes) FB_FRA_000019570-71; and

    i. Ex. Z (Duval Timeline).

83. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. A (Mainzer Tr.) 26:20-22, 83:16-25, 84:23-85:6, 100:5-101:6, 101:20-102:14;

    b. Ex. B (Duval Tr.) 11:7-13, 13:12-14:4; and

    c. Ex. E (W.T. Tr.) 104:22-105:20.

84. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. B (Duval Tr.) 80:19-81:7, 82:16-21.

85. The following portions of the Exhibits hereto support the point of argument made in Facebook's Opposition to the Motion for Class Certification for which this declaration paragraph is cited:

    a. Ex. A (Mainzer Tr.) 24:8-18, 26:23-27:14; and

    b. Ex. E (W.T. Tr.) 171:21-25, 175:8-176:15.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.

DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2012 at San Francisco, California.

                              /s/ Matthew D. Brown
                              Matthew D. Brown

### GENERAL ORDER 45 ATTESTATION

In accordance with General Order 45, concurrence in the filing of this document has been obtained from the signatory and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: April 19, 2012                    COOLEY LLP

                              /s/ Michael G. Rhodes
                              Michael G. Rhodes
                              Attorneys for Plaintiff

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18.

**DECL. OF MATTHEW D. BROWN I/S/O
OPP. TO CLASS CERTIFICATION
CASE NO. 11-CV-01726**