# EXHIBIT J

## TO DECLARATION OF MATTHEW D. BROWN IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## [PUBLIC REDACTED VERSION]

Robert S. Arns, State Bar No. 65071
RSA@ARNSLAW.COM
Jonathan E. Davis, State Bar No. 191346
JED@ARNSLAW.COM
Steven R. Weinmann, State Bar No. 190956
SRW@ARNSLAW.COM
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:     (415) 495-7800
Fax:    (415) 495-7888

Jonathan M. Jaffe, State Bar No. 267012
JMJ@JAFFE-LAW.COM
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:     (510) 725-4293
Fax:    (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and ▮▮▮▮▮, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | **Case No. CV 11-01726 LHK PSG**<br><br>**PLAINTIFF ▮▮▮▮▮ RESPONSES TO DEFENDANT'S INTERROGATORIES**<br><br>**SET ONE**<br><br>Courtroom:  8<br>Judge:  Hon. Lucy H. Koh<br>Trial Date:  December 3, 2012 |

PROPOUNDING PARTY:        Defendant FACEBOOK, INC.

RESPONDING PARTY:          Plaintiff ▮▮▮▮▮, a minor, by and through RUSSELL TAIT, as Guardian ad litem

SET NUMBER:                          ONE

-1-

understand them. Plaintiff does not recall seeing anything such as the Principles. Plaintiff does nto recall using the Help Center.

**INTERROGATORY NO. 2:**

DESCRIBE the circumstances under which YOU have "Liked" any content (including, without limitation, a product, service, website, brand, organization, celebrity, musician, band, event, Facebook Page, or other content) on Facebook.com including, with respect to each piece of content "Liked," the date(s) YOU "Liked" the content, a description of the content "Liked," whether YOU "Liked" the content through FACEBOOK's website or a third-party website, and all the reason(s) YOU "Liked" the content, including whether you "Liked' the content in order to inform your FACEBOOK Friends that you liked the content.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as compound and consisting of at least five subparts. Plaintiff objects to the lack of a time frame on grounds of relevance and undue burden, and responds only as to the time period from January 15, 2011 to October 7, 2011. Plaintiff also objects to the Interrogatory as overbroad and unduly burdensome. Subject to those objections and the General Objections, Plaintiff responds as follows: Most of the things Plaintiff "Likes" are pages of things in which he is interested. Plaintiff often uses the Like button to support bands for which he has an affinity for, and / or to show an interest in them. Plaintiff also uses the "Like" button to see photos or get information that is only made available to those how click on the "Like" button. "Liking" Warrior Dash was one such example. Plaintiff wanted to see pictures and learn more about the sporting event.

**INTERROGATORY NO. 3:**

DESCRIBE the PRIVACY SETTINGS in place for YOUR Facebook.com account(s) on August 1, 2009 and any changes YOU have made to YOUR PRIVACY SETTINGS since that time, including the reasons for the settings YOU employed for YOUR account(s) on August 1, 2009 and the reasons for any modifications YOU made thereafter.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as compound and consisting of at least three subparts. Plaintiff objects to the time frame on grounds of relevance and undue burden, and responds only as to the date of Plaintiff's initial signup, and the time period from January 15, 2011 to October 7, 2011. Subject to those objections and the General Objections, Plaintiff responds as follows:=: When Plaintiff first made his account, he took a look at the settings. Because they were to general and open, Plaintiff made everything available only to direct "friends". This was when Plaintiff first signed up. Plaintiff doesn't recall making any changes since then.

**INTERROGATORY NO. 4:**

IDENTIFY all relevant dates, if any, on which YOU changed YOUR PRIVACY SETTINGS to "opt in" or to "opt out" of FACEBOOK's Social Ads, and the reasons YOU did so.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as compound and consisting of at least two subparts. Plaintiff objects to the Interrogatory as vague and ambiguous as to what is meant by "relevant dates." For purposes of this Interrogatory, Plaintiff objects to the lack of a time frame on grounds of relevance and undue burden, and responds only as to the time period from January 15, 2011 to October 7, 2011. Subject to those objections and the General Objections,

n/a
n/a

n/a

n/a

n/a

Plaintiff responds as follows: Plaintiff is am unfamiliar with a privacy setting as defined as Social Ads. With regard to Facebook Ads, Plaintiff does not recall ever seeing this option before. He does not believe he has made any changes to this because he does not recall having ever seen this option before. Plaintiff became aware that he could opt out of Facebook Ads a few months ago, and thought to do so, but forget about doing it.

**INTERROGATORY NO. 5:**

DESCRIBE any money or property that YOU contend YOU lost due to FACEBOOK's conduct alleged in the COMPLAINT and all bases for and facts supporting your answer.

**RESPONSE TO INTERROGATORY NO. 5:**

I lost money because I was not paid for my appearance in one or more Sponsored Stories advertisements by Facebook. I would expect to be paid for being in an ad. The amount of the money I lost would be measured by how much Facebook was paid for using my name and/or likeness. Plaintiff expects to be paid for being in an advertisment. . Facebook charges more money for ads in which a person's name is shown to his or her friends. The Sponsored Stories thus cost more than equivalent ads, and are worth more by Facebook's own admissions as stated by its CEO and COO as stated in the Complaint. Plaintiffs also point to the Nielsen reports discussed publicly by Facebook, documents produced in litigation and deposition testimony which confirm the worth of the endorsements and the fact that Facebook charges more for them. The Plaintiffs' right to be paid also stems from the common and statutory right of publicity (Civil Code section 3344), and from the common law of unjust enrichment which, provides that non-celebrities are to be compensated for nonconsensual uses of their names and likenesses in advertisements. The value of Plaintiff's endorsement is at least $750 per endorsement.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calling for private information of third parties.

**INTERROGATORY NO. 16:**

DESCRIBE the circumstances under which YOUR parent(s) and/or guardian(s) became aware that YOU had or intended to open a FACEBOOK account, including whether YOU asked for YOUR parent(s)' and/or guardian(s)' permission to join FACEBOOK and their response(s).

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff had several discussions with his father about using Facebook. Many/most of his friends had accounts that they used for socializing, as well as for school work related collaboration. In the end, Mr. Tait agreed to set up an account, but only with a clear discussion about the implications of the use of various privacy/security settings, and what was reasonable use and content. The discussions happened periodically in 2009 and 2010, with increasing frequency in the Summer of 2010, leading to opening the account in August 2010.

ROBERT S. ARNS
JONATHAN E. DAVIS
STEVEN R. WEINMANN
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888


JONATHAN M. JAFFE
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 941705
Tel:    (510) 725-4293
Fax:    (510) 868-3393

Attorneys for Plaintiffs

-14-

Plaintiff ▮▮▮▮▮ Responses to Defendant's Interrogatories, Set One

**VERIFICATION (Standard) FRCP 33(b)(1), (2)**

1  I declare that:

2  I am the plaintiff in the above-entitled action; I am familiar with the contents of the following:

      **Plaintiff** ███████ **Responses to Defendant's Interrogatories, Set One**

3  The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document(s) is true, except as to matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

    I declare under the penalty of perjury under the laws of the State of California that the forgoing is true and correct and that this verification was executed on:

    __October 18, 2011__ , at   __515 Folsom St., 3rd Floor, San Francisco, California__
      Date

████, a minor by and through
Russell Tait, as Guardian ad litem
    Type Name                                  Signature

-1-