# EXHIBIT L

## TO DECLARATION OF MATTHEW D. BROWN
## IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION
## TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## [PUBLIC REDACTED VERSION]

1  Robert S. Arns, State Bar No. 65071
   RSA@ARNSLAW.COM
2  Jonathan E. Davis, State Bar No. 191346
   JED@ARNSLAW.COM
3  Steven R. Weinmann, State Bar No. 190956
   SRW@ARNSLAW.COM
4  **THE ARNS LAW FIRM**
   515 Folsom Street, 3rd Floor
5  San Francisco, CA 94105
   Tel:   (415) 495-7800
6  Fax:   (415) 495-7888

7  Jonathan M. Jaffe, State Bar No. 267012
   JMJ@JAFFE-LAW.COM
8  **JONATHAN JAFFE LAW**
   3055 Hillegass Avenue
9  Berkeley, CA 94705
   Tel:   (510) 725-4293
10 Fax:   (510) 868-3393

11 Attorneys for Plaintiffs

12                UNITED STATES DISTRICT COURT
13              NORTHERN DISTRICT OF CALIFORNIA
14                    SAN JOSE DIVISION

15 ANGEL FRALEY; PAUL WANG; SUSAN          Case No. CV 11-01726 LHK PSG
   MAINZER; JAMES H. DUVAL, a minor, by
16 and through JAMES DUVAL, as Guardian ad
   Litem; and WILLIAM TAIT, a minor, by     **PLAINTIFF JAMES H. DUVAL'S**
17 through RUSSELL TAIT, as Guardian ad Litem; **SUPPLEMENTAL RESPONSES TO**
   individually and on behalf of all others similarly **DEFENDANT'S**
18 situated,                                **INTERROGATORIES**

19              Plaintiffs,                 **SET ONE**

20      v.                                  Courtroom:  8
21                                          Judge:  Hon. Lucy H. Koh
   FACEBOOK, INC., a corporation; and DOES 1- Trial Date:  December 12, 2012
22 100,

23              Defendants.

24

25

26

27

28

-1-

privileged communications or attorney work product; for purposes of these responses, "privileged" includes but is not limited to those documents protected by the attorney work product doctrine.

10.     Plaintiff objects to the definition of "USERNAME" as the definition does not explain what that term means in the context of being a Facebook.com user. Plaintiff will interpret this to mean the email address by which plaintiff logs in or has logged in to Plaintiff's facebook.com account.

Subject to the above objections, Plaintiff responds as follows:

**INTERROGATORY NO. 2:**

DESCRIBE the circumstances under which YOU have "Liked" any content (including, without limitation, a product, service, website, brand, organization, celebrity, musician, band, event, Facebook Page, or other content) on Facebook.com including, with respect to each piece of content "Liked," the date(s) YOU "Liked" the content, a description of the content "Liked," whether YOU "Liked" the content through FACEBOOK's website or a third-party website, and all the reason(s) YOU "Liked" the content, including whether you "Liked' the content in order to inform your FACEBOOK Friends that you liked the content.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as compound and consisting of at least five subparts.  Plaintiff objects to the lack of a time frame on grounds of relevance and undue burden.   Plaintiff also objects to the Interrogatory as overbroad and unduly burdensome. Subject to those objections and the General Objections, Plaintiff responds as follows: Sometime on or before April 7, 2011, I clicked on a Facebook "Like" button found on the

-4-

facebook.com page for PopCorners.  I did this to get a special offer code, not because I had an affinity for PopCorners.  See Exhibit 5 to the Second Amended Complaint, a true and correct copy of a printout of the page on May 4, 2011, similar to the one which caused me to click on the Facebook Like button.   I cannot recall specific other items I may have employed the Facebook "Like" button at this time, or the reasons for doing so. However, I have generally used the "Like" button for one of the following reasons: I enjoy a particular musical artist or actor, or it is someone I know personally and want to support him or her or them; I click the "Like" button to support a friend's post or action; With regard to companies, I often click the "Like" button because I am required to do so if I want to see something offered, such as more information, photos, or coupons.

A list of the specific items I "liked" on Facebook, arranged by category, is attached as Exhibit 1 hereto.  The times for each cannot be determined from the available information.

**INTERROGATORY NO. 6:**

IDENTIFY all other social networking or interactive sharing websites (including, without limitation, MySpace Friendster, Google+, YouTube, Yelp, LinkedIn, Twitter, Pandora, Foursquare, Flickr, Etsy, SoundCloud, Tumblr, Blogspot, Wordpress, Blogger) on which YOU have or have had an account or membership, including the date on which YOU signed up with each such website and all use IDs, user names, and/or e-mail addresses associated with each such account.

**RESPONSE TO INTERROGATORY NO. 6:**



Plaintiff James H. Duval's Supplemental Responses to Defendant's Interrogatories, Set One

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calling for private information of third parties. Subject to and without waiving those and the general objections, Plaintiff responds: Mr. Duval's guardian does not have a Facebook account.

ROBERT S. ARNS
JONATHAN E. DAVIS
STEVEN R. WEINMANN
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:    (415) 495-7800
Fax:    (415) 495-7888


JONATHAN M. JAFFE
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA  941705
Tel:    (510) 725-4293
Fax:    (510) 868-3393


Attorneys for Plaintiffs

-10-

VERIFICATION (Standard) FRCP 33(b)(1), (2)

I declare that:

I am the plaintiff in the above-entitled action; I am familiar with the contents of the following:

**Plaintiff James Duval's Supplemental Responses to Defendant's Interrogatories, Set One**

The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document(s) is true, except as to matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under the penalty of perjury under the laws of the State of California that the forgoing is true and correct and that this verification was executed on:

_____December 12, 2011,_____ , at _515 Folsom St., 3rd Floor, San Francisco, California_
                Date

_____                    _____
        James Duval                                    Signature
          Name

-1-

# EXHIBIT 1







