# EXHIBIT M

## TO DECLARATION OF MATTHEW D. BROWN IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## [PUBLIC REDACTED VERSION]

1  Robert S. Arns, State Bar No. 65071
   RSA@ARNSLAW.COM
2  Jonathan E. Davis, State Bar No. 191346
   JED@ARNSLAW.COM
3  Steven R. Weinmann, State Bar No. 190956
   SRW@ARNSLAW.COM
4  **THE ARNS LAW FIRM**
   515 Folsom Street, 3rd Floor
5  San Francisco, CA 94105
   Tel:   (415) 495-7800
6  Fax:   (415) 495-7888

7  Jonathan M. Jaffe, State Bar No. 267012
   JMJ@JAFFE-LAW.COM
8  **JONATHAN JAFFE LAW**
   3055 Hillegass Avenue
9  Berkeley, CA 94705
   Tel:   (510) 725-4293
10 Fax:   (510) 868-3393

11 Attorneys for Plaintiffs

12
                   UNITED STATES DISTRICT COURT
13                NORTHERN DISTRICT OF CALIFORNIA
14                      SAN JOSE DIVISION

15 ANGEL FRALEY; PAUL WANG; SUSAN          Case No. CV 11-01726 LHK PSG
   MAINZER; JAMES H. DUVAL, a minor, by
16 and through JAMES DUVAL, as Guardian ad
   Litem; and ▮▮▮▮▮▮▮, a minor, by and      **PLAINTIFF ▮▮▮▮▮▮
17 through RUSSELL TAIT, as Guardian ad Litem;  SUPPLEMENTAL RESPONSES TO
   individually and on behalf of all others similarly  DEFENDANT'S
18 situated,                                INTERROGATORIES**

19                                          **SET ONE**
                       Plaintiffs,
20                                          Courtroom:  8
       v.                                   Judge:  Hon. Lucy H. Koh
21                                          Trial Date:  December 12, 2012
   FACEBOOK, INC., a corporation; and DOES 1-
22 100,

23                     Defendants.

24

25

26

27

28

                              -1-

PROPOUNDING PARTY:      Defendant FACEBOOK, INC.

RESPONDING PARTY:       Plaintiff ██████████, a minor by and through
                        RUSSELL TAIT, as Guardian ad Litem

SET NUMBER:             ONE

Plaintiff, by and through his attorneys and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby respond to the Interrogatories from Defendant FACEBOOK, INC.

GENERAL OBJECTIONS

1.      Plaintiff objects to the definition of "YOU" as including anyone other than ██████, as rendering each Document Request and Definition utilizing such term vague, ambiguous, potentially calling for attorney-client privilege and attorney work product privileged information, and overbroad and not reasonably calculated to lead to the discovery of admissible evidence, and excludes such broader meaning from the responses except that all non-privileged information or documents pertaining directly to the actions of ██████ (or taken at his request) in the possession of Plaintiff's agents, representatives, employees, and investigators and (to the extent there are such in existence) and attorneys will be reviewed for purposes of these Responses.

2.      Plaintiff objects to the definition of the word "CONCERNING" to the extent that it includes the words "refuting" and "supporting" as being overbroad and rendering any Interrogatory vague, ambiguous and unintelligible, and excludes such broader meanings from the Responses.

3.      Plaintiff objects to the definition of "LIKENESS" as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for any images or other depictions of Plaintiff to the extent that the definitions are defined as being broader than Plaintiff's name, likeness, and profile pictures or other images and excludes

-2-

such broader meaning from the responses.

4. Plaintiff objects to the definition of "NAME" as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for any names beyond Plaintiff's legal name(s) and those by which Plaintiff has been known, and excludes such broader meanings from the responses.

5. Plaintiff objects to the definition of "PERSON" as vague, ambiguous and unintelligible to the extent that it includes "instrumentalities," and excludes such broader meaning from the responses.

6. Plaintiff objects to the definition of "COMMUNICATIONS" as including oral communications as nonsensical when applied to documents. Plaintiff shall exclude such broader meaning in the responses.

7. Plaintiff objects to the definition of "PRIVACY SETTINGS" as vague and ambiguous as to what is meant by "applicable", which word is vague as to what it modifies (i.e., applicable to what), and in context is also vague and ambiguous as to time, and objects to the word "settings" as being vague and ambiguous without reference to specific settings or choices on any specific webpage.

7. Plaintiff objects to the request for a privilege log to the extent that it exceeds any requirements imposed by the Federal Rules of Civil Procedure, Local Rules or case law in the Ninth Circuit.

8. Plaintiff objects to the purported imposition of a continuing duty to supplement to the extent that it exceeds any requirements imposed by the Federal Rules of Civil Procedure, Local Rules or case law in the Ninth Circuit.

9. Plaintiff objects to the Requests to the extent that they call for attorney-client

-3-

privileged communications or attorney work product; for purposes of these responses, "privileged" includes but is not limited to those documents protected by the attorney work product doctrine.

