# EXHIBIT AA

## TO DECLARATION OF MATTHEW D. BROWN IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## [PUBLIC DOCUMENT]

Robert S. Arns, State Bar No. 65071
RSA@ARNSLAW.COM
Jonathan E. Davis, State Bar No. 191346
JED@ARNSLAW.COM
Steven R. Weinmann, State Bar No. 190956
SRW@ARNSLAW.COM
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:    (415) 495-7800
Fax:    (415) 495-7888

Jonathan M. Jaffe, State Bar No. 267012
JMJ@JAFFE-LAW.COM
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:    (510) 725-4293
Fax:    (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W. T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | **Case No. CV 11-01726 LHK PSG**<br><br>**PLAINTIFF SUSAN MAINZER'S RESPONSES TO DEFENDANT'S INTERROGATORIES**<br><br>**SET THREE**<br><br>Courtroom:  8<br>Judge:  Hon. Lucy H. Koh<br>Trial Date: December 3, 2012 |

PROPOUNDING PARTY:         Defendant FACEBOOK, INC.

RESPONDING PARTY:          Plaintiff SUSAN MAINZER

SET NUMBER:                THREE

-1-

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby respond to the Interrogatories from Defendant FACEBOOK, INC.

GENERAL OBJECTIONS

1. Plaintiff objects to the definition of "YOU" as including anyone other than Susan Mainzer, as rendering each Document Request and Definition utilizing such term vague, ambiguous, potentially calling for attorney-client privilege and attorney work product privileged information, and overbroad and not reasonably calculated to lead to the discovery of admissible evidence, and excludes such broader meaning from the responses except that all non-privileged information or documents pertaining directly to the actions of Susan Mainzer (or taken at her request) in the possession of Plaintiff's agents, representatives, employees, and investigators and (to the extent there are such in existence) and attorneys will be reviewed for purposes of these Responses.

2. Plaintiff objects to the definition of the word "CONCERNING" to the extent that it includes the words "refuting" and "supporting" as being overbroad and rendering any Interrogatory vague, ambiguous and unintelligible, and excludes such broader meanings from the Responses.

3. Plaintiff objects to the definition of "LIKENESS" as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for any images or other depictions of Plaintiff to the extent that the definitions are defined as being broader than Plaintiff's name, likeness, and profile pictures or other images as they have ever appeared on Facebook.com during the period January 25, 2011 to the date of this Response and excludes such broader meaning from the responses.

4. Plaintiff objects to the definition of "NAME" as overbroad and as not

reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for any names beyond Plaintiff's legal name(s) and those by which Plaintiff has been known since January 25, 2011, and to the extent that the definitions are defined as being broader than Plaintiff's name(s) as it/ they have ever appeared on Facebook.com, and excludes such broader meanings from the responses.

5. Plaintiff objects to the definition of "PERSON" as vague, ambiguous and unintelligible to the extent that it includes "instrumentalities," and excludes such broader meaning from the responses.

6. Plaintiff objects to the definition of "COMMUNICATIONS" as including oral communications as nonsensical when applied to documents. Plaintiff shall exclude such broader meaning in the responses.

7. Plaintiff objects to the definition of "PRIVACY SETTINGS" as vague and ambiguous as to what is meant by "applicable", which word is vague as to what it modifies (i.e., applicable to what), and in context is also vague and ambiguous as to time, and objects to the word "settings" as being vague and ambiguous without reference to specific settings or choices on any specific webpage.

7. Plaintiff objects to the request for a privilege log to the extent that it exceeds any requirements imposed by the Federal Rules of Civil Procedure, Local Rules or case law in the Ninth Circuit.

8. Plaintiff objects to the purported imposition of a continuing duty to supplement to the extent that it exceeds any requirements imposed by the Federal Rules of Civil Procedure, Local Rules or case law in the Ninth Circuit.

9. Plaintiff objects to the Requests to the extent that they call for attorney-client

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

privileged communications or attorney work product; for purposes of these responses, "privileged" includes but is not limited to those documents protected by the attorney work product doctrine.

10. Plaintiff objects to the definition of "USERNAME" as the definition does not explain what that term means in the context of being a Facebook.com user. Plaintiff will interpret this to mean the email address by which plaintiff logs in or has logged in to Plaintiff's facebook.com account.

