**EXHIBIT EE**

**TO DECLARATION OF MATTHEW D. BROWN
IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**[PUBLIC DOCUMENT]**

**A**

CALIFORNIA LEGISLATURE

AT SACRAMENTO

1971 REGULAR SESSION

———

# ASSEMBLY FINAL HISTORY

### SYNOPSIS OF
### ASSEMBLY BILLS, CONSTITUTIONAL AMENDMENTS, CONCURRENT
### AND JOINT RESOLUTIONS, AND HOUSE RESOLUTIONS

———

Assembly Convened January 4, 1971

Recessed April 2, 1971

Reconvened April 12, 1971

Recessed August 12, 1971

Reconvened September 7, 1971

Recessed November 24, 1971

Reconvened November 29, 1971

Constitutional Recess December 2, 1971

Reconvened January 3, 1972

Adjourned Sine Die January 3, 1972

Legislative Days ------------------------------------------- 193
Calendar Days ------------------------------------------- 365

Last Day for Filing Referendum, March 3, 1972

All Bills Chaptered, Unless Otherwise Specifically Provided for In the Bill,
Become Effective March 4, 1972

———

| | |
|---|---|
| HON. BOB MORETTI | HON. CARLOS BEE |
| *Speaker* | *Speaker pro Tempore* |
| HON. WALTER KARABIAN | HON. BOB MONAGAN |
| *Majority Floor Leader* | *Minority Floor Leader* |

*Compiled Under the Direction of*
JAMES D. DRISCOLL
*Chief Clerk*

GUNVOR ENGLE
*History Clerk*

825—Vasconcellos.

An act to add Section 17540 to the Business and Professions Code, relating to games of chance

Mar.   8—Read first time.
Mar.   9—Referred to Com. on G.O.
Mar. 11—To committee.
April   2—Withdrawn from committee. Re-referred to Com. on JUD.
May 21—From committee chairman, with author's amendments: Amend, and re-refer to Com. on JUD. Read second time and amended.
May 24—Re-referred to Com. on JUD.
Jan   3, 1972—From committee without further action.

826—Vasconcellos.

An act to amend Section 3425.3 of, and to add Section 3344 to, the Civil Code, relating to invasion of privacy.

Mar.   8—Read first time.
Mar.   9—Referred to Com. on JUD.
Mar. 11—To committee.
May 21—From committee chairman, with author's amendments: Amend, and re-refer to Com. on JUD. Read second time and amended.
May 24—Re-referred to Com. on JUD.
June 15—From committee: Amend, and do pass as amended.
June 16—Read second time and amended. Ordered returned to second reading file.
June 17—Read second time. To third reading.
June 18—Read third time, passed, and to Senate.
June 21—In Senate. Read first time.
June 23—Referred to Com. on JUD.
Oct 20—From committee chairman, with author's amendments: Amend, and re-refer to committee. Read second time, amended, and re-referred to Com. on JUD.
Nov.   1—From committee: Amend, and do pass as amended.
Nov.   2—Read second time, amended, and to third reading.
Nov.   3—Read third time, passed, and to Assembly.
Nov   4—In Assembly Concurrence in Senate amendments pending.
Nov. 10—Senate amendments concurred in. To enrollment.
Nov. 15—Enrolled and to the Governor at 2 p.m.
Nov. 22—Signed by the Governor
Nov. 22—Recorded by Secretary of State—Chapter 1595.

827—Vasconcellos.

An act to amend Section 17535 of, and to add Section 17538 to, the Business and Professions Code, relating to advertising.

Mar.   8—Read first time.
Mar.   9—Referred to Com. on JUD.
Mar. 11—To committee.
May 25—From committee chairman, with author's amendments: Amend, and re-refer to Com. on JUD. Read second time and amended.
May 27—Re-referred to Com. on JUD.
June   7—From committee chairman, with author's amendments: Amend, and re-refer to Com. on JUD. Read second time and amended.
June   9—Re-referred to Com on JUD.
Jan   3, 1972—From committee without further action.

