UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>    Defendant. | Case No. CV-11-01726 LHK (PSG)<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>Date:   July 12, 2012<br>Time:   1:30 p.m.<br>Judge:   Hon. Lucy H. Koh<br>Courtroom: 8<br>Trial Date: December 3, 2012 |

On July 12, 2012, this Court heard the motion of plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem ("Plaintiffs") for preliminary approval of a class action settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court has reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"), and the Memorandum of Law and supporting declarations of Robert S. Arns, Steven R. Weinmann, Jonathan M. Jaffe, the Hon. Edward A. Infante, (Ret.), and Fernando Torres, and the response filed by defendant Facebook, Inc. ("Facebook"), and considered the arguments of counsel. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

2. It is appropriate to provisionally certify the Class and Minor Subclass (defined below), for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

    **(a)** In the context of the Settlement Agreement, the Class and Minor Subclass are so numerous that joinder of all Class and Minor Subclass Members is impracticable. Fed. R. Civ. P. 23(a)(1).

    **(b)** In the context of the Settlement Agreement, there are questions of law and fact common to the Class and Minor Subclass. Fed. R. Civ. P. 23(a)(2).

    **(c)** In the context of the Settlement Agreement, Plaintiffs' claims are typical of the Class's and Minor Subclass's claims. Fed. R. Civ. P. 23(a)(3).

    **(d)** In the context of the Settlement Agreement, Plaintiffs and Class Counsel can adequately represent the Class and Minor Subclass. Fed. R. Civ. P. 23(a)(4).

1.

(e) In the context of the Settlement Agreement, there are questions of law and fact which predominate over any questions affecting only individual Class and Minor Subclass Members. Fed. R. Civ. P. 23(b)(3).

(f) In the context of the Settlement Agreement, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

3. The Court finds that the method of providing notice to the Class and Minor Subclass Members proposed in the Settlement Agreement constitutes the best method for providing such notice that is practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class and Minor Subclass Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law. The Long Form Notice, Email Notice, and Publication Notice (attached to the Settlement Agreement) comply with due process and Rule 23 because the notices are reasonably calculated to adequately apprise Class and Minor Subclass Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement or object to the settlement.

4. Facebook filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1. **Provisional Certification.** The Class is provisionally certified, for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3) as:

   a. **Class:** All persons in the United States who have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, at any time on or before the date of entry of the Preliminary Approval Order.

   b. **Minor Subclass:** All persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under

2.

eighteen (18) years of age, or under any other applicable age of majority, at any time on or before the date of entry of the Preliminary Approval Order.

2. **Appointment of Class Representative and Class Counsel for Settlement Purposes Only**. Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem, are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Settlement Agreement. The Arns Law Firm, through Robert S. Arns, Esq., Jonathan E. Davis, and Steven R. Weinmann, and Jonathan Jaffe Law, through Jonathan Jaffe, Esq., are conditionally appointed as Class Counsel to implement the Parties' settlement in accordance with the Settlement Agreement. Plaintiffs and Class Counsel must fairly and adequately protect the Class's and Minor Subclass's interests.

3. **Settlement Approval**. The Settlement Agreement, including the Long Form Notice, Email Notice, and Publication Notice, attached to the Settlement Agreement as Exhibits 2-4, are preliminarily approved.

4. **Provision of Class Notice**. Defendant Facebook will notify Class and Minor Subclass Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement.

5. **Objection to Settlement**.

   a. Class and Minor Subclass Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below of this Order, and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Facebook's Counsel, and must file such objection with the Court, no later than one-hundred-and-fifty (150) calendar days from the date of this Order (which is sixty (60) calendar days after the deadline for completing the transmission of the Notice under Section 3.3(b) of the Settlement Agreement). The objection must include: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 LHK (PSG)"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person objecting, although the version of the objection filed with the Court need not include the objecting individual's telephone number or email address; and (c) an explanation detailing the specific reasons for each objection,

including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). Class Members and Minor Subclass Members should be instructed that their objections will not be valid if they only object to the lawsuit's appropriateness or merits.[1]

      **b.** Any Class or Minor Subclass Member who files and serves a written objection (as described in this paragraph 5(a)-(d) of this Order), may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class and Minor Subclass Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must also deliver to Class Counsel and Facebook's Counsel, and file with the Court, no later than one-hundred-and-fifty (150) calendar days from the date of this Order (which is sixty (60) calendar days after the deadline for completing the transmission of the Notice under Section 3.3(b) of the Settlement Agreement), a Notice of Intention to Appear. As an alternative to the Notice of Intention to Appear, Class and Minor Subclass Members may also state their intention to appear at the Fairness Hearing directly within their objections.

