Robert S. Arns, State Bar No. 65071
RSA@ARNSLAW.COM
Jonathan E. Davis, State Bar No. 191346
JED@ARNSLAW.COM
Steven R. Weinmann, State Bar No. 190956
SRW@ARNSLAW.COM
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

Jonathan M. Jaffe, State Bar No. 267012
JMJ@JAFFE-LAW.COM
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:   (510) 725-4293
Fax:   (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W. T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>           Defendants. | **Case No. CV 11-01726 LHK PSG**<br><br>**DECLARATION OF FERNANDO TORRES REGARDING THE VALUE OF INJUNCTIVE RELIEF** |

REPLY DECLARATION OF FERNANDO TORRES
REGARDING THE VALUE OF INJUNCTIVE RELIEF
Case No. CV 11-01726 LHK PSG

1. I, FERNANDO TORRES, declare and state as follows:

2. I have been retained as an expert by Plaintiffs' attorney to consult with them concerning the factual issues presented in the above case.

3. I am a professional economist in the State of California and have over 30 years' experience in applied and theoretical economics. In the course of this experience, I have been a consultant, a professor, and a business manager. Both my undergraduate and post-graduate degrees are in economics, the latter with a concentration in econometrics. Since at least 2004, I have specialized in the analysis and valuation of intellectual property and intangible assets. I am a member and Chief Economist of IPmetrics LLC, an intellectual property consulting firm. Attached hereto is a copy of my most current curriculum vitae setting forth in detail my qualifications and experience.

4. Additionally, I have served as a consultant on numerous cases involving intellectual property infringement issues, including rights of publicity and valuing the misappropriation of peoples' names and likenesses for commercial use. I have experience in complex commercial litigation cases nationally.

5. I have spent over 50 hours consulting in this case. I have reviewed hundreds of documents that are pertinent to the calculation of damages in this case, including:

    a.  Plaintiff's Second Amended Complaint;

    b.  Order Granting In Part And Denying In Part Defendant's Motion To Dismiss;

    c.  Plaintiff's Statement of Facts;

    d.  Depositions of Chris Plambeck, John Hegeman and Gokul Rajaram;

    e.  Deposition Exhibits 32, 48, 326, 323, 366, 376, 448, 451, 488, 524, 581, 583, 586, 588, 589, 592, 596, 612, 618, 623, 654, 682, 684, and 685;

    f.  Additional Bates Stamped Documents FB_FRA 1037, 1138-1140, 1879-1881, 69757, 69758, 99715-99719, 99757-8, 128219-20

6. Furthermore, in the course of my work in this case, I have reviewed and relied upon the following authoritative references:

1

DECLARATION OF FERNANDO TORRES
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. CV 11-01726 LHK PSG

a. "Facebook Ads and Sponsored Stories" Facebook, 2011;

b. J. Brown, A.J. Broderick, and N. Lee,"Word of mouth communication within online communities: Conceptualizing the online social network." Journal of Interactive Marketing, Elsevier, Vol. 21, No. 3, 2007, pp 2-20;

c. R. Hof, "Facebook's New Advertising Model: You" Forbes, Dec. 5, 2011;

d. A. Lipsman, G. Mudd, Mike Rich, and S. Bruich, "The Power of Like. How brands reach and influence fans through social media marketing," a White Paper collaboration between comScore and Facebook, July 26, 2011;

e. J. Kistner, "Facebook's Best Kept Secret: Building Conversions And Revenue With Ads For Fans" whitepaper, 2011, Webtrends, Inc.

These are the types of materials experts in my field typically rely on when completing assignments such as mine in this case.

7. Also in connection to my work in this case, I authored an extensive declaration explaining the methods by which I intended to calculate the damages to the class members for their use in Sponsored Stories ads. I prepared for and was subject to a deposition by defendant's counsel based on my declaration. I read the declaration in opposition to Plaintiffs' motion for class certification of Dr. Randolph Bucklin as well as his deposition testimony and I authored a rebuttal declaration thereto. I provided two possible models for analyzing the value of the class members' endorsement as used in Sponsored Stories ads. I know that this case involves over 100 million class members, many of whom have been featured in hundreds if not thousands of Sponsored Stories ads.

8. I have reviewed the injunctive relief agreed to by the parties in this case and have discussed the terms therein. I have been asked to provide a valuation of this injunctive relief.

9. The injunctive relief includes relief in the form of (1) a revision of the Facebook Terms, section 10.1 that clarifies to users that they give Facebook permission to use their name and likeness in Sponsored Stories ads, (2) a mechanism that will allow users to see and control which actions they have taken that will lead to their being featured in Sponsored Stories ads,

(3) additional provisions requiring that users under 18 years of age requires that they represent that they received parental consent to be featured in Sponsored Stories ads, (4) additions to Facebook's "Family Safety Center" that explain Sponsored Stories ads and, in appropriate circumstances, enable parents to prevent their children from being featured in Sponsored Stories ads, and (5) an opportunity to Plaintiffs' counsel to review Facebook's statements regarding advertising and ensure that Sponsored Stories are clearly identified as ads.

10. I believe this injunctive relief provides a proper vehicle for informed consent, thus negating the violation of the right of publicity at scale for the class.

11. Using a sample of data in a previous declaration, I calculated the estimated actual value that the use of the class in Sponsored Stories ads contributed to Facebook's revenue in the year 2011 was approximately ███████ (approximately ███████ per month). Assuming this amount constitutes the average incremental revenue generated for Facebook by the use of the class members in Sponsored Stories ads, the estimated value as of the present date (17 months from the launch of the ads to June 28, 2012) is approximately ███████. This value, in my opinion, represents the pool of revenue from which the class would have been given the opportunity to negotiate compensation had Facebook given the class members the opportunity to negotiate it.

12. Because Facebook will now be required to allow the class members control in determining when they will be featured in Sponsored Stories ads, as outlined in Paragraph 9 above, the class members now have the opportunity to control the use of what is essentially a ███████/month advertising asset. Without this injunctive relief, it is my view that the class members would be denied the control of this asset. Therefore, assuming Facebook would continue to deny users the ability to negotiate from the incremental revenue their use in Sponsored Stories ads generated for Facebook, and it would continue doing so for approximately the same duration in time as has already passed, thus the value of the injunctive relief is ███████ at a minimum for the next 17 months alone.

13. Based on the facts presented to me in this case and my understanding of the legal

DECLARATION OF FERNANDO TORRES
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. CV 11-01726 LHK PSG

1 | issues, I consider $73 million for the next 17 months an accurate and adequate valuation of
2 | injunctive relief provided the class members. Another 12 months of the injunctive relief would
3 | be worth an additional $51.6 million

4 |      14. I declare under the penalty of perjury and under the laws of the United States of
5 | America that the forgoing is true and correct and based upon my personal knowledge and/or
6 | professional opinions, and that if called upon to testify, I could verify the accuracy of the same.
7 | This document was executed in the city of San Diego, California on June 13, 2012.

By:_____
Fernando Torres, MSc

4
DECLARATION OF FERNANDO TORRES
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. CV 11-01726 LHK PSG