# EXHIBIT 9

Case5:11-cv-01726-LHK Document183-9 Filed06/20/12 Page1 of 4

Robert S. Arns, State Bar No. 65071
RSA@ARNSLAW.COM
Jonathan E. Davis, State Bar No. 191346
JED@ARNSLAW.COM
Steven R. Weinmann, State Bar No. 190956
SRW@ARNSLAW.COM
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

Jonathan M. Jaffe, State Bar No. 267012
JMJ@JAFFE-LAW.COM
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:   (510) 725-4293
Fax:   (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No. CV 11-01726 LHK PSG<br><br>**PLAINTIFF SUSAN MAINZER'S RESPONSES TO DEFENDANT'S INTERROGATORIES**<br><br>**SET ONE**<br><br>Courtroom:  8<br>Judge:  Hon. Lucy H. Koh<br>Trial Date:  December 3, 2012 |

PROPOUNDING PARTY:    Defendant FACEBOOK, INC.

RESPONDING PARTY:     Plaintiff SUSAN MAINZER

SET NUMBER:           ONE

-1-

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set One

endorsements and the fact that Facebook charges more for them. The Plaintiffs' right to be paid also stems from the common and statutory right of publicity (Civil Code section 3344), and from the common law of unjust enrichment which, provides that non-celebrities are to be compensated for nonconsensual uses of their names and likenesses in advertisements. The value of Plaintiff's endorsement is at least $750 per endorsement.

**INTERROGATORY NO. 8:**

DESCRIBE each instance in which YOU have been offered, and/or have received compensation or other consideration of any kind to endorse, advertise, suggest, or recommend any PERSON, organization, cause, good, or service at any time during YOUR life.

**INTERROGATORY NO. 8:**

Plaintiff has not received such compensation or consideration, apart from as connected to her professional work in public relations. However, in that role, she has received compensation as to events where she has participated as a speaker and has been included in the advertisements for the events.

**INTERROGATORY NO. 9:**

IDENTIFY the NAME of each of YOUR "Friends" on Facebook that YOU contend considered YOU a "celebrity," as asserted in Plaintiffs' Opposition to Facebook's Motion to Dismiss, at 9:3.

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set One

**INTERROGATORY NO. 11:**

DESCRIBE what value, benefit or other consideration, if any, YOU have received, directly or indirectly, as a result of using Facebook.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory as vague and ambiguous to the extent that "value" and "benefit" are undefined, and construes the words to mean monetary compensation or the ability to access information, or applications / software. Subject to those objections and the General Objections, Plaintiff responds as follows: Plaintiff can share things she wants to share with people. Plaintiff is, for all practical purposes, required to use Facebook for her business, so the value is the value of not being prevented to use Facebook as a marketing tool

**INTERROGATORY NO. 12:**

For each of the websites identified in response to Interrogatory No. 6, DESCRIBE the circumstances under which YOU have shared content with others (including, without limitation, content CONCERNING a product, service, website, brand, organization, celebrity, musician, band event, or other content), including, with respect to each piece of content shared, the date(s) YOU shared the content, a description of the content shared, the website the content was shared on, and the reasons(s) YOU shared the content.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and the General Objections, Plaintiff responds as follows:

With regards to Flickr, Plaintiff has uploaded a single set of photos for an event of one of her clients, in approximately June, 2009.

Plaintiff Susan Mainzer's Responses to Defendant's Interrogatories, Set One