# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*" or "*Settlement*" or "*Agreement*") is entered into between plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem ("*Plaintiffs*"), individually and in their representative capacity as plaintiffs on behalf of the Class (including the Minor Subclass), and defendant Facebook, Inc. ("*Facebook*" or "*Defendant*") (Plaintiffs and Facebook collectively, "*Parties*," or singularly, "*Party*").

### RECITALS

**A.** On or about March 11, 2011, plaintiffs Angel Fraley, Paul Wang, and Susan Mainzer commenced a lawsuit ("*Action*") by filing an unverified Complaint in the Superior Court of the State of California, County of Santa Clara entitled *Angel Fraley, Paul Wang, and Susan Mainzer, individually and on behalf of all others similarly situated v. Facebook, Inc., a corporation, and DOES 1-100.* The case was assigned the number 111-cv-196193. The Complaint sought relief on behalf of a putative class and asserted claims under California Civil Code section 3344, California Business and Professions Code section 17200 (California's Unfair Competition Law ("*UCL*")) and for unjust enrichment. The Complaint generally asserted that Facebook used the plaintiffs' names, photographs, likenesses, or identities (or some combination thereof) to advertise or sell products or services through "Sponsored Stories" without the plaintiffs' permission.

**B.** On March 18, 2011, plaintiffs Angel Fraley, Paul Wang, Susan Mainzer, and newly-added plaintiffs James H. Duval, a minor by and through James Duval, as Guardian ad Litem, and W.T., a minor, by and through Russell Tait, as Guardian ad Litem, filed an Amended Complaint. The Amended Complaint, like the original Complaint, sought relief on behalf of a putative class related to Sponsored Stories and asserted claims under California Civil Code section 3344, California's UCL, and for unjust enrichment.

**C.** On April 8, 2011, Facebook removed the Action from the Superior Court of the State of California, County of Santa Clara to the United States District Court for the Northern District of California ("*Court*"). Following removal, the Action was assigned case number 11-cv-01726.

**D.** On May 18, 2011, Facebook moved to dismiss the Amended Complaint and all of its causes of action pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of Article III standing, and Federal Rule of Civil Procedure 12(b)(6), for a failure to state a claim.

**E.** On June 6, 2011, Plaintiffs responded to Facebook's motion to dismiss by filing a Second Amended Complaint. The Second Amended Complaint, like the prior complaints, sought relief on behalf of a putative class related to Sponsored Stories and asserted claims under California Civil Code section 3344, California's UCL, and for unjust enrichment.

**F.** On July 1, 2011, Facebook moved to dismiss the Second Amended Complaint and all of its causes of action pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of Article III standing, and Federal Rule of Civil Procedure 12(b)(6), for a failure to state a claim.

**G.** On December 16, 2011, the Court granted Facebook's motion to dismiss with respect to the unjust enrichment claim but denied the motion with respect to the remaining two causes of action.

**H.** On January 9, 2012, Facebook filed its Answer to the Second Amended Complaint. The Answer denies the Second Amended Complaint's allegations of wrongdoing and raises several affirmative defenses.

**I.** On February 14, 2012, Plaintiffs filed a motion to dismiss the claims of Angel Fraley and Paul Wang without prejudice and to withdraw Angel Fraley and Paul Wang as class representatives. On March 13, 2012, the Court entered an order dismissing Angel Fraley and Paul Wang's claims without prejudice and granting their request to withdraw as class representatives.

**J.** On March 1, 2012, the Parties attended a full-day mediation before the Honorable Edward A. Infante (ret.) of JAMS. The Parties also submitted briefs and supporting papers to the mediator. Although a settlement was not reached at that time, with the assistance of the mediator, the Parties continued their arms-length settlement discussions after March 1, 2012.

**K.** On March 29, 2012, Plaintiffs filed a motion for class certification (along with supporting papers) pursuant to Federal Rule of Civil Procedure 23(b)(3), or in the alternative, Federal Rule of Civil Procedure 23(b)(2) or (c)(4). On April 19, 2012, Facebook filed an opposition (along with supporting papers) to Plaintiffs' motion for class certification. On May 3, 2012, Plaintiffs filed a reply (along with supporting papers) in support of their motion for class certification.

**L.** The Parties have engaged in extensive formal discovery for almost a full year, including depositions of fact witnesses and expert witnesses, requests for production of documents and written responses thereto, requests for admission and written responses thereto, interrogatories and written responses thereto, and production of documents and electronically stored information.

**M.** Based on the Parties' investigations, Plaintiffs believe the Action has merit, while Facebook believes the Action has no merit. The Parties have also each looked at the uncertainties of trial and the benefits to be obtained under the proposed Settlement, and have considered the costs, risks, and delays associated with the continued prosecution and defense of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or Facebook.

**N.** Accordingly, it is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs, risks, and delays of continued litigation, including but not limited to trial and likely appellate proceedings, and settle and dispose of, fully and completely and forever, any and all claims and causes of action asserted or that could have been asserted in the Action.

## AGREEMENT

**1.** **DEFINITIONS.** The following section defines terms, including terms that are not defined above. Some definitions use terms that are defined later in this section:

**1.1** The terms "*Class Counsel*" or "*Plaintiffs' Counsel*" mean the Arns Law Firm through Robert S. Arns and Jonathan Jaffe Law through Jonathan Jaffe.

**1.2** The terms "*Class*," "*Class Member*," and "*Class Members*" mean all persons in the United States who have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, at any time on or before the date of entry of the Preliminary Approval Order.

**1.3** The term "*Court*" means the United States District Court for the Northern District of California.

**1.4** The term "*Email Notice*" means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, Facebook's Counsel, and the Court, to be provided to Class Members (including Minor Subclass Members), under Section 3.3 of this Agreement via electronic mail or the Facebook domain of www.facebook.com. The Email Notice must be substantially similar to the form attached hereto as Exhibit 3.

**1.5** The term "*Fairness Hearing*" means the hearing at which the Court will decide whether to approve this Settlement Agreement as being fair, reasonable, and adequate.

**1.6** The term "*Final Order and Judgment*" means a proposed order and judgment approving this Settlement. The Final Order and Judgment must be in substantially similar form as Exhibit 5 attached hereto.

**1.7** The term "*Final Settlement Date*" means two calendar days after the Final Order and Judgment become "final." For the purposes of this Section 1.7, "final" means (a) if no appeal from the Final Order and Judgment is filed, the expiration of the time for the filing or noticing of any appeal from the Final Order and Judgment; (b) if an appeal from the Final Order and Judgment is filed, the date on which all appeals therefrom, including but not limited to petitions for rehearing or re-argument, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Order and Judgment; or (c) if the Class Counsel and Facebook's Counsel agree in writing, "Final Settlement Date" can occur on any other agreed upon date.

**1.8** The term "*Facebook's Counsel*" means the law firm of Cooley LLP.

**1.9** The term "*Internet Posting*" means a website set up by the Settlement Administrator for the purposes of providing the Class with notice of the proposed Settlement.

**1.10** The term "*Long Form Notice*" means the legal notice of the proposed Settlement terms, as approved by Class Counsel, Facebook's Counsel, and the Court, to be provided to Class Members (including Minor Subclass Members) under Section 3.3 of this Agreement. The Long Form Notice must be substantially similar to the form attached hereto as Exhibit 2.

**1.11** The terms "*Minor Subclass*," "*Minor Subclass Member*," and "*Minor Subclass Members*" mean all persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under eighteen (18) years of age, or under any other applicable age of majority, at any time on or before the date of entry of the Preliminary Approval Order.

**1.12** The term "*Preliminary Approval and Provisional Class Certification Order*" or "*Preliminary Approval Order*" means an order preliminarily approving the Settlement of this Action and provisionally certifying the Class for settlement purposes only. This order must be in substantially similar form as Exhibit 1 attached hereto.



**1.13** The term "*Settlement Administrator*" means the Garden City Group, Inc., and any successors to that entity, that Facebook designates, subject to Court approval, to administer the notice plan (see Section 3.3 of this Agreement) provided for in this Settlement Agreement.

**1.14** The term "*Publication Notice*" means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, Facebook's Counsel, and the Court, to be provided to Class Members (including Minor Subclass Members), under Section 3.3 of this Agreement via publication. The Publication Notice must be substantially similar to the form attached hereto as Exhibit 4.

**1.15** The term "*Sponsored Stories*" or "*Sponsored Story*" means content displayed by or on behalf of Facebook that Facebook refers to or markets as "Sponsored Stories." Without limiting the generality of the foregoing definition, Sponsored Stories are typically posts about or from a Facebook user or entity that a business, organization, or individual has paid to promote so there is a better chance that the posts will be seen by the user or entity's chosen audience. They may be displayed, for example, when a Facebook user interacts with the Facebook service (including sub-domains, international versions, widgets, plug-ins, platform applications or games, and mobile applications) in certain ways, such as by clicking on the "Like" button on a business's, organization's or individual's Facebook page. Sponsored Stories typically include a display of a Facebook user's Facebook name (i.e., the name the user has associated with his or her Facebook account) and/or profile picture (if the user has uploaded one) with a statement describing the user's interaction with the Facebook service, such as "John Smith likes UNICEF," "John Smith played Farmville," or "John Smith shared a link." For illustrative purposes only (and without limiting the definition to those examples depicted), Exhibit 6 hereto shows examples of Sponsored Stories.

## 2. SETTLEMENT TERMS

**2.1 Class Relief.** Facebook agrees to take the following measures within a reasonable time not to exceed six months following the Final Settlement Date:

(a) **Revision of Facebook's Terms of Use.** In addition to other changes Facebook reserves the right to make to section 10.1 of its Statement of Rights and Responsibilities, Facebook will revise section 10.1 to include language reading substantially as follows:

**About Advertisements and Other Commercial Content Served or Enhanced by Facebook**

Our goal is to deliver advertising and other commercial or sponsored content, such as Facebook Ads and Sponsored Stories, that is valuable to our users and advertisers. In order to help us do that, you agree to the following:

You give us permission to use your name, profile picture, content, and information in connection with commercial, sponsored, or related content (such as a brand you like) served or enhanced by us. This means, for example, that you permit a business or other entity to pay us to display your name and/or profile picture with your content or

4 of 17



information. If you have selected a specific audience for your content or information, we will respect your choice when we use it.

If you are under the age of eighteen (18), or under any other applicable age of majority, you represent that at least one of your parents or legal guardians has also agreed to the terms of this section (and the use of your name, profile picture, content, and information) on your behalf.

