1   **KOREIN TILLERY**
    Steven A. Katz
2   skatz@koreintillery.com
    Aaron M. Zigler
3   azigler@koreintillery.com
    One U.S. Bank Plaza
4   505 N. 7th St., Suite 3600
    St. Louis, MO 63101-1625
5   Tel: (314) 241-4844  Fax: (314) 241-3525

6   [Additional Counsel Appear on Signature Page]

7   *Attorneys for Movants.*

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11  ANGEL FRALEY; PAUL WANG; SUSAN         Case No.  11-CV-1726 LKH (PSG)
    MAINZER; JAMES H. DUVAL, a minor, by and
12  through JAMES DUVAL, as Guardian ad Litem;
    and W.T., a minor, by and through RUSSELL      **MOTION AND MEMORANDUM AND**
13  TAIT, as Guardian ad Litem; individually and   **POINTS OF AUTHORITY IN SUPPORT OF**
    on behalf of all others similarly situated,    **INTERVENTION TO OPPOSE THE**
14                                                 **MOTION FOR PRELIMINARY APPROVAL**
            Plaintiffs,                            **OF CLASS SETTLEMENT**
15
    v.                                             Date:        July 12, 2012
16
    FACEBOOK, INC.,                                Courtroom:   8
17
            Defendant.                             Judge:       Hon. Lucy H. Koh
18
                                                   Trial Date:  December 3, 2012
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................Error! Bookmark not defined.

NOTICE OF MOTION ................................................................................................. 1

STATEMENT OF RELIEF SOUGHT ........................................................................... 3

HISTORY OF THE ACTIONS ...................................................................................... 3

SUBSTANTIVE DIFFERENCES BETWEEN THE EXISTING  CLAIMS OF THE

      PROPOSED PLAINTIFFS-INTERVENORS AND  THE PLAINTIFFS IN

      THIS ACTION ..................................................................................................... 4

ARGUMENT .................................................................................................................. 8

    I.      INTERVENTION SHOULD BE GRANTED AS A MATTER OF

          RIGHT ..................................................................................................... 9

          A.    The Application is Timely ................................................... 10

          B.    Plaintiffs-Intervenors Have the Requisite Interest in the

               Subject of This Case. .......................................................... 11

          C.    Disposition of This Case Will Substantially Impair or

               Impede the Interests of Plaintiffs-Intervenors. ................... 12

          D.    The Interests of Plaintiffs-Intervenors Are Not Adequately

               Represented in this Action.................................................. 13

    II.     ALTERNATIVELY, PLAINTIFFS-INTERVENORS MOVE TO

          PERMISSIVELY INTERVENE .................................................... 16

CONCLUSION ............................................................................................................. 17

KOREIN TILLERY
*Attorneys at Law*

i                Case No. 11-cv-1726-LHK (PSG)
Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acosta v. Trans Union, L.L.C.*,
243 F.R.D. 377 (C.D. Cal. 2007) ............................................................................ 2, 14, 15

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir.), *cert. denied sub nom. Hoohuli v. Lingle*, 540 U.S. 1017
(2003) ....................................................................................................................... 11, 13

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
647 F.3d 893 (9th Cir. 2011) ................................................................................... 10, 13

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ........................................................................................ 14

*Duffens v. Valenti*,
161 Cal. App. 4th 434 (2008) ........................................................................................... 6

*Fergus v. Songer*,
150 Cal. App. 4th 552 (2007) ........................................................................................... 7

*Ferrington v. McAfee, Inc.*,
No. 10-cv-01455, 2012 WL 1156399 (N.D. Cal. Apr. 6, 2012) ....................................... 1

*Hakes Inv. Co. v. Lyons*,
137 P. 911 (Cal. 1913) ...................................................................................................... 6

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ................................................................................... 8, 9, 12

*In re Ford Motor Co. Bronco II Prods. Liab. Litig.*,
MDL No. 991, 1995 U.S. Dist. LEXIS 3507 (E.D. La.1995) ........................................... 2

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
55 F.3d 768 (3d Cir. 1995) ............................................................................................... 2

*In re IKON Office Solutions Secs. Litig.*,
209 F.R.D. 94 (E.D. Pa. 2002) ......................................................................................... 2

*In re Lutheran Broth. Variable Ins. Prods. Co. Sales Practices Litig.*,
99-MD-1309 (PAM), 2002 WL 31371945 (D. Minn. Oct. 7, 2002) .................................. 17

*In re Mex. Money Transfer Litig.*,
267 F.3d 743 (7th Cir. 2001) ............................................................................................ 2

*In re Zoran Derivatives Litig.*,
Case No. 06-05503 WHA, 2008 WL 941897 (N.D. Cal. April 7, 2008) ............................ 14

*Koike v. Starbucks Corp.*,
602 F. Supp. 2d 1158 (N.D. Cal. 2009) .......................................................................... 11

KOREIN TILLERY
*Attorneys at Law*

ii                                          Case No. 11-cv-1726-LHK (PSG)
Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification

*Kootenai Tribe of Idaho v. Veneman*,
    313 F.3d 1094 (9th Cir. 2002) ........................................................................... 16

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ........................................................................... 13

*Lee v. Hibernia Sav. & Loan Soc.*,
    171 P. 677 (Ca. 1918) ........................................................................................ 8

*Levell v. Monsanto Research Corp.*,
    191 F.R.D. 543 (S.D. Ohio 2000) ................................................................ 2, 15

*Montana v. U.S. Envtl. Prot. Agency*,
    137 F.3d 1135 (9th Cir. 1998) ........................................................................... 11

*Muldoon v. Tropitone Furniture Co.*,
    1 F.3d 964 (9th Cir. 1993) ................................................................................. 7

