**KOREIN TILLERY**
Steven A. Katz
skatz@koreintillery.com
Aaron M. Zigler
azigler@koreintillery.com
One U.S. Bank Plaza
505 N. 7th St., Suite 3600
St. Louis, MO 63101-1625
Tel: (314) 241-4844
Fax: (314) 241-3525

[Additional Counsel Appear on Second Page]

Attorneys for Moving Parties

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | **Case No. CV 11-01726 LHK (PSG)** <br><br> **DECLARATION OF AARON M. ZIGLER IN FURTHER SUPPORT OF MOTION TO INTERVENE** <br><br> Date: July 12, 2012 <br> Time: 1:30 p.m. <br> Courtroom: 8 <br> Judge: Hon. Lucy H. Koh <br> Trial Date: December 3, 2012 |

### DECLARATION OF AARON M. ZIGLER

I, Aaron M. Zigler, being first duly sworn upon my oath, depose and state as follows:

1. I certify that the statements set forth in this instrument are true and correct. I make the following statements based on my personal knowledge and if called, I could competently testify to the matters stated herein.

1  2. I am an attorney for the plaintiffs and putative class members in the *C.M.D. v. Facebook, Inc.* matter, No. 12-cv-01216-LHK ("*C.M.D.*"). I am submitting this affidavit in support of Movants' motion to intervene in the *Fraley, et al. v. Facebook, Inc.* matter, No. 11-01726 ("*Fraley*").

3. I am a partner at Korein Tillery where I represent consumers in complex class action litigation and appeals. I have been recognized for my skill in the practice receiving a Martindale-Hubbell AV® Preeminent™ peer rating and being selected as a 2011 & 2012 Super Lawyers® "Rising Star."

4. Prior to my legal career, I worked in computer security for a Fortune 500 company headquartered in St. Louis. While in law school, I continued my interest in computer technology by concentrating my studies in that area. I began my legal career as a law clerk with Carr Korein Tillery in 2000 as I attended St. Louis University School of Law. I joined the firm as an attorney upon graduation in 2001, and was elevated to partner on January 1, 2010.

5. I have considerable experience in the prosecution of complex litigation. Immediately following my admission to practice, I was heavily involved in the briefing and presentation of the firm's successful class certification motions in *Turner v. R.J. Reynolds Tobacco Co.*, 00-L-113 (Ill. Cir. Nov. 14, 2001), and *Howard v. Brown & Williamson Tobacco Co.*, 2001 WL 1910779 (Ill. Cir. Dec. 18, 2001). Since that time, I have had significant involvement in the briefing and presentation of motions for class certification in numerous matters including: *Johnson v. Allstate Ins. Co.*, 07-781 (S.D. Ill. Jan. 7, 2010); *Parker v. Sears, Roebuck & Co.*, 04-L-716 (Ill. Cir. Feb. 7, 2007); *Barbara's Sales Inc. v. Intel Corp.*, 2004 WL 5723558 (Ill. Cir. July 12, 2004), and *Prather v. Pfizer Inc.*, 02-L-480 (Ill. Cir. Mar. 2, 2004). I have also handled matters before the Judicial Panel for Multidistrict Litigation including successfully arguing for transfer in *In re: Google Inc. St. View Elec. Commc'ns Litig.*, 733 F. Supp. 2d 1381 (J.P.M.L. 2010) (on brief), and successfully defeating a motion to transfer in *In re: Facebook Use of Name & Likeness Litig.*, MDL No. 2288, 2011 WL 4684354 (J.P.M.L. Oct. 6, 2011) (argued).

1   6.   I routinely bear the responsibility for the briefing and argument of dispositive and jurisdictional motions; as in cases such as: *Johnson v. Allstate Ins. Co.*, 2009 WL 3230157 (S.D. Ill. Sept. 30, 2009); *Travis v. Allstate Ins. Co.*, 06-L-332 (Ill. Cir. May 28, 2008); *Carr v. Gateway Inc.*, 03-L-1271 (Ill. Cir. Dec. 12, 2007); *Lott v. Pfizer Inc.*, 2006 WL 2224155 (S.D. Ill. Aug. 2, 2005); *Martin v. Bayer Corp.*, 04-L-768 (Ill. Cir. May 23, 2006); *Graham v. Shell Oil Co.*, 2006 WL 1004725 (S.D.N.Y. Apr. 17, 2006); *SimmonsCooper LLC v. Arthur J. Gallagher & Co.*, 04-L-1194 (Ill. Cir. Aug. 18, 2005); *Hoormann v. SmithKline Beecham Corp.*, 04-L-715 (Ill. Cir. Mar. 31, 2005); *SimmonsCooper LLC, v. Arthur J. Gallagher & Co.*, 04-928-GPM (S.D. Ill. March 8, 2005); *Sumner v. Merck & Co., Inc.*, 04-864 (S.D. Ill. 2005); *Lott v. Pfizer Inc.*, 2005 WL 3618027 (S.D. Ill. May 26, 2005); and *Barbara's Sales Inc. v. Intel Corp.*, 02-L-788 (Ill. Cir. Sept. 3, 2003).

