IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANGEL FRALEY, et al.

        Plaintiffs,

  v.

FACEBOOK, INC.,

        Defendant.

_____/

No. C 11-1726 RS

**ORDER RE MOTION TO INTERVENE**

      Plaintiffs' motion for preliminary approval of a settlement agreement reached in this putative class action is set for hearing on August 2, 2012. The named plaintiffs in the related case, *C.M.D. v. Facebook, Inc*., No. 12-cv-01216 RS (the "*C.M.D*. Action"), have filed a motion for leave to intervene in this action, for purposes of opposing preliminary approval. That motion is also set for hearing on August 2, 2012. Pursuant to Civil Local Rule 7-1(b), the motion for leave to intervene is suitable for disposition without oral argument. Accordingly, while the hearing on August 2, 2012 will go forward with respect to the motion for preliminary settlement approval, no argument will be entertained regarding the motion for leave to intervene.

      Whether or not the *C.M.D.* plaintiffs have any right to intervene, they undeniably have a right, subject only to the good faith requirements of Rule 11, to file a motion seeking intervention. Inevitably, to advance such a motion, they must present, and the Court must evaluate, their

1  objections to preliminary approval of the settlement, as the propriety of intervention turns on the
2  substance of those objections. Thereafter, even if the ordinary criteria for intervention were not
3  satisfied, it would neither be practical nor in the interests of justice for the Court to disregard any
4  points raised in opposition to preliminary approval that appeared to have potential merit. Thus, a
5  motion for leave to intervene in circumstances like these has the peculiar effect of being essentially
6  self-executing—merely by filing the motion, the proposed intervenor can obtain consideration of the
7  merits of the arguments he or she is seeking leave to present.

8  The *C.M.D.* plaintiffs' motion for leave to intervene is therefore in essence moot. Although
9  they have submitted a proposed "complaint in intervention," it is substantively identical to their
10 complaint in the related action, and it would serve no purpose to have it as a second operative
11 pleading in this case.[1] The *C.M.D.* plaintiffs will be permitted to argue in opposition to preliminary
12 approval at the August 2nd hearing, and the written objections they have already submitted as part
13 of the intervention motion will be considered. As members of the proposed settlement class, they
14 will also be permitted to submit written objections and appear at the hearing on final settlement
15 approval, in the event preliminary approval is granted. Their motion for leave to intervene is
16 otherwise denied.

18 IT IS SO ORDERED.

20 Dated: 7/25/12

   _____
   RICHARD SEEBORG
   UNITED STATES DISTRICT JUDGE

---

[1] As an apparent result of having been copied from the operative complaint in the related action, the footer on the proposed complaint in intervention bears the label "Plaintiffs-Intervenors' *First Amended* Complaint" when, in fact, there was no prior complaint in intervention.

2