COOLEY LLP
MICHAEL G. RHODES (116127)
(mrhodes@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(gutkinjm@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No. CV 11-01726 RS<br><br>**RESPONSE TO AMICUS CURIAE MEMORANDUM OF CENTER FOR PUBLIC INTEREST LAW AND CHILDREN'S ADVOCACY INSTITUTE IN OPPOSITION TO PROPOSED SETTLEMENT AGREEMENT**<br><br>DATE: August 2, 2012<br>TIME: 1:30 p.m.<br>DEPT.: 3<br>JUDGE: Hon. Richard Seeborg |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1280070/SF

RESPONSE TO AMICUS CURIAE BRIEF
CASE NO. CV 11-01726 RS

## I. INTRODUCTION

Defendant Facebook, Inc. ("Facebook") hereby responds to the Amicus Curiae Memorandum ("Amicus Brief") of the Center for Public Interest Law and Children's Advocacy Institute (the "Amici") in Opposition to Proposed Settlement Agreement. Although Facebook doubts the Amicus Brief is properly before the Court,[1] Facebook responds to briefly address fundamental misstatements in the Brief concerning (1) the governing law relevant to the proposed settlement in this action (the "Settlement"), (2) the nature of the claims being settled, and (3) the terms of the proposed Settlement.

## II. ARGUMENT

### A. Amici's opposition is premised on a misunderstanding of the governing law.

Amici's chief objection to the Settlement arises from their false belief that "[t]he settlement purports to stipulate, on behalf of all minors, to a violation of the California Family Code, which prohibits minors from contracting for the use of their names and likenesses." (Amicus Br. 3.) According to Amici, there is a "legal prohibition in California on minors contracting for almost anything, including expropriation of their names and likenesses." (*Id.* at 1.) Amici claim this purported prohibition arises from California Family Code § 6701(a) and (c) (*see* Amicus Br. 3-4), parroting the idiosyncratic legal theory advanced by the plaintiffs in the related action of *C.M.D. v. Facebook, Inc.*, 5:12-cv-01216-RS (N.D. Cal.) (previously styled as *E.K.D. v. Facebook*).[2] Amici's arguments have no basis in the law.

Under California law, "[e]xcept as provided in Section 6701, a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance . . . ." Cal. Fam. Code

---

[1] In general, a non-party may file an amicus brief only with (1) the consent of all the parties, or (2) leave of the court. *Cf.* Fed. R. App. P. 29(a); N.D. Cal. Civ. L.R. 7-3(d) (requiring court permission to make filings after reply is filed (i.e., after close of briefing)). Here, Amici failed to obtain either Facebook's consent or leave of the Court.

[2] Because Amici's arguments duplicate those of the *C.M.D.* plaintiffs, they are entitled to no weight. *See Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997). Notably, these arguments have already been rejected in the *C.M.D.* case itself. *See E.K.D. v. Facebook, Inc.*, 3:11-cv-00461-GPM-SCW (S.D. Ill. Mar. 8, 2012) (transferring case to the Northern District of California); *see also* Facebook's Mot. to Dismiss at 9-14, *C.M.D. v. Facebook, Inc.*, 5:12-cv-01216-RS (N.D. Cal. May 21, 2012), ECF No. 109.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1280070/SF

1.

RESPONSE TO AMICUS CURIAE BRIEF
CASE NO. CV 11-01726 RS

§ 6700. Under § 6701, minors are forbidden from entering only a narrow range of contracts, including those that "[g]ive a delegation of power," § 6701(a), or relate to "personal property not in the immediate possession or control of the minor," § 6701(c). Citing no authority, Amici claim that the proposed Settlement sanctions a violation of these provisions by (1) "pretending that a minor has consented (delegated to Facebook the power) to the use of his or her name and likeness"; and (2) contracting with minors with respect to "images that are in Facebook's possession or control and not in the immediate possession or control of the minor." (Amicus Br. 3-4.) Amici are wrong on both counts.

Family Code § 6701(a) and (c) are fundamentally inapplicable to any aspect of either the *Fraley* litigation or the Settlement. As confirmed by nearly 100 years of case law, § 6701(a) "declare[s] the rule that an infant [can]not execute contracts through an agent having only a delegated authority executed by the infant." *Hakes Inv. Co. v. Lyons*, 166 Cal. 557, 560 (1913); *see also, e.g.*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 425 (9th Cir. 1975) (minor cannot enter partnership because he cannot delegate power under California law); *Schumm v. Berg*, 37 Cal. 2d 174, 182 (1951) (contract by minor's purported agent void); *Casey Wasserman Living Trust v. Bowers*, No. 5:09-CV-180-JMH, 2011 U.S. Dist. LEXIS 46451, at *4-7 (E.D. Ky. Apr. 29, 2011) (collecting cases). Neither Facebook's current terms of service nor the revisions contemplated by the Settlement purport to delegate to Facebook a power of agency (i.e., the power to enter contracts on the minor's behalf), and Amici do not claim otherwise. Thus, § 6701(a) is inapposite.

