IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY, et al.<br><br>        Plaintiffs,<br>  v.<br><br>FACEBOOK, INC.,<br><br>        Defendant.<br>_____/ | No. C 11-1726 RS<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION, WITHOUT PREJUDICE; DENYING REQUEST TO EXPAND LIST OF POTENTIAL *CY PRES* RECIPIENTS; REQUIRING FURTHER MEET AND CONFER NEGOTIATIONS RE SEALING MOTIONS** |

1. Motion for class certification

On March 29, 2012, plaintiffs filed a motion for class certification (Dkt. No. 106). That motion was subsequently taken off calendar in light of the parties' report that they had reached a settlement, but technically it remains pending. The motion is hereby denied, without prejudice to it being renewed in the event the settlement does not receive conditional or final approval. The denial is also without prejudice to the request for class certification in the context of settlement approval.

2. Expansion of potential *cy pres* recipients

An individual named Jeffrey Allen Pennington, who appears likely to be a member of the putative class, filed a motion proposing that any *cy pres* funds from the proposed settlement be distributed to three organizations, either in addition to, or in lieu of, disbursement to the recipients

1  identified in the settlement proposal. The three organizations allegedly serve the homeless, provide
2  low income housing, and offer counseling to families suffering from substance abuse and/or
3  domestic violence issues, respectively.

4  Pennington's motion (Dkt. No. 201) is denied. Even in the event the proposed settlement
5  otherwise merits preliminary approval, distribution of *cy pres* funds to the types of organizations
6  identified by Pennington would not be legally permissible. *See Dennis v. Kellogg Co.*, __ F.3d.__,
7  2012 WL 2870128, *4 (9th Cir. 2012). ("Not just any worthy recipient can qualify as an appropriate
8  *cy pres* beneficiary. To avoid the many nascent dangers to the fairness of the distribution process,
9  we require that there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries."
10 (internal quotations and citation omitted)).

12  3. Sealing motions

13  Currently eleven separate motions for leave to file materials under seal are pending. (Dkt.
14  Nos. 110, 115, 129, 135, 153, 158, 160, 17, 181, 181, and 190). Several of these were filed in
15  connection with the class certification motion, others relate to the motion for preliminary approval
16  of the settlement. In support of its sealing motions, Facebook has correctly noted the principles
17  reflected in Civil Local Rule 79-5, and the "importance of public access to documents." Facebook
18  asserts that it has carefully reviewed each document and is only asserting a right to sealing where
19  warranted. It is less clear, however, whether in all instances the parties have applied the principles
20  cited by Facebook with sufficient rigor. Particularly with respect to materials related to the motion
21  for preliminary approval, the interest of putative class members, and the public in general, in having
22  *full* access to all information bearing on the merits of the motion is especially high. While personal
23  information regarding minors may warrant sealing, it is far from apparent that any other material
24  would, including relevant financial data and information relating to how "Sponsored Stories"
25  operates.

26  Accordingly, within 10 days following the hearing on the motion for preliminary approval,
27  the parties shall engage in meet and confer negotiations to attempt to agree on the narrowest
28  possible sealing order, and shall jointly submit such a proposed order within 5 days thereafter. The

proposed order shall identify any motions that may be denied without prejudice as moot, given the present disposition of the motion for class certification, or, at the parties' option, they may elect to address those issues at this time. The proposed order shall clearly identify any documents, or portions thereof, that the parties agree should be filed under seal, and concisely state the basis for such sealing. To the extent the parties are unable to reach agreement as to the propriety of sealing any particular material, the proposed order should include brackets or other indications sufficient to allow the court to decide the dispute and enter the proposed order by accepting or rejecting the bracketed language. The proposed order should be one document, which in one fashion or another, will dispose of all eleven sealing motions identified above.

IT IS SO ORDERED.

Dated: 8/1/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE