**Consumer Watchdog**

August 1, 2012

FILED
AUG X 3 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**SENT VIA FEDEX OVERNIGHT**

Clerk of the United States District Court for the Northern District of California
Attn: The Honorable Richard Seeborg
San Francisco Courthouse, 17th Floor, Courtroom 3
450 Golden Gate Avenue, San Francisco, CA 94102

**Re: *Fraley v. Facebook*, Case No. 11-01726**

Dear Judge Seeborg:

Consumer Watchdog[1] opposes the proposed settlement agreement in the above-referenced matter on the grounds that the proposed settlement is not fair, adequate or reasonable and provides no direct or indirect benefit to class members.

The public has lost control over the use of its personal information online. This has allowed websites like Facebook to capitalize on their users' personal information without the users' consent. Here, however, a ruling on the application of California's image appropriation statute prior to the settlement stage[2] demonstrated judicial recognition that the loss of control over personal information, without direct monetary losses, causes harm to the public.

This case thus presented a unique opportunity for Facebook users to gain control over the social network's collection, retention and distribution of their personal information, but the terms of the proposed settlement agreement provide no such meaningful relief to class members. In exchange, Facebook will be released from virtually all liability for profiting from its users' personal information in connection with Sponsored Stories.

First, the proposed settlement provides no monetary relief to class members even though the requested relief included statutory damages under California Civil Code section 3344, and despite the fact that Facebook has profited from the Sponsored Stories advertisements.

---

[1] Consumer Watchdog is a tax-exempt 501(c)(3) nonprofit organization dedicated to education and advocating on behalf of consumers for over 25 years. Through policy research, investigation, public education, advocacy, litigation, and direct consumer outreach, Consumer Watchdog has helped millions of Americans save billions of dollars on their insurance bills, secure the quality health care they need, and, for low-income consumers, gain access to important programs. Consumer Watchdog's public education and advocacy efforts work to expose, confront, and change deceptive practices. Our advocates field complaints from consumers nationwide and work with regulators, policymakers and consumer protection agencies to improve laws and regulations to better protect consumers from deceptive corporate conduct, anti-competitive behavior, and corporate abuse.

[2] *See* Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, *Fraley et al v. Facebook, Inc.*, No. 11-01726 (N.D. Cal. Dec. 16, 2011)

Re: Fraley v. Facebook Proposed Settlement
August 1, 2012
Page 2 of 2

      The injunctive relief is also inadequate. Particularly, the proposed revisions and additions to Facebook's onerous user agreement do not alert users to Facebook's use of names, photographs, and other personal information in Sponsored Stories advertisements. The settlement agreement does not even allow users to opt-out of Sponsored Stories. In effect, the injunctive relief provisions will permit Facebook to continue the conduct alleged in the complaint without ever obtaining actual, meaningful and bargained-for consent, in the same manner that it did all along.

      Further, the *cy pres* distributions raise serious problems: the language of the settlement agreement and supporting materials suggest that Facebook participated in the selection of the *cy pres* recipients. Further, it is unclear whether class counsel have insured that no *cy pres* payments are proposed to an entity in which Facebook has any interest, financial or otherwise. And some of the proposed *cy pres* recipients do not further the interests of the silent class members. Finally, there is no mechanism for monitoring the recipients' expenditures of the *cy pres* funds. These shortcomings merit rejection on their own.

      Finally, class counsel is requesting $10 million in attorneys' fees, amounting to *100% of the value of the ostensible relief to the class (i.e. the cy pres fund)*.

      In summary, under the proposed settlement Facebook is poised to continue to misappropriate its users' personal information without their consent. Indeed, Facebook recently expanded Sponsored Stories to its mobile platform, an arena where the misappropriation of personal information has far reaching and potentially dangerous consequences; the proposed settlement does not address this major expansion.

      For the foregoing reasons, Consumer Watchdog urges the court to reject the proposed settlement agreement.

Sincerely,

Laura Antonini
Staff Attorney
Consumer Watchdog