# EXHIBIT 1

**[PROPOSED] PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION ORDER**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>    Defendant. | Case No. CV-11-01726 RS<br><br>**[PROPOSED] PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION ORDER**<br><br>**JUDGE**: Hon. Richard G. Seeborg<br>**COURTROOM:** 3 |

On October 25, 2012, this Court heard the joint motion of plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem ("Plaintiffs") and Facebook, Inc. ("Facebook") for preliminary approval of a class action settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court has reviewed the motion, the memoranda of law and declarations filed in support thereof, the Amended Settlement Agreement and Release ("Settlement Agreement"), and the exhibits to the Settlement Agreement, and considered the arguments of counsel. The Court has also reviewed Plaintiffs' Motion for Provisional Class Certification and Appointment of Class Representatives and Class Counsel and the memorandum of law and declarations in support thereof.

Based on this review and the findings below, the Court found good cause to grant the motions.

**FINDINGS:**

**1.** The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

**2.** It is appropriate to provisionally certify the Class and Minor Subclass (defined below), for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

**(a)** In the context of the Settlement Agreement, the Class and Minor Subclass are so numerous that joinder of all Class and Minor Subclass Members is impracticable. Fed. R. Civ. P. 23(a)(1).

**(b)** In the context of the Settlement Agreement, there are questions of law and fact common to the Class and Minor Subclass. Fed. R. Civ. P. 23(a)(2).

**(c)** In the context of the Settlement Agreement, Plaintiffs' claims are typical of the Class's and Minor Subclass's claims. Fed. R. Civ. P. 23(a)(3).

1    [PROP.] ORDER RE PRELIM. APPROVAL OF STLMNT. & PROV'L. CLASS CERTIFICATION
CASE NO. CV-11-01726 RS

1         **(d)** In the context of the Settlement Agreement, Plaintiffs and Class Counsel
2 can adequately represent the Class and Minor Subclass. Fed. R. Civ. P. 23(a)(4).

3         **(e)** In the context of the Settlement Agreement, there are questions of law and
4 fact which predominate over any questions affecting only individual Class and Minor Subclass
5 Members. Fed. R. Civ. P. 23(b)(3).

6         **(f)** In the context of the Settlement Agreement, class certification is superior to
7 other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P.
8 23(b)(3).

9     **3.** The Court finds that the method of providing notice to the Class and Minor
10 Subclass Members proposed in the Settlement Agreement constitutes the best method for
11 providing such notice that is practicable under the circumstances and constitutes valid, due, and
12 sufficient notice to all Class and Minor Subclass Members of their rights and obligations,
13 complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due
14 process, and any other applicable law. The Long Form Notice, Email Notice, and Publication
15 Notice (attached to the Settlement Agreement) comply with due process and Rule 23 because the
16 notices are reasonably calculated to adequately apprise Class and Minor Subclass Members of (i)
17 the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either
18 participate in the settlement, exclude themselves from the settlement or object to the settlement.
19 The Court also approves and authorizes the Parties' use of the Claim Form and Opt-Out Form
20 that were attached to the Settlement Agreement.

21     **4.** Facebook filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to
22 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

23     **IT IS ORDERED THAT:**

24     **1.** **Provisional Certification**. The Class is provisionally certified, for settlement
25 purposes only, under Federal Rule of Civil Procedure 23(b)(3) as:

26         **a.** **Class:** All persons in the United States who have or have had a Facebook
27 account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs,
28

1  likenesses, or identities displayed in a Sponsored Story, at any time on or before the date of entry
2  of the Preliminary Approval Order.

3      **b.**     **Minor Subclass:** All persons in the Class who additionally have or have
4  had a Facebook account at any time and had their names, nicknames, pseudonyms, profile
5  pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under
6  eighteen (18) years of age, or under any other applicable age of majority, at any time on or before
7  the date of entry of the Preliminary Approval Order.

8    **2.**     **Appointment of Class Representative and Class Counsel for Settlement
9  Purposes Only**. Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through
10 Russell Tait as Guardian ad Litem, are conditionally certified as the Class Representatives to
11 implement the Parties' settlement in accordance with the Settlement Agreement. The Arns Law
12 Firm, through Robert S. Arns, Esq., Jonathan E. Davis, and Steven R. Weinmann, and Jonathan
13 Jaffe Law, through Jonathan Jaffe, Esq., are conditionally appointed as Class Counsel to
14 implement the Parties' settlement in accordance with the Settlement Agreement. Plaintiffs and
15 Class Counsel must fairly and adequately protect the Class's and Minor Subclass's interests.

16   **3.**     **Settlement Approval**. The Settlement Agreement, including the Long Form
17 Notice, Email Notice, Publication Notice, Claim Form and Opt-Out Form attached to the
18 Settlement Agreement as Exhibits 2-6, are preliminarily approved.

19   **4.**     **Provision of Class Notice**. The Class and Minor Subclass Members will be
20 provided notice of the settlement in the manner specified under Section 3.3 of the Settlement
21 Agreement.

22   **5.**     **Claim for Class Relief**. Class Members who want to be eligible to receive a share
23 of the Net Settlement Fund must accurately complete and submit a Claim Form to the Settlement
24 Administrator, per the methods prescribed in the Long Form Notice no later than one-hundred-
25 and-fifty (150) calendar days from the date of this Order (which is sixty (60) calendar days after
26 the deadline for completing the transmission of the Email Notice under Section 3.3(b) of the
27 Settlement Agreement) (the "Objection, Opt-Out and Claim Deadline").
28

**6. Objection to Settlement**.

    **a.** Class and Minor Subclass Members who have not submitted a timely written exclusion request pursuant to paragraph 7 below of this Order, and who want to object to the Settlement Agreement must deliver written objections pursuant to the instructions below in subparagraph 6(c) no later than the Objection, Opt-Out and Claim Deadline. Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 RS"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person objecting; and (c) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).

