# EXHIBIT 2

**LONG FORM NOTICE**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY, *et al.*,<br>     Plaintiffs,<br>   v.<br>FACEBOOK, INC., *et al.*,<br>     Defendants. | Case No. CV-11-01726 RS |

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**This Notice relates to a proposed settlement (the "Settlement") of a class action lawsuit (the "Action") filed against Facebook, Inc. ("Facebook") relating to a particular Facebook feature called "Sponsored Stories." If you or your child have or have had a Facebook account and a Facebook Sponsored Story featured your or your child's name or profile picture, you or your child may be a "Class Member" in the Action.**

**<u>This Notice explains important legal rights you may have. Your and/or your child's legal rights will be affected regardless of whether you do or do not act.</u>**

- Sponsored Stories are a form of advertising that typically contains posts which appeared on facebook.com about or from a Facebook user or entity that a business, organization, or individual has paid to promote so there is a better chance that the posts will be seen by the user or entity's chosen audience. Sponsored Stories may be displayed, for example, when a Facebook user interacts with the Facebook service (including sub-domains, international versions, widgets, plug-ins, platform applications or games, and mobile applications) in certain ways, such as by clicking on the Facebook "Like" button on a business's, organization's, or individual's Facebook page. Sponsored Stories typically include a display of a Facebook user's Facebook name (i.e., the name the user has associated with his or her Facebook account) and/or profile picture (if the user has uploaded one) with a statement describing the user's interaction with the Facebook service, such as "John Smith likes UNICEF," "John Smith played Farmville," or "John Smith shared a link." For illustrative purposes only, and without limiting Sponsored Stories to those examples, Exhibit A at the end of this notice [Exhibit 8 to the Settlement] contains several examples of Sponsored Stories.

- The Action claimed that Facebook unlawfully used Class Members' names, profile pictures, photographs, likenesses, and identities to advertise or sell products and services through Sponsored Stories, without obtaining Class Members' consent. <u>Facebook denies any wrongdoing and any liability whatsoever. No court or other entity has made any judgment or other determination of any liability.</u>

- As described more completely below, in the Settlement, Facebook has agreed to:

    1. Pay $20 million into a fund that can be used, in part, to pay claims of Class Members (including Minor Subclass Members) who appeared in a Sponsored Story. Each participating Class Member may be eligible to receive up to $10. *The amount, if any,*

1

*paid to each claimant depends upon the number of claims made. No one knows in advance how much each claimant will receive, or whether any money will be paid directly to claimants.* If the number of claims made renders it economically infeasible to pay money to persons who make a timely and valid claim, payment will be made to the not-for-profit organizations identified in Section 7 of this notice. These organizations are involved in educational outreach that teaches adults and children how to use social media technologies safely, or are involved in research of social media, with a focus on critical thinking around advertising and commercialization, and particularly with protecting the interests of children.

2. Revise its terms of service (known as the "Statement of Rights and Responsibilities") relating to Sponsored Stories.
3. Give users (and minor users' parents or legal guardians) additional information about and control over the use of their (and their children's) names and profile pictures in Sponsored Stories.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to be eligible to receive a payment, if the Court orders payment to Class Members. | Deadline: [Month] [Day], [Year] |
| **EXCLUDE YOURSELF** | This is the only option that allows you to retain the ability to file your own lawsuit about the legal claims in this case. | Deadline: [Month] [Day], [Year] |
| **OBJECT** | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. | Deadline: [Month] [Day], [Year] |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the class representatives' request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any Objection you filed. If you intend to speak at the Fairness Hearing, you must follow the procedures set forth in Section 15 below when you serve your Objection. | Hearing Date: [Month] [Day], [Year] at [Time] |
| **DO NOTHING** | You will not receive a payment, even if the Court orders payment to Class Members. You will also be giving up your right to bring your own lawsuit related to the claims in the Action. You may be eligible to receive the non-monetary benefits of the Settlement, if the Settlement is finally approved. | No deadline |

2

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient***.

