# EXHIBIT 7

**[PROPOSED] FINAL ORDER APPROVING
CLASS ACTION SETTLEMENT AND JUDGMENT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendant. | Case No. CV-11-01726 RS<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>**JUDGE:** Hon. Richard Seeborg<br>**COURTROOM:** 3 |

1.       **[PROPOSED] FINAL ORDER APPROVING**
         **CLASS ACTION SETTLEMENT AND JUDGMENT**
         **CASE NO. CV-11-01726 RS**

On _____, 2012, this Court heard the Motion of Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem ("Plaintiffs") and defendant Facebook, Inc. ("Facebook"), for Final Approval of Class Action Settlement and Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Incentive Award. This Court has considered: (a) the Amended Settlement Agreement and Release ("Settlement Agreement"); (b) the memoranda of law and supporting declarations; (c) any objections filed with or presented to the Court; (d) the Parties' responses to any objections; and (e) arguments presented at the hearing. Based on this review and the findings below, the Court found good cause to grant the motions.

**FINDINGS:**

**1.** Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Settlement Agreement.

**2.** This Court has jurisdiction over the subject matter of this Action, all parties to the Action, and all Class and Minor Subclass Members who have not timely and validly requested exclusion.

**3.** Notice was provided to Class and Minor Subclass Members in compliance with this Court's Preliminary Approval of Class Settlement and Provisional Class Certification Order, Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.

   **a.** The Publication Notice was published in the national edition of USA Today and over PR Newswire.

   **b.** The Short Form Notice was sent to the email address associated with Class Members' Facebook accounts. The Short Form Notice was sent to _____ (number) Class and Minor Subclass members who were considered to be current Facebook users.

   **c.** The notice given was the best method for providing such notice that was practicable under the circumstances. The notice: (i) fully and accurately informed Class and Minor Subclass Members about the lawsuit and settlement; (ii) provided sufficient information so that Class and Minor Subclass Members were able to decide whether to accept the benefits

offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class and Minor Subclass Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

**4.** There were _____ (number) timely objections to the Settlement Agreement and _____ (number) timely exclusion requests.

**5.** For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class and Minor Subclass, as defined below, meet all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

**6.** Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it. The Court has come to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982). Among other matters considered, the Court took into account: (a) the arguments raised by Facebook in its pleadings that could potentially preclude recovery by Class and Minor Subclass Members; (b) the novelty and complexity of Plaintiffs' theory of liability; (c) delays in any award to the Class and Minor Class Members that would occur due to appellate proceedings, which Facebook's defense of this Action to date suggests is a strong likelihood; (d) the amount of discovery (documentary and deposition) that has occurred; (e) the relief provided to the Class and Minor Subclass, including the $20 million Settlement Fund and injunctive relief; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the number of objectors to the Settlement Agreement, demonstrating that the Class and Minor Subclass have a positive reaction to the proposed settlement.

**7.** The Court also finds that extensive arm's-length negotiations have taken place, in good faith and free from collusion, between Class Counsel and Facebook's Counsel resulting in

the Settlement Agreement. Parts of these negotiations were presided over by the experienced mediator Hon. Edward A. Infante (ret.).

**8.** The Parties adequately performed their obligations under the Settlement Agreement.

**9.** An award of $_____ (total) in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

**10.** An incentive award to plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem, of $_____ (each) is fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and emotional) in commencing this action as the Class Representatives; (b) the time and effort spent by Plaintiffs in litigating this action as the Class Representatives; and (c) Plaintiffs' public interest service.

**11.** The objections have been considered by the Court, and they are without merit.

**IT IS ORDERED THAT:**

**1. Class Certification.** The following class and subclass are certified, for settlement purposes only:

The Class Members are defined as:

> All persons in the United States who have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, at any time on or before [*insert: the date of entry of the Preliminary Approval Order*].

