1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13   ANGEL FRALEY; PAUL WANG; SUSAN          Case No. CV-11-01726 RS
     MAINZER; JAMES H. DUVAL, a minor, by
14   and through JAMES DUVAL, as Guardian ad  **PRELIMINARY APPROVAL OF CLASS**
     Litem; and W.T., a minor, by and through  **SETTLEMENT AND PROVISIONAL CLASS**
15   RUSSELL TAIT, as Guardian ad Litem;       **CERTIFICATION ORDER**
     individually and on behalf of all others
16   similarly situated,                      **JUDGE**: Hon. Richard Seeborg
                                               **COURTROOM:** 3
17                    Plaintiffs,

18          v.

19   FACEBOOK, INC., a corporation; and
     DOES 1-100,
20
                      Defendant.
21

22

23

24

25

26

27

28

1

2      On November 15, 2012, a hearing was held on (1) the Joint Motion for Preliminary

3  Approval of Revised Settlement filed by plaintiffs Susan Mainzer, James H. Duval, and W.T., a

4  minor, by and through Russell Tait as Guardian ad Litem ("Plaintiffs") and Facebook, Inc.

5  ("Facebook") and (2) Plaintiffs' Motion for Class Certification, Appointment of Class Counsel,

6  and Appointment of Class Representatives Pursuant to Motion for Preliminary Approval.  This

7  Court has reviewed the motions, the memoranda of law and declarations filed in support thereof,

8  the Amended Settlement Agreement and Release ("Settlement Agreement"), the exhibits to the

9  Settlement Agreement, and the Revised Class Notice Documents in Further Support of Joint

10  Motion for Preliminary Approval of Revised Settlement, and has considered the arguments of

11  counsel.

12      A motion for preliminary approval of a prior settlement agreement was denied, without

13  prejudice, for reasons set forth in a written order filed on August 17, 2012.  As discussed in more

14  detail at the hearing on the present motions, the Court is satisfied that the revisions to the terms of

15  the settlement are sufficient to warrant preliminary approval under the applicable standards.  *See*

16  *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D.Cal. 2007) (preliminary

17  approval may be granted where proposed settlement "falls within the range of possible approval,"

18  and meets other basic requirements.).  Based on the present record and the findings below, the

19  Court finds good cause to grant the motions.[1]

20

21

22  _____

[1]  In conjunction with the present motions, the Center for Public Interest Law and the Children's
23  Advocacy Institute filed a purported *amicus* brief arguing the Settlement Agreement does not
adequately protect the interests of the minor subclass, and expressing concerns as to the potential
24  size of the attorney fee award that ultimately may be sought by plaintiffs' counsel.  This filing
contravened the order entered August 27, 2012 requiring persons wishing to comment on the
25  proposed settlement either to apply for and be granted leave to appear as *amicus curiae* or, if
members of a provisionally-certified class, to submit objections as part of the final approval
26  process.  The arguments presented in the brief as to the minor subclass do not compel a
conclusion that preliminary approval is unwarranted, although the parties should ensure that they
27  have adequately responded to them prior to the hearing on final approval, either through the
responses they have already filed, or in briefing supporting final approval.  The amount of the
28  attorney fee request, of course, will be subject to Court scrutiny in any event.

**FINDINGS:**

**1.**      The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate.  *See id.* at 1079 (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

**2.**      It is appropriate provisionally to certify the Class and Minor Subclass (defined below), for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> **(a)**      The Class and Minor Subclass are so numerous that joinder of all Class and Minor Subclass Members is impracticable.  Fed. R. Civ. P. 23(a)(1).

> **(b)**      There are questions of law and fact common to the Class and Minor Subclass.  Fed. R. Civ. P. 23(a)(2).

> **(c)**      Plaintiffs' claims are typical of the Class's and Minor Subclass's claims.  Fed. R. Civ. P. 23(a)(3).

> **(d)**      Plaintiffs and Class Counsel can adequately represent the Class and Minor Subclass.  Fed. R. Civ. P. 23(a)(4).

> **(e)**      There are questions of law and fact which predominate over any questions affecting only individual Class and Minor Subclass Members.  Fed. R. Civ. P. 23(b)(3).

> **(f)**      Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).

