ROBERT S. ARNS (#65071, rsa@arnslaw.com)
JONATHAN E. DAVIS (#191346, jed@arnslaw.com)
STEVEN R. WEINMANN (#190956, srw@arnslaw.com)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:    (415) 495-7800
Fax:    (415) 495-7888

JONATHAN M. JAFFE (# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:    (510) 725-4293
Fax:    (510) 868-3393

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSEL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No. 11-cv-01726 RS<br><br>**FRALEY PLAINTIFFS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Courtroom:  3<br>Judge: Hon. Richard Seeborg<br>Trial Date:    None |

## I. INTRODUCTION

Plaintiffs in *Fraley, et al. v. Facebook, Inc.* (No. 11-cv-01726 RS) bring this Opposition to Lucy Funes' Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil Local Rule 3-12 and 7-11 ("Motion to Relate") as the facts and issues in *Funes, et al. v. Instagram, Inc., and Instagram, LLC.* (No. 12-cv-6482-NC) do not meet the requisite criteria for relation under Local Rule 3-12.

On December 21, 2012, Lucy Funes filed a class action lawsuit against Instagram Inc. and Instagram, LLC ("Instagram") on the basis, in part, that Instagram's anticipated changes to its Terms of Service could possibly result in Instagram users' names and/or likenesses appearing in advertising. Motion to Relate 1:19-23.  On December 27, 2012, Funes filed the Motion to Relate, with the primary assertion seeming to be that the *Funes* case is related to *Fraley* "because Facebook Inc. is the parent company of Instagram, and the case involves <u>similar</u> wrongful acts and occurrences, namely the misappropriation of member photographs for commercial purposes." Motion to Relate 1:24-26, emphasis added.  This, however, is insufficient to meet the requisite criteria for relation under Local Rule 3-12.  *Fraley* has essentially no overlap with *Funes*.  *Funes* involves only the Instagram service, whereas *Fraley* involves nationwide class of all Facebook Members who have had Sponsored Stories created using their names and likeness.  The parties, alleged actions and property involved, as well as the damages and relief sought are not the same.  Further, relating these cases right as the *Fraley* notice of settlement is being received by the *Fraley* class members may inject unrelated issues and create undue confusion in the Class.  Accordingly, the Motion to Relate should be denied.

## II. *FRALEY* AND *FUNES* ARE DISSIMILAR CASES WHICH DO NOT MEET THE REQUIREMENTS FOR RELATION UNDER LOCAL RULE 3-12

Civil Local Rule 3-12 defines actions as being related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.  None of those criteria are met here.

-1-

*Fraley* **Plaintiffs' Opposition To Motion To Consider Whether Cases Should Be Related**
**Case No. 11-cv-01726 RS**

### A. *Fraley* Does Not Concern Substantially The Same Parties, Property, Transaction Or Event As The *Funes* Matter

First, *Fraley* and *Funes* do not concern the same defendants. Facebook's connection to the case is simply that it is the parent company of Instagram. Defendants identified in the *Funes* complaint are Instagram, Inc. and Instagram, LLC. Facebook is not a named defendant in the *Funes* complaint. Facebook is only mentioned in passing in the *Funes* complaint, by way of example as to where Instagram photographs might be shared. *Funes* complaint ¶14. Conversely, Instagram is not mentioned at all in any version of the *Fraley* complaint.

The conditionally certified Class in Fraley and putative class in *Funes* are also different and not co-extensive. *Funes* seeks to represent "[a]ll natural persons who, while residents of the State of California, maintain an active Instagram account subject to Instagram's Terms in effect prior to January 19, 2013, containing at least one photograph of the owner of the account." (*Funes* Complaint, ¶ 22.) *Fraley* on the other hand is related solely to members of Facebook that have appeared in Sponsored Stories. *See* Declaration of Steven R. Weinmann ("Weinmann Decl.") ¶ 2. Although it is possible that an individual could be a member of both Instagram and Facebook, and there are likely a significant number of Fraley Class members who have Instagram accounts, there is no requirement that an individual join one to use the other. That is, individuals can use these services completely separately from one another.

Similarly, the "transaction," and/or property right (right to recovery for the right of publicity) asserted in each case is also very different. Plaintiffs in *Fraley* seek recovery of profits and lost monies arising out of Sponsored Stories appearing on Facebook only; *Funes* damages relating to right of publicity appear to be future damages resulting from a yet-to-be-implemented advertising scheme on Instagram.[1] Further, the Terms of Use for Facebook are considerably different from both those currently in effect for Instagram as well as Instagram's proposed Terms of Use about which Funes complains. Weinmann Decl. ¶3 and *Funes*

---

[1] It should be noted that the advertising scheme anticipated by the *Funes* complaint (one that uses Instagram user photos as part of an advertisement without consent), according to Instagram's December 18, 2012 press release, is not currently planned for implementation by Instagram. *Funes* Complaint ¶ 18

*Fraley* **Plaintiffs' Opposition To Motion To Consider Whether Cases Should Be Related**
**Case No. 11-cv-01726 RS**

Complaint Exs. A and B. *Fraley* complains of lack of consent to appear in Sponsored Stories on Facebook; *Funes* is related to Instagram and its terms only. There is therefore no evidence that *substantially* the same *parties, transactions,* or *property* are in play in the respective Classes and claims in the actions, and L.R. 3-12(a)(1) is not satisfied.

