COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222

Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>        Defendant. | Case No. 11-cv-01726 RS<br><br>**FACEBOOK, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:    Hon. Richard Seeborg<br>Courtroom:  3 |

## I. INTRODUCTION

Defendant Facebook, Inc. ("Facebook") opposes Plaintiff Lucy Funes's motion to relate (*Fraley* Dkt. No. 258) the just-filed *Funes v. Instagram, Inc. and Instagram*, *LLC*, Case No. 12-cv-6482 NC, to *Fraley v. Facebook*, Case No. 11-cv-01726 RS, which is scheduled for a final settlement approval hearing on June 28, 2013. Under Civil Local Rule 3-12, *Funes* and *Fraley* are not related: they do not involve a single common defendant or named plaintiff; they propose different class definitions; they do not involve any overlapping transaction or event because defendants Facebook and Instagram, LLC ("Instagram") offer different services and products, and have different Terms of Use; and only a minority of the legal claims asserted are common, and even those common legal claims are based on different facts. Accordingly, coordination of the newly-filed *Funes* case with *Fraley*, which may be resolved soon, is unwarranted.

## II. BACKGROUND

### A. *Fraley v. Facebook.*

Facebook owns and operates a social networking website that allows users to create a personal profile, add other users as friends, and post content including text, videos, and photographs. It also allows users to interact with other Facebook users by commenting on and "Liking" content posted by others. *Fraley* was originally filed on April 8, 2011 (*Fraley* Dkt. No. 1) and arises from a particular Facebook feature known as "Sponsored Stories." "Sponsored Stories" are a feature of Facebook's service that permits a sponsor to have users' interactions with the sponsor's content, such as "Liking" the sponsor's Facebook page, re-displayed to the users' friends who are eligible to see those interactions. The *Fraley* plaintiffs allege that Facebook's use of Sponsored Stories "appropriat[ed] the names, photographs, likenesses and identities of Plaintiffs to advertise products, services or brands for a commercial purpose without Plaintiffs' consent." (*Fraley* Second Amended Complaint ("SAC") ¶ 2.) The operative *Fraley* complaint asserts claims for violation of California's right of publicity statute (Cal. Civ. Code § 3344) and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200). (*Id*. ¶¶ 107-35.) Each of these claims is based on Facebook's alleged use of plaintiffs' names and "profile pictures" in Sponsored Stories. The *Fraley* complaint seeks, among other forms of relief, damages (actual,

statutory, and exemplary), restitution, and an order prohibiting Facebook from using class members' names and likenesses in Sponsored Stories. (*Id.* ¶ 136.)

In June 2012, the parties reached a settlement after extensive motion practice and nearly a year of fact and expert discovery. In October 2012, the parties submitted revised settlement terms for the Court's approval. On December 3, 2012, the Court granted preliminary approval of the revised settlement and authorized the parties' plan for notifying proposed class members. The Court conditionally certified a class consisting of "[a]ll persons in the United States who have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, at any time on or before [December 3, 2012]." (*Fraley* Dkt. No. 252, at 3.) The notice plan is scheduled to commence on January 2, 2013, and a final approval hearing is scheduled for June 28, 2013.

**B.** *Funes v. Instagram.*

Instagram operates an online photo-sharing and social networking service that enables its users to take a picture, apply a digital filter to it, and share it on a variety of social networking services, including its own. Instagram was acquired by Facebook in August 2012, but, before then, it was an unrelated business entity.[1] Post-acquisition, Instagram's website and service remain separate from Facebook's. On December 21, 2012, plaintiff Lucy Funes sued Instagram based on Instagram's recent announcement that certain revised Terms of Use governing its service would go into effect on **January 19, 2013**. The complaint alleges that the forthcoming Terms "transfer valuable property rights to Instagram while simultaneously relieving Instagram from any liability for commercially exploiting customers' photographs and artistic content." (*Funes* Compl. ¶ 1.) Unlike the *Fraley* plaintiffs' allegations against Facebook, Funes does not allege that Instagram has ever actually used its users' photographs, likenesses, or personal information in any paid advertisements. In fact, Funes's complaint admits that Instagram disclosed publicly that it "do[es] not have plans for anything like this." (*Id*. ¶ 18.) Rather, the

---

[1] Prior to being acquired by Facebook, Instagram, Inc. owned and operated the Instagram service. Instagram, Inc. was dissolved following the acquisition. The service is now operated by Instagram LLC, a wholly-owned subsidiary of Facebook, Inc.

1  *Funes* complaint is based only on the possibility of what Instagram might do at some unspecified
2  time, arguing that the proposed revised Terms—and "additional terms and conditions" that
3  Instagram *may* add in the future—deprive users of certain rights. (*Id.* ¶¶ 2-3, 20-21.) The
4  complaint asserts claims for breach of contract, "breach of bailment," violation of California's
5  right of publicity statute (Cal. Civ. Code § 3344) and Unfair Competition Law (Cal. Bus. & Prof.
6  Code § 17200), and declaratory relief. (*Id.* ¶¶ 30-62.) Funes seeks only injunctive and
7  declaratory relief, including an order voiding and/or changing certain provisions of Instagram's
8  proposed revised Terms. (*Id.* Prayer for Relief.) *Funes* defines its putative class as California
9  residents who "maintain an active Instagram account subject to Instagram's Terms in effect prior
10  to January 19, 2013, containing at least one photograph of the owner of the account." (*Id.* ¶ 22.)

