# EXHIBIT 13

| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | MICHAEL G. RHODES (116127) (mrhodes@cooley.com) |
|   | MATTHEW D. BROWN (196972) (brownmd@cooley.com) |
| 3 | JEFFREY M. GUTKIN (216083) (gutkinjm@cooley.com) |
|   | JAMES M. PENNING (229727) (jpenning@cooley) |
|   | 101 California Street 5th Floor |
| 4 | San Francisco, CA 94111-5800 |
|   | Telephone: (415) 693-2000 |
| 5 | Facsimile: (415) 693-2222 |

Redactions herein are confidential material not filed with the Court

FACEBOOK, INC.
COLIN S. STRETCH (205144) (colin@fb.com)
SANDEEP N. SOLANKI (244005) (ssolanki@fb.com)
1601 S. California Ave.
Palo Alto, CA 94304
Telephone: (650) 853-1300
Facsimile: (650) 543-4800

Attorneys for Defendant FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FACEBOOK, INC., a corporation; and DOES 1-100,

Defendants.

Case No. CV 11-01726 LHK (PSG)

DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE, NOS. 5 AND 14

PROPOUNDING PARTY: Plaintiffs Angel Fraley, Paul Wang, and Susan Mainzer, James H. Duval, a minor, by and through James Duval as Guardian ad Litem, William Tait, a minor, by and through Russell Tait, as Guardian ad Litem on their own behalf and on behalf of others similarly situated

RESPONDING PARTY: FACEBOOK, INC.

SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Facebook, Inc. ("Facebook" or "Defendant") hereby supplements its responses to Plaintiffs' First Set of Interrogatories (the "Interrogatories"). Facebook hereby incorporates its Amended Responses and Objections to Plaintiffs' Interrogatories, Set One; this supplementation is made subject to the objections and responses set forth therein.

Without waiving or limiting in any manner any of its General or Specific Objections, but rather incorporating them into each of the following responses to the extent applicable, Facebook supplements its responses to the specific Interrogatories as follows:

**INTERROGATORY NO. 5:**

Please DESCRIBE how advertisers are charged for the placement or creation of SPONSORED STORY ads.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Facebook hereby supplements its previous response to Interrogatory No. 5, which response is incorporated as though fully set forth herein, as follows:

In its previous response to Interrogatory No. 5, Facebook described the procedure for purchasing Sponsored Stories through Facebook's auction-driven self-serve channel. (*See* Def.'s Am. Resp. to Pls.' Interrogs., First Set, Aug. 23, 2011, at 14:21-15:22.) That procedure is for purchasing what are known as "Marketplace" Sponsored Stories. In addition to Marketplace Sponsored Stories, Facebook also offers "Premium" Sponsored Stories, which are offered for a fixed price. The fixed price charged is generally based on a rate card, which Facebook sets on a periodic basis.

In addition, Facebook no longer offers a Page Post Sponsored Story as described in: FB_FRA_000715-727 and FB_FRA_000734.

Facebook's investigation and discovery are ongoing. This Response is made on information reasonably available to Facebook as of February 10, 2012. Facebook reserves the right to supplement and amend this response, pursuant to Federal Rule of Civil Procedure 26(e) or otherwise, and, if necessary, to assert additional objections arising from further investigation or discovery.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFENDANT'S SUPP. RESP. TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES
NO. CV 11-01726 LHK (PSG)

INTERROGATORY NO. 14:

Please explain all the methods offered within FACEBOOK.COM by which MEMBERS can prevent their IDENTITIES from ever appearing in any SPONSORED STORY.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:

Facebook hereby supplements its previous response to Interrogatory No. 14, which response is incorporated as though fully set forth herein, as follows:

Facebook has implemented a number of changes to the Facebook website. This supplementation reflects the options users currently have for preventing their appearance in Sponsored Stories.

### 1. Privacy and Account Settings

Facebook now allows users to control the visibility of most posts they make to their Facebook profiles—including status updates, photos, and shares—through the use of an inline audience selector associated with each post. Using this inline privacy tool, users may select the audience to which a particular post will be visible at the time they make it. When a user clicks on the audience selector tool, it displays a menu allowing the user to make the associated post visible to the "Public" or to "Friends" only, to a "Custom" group, or to other lists of Friends, including user-created lists and smart lists. When a user selects "Custom," the user can choose to make the content visible to "Friends," "Friends of Friends," "Specific People or Lists," or "Only Me." The narrowest setting is "Only Me." For any given post, setting the inline privacy setting to "Only Me" means that the associated post is visible on Facebook only to the user. A story about that post would not be eligible to appear as a Sponsored Story.

For many types of posts, the inline audience selector tool is also available after a user has posted content to his or her profile, enabling the user to choose the "Only Me" setting even after he or she has taken an action on Facebook. If a user changes the privacy setting associated with a particular action to "Only Me," a story about that action would no longer be eligible to appear as a Sponsored Story.

