# EXHIBIT 15

Robert S. Arns, State Bar No. 65071
RSA@ARNSLAW.COM
Jonathan E. Davis, State Bar No. 191346
JED@ARNSLAW.COM
Steven R. Weinmann, State Bar No. 190956
SRW@ARNSLAW.COM
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

Jonathan M. Jaffe, State Bar No. 267012
JMJ@JAFFE-LAW.COM
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:   (510) 725-4293
Fax:   (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | **Case No. CV 11-01726 LHK PSG**<br><br>**PLAINTIFF WILLIAM TAIT'S RESPONSES TO DEFENDANT'S INTERROGATORIES**<br><br>**SET ONE**<br><br>Courtroom:   8<br>Judge: Hon. Lucy H. Koh<br>Trial Date: December 3, 2012 |

PROPOUNDING PARTY:    Defendant FACEBOOK, INC.

RESPONDING PARTY:    Plaintiff WILLIAM TAIT, a minor, by and through RUSSELL TAIT, as Guardian ad litem

SET NUMBER:    ONE

Plaintiff William Tait's Responses to Defendant's Interrogatories, Set One

the Nielsen reports discussed publicly by Facebook, documents produced in litigation and deposition testimony which confirm the worth of the endorsements and the fact that Facebook charges more for them. The Plaintiffs' right to be paid also stems from the common and statutory right of publicity (Civil Code section 3344), and from the common law of unjust enrichment which, provides that noncelebrities are to be compensated for nonconsensual uses of their names and likenesses in advertisements. The value of my endorsement is at least $750 per endorsement.

**INTERROGATORY NO. 8:**

DESCRIBE each instance in which YOU have been offered, and/or have received compensation or other consideration of any kind to endorse, advertise, suggest, or recommend any PERSON, organization, cause, good, or service at any time during YOUR life.

**INTERROGATORY NO. 8:**

Plaintiff endorsed Nike by wearing a t-shirt at Nike's request at a track meet. Plaintiff received one t-shirt from Nike to wear as consideration for that endorsement.

**INTERROGATORY NO. 9:**

IDENTIFY the NAME of each of YOUR "Friends" on Facebook that YOU contend considered YOU a "celebrity," as asserted in Plaintiffs' Opposition to Facebook's Motion to Dismiss, at 9:3.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory as mischaracterizing a statement made in a legal brief prepared by counsel as being a statement made directly by Plaintiff. Plaintiff objects to this Interrogatory on the ground that it is information equally available to Facebook. Subject to those objections and the General Objections, Plaintiff responds as follows: Plaintiff includes

Plaintiff William Tait's Responses to Defendant's Interrogatories, Set One

all of Plaintiff's "Facebook" friends as those to whom Plaintiff is a "celebrity".

**INTERROGATORY NO. 10:**

For each piece of contend YOU identified in response to Interrogatory No. 2, DESCRIBE whether each of YOUR "Friends" on Facebook were informed, amused, or enlightened, had another reaction, and, if so, what that reaction was, or had no reaction, as a result of learning that YOU "Liked" such content, and state all bases for and facts supporting your answer.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the ground that it consists of at least three subparts. Plaintiff objects to this Interrogatory on the ground that it calls for speculation into the emotions and mental reactions of third parties, and is vague as to what constitutes any of the listed responses to pieces of content. Subject to those objections, Plaintiff responds that any reactions to his using the Like button as to content, would be limited to responses posted on Facebook, which documents are equally available to Facebook and/or being produced as part of Plaintiff's history.

**INTERROGATORY NO. 11:**

DESCRIBE what value, benefit or other consideration, if any, YOU have received, directly or indirectly, as a result of using Facebook.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory as vague and ambiguous to the extent that "value" and "benefit" are undefined, and construes the words to mean monetary compensation or the ability to access information, or applications / software. Subject to those objections and the General Objections, Plaintiff responds as follows: Facebook.com offers an easy way to

connect to people Plaintiff knows closely, and to new people. Plaintiff also uses Facebook.com to collaborate on group events, homework and things of that nature. With respect to the Sponsored Story in which I was featured, I was able to see photos from previous events for Warrior Dash.

**INTERROGATORY NO. 12:**

For each of the websites identified in response to Interrogatory No. 6, DESCRIBE the circumstances under which YOU have shared content with others (including, without limitation, content CONCERNING a product, service, website, brand, organization, celebrity, musician, band event, or other content), including, with respect to each piece of content shared, the date(s) YOU shared the content, a description of the content shared, the website the content was shared on, and the reasons(s) YOU shared the content.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not shared info via this site.

**INTERROGATORY NO. 13:**

DESCRIBE all facts supporting YOUR statement that each Sponsored Story in which YOU appeared was "perceived" by YOUR "Friends" on Facebook.com as a "positive endorsement[]" (Opp. To Mot to Dismiss at 21:17-20.)

Plaintiff William Tait's Responses to Defendant's Interrogatories, Set One