Theodore H. Frank (SBN 196332)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
Voice: (703) 203-3848

*Attorneys for Objectors Theodore H. Frank and Sam Kazman*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem, individually on behalf of and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants,<br><br>SAM KAZMAN; THEODORE H. FRANK<br><br>Objectors. | Case No. CV-11-01726 RS<br><br>**DECLARATION OF THEODORE H. FRANK**<br><br>Date: June 28, 2013<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Richard Seeborg |

I, Theodore H. Frank, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

2. My business address is 1718 M Street NW, #236, Washington DC 20036 and my phone number is (703) 203-3848. My email address is tfrank@gmail.com.

3. I am a United States resident who has had a Facebook account since March 9, 2007. I use the Facebook "like" button frequently, including to follow the Facebook pages of politicians I don't particularly like in the non-Facebook sense of the word. On information and belief, I have appeared in a sponsored story. I received class notice on January 25, 2013. My class number is 391647493.

4. I used existing Facebook privacy settings to opt out of appearing in sponsored stories some time in 2012 or early 2013.

5. Because Internet business models interest me and I follow privacy law issues, I was contemporaneously aware that Facebook had created the Sponsored Stories feature, and that they planned to profit from it.

6. This awareness meant that I could not file a claim without falsely representing that I "was not aware that Facebook could be paid a fee for displaying actions such as these, along with my name and/or profile picture, to my Facebook Friends," as the claim form and Settlement Section 4.1(a) require.

7. I am the founder and president of the non-profit Center for Class Action Fairness, and the attorney for objector Sam Kazman as well as a class member and objector myself. I have been quoted in multiple news stories about the settlements in this case, including by *Fortune* and *ABA Journal* magazines and by Reuters.

8. This objection is brought in good faith. Because the Center is non-profit, it cannot settle its objections for a *quid pro quo* cash payment to withdraw, as many professional objectors do. The Center receives many more requests to bring meritorious objections to class actions than it has resources to pursue, and thus has no interest in wasting resources bringing an objection it does not

believe is legally meritorious. But if the Court has any doubts whether this objection is brought in good faith, I am willing to stipulate to an injunction forbidding me from settling my objection for personal financial gain.

9. Because of this necessity of selectiveness in choosing which objections to bring, the majority of the Center's objections have resulted in settlement rejections; attorney-fee reductions; or agreements or court-orders to improve the settlement for the benefit of the class, winning millions of dollars for class members. Out of six published federal appellate court decisions where Center attorneys have argued, we have prevailed in five. While I am accused of being an "ideological objector," the ideology of the Center's objections is merely the correct application of Rule 23 to ensure the fair treatment of class members.

10. In this case, multiple class members emailed me their class notices without prompting (or awareness that I had previously spoken about the case), recognizing from the notice that this was a case that merited my participation; Mr. Kazman contacted me about the case twice between January 25 and February 1. Many more class members would have been willing to join this objection, but, for administrative convenience, I agreed to represent only one other class member.

11. On information and belief, many class counsel subscribe to a service that proposes arguments to be used against objectors; on information and belief, this service falsely characterizes me as opposing all class actions. I have seen this argument used against my objections in multiple cases (albeit without any citations supporting the claim). The argument is false. I believe the class action mechanism is procedurally appropriate in cases complying with Rule 23, do not oppose all class actions, and simply oppose the abuse of the class action mechanism to benefit class counsel at the expense of their clients and the public at large—something I believe Rule 23 already addresses.

12. Attached as Exhibit 1 is a true and correct copy of the opinion and order in *In re Checking Account Overdraft Litig.*, No. 1:09-md-2036-JLK (S.D. Fla. Apr. 15, 2013) (Dkt. 3430).

13. Attached as Exhibit 2 is a true and correct copy of the pre-publication version of Howard Erichson, *The Problem of Settlement Class Actions*, as downloaded from SSRN on May 1, 2013.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on May 2, 2013 in Los Angeles, California.

                                           */s/ Theodore H. Frank*
                                           Theodore H. Frank