Joseph Darrell Palmer (SBN 125147)
Email:  darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
603 North Highway 101, Suite A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (866) 583-8115

Attorneys for Objector Carol Barrett

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>                    Defendants. | Case No. 11-cv-01726 RS<br><br>**OBJECTIONS OF CAROL BARRETT AND NOTICE OF INTENT TO APPEAR**<br><br><br><br><br><br>Date:  June 28, 2013<br>Time:  10:00 a.m.<br>Courtroom: 3<br>Judge:  Hon. Richard Seeborg |

## **INTRODUCTION**

Class Member, CAROL BARRETT, ("Objector"), submits the following argument to the Court to support her objections to the Amended Settlement Agreement and Release ("Proposed Settlement") pending before the Northern District of California, San Francisco division.  Objector submits she is a class member.  (See attached Declaration of Carol Barrett.)  Ms. Barrett's address and phone number is

1

in an unredacted version of her declaration served on Plaintiffs' counsel, Facebook counsel and the

Settlement Administrator.  Objector respectfully submits :

## I.   **SUMMARY OF OBJECTIONS**

1.   The Proposed Settlement is unfair and unreasonable because its terms are designed to
deter class members from participating;

2.   The Proposed Settlement does not make class members whole;

3.    The attorneys' fees request is excessive under the percentage of recovery method; and

4.   The incentive awards are unusually high.

## II.   **LEGAL AUTHORITY**

### a.   **The District Court Has Duty To Police Settlement Proceedings**

Under Rule 23 of the Federal Rules of Civil Procedure, the Court has a duty to "protect absent

class members and to police class action proceedings."  *Strong v. BellSouth Telecommunications*, *Inc.*,

137 F.3d 844, 849 (5th Cir. 1998). The duty requires a review of substantive claims included in the

agreement and an investigation into the manner in which fees of class counsel be paid and the dollar

amount for such services. *Id.* The 2003 Committee Notes to Rule 23(h) state that "[a]ctive judicial

involvement in measuring fee awards is singularly important to the proper operation of the class-action

process. Continued reliance on case law development of fee-award measures does not diminish the

court's responsibility. In a class action, the district court must ensure that the amount and mode of

payment of attorney fees are fair and proper whether the fees come from a common fund or are

otherwise paid. Even absent objections, the court bears this responsibility."  Committee Notes  to Rule

23(h), 2003.

Rule 23(e) of the Federal Rules of Civil Procedure provides that "[a] class action shall not be

dismissed or compromised without the approval of the court, and notice of the proposed dismissal or

2

compromise shall be given to all members of the class in such manner as the court directs." A

settlement may only be approved after the Court finds it is fair, adequate and reasonable. *Id.* This rule

has been read as a requirement for the court to "independently and objectively analyze the evidence and

circumstances before it in order to determine whether the settlement is in the best interest of those whose

claims will be extinguished.'" *In Re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3rd 2001), citing *In re*

*General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 785 (3rd Cir. 1995).

(Emphasis added.)

### b. <u>The Proposed Settlement is Unfair and Unreasonable Because Its Terms are Designed to Deter Class Members from Participating</u>

The terms of the Proposed Settlement provide $10 to each class member, but guarantee no

payment. In all likelihood, class members will receive no payment because of the Proposed Settlement.

The Proposed Settlement provides :

1. Each Authorized Claimant will be issued a payment of $10.00, subject to the qualifications below.
2. If payment of $10.00 to all Authorized Claimants would exhaust the Net Settlement Fund, each Authorized Claimant's share will be reduced pro-rata.
3. If, given the number of Authorized Claimants, each Authorized Claimant's pro-rata share would be less than $5.00, the Court may, in its discretion, either (i) order the pro-rata amounts to be paid to each Authorized Claimant, or (ii) order the entire Net Settlement Fund to be distributed instead to the *Cy Pres* Recipients.
4. Notwithstanding the foregoing, if it is not economically feasible to make any payment to the Authorized Claimants without exceeding the amount of the Net Settlement Fund, the entire Net Settlement Fund will be distributed instead to *Cy Pres* Recipients.
5. If payment of $10.00 to each Authorized Claimant does not exhaust the Net Settlement Fund, all proceeds remaining in the Net Settlement Fund will be distributed to the *Cy Pres* Recipients. However the Court may issue an order, at its discretion, foregoing the distribution of funds to the *Cy Pres* Recipients and, instead, increasing each Authorized Claimant's share on a pro-rata basis until the Net Settlement Fund is exhausted.

