Alan J. Sherwood
Cal SBN 118330
1300 Clay Street, Suite 600
Oakland, CA 94612
(510) 268-9685
Fax 510.903.1773
AlanSherwood@earthlink.net
Attorney for Objector Jennifer Deachin

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Angel Fraley, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Facebook, Inc., *et al.*,<br><br>　　　　Defendants. | Case No. 3:11-cv-01726-RS<br><br>**OBJECTIONS, PROOF OF MEMBERSHIP IN CLASS AND NOTICE OF INTENT TO APPEAR, BY COUNSEL, AT THE JUNE 28, 2013 FAIRNESS HEARING**<br><br>Hearing Date: Friday June 28, 2013<br>Time: 10:00 a.m.<br>Courtroom: 3, 17th Floor<br>The Honorable Richard Seeborg |

　　　　Objector, Jennifer Deachin, by and through her undersigned counsel, hereby provides the information needed to demonstrate her membership in the settlement class; gives notice of her intent to appear by counsel at the fairness hearing; objects to the proposed settlement; and says:

**PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS**

　　　　Objector, Jennifer Deachin is a member of the settlement class having received an e-mail from legalnotice@facebookmail.com that stated: that she may have been featured in a "Sponsored Story" on Facebook prior to December 3, 2012: and that her Class Member Number was 463933485.  Jennifer Deachin's address is 4932 SW     th Street Gainesville, Florida 32608

1

1 and her and telephone number is (352)    -5363.  Her email address, associated with her
2 Facebook account, is rican   74@yahoo.com. Her declaration is attached hereto as Exhibit "A."

**NOTICE OF INTENT TO APPEAR**

Jennifer Deachin hereby gives notice of her intent to appear, by counsel, at the Fairness Hearing before the Honorable Richard Seeborg, United States District Judge at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 3, 17th Floor, on Kune 28, 2013 at 10:00 am.  Jennifer Deachin , by counsel will cross-examine witnesses and present legal arguments addressing the statutory and constitutional deficiencies of the "Notice of Class Action and Proposed Settlement" (Hereinafter the Notice); and the Proposed Settlement. Jennifer Deachin  does not intend to offer documents into evidence or call witnesses.

**OBJECTIONS**

1. The Notice is defective because it does not meet minimum constitutional due process requirements with regard to providing class members with notice and an opportunity to be heard.

2. The Notice says that the Representative Plaintiffs contend that Defendants violated California Civil Code § 3344.  However, the Notice fails to inform class members that California Civil Code § 3344 provides in part that "in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use..."

3. The Notice fails to inform class members of the size of the class.  Therefore, it is impossible for class members to evaluate whether the Proposed Settlement is Fair, Adequate or Reasonable.  For example, if a class member knew that there were 100,000 people in the class,

then they could calculate the class' statutory damages to be $75 million. (100,000 x $750 = $75,000.000) Then by dividing $20 million by $75 million they could determine that class counsel was advocating that the class settle for 26.66 cents on the dollar. However, if there were 1,000,000 class members, the class' statutory damages to be $750 million. (1,000,000 x $750 = $750,000.000) In that case the class member would then divide $20 million by $750 million, at which point they would see that class counsel was advocating that the class settle for 2.66 cents on the dollar; which is 2.66 percent of the statutory damages available.

    4.    Because the Notice fails to inform class members of the size of the class, it is impossible for class members to estimate whether the $10 per "participating class member" number has any bases in reality or is a blatant sham. Class Counsel's math suggests there will be at least 2,000,000 "participating class members" ($20,000,000 ÷ 2,000,000 = $10 ) If the take rate is defined as the percentage of class members who file claims and become a "participating class member" and you use a 5% take rate; then 2,000,000 "participating class members" implies a class with 40,000,000 members. However, if the class consisted of 80,000,000 members then the 5% take rate would result in 4,000,000 "participating class members". That would result in a $5.00 per "participating class member" distribution, before attorney fees and costs are subtracted out. Furthermore, if the class consisted of 160,000,000 members then the 5% take rate would result in 8,000,000 "participating class members". That would result in a $2.50 per "participating class member" distribution, before attorney fees and costs are subtracted out.

    5.    The Notice refers to "Section2.3(a)(ii) of the settlement agreement instead of explicitly notifying class members that if their pro-rata share of the Net Settlement Fund would be less than five dollars ($5), the Court may, in its discretion, order the Settlement Administrator to distribute the entire Net Settlement Fund to the Cy Pres Recipients, in which event you will not get a penney.

