ROBERT S. ARNS (#65071, rsa@arnslaw.com)
JONATHAN E. DAVIS (#191346, jed@arnslaw.com)
STEVEN R. WEINMANN (#190956, srw@arnslaw.com)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:  (415) 495-7800
Fax:  (415) 495-7888

JONATHAN M. JAFFE (# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:  (510) 725-4293
Fax:  (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W. T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No. 11-CV-01726 RS<br><br>**DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' REPLY TO FACEBOOK'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES**<br><br>Date:  June 28, 2013<br>Time:  10:00 a.m.<br>Courtroom:  3<br>Judge:  Hon. Richard Seeborg |

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' REPLY TO FACEBOOK'S OPPOSITION TO  MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01726 RS

I, RICHARD M. PEARL, hereby declare the following:

1. I am a member in good standing of the California State Bar. I am in private practice as the principal of my own law firm, the Law Offices of Richard M. Pearl, in Berkeley, California. I specialize in issues related to court-awarded attorneys' fees, including the representation of parties in fee litigation and appeals, serving as an expert witness, and serving as a mediator and arbitrator in disputes concerning attorneys' fees and related issues. In this case, I have been asked by plaintiffs' counsel to render my opinion on the reasonableness of the hourly rates they are requesting in this matter. My initial declaration including my opinions was filed in this case on December 21, 2012. I make this Declaration in Support of Plaintiffs' (or "Class Counsel's") Reply to Facebook's Opposition to the Motion for Award of Attorneys' Fees and Costs and Class Representatives' Service Awards.

2. My background and the basis for my prior opinions as to rates of the Plaintiffs' attorneys' in this matter are set forth in my initial Declaration.

3. In my initial declaration, I stated my opinion that the hourly rates requested by the Plaintiffs' attorneys in this matter are reasonable -- that they are in line with the rates charged by reasonably comparable attorneys for reasonably comparable services litigating in the Northern District. This was based on my extensive experience as a litigator of attorney fee motions -- I have litigated more than 180 fee applications, which I believe is more than any other lawyer in California. I also have supplied similar expert declarations in countless other cases (more than 300) in which I was not an attorney of record, each of which required me to learn the hourly rates being charged by the prevailing attorneys and many of which have been expressly relied on and cited by trial and appellate courts. *See* Declaration of Richard Pearl in Support of Motion for Attorneys' Fees and Costs, ("Pearl Decl."), ¶ 4. My declaration also set forth the factual bases for my opinion, including fee awards determining reasonable rates (*id.*, ¶ 9), five surveys listing hourly rates charged by California attorneys (*id.*, ¶¶ 10-14 and Exs. 2-6), and the hourly rates charged by numerous large and small law firms that do comparable litigation (*id.*, ¶ 15). Every one of those facts is based on material I have personally reviewed,

-1-
DECLARATION OF RICHARD M. PEARL IN SUPPORT OF REPLY TO OPPOSITION BY FACEBOOK TO MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01726 RS

including court awards, declarations filed in other cases, and rates given to me by the firms themselves.

4. **Market Value Sets The Standard For Attorney Rates:** Facebook has argued that Class Counsels' rates are not actually billed to paying clients, and thus should be discounted. However, under California law, hourly rates are not based on the rates charged to the particular client but on what is reasonable in the legal marketplace for similar services: "The market-rate standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." *Chacon v Litke,* 181 Cal.App.4th 1234, 1258 (2010) (quoting Pearl, *Calif. Atty. Fee Awards, 2d ed.* (CEB 2008 Supp.) § 12.26, pp. 358-359). *See also, e.g., Nemecek & Cole v Horn,* 208 Cal.App.4th 641, 651(2012). Thus, this is how I have analyzed the fees here.

