# EXHIBIT 1

1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  MATTHEW D. BROWN (196972) (brownmd@cooley.com)
   JEFFREY M. GUTKIN (216083) (gutkinjm@cooley.com)
3  101 California Street
   5th Floor
4  San Francisco, CA 94111-5800
   Telephone:    (415) 693-2000
5  Facsimile:    (415) 693-2222

6  Attorneys for Defendant
   FACEBOOK, INC.
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  DAVID A. COHEN, a minor, by and through        Case No. BC 444482
    ROBIN S. COHEN as Guardian ad Litem;           Consolidated with Case No. BC 454799
12  SHELBY A. ORLAND, a minor, by and
    through MARCIA J. ORLAND as Guardian           (Class Action)
13  ad Litem; for all others similarly situated,
                                                   **DEFENDANT FACEBOOK, INC.'S**
14                Plaintiffs,                       **MEMORANDUM OF POINTS AND**
                                                   **AUTHORITIES IN SUPPORT OF ITS**
15  v.                                             **MOTION FOR ATTORNEYS' FEES**

16  FACEBOOK, INC., a Delaware corporation,        Date:      February 8, 2012
    and DOES 1 through 100, Inclusive,             Time:      8:30 a.m.
17                                                 Judge:     Hon. Debre Katz Weintraub
                  Defendants.                      Courtroom: 47
18

19                                                 Complaint Filed:   October 12, 2011
                                                   Trial Date:        Not set
20  AND ALL CONSOLIDATED CASES

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND......................................... 2

    A.      Plaintiffs' Allegations and Demands For Relief...................................... 2

    B.      Facebook's Attorneys.................................................................................... 2

    C.      Facebook's Attorneys' Work on this Litigation ..................................... 3

        1.      Facebook's Demurrers ...................................................................... 3

        2.      Discovery ............................................................................................ 5

III.    FACEBOOK'S FEE REQUEST ......................................................................... 5

IV.     DISCUSSION ........................................................................................................ 6

    A.      Facebook Is Entitled to Attorneys' Fees .................................................. 7

    B.      Facebook's Fee Request Is Reasonable ................................................... 10

        1.      Facebook Seeks Fees for Reasonable Hours Spent Defending Itself ....... 10

        2.      Facebook Seeks Compensation at Reasonable Hourly Rates ................... 12

        3.      The Total Fee Award Sought Is Reasonable ............................................ 14

V.      CONCLUSION ................................................................................................... 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bernardi v. Cnty. of Monterey,*
    167 Cal. App. 4th 1379 (2008)..........................................................................5, 11

*Bihun v. AT&T Info. Sys., Inc.,*
    13 Cal. App. 4th 976 (1993)..................................................................................12

*Cairns v. Franklin Mint Co.,*
    115 F. Supp. 2d 1185 (C.D. Cal. 2000)................................................................11

*Cairns v. Franklin Mint Co.,*
    292 F.3d 1139 (9th Cir. 2002)..............................................................................14

*Cal. Common Cause v. Duffy,*
    200 Cal. App. 3d 730 (1987)................................................................................11

*Church of Scientology v. Wollersheim,*
    42 Cal. App. 4th 628 (1996)............................................................................14, 15

*Coltrain v. Shewalter,*
    66 Cal. App. 4th 94 (1998)..................................................................................7, 8

*Dease v. City of Anaheim,*
    838 F. Supp. 1381 (C.D. Cal. 1993) ....................................................................15

*Donner Mgmt. Co. v. Schaffer,*
    124 Cal. App. 4th 1296 (2006)..............................................................................8

*Earley v. Super. Ct.,*
    79 Cal. App. 4th 1420 (2000)..............................................................................10

*Equilon Enters., LLC v. Consumer Cause, Inc.,*
    29 Cal. 4th 53 (2002) ..........................................................................................14

*Graciano v. Robinson Ford Sales, Inc.,*
    144 Cal. App. 4th 140 (2006)..............................................................................8, 9

*Graham v. DaimlerChrysler Corp.,*
    34 Cal. 4th 553 (2004) ........................................................................................10

*Guinn v. Dotson,*
    23 Cal. App. 4th 262 (1994)................................................................................10

*Harman v. City and Cnty. of S.F.,*
    158 Cal. App. 4th 407 (2007)................................................................................9

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Hogar v. Cmty. Dev. Comm'n of Escondido,*
 157 Cal. App. 4th 1358 (2007).................................................................................. 11

*In re Innkeepers USA Trust,*
 448 B.R. 131 (S.D.N.Y. 2011)................................................................................... 13

*Ketchum v. Moses,*
 24 Cal. 4th 1122 (2001) ............................................................................................... 6

*Kirby v. Sega of Am., Inc.,*
 144 Cal. App. 4th 47 (2006)..................................................................................... 7, 9

*Lakin v. Watkins Associated Indus.,*
 6 Cal. 4th 644 (1993) .................................................................................................. 12

*Love v. Associated Newspapers, Ltd.,*
 611 F.3d 601 (9th Cir. 2010)................................................................................... 7, 9

*Love v. Mail on Sunday,*
 No. CV05-7798 ABC(PJWX), 2007 WL 2709975 (C.D. Cal. Sept. 7, 2007)............... 7, 9, 15

*Pena Canal v. De La Rosa Dann,*
 No. 09-03366 CW, 2011 U.S. Dist. LEXIS 99863 (N.D. Cal. Sept. 6, 2011)....................... 14

*PLCM Grp., Inc. v. Drexler,*
 22 Cal. 4th 1084 (2000) ......................................................................................... 10, 12

