ROBERT S. ARNS (#65071, rsa@arnslaw.com)
JONATHAN E. DAVIS (#191346, jed@arnslaw.com)
STEVEN R. WEINMANN (#190956, srw@arnslaw.com)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

JONATHAN M. JAFFE (# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:   (510) 725-4293
Fax:   (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>Defendants. | **Case No. CV 11-01726 RS**<br><br>**DECLARATION OF ROBERT S. ARNS IN SUPPORT OF PLAINTIFFS' REPLY TO FACEBOOK'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND SERVICE AWARDS**<br><br>Date:   June 28, 2013<br>Time:   10:00 a.m.<br>Courtroom:   3<br>Judge:   Hon. Richard Seeborg<br>Trial Date: None Set |

-1-
DECLARATION OF ROBERT S. ARNS IN SUPPORT OF REPLY TO FACEBOOK'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS- Case No. CV 11-01726 RS

I, Robert S. Arns, declare and say:

1. I am a share holder and the CEO of The Arns Law Firm, PC, attorneys for Plaintiffs. I am licensed in the State of California, and admitted to practice in the Federal District Court for the Northern District of California. I have been practicing for 38 years (since 1975) and have represented families, including many minors, during this entire period. I am one of the attorneys for Plaintiffs herein. I make this Declaration in support of Plaintiffs' Reply to Facebook's Opposition to Motion for for Attorneys' Fees.

2. Subsequent to the filing of the Motion for Attorneys' Fees and Class Representatives Service Awards, I and the attorneys under my supervision at The Arns Law Firm have spent over 275 hours preparing the Motion for Final Approval and addressing the objections to the fees and awards, as well as answering inquiries from Class members.

3. The Arns Law Firm uses a system where each case has a lead attorney who takes all of the depositions if possible and is as involved in the briefing and research as practicable. I have only handled Plaintiff contingency cases since the day I was sworn in as a lawyer, and initially worked at a Plaintiffs' firm that had 45 attorneys. My experience with this size Plaintiffs' firm was the greatest learning experience for me to determine what size contingency plaintiff firm would be the most successful. I chose to have eight lawyer Plaintiff firm, which is conducive to perfect staffing and the responsible lawyer having a complete grasp of the every nuance of the case. We only take cases where we can devote our full attention to them and turn down at least 29 out of every 30 potential cases. Because I have been practicing in San Francisco for 38 years, he has a huge client base and never need to advertise.

4. As a plaintiffs' lawyer, I have made it my mission to take on conduct of corporate defendants in egregious conduct. In two instances have brought suits which put companies out of business – and they deserved it. One was a wage and hour class

-1-
DECLARATION OF ROBERT S. ARNS IN SUPPORT OF REPLY TO FACEBOOK'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS- Case No. CV 11-01726 RS

action. There was a pathetically low offer made and we put it to a vote of the class members' as to whether to put it out of business or not, and the clients said to put it out of business. My firm's fees in that case were $0, but a notorious defendant was forced into bankruptcy and was no longer able to abuse its employees.

5. Another class action case involved the improper giving of legal advice during the preparation of legal documents by so-called "Legal Document Assistants." Under pressure from our lawsuit, which resulted in providing cash benefits as well as free attorney consultation advice to Class members who had purchased legal documents from the defendant, the company was put out of business.

6. This action against Facebook is another example of actions which needed to be curbed. I felt it was necessary to move the case quickly in order to provide relief to Facebook users who were without any way to prevent further appearances in Sponsored Stories, and who had not been compensated in any way for their appearance in such Sponsored Stories.

7. Exhaustive document review was necessary for deposition preparation because of the 200,000 documents we secured from Facebook. It was necessary to have multiple attorneys at each deposition to pull documents depending on the answers given by the deponents. It is the condensing of the documents that was infinitely time consuming in this case.

8. In total, over 200,000 documents were produced by Facebook which required an analysis process as difficult as we have ever undergone within the context of using the latest technology, including the program Autonomy©, which allowed us to search and sort electronically the documents to a fair degree. However, any software can only help organize to a degree and the key is to get it into the lead attorney's head to have an intimate understanding of every document that was potentially going to be used in a deposition or to create other discovery requests

9. I am well known in the San Francisco Bay Area legal community for my methods of organization which enable me to pull relevant hard-copy documents at any time in deposition or trial. I have authored two best selling treatises published by West/The Rutter Group entitled The Evidence Wheel and The Trial Wheel in both California and Federal formats. These treatises set forth principles of trial organization. What ever system of trial organization is used, the nexus between high-tech and low-tech is the most important element of trial and litigation preparation. Key to this organization is knowing what documents are relevant and how they have been organized, which requires a hands-on approach in the end.

10. Facebook hired an additional law firm, Gibson Dunn, to prepare experts and take and defend expert depositions in advance of the class certification motion. Ashley Beringer and her team at Gibson Dunn were called in to work on the class certification motion. I have the greatest respect for both Gibson Dunn and Cooley and was actually felt very complimented that Cooley needed reinforcements.