10.    Plaintiff objects to the definition of "USERNAME" as the definition does not explain what that term means in the context of being a Facebook.com user. Plaintiff will interpret this to mean the email address by which plaintiff logs in or has logged in to Plaintiff's facebook.com account.

Subject to the above objections, Plaintiff responds as follows:

**INTERROGATORY NO. 2:**

DESCRIBE the circumstances under which YOU have "Liked" any content (including, without limitation, a product, service, website, brand, organization, celebrity, musician, band, event, Facebook Page, or other content) on Facebook.com including, with respect to each piece of content "Liked," the date(s) YOU "Liked" the content, a description of the content "Liked," whether YOU "Liked" the content through FACEBOOK's website or a third-party website, and all the reason(s) YOU "Liked" the content, including whether you "Liked' the content in order to inform your FACEBOOK Friends that you liked the content.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as compound and consisting of at least five subparts.  Plaintiff objects to the lack of a time frame on grounds of relevance and undue burden.    Plaintiff also objects to the Interrogatory as overbroad and unduly burdensome. Subject to those objections and the General Objections, Plaintiff responds as follows:

Most of the things Plaintiff "Likes" are pages of things in which he is interested. Plaintiff often uses the Like button to support bands for which he has an affinity for, and / or to

-4-

show an interest in them.  Plaintiff also uses the "Like" button to see photos or get information that is only made available to those how click on the "Like" button. "Liking" Warrior Dash was one such example. Plaintiff wanted to see pictures and learn more about the sporting event.

A list of the specific items Plaintiff "liked" on Facebook, arranged by category, is attached as Exhibit 1 hereto.  It is not reasonably possible for Plaintiff to recall the times at which he "liked" specific items, and he has no reasonable means of ascertaining this information.

## INTERROGATORY NO. 3:

DESCRIBE the PRIVACY SETTINGS in place for YOUR Facebook.com account(s) on August 1, 2009 and any changes YOU have made to YOUR PRIVACY SETTINGS since that time, including the reasons for the settings YOU employed for YOUR account(s) on August 1, 2009 and the reasons for any modifications YOU made thereafter.

## RESPONSE TO INTERROGATORY NO. 3:

Plaintiff objects to this Interrogatory as compound and consisting of at least three subparts. Plaintiff objects to the time frame on grounds of relevance and undue burden. Subject to those objections and the General Objections, Plaintiff responds as follows: When Plaintiff first made his account, he took a look at the settings. Because they were too general and open, Plaintiff made everything available only to direct "friends". This was when Plaintiff first signed up. Plaintiff does not recall making any changes since then.

## INTERROGATORY NO. 12:

For each of the websites identified in response to Interrogatory No. 6, DESCRIBE the circumstances under which YOU have shared content with others (including, without limitation, content CONCERNING a product, service, website, brand, organization, celebrity,

Plaintiff ███████ Supplemental Responses to Defendant's Interrogatories, Set One

musician, band event, or other content), including, with respect to each piece of content shared, the date(s) YOU shared the content, a description of the content shared, the website the content was shared on, and the reasons(s) YOU shared the content.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those or the General Objections, Plaintiff responds:

Plaintiff has not shared information via this site.

**INTERROGATORY NO. 14:**

Describe all COMMUNICATIONS YOU have had with any of YOUR "Friends" on Facebook regarding the display of YOUR NAME, LIKENESS, and/or profile picture in connection with a Sponsored Story.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory as vague and ambiguous in that it is not clear whether the "communication" is to have been made "on" Facebook, or if " "'Friends' on Facebook" is meant to describe persons who have the status of "Friend" on Facebook. Subject to those objections and the General Objections, Plaintiff responds as follows:

Plaintiff had no such discussions, apart from with Counsel in this matter and with his father; the initial response to this Interrogatory interpreted the question more broadly than "Facebook" friends, and Plaintiff has had no discussions with "Facebook" friends regarding the display of his NAME, LIKENESS, and/or profile picture in connection with a Sponsored Story.

Plaintiff ▮▮▮▮ Supplemental Responses to Defendant's Interrogatories, Set One

**INTERROGATORY NO. 15:**

IDENTIFY YOUR relatives or other PERSONS residing in YOUR household (s) who have accounts on facebook.com, including the user IDs, USERNAMES, and email addresses associated with their accounts.

**RESPONSE TO INTERROGATORY NO. 15:**

ROBERT S. ARNS
JONATHAN E. DAVIS
STEVEN R. WEINMANN
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:    (415) 495-7800
Fax:    (415) 495-7888


JONATHAN M. JAFFE
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA  941705
Tel:    (510) 725-4293
Fax:    (510) 868-3393


Attorneys for Plaintiffs

-7-

Plaintiff ████ Supplemental Responses to Defendant's Interrogatories, Set One

**EXHIBIT 1**



 - Supplemental List Of Interests





■ - Supplemental List Of Interests



- Supplemental List Of Interests



 - Supplemental List Of Interests



- Supplemental List Of Interests



- Supplemental List Of Interests