Subject to the above objections, Plaintiff responds as follows:

**INTERROGATORY NO. 25**

DESCRIBE, in comprehensive detail, the scope of all "injunctive and other equitable relief" YOU are seeking, as referenced in Paragraph 136 of the COMPLAINT. YOUR response should, among other things, IDENTIFY each type of injuctive [sic] and/or equitable relief YOU are seeking, IDENTIFY the length of time YOU propose each such form of injuctive [sic] and/or equitable relief will stay in effect, and IDENTIFY whether each form of relief YOU are seeking is for all of or only a portion of the putative class and subclass you seek to have certified in this action.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects as: (1) vague and ambiguous (2) compound (3) lack of foundation; calls for expert opinion (4) invades attorney client privilege, and (5) misstates the evidence. Plaintiff objects to the Request on the ground that the form of the injunctive relief being requested may vary, and reserves the right to modify this Response in order to address issues which may come to light during discovery. Also for purposes of this Response, Plaintiff uses the following definitions:

-4-

"USER" means a person accessing the facebook.com website, whether he or she is a member or not.

"MEMBER" means a person registered with facebook.com such that he or she has a facebook.com account in the United States since January 24, 2011.

For the limited purposes of this response, "SPONSORED STORIES" means any FACEBOOK advertising service / product that utilizes the IDENTIY (the name, likeness, or other recognizable characteristic of a person) of a FACEBOOK USER or MEMBER, irrespective of whether the service / product is, was, or will be in the future known by the name "Sponsored Stories".

"OPT-OUT" means not participating.

"GLOBAL" mean all SPONSORED STORIES served by FACEBOOK on the Internet—not just at facebook.com.

Plaintiffs are seeking injunctive relief as follows:

- **No Commercialization Of Minors**: A complete and continuous permanent ban on the appearance of minors in SPONSORED STORIES;

- **Set Current Status to OPT-OUT**: All MEMBERS will be OPTED-OUT of all SPONSORED STORIES at the time injunctive relief goes into effect such that no MEMBER will be appear in any SPONSORED STORIES from that moment forward, until one of the actions (described below) occurs that allows a MEMBER to subsequently appear in SPONSORED STORIES. Furthermore, this OPT-OUT status will remain for every given MEMBER and will not change for a given MEMBER until that specific MEMBER has taken one of the steps described below affirming their acceptance to appear in SPONSORED STORIES, at which time, the OPT-OUT

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

status may change (depending on the action taken) for that MEMBER, and that MEMBER only.

- **OPT-OUT Presumption upon registration**: All MEMBERS are, by default, OPTED-OUT of SPONSORED STORIES when they first register, or re-register (such as when a former MEMBER has completely deleted his or her account, but later registers again), with facebook.com. In no case will a MEMBER'S OPT-OUT status change unless he or she has affirmed his or her acceptance to appear in SPONSORED STORIES, as described below.

- **GLOBAL OPT-OUT / Reset Feature:** Implementation of a single, easy-to-find, easy-to-understand, and easy-to-use GLOBAL OPT-OUT reset feature available to every USER eligible to appear in SPONSORED STORIES (i.e., would not have to be made available to minors because minors would be ineligible to appear in SPONSORED STORIES.) A MEMBER'S selection of this feature has the effect of stopping the MEMBER'S appearance in any SPONSORED STORIES ad campaigns in which he or she is currently being featured. A MEMBER'S selection of this function takes effect immediately. The GLOBAL OPT-OUT / Reset feature does not need to apply to future ad campaigns, but rather, serves as a 'panic button when the user feels he or she is appearing in too many ads, and wants a fresh start.

- **INFORMED CONSENT:**
  1. Registration *requires* USERS are shown the Terms, and that they must click a check-box that the Terms have been read and understood;
  2. MEMBERS will be meaningfully notified of changes to any of these Terms relating to SPONSORED STORIES by e-mail *and* by a banner notification (or

similar feature which cannot be missed by MEMBERS) when MEMBERS log in to facebook.com the first three times after a new version of the Terms goes into effect; This notice must be 'clicked-off 'before the MEMBER can access any other Facebook page.