828—Vasconcellos.

An act to add Section 17538 to the Business and Professions Code, relating to advertising.

Mar.   8—Read first time.
Dec   2—Died at Desk.

**B**

CALIFORNIA LEGISLATURE—1971 REGULAR SESSION

# ASSEMBLY BILL                    No. 826

Introduced by Assemblyman Vasconcellos

March 8, 1971

REFERRED TO COMMITTEE ON JUDICIARY

*An act to amend Section 3425.3 of, and to add Section 3344 to, the Civil Code, relating to invasion of privacy.*

### LEGISLATIVE COUNSEL'S DIGEST

AB 826, as introduced, Vasconcellos (Jud.). Invasion of privacy. Amends Sec. 3425.3, adds Sec. 3344, Civ.C.

Establishes penal damages of $1,000, in addition to other damages, for intentional use of another's name, photograph, or likeness for commercial purposes without prior written permission.

Amends Uniform Single Publication Act, restricting causes of action upon a single publication or exhibition or utterance, to specifically include among examples of single publication, exhibition, or utterance, an advertisement, circular, or solicitation; and specifically permits class action for torts designated in such act with recovery in such case to include amount to be awarded as reasonable attorney's fees.

Specifies that term "invasion of privacy" as used in Uniform Single Publication Act includes unauthorized commercial use of person's name.

Vote—Majority; Appropriation—No; Fiscal Committee—No.

*The people of the State of California do enact as follows:*

1  SECTION 1. Section 3344 is added to the Civil Code, to
2  read:
3      3344. Any person who knowingly and willfully uses an-
4  other's name, photograph, or likeness, in any manner, for pur-
5  poses of commercial gain, advertising, or solicitation without
6  such person's prior written consent shall be liable in damages
7  to such person in the amount of one thousand dollars ($1,000),
8  in addition to any other damages sustained by such person.
9      SEC. 2. Section 3425.3 of the Civil Code is amended to
10  read:
11      3425.3. (a) No person shall have more than one cause of
12  action for damages for libel or slander or invasion of privacy
13  or any other tort founded upon any single publication or ex-

1   hibition or utterance, such as any one issue of a newspaper or
2   book or magazine *or advertisement, circular, or solicitation* or
3   any one presentation to any audience or any one broadcast
4   over radio or television or any one exhibition of a motion
5   picture. *Any person bringing such an action may, if the tort*
6   *has caused damage to other persons similarly situated, bring*
7   *an action on behalf of himself and such other persons to re-*
8   *cover damages. Any recovery in such a case shall include an*
9   *amount to be awarded as reasonable attorney's fees.* Recovery
10  in any action shall include all damages for any such tort suf-
11  fered by the plaintiff in all jurisdictions.
12      *(b) As used in this section "invasion of privacy" includes,*
13  *but is not limited to, the use of a person's name, without his*
14  *prior written consent, for purposes of commercial gain, ad-*
15  *vertising, or solicitation.*

O

**C**

DISTRICT OFFICE
100 W. RINCON AVENUE
SUITE 207
CAMPBELL 95008
TEL.: AREA CODE 408
379-8000

CAPITOL OFFICE
ROOM 4009
STATE CAPITOL
SACRAMENTO 95814
TEL.: AREA CODE 916
445-4253

COMMITTEES
EDUCATION
LOCAL GOVERNMENT
CRIMINAL PROCEDURE

# Assembly
# California Legislature

### JOHN VASCONCELLOS
#### ASSEMBLYMAN, TWENTY-FOURTH DISTRICT

PR #24

Sacramento
For release Monday Morning, March 8, 1971

## DECEPTIVE ADVERTISING AND CONTESTS

Today I am introducing a package of bills to halt certain deceptive,
mass-mailing advertising practices.

It is my intention, with AB *825*, to put an end to the use of contest
gimmicks used to entice the public into purchasing products. This technique often
works because people tend to buy a given product thinking that their chance of
winning the advertised contest is increased.