      **c.** Only Class and Minor Subclass Members who have filed a timely objection and provided notice of their intention to speak at the Fairness Hearing may speak at the Fairness Hearing. However, it is not necessary for an objector to appear at the Fairness Hearing.

      **d.** The foregoing papers shall be filed through the Court's electronic filing system or with the Court clerk at the United States District Court for the Northern District of California, 280 South First St., San Jose, CA 95113. They shall also be mailed to counsel, at the objector's expense, at the following addresses:

| CLASS COUNSEL | FACEBOOK'S COUNSEL |
|---|---|
| ROBERT S. ARNS, ESQ. | MICHAEL G. RHODES, ESQ. |
| THE ARNS LAW FIRM | COOLEY LLP |
| 515 FOLSOM STREET, 3RD FLOOR | 101 CALIFORNIA STREET, 5TH FLOOR |
| SAN FRANCISCO, CA 94104 | SAN FRANCISCO, CA 94111 |

---

[1] *See In re TD Ameritrade Account Holder Litig.*, C 07–2852 SBA, 2011 WL 4079226, at *12-13 (N.D. Cal. Sept. 13, 2011).

4.

    **e.**  The delivery and filing date for an objection and Notice of Intention to Appear is deemed to be the date the objection is deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the postmark.

    **f.**  Any Class and Minor Subclass Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object, and will be forever barred from making any objections, to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

  **6.**  **Requesting Exclusion.** Class and Minor Subclass Members who want to be excluded from the settlement must send a letter or postcard to the Settlement Administrator stating: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 LHK (PSG)"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person requesting exclusion; and (c) a statement that he or she does not wish to participate in the settlement. The request must be postmarked no later than one-hundred-and-fifty (150) calendar days from the date of this Order (which is sixty (60) calendar days after the deadline for completing the transmission of the Notice under Section 3.3(b) of the Settlement Agreement), with the postage paid by the person requesting exclusion. The exclusion request must be personally signed by the Class Member, or the parent or guardian in the case of a Minor Subclass Member, requesting exclusion. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed. Class and Minor Subclass Members who do not exclude themselves from the Settlement shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, including the release provided for under the Settlement Agreement.

  **7.**  **Termination.** If the Settlement Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement. This Court's provisional certification of the Class and Minor Subclass and findings underlying the provisional certification shall be solely for settlement purposes. This

5.

Order will not waive or otherwise impact the Parties' rights or arguments. The Court expressly adopts and incorporates by reference Section 3.9 of the Settlement Agreement.

8. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party. Additionally, in the event the Settlement Agreement terminates for any reason, no Party or other person may use the Settlement Agreement, any proceedings or discussions related to the Settlement Agreement, or any orders related to the Settlement Agreement in any manner prohibited by Sections 3.9 and 5.21 of the Settlement Agreement.

9. **Stay of Dates and Deadlines.** All discovery and pretrial proceeding deadlines, are hereby vacated and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

10. **CAFA Notice.** The Court finds that Facebook has complied with 28 U.S.C. § 1715(b).

11. **Settlement Administrator**: The Court hereby appoints the Garden City Group as Settlement Administrator. The Settlement Administrator shall set up the website as discussed in the Settlement Agreement, §3.3, with the Internet Posting of the Long Form Notice to be posted online.

12. **Fairness Hearing.** On _____ 2012, (no earlier than 185 days after the entry of this Order), at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiffs' request for attorneys' fees and costs must be filed before the deadline for Facebook to provide notice to Class Members of the settlement. All of Plaintiffs' other papers supporting Final Approval of the Settlement Agreement must be filed no later than fourteen (14) calendar days before the Fairness Hearing. Facebook's (optional) statement in support of the Final Approval of the Settlement Agreement must be filed no later than seven (7) calendar days before the Fairness Hearing.

**IT IS SO ORDERED.**

DATED:_____     _____
                                                          HON. LUCY H. KOH
                                                 U.S. DISTRICT COURT JUDGE