(b) **User Visibility and Control Over Sponsored Stories**. Facebook will create an easily accessible mechanism that enables users to view the subset of their interactions and other content that have been displayed in Sponsored Stories. Facebook will further engineer settings to enable users, upon viewing the interactions and other content that have been used in Sponsored Stories, to control which of these interactions and other content are eligible to appear in additional Sponsored Stories. Without limiting the foregoing, but for the sake of clarity, these settings will include the ability to enable users to prevent individual interactions and other content (or categories of interactions and other content) from appearing in additional Sponsored Stories.

(c) **Relief for Minor Subclass**.

    (i) **Revision of Facebook's Terms of Use.** Facebook will revise its Statement of Rights and Responsibilities to provide that Facebook users under the age of eighteen (18), or under any other applicable age of majority, represent that their parent or legal guardian consents to the use of their name and likeness in connection with commercial, sponsored, or related content, as set forth in the revised section 10.1 (provided above).

    (ii) **Parent Educational Information and Parental Control.** Facebook will add a clear, easily understandable description of how advertising works on Facebook to its Family Safety Center (https://www.facebook.com/safety), and it will review and to the extent reasonably feasible implement methods for communicating the availability of such information to parents of minors on Facebook. In addition, Facebook will add an easily accessible link in the Family Safety Center to the tool it currently provides that enables parents to prevent the names and likenesses of their minor children from appearing alongside Facebook Ads (currently available at https://www.facebook.com/help/contact/328678960533614) and Facebook will extend this tool to enable parents to also prevent the names and likenesses of their minor children from appearing in Sponsored Stories. Finally, Facebook will review and to the extent reasonably feasible implement methods for enabling parents to utilize this tool through their own Facebook accounts, without obtaining access to their children's accounts, where appropriate (i.e., if the minor has confirmed the identity of his or her parent or legal guardian on Facebook).



(d) **Additional Educational Information.** For a period of up to ninety (90) calendar days following the Final Settlement Date, Facebook agrees to make a good faith effort to work with Plaintiffs, through Plaintiffs' Counsel, to identify any educational or other information on www.facebook.com that in Plaintiffs' view does not accurately or sufficiently explain how advertising works on Facebook. Facebook will endeavor to clarify such language.

(e) **Compliance Audit If Court Ordered.** For a period of two years following the Final Settlement Date, Class Counsel shall have the right to move the Court, for good cause shown, for an order requiring one third-party audit to confirm compliance with the provisions of subparts (a) through (d) of Section 2.1 of this Agreement, and Facebook shall have the right to oppose such a motion. In the event the Court requires such a third-party audit, Facebook agrees to conduct a total of one such audit during the two-year period at its own expense and provide the results thereof to Class Counsel.

The measures described above in this Section 2.1 will be implemented for a period of two years, commencing on the Final Settlement Date. Nothing described in this Section 2.1 above will inhibit, prevent, or limit Facebook from making product changes, changes to its terms of use (currently referred to as the "Statement of Rights and Responsibilities"), changes to product names or other terminology, or other changes, from time to time, as it deems appropriate in the conduct of its business, provided that such changes are consistent with the relief described above, or to comply with the law.

**2.2** *Cy Pres* **Distribution.** Facebook agrees that, subject to Court approval, within ninety (90) calendar days of the Final Settlement Date, it will pay $10 million in *cy pres* distribution to recipients to be agreed upon by the Parties and approved by the Court.

**2.3** **Attorneys' Fees and Costs.** Plaintiffs agree not to petition the Court for more than $10 million (total) for attorneys' fees and $300,000 (total) for costs. Facebook further agrees that it will not take a position on the total settlement value or the amount of fees and costs requested unless asked by the Court to express views thereon. Class Counsel will file any papers supporting their request for attorneys' fees and costs with the Court prior to the deadline for Facebook to provide notice of the Settlement to Class Members, as such deadline is defined in Section 3.3 below. If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Class Counsel, Facebook agrees to pay the attorneys' fees approved by the Court up to $10 million (total) and costs approved by the Court up to $300,000 (total) to Class Counsel, payable to the Arns Law Firm. Payment shall be provided within fourteen (14) days after (a) the Final Settlement Date, or (b) Plaintiffs' Counsel provides Facebook with its Form W-9, whichever is later. The Arns Law Firm shall have sole responsibility to distribute any payment of fees and costs to Jonathan Jaffe Law and any other attorney or law firm that may claim it is owed fees and costs under this Settlement.

**2.4** **Incentive Award to Plaintiffs.** Plaintiffs agree not to petition the Court for more than $12,500 (each) for an incentive award. Facebook further agrees that it will not take a position on the total settlement value or the amount of any incentive award requested unless asked by the Court to express views thereon. If the Court approves the Settlement of this Action and an incentive award to Plaintiffs, Facebook agrees to pay the incentive award approved by the Court up to $12,500 (each) to Plaintiffs (Susan Mainzer, James H. Duval, and W.T., a minor, by and through



Russell Tait) within fourteen (14) days after (a) the Final Settlement Date, or (b) all Plaintiffs provide Facebook with their Forms W-9, whichever is later.

**2.5 Relationship of Attorneys' Fees, Costs, and Incentive Award to Class Relief.** It is not a condition of this Settlement that any particular amount of attorneys' fees, costs, or incentive awards be approved by the Court, or that such fees, costs, or awards be approved at all. Any order or proceedings relating to the amount of any award of attorneys' fees, costs, or incentive awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement, or affect or delay the finality of the Final Order and Judgment.

**2.6 Settlement Implementation Costs.** Facebook will bear the reasonable costs of administering the Settlement and providing notice of the proposed Settlement to the Class and Minor Subclass as described in this Agreement.

**2.7 Releases.** The Parties agree that the releases stated in Sections 4.2 and 4.3 are material parts of this Settlement and are hereby incorporated into this paragraph as if fully stated herein.

## 3. CLASS SETTLEMENT PROCEDURES

**3.1 Cooperation to Obtain Court Approval.** The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

**3.2 Preliminary Approval and Provisional Class Certification.** As soon as practicable after the Settlement's execution date, but in any event no later than June 14, 2012, unless otherwise permitted or ordered by the Court, Plaintiffs must apply for preliminary approval of the Settlement and provisional class certification. The application must request the Court to:

- (a) preliminarily approve this Settlement Agreement on the ground it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval[,]" *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007);

- (b) preliminarily approve the form, manner, and content of the Long Form Notice, Email Notice and Publication Notice as described in Section 3.3 below and attached hereto as Exhibits 2-4, respectively;

- (c) find that Facebook has complied with 28 U.S.C. § 1715(b);

- (d) set the date and time of the Fairness Hearing, with the hearing being set no earlier than one hundred and eighty-five (185) calendar days after entry of the Preliminary Approval and Provisional Class Certification Order;

- (e) provisionally certify the Class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only;

(f)     stay all proceedings in the Action until the Court renders a final decision on approval of the Settlement;

(g)     appoint Plaintiffs as class representatives for settlement purposes only; and

(h)     appoint the Arns Law Firm and Jonathan Jaffe Law as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached hereto as Exhibit 1. Facebook shall be permitted, but not required, to file its own brief or statement in support of Plaintiffs' motion for Preliminary Approval and Provisional Class Certification Order up to and including 14 days after the filing of the motion as provided by the Civil Local Rules.

   **3.3    Notice.** Subject to the Court granting Preliminary Approval of the Class Settlement and Provisional Class Certification, the Parties agree that Facebook will provide the Class with notice of the proposed Settlement by the following methods.

> (a)   **Internet Posting.** Starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator will set up a website and post the Long Form Notice. The website will be active until thirty-one (31) calendar days after the Final Settlement Date. Facebook retains sole and exclusive discretion to select the name of the URL (Internet address), to which Plaintiffs shall not object absent manifest good cause.

> (b)   **Short Form Notice by Email or Facebook Messaging.** Starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, Facebook will begin to do one of the following:

>> (i)    Transmit the Email Notice by email to each Class Member (including Minor Subclass Members) for whom Facebook has a valid email address, including persons who previously indicated that they do not wish to receive any communications from Facebook. For the purposes of this notice, Facebook will use reasonable efforts to ascertain which Facebook users whose names or profile pictures appeared in a Sponsored Story are located within the United States. At Facebook's sole discretion, all or part of such email distribution may be effected through the Settlement Administrator; or

>> (ii)   Transmit the Email Notice through the domain of www.facebook.com, which may include use of Facebook's onsite messaging service or other distribution mechanisms that Facebook uses to advise users of important updates, to each Class Member (including Minor Subclass Members) who has an active Facebook account. For the purposes of this notice, Facebook will use reasonable efforts to ascertain which Facebook users whose names or profile pictures appeared in a Sponsored Story are located within the United States.



Facebook will have up to and including ninety (90) calendar days after entry of the Preliminary Approval Order to complete transmission of the Email Notice. Facebook may carry out the transmission of the Email Notice over this period of ninety (90) calendar days to accommodate technical limitations, including, for instance, if the Email Notice is transmitted by email, to avoid the risk that the Email Notice would be blocked by Internet Service Providers. The Email Notice will be substantially similar to the form attached as Exhibit 3, and will provide the URL (Internet address) of the Internet Posting containing the Long Form Notice and a U.S. postal address to contact the Settlement Administrator.

(c) **Publication Notice.** Between thirty (30) and ninety (90) calendar days after entry of the Preliminary Approval Order, Facebook will cause a summary of the settlement terms to be published (i) once in an insertion in the national Monday-Thursday edition of USA Today, and (ii) once by transmission through PR Newswire's US1 distribution service. The Publication Notice will be substantially similar to the form attached as Exhibit 4, and will provide the URL (Internet address) of the Internet Posting containing the Long Form Notice and a U.S. postal address to contact the Settlement Administrator.

**3.4 CAFA Notice.** After the Settlement Agreement is filed with the Court, Facebook shall serve upon the relevant government officials notice of the proposed Settlement in accordance with 28 U.S.C. § 1715. Shortly after providing CAFA notice, and prior to the preliminary approval hearing, Facebook will submit a proof of service of such notice with the Court.

**3.5 Proof of Notice.** No later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment, Facebook must serve a declaration on Class Counsel confirming that the Settlement Administrator and/or Facebook provided the Class with notice of the proposed Settlement in accordance with Section 3.3.