*Newman-Green, Inc. v. Alfonzo-Larrain R.*,
    605 F. Supp. 793 (N.D. Ill. 1985) ..................................................................... 7

*Reich v. Walter W. King Plumbing & Heating Contractor, Inc.*,
    98 F.3d 147 (4th Cir.1996) ........................................................................... 2, 16

*Sierra Club v. USEPA*,
    995 F.2d 1478 (9th Cir. 1993) ........................................................................... 11

*Spangler v. Pasadena City Bd. of Educ.*,
    552 F.2d 1326 (9th Cir. 1977) ........................................................................... 17

*Spinney v. Griffith*,
    32 P. 974 (Cal. 1893) ........................................................................................ 7

*Sw. Ctr. For Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ........................................................................... 12

*United States v. Aerojet Gen. Corp.*,
    606 F.3d 1142 (9th Cir. 2010) ........................................................................... 10

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) ........................................................................... 11

*United States v. City of L.A., Cal.*,
    288 F.3d 391 (9th Cir. 2002) ........................................................................... 10

*United States v. Integrated Const. Tech. Corp.*,
    No. 07 CV 2633, 2007 WL 2893122 (N.D. Ill. Sept. 28, 2007) ......................... 7

*United States v. Pac. Gas & Elec.*,
    776 F. Supp. 2d 1007 (N.D. Cal. 2011) ............................................................ 10

*Wal-Mart Stores, Inc. v. Visa USA, Inc. et al.*,
    396 F.3d 96 (2d Cir. 2005) ............................................................................... 14

KOREIN TILLERY
*Attorneys at Law*

iii                             Case No. 11-cv-1726-LHK (PSG)
Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification

**STATUTES**

Cal. Fam. Code § 6701 (West 2004) ................................................................................. 6, 7, 16

**OTHER AUTHORITIES**

1 Witkin, *Summary of California Law* (10th ed. 2005) ...................................................... 8

Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* (Federal Judicial Center 3d ed. 2010)....................................... 1, 2

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *7B Fed. Prac. & Proc. Civ. §* 1799 (3d ed.) ..................................................................................................................... 9

Fed. R. Civ. P. 24(a)............................................................................................................ 9

Fed. R. Civ. P. 24(a)(2) ...................................................................................................... 8

Fed. R. Civ. P. 24(b)(1)...................................................................................................... 16

J. Thomas McCarthy, *Rights of Publicity and Privacy* (2d ed. 2011) ............................ 5

Restatement (Second) of Conflict of Laws. ....................................................................... 7

KOREIN TILLERY
*Attorneys at Law*

iv                                    Case No. 11-cv-1726-LHK (PSG)
Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification

1

## NOTICE OF MOTION

2    To: THE CLERK OF THE COURT AND ALL COUNSEL OF RECORD:

3    **PLEASE TAKE NOTICE THAT** that on July 12, 2012 at 1.30 pm or as soon thereafter as

4    this Motion may be heard in the courtroom of the Honorable Lucy H. Koh, located at 280

5    South First Street, San Jose, California, Courtroom 8, 4th Floor, Movants will move to

6    intervene in this action pursuant to Fed. R. Civ. P. 23(d)(1)(B)(iii) Rule 24(a) and Rule 24(b)

7    on the grounds that they have an interest in this action that will not be adequately represented

8    by the named parties and that this interest is sufficient to warrant intervention as a matter of

9    right under Rule 24 (a) or alternatively, by permissive intervention under Rule 24(b).

10    Movants ("Plaintiffs-Intervenors") are named plaintiffs in a related class action pending

11    before this Court[1] who believe that final approval of the proposed settlement here could work

12    to bar their claims for substantial declaratory and monetary relief without benefiting their class

13    in any way. Accordingly, if allowed to intervene, Plaintiffs-Intervenors would oppose the

14    Motion for Preliminary Approval of Class Action Settlement and Provisional Class

15    Certification on the grounds that, among other things, it offers no consideration to class members

16    while purporting to release substantial claims for money damages and other relief that far exceed

17    the metes and bounds of the claims pled.  Accordingly, the terms of the Settlement Agreement are

18    not fair, reasonable or adequate, nor the result of informed negotiations or vigorous and zealous

19    representation. The proposed settlement therefore fails to satisfy Due Process requirements.

20    Movants' intervention is appropriate at the preliminary approval stage. Rejection of a settlement

21    at final fairness exposes the parties to increased costs. *Ferrington v. McAfee, Inc.*, No. 10-cv-01455,

22    2012 WL 1156399, at *13 (N.D. Cal. Apr. 6, 2012). As a result, the Federal Judicial Center's

23    Judges Guide for Managing Class Action Litigation recommends "seeking preliminary input into

24    the fairness, reasonableness and adequacy of the proposed settlement" and cites with approval the

25    practice of allowing intervention of plaintiffs in overlapping class actions such as this as "an

26    offsetting influence to the loss of adversarial opposition." Barbara J. Rothstein & Thomas E.

27

28    [1] *C.M.D. v. Facebook, Inc.*, No. 12-cv-01216 (N.D. Cal.) (the "*C.M.D.* Action").