7.   I also have extensive appellate experience having been responsible for briefing and arguing such appeals as: *Holiday Shores Sanitary Dist. v. Syngenta Crop Prot., Inc.*, No. 111881 (Ill. Sept. 28, 2011); *Carr v. Gateway, Inc.*, 944 N.E.2d 327 (Ill. Feb. 3, 2011) (argued); *Holiday Shores Sanitary Dist. v. Syngenta Crop Prot., Inc.*, 05-10-0549 (Ill. App. Jan 13, 2011); *Carr v. Gateway Inc.*, 918 N.E.2d 598 (Ill. App. 2009) (argued); *Lott v. Pfizer Inc.*, 5-08-235 (Ill. App. Oct. 21, 2008); *Travis v. Allstate Ins. Co.*, 5-08-110 (Ill. App. Apr. 10, 2008); *Baldwin v. Mendelsohn*, No. 104487 (Ill. 2007); *Hoormann v. Smithkline Beecham Corp.*, No. 5-07-0033 (Ill. App.  2007); *Cooper v. The IBM Pers. Pension Plan*, 240 F. App'x 133 (7th Cir. 2007); *Lott v. Pfizer Inc.*, 492 F.3d 789 (7th Cir. 2007) (argued); *Hoormann v. Smithkline Beecham Corp.*, No. 5-06-0624 (Ill. App. 2006); *Barbara's Sales, Inc. v. Intel Corp.*, 857 N.E.2d 717 (Ill. App. 2006); *Hubbert v. Dell Corp.*, 835 N.E.2d 113 (Ill. App. Ct. 2005) (on brief); and *Pfizer Inc. v. Lott*, 417 F.3d 725 (7th Cir. 2005).

8.   In 2008, *The St. Louis Post-Dispatch* published a feature highlighting my practice. Susan Weich, Lawyer a Victor in Class Actions, Says He Fights For Little Guy, *St. Louis Post-Dispatch*, June 29, 2008 at D1, *available at* 2008 WLNR 11428739.  My work has also been featured in: *The American Lawyer* (Aruna Viswanatha, King & Spalding Lawyer Stirs State Judge's Ire, 1 *Am. Law.*, Jan. 2007, at 50, *available at* www.americanlawyer-

digital.com/americanlawyer/tal200701?pg=50), and *the National Law Journal* (The Plaintiffs' Hot List, 30 *Nat'l L.J.*, Nov. 22, 2007, at S7).

9. Particularly relevant to this case, I also have considerable experience prosecuting involving computer technology. I generally serve as the Korein Tillery attorney primarily responsible for any technology related litigation and as such have argued such cases before the Illinois Supreme Court. *See, e.g., Carr v. Gateway, Inc.*, 944 N.E.2d 327 (Ill. Feb. 3, 2011).

10. I also have considerable experience in class action litigation concerning minors. For example, I was the attorney primarily responsible for the prosecution of *Hoormann v. SmithKline Beecham*, 04-L-715 (Ill.Cir.Ct. May 17, 2007). In July 2004, Korein Tillery filed suit on behalf of a nationwide class of purchasers alleging that SmithKline Beecham promoted Paxil® and Paxil CR for prescription to children and adolescents despite having actual knowledge that these drugs exposed children and adolescents to dangerous side effects while failing to treat their symptoms. Following three years of litigation, Korein Tillery obtained a settlement that established a $63.8 million fund to reimburse class members 100% of their out-of-pocket expenses. In contrast, the New York Attorney General's office settled their lawsuit concerning the same conduct for a $2.5 million fine.

11. Throughout the prosecution of the *C.M.D.* Action, I have been in contact with numerous experts in the field of privacy and minor advocacy – including those associated with *cy pres* recipients to the *Fraley* Settlement.

12. Throughout the course of the litigation in the *Fraley* matter, I provided substantial legal support to counsel for the *Fraley* plaintiffs. Counsel for the *Fraley* plaintiffs and co-counsel in the *C.M.D.* matter agreed to coordinate and have exchanged discovery. Likewise, I have provided significant assistance to counsel for the *Fraley* plaintiffs by way of legal research and analysis.

13. Throughout the course of the litigation in the *Fraley* matter, counsel for the *Fraley* plaintiffs have reached out to me on numerous occasions for guidance in prosecuting the case, which I have provided. (Exh. A and B). On other occasions, I have provided unsolicited advice concerning litigation strategy. Of particular note, in the early stages of the Fraley matter I

1  attempted to explain the difficulties concerning implied consent that may arise should they
2  continue to seek to apply Cal. Civ. § 3344 to a class but my concerns were rebuffed.