Section 6701(c) is equally irrelevant, as it only prevents minors from assigning a future interest, such as designating a beneficiary under an annuity contract, *see Sisco v. Cosgrove, Michelizzi, Schwabacher, Ward & Bianchi*, 51 Cal. App. 4th 1302, 1307 (1996), or directing the minor's employer to pay his wages to a third party, *see Morgan v. Morgan*, 220 Cal. App. 2d 665, 675 (1963). Seeking to force a square peg into a round hole, Amici claim that the settlement violates § 6701(c) because the "images . . . are in Facebook's possession or control, not in the immediate possession or control of the minor." (Amicus Br. 3-4.) But this argument ignores how Facebook actually works: at all times, Facebook users ("Users") have "immediate possession or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1280070/SF

2.

RESPONSE TO AMICUS CURIAE BRIEF
CASE NO. CV 11-01726 RS

control" over the images they upload to Facebook, Cal. Fam. Code § 6701(c), which they may access or remove from their Facebook accounts at will.

Amici's proposed construction of these provisions is also untenable because it would conflict with other legal provisions. In particular, Family Code §§ 6750 and 6751 expressly contemplate contracts "pursuant to which a minor agrees to . . . license . . . use of a person's likeness," specifying that certain such contracts may *not* be disaffirmed if approved by a court. Cal. Fam. Code §§ 6750(a), 6751. This provision would be nonsensical if § 6701 operated as an absolute prohibition on minors entering contracts to license use of their names or likenesses. *Cf.* Cal. Civ. Code § 3344(d) (identifying multiple circumstances, including news, public affairs, or political campaigns, in which use of a person's name or likeness does not require prior consent); *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 310 n.10 (9th Cir. 1992) (Section 3344(d) is "designed to avoid First Amendment questions in the area of misappropriation by providing extra breathing space for the use of a person's name in connection with matters of public interest").

These facts, as well as the relevant case law, make § 6701(c) irrelevant.[3]

**B.    Amici mischaracterize the claims at issue in the litigation.**

The Amicus Brief likewise mischaracterizes the claims being settled in the case. According to Amici, the *Fraley* litigation implicates "the irreparable harm that comes from the necessarily final publication into a forum that can reach millions and from which the images and information can then not be withdrawn." (Amicus Br. 4; *see also id.* at 6 (suggesting the lawsuit concerns "youthful indiscretions," or "bullying and suicides")). This characterization is not only inaccurate (content on Facebook can be deleted), but has nothing to do with the Facebook conduct challenged in the lawsuit—Sponsored Stories, which simply republish stories about Facebook Users' actions to the same friends with whom the Users have chosen to share the same

---

[3] Amici also allege, without authority, that "requiring children to 'represent that at least one parent or legal guardian has also agreed to Facebook's use of the child's name, profile picture, or account information . . . violates the law, public policy, and common sense." (Amicus Br. 4.) But Amici cite no law or public policy preventing Facebook from confirming that it has parental consent for minor Users in this manner.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1280070/SF

3.

RESPONSE TO AMICUS CURIAE BRIEF
CASE NO. CV 11-01726 RS

content. It appears as if the Amici are unaware of, or fundamentally misunderstand, the facts of this case. Rather than actually addressing the merits of the Settlement in light of the claims at issue, the Amicus Brief appears to reflect Amici's views of the perils of teenage Internet use, more broadly. These arguments have no bearing on the fairness of the Settlement, and the Court should disregard them.

### C. Amici mischaracterize the terms of the Settlement Agreement.

Nor is there merit to Amici's claim that the Settlement provides "no benefits to the class." (Amicus Br. 3.) In fact, the benefits are substantial. In addition to $10 million in *cy pres* distributions and additional educational information about Facebook advertising, the Settlement gives parents the ability to opt their children out of Sponsored Stories altogether, an option not currently available to parents. (*See* Settlement Agreement § 2.1(c)(ii).) In addition, the Agreement enhances the clarity of Facebook's terms of use, informing children and parents alike that Facebook Users "permit a business or other entity to pay [Facebook] to display your name and/or profile picture with your content or information," viewable by the User's chosen audience and subject to the User's privacy settings. (*Id.* § 2.1(a).) The Settlement will also give Users the ability to learn which pieces of content they have shared with their Facebook friends that have been displayed in a Sponsored Story and then control which content may appear in additional Sponsored Stories—two features not currently available on the site. (*Id.* § 2.1(b).) Combined with Users' preexisting ability to control the audience for their posts and Sponsored Stories, the Settlement gives Users direct, granular control over their appearance in Sponsored Stories.

The clear benefits of this relief to the class are not diminished by Amici's unsupported assertion that Users will not (or cannot) understand the changes to Facebook or to the terms of service. (*See, e.g.*, Amicus Br. 5, 6.) As discussed above, this claim rings particularly hollow because Amici themselves appear to have a flawed understanding of how Facebook works and of what this lawsuit is about.

### III. CONCLUSION

Amici misunderstand several aspects of the governing law, the claims at issue, and the terms of the Settlement. Accordingly, the Amicus Brief should receive no weight.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1280070/SF

4.

RESPONSE TO AMICUS CURIAE BRIEF
CASE NO. CV 11-01726 RS

Dated: August 1, 2012            COOLEY LLP

*/s/ Matthew D. Brown*
Matthew D. Brown (196972)

Attorneys for Defendant
FACEBOOK, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1280070/SF

5.

**RESPONSE TO AMICUS CURIAE BRIEF**
**CASE NO. CV 11-01726 RS**