    **b.** Any Class or Minor Subclass Member who submits a timely written objection (as described in this paragraph 6), may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class and Minor Subclass Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must also deliver to Class Counsel, Facebook's Counsel, and the Court, no later than the Objection, Opt-Out and Claim Deadline, a Notice of Intention to Appear. As an alternative to the Notice of Intention to Appear, Class and Minor Subclass Members may also state their intention to appear at the Fairness Hearing directly within their objections. Only Class and Minor Subclass Members who have submitted a timely objection and provided notice of their intention to speak at the Fairness Hearing may speak at the Fairness Hearing. However, it is not necessary for an objector to appear at the Fairness Hearing.

    **c.** The foregoing papers shall be submitted through one of the following means: (1) Objecting Class Members may submit written objections to the Settlement Administrator by postal mail or electronic mail[1] or (2) if the objector is represented by counsel

---

[1] Every Friday starting the date Email Notice begins to be provided under Section 3.3(b), the Settlement Administrator will email to Facebook's Counsel and Class Counsel any objections it received during the prior week. After the Objection, Opt-Out and Claim Deadline, the Settlement Administrator will compile all objections it received, with an index, which Plaintiffs will file with

1  who is registered for e-filing before this Court, the objection may be filed with the Court and
2  served on Facebook and Plaintiffs through the Court's electronic case filing ("ECF") system
3  located at https://ecf.cand.uscourts.gov/cand/index.html. An objection filed with the Court via
4  ECF may redact the objecting individual's telephone number or email address, so long as the
5  unredacted version is served on Class and Facebook Counsel.

6  **d.** The delivery and filing date is deemed to be the date the objection is
7  (a) deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as
8  evidenced by the postmark [if mailed to the Settlement Administrator], (b) emailed to the
9  Settlement Administrator, as reflected on the transmission record [if emailed], or (c) filed with the
10 Court, as reflected on the objection's "notice of electronic filing" [if filed electronically via the
11 Court's ECF system]. For the purposes of email and ECF filing, transmission must be complete
12 by 11:59 p.m. (Pacific) on the Objection, Opt-Out and Claim Deadline.

13 **e.** Any Class and Minor Subclass Members who fail to object to the
14 Settlement Agreement in the manner specified above will: (1) be deemed to have waived their
15 right to object, and will be forever barred from making any objections, to the Settlement
16 Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention,
17 appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the
18 Fairness Hearing.

19 **7. Requesting Exclusion.** Class and Minor Subclass Members who want to be
20 excluded from the settlement must timely submit a complete Opt-Out Form. If sent by mail, the
21 Opt-Out Form must be postmarked no later than the Objection, Opt-Out and Claim Deadline,
22 with postage paid by the person requesting exclusion. If submitted electronically, the Opt-Out
23 Form must be submitted by 11:59 p.m. (Pacific), on or before the Objection, Opt-Out and Claim
24 Deadline. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple
25 persons or classes of persons shall not be allowed and deemed invalid. Class and Minor Subclass

---

the Court prior to the filing deadline for Plaintiffs' brief in support of the Final Order and Judgment. Plaintiffs shall redact Class Members' telephone numbers and email addresses when filing the objections.

Members who do not exclude themselves from the Settlement shall be bound by all subsequent proceedings, orders, and judgments in this Action, whether favorable or unfavorable, including the release provided for under the Settlement Agreement.

**8.     Termination.**  If the Settlement Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement.  This Court's provisional certification of the Class and Minor Subclass and findings underlying the provisional certification shall be solely for settlement purposes.  This Order will not waive or otherwise impact the Parties' rights or arguments.  The Court expressly adopts and incorporates by reference Section 6.1 of the Settlement Agreement.

**9.     No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.  Additionally, in the event the Settlement Agreement terminates for any reason, no Party or other person may use the Settlement Agreement, any proceedings or discussions related to the Settlement Agreement, or any orders related to the Settlement Agreement in any manner prohibited by Sections 6.1 and 7.21 of the Settlement Agreement.

**10.    Stay of Dates and Deadlines.**  All discovery and pretrial proceeding deadlines, are hereby vacated and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

**11.    CAFA Notice.**  The Court finds that Facebook has complied with 28 U.S.C. § 1715(b).

**12.    Settlement Administrator**: The Court hereby appoints the Garden City Group as Settlement Administrator and Escrow Agent.

**13.    Fairness Hearing.**  On _____2013, (no earlier than 195 days after the entry of this Order), at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  All papers supporting Plaintiffs' request for attorneys' fees and costs must be filed within twenty-three (23) calendar days of entry of this Order.  All of Plaintiffs' other papers supporting Final Approval of the Settlement Agreement must be filed no later than fourteen (14) calendar days

**6**     **[PROP.] ORDER RE PRELIM. APPROVAL OF STLMNT. & PROV'L. CLASS CERTIFICATION CASE NO. CV-11-01726 RS**

before the Fairness Hearing. Facebook's (optional) statement in support of the Final Approval of the Settlement Agreement must be filed no later than seven (7) calendar days before the Fairness Hearing.

**IT IS SO ORDERED.**

DATED:_____

Hon. Richard G. Seeborg
United States District Court Judge