## WHAT THIS NOTICE CONTAINS

BACKGROUND INFORMATION ............................................................................................. 5

    1. Why did I get this notice?

    2. Why is this a class action?

    3. What is this lawsuit about?

    4. Why is there a Settlement?

    5. How do I know if I am part of the Settlement?

    6. I am a minor or a parent or guardian of a minor

THE PROPOSED SETTLEMENT..................................................................................................... 6

    7. What relief does the Settlement provide to the Class Members?

    8. Will the representative plaintiffs receive any compensation for their efforts in bringing this Action?

HOW TO REQUEST PAYMENT – SUBMITTING A CLAIM FORM...................................... 8

    9. How can I (or my child who is a Minor Subclass Member) get a payment?

    10. When will I (or my child) get a payment if I submit a claim form?

THE LAWYERS REPRESENTING YOU ................................................................................. 9

    11. Do I have a lawyer in this case?

    12. How will the lawyers be paid?

DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS .................................................. 9

    13. What do Class Members give up to obtain relief under the Settlement?

HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT ............................................ 10

    14. How do Class Members exclude themselves from the Settlement?

HOW TO OBJECT TO THE SETTLEMENT .............................................................................. 10

    15. How do I tell the Court that I do not like the Settlement?

    16. What is the difference between excluding myself and objecting to the Settlement?

FAIRNESS HEARING................................................................................................................ 12

17. What is the Fairness Hearing?

18. When and where is the Fairness Hearing?

19. May I speak at the hearing?

GETTING MORE INFORMATION & UPDATING INFORMATION ..................................... 13

20. How do I get more information?

21. What if my address or other information changes after I submit a claim form?

## BACKGROUND INFORMATION

### 1. Why did I get this notice?

You received this Notice because a settlement has been reached in this Action regarding Sponsored Stories on Facebook. According to Facebook's available records, you and/or your child may be a member of the Settlement Class and may be entitled to the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations. To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2. Why is this a class action?

In a class action lawsuit, one or more people called class representatives or "Representative Plaintiffs" (in this Action, Susan Mainzer, James Duval, and W.T., a minor, by and through Russell Tait) sue on behalf of other people who have similar claims ("Class Members"). For purposes of this proposed Settlement, one court will resolve the issues for all Class Members, except for those people who properly exclude themselves from the Settlement Class, as explained in Section 14 below. The company sued in this case, Facebook, is called the Defendant.

### 3. What is this lawsuit about?

Representative Plaintiffs contend that Sponsored Stories were advertisements that used Facebook members' names and likenesses to sell products without their consent. California Civil Code section 3344 provides that one whose name and/or likeness has been misappropriated is entitled to damages caused by the misappropriation or statutory damages, and that punitive damages may be awarded to the injured party. It also states that the prevailing party (whether it be the person bringing the lawsuit or the defendant, in this case, Facebook) will be entitled to collect attorneys' fees and costs from the other party. Representative Plaintiffs also allege that Facebook violated California's Unfair Competition Law (Business and Professions Code, section 17200 and the sections that follow).

**Facebook denies any wrongdoing and any liability whatsoever and the issuance of this Notice is**

**not an expression of the Court's opinion on the merit or the lack of merit of any of the Representative Plaintiffs' claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 4. Why is there a Settlement?

The Court has **not** decided that Representative Plaintiffs or Facebook should win this Action. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the Class Members will receive relief when the Settlement is final, rather than years from now, if at all.

### 5. How do I know if I am part of the Settlement?

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement:

> All persons in the United States who have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story at any time on or before the date of entry of the Preliminary Approval Order.

In this notice, Class Members and Minor Subclass Members (defined below in Section 6) will be collectively referred to as "Class Members."

### 6. I am a minor or a parent or guardian of a minor. How do I know if I am (or my child is) a Minor Subclass Member?

The Court has decided that everyone who fits this description is a Minor Subclass Member for the purposes of the proposed Settlement:

> All persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under eighteen (18) years of age, or under any other applicable age of majority, at any time on or before the date of entry of the Preliminary Approval Order.

In this Notice, Minor Subclass Members and Class Members (defined above in Section 5) will be collectively referred to as "Class Members."

## THE PROPOSED SETTLEMENT

### 7. What relief does the Settlement provide to the Class Members?

If the proposed Settlement is approved by the Court, and after any appeals are resolved, Facebook has agreed to:

- Pay $20 million into a fund that can be used, in part, to pay claims of Class Members (including Minor Class Members) who appeared in a Sponsored Story. Each participating

5

Class Member who submits a valid and timely claim form (Authorized Claimant) may be eligible to receive up to $10. *The amount, if any, paid to each Authorized Claimant depends upon the number of claims made, the costs of administering the settlement and providing notice to the class, the amount of attorneys' fees and costs awarded by the Court, and other factors detailed in the Settlement Agreement. No one knows in advance how much each Authorized Claimant's payment will be, and claimants may be paid nothing at all.*

- In addition to paying claims made by Authorized Claimants or making a payment to the not-for-profit organizations noted below, the $20 million fund will be used to pay any attorneys' fees and costs awarded by the Court to Class Counsel (defined below), any service (incentive) award paid to the Representative Plaintiffs, and any costs incurred by the Settlement Administrator (who is the neutral third party operating this website and processing claims) and Escrow Agent (who is a the neutral third party administering the fund). The part of the fund that will be used to pay claims made by Authorized Claimants or to pay the not-for-profit organizations noted below is called the Net Settlement Fund.