The Minor Subclass is defined as:

> All persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under eighteen (18) years of age, or under any other applicable age of majority, at any time on or before [*insert: the date of entry of the Preliminary Approval Order*].

**2. Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class and Minor Subclass Members, including those who did not properly request exclusion under paragraph 7 of the Order Granting Preliminary Approval of Class Settlement. This Order does not bind persons who filed timely and valid requests for exclusions. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

**3. Objections.** All objections to the Settlement are hereby overruled.

**4. Injunctive Relief**. Facebook is bound by the injunctive relief stated in Section 2.1(a)-(e) of the Settlement Agreement (a copy of which section is attached hereto as Exhibit B) for two years following the Final Settlement Date, as defined in Section 1.13 of the Settlement Agreement.

**5. Compliance Audit**. During the period in which the injunctive relief remains in effect, as provided in Section 2.1(e) of the Settlement Agreement, Class Counsel shall have the right to move the Court for an Order requiring one compliance audit by a third-party auditor for good cause shown, and Facebook shall have the right to oppose such a motion. If a compliance audit is ordered, Facebook shall be responsible for paying the costs associated with one such audit.

**6. Attorney's Fees and Costs**. Class Counsel is awarded $_____ (total) in fees and costs. Payment shall be made to The Arns Law Firm by Facebook pursuant to the timeline stated in Section 2.5 of the Settlement Agreement.

**7. Calculation of Attorneys' Fees and Costs**. The Court used the [percentage-of-recovery /lodestar] method to calculate the attorneys' fees award. [Using the lodestar method, the Court finds that Class Counsel's hours and expenses were reasonable. The Court has considered the appropriate factors to determine that a multiplier is/is not appropriate. The Court calculates a multiplier of __.__ by dividing the total award ($_____) by the lodestar figure ($_____)] [The Court also used a cross-check to confirm the fee award.] [Using the percentage-of-recovery analysis, the hours and expenses are appropriate given, among other factors, the result obtained for the Class and Minor Subclass Members, including the injunctive

relief, the financial burden of contingent representation, and the quality of Counsel's work. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).]

**8. Incentive Award.** Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem, are awarded $_____ (each) as an incentive award. Payment shall be made pursuant to the timeline stated in Section 2.6 of the Settlement Agreement.

**9. Class Relief**. The Settlement Administrator will distribute payments to Authorized Claimants pursuant to the timeline and terms stated in Section 2.3 of the Settlement Agreement.

**10. Release.** Plaintiffs and all Class and Minor Subclass Members who did not properly request exclusion are: (1) deemed to have released and discharged all claims arising out of or asserted in this action and claims released under the Settlement Agreement, including all claims that could have been asserted in this Action; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 5.2 and 5.3 of the Settlement Agreement. The Court expressly adopts and incorporates by reference Sections 5.2 and 5.3 of the Settlement Agreement.

**11. No Admission of Wrongdoing.** Facebook has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in this action, and as such, neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Facebook of the truth of any of Plaintiffs' allegations, or of any liability, fault, or wrongdoing of any kind.

**12. Termination**. If the Settlement Agreement terminates for any reason, this action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments. The Court expressly adopts and incorporates by reference Section 6.1 of the Settlement Agreement.

1 **13. Dismissal of Action.** This Action, including all of the individual and class claims included therein, is hereby dismissed on the merits and with prejudice. The Clerk of the Court is instructed to close the file for this Action.

**14. Judgment.** The Court finds there is no just reason for delay and expressly directs that Judgment be entered immediately by the Clerk of the Court.

**15. Court's Jurisdiction.** Without affecting the finality of the dismissal or the Judgment, pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement including supervising the distribution of the Settlement Fund, as set forth in Section 2.3 of the Settlement Agreement, and any *cy pres* award with respect to any unclaimed funds, as set forth in Section 2.4.

**IT IS SO ORDERED AND ADJUDGED.**

DATED:_____

Hon. Richard G. Seeborg
United States District Court Judge