**3.**      The Court finds that the method of providing notice to the Class and Minor Subclass Members proposed in the Settlement Agreement constitutes the best method for providing such notice that is practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class and Minor Subclass Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.  The Long Form Notice, Email Notice, and Publication Notice (revised versions of which were filed by Facebook on November 20, 2012) comply with

1
2
3
4
5

due process and Rule 23 because the notices are reasonably calculated to apprise Class and Minor Subclass Members adequately of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right either to participate in the settlement, exclude themselves from the settlement or object to the settlement. The Court also approves and authorizes the Parties' use of the Claim Form and Opt-Out Form that were attached to the Settlement Agreement.

6
7

    **4.**      Facebook filed a declaration regarding the notice it gave on October 12, 2012 in compliance with the requirements of 28 U.S.C. § 1715(b).

8

    **IT IS ORDERED THAT:**

9
10

    **1.**      **Provisional Certification**. The Class is provisionally certified, for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3) as:

11
12
13
14

        **a.**      **Class:**  All persons in the United States who have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, at any time on or before the date of entry of the Preliminary Approval Order.

15
16
17
18
19

        **b.**      **Minor Subclass:**  All persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under eighteen (18) years of age, or under any other applicable age of majority, at any time on or before the date of entry of the Preliminary Approval Order.

20
21
22
23
24
25
26
27

    **2.**      **Appointment of Class Representative and Class Counsel for Settlement Purposes Only**. Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem, are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Settlement Agreement. The Arns Law Firm, through Robert S. Arns, Esq., Jonathan E. Davis, and Steven R. Weinmann, and Jonathan Jaffe Law, through Jonathan Jaffe, Esq., are conditionally appointed as Class Counsel to implement the Parties' settlement in accordance with the Settlement Agreement. Plaintiffs and Class Counsel must fairly and adequately protect the Class's and Minor Subclass's interests.

28

**3.      Settlement Approval**.   The Settlement Agreement, including the Long Form Notice, Email Notice, and Publication Notice filed with the Court on November 20, 2012, and the Claim Form and Opt-Out Form attached to the Settlement Agreement as Exhibits 5-6, are preliminarily approved.

**4.      Provision of Class Notice**.   The Class and Minor Subclass Members will be provided notice of the settlement in the manner specified under Section 3.3 of the Settlement Agreement.

**5.      Claim for Class Relief**.  Class Members who want to be eligible to receive a share of the Net Settlement Fund must accurately complete and submit a Claim Form to the Settlement Administrator, per the methods prescribed in the Long Form Notice no later than one-hundred-and-fifty (150) calendar days from the date of this Order (which is sixty (60) calendar days after the deadline for completing the transmission of the Email Notice under Section 3.3(b) of the Settlement Agreement) (the "Objection, Opt-Out and Claim Deadline").

**6.      Objection to Settlement**.

**a.**      Class and Minor Subclass Members who have not submitted a timely written exclusion request pursuant to paragraph 7 of this Order, and who want to object to the Settlement Agreement must deliver written objections pursuant to the instructions below in subparagraph 6(c) no later than the Objection, Opt-Out and Claim Deadline.  Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name of the Action and case number, "*Fraley v. Facebook, Inc.*, Case No. CV-11-01726 RS"; (b) the full name, address, telephone number, and email address associated with the Facebook account of the person objecting; and (c) an explanation detailing the specific reasons for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).

**b.**      Any Class or Minor Subclass Member who submits a timely written objection (as described in this paragraph 6), may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement

Agreement. Class and Minor Subclass Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must also deliver to Class Counsel, Facebook's Counsel, and the Court, no later than the Objection, Opt-Out and Claim Deadline, a Notice of Intention to Appear. As an alternative to the Notice of Intention to Appear, Class and Minor Subclass Members may also state their intention to appear at the Fairness Hearing directly within their objections. Only Class and Minor Subclass Members who have submitted a timely objection and provided notice of their intention to speak at the Fairness Hearing may speak at the Fairness Hearing. However, it is not necessary for an objector to appear at the Fairness Hearing.