### B. There Is No Danger Of Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results If The Cases Are Not Related

Local Rule 3-12 also requires that it is likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Funes fails to supply any support for the contention that there is *any* risk of unnecessary burden or conflicting results if the cases are not related, let alone that they appear *likely*. In an attempt to support the Motion to Relate, Funes claims the following are similar questions of law and fact in both *Funes* and *Fraley*:

- Whether the defendants' commercial exploitation of members' photographs and likenesses is a violation of California Civil Code section 3344;

- Whether defendants' commercial exploitation of members' photographs and likenesses is an unfair and/or unlawful business practice under California's Unfair Competition Law, CAL. BUS. & PROF. CODE section 17200, et seq.;

- Whether the defendants should be permanently enjoined from engaging in such business practices.

Motion to Relate, page 2.

These contentions ignore the fact that the defendants in *Fraley* and *Funes* are different entities with different Terms of Use governing the relationship with their respective users. Thus, the only similarity that remains is that each complaint contains causes of action that arise from the same code sections: Civil Code section 3344 and Bus. and Prof. Code section 17200 et. seq. As there are no factual similarities (e.g., same Terms of Use, same website, etc.) relating these cases is no more necessary or appropriate than relating two distinct real property disputes in separate parts of the state simply because they implicate the same code section.

-3-
*Fraley* **Plaintiffs' Opposition To Motion To Consider Whether Cases Should Be Related**
**Case No. 11-cv-01726 RS**

Funes has also offered no support that there is any danger of duplication of labor and expense. There is no such danger here due to of the significant factual distinctions between the cases, as the cases deal with different defendants, different events, different Terms of Use, and different websites/services. *See, e.g., Funes* Complaint at ¶¶ 15-21, Exs. A, B; *Fraley* Second Amended Complaint at ¶¶ 31-32 (different terms of use). There is no risk of undue or duplicative discovery—the cases have different allegations of law and fact and concern different corporate defendants. Further, in *Fraley*, all dispositive motions, the Motion for Class Certification as well as the first Motion for Preliminary Approval of Settlement, and related discovery took place *prior* to the approval from the Federal Trade Commission for Facebook to acquire Instagram. Weinmann Decl. ¶ 4. Further, the Motion for Preliminary Approval was entered by the court prior to Instagram's announcement of its planned new Terms of Use. *See* Weinmann Decl. ¶2 and Ex. 2, and ¶17 of the *Funes* Complaint. As result, the *Fraley* matter does not address the recent actions of Instagram at this time.

In this instance, unduly burdensome and unnecessary duplication of labor and expense may result if the cases <u>are</u> related. *Fraley* has already proceeded to the point of Preliminary Approval of the Settlement and is on the eve of notice being sent to the Class. At the present time, no discovery is even being conducted in *Fraley*. Thus, the additional effort required of counsel in *Fraley* to monitor the *Funes* matter despite its inapplicability to the *Fraley* action would in and of itself be wasteful. Further, relating the cases could potentially and unnecessarily confuse members of the *Fraley* Class during settlement process. Nor does there appear from the allegations in the *Funes* Complaint to be any risk of conflicting rulings given the differences in the parties and factual circumstances.

*Fraley* **Plaintiffs' Opposition To Motion To Consider Whether Cases Should Be Related Case No. 11-cv-01726 RS**

III.  CONCLUSION

For all the foregoing reasons, the Motion to Relate should be denied.

By   /s/Steven R. Weinmann

    ROBERT S. ARNS
    JONATHAN E. DAVIS
    STEVEN R. WEINMANN
    **THE ARNS LAW FIRM**
    515 Folsom Street, 3rd Floor
    San Francisco, CA 94105
    Tel:   (415) 495-7800
    Fax:  (415) 495-7888

--and--

By   /s/Jonathan M. Jaffe

    JONATHAN M. JAFFE, ESQ.
    (# 267012, jmj@jaffe-law.com)
    **JONATHAN JAFFE LAW**
    3055 Hillegass Avenue
    Berkeley, CA 94705
    Telephone: (510) 725-4293

    Attorneys for Plaintiffs

*Fraley* **Plaintiffs' Opposition To Motion To Consider Whether Cases Should Be Related**
**Case No. 11-cv-01726 RS**

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

**THE ARNS LAW FIRM**

By  /s/ Robert S. Arns
       ROBERT S. ARNS

Attorneys for Plaintiffs