## III.  ARGUMENT

This Court should deny Funes's administrative motion because *Funes* is not related to the much earlier-filed *Fraley*. *See* Civ. L.R. 3-12(a) ("An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.").

### A.  *Funes* does not concern substantially the same parties, property, transaction, or event.

Funes's motion contends that *Funes* is related to *Fraley* because "Facebook Inc. is the parent company of Instagram, and the case involves similar wrongful acts and occurrences, namely the misappropriation of member photographs for commercial purposes." (Mot. at 1.) This misstates the legal standard and fails to justify relating *Funes* and *Fraley*.

Initially, that Facebook recently acquired Instagram does not make Facebook and Instagram the same "party." *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) (citing the "general rule" that "a subsidiary and the parent are separate entities"). Since Facebook and Instagram are not the same "party", there is no common defendant between the two actions. Nor is there a common named plaintiff, and there are significant differences in the class definitions between the two actions because *Fraley*'s

putative class consists of certain Facebook users whereas *Funes*'s putative class consists of certain Instagram users. This defeats Funes's claim of similarity. *Compare Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 13, 2003) (cases related when both brought on behalf of T-Mobile subscribers and defendant in both cases was T-Mobile); *In re Leapfrog Enters., Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *1 (N.D. Cal. June 5, 2005) (relating cases when "[b]oth name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

Nor do *Funes* and *Fraley* involve the same transaction or event. Although Funes argues that the cases involve "similar" wrongful acts, in that they both loosely involve the alleged use (or potential use) of photographs for commercial purposes, even she cannot contend that they are based on the same or even a related transaction. *Funes* and *Fraley* involve different companies, different services, and different products, each with their own sets of Terms of Use, privacy policies, technology, user base, functions, and advertising methods, among other differences. Further, *Fraley* challenges the actual use of Facebook users' names or likenesses in alleged paid advertisements. *Funes*, on the other hand, is entirely based on an announcement of new Terms of Use set to go into effect in January 2013, but does not (and cannot) allege that a single Instagram user's photographs have actually been used in paid advertisements.

Beyond generalized assertions of similar privacy issues, Funes has not, and cannot, identify a common transaction or set of facts overlapping the two cases. The two cases are not therefore "substantially the same" as required by Civil Local Rule 3-12(a) and are not properly related. *Compare Wireless Consumers Alliance*, 2003 WL 22387598, at *5 (finding cases related where earlier suit alleged the same violations by the same defendant); *Leapfrog Enters.*, 2005 WL 5327775, at *1 (same).

**B.     Keeping *Funes* Before A Different Judge Will Not Cause Unduly Burdensome Duplication of Labor and Expense or Conflicting Results.**

Given the dissimilarity between the parties and factual circumstances underlying *Fraley* and *Funes*, there will be no duplication of labor and expense, or risk of conflicting results, if the

cases remain before different judges. In addition, the only legal claim in common between the two cases is the "publicity" claim (and the unfair competition claim that depends on it), but the facts underlying that claim are different in each case. The other claims in *Funes* are not alleged in *Fraley*.

Further, since the parties are not the same, the service and technology behind the service is not the same, the alleged unlawful acts are not the same, and the user bases are not the same, there would be no discovery efficiencies achieved by relating the cases. These significant factual differences overcome Funes's unsubstantiated speculation that it "appears likely" there will be duplication of efforts—even Funes fails to identify a single concrete example of how that would be true. (Mot. at 2.) Judicial economy would not be advanced through relating cases in which distinct facts and transactions would need to be scrutinized under a variety of legal theories, and there is no risk of conflicting results.

Finally, *Fraley* may be nearly at its conclusion, whereas *Funes* was filed at the end of last week. The Court has already issued an order preliminarily approving a settlement agreement in *Fraley*, and the hearing on final approval is scheduled for June 2013.[2]

## IV. CONCLUSION

*Funes* and *Fraley* do not meet Civil Local Rule 3-12's criteria for related cases. As such, *Funes* should not be related to *Fraley*.

Dated: December 31, 2012            COOLEY LLP

*/s/ Michael G. Rhodes*
Michael G. Rhodes

Attorneys for Defendant FACEBOOK, INC.

---

[2] The motion should also be denied for failure to adhere to Civil Local Rule 7-11 as Funes never communicated with Facebook or Instagram regarding the motion. *See* Civ. L.R. 7-11(a) (moving party must attempt to obtain a stipulation under Civil Local Rule 7-12 regarding the relief requested, or submit a declaration that explains why a stipulation could not be obtained).