In addition, when users take actions from a Facebook application that does not have the inline audience selector, such as Facebook for Blackberry, the privacy of those actions is

COOLEY LLP
TORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANT'S SUPP. RESP. TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES
NO. CV 11-01726 LHK (PSG)

controlled by the user's "Default Privacy" settings. To adjust the Default Privacy settings, a user may navigate to his or her privacy settings, and choose "Control Your Default Privacy," which gives three options: "Public," "Friends," and "Custom." By clicking on "Custom," the user may choose "Friends," "Friends of Friends," "Specific People or Lists," or "Only Me." The narrowest setting is "Only Me." Choosing the default privacy setting "Only Me" means that actions taken from the relevant Facebook applications can be seen only by the user. Stories with a privacy setting of "Only Me" are not eligible to be republished as Sponsored Stories.

A Facebook user may also limit or prevent his or her appearance in Sponsored Stories using the user's profile settings and privacy settings. For example, users can control the visibility of their "Page Likes" through their profile settings by clicking on the "Edit Profile" link available at the top of their profile page. From there, a user may select from the sub-menus for "Arts and Entertainment," "Sports," or "Activities and Interests," which appear on the left-hand side of the screen. From within each of these sub-menus, the user may adjust the extent to which they share Page Likes in any particular category (e.g., "Music," "Movies," "Favorite Teams," "Interests," or "Other Pages You Like"), by making such Likes visible to the "Public," to "Friends," "Only Me," to a "Custom" group, or to other lists of Friends, including user-created lists and smart lists. The narrowest setting is "Only Me." Setting Page Likes to "Only Me" means that those Likes can be seen only by the user. If a user sets any category of Likes to be visible to "Only Me," stories about those Likes are not eligible to be republished as Sponsored Stories.

Users who have converted to Facebook's "timeline" profile page may curate the visibility of stories about their posts and Page Likes even more simply. When users visit their timelines, they may click on individual stories, as noted above, to change with whom those stories are shared, to delete a post, or to take other steps, such as "unliking" a page they previously liked. Also, users with timeline can adjust the visibility of the various categories of their Page Likes by clicking on the "Likes" favorite button, which is, by default, at the top of their timeline, just under their cover photo, and then clicking the "Edit" button on the top right of their Likes page. This takes the user to a single screen from which they may adjust the extent to which they share Page Likes in any particular category (e.g., "Music," "Movies," "Sports Teams," "Interests," or "Other

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEFENDANT'S SUPP. RESP. TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES
NO. CV 11-01726 LHK (PSG)

Pages You Like"), by making such Likes visible to the "Public," to "Friends," "Only Me," to a "Custom" group, or to other lists of Friends, including user-created lists and smart lists. The narrowest setting is "Only Me." Setting Page Likes to "Only Me" means that those Likes can be seen only by the user. If a user sets any category of Likes to be visible to "Only Me," stories about those Likes are not eligible to be republished as Sponsored Stories.

Users can also control the visibility of posts and activity from apps and games through their privacy settings, by choosing the "Only Me" setting for "App activity privacy." Choosing the "Only Me" setting means that stories about a user's posts and activity from the app will be visible only to the user. Such stories would not be eligible for republication as Sponsored Stories.

### 2. Other Ways to Prevent Appearances in Sponsored Stories

Users also have the ability to limit or prevent their appearance in a Sponsored Story by removing eligible stories and posts from their profiles. For example, a user may delete a "Check-in" story by clicking on the inline audience selector and choosing "Delete Post." Deleting a story makes the story ineligible to become a Sponsored Story. Similarly, to prevent Page Like stories, users may "Unlike" any pages they have Liked on Facebook. In addition, users may avoid taking actions on Facebook that may be republished in connection with Sponsored Stories (e.g., not liking pages, posts, or content; not checking in; not sharing applications, links, or content; or not using applications or games). Additionally, a user can uninstall an application or game or "turn off all platform apps," and can thereby avoid generating News Feed Stories or Sponsored Stories for the application or game that was uninstalled or "turned off." Users can also access a wide range of Facebook Pages and features without adding any Friends to their account, in which case the user's actions would not trigger Sponsored Stories.

Finally, a user also can choose not to upload a profile picture or to upload a profile picture that does not reflect his or her likeness or identity, such as a landscape or a pet. By not uploading a profile picture or uploading a profile picture that does not reflect the user's likeness or identity, the user can avoid having his or her likeness or identity included in a Sponsored Story.

Facebook's investigation and discovery are ongoing. This Response is made on information reasonably available to Facebook as of February 10, 2012. Facebook reserves the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S SUPP. RESP. TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES
NO. CV 11-01726 LHK (PSG)

right to supplement and amend this response, pursuant to Federal Rule of Civil Procedure 26(e) or otherwise, and, if necessary, to assert additional objections arising from further investigation or discovery.