(Proposed Settlement, Section 2.3)

The Proposed Settlement and Plaintiff's Motion for Attorneys' Fees ("Fee Motion") explain that

only slightly more than half of the settlement fund will be available for distributions to authorized

3

claimants.  Setting aside attorneys' fees and administrative costs, only $12,000,000 ("Net Settlement Fund") will be available to pay authorized claimants.  Plaintiffs assert their class comprises "over 123 million individuals."  If every class member filed a claim, there would be less than 10 cents available for payment to each class member.  Not only is 10 cents insufficient incentive to file a claim, class members may not be entitled to receive any amount if the payment amount would be less than $5.00.

Under Section 2.3 of the Proposed Settlement, if payments to the authorized claimants will be under $5.00, the Court, in its discretion, may order the entire Net Settlement Fund to be distributed to the *Cy Pres* Recipients.  For any class member to be guaranteed a payment there must be so few authorized claimants (*i.e.,* Only 2.4 million) that each claimant's pro-rata share of $12,000,000 is at least $5.  While 2.4 million claimants may sound large, it represents less than 2% of the class.  A class member cannot expect any payment, albeit $5, with certainty unless 98 % of the class fails to file a claim!  The terms of the Proposed Settlement are designed to deter class members from filing claims and participating in the Proposed Settlement.

   c.   **The Settlement Does Not Make the Class Members Whole**

   i.   **The Proposed Settlement Does Not Compensate Class Members for the Use of Their Names and Images**

The Amended Complaint asserts a cause of action for Violation of California's right of Publicity Statute ("Civil Code Section 3344").  Plaintiffs assert that Facebook appropriated, without authority, class members' identity for commercial gain.  Plaintiffs also sought damages under Civil Code Section 3344(a), which imposes liability of "an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use." (Civ. Code Section 3344.)  Each class member is entitled to at least $750 for each violation by Facebook and more if actual damages exceed $750.  Class members were not compensated for their inclusion in Sponsored Stories.  Class members are unlikely to receive any monetary damages.  However, damages paid to class

4

members will be limited to $10.  Such amount does not compensate class members for the use of their names and images in Sponsored Stories.  Nor does such nominal payment provide the damages that class members, especially class members subject to repeat violation by Facebook, are entitled to under Civil Code Section 3344(a).  The Proposed Settlement does not make class members whole.

### ii.  <u>Injunctive Relief Under the Proposed Settlement Does Not Provide Users Adequate Relief</u>

Plaintiffs claim that the "crowning achievement" of the Proposed Settlement is injunctive relief. (Fee Motion, 3:19.)  However, neither the Proposed Settlement nor the Fee Motion explain how any class member, other than minor class members, may "opt out" of Sponsored Stories despite Plaintiffs' assertion that the Proposed Settlement "includes an ability to opt out of Sponsored Stories and changes to Facebook's website." (Fee Motion, 3:21.)  Instead, class members may "'avoid' taking actions which can lead to being featured in Sponsored Stories" and "subsequently limit his or her appearances." (Fee Motion, 12:7-10.)  As such class members must either agree to allow using their names and images in Sponsored Stories or refrain from "liking" (or taking other action related to) a Sponsor's page and miss out on the content and promotional offers Sponsors reserve for users who have "liked" their pages. Despite the proposed injunctive relief, class members will be in a similar position to where they are today – with no ability to "opt out" of Sponsored Stories.