    6.    As Judge Posner stated in *Reynolds, V. Beneficial Natl. Bank* 288 F.3d 277 (7th Cir. 2002) in discussing the judicial duty to protect the members of a class in class action

litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class. "This problem, repeatedly remarked by judges and scholars, see, e.g., *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002); Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991); *Duhaime v. John Hancock Mutual Life Ins*. Co., 183 F.3d 1, 7 (1st Cir. 1999); John C. Coffee, Jr., "Class Action Accountability: Reconciling Exit, Voice, and Loyalty in Representative Litigation," 100 Colum. L.Rev. 370, -385-93 (2000); David L. Shapiro, "Class Actions: The Class as Party and Client," 73 Notre Dame L.Rev. 913, 958-60 and n. 132 (1998), requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions. We and other courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries. *Culver v. City of Milwaukee*, *supra*, 277 F.3d at 915; *Stewart v. General Motors Corp*., 756 F.2d 1285, 1293 (7th Cir. 1985); In re Cendant Corp. Litigation, 264 F.3d 201, 231 (3d Cir. 2001); *Grant v. Bethlehem Steel Corp*., 823 F.2d 20, 22 (2d Cir. 1987)"

7. California Civil Code § 3344 also provides in part that "The prevailing party in any action under this section shall also be entitled to attorney's fees and costs." Therefore, the parties should have negotiated an award of fees under § 3344. Had they done so, this court's review would have focused on the reasonableness of the fee request under the lodestar calculation method. Then if the amount of fees Facebook was agreeing to pay in the settlement agreement were significantly higher than the fees class counsel could have expected to be awarded pursuant to fee shifting and a lodestar methodology, the fees would be seen as unreasonable.

8. Ordinarily, "a defendant is interested only in disposing of the total claim asserted against it . . . the allocation between the class payment and the attorneys' fees is of little or no interest to the defense . . . ." In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d

768, at 819-20 (3d Cir. 1995)

9. The fees available under a fee-shifting statute are part of the plaintiff's recovery and are not dependent upon any explicit fee arrangements between the plaintiffs and their counsel. For that reason, contingent fee agreements between counsel and client are valid in cases where statutory fees are available. See *Venegas v. Mitchell*, 495 U.S. 82, 86-89, 109 L. Ed. 2d 74, 110 S. Ct. 1679 (1990). Common fund fees are essentially an equitable substitute for private fee agreements where a class benefits from an attorney's work, so the same general principles outlined in *Venegas* should apply. *Staton v. Boeing Co.* 327 F.3d 938 (9th Cir. 2003) As a result Class Counsel should always separately negotiate for the defendant to pay fee shifted fees after arriving at a settlement sum for the class. Thereafter, the court can reduce the common fund fee award by the amount of the fee shifted amount paid by the defendant.

10. To the extent that the value of the common fund for attorney fee purposes includes the value of injunctive relief , as set fort on page 6 of the notice, that is improper in this circuit. "[O]nly in the unusual instance where the value to individual class members of benefits deriving from injunctive relief can be accurately ascertained may courts include such relief as part of the value of a common fund for purposes of applying the percentage method of determining fees. ... When this is not the case, courts should consider the value of the injunctive relief obtained as a "relevant circumstance" in determining what percentage of the common fund class counsel should receive as attorneys' fees, rather than as part of the fund itself. In this matter the requested attorney's fees are excessive and unreasonable.

11. Jennifer Deachin hereby adopts all other meritorious and timely filed objections that are not inconsistent with these objections.

**WHEREFORE**, Jennifer Deachin respectfully requests that this Court to sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to: an order disapproving the proposed settlement because it is not fair,

adequate or reasonable and because of the improper notice to the class; an order requiring class counsel and the settling defendants to craft a new notice that complies with due process and then to re-notice the class, and granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

DATED this 2nd day of April 2013.

                                            Respectfully Submitted,

                                           /s/ Alan J. Sherwood
                                          Alan J. Sherwood
                                          Attorney for Objector Jennifer Deachin
                                          Cal SBN 118330
                                          1300 Clay Street, Suite 600
                                          Oakland, CA 94612
                                          (510) 268-9685
                                          Fax 510.903.1773
                                          AlanSherwood@earthlink.net
                                          Attorney for Objector Jennifer Deachin

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd of May, 2013, the foregoing was filed with the Clerk of the Court and that all parties will be electronically served by the CM/ECF system.

                                           /s/ Alan Sherwood
                                           Alan Sherwood