5. The case law clearly establishes that the hourly rates requested are reasonable if they are "in the range of" or "in line with" the rates charged by attorneys of reasonably comparable background, skill, and experience performing reasonably similar services. *See, e.g., Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984). In determining whether services are similar, the courts may not restrict themselves to the particular area of law (*i.e.*, civil rights, consumer, Workers Compensation), but must look to the type of work performed – in this case, hard-fought class action litigation against a well-funded, well-represented opponent. *See, e.g., Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 455 (9th Cir. 2010). In litigation, clients generally pay for litigation and strategic experience and skills, not expertise in a particular subject area. *See, e.g., Russell v. Foglio,* 160 Cal.App.4th 653, 661 (2006). Thus, I find that the fees here are comparable to those awarded in the decisions which I have noted previously.

6. **The Fallacious Big Firm/Small Firm Distinction:** Defendant Facebook asserts that Plaintiffs' counsels' rates must be lower because they are not in large firms but rather "small plaintiffs' firms." This premise, however, is not only legally wrong but factually insupportable

as well. Rates may not be based on whether the claiming attorney is a "large" or "small" law firm, or on its costs or overhead. *See* 2 Pearl, *California Attorney Fee Awards, 3d Ed.* (Calif. Cont. Ed. of Bar 2010; Feb. 2013 Supp.) § 9.108, p. 358 (listing cases). Notably, California Rules of Professional Conduct, Rule 4-200, which establishes the standards for determining whether an attorney's fee is conscionable, makes no mention of firm size or overhead. Factually, many sole proprietors, small and mid-size firms charge and are awarded rates that are comparable to larger firms' rates -- the relevant factors are the attorneys' skill, background, and experience, the type of case, the stakes involved, the client's ability to pay, and the like. Under these standards, costs, overhead, and the size of the firm are irrelevant to rates. *See Blum v. Stenson, supra; Serrano v. Unruh,* 32 Cal.3d 621, 643(1982); *Shaffer v. Superior Court,* 33 Cal.App.4th 993 (1995). Rates are determined by the market value of the lawyer's work and the client's ability and willingness to pay for those services. In addition, when smaller law firms take on difficult but important litigation, they frequently litigate against major law firms, just as Plaintiffs have done in the instant case. It makes no sense to award them a much lower rate, when they have comparable skills, experience, and expertise, and produce work that is equally as good, if not better.

7. It is my understanding that Facebook also enlisted the assistance of another major national law firm, Gibson Dunn, in addition to Cooley, LLP for briefing in opposition to Plaintiffs' Motion for Class Certification. That firms the size of The Arns Law Firm and Jonathan Jaffe Law were pitted against two major law firms, and procured a settlement for the Plaintiffs, is indicative of a very high level of expertise which merits compensation comparable to that of the defense firms.

8. I have reviewed a request for attorneys' fees by Cooley, LLP on behalf of Facebook, Inc., including Facebook, Inc.'s Memorandum of Points and Authorities in Support of Motion for Attorney's Fees filed in *David A. Cohen v. Facebook, Inc.*, No. BC 444482, Superior Court of California, dated December 13, 2011. This motion was an attempt to collect attorneys' fees from the plaintiffs under the fee-shifting provision of California Civil Code § 3344. A true and

correct copy of that Memorandum is Exhibit 1 hereto. Facebook sought attorneys' fees for Cooley's time and costs in the amount of $790,523.68, of which $737.461.50 was for the litigation through a motion to dismiss. It is my understanding, on information and belief, that this case involved similar issues of law and fact as in *Fraley v. Facebook,* and that the fees sought by Cooley, LLP were denied in a later Order dated February 9, 2013. However, in that Motion, Facebook sought to recover $930 an hour for Michael Rhodes (also representing Facebook in the instant matter), an attorney with 9 years' less experience than Robert Arns. Facebook / Cooley attorney on this matter Mr. Matthew Brown, moreover, with only 13 years of experience, is billed at $630 an hour, while Jeffrey Gutkin, also with 12-13 years' experience, is billed at $615 an hour. Both of these rates are equivalent to the $625 billed for Jonathan Davis (over 15 years of experience and significant trial experience) and obviously more than the $550 billed for Steven Weinmann, who has 23 years of experience, much of it in litigating class actions. The junior associates at Cooley are billed at relatively high rates also, $580 for sixth year associate Benjamin Kleine, $425 an hour for third year associate Cooke, and $375 an hour for a second year associate.