*Plumbers & Steamfitters, Local 290 v. Duncan,*
 157 Cal. App. 4th 1083 (2007)................................................................................... 11

*Raining Data Corp v. Barrenechea,*
 175 Cal. App. 4th 1363 (2009)................................................................................ 5, 11

*Robertson v. Fleetwood Travel Trailers of Cal., Inc.,*
 144 Cal. App. 4th 785 (2006)..................................................................................... 10

*Salehi v. Surfside III Condo. Owners' Assoc.,*
 200 Cal. App. 4th 1146, 132 Cal. Rptr. 3d 886 (2011)............................................. 7, 8

*Salton Bay Marina, Inc. v. Imperial Irrigation Dist.,*
 172 Cal. App. 3d 914 (1985)...................................................................................... 10

*Santisas v. Goodin,*
 17 Cal. 4th 599 (1998) .............................................................................................. 7, 8

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Serrano v. Priest,*
20 Cal. 3d 25 (1977) ........................................................................................... 10

*Serrano v. Unruh,*
32 Cal. 3d 621 (1982) .............................................................................. 10, 11, 12

*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,*
460 F.3d 1253 (9th Cir. 2006) ............................................................................ 11

*Van de Kamp v. Bank of Am. Nat'l Trust & Savings Ass'n,*
204 Cal. App. 3d 819 (1988) ............................................................................... 10

*Vo v. Las Virgenes Mun. Water Dist.,*
79 Cal. App. 4th 440 (2000) ............................................................................... 11

*Weber v. Langholz,*
39 Cal. App. 4th 1578 (1995) ......................................................................... 5, 11

## STATUTES

Cal. Civ. Code § 3344 ................................................................................... passim

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

# I. INTRODUCTION

Plaintiffs in these consolidated actions alleged that Facebook displayed their and putative class members' names, likenesses, and "like" statements, without parental consent, alongside advertisements for content they had "liked." Plaintiffs brought claims for violation of California Civil Code Section 3344 ("Section 3344")), the California constitutional right to privacy, and California Business and Professions Code Section 17200 (the "UCL"). After four rounds of demurrer briefing, the Court held that all of Plaintiffs' claims were preempted by the federal Children's Online Privacy Protection Act ("COPPA") and dismissed all claims with leave to amend. Plaintiffs filed another amended complaint that failed to rectify the many problems plaguing the earlier, dismissed complaint. Then, the day before Facebook's deadline to file its next demurrer (and not in time to forego the demurrer), Plaintiffs sought voluntary dismissal of the action, which the Court later granted. Plaintiffs stated that their request for dismissal was based, in part, on their "consideration of the Court's previous rulings in this matter." Facebook is the "prevailing party" and is entitled to *mandatory* attorneys' fees and costs under Section 3344, as well as its fees and costs for prevailing on Plaintiffs' other related claims.

Facebook respectfully requests that the Court award fees of $790,523.68. Facebook's fee request is appropriate and reasonable under the lodestar method given the nature of the work required on these two cases, including, among other things, five rounds of briefing on demurrers (in response to Plaintiffs' repeated, but ultimately futile, amendments), a supplemental brief ordered by the Court, a motion to consolidate the two actions, court hearings, and responding to Plaintiffs' discovery requests. Indeed, Facebook's request is conservative insofar as it does not seek fees for all of the time actually expended by its attorneys to defend these cases, despite being entitled to all such fees under the law. Facebook's fee request is also reasonable in light of the other factors that courts typically consider: Plaintiffs' sweeping demands for relief, including an injunction, hundreds of millions of dollars in statutory damages, actual damages, disgorgement of profits, restitution, and fees and costs; the nature of the litigation and complexity of the issues; and the quality of Facebook's presentation to the Court and the successful result achieved— dismissal of all claims.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiffs' Allegations and Demands For Relief

In their pre-consolidation complaints, their post-consolidation First Master Class Action Complaint ("FMAC"), and their First Amended Consolidated Class Action Complaint ("FAC"), Plaintiffs, teenage Facebook users, alleged that Facebook used their and putative class members' names and/or likenesses, without parental consent, in connection with advertisements. (*See, e.g.,* Cohen Compl. ¶¶ 8, 29-37; Meth Compl. ¶¶ 7, 49-56; FMAC ¶¶ 5, 13, 40-48; FAC ¶¶ 5, 16, 20, 48-55.) Plaintiffs alleged that Facebook's display of users' names and/or likenesses violated their statutory rights against misappropriation (Section 3344), the California constitutional right to privacy, and the UCL.  In addition to injunctive relief, Plaintiffs sought hundreds of millions of dollars in statutory damages, actual damages, disgorgement of profits, restitution, and fees and costs.  (Cohen Compl. at 16-17; Meth Compl. at 12; FMAC at 19-20; FAC at 16-17.)  As discussed below, the Court sustained Facebook's demurrer to the FAC, holding that all claims were preempted by COPPA.

### B.  Facebook's Attorneys

Cooley LLP represented Facebook in this case.  Senior partner Michael Rhodes and partner Matthew D. Brown led the litigation, developed strategy, and supervised the work on the case, with Mr. Brown managing the day-to-day work on the matter and handling all court appearances.  Partner Jeffrey M. Gutkin developed legal strategy and supervised preparation of the multiple demurrers required to respond to Plaintiffs' successive amended complaints.  The remainder of the core team of Cooley attorneys was comprised of sixth-year associate Benjamin Kleine, third-year associate Kelly Cooke, and second-year associate Megan Donohue.  Generally speaking, throughout the litigation, Mr. Kleine managed team projects and revised briefs, and Ms. Cooke and Ms. Donohue performed the bulk of the research, initial document drafting, and assisted in the discovery process.  (Decl. of Matthew D. Brown filed herewith ("Brown Decl."), ¶¶ 2-4.)  As such, Cooley's team at any one time primarily consisted of three partners, one senior associate, and two junior associates.  The core team thus provided the necessary stratification to have appropriately experienced lawyers working on tasks suited to their experience.  (*Id.*)  Further

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1    description of the qualifications, experience, and work performed on this litigation by these and

2    other team members is contained in the Brown Declaration. (*See id.* ¶¶ 2-12, Exs. A-D.)