11. Attached hereto as Exhibit 1 is a true and correct copy of Facebook, Inc.'s Motion ISO Attorney's Fees and Costs, filed in *R. Cohen v. Facebook CV- 05282* RS (N.D. Cal.). [ECF 81].

12. Attached hereto as Exhibit 2 is a true and correct copy of Facebook's Reply ISO Attorney's Fees and Costs, filed in *R. Cohen v. Facebook CV- 05282* RS (N.D. Cal.). [ECF 95].

13. I am familiar with the facts and allegations in *David A. Cohen v. Facebook, Inc.*, No. BC 444482 (Sup. Ct. Cal December 13, 2011). The allegations in *D. Cohen* involved many of the same allegations as did *Fraley v. Facebook*. A demurrer was granted under a theory of preemption under the Children's Online Privacy Protection Act, or COPPA, 15 U.S.C. § 6502. The action was then dismissed without prejudice. True and correct copies of the tentative ruling and the Order of dismissal are exhibits

6 and 7, respectively, to the Declaration of Steven R. Weinmann in support of Motion for Final Approval.

14. Kevin Osborne's background in economics allowed him to assist with the theories of damages which were essential to proving on class certification and in settlement that Plaintiffs could bring the case to trial, and how much the damages were valued at for purposes of evaluating the fairness of the settlement. He was able to perform his legal tasks more efficiently because of his deeper understanding of the issues in play, especially with respect to the expert testimony as to damages.

15. Robert Foss, as an attorney MBA with a background in economics and in computer systems made it possible for him to craft discovery requests and aid in the damages evaluation and strategy concerning settlement options. He also assisted in depositions where his knowledge of computer systems and economics were useful in providing for further insight into additional lines of inquiry. His experience was also greatly helpful in identifying and working with Plaintiffs' experts.

16. Jonathan M. Jaffe, co-counsel in this matter, with a background as 15 years as a software engineer before becoming a lawyer, greatly helped to assist in the litigation of this matter at a much higher level than a typical attorney with his law experience. His knowledge of the way computer software systems and websites are structured allowed him to provide guidance and ask questions in deposition which would otherwise have been impossible. His significant experience in the computer field made his work with Plaintiffs' experts more efficient and valuable. He also helped in developing discovery requests and in determining possible settlement options based on what Facebook would be able to do.

17. The other attorneys at The Arns Law Firm have special skills which warrant their requested fees. Jonathan Davis, as noted in my initial Declaration, is a seasoned trial attorney with 15 years' experience, and his counsel was invaluable in formulating strategy to position the case towards trial and settlement. Steven Weinmann has been

-4-
DECLARATION OF ROBERT S. ARNS IN SUPPORT OF REPLY TO FACEBOOK'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS- Case No. CV 11-01726 RS

in practice for 24 years, much of it in litigation class actions at firms both large and small, and his acumen in that arena and skill in drafting were critical in mounting the opposition to Facebook's Motion to Dismiss and crafting the Motion for Class Certification. Each attorney was assigned to work in the areas in which they could provide the most benefit to the Class and to moving the case forward.

18. In the course of this litigation, it was necessary to keep the lines of communication open on an ongoing basis. Keeping abreast of what each attorney was doing at all times, including co-counsel Jonathan Jaffe, was critical to avoiding duplication of effort and ensuring that each attorney was working on the aspect of the case to which he was the most suited. Such intensive communications were also invaluable in formulating proposals for changes to Facebook's procedures which ultimately resulted in the settlement.

19. The lodestar calculation in this case does not reflect any attorney fees for time spent preparing the Fee Motion or the reply to Facebook's Opposition to the Fee Motion.

20. In the original Fee Motion, Plaintiffs' request costs reimbursement of $282,566.49, which included $65,000 of anticipated costs. Anticipated costs were simply costs associated with the case and settlement that were anticipated, but for which the amounts were not yet known at the time of the fee motion. Since the Fee Motion, Plaintiff's counsel's costs are now $236,591.08, which does *not* include a potential liability to Razorfish of $45,000. An updated accounting of Plaintiffs' counsel's costs is attached as Exhibit 3 hereto.

21. As to Razorfish, Inc., the company made a demand for a substantial amount of money, $45,000, for compliance with a records subpoena. Plaintiffs' counsel are fighting this cost bill as unjustified, however it is possible (however unlikely, given the exorbitant amount and lack of notice of same) a court could disagree. Thus, until resolved it remains a liability. Plaintiffs suggest that the funds be held separately, and

-5-
DECLARATION OF ROBERT S. ARNS IN SUPPORT OF REPLY TO FACEBOOK'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS- Case No. CV 11-01726 RS

any unpaid sums distributed to the proposed cy pres recipients once the cost bill issues are resolved.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that if called upon to testify, I could verify the accuracy of the same. Executed on June 14, 2013 at Napa, California.

_____
Robert S. Arns

-6-
DECLARATION OF ROBERT S. ARNS IN SUPPORT OF REPLY TO FACEBOOK'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS- Case No. CV 11-01726 RS