- **FACEBOOK'S TERMS (SRR) CLEARLY EXPLAIN THAT SPONSORED STORIES ARE ADVERTISEMENTS:**

1. Users considering registering with Facebook must be able to see the settings (currently, the Account Settings and Privacy Settings), with clear explanations about what they are and how function. By way of example, a link to mock-ups or demo pages of such referenced settings can be provided within the Terms, and wherever these settings are mentioned or referred to within the terms. Such mock-ups would clearly and simply describe what they do such that a typical prospective MEMBER would be fully informed of what those settings mean and how they would impact the USER'S privacy.

2. Clear statement within the Statement of Rights and Responsibilities that SPONSORED STORIES are advertisements, and that MEMBERS will not appear in them unless they pro-actively agree to be in them.

3. An easy-to-understand Privacy Policy / Data Usage Policy that stops using euphemisms and double-speak around ads; It must clearly explain that Facebook will not place MEMBERS in ads without the MEMBER'S clear and definite consent, which, in all cases, requires turning off the GLOBAL OPT-OUT feature.

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

- **TRANSPARENCY / CHOICE**

    1. Per the FTC's order[1], Facebook "shall not misrepresent in any manner, expressly or by implication, the extent to which it maintains the privacy or security of covered information"

    2. Facebook must clearly and prominently[2] describe SPONSORED STORIES as the paid advertisements they are anywhere SPONSORED STORIES are discussed on the facebook.com site;

    3. Facebook must never take the position that SPONOSRED STORIES are not advertisements

    4. Have the word "ad" or "advertisement" in all SPONOSRED STORIES . By way of example,: "Sponsored Stories ad", "Featured ad", "Facebook ad".

    5. "Social ad", or its plural, will be defined to include SPONSORED STORIES.

- WAYS BY WHICH A USER CAN AGREE TO BE IN SPONSORED STORIES

    1. **General Permission—OPT-OUT Turned Off (or OPT-IN Turned On):** A function must exist by which a MEMBER can set his or her account to be currently in a state of giving Facebook permission to use his or her name and profile photo in SPONSORED STORIES. However, this feature is not a GLOBAL OPT-IN feature. It simply turns off the default OPT-OUT

---

[1] Agreement Containing Consent Order entered into by Facebook and the FTC, File No. 092 3184.
[2] As defined in Sections 3(A) and (D) of the Agreement Containing Consent Order entered into by Facebook and the FTC, File No. 092 3184:
   3(A) "in textual communications (e.g., printed publications or words displayed on the screen of a computer or mobile device), the required disclosures are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts highly with the background on which they appear;"
   3(D) "in all instances, the required disclosures: (1) are presented in an understandable language and syntax; and (2) include nothing contrary to, inconsistent with, or in mitigation of any statement contained within the disclosure or within any document linked to or referenced therein."

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

setting such that, if the MEMBER has explicitly given permission to a given advertiser to appear in SPONSORED STORIES purchased by that specific advertiser (explained below), the permission shown in this location informs MEMBERS that they are not currently OPTING-OUT of SPONSORED STORIES, and that they may be appearing in SPONSORED STORIES. In other words, unless this feature is set such that a user is no longer OPTED-OUT, a user will never appear in any SPONSORED STORIES, even if the user has taken an action that could otherwise cause the creation of a SPONSORED STORY. The feature must be easy-to-understand, easy-to-find, and easy-to-use. Actual permission to appear in SPONSORED STORIES is given by the following methods.

2. **Actual Permission**: If the MEMBER is not OPTED-OUT (or is OPTED-IN, depending on how the prior feature is implemented), the taking of an action that could result in the creation of SPONSORED STORIES (i.e., using the Facebook "Like" button", "Checking-in" to a location, purchasing a "Deal", listening to a song on Spotify, reading an article on the New york Times, etc) causes the MEMBER to be shown a dialogue box informing the MEMBER in a meaningful and easy-to-understand way that he or she can agree to appearing in advertisements associated with the advertiser, and that if the MEMBER chooses to do so, ads featuring the MEMBER will be shown to other MEMBERS. This notice must show the MEMBER an example of the ad in which he or she may appear as it is shown to his or her Facebook Friends. Moreover, the notice will describe how much the

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

MEMBER will or may receive in terms of payment, even if he or she will not receive payment.