AB *825* will also require the operators of legitimate contests to announce,
along with the announcement of the contest, the odds that any entrant will win. A list of
names of the winners and their prizes will have to be sent to each contestant. This
is the only way to clear up the problems of contests which do not pay off as advertised
and which make it sound easier to win than it really is.

Another widespread deception is the use of facsimiles of checks, bank books,
and automobile registration certificates to promote business. AB *827* will ban the
use of such facsimiles of negotiable-type instruments for advertising purposes.

The last bill, AB __826__ , is aimed at protecting individuals from having their names or likenesses    used for commercial purposes without their consent.  We now have Section 14493 of the Business & Professions Code, which makes  it possible to halt the unauthorized use of a corporation's name for commercial purposes.  We also have Penal Code Section 556, which prohibits placing advertisements, i.e., signs or billboards, on private property without the consent of the owner.  It seems strange that we prohibit these two activities while permitting the use of an individual's name or picture for these same purposes.

AB __826__ will provide that such unauthorized usage of a person's name will constitute a violation of privacy and can result in a possible award of $1,000 in damages.  Additionally, the bill will make class-actions possible.

#     #     #

**D**

ASSEMBLY COMMITTEE ON JUDICIARY                          AB 826

  CHARLES WARREN, CHAIRMAN

AB 826 (Vasconcellos) as amended

Invasion of Privacy - prohibits unauthorized commercial use of name, photo or likeness.


    The tort action of invasion of privacy provides a remedy for situations in which there is neither injury to a property right nor breach of contract, and where a civil action for defamation would fail because of the defense of truth.

    Unlike action for defamation, "The gist of the cause of action in a privacy case is not injury to the character or reputation, but a direct wrong of a personal character resulting in injury to the feelings without regard to any effect which the publication may have on the property, business, pecuniary interest, or the standing of the individual in the community.... The right of privacy concerns one's own peace of mind, while the right of freedom from defamation concerns primarily one's reputation.... The injury is mental and subjective. It impairs the mental peace and comfort of the person and may cause suffering much more acute than that caused by a bodily injury...." Fairfield v. American Photocopy, etc., Co. 138 CA2d 82, 86 (1955).

    The bill was suggested to the author by people who had their names used in connection with a magazine advertising scheme. The interest sought to be protected are two-fold: (a) publicity which places the injured party in a false light in the public eye, and (b) appropriation, for defendant advantage, of the plaintiff's name or likeness.

    AB 826, as amended, provides: for class actions; maximum damages in class action of $1,000 per person; and for recovery of attorney fees.

COMMENT:

1. The states of New York, Virginia, Oklahoma and Utah have enacted similar statutes and further provide for criminal sanctions, which are specifically deleted in AB 826. No other states have class action provisions.

2. Is this type of conduct sought to be prohibited by this bill one which is proper subject for class action? While protection of unwary consumers from being duped by unscrupulous sellers is an exigency of the utmost priority in contemporary society, (Report of National Advisory Commission on Civil Disorders - Bantam Ed. 1968, pg. 275), class action legislation is normally designed to get at deceptive sales practices using high pressure sales, bait advertising, misrepresentation of prices, etc., not invasion of one's right not to be held in false light in the public eye.

(Analysis written on the basis of author's amendments sent to Legislative Counsel and not on printed bill.)

                                                5/24/71

**E**

ASSEMBLY COMMITTEE ON JUDICIARY

    AB 826

  CHARLES WARREN, Chairman

AB 826 (Vasconcellos) as amended 5/21/71

Invasion of Privacy - prohibits unauthorized commercial use of name, photo or likeness.

      The tort action of invasion of privacy provides a remedy for situations in which there is neither injury to a property right nor breach of contract, and where a civil action for defamation would fail because of the defense of truth.