**3.6 Objections.** Any Class Member (including any Minor Subclass Member) who has not submitted a timely written exclusion request pursuant to Section 3.7 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the attorneys' fees and costs requested by Class Counsel, must deliver written objections to Class Counsel and Facebook's Counsel, and must file such objection with the Court, no later than one-hundred-and-fifty (150) calendar days from the date of entry of the Preliminary Approval and Provisional Class Certification Order (which is sixty (60) calendar days after the deadline for completing the transmission of the Email Notice under Section 3.3(b) of this Agreement). The delivery and file date is deemed to be the date the objection is deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Facebook's Counsel. Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 LHK (PSG)"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person objecting; and (c) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). The version of the written objection filed with the Court need not include the objecting individual's telephone number or email address. Objectors must provide the



email address associated with their Facebook account to Class Counsel and Facebook's Counsel so that they can verify whether the objector is a Class or Minor Subclass Member. Any Class Member (including any Minor Subclass Member) who files and serves a written objection, as described in this Section 3.6, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees or costs. However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must also deliver to Class Counsel and Facebook's Counsel and file with the Court a Notice of Intention to Appear no later than one-hundred-and-fifty (150) calendar days from the date of entry of the Preliminary Approval and Provisional Class Certification Order (which is sixty (60) calendar days after the deadline for completing the transmission of the Email Notice under Section 3.3(b) of this Agreement). As an alternative to a Notice of Intention to Appear, Class Members may state in their objections that they intend to appear and speak at the Fairness Hearing. Only Class Members who file and serve timely objections and give notice to the Court, Class Counsel, and Facebook's counsel that they intend to speak at the Fairness Hearing may do so, unless the Court orders otherwise. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

        **3.7    Exclusion Requests.** Class Members (including Minor Subclass Members) may elect not to be part of the Class and not to be bound by this Settlement Agreement. To make this election, Class Members (including Minor Subclass Members) must send a letter or postcard to the Settlement Administrator stating: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 LHK (PSG)"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement. The exclusion request must be personally signed by the Class Member, or the parent or guardian in the case of a Minor Subclass Member, requesting exclusion. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed. The letter or postcard on which the request for exclusion is made must be postmarked no later than one-hundred-and-fifty (150) calendar days from the date of entry of the Preliminary Approval and Provisional Class Certification Order (which is sixty (60) calendar days after the deadline for completing the transmission of the Email Notice under Section 3.3(b) of this Agreement), with postage paid by the person requesting exclusion. Only Class Members and Minor Subclass Members who file and serve timely exclusion requests, as provided in this Section, will be deemed to have opted out of the Class (or Minor Subclass), unless the Court orders otherwise.

        (a)    **Exclusion List.** Facebook must serve (or have served) on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment.

        (b)    **Termination Clause.** If more than twelve thousand five hundred (12,500) Class Members request exclusion, then Facebook may, in its sole discretion, at any time on or before seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. If this Settlement Agreement is terminated, it will be deemed null and void *ab initio*. In that event: (i) the Provisional Class Certification Order and all of its



provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation (including any declarations and briefs filed in support of the Motion for Preliminary or Final Approval) will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding. The Parties expressly acknowledge that in the event this termination clause is invoked, then Section 3.9 of this Settlement applies, and therefore they expressly incorporate Section 3.9's terms by this reference as if set forth fully herein.

**3.8     Final Order and Judgment.** Before the Fairness Hearing, and assuming no exercise of the Termination Clause in Section 3.7 of this Agreement, Plaintiffs must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the form attached hereto as Exhibit 5. Subject to the Court's approval, the Final Order and Final Judgment shall, among other things:

- **(a)**     finally approve the Agreement and Settlement;

- **(b)**     finally certify the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3);

- **(c)**     find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

- **(d)**     issue orders related to the relief provided for in the Settlement Agreement, including injunctive relief, *cy pres* distribution, payment of incentive awards to Plaintiffs, and payment of attorneys' fees and costs to Class Counsel;

- **(e)**     incorporate the Release set forth in the Settlement Agreement;

- **(f)**     dismiss the Action with prejudice; and

- **(a)**     retain jurisdiction over the Action and the Parties relating to the administration, consummation, and/or enforcement of the Agreement and/or the Final Order and Final Judgment, and for any other necessary purpose.

With its application, Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class. Facebook shall be permitted, but not required, to file its own brief or statement in support of the Final Order and Judgment up to and including seven (7) calendar days prior to the Fairness Hearing.

**3.9     Action Status if Settlement Not Approved.** This Settlement Agreement is being entered into for settlement purposes only. If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date cannot occur for any reason, then

this Settlement Agreement will be deemed null and void *ab initio*. In that event: (a) the Preliminary Approval Order, the Final Order and Judgment (if applicable), and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating any and all rulings regarding class certification for settlement purposes, including conditional certification of the Class, conditional appointment of Plaintiffs as class representatives, and conditional appointment of Plaintiffs' Counsel as Class Counsel; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c)(i) no term or draft of this Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the Motion for Preliminary Approval or Motion for Final Approval), nor (iii) any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Order and Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date cannot occur for any reason, Facebook shall retain all its rights, for example, to object to the maintenance of the Action as a class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action, or for any other purpose.

## 4. DISMISSAL OF ACTION AND RELEASES

**4.1     Judgment and Enforcement.** The Parties agree that should the Court grant final approval of the proposed Settlement and enter the Final Judgment and Order, such Final Judgment and Order shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**4.2     Class Members' Release.** Upon the entry of the Final Order and Judgment, Plaintiffs and all Class Members, including all Minor Subclass Members (and their parents or legal guardians on all Minor Subclass Members' behalf), who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives (collectively the "Releasing Parties") shall be deemed to have fully, finally, and forever released, relinquished, and discharged against Facebook and all other persons and entities, including but not limited to persons and entities that have purchased Sponsored Stories from Facebook, and each of their direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them (collectively the "Released Parties"), all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown claims, in law or equity, fixed or contingent, which the Releasing Parties have or may have against the Released Parties arising out of or relating to any of the acts, omissions, or other conduct that was or could have been alleged in the Action, including but not limited to any and all acts, omissions, or other conduct related to the display of any Class Member's name, nickname, pseudonym, profile picture, photograph, likeness, or identity in a Sponsored Story ("Released Claims").



In addition, the Releasing Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by the Releasing Parties and their Counsel to be true, and they expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, the Releasing Parties agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**4.3 Plaintiffs' General Release.** Upon entry of the Final Order and Judgment, Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem, in their individual capacities only, and each of their successors, assigns, legatees, heirs, and personal representatives release and forever discharge Facebook and its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of its present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with it, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem, in their individual capacities only, and each of their successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Plaintiffs and their Counsel to be true, and they expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, Plaintiffs agree that this waiver is an

essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

## 5. ADDITIONAL PROVISIONS

**5.1    Facebook's Denial of Wrongdoing.** Facebook denies that it committed, or attempted to commit, any violations of law with respect to its users or otherwise. Facebook also denies that Plaintiffs and the Class have suffered any injury or damages as a result of conduct alleged in the Action. Facebook maintains that it has meritorious defenses to all the claims alleged in the Action. Nonetheless, Facebook believes that further litigation could be protracted, burdensome, expensive, and distracting. Facebook has also determined that further litigation would divert resources and attention from other activities important to its business interests. Thus, Facebook has concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Settlement.

**5.2    No Tax Liability.** Under no circumstances will Facebook or Facebook's Counsel have any liability for taxes or tax expenses under the Settlement. Plaintiffs, Plaintiffs' Counsel, and the recipients of *cy pres* funds are responsible for any taxes on their respective recoveries or rewards. Nothing in this Settlement Agreement, or statements made during the negotiation of its terms, shall constitute tax advice by Facebook or Facebook's Counsel.

**5.3    Change of Time Periods.** All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class or Minor Subclass. The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any provisions of this Agreement.

**5.4    Real Parties in Interest.** In executing this Settlement Agreement, the Parties warrant and represent that they, including Plaintiffs in their representative capacity on behalf of the Class and Minor Subclass, are the only persons having any interest in the claims asserted in this Action. Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.5    Voluntary Agreement.** The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

**5.6    Binding on Successors, etc.** This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

**5.7    Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

**5.8    Authorization.** Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released

by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.9 Entire Agreement.** This Settlement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Settlement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement and any such prior promises, representations, or warranties relating to this Action are null and void.

**5.10 Construction and Interpretation.** Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them. This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.11 Headings and Formatting of Definitions.** The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.12 Exhibits.** The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and the Settlement and are incorporated into this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.13 Modifications and Amendments.** No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

**5.14 Governing Law.** This Settlement Agreement is governed by California law and must be interpreted under California law without regard to conflict of laws principles.

**5.15 Further Assurances.** The Parties must execute and deliver any additional papers, documents, and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

**5.16 Agreement Constitutes a Complete Defense.** To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.17 Execution Date.** The execution date shall be the last date when all signatories have signed the Agreement.

**5.18 Counterparts.** This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitute one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, and PDFs of executed copies of this Settlement Agreement may be treated as originals.

**5.19 Recitals.** The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.20 Severability.** If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement or, if that proves unavailing, either Party may terminate the Settlement Agreement, and such termination shall be deemed to cause no prejudice to any Party.

**5.21 Inadmissibility.** This Settlement Agreement and any evidence of proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction. Further, neither this Settlement Agreement, nor the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

**5.22 No Waiver of Attorney-Client Privilege.** Nothing in this Agreement, the negotiations, and the mediation relating thereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including without limitation the attorney-client privilege or work product immunity, by any Party.

**5.23 No Conflict Intended.** Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**5.24 List of Exhibits:** The following exhibits are attached to this Settlement Agreement:

> Exhibit 1 – [Proposed] Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification
>
> Exhibit 2 – Long Form Notice
>
> Exhibit 3 – Email Notice
>
> Exhibit 4 – Publication Notice
>
> Exhibit 5 – [Proposed] Final Order Approving Class Action Settlement and Judgment
>
> Exhibit 6 – Sponsored Story Examples



**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:_____                **PLAINTIFF SUSAN MAINZER**

                                      _____
                                      Susan Mainzer,
                                      Individually and in her Representative Capacity

Dated:_____                **PLAINTIFF JAMES H. DUVAL**

                                      _____
                                      James H. Duval,
                                      Individually and in his Representative Capacity

Dated:_____                **PLAINTIFF W.T.**

                                      _____
                                      W.T.,
                                      Individually and in his Representative Capacity

Dated:_____                **PLAINTIFF W.T., A MINOR, BY AND THROUGH RUSSELL
                                      TAIT AS GUARDIAN AD LITEM**

                                      _____
                                      Russell Tait,
                                      on behalf of W.T., Individually and in his Representative
                                      Capacity

Dated: 6 - 14 - 12                    **DEFENDANT FACEBOOK, INC.**
                                      Michael G. Rhodes, attorney of
                                      record and attorney-in-fact

                                      By: _____

                                      Title: Partner, Cooley LLP

                                      On behalf of Facebook, Inc.