KOREIN TILLERY
*Attorneys at Law*

Willging, *Managing Class Action Litigation: A Pocket Guide for Judges*, at 24 (Federal Judicial Center 3d ed. 2010). "Participation by such plaintiffs' counsel provide[s] the judge with a unique opportunity to receive an informed assessment by non-settling plaintiffs of the value of the case and the prospects for success at trial." *Id.*

Moreover, this settlement demands special scrutiny. Courts and commentators alike have identified settlements like this one, which afford only non-pecuniary relief to the class, as prime suspects of collusive settlements. *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 802 (3d Cir. 1995); *In re Mex. Money Transfer Litig.*, 267 F.3d 743, 748 (7th Cir. 2001); *In re IKON Office Solutions Secs. Litig.*, 209 F.R.D. 94, 99 (E.D. Pa. 2002). They represent the "classic manifestation" of the conflicts of interest in class actions by providing "non-pecuniary settlement (e.g., injunctive relief) . . . together with arrangements to pay plaintiffs' lawyers their fees. The defendants thus get off cheaply, the plaintiffs' (and [the] defendants') lawyers get the only real money that changes hands and the court, which approves the settlement, clears its docket of troublesome litigation." *Acosta v. Trans Union, L.L.C.*, 243 F.R.D. 377, 395 (C.D. Cal. 2007) (quoting *In re Oracle Sec. Litig.*, 132 F.R.D. 538, 544-45 (N.D. Cal. 1990)). A settlement of this type merits particular scrutiny to ensure that it represents a verifiably fair and adequate settlement. *Id.* at 395 (quoting *In re MicroStategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 662 (E.D. Va. 2001)). This is especially true when the defendant "promise[s] to do that which the law already requires." *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 544-45 (S.D. Ohio 2000) (finding that a defendant's promise to do something which the law already requires "is not a valuable benefit.") (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981) (finding little benefit to class members from settlement agreement provisions that obligated defendant "to do what the law generally requires")). *Reich v. Walter W. King Plumbing & Heating Contractor, Inc.*, 98 F.3d 147, 150 (4th Cir.1996) (defendant not the "prevailing party" under a settlement that merely obligated plaintiff to do that which the law already required); *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, MDL No. 991, 1995 U.S. Dist. LEXIS 3507 (E.D. La.1995) ("The proposed settlement ... merely provides plaintiffs with information to which they were already entitled and confers no additional value in consideration for release of plaintiffs' claims.")).

KOREIN TILLERY
*Attorneys at Law*

1   The motion is based upon this Notice of Motion, the accompanying Memorandum of

2   Points and Authorities, the Declarations of Patricia A. Isaak, Robert L. Young, Jr., and Jami A.

3   Lemons, all pleadings and papers on file in the above-captioned matter and the *C.M.D.* Action,

4   and upon such other matters as may be presented to or properly considered by the Court at the

5   time of hearing or otherwise.

6   **STATEMENT OF RELIEF SOUGHT**

7   Plaintiffs-Intervenors seek an Order allowing them to intervene pursuant to Rules 23 and

8   24 of the Federal Rules of Civil Procedure and an Order denying the Motion for Preliminary

9   Approval.

10   **HISTORY OF THE ACTIONS**

11   The *Fraley Action* was filed in state court on March 18, 2011, and removed by Facebook to

12   the Northern District of California on April 8, 2011. The *Fraley* Plaintiffs filed their Second

13   Amended Class Action Complaint ("Fraley Complaint") on July 1, 2011. On December 16,

14   2011, this Court granted in part and denied in part Facebook, Inc.'s Motion to Dismiss the

15   *Fraley* Complaint. *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785 (N.D. Cal. 2011).

16   The *C.M.D. Action* was filed in the Southern District of Illinois on June 1, 2011. On

17   August 1, 2011, Facebook moved to dismiss and Plaintiffs opposed. Concurrently, on August

18   1, 2011, Facebook petitioned the Judicial Panel on Multidistrict Litigation for transfer and

19   consolidation of both both the *Fraley* and the *C.M.D.* actions, among others. Based partially on

20   the factual differences underlying the actions, the MDL panel denied Facebook's motion. *In*

21   *re: Facebook Use of Name & Likeness Litig.*, 816 F. Supp. 2d 1380 (J.P.M.L. 2011).

22   Following the denial of their Motion to Consolidate under § 1407, on December 8, 2011,

23   Facebook moved under 28 U.S.C. 1404(a) to transfer the *C.M.D* action to the Northern District

24   of California. On March 8, 2012, in spite of Plaintiffs' objections, the Southern District of

25   Illinois granted Defendant's §1404 motion and transferred the action to this Court. On March

26   21, 2012, this Court granted Facebook's motion to relate the actions, but declined to entertain

27

28

KOREIN TILLERY
*Attorneys at Law*

KOREIN TILLERY
*Attorneys at Law*

1  any motion for consolidation because "consolidation would necessarily delay the case schedule

2  in *Fraley*." Order, ECF No. 104.[2]

3      On March 28, 2012, the *Fraley* Plaintiffs moved for Class Certification pursuant to Fed. R.

4  Civ. P. 23(b)(3). Defendant opposed Plaintiffs' Class Certification Motion, and the hearing

5  was scheduled for May 31, 2012. On May 21, 2012, the parties in the *Fraley* action

6  represented to the Court that they had reached a settlement agreement in principle, "although

7  such agreement was conditioned on settlement with plaintiffs in the related case, *C.M.D. v.*

8  *Facebook, Inc.*, Case no. 5:12-cv-01216-LHK." Order, ECF No. 115. On May 27, 2012, the

9  parties in the *Fraley* action filed a Joint Status Report informing the court that they had

10  executed a revised term sheet, and that they were moving forward with the settlement without

11  involving the *C.M.D.* plaintiffs and the Court removed Plaintiffs' motion for class certification

12  from its calendar.

13      On June 20, 2012, the *Fraley* parties filed a redacted Motion for Preliminary Approval of

14  Class Action Settlement and supporting documents that for the first time revealed the

15  substantive provisions on the proposed settlement: $10 million in *cy pres,* $10 million in

16  attorneys' fees and a release of all claims, know or unknown, that could have been brought.