3   14.   In the course of these discussion, Bob Arns represented to me that they would
4  never attempt to settle the claims asserted in C.M.D.

5   15.   Despite my active involvement in the *C.M.D.* and *Fraley* matters, I was unaware
6  that Facebook and the *Fraley* plaintiffs were engaged in settlement negotiations until the evening
7  of May 21, 2012 when I received a telephone call from Bob Arns.

8   16.   In that phone call Mr. Arns advised me that his firm had reached a non-monetary
9  settlement with Facebook that would not release the claims asserted in *C.M.D.* but that Facebook
10 wanted to include us in the settlement and by doing so the *C.M.D.* counsel would be able to
11 recover their lodestar in the settlement. I conveyed to Mr. Arns my disappointment in a settlement
12 of claims that did not provide for an opportunity for class members to receive monetary relief and
13 that as a matter of principle, my firm would unlikely participate in his proposed settlement.

14  17.   On May 23, 2012, I spoke with Counsel for Facebook Michael Rhodes concerning
15 the proposed settlement. I conveyed to Mr. Rhodes my disappointment in a settlement of claims
16 that did not provide for an opportunity for class members to receive monetary relief and that as a
17 matter of principle, my firm would unlikely participate in his proposed settlement and pleaded for
18 Mr. Rhodes to allow me and my co-counsel the opportunity to suggest various ways in which
19 such a settlement could be accomplished.

20  18.   On June 5, 2012, my partner Steve Katz and I met with Mr. Rhodes in his San
21 Francisco office to discuss the proposed settlement. In that meeting, we again suggested that the
22 settlement should provide for an opportunity for class members to receive monetary relief or
23 alternatively should not release damage claims. At no point in these discussions did Mr. Katz or
24 myself, or any other associated counsel discuss or otherwise demand any payment of attorneys'
25 fees in connection with the proposed settlement.

26  19.   After learning of the proposed settlement, I tried—on numerous occasions—to
27 obtain a complete settlement term sheet and the material provisions of the proposed *Fraley*
28 settlement.  Despite my best efforts, we were denied until June 5, 2012 when we were provided a

1 term sheet that provided basic and vague information regarding the settlement, which was
2 purportedly protected under a claim of "trade secret." (Exh. C)

3     20. As such, we remained unaware of the final terms of the *Fraley* settlement until
4 after the motion for preliminary approval of the settlement was filed. On June 19, 2012, I
5 informed counsel in the *Fraley* action that, because the papers were filed under seal, we could not
6 "review the scope of the release or the consolidation offered for that release or any of the
7 numerous other features of the settlement necessary to evaluate its fairness. There isn't even a
8 redacted version available for review." (Exh. D)

9     21. We finally received redacted versions of the *Fraley* plaintiffs' brief in support of
10 settlement on June 20, 2012. It was at this point that Counsel for *C.M.D.* were first able to
11 evaluate a proposed release that extended beyond claims related to sponsored stories.

12     22. As soon as counsel for the *C.M.D.* plaintiffs determined that the *Fraley* plaintiffs
13 no longer represented the best interests of the *C.M.D.* Plaintiffs, we moved to intervene in this
14 action.

15     23. Although I have discussed the potential settlement with various interest groups,
16 including those who intend to object, neither I, nor any member of my firm has encouraged a
17 potential *cy pres* recipient to object to this settlement.

18     Affirmed this 10th day of July 2012.

20                       Aaron M. Zigler

21               **KOREIN TILLERY**
              Aaron M. Zigler
22               azigler@koreintillery.com
              One U.S. Bank Plaza
23               505 N. 7th St., Suite 3600
              St. Louis, MO 63101-1625
24               Tel: (314) 241-4844
              Fax: (314) 241-3525
25

26               *Counsel for Movants*

1  Additional Counsel for Movants:

2  Edward A. Wallace
   WEXLER WALLACE LLP
3  55 West Monroe St., Suite 3300
   Chicago, IL 60603
4
   John C. Torjesen
5  JOHN C. TORJESEN & ASSOCIATES, PC
   612 N. Sepulveda Boulevard, 2nd Floor
6  Los Angeles, CA  90049

7  Lee Squitieri
   Garry T. Stevens Jr.
8  SQUTIERI & FEARON LLP
   32 E. 57th Street, 12th Floor
9  New York, NY 10022

10 Antony Stuart
   STUART LAW FIRM
11 801 South Grand Avenue, 11th Floor
   Los Angeles, CA  90017

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
Declaration of Aaron M. Zigler in Further Support of Motion to Intervene; Case No. CV11-01726 LHK