- If $10 cannot be paid to each Authorized Claimant, the amount paid to each Authorized Claimant will be reduced pro rata. What this means is that the cash award to individual Authorized Claimants will be determined by subtracting from the $20 million fund any attorneys' fees and costs awarded by the Court to Class Counsel, any service award paid to the Representative Plaintiffs, and any costs incurred by the Settlement Administrator Escrow Agent, and then dividing the remaining funds by the number of Authorized Claimants. For instance, if the Net Settlement Fund has $12 million, and there are 1.2 million Authorized Claimants, the payment to each Authorized Claimant will be $10, subject to the Court's approval. As another example, if the Net Settlement Fund has $12 million, and there are 2.4 million Authorized Claimants, the payment will be $5, subject to the Court's approval.

- If the amount to be paid to each Authorized Claimant is calculated to be $4.99 or less, the Court may, in its discretion, order that the entire Net Settlement Fund be distributed to the not-for-profit organizations identified below instead of to Authorized Claimants.

- If the number of claims made renders it economically infeasible to pay any money to Authorized Claimants, the Court shall order that the entire Net Settlement Fund be distributed to the not-for-profit organizations identified below, instead of to Authorized Claimants.

- If paying $10 to each Authorized Claimant does not exhaust the Net Settlement Fund, the Court may, in its discretion, either order that each Authorized Claimant receive a pro rata share of the remaining funds or order that the remaining funds be distributed to the not-for-profit organizations identified below.

- *<u>Again, no one knows in advance how much, if anything, Authorized Claimants may receive, and no one will know until the deadline for submitting claims passes.</u>*

- The not-for-profit entities that might receive payment under the Settlement are involved in educational outreach that teaches adults and children how to use social media technologies safely, or are involved in research of social media, with a focus on critical thinking around advertising and commercialization, and particularly with protecting the interests of children. They are: Center for Democracy and Technology, Electronic Frontier Foundation, MacArthur Foundation, Joan Ganz Cooney Center, Berkman Center for Internet and Society

6

(Harvard Law School), Information Law Institute (NYU Law School), Berkeley Center for Law and Technology (Berkeley Law School), Center for Internet and Society (Stanford Law School), High Tech Law Institute (Santa Clara University School of Law), Campaign for Commercial-Free Childhood, Consumers Federation of America, Consumer Privacy Rights Fund, ConnectSafely.org, and WiredSafety.org.

In addition to the monetary benefits, the Settlement will require Facebook to:

- Revise its terms of service (known as the "Statement of Rights and Responsibilities") to more fully explain the instances in which Class Members agree to the display of their names and profile pictures in connection with Sponsored Stories.

- Create a mechanism that will allow Class Members to view, on a going-forward basis, the subset of their interactions and other content on Facebook that have been displayed in Sponsored Stories (if any).

- Develop settings that will allow Class Members to prevent particular items or categories of content or information related to them from being displayed in future Sponsored Stories.

- Revise its terms of service to confirm that minor Class Members represent that their parent or legal guardian consents to the use of their names and profile pictures in connection with commercial, sponsored, or related content.

- Provide parents and legal guardians of minor Class Members with additional information about how advertising works on Facebook in its Family Safety Center (currently available at https://www.facebook.com/help/contact/328678960533614) and provide parents and legal guardians of minor Class Members with additional tools to control whether their children's names and profile pictures are displayed in connection with Sponsored Stories.

- Encourage new users, upon or soon after joining Facebook, to include their family in their profile information, including their parents and children.  Where both a parent and a minor child are users and confirm their relationship, Facebook will provide parents of minor Class Members with certain additional educational information and tools to control whether their children's names and profile pictures are displayed in connection with Sponsored Stories.

- Add a control in minor Class Members' timelines that enables each minor Class Member to indicate that his or her parents are not Facebook users.  Where a minor Class Member indicates that his or her parents are not on Facebook, Facebook will make the minor ineligible to appear in Sponsored Stories until he or she reaches the age of 18, until the minor changes his or her setting to indicate that his or her parents are on Facebook, or until a confirmed parental relationship with the minor user is established.

- Make a good faith effort to work with Class Counsel to identify and clarify educational or other information on the Facebook website about how advertising works on Facebook.