      **c.** The foregoing papers shall be submitted through one of the following means: (1) Objecting Class Members may submit written objections to the Settlement Administrator by postal mail or electronic mail[2] or (2) if the objector is represented by counsel who is registered for e-filing before this Court, the objection may be filed with the Court and served on Facebook and Plaintiffs through the Court's electronic case filing ("ECF") system located at https://ecf.cand.uscourts.gov/cand/index.html. An objection filed with the Court via ECF may redact the objecting individual's telephone number or email address, so long as the unredacted version is served on Class and Facebook Counsel.

      **d.** The delivery and filing date is deemed to be the date the objection is (a) deposited in the U.S. Mail or equivalent foreign system, with postage paid by the objector, as evidenced by the postmark [if mailed to the Settlement Administrator], (b) emailed to the Settlement Administrator, as reflected on the transmission record [if emailed], or (c) filed with the Court, as reflected on the objection's "notice of electronic filing" [if filed electronically via the Court's ECF system]. For the purposes of email and ECF filing, transmission must be complete by 11:59 p.m. (Pacific) on the Objection, Opt-Out and Claim Deadline.

---

[2] Every Friday starting the date Email Notice begins to be provided under Section 3.3(b), the Settlement Administrator will email to Facebook's Counsel and Class Counsel any objections it received during the prior week. After the Objection, Opt-Out and Claim Deadline, the Settlement Administrator will compile all objections it received, with an index, which Plaintiffs will file with the Court prior to the filing deadline for Plaintiffs' brief in support of the Final Order and Judgment. Plaintiffs shall redact Class Members' telephone numbers and email addresses when filing the objections.

ORDER RE PRELIM. APPROVAL OF
STLMNT. & PROV'L. CLASS CERTIFICATION
CASE NO. CV-11-01726 RS

**e.**     Any Class and Minor Subclass Members who fails to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object, and will be forever barred from making any objections, to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**7.     Requesting Exclusion.**     Class and Minor Subclass Members who want to be excluded from the settlement must timely submit a complete Opt-Out Form.  If sent by mail, the Opt-Out Form must be postmarked no later than the Objection, Opt-Out and Claim Deadline, with postage paid by the person requesting exclusion.  If submitted electronically, the Opt-Out Form must be submitted by 11:59 p.m. (Pacific), on or before the Objection, Opt-Out and Claim Deadline.  So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and will be deemed invalid.  Class and Minor Subclass Members who do not exclude themselves from the Settlement shall be bound by all subsequent proceedings, orders, and judgments in this Action, whether favorable or unfavorable, including the release provided for under the Settlement Agreement.

**8.     Termination.**     If the Settlement Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement.  This Court's provisional certification of the Class and Minor Subclass and findings underlying the provisional certification shall be solely for settlement purposes.  This Order will not waive or otherwise impact the Parties' rights or arguments.  The Court expressly adopts and incorporates by reference Section 6.1 of the Settlement Agreement.

**9.     No Admissions.**     Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.  Additionally, in the event the Settlement Agreement terminates for any reason, no Party or other person may use the Settlement Agreement, any proceedings or discussions related to the Settlement Agreement, or any orders

related to the Settlement Agreement in any manner prohibited by Sections 6.1 and 7.21 of the Settlement Agreement.

      **10.**    **Stay of Dates and Deadlines.**  All discovery and pretrial proceeding deadlines are hereby vacated and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

      **11.**    **CAFA Notice.**  The Court finds that Facebook has complied with 28 U.S.C. § 1715(b).

      **12.**    **Settlement Administrator**: The Court hereby appoints the Garden City Group as Settlement Administrator and Escrow Agent.

      **13.**    **Fairness Hearing.**  On Friday, June 28, 2013 at 10:00 a.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiffs' request for attorneys' fees and costs must be filed within twenty-three (23) calendar days of entry of this Order. All of Plaintiffs' other papers supporting Final Approval of the Settlement Agreement must be filed no later than twenty-one (21) calendar days before the Fairness Hearing. Facebook's (optional) statement in support of the Final Approval of the Settlement Agreement must be filed no later than fourteen (14) calendar days before the Fairness Hearing.

      **IT IS SO ORDERED.**

DATED: 12/3/12          _____
                           Hon. Richard Seeborg
                           United States District Court Judge

ORDER RE PRELIM. APPROVAL OF
STLMNT. & PROV'L. CLASS CERTIFICATION
CASE NO. CV-11-01726 RS