Dated: February 10, 2012         COOLEY LLP

_____
Jeffrey M. Gutkin (216083)

Attorneys for Defendant

FACEBOOK, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

DEFENDANT'S SUPP. RESP. TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES
NO. CV 11-01726 LHK (PSG)

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | COOLEY LLP<br>MICHAEL G. RHODES (116127) (mrhodes@cooley.com)<br>MATTHEW D. BROWN (196972) (brownmd@cooley.com)<br>JEFFREY M. GUTKIN (216083) (gutkinjm@cooley.com)<br>JAMES M. PENNING (229727) (jpenning@cooley.)<br>101 California Street 5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222 |

**RECEIVED**

**SEP 16 2011**

**ARNS LAW FIRM**

6  FACEBOOK, INC.
   COLIN S. STRETCH (205144) (colin@fb.com)
7  SANDEEP N. SOLANKI (244005) (ssolanki@fb.com)
   1601 S. California Ave.
8  Palo Alto, CA 94304
   Telephone: (650) 853-1300
9  Facsimile: (650) 543-4800

10 Attorneys for Defendant FACEBOOK, INC.

11 UNITED STATES DISTRICT COURT

12 NORTHERN DISTRICT OF CALIFORNIA

13 SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No. CV 11-01726 LHK (PSG)<br><br>**DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 10 OF PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**PURSUANT TO THE PARTIES' STIPULATED PROTECTIVE ORDER**

**INTERROGATORY NO. 10 DESIGNATED:    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| | |
|---|---|
| **PROPOUNDING PARTY:** | Plaintiffs Angel Fraley, Paul Wang, and Susan Mainzer, James H. Duval, a minor, by and through James Duval as Guardian ad Litem, William Tait, a minor, by and through Russell Tait, as Guardian ad Litem on their own behalf and on behalf of others similarly situated |
| **RESPONDING PARTY:** | FACEBOOK, INC. |
| **SET NUMBER:** | ONE |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Facebook, Inc. ("Facebook" or "Defendant") provides the following supplemental response to Interrogatory No. 10 of Plaintiffs' First Set of Interrogatories (the "Interrogatories"):

## I. GENERAL RESPONSES AND OBJECTIONS.

Facebook hereby incorporates by reference, as if fully set forth herein, its General Responses and General Objections to Plaintiffs' First Set of Interrogatories as set forth in its amended responses of August 23, 2011.

## II. SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.

Without waiving or limiting in any manner any of the foregoing General Responses and Objections, but rather incorporating them into each of the following responses to the extent applicable, Facebook supplements its response to Interrogatory No. 10 of Plaintiffs' First Set of Interrogatories as follows:

**INTERROGATORY NO. 10:**

As of the date of YOUR response to these Interrogatories, how many SPONSORED STORY advertisement IMPRESSIONS have been served using the IDENTITIES of MEMBERS?

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory on the grounds that Plaintiffs' defined terms "MEMBERS" and "SPONSORED STORY" are overly broad, vague, and ambiguous for the reasons set forth in General Objection Numbers 11 and 13, incorporated herein by reference as though fully set forth herein. Defendant further objects to this Interrogatory on the grounds that Plaintiffs' defined term "IDENTITIES" is vague and ambiguous for the reasons set forth in General Objection Number 15, incorporated herein by reference as though fully set forth herein. Defendant further objects to this Interrogatory on the grounds that Plaintiffs' defined term

"YOUR" is overly broad for the reasons set forth in General Objection Number 17, incorporated herein by reference as though fully set forth herein. Defendant further objects to this Interrogatory on the grounds that Plaintiffs' defined term "IMPRESSIONS" is overly broad for the reasons set forth in General Objection Number 20, incorporated herein by reference as though fully set forth herein. Defendant will construe "MEMBERS," "SPONSORED STORIES," "IDENTITIES," "YOUR," and "IMPRESSIONS" as set forth in its General Objections. Defendant further objects to the premises of this Interrogatory insofar as they suggest that Sponsored Stories are "advertisement[s]" and that they "us[e] the IDENTITIES of MEMBERS." Subject to and without waiving the General and Specific Objections, Defendant responds as follows:

*****

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Facebook is still investigating and attempting to ascertain whether it can provide the data in the manner requested. However, Facebook is able to state that, based on a reasonable inquiry, approximately 115.2 billion Sponsored Story impressions in which a user's name or profile picture appeared have been delivered to Facebook users that Facebook can reasonably ascertain are located in the United States, for the period January 25, 2011 to August 15, 2011.

Facebook is also able to state that the number of Sponsored Story impressions Facebook has served in which a user's name or profile picture appeared, which Facebook can reasonably ascertain contained the name or profile picture of a user located in the United States during the period January 25, 2011 to August 15, 2011, is approximately ███████.

Facebook is not able to practicably determine whether a Facebook user's profile picture contains a recognizable image of the user or whether the name appearing in a story is the same as the user's given or real name. By providing this response, Facebook does not concede, implicitly or otherwise, that this information is relevant to this action.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

*****