Class members will not be meaningfully informed of changes to Sponsored Stories. "Prospective users will be informed of how Sponsored Stories work *before* they sign up." (Fee Motion, 12:10-11.)  (Emphasis in original.)  However, such provision offers no benefit to the class members. The proposed injunctive relief will require Facebook to change its Statement of Rights and Responsibilities ("SRRs") and Help Pages.  The only method of informing current users of such changes is through the notice of Proposed Settlement . (Fee Motion, 12:7.)  Class members will need to read the notice to even learn of any relief offered under the Proposed Settlement.  At the least, Facebook should

5

be required to provide meaningful notice of the changes relating to Sponsored Stories to the class members (and current users) through a posting users will see while logging on to Facebook or an email to current users.

Finally, the relief provided to the class members will only remain in place for two years.  (Fee Motion, 3:19-4:1.)  Limiting the imposed changes to a finite period is nothing more than a temporary Band-Aid.  Nothing in the Proposed Settlement prevents Facebook from reverting to its wrongful practices after two years.  Such temporary relief is not adequate to address Facebook's wrongful practices.

The injunctive relief provided for in the Proposed Settlement will not make class members whole.

### d.   The Attorneys' Fee Request is Unreasonable Excessive Under the Percentage of Recovery Method

In the Ninth Circuit, either the percentage of the fund or lodestar method may be adopted  to calculate attorneys' fees.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  Regardless of which method is chosen, the most important inquiry is whether the end result is favorable for the class. *Powers v. Eichen*, 229 F. 3d 1249, 1256 (9th Cir. 2000).  "The most critical factor is the degree of success obtained."  *Hensley v. Eckhart*, 461 U.S. 424, 436 (1983).

Plaintiffs' counsel seeks $7.5 million in attorneys' fees.  The requested attorneys' fees represent an egregious 62.5% of the funds available for distribution to class members (*i.e.,* $12 million).  However, maybe class members will receive none of the settlement funds, which could all be directed to the *Cy Pres* Recipients.  Plaintiffs attempt to justify the attorneys' fee request by estimating a value of the injunctive relief.  Yet Plaintiff's estimates fail to acknowledge that the proposed injunctive relief will only be available for two years.

Contrary to Plaintiffs' representations, the proposed injunctive relief does not allow users to "opt out" of Sponsored Stories. Rather, users must avoid being included in Sponsored Stories. The injunctive relief will explain to users that certain actions may cause their name and image being used; however, to prevent, or "avoid," this from happening, users will need to refrain from "liking" or taking other action related to a sponsor. While class members may circumvent unknowingly be part of Sponsored Story in the future, they still cannot "like" a Sponsor and opt out of being a part of Sponsored Stories. Class members are left with only two options as it relates to Sponsors – either knowingly consent to the use of their name and image with no reimbursement (although at a profit to Facebook) or do not take action (such as "liking") and miss out on content that Sponsors reserve for users who have "liked" their pages. In so far as the proposed injunctive relief is limited to 2 years, will not provide for compensation of the use of class members' names and images and will not allow class members to like a Sponsor with the ability to opt out of Sponsored Stories, Plaintiffs' estimated value of the proposed injunctive relief is inflated.

Plaintiffs rely on *White v. Experian Information Solutions*, 2011 U.S. Dist LEXIS 79044 (C.D. Cal. July 15, 2011) to support their estimate value of the proposed injunctive relief. However, *White* is not analogous to the present case. The settlement terms in *White* provided for retroactive update of all class members' credit files. Here, there is no retroactive component, such as retroactive removal of unauthorized use of class members names and images in Sponsored Stories. Plaintiffs' reliance on *White* to support using an estimated value in relation to attorneys' fees is misplaced. Reliance on the settlement terms in *White* is illusory as that entire case was recently reversed and remanded. *Radcliffe, et al v. Experian Information Solutions, et al*., __ F.3d __, 2013 WL 1715422.

The attorneys' fees requested represent 60 % of the funds provided to class members <u>and</u> *Cy Pres* Recipients and should be denied as they are excessive.