9. The fees sought by Cooley, LLP and the support cited by Cooley in support of those fees, establish that the level of work on cases such as the instant litigation merits rates such as those sought by Plaintiffs' counsel. Indeed, when available, courts will often refer to the hours and rates of the defense counsel to see if the fees are reasonable. However, in the absence of the fees billed and rates for attorneys on this matter, the *David Cohen* fee application is a good indication of the fees and rates which Cooley would be charging the same client for similar work. Thus, it is further support for the fees sought by the Plaintiffs that the defense counsel has been charging similar rates for work on the same type of case.

10. Specificity in Declarations: Declarations supporting a prevailing party's requested hourly rates law are not required to pinpoint attorneys with exactly the same experience and skill-set handling exactly the same type of case. Such a standard is both misguided and infeasible. *See Mendenhall v. NTSB* (9th Cir. 2000) 213 F.3d 464, 472 (rejecting

-4-
DECLARATION OF RICHARD M. PEARL IN SUPPORT OF REPLY TO OPPOSITION BY FACEBOOK TO MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01726 RS

similar argument because it is based "on an idealized standard of precision in fee applications that we do not require..."); *Prison Legal News, supra* (finding generalized declarations adequate); Pearl Dec. ¶6 (listing numerous cases in which my declaration was relied on to support fee determinations).

11. As I opined in my prior declaration, hourly rates which are similar to or greater than those requested herein for attorneys of similar experience have been found reasonable by various courts for reasonably comparable services in the relevant market. A number of the cases and surveys cited in my prior Declaration were cases in which fees of up to $975 or $1,000 per hour were billed or awarded in cases for partners with over 35 years' experience, such as Robert Arns. *See, e.g., Credit/Debit Card Tying Cases,* San Francisco County Superior Court, JCCP No. 4335, Order Granting Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards, filed August 23, 2010, an antitrust class action, in which the court found the 2010 hourly rate of $975 was reasonable (before applying a 2.0 lodestar multiplier), Pearl Decl. page 10; see also surveys of rates at law firms, Pearl Decl. pages 14-15, paragraphs 11, 12 and 13 and Exs.4, 5 and 6. The rates for attorneys with 21 to 23 years' experience, such as Jonathan Davis and Steven Weinmann, have been granted rates of over $600 or more. *E.g., Savaglio, et al. v. WalMart,* Alameda County Superior Court No. C-835687-7, Order Granting Class Counsel's Motion for Attorneys' Fees, filed September 10, 2010, a wage and hour class action, in which the court found the following hourly rates reasonable (before applying a 2.36 multiplier), $650 for 23 year attorney; *Californians for Disability Rights, Inc., et al. v. California Department of Transportation, et al.* (N.D.Cal. 2010) 2010 U.S.Dist.LEXIS 141030, adopted by Order Accepting Report and Recommendation filed February 2, 2011, a class action in which the court found the following 2010 hourly rates reasonable: ($640 for 23 year lawyer and $650 for 19 year lawyer). These cases fully support the fees sought here for Plaintiffs' attorneys.

12. Similarly, the rates for third year associates such as Kevin Osborne (billed at $425 / hour) at other law firms have been as high as $470 an hour (Gibson, Dunn & Crutcher

2009 rates, see my initial declaration at page 20). The rates for second year attorneys such as Jonathan Jaffe ($425 / hour) and Robert Foss ($350 / hour) at many firms are only slightly behind the rate for third and fourth years billed at large firm and accepted in fee applications by courts in California. Indeed, at large law firms, associate attorneys of 2 and 3 year's experience are billed at up to or over $400 an hour $420/ hour, *Credit/Debit Card Tying Cases,* San Francisco County Superior Court, JCCP No. 4335, Order Granting Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards, filed August 23, 2010, an antitrust class action, in which the court found the following 2010 hourly rates reasonable ($420 / hour for a second year, and $435 for a third year attorney, before applying a 2.0 lodestar multiplier); (similar rates are charged by the law firms Altshuler Berzon LLP and Bingham McCutcheon, see my initial declaration at pages 16-17).