3       **C.    Facebook's Attorneys' Work on this Litigation**

4         Facebook mounted a vigorous and thorough defense because of the sweeping relief

5    Plaintiffs demanded. Plaintiffs sought statutory damages of $750 per person on behalf of a

6    putative class that Plaintiffs estimated would include "more than one million" minor California

7    residents. (FAC ¶ 22(a); FMAC ¶ 15(a).) Even at Plaintiffs' lowest estimate of 1,000,000 users,

8    Plaintiffs claimed in excess of $750 million in statutory damages. Furthermore, in *addition to*

9    *statutory damages*, Plaintiffs sought *actual* damages. (FAC at 16 (Plaintiffs seek "economic

10    damages for [] commercial misappropriation" and "non-economic damages for

11    misappropriation"); FMAC at 19 (same).) Plaintiffs also demanded injunctive relief, restitution,

12    disgorgement, and their fees and costs. (FAC at 16-17; FMAC at 20.)

13       **1.    Facebook's Demurrers**

14         Plaintiffs brought claims under Section 3344—claims that are rarely litigated at all,

15    particularly by non-celebrities and in class actions. Plaintiffs' claims required extensive research

16    and analysis of complex legal issues, including the preemptive effect of COPPA to claims

17    brought by minors over the age of 13; the pleading required to state a claim for economic or non-

18    economic injury under Section 3344 by a non-celebrity plaintiff who had not alleged any prior-

19    existing commercial value in his name and/or likeness or resulting mental anguish from the

20    publication; whether the alleged publication was for Facebook's "advantage" or "the purposes of

21    advertising" as defined by Section 3344; the application of the "newsworthy" exception under

22    Section 3344(d) and First Amendment protections to expressions of consumer opinions by non-

23    celebrity plaintiffs; and Facebook's immunity to Plaintiffs' claims under the Communications

24    Decency Act, 47 U.S.C. § 230 ("CDA § 230"). Facebook was also required to research and

25    analyze the legal issues arising from Plaintiffs' constitutional right to privacy and UCL claims.

26         Facebook successfully researched, drafted, and argued five complete and partial rounds of

27    demurrers in response to Plaintiffs' individual and consolidated complaints. As explained below,

28    two of these rounds of briefing were the direct result of Plaintiffs' own tactics—requiring

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1  Facebook to spend substantial time to prepare demurrer briefing (and, in one instance, even to
2  present oral argument on the demurrer) and then, without advance notice, taking actions that
3  rendered the demurrer moot.

4    Facebook's first demurrer in the individual *Cohen* action was filed on December 16, 2010,
5  with a hearing on March 17, 2011. At the hearing, the Court ordered simultaneous briefing from
6  *both* parties to further address Facebook's argument that CDA § 230 provided a complete defense
7  to Plaintiffs' claims. In accord with the Court's order, Facebook researched, drafted, and filed its
8  supplemental brief on April 18, 2011. In contrast, Plaintiffs did *not* file their supplemental brief
9  as ordered, but instead filed a First Amended Complaint on April 26, 2011. Plaintiffs did not
10 inform Facebook of their intentions, thereby ensuring that Facebook would incur the costs of
11 preparing the brief (and then amending their complaint only *after* seeing Facebook's
12 supplemental CDA § 230 arguments). On June 10, 2011, Facebook filed its demurrer to the First
13 Amended Complaint in the individual *Cohen* action. During this same period, on May 13, 2011,
14 Facebook filed its demurrer to the First Amended Complaint in the individual *Meth* action.

15   In order to increase efficiencies, Facebook proposed consolidation of the *Cohen* and *Meth*
16 actions. Facebook led the effort to reach agreement among the parties and to draft a joint motion
17 to consolidate, thereby further decreasing motion practice. On June 28, 2011 the Court ordered
18 consolidation of the *Meth* and *Cohen* actions, and ordered Plaintiffs to file a consolidated
19 complaint. On July 5, 2011, Plaintiffs filed the consolidated FMAC, to which Facebook filed a
20 demurrer on August 4, 2011. The Court sustained Facebook's demurrer, holding that COPPA
21 preempted all three of Plaintiffs' claims. (*See* Notice of Entry Order Granting Facebook's
22 Demurrer (Sept. 30, 2011) (attached as Brown Decl. Ex. E) Ex. A at 2, 12.) The Court noted that
23 the remaining portions of Facebook's demurrer were *not* otherwise overruled. (*Id.* at 3.) The
24 Court granted Plaintiffs "the opportunity to redefine the proposed class to plead claims that are
25 not preempted." (*Id.* at 12.)

26   Despite the Court's guidance, on October 12, 2011, Plaintiffs filed an amended complaint,
27 the FAC, that made relatively minor revisions to the dismissed FMAC and did not substantively
28 redefine the proposed class. On November 15, 2011, Facebook filed its fifth demurrer in these

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1   actions. The parties had agreed to this filing date, and the Court had entered it as part of a

2   broader briefing schedule. Rather than adhering to this schedule, Plaintiffs requested voluntary

3   dismissal of their action without prejudice on November 14, 2011, providing Facebook with

4   notice of the request at 4:43 p.m. on the same day. Plaintiffs stated that their request was based,

5   in part, on their "continued evaluation of the applicable legal claims, along with consideration of

6   the Court's previous rulings in this matter." (Decl. of Anthony Stuart i/s/o Pls.' Req. Vol. Dism.