    a. If the MEMBER agrees by clicking on a button presented (or equivalent) which clearly informs the MEMBER he or she is agreeing to appear in SPONSORED STORIES as such, (only for that advertiser) then Facebook may use that MEMBER'S name and profile photo in such ads, so long as all other conditions described in this document are met. I.e., MEMBER has OPTED-IN, MEMBER has not rejected his or her appearance in ads from a function such as the Ads Board described below, etc.;

- **Relevant and Meaningful Notice**: If the MEMBER has not appeared in an ad for the advertiser within 30 days of having taken the action leading to his or her appearance in an ad, or when the MEMBER appears for the first time in an ad for that advertiser for the first time in 30 days, the MEMBER is notified in an easy-to-understand and meaningful way that he or she is now being featured in advertisements by that particular advertiser. The notification must:

    a. Show the MEMBER an example of the ad in which he or she will appear as it is shown to his or her Facebook Friends;

    b. Provide a link in the notification, with a meaningful and easy-to-understand explanation, to the GLOBAL OPT-OUT / Reset page (described above) whereby the MEMBER can choose to reset all permissions for SPONSORED STOIES such that he or she no

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

longer appears in any SPONSORED STORIES, including ones to which he or she has previously agreed to be in;

c. **Ads Board**: Facebook shall create a page which can be reached through a tab on the Ads Board (e.g., https://www.facebook.com/ads/adboard/) (or reasonable equivalent) that shows all advertisements in which the MEMBER has appeared in the last 180 days, with an example of each ad. The MEMBER shall have the ability to immediately prohibit any future appearances in any given ad right there from that page, both on an individual ad basis (e.g, a SPONSORED STORY) and on a global basis (all SPONSORED STORIES.) Choosing the "global" basis would have the same effect as choosing the GLOBAL OPT-OUT / Reset feature above.

d. A clear explanation in easy-to-find Help Center pages that SPONSORED STORIES are advertisements, and how a MEMBER can prevent his or her appearance in them.

- **Worldwide Application**: The above applies worldwide except where prohibited by law.

- **Longevity**: The features described above must exist so long as Facebook offers SPONSORED STORIES.

///

///

///

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

**OTHER EQUITABLE RELIEF**

Plaintiffs shall seek their attorneys' fees and costs, and reserve their right to seek other further equitable relief as the need for such becomes apparent during the duration of this lawsuit.

_____
ROBERT S. ARNS
JONATHAN E. DAVIS
STEVEN R. WEINMANN
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:  (415) 495-7800
Fax:  (415) 495-7888


JONATHAN M. JAFFE
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA  941705
Tel:  (510) 725-4293
Fax:  (510) 868-3393

Attorneys for Plaintiffs

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set Three

*Fraley, et al. v. Facebook, Inc.*
**U.S. District Court, Northern District of California, San Jose Division Case No. CV 11-01726 LHK PSG**

CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years and not a party to, nor interested in, the above-entitled action. I am an employee of The Arns Law Firm, A Professional Corporation, and my business address is 515 Folsom Street, 3rd Floor, San Francisco, CA 94105

On April 18, 2012, I served the following: **PLAINTIFF SUSAN MAINZER'S RESPONSES TO DEFENDANT'S INTERROGATORIES, SET THREE**

on all interested parties in the above cause, by:

__X__**REGULAR MAIL** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. Said envelope was thereafter deposited in the United States Mail at San Francisco, California in accordance with this firm's business practice of collection and processing correspondence for mailing of which I am readily familiar. All correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

_____**OVERNIGHT MAIL** by placing a true and correct copy thereof enclosed in a sealed overnight service envelope with postage thereon fully prepaid. Said envelope was thereafter deposited with the overnight service at San Francisco, California in accordance with this firm's business practice of collection and processing correspondence for overnight service of which I am readily familiar. All correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

_____**HAND DELIVERY** by placing a true and correct copy thereof enclosed in a sealed envelope with the name and address of the party to receive the document. Such document was then given to the service or individual signing the bottom of this Proof of Service showing delivery made.

The envelopes were addressed as follows:

Matthew D. Brown
Jeff Gutkin
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
PHONE: (415) 693-2026
FAX: (415) 693-2222
Counsel for Facebook

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Executed on April 18, 2012 at San Francisco, California.

_____
MARY G. BACELIS

-1-