      Unlike action for defamation, "The gist of the cause of action in a privacy case is not injury to the character or reputation, but a direct wrong of a personal character resulting in injury to the feelings without regard to any effect which the publication may have on the property, business, pecuniary interest, or the standing of the individual in the community.... The right of privacy concerns one's own peace of mind, while the right of freedom from defamation concerns primarily one's reputation.... The injury is mental and subjective. It impairs the mental peace and comfort of the person and may cause suffering much more acute than that caused by a bodily injury...." Fairfield v. American Photocopy, etc., Co. 138 CA2d 82, 86 (1955).

      The bill was suggested to the author by people who had their names used in connection with a magazine advertising scheme. The interest sought to be protected are two-fold: (a) publicity which places the injured party in a false light in the public eye, and (b) appropriation, for defendant advantage, of the plaintiff's name or likeness.

      AB 826, as amended, provides: for class actions; maximum damages in class action of $1,000 per person; and for recovery of attorney fees.

COMMENT:

1. The states of New York, Virginia, Oklahoma and Utah have enacted similar statutes and further provide for criminal sanctions, which are specifically deleted in AB 826. No other states have class action provisions.

2. Is this type of conduct sought to be prohibited by this bill one which is proper subject for class action? While protection of unwary consumers from being duped by unscrupulous sellers is an exigency of the utmost priority in contemporary society, (Report of National Advisory Commission on Civil Disorders - Bantam Ed. 1968, pg. 275), class action legislation is normally designed to get at deceptive sales practices using high pressure sales, bait advertising, misrepresentation of prices, etc., not invasion of one's right not to be held in false light in the public eye.

AMENDED IN ASSEMBLY JUNE 16, 1971

AMENDED IN ASSEMBLY MAY 21, 1971

CALIFORNIA LEGISLATURE—1971 REGULAR SESSION

# ASSEMBLY BILL     No. 826

## Introduced by Assemblyman Vasconcellos

March 8, 1971

REFERRED TO COMMITTEE ON JUDICIARY

*An act to amend Section 3425.3 of, and to add Section 3344 to, the Civil Code, relating to invasion of privacy.*

LEGISLATIVE COUNSEL'S DIGEST

AB 826, as amended, Vasconcellos (Jud.). Invasion of privacy.

Amends Sec. 3425.3, adds Sec. 3344, Civ.C.

~~Establishes penal~~ *Provides for action for* damages, as specified, ~~in addition to other damages,~~ for intentional use of another's name, photograph, as defined, or likeness for commercial purposes without prior ~~written~~ permission. ~~Provides for attorney's fees, as specified, in such cases.~~

Amends Uniform Single Publication Act, restricting causes of action upon a single publication or exhibition or utterance, to specifically include among examples of single publication, exhibition, or utterance, and advertisement, circular, or solicitation ~~, and specifically permits class action for torts designated in such act with recovery in such case to include amount to be awarded as reasonable attorney's fees~~.

Specifies that term "invasion of privacy" as used in Uniform Single Publication Act includes unauthorized commerical use of person's name, photograph, or likeness.

Vote—Majority; Appropriation—No; Fiscal Committee—No.

*The people of the State of California do enact as follows:*

1  SECTION 1. Section 3344 is added to the Civil Code, to
2  read:
3     3344. (a) Any person who knowingly uses another's name,
4  photograph, or likeness, in any manner, for purposes of adver-
5  tising products, merchandise, goods or services, or for purposes
6  of solicitation of purchases of products, merchandise, goods, or
7  services, without such person's prior ~~written~~ consent, or, in the