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

Dated: 6/14/12                    **PLAINTIFF SUSAN MAINZER**

Susan Mainzer,
Individually and in her Representative Capacity

Dated:_____            **PLAINTIFF JAMES H. DUVAL**

James H. Duval,
Individually and in his Representative Capacity

Dated:_____            **PLAINTIFF W.T., A MINOR, BY AND THROUGH RUSSELL
                                 TAIT AS GUARDIAN AD LITEM**

Russell Tait,
on behalf of W.T., Individually and in his Representative
Capacity

Dated:_____            **DEFENDANT FACEBOOK, INC.**

By:_____

Title:_____

On behalf of Facebook, Inc.

17 of 17

**The Parties have agreed to the terms of this Settlement Agreement and have signed below**

Dated _____      **PLAINTIFF SUSAN MAINZER**

Dated 6/13/12

Susan Mainzer,
Individually and in her Representative Capacity

**PLAINTIFF JAMES H. DUVAL**

James H. Duval,
Individually and in his Representative Capacity

Dated _____      **PLAINTIFF W.T., A MINOR, BY AND THROUGH RUSSELL TAIT AS GUARDIAN AD LITEM**

Russell Tait,
on behalf of W.T., Individually and in his Representative
Capacity

Dated _____      **DEFENDANT FACEBOOK, INC.**

By. _____

Title _____

On behalf of Facebook, Inc.

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:_____          **PLAINTIFF SUSAN MAINZER**

                                _____
                                Susan Mainzer,
                                Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF JAMES H. DUVAL**

                                _____
                                James H. Duval,
                                Individually and in his Representative Capacity

Dated:___6/14/12___             **PLAINTIFF W.T.**

                                _____
                                W.T.,
                                Individually and in his Representative Capacity

Dated:___6/14/12___             **PLAINTIFF W.T., A MINOR, BY AND THROUGH RUSSELL
                                TAIT AS GUARDIAN AD LITEM**

                                _____
                                Russell Tait,
                                on behalf of W.T., Individually and in his Representative
                                Capacity

Dated:_____          **DEFENDANT FACEBOOK, INC.**

                                _____

                                By:_____

                                Title:_____

                                On behalf of Facebook, Inc.

17 of 17

# EXHIBIT 1

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION

1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11 SAN JOSE DIVISION

12

| | |
|---|---|
| 13 ANGEL FRALEY; PAUL WANG; SUSAN<br>MAINZER; JAMES H. DUVAL, a minor, by<br>14 and through JAMES DUVAL, as Guardian ad<br>Litem; and W.T., a minor, by and through<br>15 RUSSELL TAIT, as Guardian ad Litem;<br>individually and on behalf of all others<br>16 similarly situated,<br><br>17              Plaintiffs,<br><br>18      v.<br><br>19 FACEBOOK, INC., a corporation; and<br>DOES 1-100,<br>20<br>             Defendant.<br>21 | Case No. CV-11-01726 LHK (PSG)<br><br>**[PROPOSED] ORDER GRANTING<br>PRELIMINARY APPROVAL OF CLASS<br>SETTLEMENT AND PROVISIONAL CLASS<br>CERTIFICATION**<br><br>Date:         July 12, 2012<br>Time:        1:30 p.m.<br>Judge:      Hon. Lucy H. Koh<br>Courtroom:  8<br>Trial Date:  December 3, 2012 |

22

23

24

25

26

27

28

1        On July 12, 2012, this Court heard the motion of plaintiffs Susan Mainzer, James H.

2  Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem ("Plaintiffs") for

3  preliminary approval of a class action settlement and provisional class certification under Rule 23

4  of the Federal Rules of Civil Procedure. This Court has reviewed the motion, including the

5  Settlement Agreement and Release ("Settlement Agreement"), and the Memorandum of Law and

6  supporting declarations of Robert S. Arns, Steven R. Weinmann, Jonathan M. Jaffe, the Hon.

7  Edward A. Infante, (Ret.), and Fernando Torres, and the response filed by defendant Facebook,

8  Inc. ("Facebook"), and considered the arguments of counsel. Based on this review and the

9  findings below, the Court found good cause to grant the motion.

10  **FINDINGS:**

11    **1.**    The Settlement Agreement appears to be the product of serious, informed, non-

12  collusive negotiations and falls within the range of possible approval as fair, reasonable and

13  adequate.  *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)

14  (granting preliminary approval where the settlement "appears to be the product of serious,

15  informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant

16  preferential treatment to class representatives or segments of the class, and falls within the range

17  of possible approval").

18    **2.**    It is appropriate to provisionally certify the Class and Minor Subclass (defined

19  below), for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

20    **(a)**    In the context of the Settlement Agreement, the Class and Minor Subclass

21  are so numerous that joinder of all Class and Minor Subclass Members is impracticable. Fed. R.

22  Civ. P. 23(a)(1).

23    **(b)**    In the context of the Settlement Agreement, there are questions of law and

24  fact common to the Class and Minor Subclass. Fed. R. Civ. P. 23(a)(2).

25    **(c)**    In the context of the Settlement Agreement, Plaintiffs' claims are typical of

26  the Class's and Minor Subclass's claims. Fed. R. Civ. P. 23(a)(3).

27    **(d)**    In the context of the Settlement Agreement, Plaintiffs and Class Counsel

28  can adequately represent the Class and Minor Subclass. Fed. R. Civ. P. 23(a)(4).

1.

1            **(e)**     In the context of the Settlement Agreement, there are questions of law and

2 fact which predominate over any questions affecting only individual Class and Minor Subclass

3 Members. Fed. R. Civ. P. 23(b)(3).

4            **(f)**     In the context of the Settlement Agreement, Class Certification is superior

5 to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ.

6 P. 23(b)(3).

7       **3.**     The Court finds that the method of providing notice to the Class and Minor

8 Subclass Members proposed in the Settlement Agreement constitutes the best method for

9 providing such notice that is practicable under the circumstances and constitutes valid, due, and

10 sufficient notice to all Class and Minor Subclass Members of their rights and obligations,

11 complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due

12 process, and any other applicable law. The Long Form Notice, Email Notice, and Publication

13 Notice (attached to the Settlement Agreement) comply with due process and Rule 23 because the

14 notices are reasonably calculated to adequately apprise Class and Minor Subclass Members of (i)

15 the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either

16 participate in the settlement, exclude themselves from the settlement or object to the settlement.

17       **4.**     Facebook filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to

18 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

19     **IT IS ORDERED THAT:**

20       **1.**     **Provisional Certification.** The Class is provisionally certified, for settlement

21 purposes only, under Federal Rule of Civil Procedure 23(b)(3) as:

22            **a.**     **Class:** All persons in the United States who have or have had a Facebook

23 account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs,

24 likenesses, or identities displayed in a Sponsored Story, at any time on or before the date of entry

25 of the Preliminary Approval Order.

26            **b.**     **Minor Subclass:** All persons in the Class who additionally have or have

27 had a Facebook account at any time and had their names, nicknames, pseudonyms, profile

28 pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under

2.

1   eighteen (18) years of age, or under any other applicable age of majority, at any time on or before
2   the date of entry of the Preliminary Approval Order.

3       **2.     Appointment of Class Representative and Class Counsel for Settlement**
4   **Purposes Only**. Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through
5   Russell Tait as Guardian ad Litem, are conditionally certified as the Class Representatives to
6   implement the Parties' settlement in accordance with the Settlement Agreement. The Arns Law
7   Firm, through Robert S. Arns, Esq., Jonathan E. Davis, and Steven R. Weinmann, and Jonathan
8   Jaffe Law, through Jonathan Jaffe, Esq., are conditionally appointed as Class Counsel to
9   implement the Parties' settlement in accordance with the Settlement Agreement. Plaintiffs and
10  Class Counsel must fairly and adequately protect the Class's and Minor Subclass's interests.

11      **3.     Settlement Approval**. The Settlement Agreement, including the Long Form
12  Notice, Email Notice, and Publication Notice, attached to the Settlement Agreement as Exhibits
13  2-4, are preliminarily approved.

14      **4.     Provision of Class Notice**. Defendant Facebook will notify Class and Minor
15  Subclass Members of the settlement in the manner specified under Section 3.3 of the Settlement
16  Agreement.

17      **5.     Objection to Settlement**.

18          **a.**     Class and Minor Subclass Members who have not submitted a timely
19  written exclusion request pursuant to paragraph 6 below of this Order, and who want to object to
20  the Settlement Agreement must deliver written objections to Class Counsel and Facebook's
21  Counsel, and must file such objection with the Court, no later than one-hundred-and-fifty (150)
22  calendar days from the date of this Order (which is sixty (60) calendar days after the deadline for
23  completing the transmission of the Notice under Section 3.3(b) of the Settlement Agreement).
24  The objection must include: (a) the name of the Action and case number, "*Fraley v. Facebook,*
25  *Inc.*, Case No. CV-11-01726 LHK (PSG)"; (b) the full name, address, telephone number, and
26  email address associated with the Facebook account of the person objecting, although the version
27  of the objection filed with the Court need not include the objecting individual's telephone number
28  or email address; and (c) an explanation detailing the specific reasons for each objection,
                                                                    3.

1 including any legal and factual support the objector wishes to bring to the Court's attention and

2 any evidence the objector wishes to introduce in support of the objection(s). Class Members and

3 Minor Subclass Members should be instructed that their objections will not be valid if they only

4 object to the lawsuit's appropriateness or merits.[1]

5       **b.**      Any Class or Minor Subclass Member who files and serves a written

6 objection (as described in this paragraph 5(a)-(d) of this Order), may appear at the Fairness

7 Hearing, either in person or through personal counsel hired at the Class Member's expense, to

8 object to the Settlement Agreement. Class and Minor Subclass Members, or their attorneys,

9 intending to make an appearance at the Fairness Hearing, however, must also deliver to Class

10 Counsel and Facebook's Counsel, and file with the Court, no later than one-hundred-and-fifty

11 (150) calendar days from the date of this Order (which is sixty (60) calendar days after the

12 deadline for completing the transmission of the Notice under Section 3.3(b) of the Settlement

13 Agreement), a Notice of Intention to Appear. As an alternative to the Notice of Intention to

14 Appear, Class and Minor Subclass Members may also state their intention to appear at the

15 Fairness Hearing directly within their objections.

16       **c.**      Only Class and Minor Subclass Members who have filed a timely

17 objection and provided notice of their intention to speak at the Fairness Hearing may speak at the

18 Fairness Hearing. However, it is not necessary for an objector to appear at the Fairness Hearing.

19       **d.**      The foregoing papers shall be filed through the Court's electronic filing

20 system or with the Court clerk at the United States District Court for the Northern District of

21 California, 280 South First St., San Jose, CA 95113. They shall also be mailed to counsel, at the

22 objector's expense, at the following addresses:

23

| **CLASS COUNSEL** | **FACEBOOK'S COUNSEL** |
|---|---|
| ROBERT S. ARNS, ESQ. | MICHAEL G. RHODES, ESQ. |
| THE ARNS LAW FIRM | COOLEY LLP |
| 515 FOLSOM STREET, 3RD FLOOR | 101 CALIFORNIA STREET, 5TH FLOOR |
| SAN FRANCISCO, CA 94104 | SAN FRANCISCO, CA 94111 |

26

27

28 ---
[1] *See In re TD Ameritrade Account Holder Litig.*, C 07-2852 SBA, 2011 WL 4079226, at *12-13 (N.D. Cal. Sept. 13, 2011).