17  Accordingly, the proposed settlement offers no relief to the class while providing substantial

18  awards to counsel and carte blanche to Facebook to continue its unlawful conduct by extracting a

19  comprehensive release of all claims that were or could have been asserted in the action.

20
                    **SUBSTANTIVE DIFFERENCES BETWEEN THE EXISTING**
21  **CLAIMS OF THE PROPOSED PLAINTIFFS-INTERVENORS AND**
                      **THE PLAINTIFFS IN THIS ACTION**

22      Movants, the *C.M.D.* Plaintiffs, are plaintiffs in a putative class action that seeks

23  declaratory relief for a (b)(2) class of all Facebook users, who during a time that Facebook

24  records identified them to be under the age of 18, had their name or profile picture used in

25  connection with a Facebook advertisement. (*C.M.D.* Compl., No. 12-1216-LHK, ECF NO. 107

26

27  ────────────────
[2] Facebook' Motion to Dismiss the *C.M.D.* Action is now fully briefed and pending before the
28  Court.

4           Case No. 11-cv-1726-LHK (PSG)
Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification

KOREIN TILLERY
*Attorneys at Law*

1  at ¶ 33), and further seeks monetary damages for those minors who are also residents of Ohio,

2  Nevada, Illinois, Florida, Massachusetts, Wisconsin or Indiana. (*Id.* at ¶ 34).

3  Like the *Fraley* action, *C.M.D.* complains of Facebook's use of the names and likenesses

4  of its users in advertisements without consent. *In re: Facebook Use of Name & Likeness Litig.*,

5  816 F. Supp. 2d 1380 (J.P.M.L. 2011). The unpermitted use of personal identity in the

6  advertising of goods or services has been characterized as the "clearest case" of infringement

7  of the right of publicity, 2 J. Thomas McCarthy, *Rights of Publicity and Privacy* § 7:8 (2d ed.

8  2011), a state-law created intellectual property right defined as "the inherent right of every

9  human being to control the commercial use of his or her identity" infringement of which is a

10  commercial tort of unfair competition. 1 *Rights of Publicity and Privacy* § 1:3. This is not

11  merely a right of celebrities, but is a right inherent to everyone entitling them to damages for

12  an unpermitted taking. *Id.*

13  However, the cases have marked factual and legal differences. *C.M.D.* limits its claims to

14  minor users while *Fraley* seeks to recover for adults and minors. *C.M.D.* complains of all

15  advertising while *Fraley* is limited to a particular Facebook service or activity – "Sponsored

16  Stories" (Compl. at ¶ 3), which was only instituted by Facebook on January 24, 2011. (*Id.* at ¶

17  24).  As a result, the *Fraley* claims are both broader and narrower than the claims asserted in

18  *E.K.D.* while all of the minors in *Fraley*'s putative class are also members of the putative

19  *C.M.D.* class.

20  The most notable difference between the cases, however, is how they address Facebook's

21  principle defense. Facebook does not dispute that it uses the names and pictures of its users to

22  advertise everything from Wal-Mart Stores and Buffalo Wild Wings Restaurants to Internet

23  games and membership to Facebook, itself. Instead, Facebook contends that Plaintiffs agreed

24  to Facebook's use of their identities because the non-negotiable terms of Facebook's Statement

25  of Rights and Responsibilities (SRR) provide:

26
> your name and profile picture may be associated with commercial,
27  sponsored, or related content (such as a brand you like) served or
> enhanced by us. You give us permission to use your name and profile
28  picture in connection with that content, subject to the limits you place.

Case No. 11-cv-1726-LHK (PSG)
Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification

SRR at ¶ 10.

The *Fraley* action's alleges this consent is ineffective based on the wording of Facebook's Statement of Rights and Responsibilities and the timing of their consent. As this Court explained their theory:

> Plaintiffs here contend that they never consented in any form to the use of their names or likenesses in Sponsored Stories, noting that Sponsored Stories were not even a feature of Facebook at the time they became registered members, and alleging that Plaintiffs were never asked to review or renew their Terms of Use subsequent to Facebook's introduction of the Sponsored Stories feature, which operates on an opt-out basis. The gravamen of Plaintiffs' consent argument is that even if the Statement of Rights and Responsibilities can be broadly construed to encompass Sponsored Stories, such "consent" was fraudulently obtained and thus not knowing and willful.

*Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 805-06 (N.D. Cal. 2011).

The *C.M.D.* action, on the other hand, alleges that its Plaintiffs, all of whom are minors, were incapable of consenting to Facebook's use of their names or likenesses as a matter of law. (*C.M.D.* Compl., ECF No. 107 at ¶¶ 47-55). Under California law, "a minor cannot … [g]ive a delegation of power" or "[m]ake a contract relating to any personal property not in the immediate possession or control of a minor." Cal. Fam. Code § 6701(a) & (c) (West 2004). Contracts that are contrary to this statute are "absolutely void, with no necessity to disaffirm [it] to avoid [its] apparent effect." *Hakes Inv. Co. v. Lyons*, 137 P. 911, 912 (Cal. 1913). "Any such illegality voids the entire contract." *Duffens v. Valenti*, 161 Cal. App. 4th 434, 451 (2008) ("Contracts that are contrary to express statutes or to the policy of express statutes ... are illegal contracts.").

Accordingly, the *C.M.D.* action seeks to obtain a declaration on behalf of a nationwide class of Facebook users "who during a time that Facebook records identified them to be under the age of 18, had their names used in connection with a Facebook advertisement" (*C.M.D.* Compl., ECF NO. 107 at ¶ 33), that the SRR is void and recover statutory damages on behalf of a subclass of those users whose state law statutorily forbids the use of a person's name or likeness in advertisements without express consent and also provide for statutory damages. (*C.M.D.* Compl., ECF NO. 107 at ¶ 34).