**8. Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?**

Susan Mainzer, James Duval, and W.T., a minor, by and through Russell Tait, will request a service award of up to $12,500 (each) for their services as class representatives and their efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the

Representative Plaintiffs.

## HOW TO REQUEST PAYMENT – SUBMITTING A CLAIM FORM

**9. How can I (or my child who is a Minor Subclass Member) get a payment?**

To qualify for payment, Class Members must send in a Claim Form. A Claim Form is accessible by clicking HERE. Read the instructions on the Claim Form carefully, fill out all the information requested, and submit it electronically by 11:59 p.m. Pacific on [Month] [Day], [Year].

Alternatively, a copy of the Claim Form can be obtained from the Settlement website www.[xxx].com or from the Settlement Administrator at the address below and submitted by postal mail. If a completed Claim Form is submitted by mail it must be submitted to the below address and postmarked by [Month] [Day], [Year].

*Fraley v. Facebook, Inc.,* Settlement
c/o GCG
[Address]
[City], [State] [ZIP Code]

**10. When will I (or my child) get a payment if I submit a Claim Form?**

If a Class Member submits a valid Claim Form by [Month] [Day], [Year], and the Court orders payment to Authorized Claimants, the Authorized Claimant will receive his or her payment about 70 days after the Court grants final approval of the Settlement, assuming that no one files an appeal challenging the Settlement. The Claim Form allows Class Members to choose between payment via Automated Clearing House (ACH) transfer and payment via physical check.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

The Court has ordered that the Arns Law Firm and Jonathan Jaffe Law ("Class Counsel") will represent the interests of all Class Members. Class Members will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**12. How will the lawyers be paid?**

Class Counsel are requesting up to $[___] million for their attorneys' fees and up to $[___] to cover their costs. The Court will make the final decision as to the amounts to be paid to the Class Counsel.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

**13. What do Class Members give up to obtain relief under the Settlement?**

If the Settlement is approved, the Court will enter a Final Order and Judgment dismissing the

Action "with prejudice" (i.e., meaning that it cannot be filed again).

Upon the entry of the Final Order and Judgment, Plaintiffs and all Class Members, including all Minor Subclass Members (and their parents or legal guardians on all Minor Subclass Members' behalf), who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives (collectively the "Releasing Parties") shall be deemed to have fully, finally, and forever released, relinquished, and discharged against Facebook and all other persons and entities, including but not limited to persons and entities that have purchased Sponsored Stories from Facebook, and each of their direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them (collectively the "Released Parties"), all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown claims, in law or equity, fixed or contingent, which the Releasing Parties have or may have against the Released Parties arising out of or relating to any of the acts, omissions, or other conduct that was or could have been alleged in the Action, including but not limited to any and all acts, omissions, or other conduct related to the display of any Class Member's name, nickname, pseudonym, profile picture, photograph, likeness, or identity in a Sponsored Story ("Released Claims").

**In addition, the Releasing Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by the Releasing Parties and their Counsel to be true, and they expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, the Releasing Parties agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

The precise definitions of the capitalized terms in the paragraph above can be found in the Settlement Agreement, which is located online at www.[xxx].com or may be obtained by requesting it from the Settlement Administrator: *Fraley v. Facebook, Inc*., Settlement, c/o The GCG [Address], [City], [State] [ZIP Code], email@settlementname.com.

Unless you exclude yourself, you will remain in the Settlement Class, and that means that you

cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

If you exclude yourself from the Settlement Class, you would retain the right to bring a claim against Facebook, but you would not have representation provided for you through this lawsuit, and would be responsible for hiring your own attorney at your own expense.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

**14. How do Class Members exclude themselves from the Settlement?**

Class Members who do not want to be a part of the Settlement must complete a form requesting to be excluded. An electronic version is accessible [HERE](). If submitted electronically, the submission must be complete by [Month] [Day], [Year], 11:59 p.m. (Pacific).

Alternatively, a copy of this form can be obtained from the Settlement website www.[xxx].com or from the Settlement Administrator at the address below and submitted by postal mail. If the form is submitted by mail, it must be submitted to the below address and postmarked by [Month] [Day], [Year].

*Fraley v. Facebook, Inc., Settlement*
c/o GCG
[Address]
[City], [State] [ZIP Code]

Requests for exclusions must be made on an individual basis using the provided form. "Mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed.

If you submit a valid electronic or written request to be excluded from the Class, you will not be a part of the Settlement, you will not be eligible to make a claim for payment (as decribed in Section 9 above), will not be bound by the Final Order and Judgment entered in the Action, and will not be precluded from bringing any individual claim against Facebook based on the conduct complained of in the Action. If a claimant also submits a request for exclusion from the class and settlement, the request for exclusion will be ignored.