7

A full 25% fee should not be paid on the *Cy Pres* amounts.  This indirect class benefit cannot support a full fee to class counsel.  The fee should be adjusted downwards for that portion of the fund directed to the *Cy Pres* beneficiaries.

### e.  <u>The Incentive Awards Are Unreasonably High</u>

The requested incentive awards for the class representatives are excessive.  Incentive awards are approved by the Court only if found reasonable and fair given a review of the Class Representatives' involvement and the nature of the case.  See *In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 449 (S.D.Texas 1999) (incentive awards ranged from $750 to $10,000); *In re Southern Ohio Corr. Facility,* 175 F.R.D. 270, 277 (S.D.Ohio 1997) (declining to approve proposed  incentive award of $25,000; appointing Settlement Master/Trustee to determine appropriate award); *Green v Battery Park City Auth.,* *44 Fair Emp. Prac. Cas. (BNA)* 623, 627 (S.D.N.Y. 1987) (approving incentive award of $4,000); *Women's Comm. For Equal Employment Opportunity v. National Broad Co.,* 76 F.R.D. 173, 180 (S.D.N.Y. 1987) (approving incentive award of $4,000); *Women's Comm. for Equal Employment Opportunity v. National Broad. Co.*, 76 F.R.D. 173, 180 (S.D.N.Y. 1977) (approving incentive awards beginning as low as $336).

According to one scholastic study, the average incentive award payment for consumer class actions ranges between $1,000 and $5,000.  See, Sherrie R. Savett, *et al.*, "*Consumer Class Actions: Payments to Named Plaintiffs,"* 936 PLI/Corp. 321 at 340 (1996) (citing fifty-two cases  involving incentive awards payments and noting the normal range of such awards is $1,000 to $5,000).
Here, the class representatives seek $12,500 each, and the proposed incentive awards to the class representatives will total $37,500.  Unnamed class members are unlikely to receive any monetary benefit from the Proposed Settlement.  Unnamed class members may be entitled to $10.   The incentive fees awards sought by class representatives are 1,250 times the highest damages available to the rest of the

8

class members and the class representatives have provided no indication of the number of hours their service to the class required. The class representatives' requested incentive awards exceed the normal range of awards, are grossly disproportionate to the damages class members may be entitled to and are not quantitatively supported. The incentive awards are not reasonable or fair. Also see *Radcliffe, et al v. Experian Information Solutions, et al.*, __ F.3d __, 2013 WL 1715422.

## ADOPTION AND JOINDER OF ALL OTHER OBJECTIONS

This Objector joins in and adopts all well-taken, good-faith objections filed by other class members and incorporate them by reference as if they appeared fully herein, including all objections stated in Doc. 310 and related filings and the *Cy Pres* related objections made by objector Batman.

## CONCLUSION

For the foregoing reasons and all others presented at oral argument, this Objector respectfully requests that the Court sustain her objections and grant the following relief:

1. Upon proper hearing, sustain these Objections;

2. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement; and

3. Award an incentive fee to this Objector for her service in improving the fairness of the settlement, and consider awarding an attorneys' fee to her attorney.


LAW OFFICES OF DARRELL PALMER PC

Dated:  May 2, 2013                    By: /s/ Joseph Darrell Palmer
                                           Joseph Darrell Palmer
                                       Attorney for Objector Carol Barrett

9

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 2, 2013, I electronically filed the foregoing OBJECTIONS OF CAROL BARRETT TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

       I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.

       I further certify that copies of the foregoing have been mailed via U.S. Post Office, postage prepaid, to the following:

Robert S. Arns
The Arns Law Firm
515 Folsom Street, 3rd Floor
San Francisco, CA 94104

Michael G. Rhodes
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111

Fraley v. Facebook, Inc. Settlement
c/o GCG
P.O. Box 35009
Seattle, WA 98124-1009


               ___/s/ Joseph Darrell Palmer_____
                     Joseph Darrell Palmer
                     Attorney for Objector