13. The rates for Jonathan Jaffe (who is a solo practitioner with one to two years' experience at the time of the fee application), Kevin Osborne and Robert Foss should also be higher than the typical first, second and third year associates because they have extensive experience in other fields (as reflected in their resumes, which are attached to the Declaration of Robert S. Arns), which makes them more efficient at handling legal tasks in their fields of expertise. Mr. Jaffe has a deep background in computer software system design, which allows him to question technical aspects of a system such as Facebook with much more facility than a novice attorney with no such background; his expertise, as set forth in his Declaration in support of the motion for fees, also lends itself to understanding the limits of electronic discovery and document organization capabilities. With an online company such as Facebook, heavily reliant upon electronic communications, this expertise can also add value to the discovery process. Mr. Jaffe's expertise is also of assistance in determining what is reasonable and possible in terms of potential changes to how Facebook and its ad systems operate.

14. Similarly, Mr. Osborne has an impressive background in economics, which allowed him to assist with the theories of damages which were essential to proving on class certification and in settlement that Plaintiffs could bring the case to trial, and how much the

damages were valued at for purposes of evaluating the fairness of the settlement. Mr. Foss similarly has a background in economics and in computer systems, which made it possible for him to craft discovery requests and aid in the damages evaluation and strategy concerning settlement options. While non-legal work itself is normally done by experts, and Plaintiffs did employ four experts in the fields of economics, statistics, and marketing. The role of attorneys in working with such expert is greatly improved by a background in such fields, and the preparation for depositions of Facebook experts and personnel was also assisted because of the backgrounds of Jaffe, Osborne and Foss. In my opinion, such background is worthy of an increase in hourly rates towards the high end for attorneys of their years, such as those charged by large law firms to private clients.

15. I also based my opinions on several surveys of legal rates which supported such rates. For example, on February 25, 2011, the Wall Street Journal published an on-line article entitled "Top Billers." A true and correct copy of that article is attached as Exhibit 4 to my initial declaration. That article listed the 2010 and/or 2009 hourly rates for more than 125 attorneys, in a variety of practice areas and cases, <u>who charged $1,000 per hour or more.</u>

16. In addition, the Westlaw CourtExpress Legal Billing Reports for May, August, and December 2009 (attached as Exhibit 6 to my initial declaration.) shows that attorneys with as little as 19 years' experience are charging $800 per hour or more, and that the rates requested here are well within the range of those reported. The National Law Journal's December 2010, nationwide sampling of law firm billing rates also lists 32 firms whose highest rate is $800 per hour or more, eleven firms whose highest rate is $900 per hour or more, and three firms whose highest rate is $1,000 per hour or more.

17. Thus, based on all of the above and the additional information in the initial Pearl Decl., the rate sought by Robert Arns, $950 / hour is reasonable in the context of this litigation, as are the rates for the other attorneys, Jonathan Davis, Steven Weinmann, Kevin Osborne, Robert Foss and Jonathan Jaffe.

-7-
DECLARATION OF RICHARD M. PEARL IN SUPPORT OF REPLY TO OPPOSITION BY FACEBOOK TO MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01726 RS

1  If called as a witness, I could and would competently testify from my personal
2  knowledge to the facts stated herein. I declare under penalty of perjury of the laws of the
3  United States of America that the foregoing is true and correct. Executed this 12th day of June
4  2013, in Berkeley, California.

RICHARD M. PEARL

-8-
DECLARATION OF RICHARD M. PEARL IN SUPPORT OF REPLY TO OPPOSITION BY FACEBOOK TO MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01726 RS