7   ("Stuart Decl.") ¶ 6.) On November 23, 2011, the Court granted Plaintiffs' request.

8           **2.    Discovery**

9        Although this case did not proceed past the demurrer stage, Plaintiffs elected to pursue

10   discovery despite Facebook's view that discovery should be stayed unless and until the Court

11   allowed Plaintiffs' claims to proceed. In February 2011, Plaintiffs in *Cohen* served requests for

12   production, requests for admission, special interrogatories, and form interrogatories. Facebook's

13   counsel undertook significant efforts to analyze Plaintiffs' requests, prepare written responses,

14   work with Facebook to ascertain what responsive documents and information existed, and meet

15   and confer with Plaintiffs. Facebook agreed to extend the deadline to file any motion to compel,

16   thereby further eliminating unnecessary motion practice.

17   **III.    FACEBOOK'S FEE REQUEST**

18        Facebook seeks total attorneys' fees in the amount of $790,523.68: (1) $737,461.50 for

19   time spent by Cooley attorneys and other timekeepers through dismissal, (2) $33,920 in fees to

20   prepare this motion, and (3) $19,142.18 in costs incurred for online legal research allowable as

21   attorneys' fees. This amount represents reasonable time spent by Facebook's attorneys to defend

22   these class action lawsuits seeking potentially over $750 million in damages and other relief.

23        Cooley's time records, without text narrative, are attached as Exhibit F to the Brown

24   Declaration.[1] Further, Table 1 shows the hours that Cooley timekeepers expended in this matter,

---

25   [1] Consistent with established California case law, Facebook has included a summary of the

26   services rendered but has not included Cooley's full time records with the corresponding text
narrative. *See Raining Data Corp v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009) (*citing*

27   *Bernardi v. County of Monterey*, 167 Cal. App. 4th 1379, 1398 (2008)) (holding "[t]he law is
clear, [] that an award of attorney fees may be based on counsel's declarations, without production

28   of detailed time records"); *Weber v. Langholz*, 39 Cal. App. 4th 1578, 1585 (1995). If the Court

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1   with the corresponding fee totals. (Brown Decl. ¶ 19.) Table 2 breaks down these fees by month,

2   with a description of the primary work performed that month.[2] (*Id.* ¶ 20.) Tables 3-1 and 3-2

3   show the time expended by timekeeper, broken down by month. (*Id.* ¶ 21.). Facebook's fees for

4   time expended in the cases prior to preparation of this motion are $737,461.50.

5        In addition to time spent through dismissal of the case in November 2011 (reflected in

6   Tables 1-3), Facebook's attorneys also spent additional time in November and December 2011

7   researching and preparing this motion for attorneys' fees and supporting documents. (*Id.* ¶ 22.)[3]

8   Facebook seeks compensation for 72 hours spent by Cooley in researching and preparing this

9   motion (significantly less than the total time spent), for $33,920 in fees. (*Id.*) Table 4 reflects

10   actual hours spent by the listed Cooley professionals on this motion and can be substantiated by

11   contemporaneous time records. (*Id.*)

12        Finally, Facebook seeks $19,142.18 in costs for online legal research (*see id.* ¶ 23) that are

13   allowable as attorneys' fees under applicable law.

14        Accordingly, Facebook seeks a total of $790,523.68 for reasonable attorneys' fees.

15   **IV.**   **DISCUSSION**

16        Under California law, Facebook is entitled to recover its fees for prevailing on Plaintiffs'

17   Section 3344 claim and all other related claims. Facebook's fee request is reasonable in light of

18   the results achieved, the complexity of the issues presented, and other factors described below.

19

20

---

  deems it appropriate, however, Facebook will provide the full time records for *in camera* review
21   (with appropriate, limited redactions for privilege).

22   [2] Table 2 summarizes the primary work performed each month, but relatively small amounts of
  time were spent on additional tasks inherent in any litigation, such as client communications,
23   analysis of general case strategy, and communications with opposing counsel on case
  management issues. These are not reflected in the summary of work performed on Table 2.

24   [3] Facebook has included time actually incurred to the date this motion. Facebook reserves the
25   right to seek attorneys' fees and costs for the review of any such opposition, further briefing, or
  other arguments or actions taken by counsel with respect to the motion for attorneys' fees and
26   costs. Furthermore, in the event that Plaintiffs decline to pay any award of fees promptly,
  Facebook reserves the right to seek additional fees and costs in connection with collecting upon
27   the award. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 n.6 (2001) (fees expended in collecting
28   a judgment, including an attorney fee award, are properly included in a fee award).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

### A.   Facebook Is Entitled to Attorneys' Fees

Plaintiffs alleged that Facebook's display of users' names and/or likenesses violated their statutory right against misappropriation (Section 3344), the California constitutional right to privacy, and the UCL.[4]   Facebook is entitled to recover reasonable fees for its attorneys' work defending against all of Plaintiffs' claims.

Under Section 3344, an award of fees and costs to the prevailing party is mandatory.  *See* Cal. Civ. Code § 3344(a) ("[t]he prevailing party in any action under this section *shall also be* entitled to attorney's fees and costs") (emphasis added); *Kirby*, 144 Cal. App. 4th at 62 (affirming fee award to prevailing defendant and stating that "[t]he mandatory fee provision of section 3344, subdivision (a) leaves no room for ambiguity"); *Love v. Mail on Sunday*, No. CV05-7798 ABC(PJWX), 2007 WL 2709975, at *2-3 (C.D. Cal. Sept. 7, 2007) (applying California law and granting attorneys' fees and costs to defendants for their defense of claims brought under Section 3344), *aff'd Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (noting that Section 3344 "mandates" the recovery of attorneys' fees and costs).