'AB 826 — 2 —

1 case of a minor, the prior ~~written~~ consent of his parent or legal
2 guard ~~ian. shall be liable in damages as follows:~~
3 ~~(1) In any action brought by a person on behalf of himself~~
4 ~~and other persons similarly situated who have been injured as~~
5 ~~a result of violation of this section, the person who violated the~~
6 ~~section shall be liable to each such person in an amount not to~~
7 ~~exceed one thousand dollars ($1,000) per person.~~
8 ~~(2) In any action brought under this section by a person~~
9 *ian, shall be liable for any damages sustained by the person or*
10 *persons injured as a result thereof. In addition, in any action*
11 *brought under this section by a person* on behalf of himself
12 only, the person who violated the section shall be liable to the
13 injured party in an amount no less than ~~five hundred dollars~~
14 ~~($500).~~ *three hundred dollars ($300).*
15 ~~(3) The damages specified by paragraphs (1) and (2) of this~~
16 ~~subdivision are in addition to any other damages sustained by~~
17 ~~a person or persons injured as a result of violation of this~~
18 ~~section.~~
19 (b) As used in this section, ''photograph'' means any photo-
20 graph or photographic reproduction, still or moving, or any
21 videotape or live television transmission, of any person, such
22 that the person is readily identifiable.
23 (1) A person shall be deemed to be readily identifiable
24 from a photograph when one who views the photograph with
25 the naked eye can reasonably determine that the person de-
26 picted in the photograph is the same person who is complain-
27 ing of its unauthorized use.
28 (2) If the photograph includes more than one person so
29 identifiable, then the person complaining of the use shall be
30 represented as an individual rather than solely as a member
31 of a definable group represented in the photograph. A de-
32 finable group includes, but is not limited to, the following
33 examples: a crowd at any sporting event, a crowd in any
34 street or public building, the audience at any theatrical or
35 stage production, a glee club, or a baseball team.
36 (3) A person shall be considered to be represented solely
37 as a member of a definable group only if he is represented in
38 the photograph solely because he was present at the time the
39 photograph was taken and has not been singled out as an
40 individual in any manner.
41 (c) Where a photograph or likeness of an employee of the
42 person using the photograph or likeness appearing in the
43 advertisement or other publication prepared by or in behalf
44 of the user is only incidental, and not essential, to the purpose
45 of the publication in which it appears, it shall be a complete
46 defense to an action based on this section that failure to obtain
47 the consent of the employee was an oversight on the part of
48 the user.
49 (d) For purposes of this section, a use of a name, photo-
50 graph or likeness in connection with news, public affairs, *po-*
51 *litical campaigns,* or sports shall not constitute a use for pur-
52 poses of advertising or solicitation; nor shall any other use of

1 a name, photograph or likeness in a commercial medium con-
2 stitute a use for purposes of advertising or solicitation solely
3 because the presentation of material containing such use is
4 commercially sponsored, admission-paid, or is made in a me-
5 dium containing paid advertising.
6 ~~(e) In any action brought by a person to recover the dam-~~
7 ~~ages set forth in subdivision (a), attorney's fees shall be~~
8 ~~awarded in addition to any recovery. In an action brought by~~
9 ~~a person on behalf of himself only, such fees shall be meas-~~
10 ~~ured only by the amount of time reasonably expended by the~~
11 ~~person's attorney. Such fees shall be entirely exclusive of and~~
12 ~~in addition to any fees for actions brought by the same per-~~
13 ~~son for any other damages sustained by such person which~~
14 ~~arose from the same act.~~
15 ~~(f)~~
16 (e) Nothing in this section shall apply to the owners or
17 employees of any medium used for advertising, including, but
18 not limited to, newspapers, magazines, radio and television
19 stations, billboards, and transit ads, by whom any advertise-
20 ment or solicitation in violation of this section is published
21 or disseminated, unless it is established that such owners or
22 employees had knowledge of ~~, or should have known of,~~ the
23 unauthorized use of the person's name, photograph, or likeness
24 as prohibited by this section.
25 SEC. 2. Section 3425.3 of the Civil Code is amended to
26 read:
27 3425.3. (a) Except as provided by subdivision (a) of
28 Section 3344, no person shall have more than one cause of
29 action for damages for libel or slander or invasion of privacy
30 or any other tort founded upon any single publication or ex-
31 hibition or utterance, such as any one issue of a newspaper or
32 book or magazine or advertisement, circular, or solicitation or
33 any one presentation to any audience or any one broadcast
34 over radio or television or any one exhibition of a motion
35 picture. Except as provided by subdivision (c) of Section
36 3344, recovery in any action shall include all damages for
37 any such tort suffered by the plaintiff in all jurisdictions.
38 (b) As used in this section "invasion of privacy" includes,
39 but is not limited to, the use of a person's name, photograph,
40 or likeness without his prior ~~written~~ consent, for purposes of
41 advertising products, merchandise, goods or services, or for
42 purposes of solicitation of purchases of products, merchandise,
43 goods or services.