4.

1         **e.**      The delivery and filing date for an objection and Notice of Intention to

2 Appear is deemed to be the date the objection is deposited in the U.S. Mail or equivalent foreign

3 system, with postage paid by the objector, as evidenced by the postmark.

4         **f.**      Any Class and Minor Subclass Members who fail to object to the

5 Settlement Agreement in the manner specified above will: (1) be deemed to have waived their

6 right to object, and will be forever barred from making any objections, to the Settlement

7 Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention,

8 appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the

9 Fairness Hearing.

10     **6.**     **Requesting Exclusion.**   Class and Minor Subclass Members who want to be

11 excluded from the settlement must send a letter or postcard to the Settlement Administrator

12 stating: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-

13 01726 LHK (PSG)"; (b) the full name, address, telephone number, and email address associated

14 with the Facebook account of the person requesting exclusion; and (c) a statement that he or she

15 does not wish to participate in the settlement. The request must be postmarked no later than one-

16 hundred-and-fifty (150) calendar days from the date of this Order (which is sixty (60) calendar

17 days after the deadline for completing the transmission of the Notice under Section 3.3(b) of the

18 Settlement Agreement), with the postage paid by the person requesting exclusion. The exclusion

19 request must be personally signed by the Class Member, or the parent or guardian in the case of a

20 Minor Subclass Member, requesting exclusion. So-called "mass" or "class" opt-outs purporting

21 to be made on behalf of multiple persons or classes of persons shall not be allowed. Class and

22 Minor Subclass Members who do not exclude themselves from the Settlement shall be bound by

23 all determinations and judgments in this Action, whether favorable or unfavorable, including the

24 release provided for under the Settlement Agreement.

25     **7.**     **Termination.**   If the Settlement Agreement terminates for any reason, this Action

26 will revert to its previous status in all respects as it existed before the Parties executed the

27 Settlement Agreement. This Court's provisional certification of the Class and Minor Subclass

28 and findings underlying the provisional certification shall be solely for settlement purposes. This

5.

1  Order will not waive or otherwise impact the Parties' rights or arguments. The Court expressly
2  adopts and incorporates by reference Section 3.9 of the Settlement Agreement.

3      **8.      No Admissions.** Nothing in this Order is, or may be construed as, an admission or
4  concession on any point of fact or law by or against any Party. Additionally, in the event the
5  Settlement Agreement terminates for any reason, no Party or other person may use the Settlement
6  Agreement, any proceedings or discussions related to the Settlement Agreement, or any orders
7  related to the Settlement Agreement in any manner prohibited by Sections 3.9 and 5.21 of the
8  Settlement Agreement.

9      **9.      Stay of Dates and Deadlines.** All discovery and pretrial proceeding deadlines,
10  are hereby vacated and suspended until further notice from the Court, except for such actions as
11  are necessary to implement the Settlement Agreement and this Order.

12     **10.     CAFA Notice.** The Court finds that Facebook has complied with 28 U.S.C.
13  § 1715(b).

14     **11.     Settlement Administrator**: The Court hereby appoints the Garden City Group as
15  Settlement Administrator. The Settlement Administrator shall set up the website as discussed in
16  the Settlement Agreement, §3.3, with the Internet Posting of the Long Form Notice to be posted
17  online.

18     **12.     Fairness Hearing.** On _____ 2012, (no earlier than 185 days after the
19  entry of this Order), at _____, this Court will hold a Fairness Hearing to determine whether
20  the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All
21  papers supporting Plaintiffs' request for attorneys' fees and costs must be filed before the
22  deadline for Facebook to provide notice to Class Members of the settlement. All of Plaintiffs'
23  other papers supporting Final Approval of the Settlement Agreement must be filed no later than
24  fourteen (14) calendar days before the Fairness Hearing. Facebook's (optional) statement in
25  support of the Final Approval of the Settlement Agreement must be filed no later than seven (7)
26  calendar days before the Fairness Hearing.

27

28

6.

1

**IT IS SO ORDERED.**

2

3    DATED:_____         _____  _____

4                                                          HON. LUCY H. KOH
                                                   U.S. DISTRICT COURT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.

# EXHIBIT 2

LONG FORM NOTICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ANGEL FRALEY, *et al.*,
                            Plaintiffs,

        v.

FACEBOOK, INC., *et al.*,
                            Defendants.

Case No. CV-11-01726 LHK (PSG)

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**This Notice relates to a proposed settlement (the "Settlement") of a class action lawsuit (the "Action") filed against Facebook, Inc. ("Facebook") relating to a particular Facebook feature called "Sponsored Stories." If you or your child have or have had a Facebook account and a Facebook Sponsored Story featured your or your child's name and profile picture, you or your child may be a "Settlement Class Member" in the Action.**

### This Notice explains important legal rights you may have.  Your and/or your child's legal rights will be affected regardless of whether you do or do not act.

- Sponsored Stories are a form of advertising that typically contains posts which appeared on facebook.com about or from a Facebook user or entity that a business, organization, or individual has paid to promote so there is a better chance that the posts will be seen by the user or entity's chosen audience.  Sponsored Stories may be displayed, for example, when a Facebook user interacts with the Facebook service (including sub-domains, international versions, widgets, plug-ins, platform applications or games, and mobile applications) in certain ways, such as by clicking on the Facebook "Like" button on a business's, organization's, or individual's Facebook page.  Sponsored Stories typically include a display of a Facebook user's Facebook name (i.e., the name the user has associated with his or her Facebook account) and/or profile picture (if the user has uploaded one) with a statement describing the user's interaction with the Facebook service, such as "John Smith likes UNICEF," "John Smith played Farmville," or "John Smith shared a link."  For illustrative purposes only, and without limiting Sponsored Stories to those examples, Exhibit A at the end of this notice contains several examples of Sponsored Stories.

- As described more completely below, as part of the Settlement, Facebook has agreed to:

  - Revise its terms of service (known as the "Statement of Rights and Responsibilities") relating to Sponsored Stories;

  - Give users (and minor users' parents or legal guardians) additional information about and control over the use of their (and their children's) names and profile pictures in Sponsored Stories; and

  - Pay $10 million total to the following entities: Center for Democracy and Technology, Electronic Frontier Foundation, MacArthur Foundation, Joan Ganz

1

Cooney Center, Berkman Center for Internet and Society (Harvard Law School), Information Law Institute (NYU Law School), Berkeley Center for Law and Technology (Berkeley Law School), Center for Internet and Society (Stanford Law School), High Tech Law Institute (Santa Clara University School of Law), Campaign for Commercial-Free Childhood, Consumers Federation of America, Consumers Union, Consumer Privacy Rights Fund, ConnectSafely.org, and WiredSafety.org, which are involved in educational outreach that teaches adults and children how to use social media technologies safely, or are involved in research of social media, with a focus on critical thinking around advertising and commercialization, and particularly with protecting the interests of children.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | You do not need to do anything to obtain the benefits described under the proposed Settlement. You will, however, be giving up your right to bring your own lawsuit related to the claims in the Action. | No deadline |
| **EXCLUDE YOURSELF** | This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. | Deadline: [Month] [Day], [Year] |
| **OBJECT** | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. You may only object if you have not excluded yourself. | Deadline: [Month] [Day], [Year] |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the Representative Plaintiffs' request for service awards for bringing the Action. | Hearing Date: [Month] [Day], [Year] at [Time] |
| | You may, but are not required to, speak at the Fairness Hearing about any Objection you filed to the Settlement. If you intend to speak at the Fairness Hearing, when you file your Objection you must let the Court, Class Counsel, and Facebook's Counsel know that you intend to do so. | |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. *Please be patient.*

## WHAT THIS NOTICE CONTAINS

BACKGROUND INFORMATION............................................................................................PAGE 4

   1.  Why did I get this notice?
   2.  What is this lawsuit about?
   3.  Why is this a class action?
   4.  Why is there a Settlement?
   5.  How do I know if I am part of the Settlement?
   6.  I am a parent or guardian of a minor. How do I know if my child is a subclass
      member?

THE PROPOSED SETTLEMENT ...........................................................................................PAGE 5

   7.  What relief does the Settlement provide to the Settlement Class Members?
   8.  When will Facebook distribute funds to the selected organizations and make or
      propose the agreed-upon changes to its website?
   9.  I or my child want to be part of the Settlement. What do I do?
  10. Do I have a lawyer in this case?
  11. How will the lawyers be paid?
  12. Will the Representative Plaintiffs receive any compensation for their efforts in
      bringing this Action?

DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS ....................................................PAGE 7

  13. What do Settlement Class Members give up to obtain relief under the Settlement?

HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT.................................................PAGE 8

  14. How do I get myself or my child out of the Settlement?

HOW TO OBJECT TO THE SETTLEMENT ............................................................................PAGE 8

  15. How do I tell the Court that I do not like the Settlement?
  16. What is the difference between excluding myself and objecting to the Settlement?

FAIRNESS HEARING ........................................................................................................PAGE 10

  17. What is the Fairness Hearing?
  18. When and where is the Fairness Hearing?
  19. May I speak at the hearing?

GETTING MORE INFORMATION.........................................................................................PAGE 10

  20. How do I get more information?

## BACKGROUND INFORMATION

### 1. Why did I get this notice?

You received this Notice because a settlement has been reached in this Action regarding Sponsored Stories on Facebook. According to Facebook's available records, you and/or your child may be a member of the Settlement Class and may be entitled to the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations. To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2. What is this lawsuit about?

The Action claimed that Facebook unlawfully used Settlement Class Members' names, profile pictures, photographs, likenesses, and identities to advertise or sell products and services through Sponsored Stories, without obtaining Settlement Class Members' consent. Facebook denies any wrongdoing and any liability whatsoever.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of any of the Representative Plaintiffs' claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3. Why is this a class action?