KOREIN TILLERY
*Attorneys at Law*

Conversely, the *Fraley* action has nothing to do with a minor's capacity to contract or the application of Family Code § 6701 and does not seek similar relief. Thus, although *Fraley* asserts claims on behalf of a subclass of minor Facebook users (Compl. at ¶ 95), their claims are not tied to the age of the user nor the validity of the SRR. In fact, *Fraley* seeks to recover damages under California law pursuant to the choice-of-law provision contained within the SRR.

*C.M.D.*, on the other hand, argues the entire SRR, including the choice-of-law provision, is void. (*C.M.D.* Compl., ECF NO. 107 at ¶¶ 47-55). *Spinney v. Griffith*, 32 P. 974, 975 (Cal. 1893); *Fergus v. Songer*, 150 Cal. App. 4th 552, 573 (2007) ("A void contract is no contract at all; it binds no one and is a mere nullity. Consequently, such a contract cannot be enforced."). When the parties have failed to make a valid choice of law courts apply the traditional conflict-of-laws rules or engage in the "most significant contacts" analysis of the Restatement (Second) of Conflict of Laws. *Newman-Green, Inc. v. Alfonzo-Larrain R.*, 605 F. Supp. 793, 796 (N.D. Ill. 1985);[3] *United States v. Integrated Const. Tech. Corp.,* No. 07 CV 2633, 2007 WL 2893122 (N.D. Ill. Sept. 28, 2007) ("The. . . Agreement contains a choice-of-law provision .... If the Court were to find the ... Agreement valid, that provision would be given effect. In the absence of a valid and enforceable choice-of-law provision, Illinois choice-of law rules would [govern].") (citations omitted).

Accordingly, *C.M.D.* seeks its damages under the state law with the most significant relationship to a sub-class of minors who reside in Illinois, Ohio, Nevada, Florida, Massachusetts, Wisconsin and Indiana. (*C.M.D.* Compl., ECF NO. 107 at ¶ 34).[4] Each of these states statutorily forbid the use of a person's name or likeness in advertisements without express consent and provide for statutory damages.

---

[3] As *C.M.D.* was transferred from an Illinois District court, this Court must apply the choice of law rules of Illinois. *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 642 (1964)).

[4] Under the Restatement, the state with the most significant relationship in a multi-state privacy action is usually the state where the plaintiff was domiciled. Restatement (Second) Conflicts of Laws § 153.

KOREIN TILLERY
*Attorneys at Law*

Case No. 11-cv-1726-LHK (PSG)
Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification

As a result, the *C.M.D.* action avoids many of the difficulties suffered by the *Fraley* action. Most notably, as the statutes require express or written consent and a void contract cannot be ratified, the acts of any individual class member – such as acts that would constitute implied consent – are irrelevant. *See Lee v. Hibernia Sav. & Loan Soc.*, 171 P. 677, 678 (Ca. 1918) (deed of trust executed by plaintiff was absolutely void and since she was not 18, instrument purporting to ratify such deed of trust was likewise ineffectual.); 1 Witkin, *Summary of California Law* (10th ed. 2005) Contracts, § 432, p. 473. (Because an illegal contract is void, it cannot be ratified by any subsequent act, and no person can be estopped to deny its validity.).

**ARGUMENT**

"A class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability, . . . should, as a general rule, be entitled to intervene in the action." Advisory Committee Notes, 1966 Amendment to Fed. R. Civ. P. 24(a)(2). The terms of the proposed settlement establish that the Fraley plaintiffs are wholly inadequate representatives of the putative class they seek to represent. The proposed settlement offers no relief to the class while providing substantial awards to counsel and carte blanche to the defendant to continue the unlawful conduct by extracting a comprehensive release of all claims that were or could have been asserted in the action.

As such, the settlement before the Court seems to be designed to fail. It contains every indication "that counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations" that caused the Ninth Circuit to reject a class action settlement just last August. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Like the failed *Bluetooth* settlement, the pre-certification settlement agreement here includes three significant warning signs: 1) the settlement provides for $10 million in attorneys' fees while no monetary distribution to the class (Settlement Agreement ¶ 2.3 ECF No. 184-1); 2) the settlement includes a "clear sailing agreement" in which Facebook agreed not to object to an award of attorneys' fees equal to the monetary cy pres relief afforded the class (*Id.*); and 3) the

settlement includes a "kicker," which provides that all fees not awarded would revert to Facebook rather than be added to the *cy pres* fund or otherwise benefit the class. *Id.* at ¶ 2.5.

"Confronted with these multiple indicia of possible implicit collusion, the district court ha[s] a special 'obligat[ion] to assure itself that the fees awarded in the agreement [a]re not unreasonably high,' for if they [a]re, 'the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have been obtained.'" *Id.* at 947 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964-65 (9th Cir. 2003)). Thus, in *Bluetooth*, the court found an attorney's fee award of $800,000 to be so disproportionate so as to raise an inference of unfairness, *id.* at 939, requiring the settlement to "be supported by a clear explanation of why the disproportionate fee [wa]s justified and d[id] not betray the class's interests." *Id.* at 949. The proposed settlement before this Court offers no benefit to the minor class while providing for more than ten times as much in attorneys' fees than what warranted rejection in *Bluetooth*. There is a sufficient probability of inadequate representation entitling intervention.

# I.     INTERVENTION SHOULD BE GRANTED AS A MATTER OF RIGHT

Rule 24(a) provides for intervention as of right if:

1. the application is timely;

2. The applicants for intervention have an interest relating to the property of transaction which is the subject of this action;

3. Without intervention, the protection of that interest may as a practical matter be impaired or impeded by the disposition of the action; and

4. The interest is not adequately represented by the existing parties.

Fed. R. Civ. P. 24 (a).