## HOW TO OBJECT TO THE SETTLEMENT

**15. How do I tell the Court that I do not like the Settlement?**

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and expenses, and a service award to the Representative Plaintiffs.

If you have not submitted a timely exclusion request and wish to object to the Settlement or to the award of attorneys' fees, expenses, or service awards, you must deliver a written objection ("Objection") by [Month] [Day], [Year] that complies with the following requirements.

Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name of the Action and case number, "*Fraley v. Facebook,*

*Inc.*, Case No. CV-11-01726 RS"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person objecting; and (c) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). Objections will not be valid if they only object to the lawsuit's appropriateness or merits.

You may, but need not, file and serve your Objection through counsel of your choice. If you do make your Objection through an attorney, you will be responsible for your personal attorney's fees and costs.

Objections filed by attorneys registered for e-filing with this Court on behalf of Class Members may be filed through the Court's electronic court filing ("ECF") system located at https://ecf.cand.uscourts.gov/cand/index.html. An Objection filed with the Court via ECF may redact the objecting individual's telephone number or email address, so long as the unredacted version is served on both Class and Facebook Counsel at the following addresses: Class Counsel—Robert S. Arns, Esq., The Arns Law Firm, 515 Folsom Street, 3rd Floor, San Francisco, CA 94104; Facebook's Counsel—Michael G. Rhodes, Esq., Cooley LLP, 101 California Street, 5th Floor, San Francisco, CA 94111. Otherwise, objections must be sent to the Settlement Administrator by mail or email at the following addresses:

*Fraley v. Facebook, Inc., Settlement*
c/o GCG, Inc.
[Address]
[City], [State] [ZIP Code]
email@settlementname.com

The date of an objection is deemed to be the date on which it is:

(a) deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the postmark [*if mailed to the Settlement Administrator*];

(b) transmitted to the Settlement Administrator via email, as reflected on the transmission record [*if emailed to the Settlement Administrator*]; or

(c) filed with the Court as reflected on the objection's "notice of electronic filing" [*if filed with the Court electronically and served on the Parties via the Court's ECF system*].

For the purposes of email and ECF transmission, transmission must be complete by 11:59 p.m. (Pacific) on [Month] [Day], [Year].

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you deliver a timely Objection, and comply with this paragraph, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, or service award. You are not required, however, to appear.

**If you or your attorney intend to make an appearance at the Fairness Hearing, you must also deliver, according to the above procedures, no later than [Month] [Day], [Year], a Notice of Intention to Appear. Alternatively, you may state in your Objection that you**

**intend to appear and speak at the Fairness Hearing.**

### 16. What is the difference between excluding myself and objecting to the Settlement?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17. What is the Fairness Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiffs.

### 18.  When and where is the Fairness Hearing?

The Court will hold the Fairness Hearing at [time] on [Month] [Day], [Year] in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be postponed to a different date or time or location without notice. Please check www.[xxx].com for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

### 19. May I speak at the hearing?

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to. As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely served and filed an Objection, and (b) followed the procedures set forth in Section 15 above for notifying the Court and the parties that you intend to speak at the Fairness Hearing.

If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## GETTING MORE INFORMATION & UPDATING INFORMATION

### 20. How do I get more information?

To see a copy of the Settlement Agreement (which defines capitalized terms used in this notice and provides a brief summary of what has happened in the Action), the Court's preliminary approval order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the settlement website located at: www.[xxx].com.

Alternatively, you may contact the Settlement Administrator at: *Fraley v. Facebook, Inc.*, Settlement, c/o GCG [Address], [City], [State] [ZIP Code].

The above description of the Action is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file for the Action, you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/. You may also visit or call the Clerk's office at the United States District Court for the Northern District of California, San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

You may also contact Class Counsel, Robert S. Arns, Esq. of the Arns Law Firm, by calling (800) 495-7800.

**21. What if my address or other information changes after I submit a Claim Form?**

If, after you submit a claim form, you change your postal or email address, it is your responsibility to inform the Settlement Administrator of your updated information. You may do so either by mail or email at the addresses below:

*Fraley v. Facebook, Inc., Settlement*
c/o GCG
[Address]
[City], [State] [ZIP Code]
[email@settlementname.com]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: [Month] [Day], [Year]          By:  Order of the Northern District of California
                                                HONORABLE RICHARD G. SEEBORG
                                                JUDGE OF THE U.S. DISTRICT COURT