Here, Facebook is the prevailing party.  In determining who the prevailing party is, the Court should analyze "which party [] prevailed on a practical level." *Salehi v. Surfside III Condo. Owners' Ass'n*, 200 Cal. App. 4th 1146, 132 Cal. Rptr. 3d 886, 890 (2011).  A party prevails where it "has realized its litigation objectives, whether by judgment, settlement, or otherwise." *Santisas v. Goodin*, 17 Cal. 4th 599, 621-22 (1998).  Upon "voluntary dismissal, a presumption [arises] that defendants were the prevailing parties." *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998); *see also id.* (considering that the critical issue is which party realized its objectives in the litigation, where the plaintiff voluntarily dismisses an alleged SLAPP suit while the defendant's motion to strike the complaint is pending, "ordinarily the prevailing party will be the defendant").  The California Supreme Court's analysis in *Santisas* applies here.  In that case, the court gave the following explanation for why the defendant was the prevailing party:

---

[4]  Plaintiffs themselves requested attorneys' fees and costs.  (*See* FMAC at 20 ("Prayer for Relief"); FAC at 17.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

> Giving the term 'prevailing party' its ordinary or popular sense, the seller defendants are the prevailing parties in this litigation. Plaintiffs' objective in bringing this litigation was to obtain the relief requested in the complaint. The objective of the seller defendants in this litigation was to prevent plaintiffs from obtaining that relief. Because the litigation terminated in voluntary dismissal with prejudice, plaintiffs did not obtain by judgment any of the relief they requested, nor does it appear that plaintiffs obtained this relief by another means, such as a settlement. Therefore, plaintiffs failed in their litigation objective and the seller defendants succeeded in theirs.

17 Cal. 4th at 609. Facebook has achieved its "litigation objective"—preventing Plaintiffs from obtaining the relief they requested in their complaint. Plaintiffs have not achieved anything—either by settlement or otherwise. Indeed, Plaintiffs filed their notice of voluntary dismissal only after the Court summarily dismissed their consolidated complaint. In voluntarily dismissing the action, counsel for Plaintiffs stated they were doing so after "continued evaluation of the applicable legal claims, along with consideration of the Court's previous rulings in this matter." (Stuart Decl. ¶ 6.) Where plaintiffs voluntarily dismiss actions without prejudice shortly after suffering setbacks in the same or related litigation, California courts have consistently held that the defendant is the prevailing party. *See, e.g., Salehi*, 132 Cal. Rptr. 3d at 888, 891-92 (holding that defendant was prevailing party where plaintiff dismissed eight of her ten claims shortly before trial after losing related litigation in which she was the representing attorney); *Donner Mgmt. Co. v. Schaffer*, 142 Cal. App. 4th 1296, 1302, 1311 (2006) (holding that defendant was the prevailing party in derivative suit where plaintiff dismissed case without prejudice one month after Special Litigation Committee decided it was not in the best interests of the corporation to pursue the litigation); *Coltrain*, 66 Cal. App. 4th at 96, 107-08, 110 (holding that defendant was prevailing party pursuant to the anti-SLAPP statute when plaintiffs dismissed their claims without prejudice shortly after defendant filed its motion to strike).

    Facebook is also entitled to recover fees for prevailing on the two remaining claims that are related to Plaintiffs' Section 3344 claim, each of which was also dismissed. Under California law, where claims not governed by a fee-shifting statute involve a common core of facts with, or are based on related legal theories to, a claim governed by a fee-shifting statute, courts may and do award fees for time spent on the other claims. *See Graciano v. Robinson Ford Sales, Inc.*, 144

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1    Cal. App. 4th 140, 159 (2006) ("Attorneys fees need not be apportioned between distinct causes

2    of action where . . . various claims involve a common core of facts or are based on related legal

3    theories." (citation omitted)). In fact, where the issues between claims are "so inextricably

4    intertwined that it would be impractical or impossible to separate the attorney's time into

5    compensable and noncompensable units," courts routinely award fees for all of the claims.

6    *Harman v. City & Cnty. of S.F.*, 158 Cal. App. 4th 407, 417 (2007) (citation omitted); *see also*

7    *Love*, 2007 WL 2709975, at *2-3 (granting attorneys' fees and costs for causes of action related

8    to claims brought under Section 3344) (citing *Kirby*, 144 Cal. App. 4th at 62 n.7); *Love*, 611 F.3d

9    at 614 ("Where no independent basis existed to support an award, the district court found the

10    claims 'inextricably intertwined with claims' that had such a support. We agree.").

11          Facebook is entitled to fees for work done on Plaintiffs' constitutional right of privacy and

12    UCL claims, both of which relied on the same factual allegations as Plaintiffs' Section 3344

13    claim. *See Graciano*, 144 Cal. App. 4th at 159. For example, Plaintiffs' FAC alleged that

14    Facebook violated Plaintiff's constitutional right of privacy via the "commercial use of plaintiffs'

15    name and likeness" (FAC ¶ 61), the same allegations that formed their Section 3344 claim (FAC

16    ¶ 51). Further, Plaintiffs' UCL claim was expressly predicated on Facebook's alleged violation

17    of Section 3344 (FAC ¶ 57), making an award of fees for work done on the UCL claim

18    appropriate. *See Love*, 2007 WL 2709975, at *7 (granting attorneys' fees and costs for UCL

19    claim "predicated on" a claim for violation of Section 3344). Lastly, the Court dismissed

20    Plaintiffs' right of privacy and UCL claims for the same reason it rejected Plaintiffs' other

21    claims—preemption by COPPA. (*See* Brown Decl. Ex. E, at Ex. A (sustaining demurrer and

22    holding "Plaintiff's claims based on state law for Facebook's alleged failure to obtain the parental

23    consent of users aged 13 to 17 to the commercial use of their name and likeness is preempted by

24    the Children's Online Privacy Protection Act").)