O

**G**

by a process guaranteeing a permanent record in black on tracing cloth or polyester base film. If ink is used on a polyester base film, the ink surface shall be coated with a suitable substance to insure permanent legibility. The size of each sheet shall be 18 by 26 inches. A marginal line shall be drawn completely around each sheet, leaving an entire blank margin of one inch. The scale of the map shall be large enough to show all details clearly and enough sheets shall be used to accomplish this end. The particular number of the sheets and the total number of sheets comprising the map shall be stated on each of the sheets and its relationship to each adjoining sheet shall be clearly shown.

---

## CHAPTER 1595

*An act to add Section 3344 to the Civil Code, relating to invasion of privacy.*

[Approved by Governor November 22, 1971 Filed with Secretary of State November 22, 1971 ]

*The people of the State of California do enact as follows:*

SECTION 1. Section 3344 is added to the Civil Code, to read:

3344. (a) Any person who knowingly uses another's name, photograph, or likeness, in any manner, for purposes of advertising products, merchandise, goods or services, or for purposes of solicitation of purchases of products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount no less than three hundred dollars ($300).

(b) As used in this section, ''photograph'' means any photograph or photographic reproduction, still or moving, or any videotape or live television transmission, of any person, such that the person is readily identifiable.

(1) A person shall be deemed to be readily identifiable from a photograph when one who views the photograph with the naked eye can reasonably determine that the person depicted in the photograph is the same person who is complaining of its unauthorized use.

Case5:11-cv-01726-LHK  Document146-31  Filed05/02/12  Page20 of 20

(2) If the photograph includes more than one person so identifiable, then the person or persons complaining of the use shall be represented as individuals rather than solely as members of a definable group represented in the photograph. A definable group includes, but is not limited to, the following examples: a crowd at any sporting event, a crowd in any street or public building, the audience at any theatrical or stage production, a glee club, or a baseball team.

(3) A person or persons shall be considered to be represented as members of a definable group if they are represented in the photograph solely as a result of being present at the time the photograph was taken and have not been singled out as individuals in any manner.

(c) Where a photograph or likeness of an employee of the person using the photograph or likeness appearing in the advertisement or other publication prepared by or in behalf of the user is only incidental, and not essential, to the purpose of the publication in which it appears, there shall arise a rebuttable presumption affecting the burden of producing evidence that the failure to obtain the consent of the employee was not a knowing use of the employee's photograph or likeness.

(d) For purposes of this section, a use of a name, photograph or likeness in connection with any news, public affairs, or sports broadcast or account, or any political campaign, shall not constitute a use for purposes of advertising or solicitation.

(e) The use of a name, photograph or likeness in a commercial medium shall not constitute a use for purposes of advertising or solicitation solely because the material containing such use is commercially sponsored or contains paid advertising. Rather it shall be a question of fact whether or not the use of the complainant's name, photograph or likeness was so directly connected with the commercial sponsorship or with the paid advertising as to constitute a use for purposes of advertising or solicitation.

(f) Nothing in this section shall apply to the owners or employees of any medium used for advertising, including, but not limited to, newspapers, magazines, radio and television stations, billboards, and transit ads, by whom any advertisement or solicitation in violation of this section is published or disseminated, unless it is established that such owners or employees had knowledge of the unauthorized use of the person's name, photograph, or likeness as prohibited by this section.

(g) The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.