In a class action lawsuit, one or more people called "Representative Plaintiffs" (in this Action, Susan Mainzer, James Duval, and W.T., a minor, by and through Russell Tait) sue on behalf of other people who have similar claims. For purposes of this proposed Settlement, one court will resolve the issues for all Settlement Class Members, except for those people who properly exclude themselves from the Settlement Class, as explained in Section 14 below. The company sued in this case, Facebook, is called the Defendant.

### 4. Why is there a Settlement?

The Court has **not** decided that the Representative Plaintiffs or Facebook should win this Action. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief now rather than years from now, if at all.

### 5. How do I know if I am part of the Settlement?

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement:

> All persons in the United States who have or have had a
> Facebook account at any time and had their names, nicknames,

> pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story at any time on or before the date of entry of the Preliminary Approval Order.

In this notice, Class Members and Minor Subclass Members (defined below in Section 6) will be collectively referred to as "Settlement Class Members."

## 6. I am a parent or guardian of a minor. How do I know if my child is a subclass member?

The Court has decided that everyone who fits this description is a Minor Subclass Member for the purposes of the proposed Settlement:

> All persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under eighteen (18) years of age, or under any other applicable age of majority, at any time on or before the date of entry of the Preliminary Approval Order.

In this Notice, Minor Subclass Members and Class Members (defined above in Section 5) will be collectively referred to as "Settlement Class Members."

## THE PROPOSED SETTLEMENT

### 7. What relief does the Settlement provide to the Settlement Class Members?

If the proposed Settlement is approved by the Court, and after any appeals are resolved, Facebook has agreed to:

- Revise its terms of service (known as the "Statement of Rights and Responsibilities") to more fully explain the instances in which users agree to the display of their names and profile pictures in connection with Sponsored Stories.

- Create a mechanism that will allow Facebook users to view what content or information was displayed in connection with their profile picture and name in Sponsored Stories (such as the logos and names of particular companies or organizations).

- Develop settings that will allow Facebook users to prevent particular items or categories of content or information related to them from being displayed in future Sponsored Stories.

- Revise its terms of service to confirm that minors represent that their parent or legal guardian consents to the use of their names and profile pictures in connection with commercial, sponsored, or related content.

- Provide parents and legal guardians with additional information about how advertising works on Facebook in its Family Safety Center (currently available at

5

https://www.facebook.com/help/contact/328678960533614) and provide parents and legal guardians with additional tools to control whether their children's names and profile pictures are displayed in connection with Sponsored Stories.

- Make a good faith effort to work with Class Counsel to identify and clarify educational or other information on the Facebook website about how advertising works on Facebook.

- Pay $10 million total to the following entities which are involved in educational outreach that teaches adults and children how to use social media technologies safely, or are involved in research of social media, with a focus on critical thinking around advertising and commercialization, and particularly with protecting the interests of children: Center for Democracy and Technology, Electronic Frontier Foundation, MacArthur Foundation, Joan Ganz Cooney Center, Berkman Center for Internet and Society (Harvard Law School), Information Law Institute (NYU Law School), Berkley Center for Law and Technology (Berkeley Law School), Center for Internet and Society (Stanford Law School), High Tech Law Institute (Santa Clara University School of Law), Campaign for Commercial-Free Childhood, Consumers Federation of America, Consumers Union, Consumer Privacy Rights Fund, ConnectSafely.org, and WiredSafety.org.

### 8.  When will Facebook distribute funds to the selected organizations and make or propose the agreed-upon changes to its website?

Facebook will distribute funds to the organizations identified in Section 7 above no later than ninety (90) days after the Settlement is "final." "Final" means the Settlement has been finally approved by the Court and the time to appeal that approval to a higher court has expired and/or any appeals have been resolved in favor of the Settlement.  Facebook will take all the other steps identified in Section 7 no later than six (6) months after the Settlement is final.

### 9.  I or my child want to be part of the Settlement.  What do I do?

Nothing.  Every Settlement Class Member is entitled to obtain the relief provided under the Settlement.

### 10. Do I have a lawyer in this case?

The Court has ordered that the Arns Law Firm and Jonathan Jaffe Law ("Class Counsel") will represent the interests of all Settlement Class Members. You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11. How will the lawyers be paid?

Class Counsel will request up to $10 million for their attorneys' fees and up to $300,000 to cover their costs.  The Court will make the final decision as to the amounts to be paid to the Class Counsel.  This amount will not affect the relief obtained by the Settlement Class under

the Settlement.

## 12. Will the representative plaintiffs receive any compensation for their efforts in bringing this Action?

Susan Mainzer, James Duval, and W.T., a minor, by and through Russell Tait, will request a service award of up to $12,500 (each) for their services as class representatives and their efforts in bringing the Action. The Court will make the final decision as to the amount to be paid to the class representatives. This amount will not affect the relief obtained by the Class under the Settlement.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13. What do Settlement Class Members give up to obtain relief under the Settlement?

If the Settlement is approved, the Court will enter a Final Order and Judgment dismissing the Action "with prejudice" (i.e., meaning that it cannot be filed again). The Final Order and Judgment shall fully, finally, and forever release, relinquish, and discharge all Released Claims. Except for those Settlement Class Members who validly and timely request to be excluded from the Settlement Class (as described in Section 14 below), the Final Order and Judgment will also forever bar and enjoin Settlement Class Members and the Releasing Parties from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party. In general, the term "Released Claims" includes, but is not limited to, all claims arising out of or relating to any of the acts, omissions, or other conduct that was or could have been alleged in the Action, including but not limited to any and all acts, omissions, or other conduct related to the display of any Class Member's name, nickname, pseudonym, profile picture, photograph, likeness, or identity in a Sponsored Story, up through the time that Preliminary Approval was granted in this Action on July XX, 2012.

The precise definitions of the capitalized terms in the paragraph above can be found in the Settlement Agreement, which is located online at www.[xxx].com or may be obtained by requesting it from the Settlement Administrator: *Fraley v. Facebook, Inc.*, Settlement, c/o The GCG, Inc. [Address], [City], [State] [ZIP Code].

Unless you exclude yourself, you will remain in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

Class Counsel brought this Action and contended that California Civil Code section 3344 protects a person's name and likeness against appropriation by others (i.e., protects the "right of publicity"). Class Counsel contended that Sponsored Stories were advertisements that used Facebook members' names and likenesses to sell products without their consent. California Civil Code section 3344 provides that one whose name and/or likeness has been misappropriated is entitled to damages caused by the misappropriation or statutory damages, and that punitive damages may be awarded to the injured party. It also states that the prevailing party (whether it be the person bringing the lawsuit or the defendant) will be entitled to collect attorneys' fees and costs from the other party. Class Counsel also

alleged that Facebook violated California's Unfair Competition Law (Business and Professions Code, section 17200 and the sections that follow).

If you exclude yourself from the Settlement Class, you would retain the right to bring a claim against Facebook, but you would not have representation provided for you through this lawsuit, and would be responsible for hiring your own attorney.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14. How do I exclude myself or my child from the Settlement?

Settlement Class Members who do not want to be a part of the Settlement must send a letter or postcard stating: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 LHK (PSG)"; (b) their full name, address, telephone number, and email address associated with their Facebook account; and (c) a statement that the Settlement Class Member does not wish to participate in the Settlement. The letter or postcard must be sent to the Settlement Administrator at:

*Fraley v. Facebook, Inc., Settlement*
c/o GCG, Inc.
[Address]
[City], [State] [ZIP Code]

The letter or postcard must be postmarked no later than [Month] [Day], [Year], with the postage paid by the person requesting exclusion. The exclusion request must be personally signed by the Class Member, or the parent or guardian in the case of a Minor Subclass Member, requesting exclusion. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed.

If you are a Class Member and you, or someone acting on your behalf if you are a member of the Minor Subclass, submit a valid written request to be excluded from the Class, you will not be a part of the Settlement, and will not be bound by the Final Order and Judgment entered in the Action, and will not be precluded from prosecuting any timely, individual claim against Facebook, or other persons or entities, based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15. How do I tell the Court that I do not like the Settlement?

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and expenses, and a service award to the Representative Plaintiffs.

If you have not submitted a timely written exclusion request and wish to object on behalf of yourself or your child to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, or service award, you must deliver a written objection ("Objection") to Class Counsel and Facebook's Counsel at the addresses set forth

below, and must be postmarked no later than [Month] [Day], [Year].

| **CLASS COUNSEL** | **FACEBOOK'S COUNSEL** |
|---|---|
| ROBERT S. ARNS, ESQ. | MICHAEL G. RHODES, ESQ. |
| THE ARNS LAW FIRM | COOLEY LLP |
| 515 FOLSOM STREET, 3RD FLOOR | 101 CALIFORNIA STREET, 5TH FLOOR |
| SAN FRANCISCO, CA 94104 | SAN FRANCISCO, CA 94111 |

**You must also file the Objection with the Court.** The Objection may be filed through the Court's electronic filing system or with the Court Clerk located at: United States District Court for the Northern District of California, San Jose Division, in the United States District Courthouse, 280 South 1st Street, San Jose, CA 95113.

Any written Objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 LHK (PSG)"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person objecting; and (c) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). The version of the Objection filed with the Court need not include the objecting individual's telephone number or email address. Objections discussing only the merits of the Action or the appropriateness of it being brought will not be valid.

You may, but need not, file and serve your Objection through counsel of your choice. If you do make your Objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you file and serve an Objection, and comply with this paragraph, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, or service award. You are not required, however, to appear.

**If you or your attorney intend to make an appearance at the Fairness Hearing, you must also deliver to Class Counsel and Facebook's Counsel, and file with the Court (as described above), postmarked no later than [Month] [Day], [Year], a Notice of Intention to Appear. Alternatively, you may state on your Objection that you intend to appear and speak at the Fairness Hearing.**

The delivery and file date for an Objection and Notice of Intention to Appear is deemed to be the date they are deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the postmark.

### 16. What is the difference between excluding myself and objecting to the Settlement?

Objecting is simply telling the Court that you don't like something about the Settlement.

You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17. What is the Fairness Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiffs.

### 18. When and where is the Fairness Hearing?

The Court will hold the Fairness Hearing at [time] on [Month] [Day], [Year] in San Jose, Courtroom 8 - 4th Floor, 280 South 1st Street, San Jose, CA 95113. The hearing may be postponed to a different date or time or location without notice. Please check www.[xxx].com for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

### 19. May I speak at the hearing?

At that hearing, the Court will be available to hear any Objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to. As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely served and filed an Objection, and (b) informed the Court, Class Counsel, and Facebook's Counsel that you intend to speak at the Fairness Hearing.