"Intervention in a class action is governed by the same principles that apply in any other proceeding." *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *7B Fed. Prac. & Proc. Civ.* § 1799 (3d ed.). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention."

KOREIN TILLERY
*Attorneys at Law*

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Courts "are guided primarily by practical and equitable considerations." *Id.* "'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.' " *United States v. City of L.A., Cal.*, 288 F.3d 391, 397-98 (9th Cir. 2002). Each of these considerations supports intervention as of right.

Moreover, intervention should be granted immediately so that should the Court preliminarily approve the settlement, the Agreement's overbroad release can be modified prior to the issuance of notice. It is exceedingly difficult to clarify misunderstood settlement terms after they have been presented to absent class members. Immediate intervention it also necessary because the proposed settlement's options for absent class members do not offer adequate protection of the interests of Plaintiffs-Intervenors: if the court preliminarily approves the settlement and Plaintiffs-Intervenors opt-out, they will be unable object to the release of their claims, but if they choose to object at the final approval stage, they will have lost their ability to opt-out and will be bound by the terms of the settlement if their objection is ultimately rejected.

## A.        The Application is Timely

The timeliness of a motion to intervene "is measured by reference to (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *United States v. Pac. Gas & Elec.*, 776 F. Supp. 2d 1007, 1018 (N.D. Cal. 2011) (quoting *United States v. Carpenter*, 298 F.3d 1122, 1124-25 (9th Cir. 2002)).

Here, Movants promptly moved for intervention. The essential terms of the proposed settlement in this action were only revealed on June 20, 2012, when the plaintiffs filed redacted versions of the Motion for Preliminary Approval and supporting documents. (ECF Nos. 182-84). Accordingly, the Motion to Intervene, dated June 22, 2012, is timely. *See, e.g.*, *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1149 (9th Cir. 2010) (finding intervention timely where intervenors submitted comments, filed Freedom of Information Act requests, and ultimately

KOREIN TILLERY
*Attorneys at Law*

moved to intervene, all within a span of four months.); *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1160 (N.D. Cal. 2009) (finding a motion to intervene for the limited purpose of appealing a denial of class certification timely if it is filed within the time allowed for a party to file an appeal).

**B.      Plaintiffs-Intervenors Have the Requisite Interest in the Subject of This Case.**

To intervene as a matter of right, "it is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue" *Sierra Club v. USEPA*, 995 F.2d 1478, 1484 (9th Cir. 1993); *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir.), *cert. denied sub nom. Hoohuli v. Lingle*, 540 U.S. 1017 (2003) "(The requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.' "). An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant. *Id.* Each of the Plaintiffs-Intervenors has a continuing interest in the subject of this case, *i.e.*, the unauthorized exploitation of their likeness by Facebook for profit.

Plaintiffs-Intervenors are minor Facebook users who have had their name and/or likeness used in a Facebook advertisement. (*See* Decls. of Isaak, Young, & Lemons, No. 12-cv-1216, ECF Nos. 90-1, 90-2, 90-3 (showing the use of plaintiffs' names and likeness in "Sponsored Stories")). As such, they are members of the currently proposed settlement class for which provisional class certification is being sought, and they possess a significant, protectable interest in the resolution of the issue presented in this matter. *See, e.g.*, *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1161 (N.D. Cal. 2002) ("Because FRCP 23 provides Nguyen with a procedure for pursuing his claims, the court finds Nguyen's interest in the procedural vehicle of a class action to be significantly protectable."). Moreover, as putative class members, Plaintiffs-Intervenors share a common question of law or fact with the Plaintiffs.

An applicant may satisfy the requirement of a "significant protectable interest" if resolution of the plaintiff's claims will affect the applicant for intervention. *Montana v. U.S. Envtl. Prot.*

KOREIN TILLERY
*Attorneys at Law*

*Agency*, 137 F.3d 1135, 1141-42 (9th Cir. 1998). The proposed settlement provides for a complete release of Movants' claims, therefore this is little question that resolution of the *Fraley* action will affect Movants.

**C. Disposition of This Case Will Substantially Impair or Impede the Interests of Plaintiffs-Intervenors.**

As detailed above, the Plaintiffs-Intervenors are minors who have, through Defendant's misappropriation of their names and likenesses for use in various advertisements, been deprived of their financial interests in their inherent right to control the use of their identity. (*See, e.g.*, *C.M.D.* Compl., ECF No. 107 at ¶¶ 2-5, 29-32.) The proposed settlement agreement here purports to provide relief for a "Minor Subclass" in connection with Facebook's "commercial, sponsored, or related content." (*See, e.g.*, Settlement Agreement § 2.1(c)., ECF No. 181). Plaintiffs-Intervenors believe that this proposed settlement is wholly inadequate because it releases all claims that the class members, including Plaintiffs-Intervenors, may have against the Defendant, without providing anything of value in exchange for such release. (*See id.* §§ 2.2, 4.2.)

The purported settlement does not even provide effective injunctive relief for the Minor Subclass in that it continues to allow Facebook to benefit from a void contract to the determent to its minor users.[5] The settlement's "feature" of requiring minors to represent to Facebook that their "parent or legal guardian consents to the use of their name and likeness in connection with commercial, sponsored, or related content," without verifying the same to be accurate, (*Id.* at § 2.1(c).), does nothing to address the ineffectiveness of such consent.  Accordingly, the interests of Plaintiffs-Intervenors are clearly related to the subject matter of the above-captioned action and would be impaired by the disposition of the action.  *See Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (noting that the court "follow[s] the guidance of [the] Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a

---

[5] Even Facebook's nearly naked assertion that implementing these changes will cost the company a great deal of money is of no moment: "[T]he standard [under Rule 23] is not how much money a company spends on purported benefits, but the value of those benefits to the class." *In re Bluetooth Headset Products Liab. Litig.*,654 F.3d 935, 944 (9th Cir. 2011) (quoting *In re TD Ameritrade Accountholder Litig.*, 266 F.R.D. 418, 423 (N.D. Cal. 2009)).