25          Thus, Facebook is entitled to recover reasonable fees for defending against all three of

26    Plaintiffs' claims that were based on a common core of factual allegations and were inextricably

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1  intertwined with each other.[5]

2  **B.    Facebook's Fee Request Is Reasonable**

3      Under California law, the method for calculating attorneys' fees is firmly established.

4  Courts first calculate the lodestar based on "the number of hours reasonably expended multiplied

5  by the reasonable hourly rate." *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). To

6  be reasonable, fees must be "reasonably necessary to the conduct of the litigation, and []

7  reasonable in amount." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th

8  785, 817-18 (2006). And "[t]he reasonable hourly rate is that prevailing in the community for

9  similar work." *PLCM Grp.*, 22 Cal. 4th at 1095. The lodestar may then be adjusted based on

10  consideration of factors specific to the case, in order to fix the fee at the fair market value for the

11  legal services provided. *See Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977).

12      Time spent by paralegals, law clerks, and other support professionals is also compensable

13  if the local practice is to bill for their services in that manner. *Guinn v. Dotson*, 23 Cal. App. 4th

14  262, 269 (1994); *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914, 951

15  (1985). In Southern California, time spent by paralegals and certain practice-support

16  professionals is typically billed to clients. (Clark Decl. ¶ 7; Brown Decl. ¶ 12.)

17      In addition to compensation for fees spent litigating the case, a prevailing party is also

18  entitled to fees for time spent preparing and litigating the fee application itself. *Serrano v. Unruh*,

19  32 Cal. 3d 621, 632-38 (1982); *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 581 (2004).

20  **1.    Facebook Seeks Fees for Reasonable Hours Spent Defending Itself**

21      Under the lodestar method, a prevailing party is presumptively entitled to compensation

---

22  [5] The named Plaintiffs owe a fiduciary duty to unnamed plaintiffs and bear responsibility for any
23  fees and costs award to Facebook. *See Van de Kamp v. Bank of Am. Nat'l Trust & Savings Ass'n*,
204 Cal. App. 3d 819, 869 (1988) ("While imposition of the entire cost burden on the named
24  plaintiffs may have a chilling effect on the willingness of plaintiffs to bring class action suits, this
effect easily may be outweighed by the potential recovery. All potential litigants must weigh
25  costs of suit against likelihood of success and possible recovery before deciding to file suit.
Those who choose to take the risks of litigation should be the ones who bear the cost when they
26  are unsuccessful, not those who did not make the choice."); *Earley v. Super. Ct.*, 79 Cal. App. 4th
27  1420, 1434-36 (2000) ("We believe . . . that the better rule is that the only time absent class
members who have failed to opt-out should be liable for fees and costs is when the class *prevails*
28  and the class members accept the benefit of a common fund recovery.") (emphasis in original).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1    for all hours reasonably spent.  *See Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal. App. 4th 440,

2    446 (2000) (citing *Serrano*, 32 Cal. 3d at 632-33).  Facebook is therefore entitled to attorneys'

3    fees for all work reasonably expended, whether successful on all arguments or not.  *See Hogar v.*

4    *Cmty. Dev. Comm'n*, 157 Cal. App. 4th 1358, 1369 (2007).

5          Facebook seeks compensation for 1614.5 hours expended by Cooley working on this

6    litigation, including in the preparation of this motion for attorneys' fees. Facebook has submitted

7    sworn declarations in support of this fee application demonstrating that the time spent by Cooley

8    was justified and reasonable.[6]  *See Weber*, 39 Cal. App. 4th at 1586-87 (holding that declaration

9    made under penalty of perjury was evidence of the reasonableness of the number of hours

10   worked); *Raining Data Corp.*, 175 Cal. App. 4th at 1375 (citing *Bernardi v. Cnty. of Monterey*,

11   167 Cal. App. 4th 1379, 1398 (2008)) ("[t]he law is clear, [] that an award of attorney fees may be

12   based on counsel's declarations, without production of detailed time records").    As discussed

13   above, Cooley's core team of three partners, one senior associate, and two junior associates

14   performed the vast majority of work for the fees claimed in this motion.  (Brown Decl. ¶¶ 2-4.)

15   The number of hours claimed is reasonable given the proceedings in the case and complexity of

16   issues presented.  Over of the course of 14 months, Facebook had to file *five* rounds of briefing on

17   demurrers, a supplemental brief addressing Facebook's CDA § 230 immunity, and a motion to

18   consolidate the individual *Cohen* and *Meth* actions, and respond to written discovery requests.[7]

19   (*Id.* ¶¶ 6-12.)

20          Notably, Facebook is not seeking compensation for all of the time Facebook's counsel

---

[6] Facebook has a confidential and privileged alternative fee arrangement with Cooley that applies to this case (among others), but this motion seeks recovery only for time actually spent by Cooley attorneys and other professionals to defend this particular litigation. (Brown Decl. ¶ 18.)