If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## GETTING MORE INFORMATION

### 20. How do I get more information?

To see a copy of the Settlement Agreement (which defines terms used in this notice and provides a brief summary of what has happened in the Action), the Court's preliminary approval order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the settlement website located at: www.[xxx].com. Alternatively, you may contact the Settlement Administrator at: *Fraley v. Facebook, Inc.*, Settlement, c/o GCG, Inc. [Address], [City], [State] [ZIP Code].

The above description of the Action is general and does not cover all of the issues and

proceedings that have occurred. In order to see the complete file for the Action, you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/. You may also visit or call the Clerk's office at the United States District Court for the Northern District of California, San Jose Courthouse located at 280 South 1st Street, San Jose, CA 95113. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: [Month] [Day], [Year]                    By: Order of the Northern District of California
                                                         HONORABLE LUCY H. KOH
                                                         JUDGE OF THE U.S. DISTRICT COURT

# EXHIBIT 3

EMAIL NOTICE

To: XXXXXXXXXX

From: XXXXXXXXXX
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
ANGEL FRALEY V. FACEBOOK, INC.

## You are receiving this e-mail [or notification] because you may have been featured in a "Sponsored Story" on Facebook prior to [insert: date of entry of Preliminary Approval Order].

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Why did I get this notice?** This Notice relates to a proposed settlement ("Settlement") of a class action lawsuit ("Action") filed against Facebook relating to a particular Facebook feature called "Sponsored Stories." According to available records, you may be a "Class Member."

**What is the Action about?** The Action claims that Facebook unlawfully used Facebook users in the United States's names, profile pictures, photographs, likenesses, and identities to advertise or sell products and services through Sponsored Stories without obtaining those users' consent. Facebook denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.

**What is a Sponsored Story?** Sponsored Stories are a form of advertising that typically contains posts which appeared on facebook.com about or from a Facebook user or entity that a business, organization, or individual has paid to promote so there is a better chance that the posts will be seen by the user or entity's chosen audience. Sponsored Stories may be displayed, for example, when a Facebook user interacts with the Facebook service in certain ways, such as by clicking on the Facebook "Like" button on a business's, organization's or individual's Facebook page. Sponsored Stories typically include a display of a Facebook user's Facebook name (i.e., the name the user has associated with his or her Facebook account) and/or profile picture (if the user has uploaded one) with a statement describing the user's interaction with the Facebook service, such as "John Smith likes UNICEF," "John Smith played Farmville," or "John Smith shared a link."

**What relief does the Settlement provide?** Facebook will (a) revise its terms of service (known as the "Statement of Rights and Responsibilities" or "SRR") to more fully explain the instances in which users agree to the display of their names and profile pictures in connection with Sponsored Stories; (b) create a mechanism that will allow users to view what content or information related to them was displayed in Sponsored Stories; (c) develop settings that will allow users to prevent particular items or categories of content or information related to them from being displayed in future Sponsored Stories; (d) revise its SRR to confirm that minors represent that their parent or legal guardian consents to the use of the minor's name and profile picture in connection with commercial, sponsored, or related content; and (e) provide parents and legal guardians with additional information about how advertising works on Facebook in its Family Safety Center and

provide parents and legal guardians with additional tools to control whether their children's names and profile pictures are displayed in connection with Sponsored Stories. Facebook will also pay $10 million total to Center for Democracy and Technology, Electronic Frontier Foundation, MacArthur Foundation, Joan Ganz Cooney Center, Berkman Center for Internet and Society (Harvard Law School), Information Law Institute (NYU Law School), Berkeley Center for Law and Technology (Berkeley Law School), Center for Internet and Society (Stanford Law School), High Tech Law Institute (Santa Clara University School of Law), Campaign for Commercial-Free Childhood, Consumers Federation of America, Consumers Union, Consumer Privacy Rights Fund, ConnectSafely.org, and WiredSafety.org, which are involved in educational outreach that teaches adults and children how to use social media technologies safely, or are involved in research of social media, with a focus on critical thinking around advertising and commercialization, and particularly with protecting the interests of children.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | You do not need to do anything to obtain the benefits described under the proposed Settlement. You will, however, be giving up your right to bring your own lawsuit related to the claims in the Action. | No deadline |
| **EXCLUDE YOURSELF** | This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. | Deadline: [Month] [Day], [Year] |
| **OBJECT** | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. | Deadline: [Month] [Day], [Year] |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the Representative Plaintiffs' request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any Objection you filed to the Settlement. If you intend to speak at the Fairness Hearing, when you file your Objection you must let the Court, Class Counsel and Facebook's Counsel know that you intend to do so. | Hearing Date: [Month] [Day], [Year] at [Time] |

**To Parents and Guardians of Children on Facebook:** The settlement also involves the claims of minors featured in Sponsored Stories on Facebook. Please see the settlement website for more information.

**More information?** For complete information about the settlement and to view the Settlement Agreement and related Court documents, please visit www.[xxx].com or write to the Settlement Administrator at *Fraley v. Facebook, Inc.,* Settlement c/o GCG, Inc., [address], [city] [state] [ZIP code]. You may also contact Class Counsel: Robert S. Arns of the Arns Law Firm by calling (800) 495-7800.

# EXHIBIT 4

PUBLICATION NOTICE

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**This Notice relates to a proposed settlement ("Settlement") of a class action lawsuit ("Action") filed against Facebook relating to a particular Facebook feature called "Sponsored Stories." If prior to [insert: date of entry of Preliminary Approval Order] you or your child are or were a Facebook user in the United States and a Facebook Sponsored Story featured your or your child's name and profile picture, you or your child may be a "Class Member" in the Action.**

**What is the Action about?** The Action claims that Facebook unlawfully used Class Members' names, profile pictures, photographs, likenesses, and identities to advertise or sell products and services through Sponsored Stories without obtaining Class Members' consent. Facebook denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.

**What is a Sponsored Story?** Sponsored Stories are a form of advertising that typically contains posts which appeared on facebook.com about or from a Facebook user or entity that a business, organization, or individual has paid to promote so there is a better chance that the posts will be seen by the user or entity's chosen audience. Sponsored Stories may be displayed, for example, when a Facebook user interacts with the Facebook service in certain ways, such as by clicking on the Facebook "Like" button on a business's, organization's or individual's Facebook page. Sponsored Stories typically include a display of a Facebook user's Facebook name (i.e., the name the user has associated with his or her Facebook account) and/or profile picture (if the user has uploaded one) with a statement describing the user's interaction with the Facebook service, such as "John Smith likes UNICEF," "John Smith played Farmville," or "John Smith shared a link."

**What relief does the Settlement provide?** Facebook will (a) revise its terms of service (known as the "Statement of Rights and Responsibilities" or "SRR") to more fully explain the instances in which users agree to the display of their names and profile pictures in connection with Sponsored Stories; (b) create a mechanism that will allow users to view what content or information related to them was displayed in Sponsored Stories; (c) develop settings that will allow users to prevent particular items or categories of content or information related to them from being displayed in future Sponsored Stories; (d) revise its SRR to confirm that minors represent that their parent or legal guardian consents to the use of the minor's name and profile picture in connection with commercial, sponsored, or related content; and (e) provide parents and legal guardians with additional information about how advertising works on Facebook in its Family Safety Center and provide parents and legal guardians with additional tools to control whether their children's names and profile pictures are displayed in connection with Sponsored Stories. Facebook will also pay $10 million total to Center for Democracy and Technology, Electronic Frontier Foundation, MacArthur Foundation, Joan Ganz Cooney Center, Berkman Center for Internet and Society (Harvard Law School), Information Law Institute (NYU Law School), Berkeley Center for Law and Technology (Berkeley Law School), Center for Internet and Society (Stanford Law School), High Tech Law Institute (Santa Clara University School of Law), Campaign for Commercial-Free Childhood, Consumers

Federation of America, Consumers Union, Consumer Privacy Rights Fund, ConnectSafely.org, and WiredSafety.org which are involved in protecting the privacy rights of people who use the Internet.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

- **DO NOTHING**: You do not need to do anything to obtain the benefits described under the proposed Settlement. You will, however, be giving up your right to bring your own lawsuit related to the claims in the Action.

- **EXCLUDE YOURSELF**: This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. The exclusion deadline is [Month] [Day], [Year].

- **OBJECT**: Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. The objection deadline is [Month] [Day], [Year].

- **GO TO A HEARING**: The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the Representative Plaintiffs' request for service awards for bringing the Action. You may, but are not required to, speak at the Fairness Hearing about any Objection you filed to the Settlement. If you intend to speak at the Fairness Hearing, when you file your Objection you must let the Court, Class Counsel and Facebook's Counsel know that you intend to do so.

**To Parents and Guardians of Children on Facebook:** The settlement also involves the claims of minors featured in Sponsored Stories on Facebook. Please see the settlement website for more information.

**More information?** For complete information about the settlement and to view the Settlement Agreement and related Court documents, please visit www.[xxx].com or write to the Settlement Administrator at *Fraley v. Facebook, Inc.,* Settlement c/o GCG, Inc., [address], [city] [state] [ZIP code]. You may also contact Class Counsel: Robert S. Arns of the Arns Law Firm by calling (800) 495-7800.

# EXHIBIT 5

[PROPOSED] FINAL ORDER APPROVING
CLASS ACTION SETTLEMENT AND JUDGMENT

1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13   ANGEL FRALEY; PAUL WANG; SUSAN          Case No. CV-11-01726 LHK (PSG)
     MAINZER; JAMES H. DUVAL, a minor, by
14   and through JAMES DUVAL, as Guardian ad  **[PROPOSED] FINAL ORDER APPROVING
     Litem; and W.T., a minor, by and through  CLASS ACTION SETTLEMENT AND
15   RUSSELL TAIT, as Guardian ad Litem;      JUDGMENT**
     individually and on behalf of all others
16   similarly situated,                      Date:        July 12, 2012
                                              Time:        1:30 p.m.
17                  Plaintiffs,               Judge:       Hon. Lucy H. Koh
                                              Courtroom:   8
18          v.                                Trial Date:  December 3, 2012

19   FACEBOOK, INC., a corporation; and
     DOES 1-100,
20
                    Defendant.
21

22

23

24

25

26

27

28
                                        1.

1            On         , 2012, this Court heard the Motion of Plaintiffs Susan Mainzer, James

2    H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem ("Plaintiffs"), for

3    Final Approval of Class Action Settlement and their Motion for Award of Attorneys' Fees and

4    Costs and Incentive Award. This Court has considered: (a) the Settlement Agreement and

5    Release ("Settlement Agreement"); (b) the Memorandum of Law and supporting declarations of

6    Robert S. Arns, Steven R. Weinmann, Jonathan M. Jaffe, the Hon. Edward A. Infante (Ret.), and

7    Fernando Torres, and the response filed by defendant Facebook, Inc. ("Facebook") regarding the

8    Settlement Agreement; (c) the Memorandum of Law and supporting declarations regarding the

9    Motion for Award of Attorneys' Fees and Costs and Incentive Awards; (d) any objections filed

10   with or presented to the Court; (e) the Parties' responses to any objections; and (f) arguments

11   presented at the hearing. Based on this review and the findings below, the Court found good

12   cause to grant the motions.