KOREIN TILLERY
*Attorneys at Law*

practical sense by the determination made in an action, he should as a general rule, be entitled to intervene'" (quoting advisory committee notes to Fed. R. Civ. P. 24)).

**D. The Interests of Plaintiffs-Intervenors Are Not Adequately Represented in this Action**

Courts examine three factors in evaluating the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use*, 647 F.3d at 898 (internal citation omitted).

The burden of showing inadequacy of representation is "minimal" and satisfied if the applicant can demonstrate that representation of its interests "may be" inadequate. *Id.* Intervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests, but rather is invoked when the disposition of the action may practically impair a party's ability to protect their interest in the subject matter of the litigation, unless existing parties adequately represent that interest. *Id*. at 900 (citing Fed. R. Civ. P. 24). The current representatives have proven themselves to be inadequate by entering into a proposed settlement that would provide nothing of value for the class members in exchange for the release of valuable claims.

1.     *The Representatives' Interests Are Not Aligned with the Putative Class*

The "most important factor" in assessing the adequacy of representation is "how the interest compares with the interests of existing parties." *Id.*  If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997). To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

Here, it is apparent by the terms of the proposed settlement that the "ultimate objective" of *Fraley* plaintiffs is not aligned with that of the Plaintiffs-Intervenors or the class. Although plaintiffs in both actions challenge Defendant's misappropriation of names and likenesses, the

1    claims in the above-captioned action focus solely on Defendant's "Sponsored Stories" practices

2    (*see, e.g.*, Fraley Second Am. Compl. ¶ 3); in contrast, the Plaintiffs-Intervenors challenged the

3    unlawful use of children in advertisements more generally (*see, e.g.*, *C.M.D.* Compl., ECF No.

4    107 at ¶ 1). The proposed settlement nonetheless inappropriately attempts to release *all* claims

5    that the class members, including Plaintiffs-Intervenors, may have against the Defendant relating

6    to any conduct, known or unknown, that could have been brought.  (*See* Settlement Agreement §

7    4.2). And it does so without providing anything of value in exchange for the release of these

8    valuable claims. *See, e.g.*, *Acosta*, 243 F.R.D. at 395-96 (gathering cases concerning lack of value

9    associated with injunctive relief provisions that require a defendant to do that which the law already

10   requires). Accordingly, the current plaintiffs have proven themselves to be inadequate by entering

11   into a proposed settlement that provides nothing of value for the class members in exchange for

12   their release of exceedingly valuable claims.

KOREIN TILLERY
*Attorneys at Law*

13

14        2.      *The Fraley Plaintiffs Are Not Capable or Willing to Advocate on Behalf of Movants*

15        Moreover, although Fraley's complaint does not allege claims based on anything other than

16   Defendant's "Sponsored Stories" practices on behalf of member who joined prior to January 24,

17   2011, they now seek settle *all* claims on behalf of a class of individuals whose names or

18   likenesses appeared in "Sponsored Stories" at any point in time – expanding the putative class by

19   more than 18 months. (Settlement Agreement § 1.2). The *Fraley* parties have also broadened the

20   definition of "Sponsored Stories" to potentially include other similar forms of advertisements

21   created by Facebook. (*Id.* § 1.15). Finally, the release purports to release all claims, known or

22   unknown, that could have been alleged in the action. (*Id.* § 4.2). As such Movants' interests, and

23   the interests of hundreds of thousands of other class members, were not represented at any point

24   in the negotiations leading up to the proposed settlement. A release in a proposed class settlement

25   of class claims that are neither actually alleged in the complaint nor based on the identical factual

26   predicate as the claims alleged is overly broad and inappropriate. *Class Plaintiffs v. City of*

27   *Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992); *Wal-Mart Stores, Inc. v. Visa USA, Inc. et al.*, 396

28   F.3d 96, 108 (2d Cir 2005); see also, *In re Zoran Derivatives Litig.*, Case No. 06-05503 WHA,

KOREIN TILLERY
*Attorneys at Law*

2008 WL 941897, at *9 (N.D. Cal. April 7, 2008). The *Fraley* plaintiffs not only lack the authority to settle Movants' claims, but they lack the unity of interests to advocate on behalf the Plaintiffs-Intervenors.

Moreover, even if the *Fraley* Plaintiffs *were* capable of representing the interests of Plaintiffs-Intervenors, the terms of their proposed settlement indicate that they are not willing to do so. The terms of the Proposed Settlement are so clearly inadequate and so clearly place the interests of Plaintiffs and their attorneys above absent class members that it cannot possibly said that they have Plaintiffs'-Intervenors' interests in mind. This "no value" settlement clearly meets the "minimal" burden of showing that the representation of the current representatives "may be inadequate,"[6] and Plaintiffs-Intervenors should be allowed to intervene to protect their interests and those of the other putative absent class members.