[7] Facebook also seeks $19,142.18 in costs for online legal research (*see* Brown Decl. ¶ 23), which are allowable as attorneys' fees under applicable law. *See Plumbers & Steamfitters, Local 290 v. Duncan*, 157 Cal. App. 4th 1083, 1099 (2007) (granting, as attorneys' fees, charges incurred for computerized legal research) (citing *Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006)); *Cal. Common Cause v. Duffy*, 200 Cal. App. 3d 730, 753-54 (1987) (same); *Cairns v. Franklin Mint Co.*, 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000) (same; Section 3344 case). These online legal research costs were accrued by Cooley attorneys performing online legal research related to this case.  (Brown Decl. ¶ 23.) Facebook is thus entitled to compensation of these costs in the form of attorneys' fees.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. DC 444482

1   reasonably spent to defend this litigation. *First*, Facebook has excluded from this fee application

2   more than 84 hours of time spent by regularly employed timekeepers. (*Id.* ¶ 16, Ex. F.) The

3   exclusion (or reduction) of this time is reflected by grey highlighting on the chart attached as

4   Exhibit F to the Brown Declaration. These excluded or reduced time entries were for, *inter alia*,

5   all time spent on this litigation by Cooley's research librarians, time spent bringing new Cooley

6   team members up to speed on case law and arguments, and a conservative estimate of travel time

7   to and from court hearings not otherwise spent doing substantive work on this litigation. (*Id.*)

8   *Second*, even though Facebook's in-house counsel expended considerable time defending against

9   Plaintiffs' claims (*see* Clark Decl. ¶¶ 3-4) and such fees are compensable under the law, *see*

10   *PLCM Grp.*, 22 Cal. 4th at 1097 (prevailing party's in-house counsel entitled to compensation

11   for fees, even if not billed), Facebook is not seeking compensation for that time.

12        **2.    Facebook Seeks Compensation at Reasonable Hourly Rates**

13        Counsel are entitled to be compensated at hourly rates that reflect the reasonable market

14   value of their services in the community. *Serrano*, 32 Cal. 3d at 643. Rates are considered

15   reasonable if they fall within the range of rates charged by private attorneys of similar skill,

16   reputation, and experience for comparably complex litigation. *Bihun v. AT&T Info. Sys., Inc.*, 13

17   Cal. App. 4th 976, 997 (1993), *overruled on other grounds by Lakin v. Watkins Associated Indus.*,

18   6 Cal. 4th 644, 664 (1993).

19        Facebook's counsel's rates satisfy these criteria. Cooley is a prominent national law firm.

20   (Brown Decl. ¶ 24.) Mr. Rhodes is chair of Cooley's litigation department and was named one of

21   *The Daily Journal*'s Top 100 lawyers in California in 2011 and an "Attorney of the Year" in 2010

22   by California legal newspaper *The Recorder*. (*Id.* ¶ 4(a) & Ex. B.) He has substantial experience

23   representing technology companies and, specifically, litigating class actions, including those

24   involving privacy-related claims. Mr. Rhodes's billing rate in 2011 is $930/hour. (*Id.*) Mr.

25   Brown, who supervised the case on a day-to-day basis, has over 13 years of experience as a

26   litigator, with a broad practice that currently focuses on complex commercial disputes and class

27   actions, Internet-related issues, and privacy-related issues. (*Id.* ¶ 2, Ex. A.) His billing rate in

28   2011 is $630/hour. (*Id.* ¶ 3.) Mr. Gutkin, who supervised much of the demurrer briefing in this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1   matter, has extensive experience in class actions and other complex business litigation matters.

2   (*Id.* ¶ 4(b), Ex. C.) His billing rate in 2011 is $615/hour. (*Id.*) Mr. Kleine, Ms. Cooke, and Ms.

3   Donohue's 2011 billing rates are $580/hour (for a sixth-year associate), $425/hour (for a third-

4   year associate) and $375/hour (for a second-year associate), respectively. (*Id.* ¶¶ 4(c)-4(e).)

5   (Further description of the experience and work performed on this litigation by all team members

6   is contained in the Brown Declaration. (*See id.* ¶¶ 2-4 & Exs. A-D.)

7          Cooley's rates are well within the norm for California billing rates for national law firms.

8   For example, data available from PeerMonitor, a service that tracks court filings around the

9   country, shows that for attorneys based in Southern California or the San Francisco Bay Area, the

10  median billing rate for sixth-year associates at Weil, Gotshal & Manges LLP, Morrison &

11  Foerster LLP, Fish & Richardson P.C., and Gibson Dunn & Crutcher LLP—all national law firms

12  with significant presences in California—is $592/hour, and the median for fifth-year associates is

13  $565/hour. (*Id.* ¶ 25(a) & Ex. G.) Similarly, data from Valeo Partners, another service that tracks

14  court filings, shows that in 2011 for attorneys based in Southern California, second-year

15  associates (graduation date 2009) were billed at $420 to $515/hour at Latham & Watkins LLP,

16  $435/hour at Paul Hastings LLP, $430/hour at Gibson Dunn & Crutcher LLP, and $550/hour at

17  Milbank Tweed Hadley & McCloy LLP. (*See* Declaration of Chuck Chandler ("Chandler Decl.")

18  Ex. B.) Third-year associates (graduation date 2008) were billed at $510/hour at Gibson Dunn,

19  $570/hour at Latham & Watkins, $600/hour at Milbank Tweed, and $450/hour at Morrison &

20  Foerster LLP. (*Id.*) The Valeo data similarly shows partners based in Southern California at

21  Dewey & LeBoeuf LLP, Gibson Dunn, Latham & Watkins, Milbank Tweed, Proskauer Rose

22  LLP, and Quinn Emanuel Urquhart & Sullivan, LLP, with billing rates of $910 to $1,095/hour.

23         Westlaw Court Express also maintains a database that includes the billable hour rates

24  submitted in connection with bankruptcy fee petitions that are also relevant to prevailing market

25  rates for national firms. That database shows that in 2011, rates at Paul Hastings and Milbank

26  Tweed were $395 to $450/hour for second-year associates, $495 to $500/hour for third-year

27  associates, $500/hour for fifth-year associates, and $605 to $620/hour for sixth-year associates.