13   **FINDINGS:**

14       **1.**     Unless otherwise specified, defined terms in this Order have the same definition as

15   the terms in the Settlement Agreement.

16       **2.**     This Court has jurisdiction over the subject matter of this Action, all parties to the

17   Action, and all Class and Minor Subclass Members who have not timely and validly requested

18   exclusion.

19       **3.**     Facebook provided notice to Class and Minor Subclass Members in compliance

20   with this Court's Preliminary Approval of Class Settlement and Provisional Class Certification

21   Order, Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of

22   Civil Procedure.

23           **a.**     Indirect notice was published in the national edition of USA Today and

24   over PR Newswire.

25           **b.**     Direct notice was sent to                  Class and Minor Subclass

26   members.

27           **c.**     The notice given was the best method for providing such notice that was

28   practicable under the circumstances. The notice: (i) fully and accurately informed Class and

                                                              2.

1 Minor Subclass Members about the lawsuit and settlement; (ii) provided sufficient information so
2 that Class and Minor Subclass Members were able to decide whether to accept the benefits
3 offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii)
4 provided procedures for Class and Minor Subclass Members to file written objections to the
5 proposed settlement, to appear at the hearing, and to state objections to the proposed settlement;
6 and (iv) provided the time, date, and place of the final fairness hearing.

7     **4.**     There were _____ timely objections to the Settlement Agreement and
8 _____ timely exclusion requests.

9     **5.**     For the reasons stated in the Preliminary Approval of Class Settlement and
10 Provisional Class Certification Order, and having found nothing in any submitted objections that
11 would disturb these previous findings, this Court finds and determines that the proposed Class
12 and Minor Subclass, as defined below, meet all of the legal requirements for class certification,
13 for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

14     **6.**     Upon review of the record, the Court hereby finds that the Settlement Agreement
15 is, in all respects, fair, adequate, and reasonable, and therefore approves it. The Court has come
16 to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil*
17 *Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982). Among other matters considered, the
18 Court took into account: (a) the arguments raised by Facebook in its pleadings that could
19 potentially preclude recovery by Class and Minor Subclass Members; (b) the novelty and
20 complexity of Plaintiffs' theory of liability; (c) delays in any award to the Class and Minor Class
21 Members that would occur due to appellate proceedings, which Facebook's defense of this Action
22 to date suggests is a strong likelihood; (d) the amount of discovery (documentary and deposition)
23 that has occurred; (e) the relief provided to the Class and Minor Subclass in the way of injunctive
24 relief and *cy pres* distribution; (f) the recommendation of the Settlement Agreement by counsel
25 for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating
26 that the Class and Minor Subclass have a positive reaction to the proposed settlement.

27     **7.**     The Court also finds that extensive arm's-length negotiations have taken place, in
28 good faith, between Class Counsel and Facebook's Counsel resulting in the Settlement

3.

1  Agreement. Parts of these negotiations were presided over by the experienced mediator Hon.
2  Edward A. Infante (ret.).

3    **8.**    The Settlement Agreement provides substantial value to the class. The Settlement
4  Agreement provides for injunctive relief that the Court finds is valued at _____. In
5  addition, Facebook has agreed to a $10 million *cy pres* distribution. These recipients of the
6  distribution are entities which have been and are engaged in activities that will benefit the entire
7  Class and Minor Subclass, as well as the public at large.

8    **9.**    The Parties adequately performed their obligations under the Settlement
9  Agreement.

10    **10.**    An award of $_____ (total) in attorneys' fees and costs to Class
11  Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and
12  efforts in prosecuting this Action, and the benefits obtained for the Class.

13    **11.**    An incentive award to plaintiffs Susan Mainzer, James H. Duval, and W.T., a
14  minor, by and through Russell Tait as Guardian ad Litem, of $_____ (each) is
15  fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and
16  emotional) in commencing this action as the Class Representatives; (b) the time and effort spent
17  by Plaintiffs in litigating this action as the Class Representatives; and (c) Plaintiffs' public interest
18  service.

19    **12.**    The objections have been considered by the Court, and they are without merit.

20  **IT IS ORDERED THAT:**

21    **1.**    **Class Certification.** The following class and subclass are certified, for settlement
22  purposes only:

23       The Class Members are defined as:

24           All persons in the United States who have or have had a Facebook
25           account at any time and had their names, nicknames, pseudonyms,
             profile pictures, photographs, likenesses, or identities displayed in a
26           Sponsored Story, at any time on or before [*insert: the date of entry
             of the Preliminary Approval Order*].

27       The Minor Subclass is defined as:

28
                                         4.

1

2

3

4

> All persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under eighteen (18) years of age, or under any other applicable age of majority, at any time on or before [*insert: the date of entry of the Preliminary Approval Order*].

5

6

7

8

9

10

**2.     Binding Effect of Order**.  This Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class and Minor Subclass Members, including those who did not properly request exclusion under paragraph 6 of the Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification.  This Order does not bind persons who filed timely and valid requests for exclusions.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

11

**3.     Objections.**  All objections to the Settlement are hereby overruled.

12

13

14

**4.     Class Relief**.  Facebook is bound by the injunctive relief stated in Section 2.1(a)-(e) of the Settlement Agreement (a copy of which section is attached hereto as Exhibit B) for two years following the Final Settlement Date, as defined in Section 1.7 of the Settlement Agreement.

15

16

17

18

19

20

**5.     Compliance Audit**.  During the period in which the injunctive relief remains in effect, as provided in Section 2.1(e) of the Settlement Agreement, Class Counsel shall have the right to move the Court for an Order requiring one compliance audit by a third-party auditor for good cause shown, and Facebook shall have the right to oppose such a motion.  If a compliance audit is ordered, Facebook shall be responsible for paying the costs associated with one such audit.

21

22

23

**6.     Cy Pres Distribution**.     Facebook shall pay $10 million, divided among _____ pursuant to the timeline stated in Section 2.2 of the Settlement Agreement.

24

25

26

27

**7.     Attorney's Fees and Costs**.  Class Counsel is awarded $_____ (total) in fees and costs.  Payment shall be made to The Arns Law Firm by Facebook pursuant to the timeline stated in Section 2.4 of the Settlement Agreement.

28

5.

1   **8.    Calculation of Attorneys' Fees and Costs**. The Court used the lodestar method

2   to calculate the attorneys' fees award. Using the lodestar method, the Court finds that Class

3   Counsel's hours and expenses were reasonable. The Court has considered the appropriate factors

4   to determine that a multiplier is/is not appropriate. [The Court calculates a multiplier of __.__ by

5   dividing the total award ($_____) by the lodestar figure ($_____)] [The fees

6   are also appropriate under a percentage-of-recovery analysis, given, among other factors, the

7   result obtained for the Class and Minor Subclass Members, including the injunctive relief, the

8   financial burden of contingent representation, and the quality of Counsel's work. *See Vizcaino v.*

9   *Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).]

10   **9.    Incentive Award.** Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor,

11   by and through Russell Tait as Guardian ad Litem, are awarded $_____ (each)

12   as an incentive award. Payment shall be made pursuant to the timeline stated in Section 2.4 of the

13   Settlement Agreement.

14   **10.    Release.** Plaintiffs and all Class and Minor Subclass Members who did not

15   properly request exclusion are: (1) deemed to have released and discharged all claims arising out

16   of or asserted in this action and claims released under the Settlement Agreement, including all

17   claims that could have been asserted in this Action; and (2) barred and permanently enjoined from

18   asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of

19   the release described in this paragraph are set forth in Sections 4.2 and 4.3 of the Settlement

20   Agreement. The Court expressly adopts and incorporates by reference Sections 4.2 and 4.3 of the

21   Settlement Agreement.

22   **11.    No Admission of Wrongdoing.** Facebook has denied any liability, fault, or

23   wrongdoing of any kind in connection with the allegations in this action, and as such, neither this

24   Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations

25   or proceedings connected with it, shall be construed as an admission or concession by Facebook

26   of the truth of any of Plaintiffs' allegations, or of any liability, fault, or wrongdoing of any kind.

27   **12.    Termination**. If the Settlement Agreement terminates for any reason, this action

28   will revert to its previous status in all respects as it existed before the Parties executed the

6.

1 | Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or
2 | arguments. The Court expressly adopts and incorporates by reference Section 3.9 of the
3 | Settlement Agreement.

4 | **13.** **Dismissal of Action**. This Action, including all of the individual and class claims
5 | included therein, is hereby dismissed on the merits and with prejudice. The Clerk of the Court is
6 | instructed to close the file for this Action.

7 | **14.** **Judgment.** The Court finds there is no just reason for delay and expressly directs
8 | that Judgment be entered immediately by the Clerk of the Court.

9 | **15.** **Court's Jurisdiction**. Without affecting the finality of the dismissal or the
10 | Judgment, pursuant to the Parties' request, the Court will retain jurisdiction over this Action and
11 | the Parties until final performance of the Settlement Agreement.

13 | It is so ordered and adjudged.

16 | DATED:_____

HON. LUCY H. KOH
UNITED STATES DISTRICT COURT JUDGE

7.

# EXHIBIT 6

SPONSORED STORY EXAMPLES

# EXHIBIT 6 - SPONSORED STORY EXAMPLES































**John Smith** likes Stanford Graduate School of Business.

**Stanford Graduate School of Business**
👍 Like



**John Smith** likes Obamacare.

APPROVED

**Obamacare** Community

Jane Doe and 5 other people also like this.

Like Page · Find More Pages · about an hour ago · Sponsored



**John Smith** likes US Olympic Team.

**US Olympic Team**
Non-Profit Organization

Jane Doe and 3 other people also like this.

Like Page · Find More Pages · Monday at 5:04pm · Sponsored



**John Smith** likes George W. Bush Presidential Center.

RECENT POST

**George W. Bush Presidential Center**     Like Page

President Bush and Warrior Open tournament director Carolyn Creekmore played golf over Memorial Day weekend with wounded warriors Nick Bradley and Dave Romanowsky, who competed in the inaugural Warrior Open last year.

**Wall Photos**
President Bush and Warrior Open tournament director Carolyn Creekmore played gol..
See More
By: George W. Bush

Like · Comment · Share · 👍 709 💬 42 📄 46 · 🔗

3