Ignoring the no-money-to-the-class $10 million *cy pres* settlement supplemented by the disproportionate $10 million attorneys' fee award, even the proposed injunctive relief is wholly inadequate. Not only is the valuation of the injunctive relief devoid of any analysis of minors' claims as they exist independently from the larger class of adult individuals, (*see* Declaration of Fernando Torres Regarding the Value of Injunctive Relief, ECF No. 182), but to the extent Facebook's practices were, in fact, in violation of the law, the proposed relief offers no value whatsoever. *See*, e.g., *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 395-96 (C.D. Cal. 2007) ("To the extent Trans Union and Equifax's reporting procedures may actually violate the FCRA, these injunctive relief provisions are of no value."); *see also Levell v. Monsanto Research Corp.,* 191 F.R.D. 543, 544-45 (S.D. Ohio 2000) ("[A] defendant's promise to do that which the law already requires is not a valuable benefit.") (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir.1981) (finding little benefit to class members from settlement agreement provisions that

---

[6] Plaintiffs-Intervenors further note that Plaintiffs in this action have taken the unusual step of filing their motion for preliminary approval under seal and have so far refused to provide unredacted copies of the settlement papers to Plaintiffs-Intervenors despite numerous requests and a preexisting protective order. This clandestine approach to settling claims of a nation-wide class lends further support to the notion that the settlement includes unfavorable settlement terms for Plaintiffs-Intervenors and the class members they represent.

KOREIN TILLERY
*Attorneys at Law*

1    obligated defendant "to do what the law generally requires"); *Reich v. Walter W. King Plumbing &*

2    *Heating Contractor, Inc.*, 98 F.3d 147, 150 (4th Cir.1996) (defendant not the "prevailing party"

3    under a settlement that merely obligated plaintiff to do that which the law already required). Even

4    assuming that Facebook was not already bound to amend its mechanisms for obtaining minors'

5    consent, the injunctive relief proposed in the Settlement Agreement will clearly fail to protect

6    minors against the behavior complained of by the *C.M.D.* plaintiffs. Rather than simply having

7    minors agree to Facebook's terms of use, the *Fraley* parties have proposed that minors must now

8    represent that their parents consented to Facebook's terms of use on the minors' behalf. (Settlement

9    Agreement 2.1(c)). There is no practical difference between the two systems of operation, and the

10   parties have proposed no means by which Facebook can or will verify parents' consent.

11   Nonetheless, the proposed changes wholly fail to address the invalidity of the SRR in light of

12   Family Code § 6701.

13       Finally, the *Fraley* Plaintiffs' unwillingness to act in the interest of the absent class is most

14   evident in their attempts to exclude Plaintiffs-Intervenors from the settlement process. As discussed

15   above, both actions have been pending before this Court as related cases for several months. Even

16   prior to *C.M.D.*'s transfer to the Northern District of California from the Southern District of

17   Illinois, plaintiffs' counsel for both cases were actively engaged in conversations in an effort to

18   coordinate discovery. Nevertheless, the *Fraley* Plaintiffs and Facebook reached settlement terms

19   releasing all claims without involving counsel for the *C.M.D.* plaintiffs and only afterwards

20   presented Plaintiffs-Intervenors the opportunity to agree to the pre-negotiated terms.

21

22   **II. ALTERNATIVELY, PLAINTIFFS-INTERVENORS MOVE TO PERMISSIVELY INTERVENE**

23       Plaintiffs-Intervenors have also satisfied the criteria for permissive intervention under Rule

24   24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who . . .

25   has a claim or defense that shares with the main action a common question of law or fact." Fed.

26   R. Civ. P. 24(b)(1). As a result, permissive intervention of additional named plaintiffs is

27   encouraged where intervention would strengthen the adequacy of class representation and would

28   not cause significant delay or other prejudice. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d

KOREIN TILLERY
*Attorneys at Law*

1094, 1108-09 (9th Cir. 2002) (in applying its discretion after finding grounds for intervention, the court considered the magnitude of the case and recognized that the "presence of intervenors would assist the court in its orderly procedures leading to the resolution of this case"). *See also In re Lutheran Broth. Variable Ins. Prods. Co. Sales Practices Litig.*, 99-MD-1309 (PAM), 2002 WL 31371945, at *4 (D. Minn. Oct. 7, 2002) ("[I]ntervention under Rule 24(b) is allowable in the context of class actions to enhance or strengthen the representation of the class."). Here, Plaintiffs-Intervenors seek to intervene to strengthen the adequacy of representation. Moreover, there is little potential for "significant delay." As a result of the proposed settlement, the parties in this action have indefinitely postponed determination of plaintiffs' motion for class certification. In the *C.M.D.* Action, a hearing on the pending motion to dismiss is set for September 27, 2012; this hearing will effectively bring both actions to the same procedural standpoint.

Permissive intervention is also justified because the participation of the Plaintiffs-Intervenors will facilitate an equitable result and prevent an inadequate settlement from being approved. *See Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (court may consider whether intervenors "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented").

### CONCLUSION

For the foregoing reasons, the Court should allow intervention of the *C.M.D.* Plaintiffs.

Dated: June 22, 2012

By____/s Aaron M. Zigler_____
One the attorneys for C.M.D., et al.

Steven A. Katz
Aaron M. Zigler
KOREIN TILLERY
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Tel.    (314) 241-4844
Fax.   (314) 241-3525

Edward A. Wallace
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel.    (312) 346-2222

1   Fax.    (312) 346-0022

2   Lee Squitieri
    Garry T. Stevens Jr.
3   SQUITIERI & FEARON, LLP
    32 E. 57th Street, 12th Floor
4   New York, NY 10022
    Tel.    (212) 421-6492
5   Fax.    (212) 421-6553

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KOREIN TILLERY
*Attorneys at Law*

18                                    Case No. 11-cv-1726-LHK (PSG)
                        Proposed Plaintiffs'-Intervenors' Mot. For Intervention And
          Opp'n to Mot. for Preliminary Approval of Class Settlement and Provisional Class Certification