28  (Brown Decl. ¶ 23(b) & Ex. H.) In *In re Innkeepers USA Trust*, 448 B.R. 131 (S.D.N.Y. 2011),

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1    Morrison & Foerster LLP—a national law firm based in California—stated that its 2011 billing

2    rates ranged from $635 to $1,075/hour for partners, $335 to $660/hour for associates, and $180 to

3    $310/hour for paraprofessionals. (*See id.* ¶ 23(c) & Ex I.)  Courts in California have also found

4    rates similar to the rates charged by Cooley to be reasonable.  For example, in *Pena Canal v. de*

5    *la Rosa Dann*, No. 09-03366 CW, 2011 U.S. Dist. LEXIS 99863, at *5, *10 (N.D. Cal. Sept. 6,

6    2011), the court found that *2009 and 2010 rates* for senior, midlevel, and junior associates at

7    Orrick, Herrington & Sutcliffe LLP—a national law firm based in San Francisco—of $600 to

8    $645/hour, $505 to $530/hour, and $330 to $430/hour, respectively, were reasonable for the San

9    Francisco legal community.

10       Cooley's rates are therefore comparable to peer firms in the market and reasonable.

11              **3.    The Total Fee Award Sought Is Reasonable**

12       Facebook's fee request is also reasonable in light of the other factors that courts typically

13   consider, including "the nature of the litigation, its difficulty, the amount involved, the skill

14   required and the skill employed in handling the litigation, the attention given, the success of the

15   attorney's efforts, his learning, his age, and his experience in the particular type of work

16   demanded . . . the intricacies and importance of the litigation, the labor and necessity for skilled

17   legal training and ability in trying the cause, and the time consumed." *Church of Scientology v.*

18   *Wollersheim*, 42 Cal. App. 4th 628, 659 (1996), *disapproved of on other grounds by Equilon*

19   *Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002).

20       *First*, the total fees amounting to $790,523.68 are reasonable in light of the relief sought

21   by Plaintiffs.  Plaintiffs sought statutory damages in excess of $750 million on behalf of a

22   putative class of at least 1,000,000 individuals, actual damages, disgorgement of profits,

23   restitution, and fees and costs.  The fees sought by Facebook thus represent less than 0.11% of the

24   *minimum* damages Plaintiffs sought in this action—and a much lower percentage of the possible

25   relief Plaintiffs would ultimately seek.  *See Church of Scientology*, 42 Cal. App. 4th at 659 (in

26   determining what constitutes a reasonable fee award, the court may consider "the amount

27   involved" and the "importance of the litigation"); *see also Cairns v. Franklin Mint Co.*, 292 F.3d

28   1139, 1159 (9th Cir. 2002) (holding that fee award under California law was reasonable where

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482

1  "the ratio between the attorneys' fees awarded to [defendant] and the damages sought [by

2  plaintiff] in this unsuccessful Lanham Act case is at most one to fourteen").

3      *Second*, the fee request is also reasonable considering the nature of the litigation, a

4  putative class action alleging commercial misappropriation of millions of users' names and/or

5  likenesses in connection with Facebook, a new online platform. *See Church of Scientology*, 42

6  Cal. App. 4th at 659 (listing "nature of the litigation" as a factor in determining reasonableness).

7      *Third*, Cooley's fees are reasonable in light of the success ultimately achieved—a

8  complete dismissal of all claims—and the quality of the papers submitted and lawyering

9  employed. *See Church of Scientology*, 42 Cal. App. 4th at 659 (listing "the success of the

10  attorney's efforts" as a factor).[8]

11      *Fourth*, Cooley exercised considerable judgment throughout the case with respect to

12  attorney time. Cooley concentrated the majority of the work across six attorneys, each of whom

13  had distinct billing-rate-appropriate roles in the case. (*See.* Brown Decl. ¶ [].) *Church of*

14  *Scientology*, 42 Cal. App. 4th at 659 (listing "the time consumed" as a factor).

15      Facebook thus submits that an award of $790,523.68 in fees is reasonable.

16  **V.    CONCLUSION**

17      For the reasons stated above, Facebook respectfully requests that the Court award it

18  $790,523.68 in attorneys' fees.

19  Dated: December 13, 2011          COOLEY LLP

20  

21                            Matthew D. Brown (196972)

22                            Attorneys for Defendant FACEBOOK, INC.

23  731997/SD

24  

---

[8] To the extent Plaintiffs argue that their fees were lower than Facebook's, it is irrelevant. *Dease v. City of Anaheim*, 838 F. Supp. 1381, 1383 (C.D. Cal. 1993) ("That defense counsel spent significantly less time on this case than did counsel for the plaintiffs is irrelevant so long as all compensated work was necessary and performed in an expeditious manner." (citation omitted)); *Love*, 2007 WL 2709975, at *10 ("[T]he greater amount of time defense counsel committed to this case was reflected in the higher quality of their work. Ultimately, Plaintiff's counsel may have billed fewer hours, but Plaintiff also lost." (citation omitted)).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

FACEBOOK'S MPA ISO MOTION FOR
ATTORNEYS' FEES
CASE NO. BC 444482