# EXHIBIT 1

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBYN COHEN, SHANNON STOLLER, CHRISTOPHER MARSHALL, BRYAN SIGLOCK, and DEBRA LEWIN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 10-cv-05282-RS<br><br>**FACEBOOK, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: December 15, 2011<br>Time: 1:30 p.m.<br>Courtroom: 3<br>Judge: Hon. Richard Seeborg |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

# TABLE OF AUTHORITIES

Page(s)

*Adler v. Vaicius*,
   21 Cal. App. 4th 1770 (1993)......................................................................................................13

*Akins v. Enterprise Rent-A-Car Co. of S.F.*,
   79 Cal. App. 4th 1127 (2000)......................................................................................................11

*Bihun v. AT&T Info. Sys., Inc.*,
   13 Cal. App. 4th 976 (1993)........................................................................................................17

*Cairns v. Franklin Mint Co.*,
   115 F. Supp. 2d 1185 (C.D. Cal. 2000).......................................................................................19

*Cairns v. Franklin Mint Co.*,
   292 F.3d 1139 (9th Cir. 2002).....................................................................................................20

*Cal. Common Cause v. Duffy*,
   200 Cal. App. 3d 730 (1987).......................................................................................................19

*Canal v. De La Rosa Dann*,
   No. 09-03366 CW, 2011 U.S. Dist. LEXIS 99863 (N.D. Cal. Sept. 6, 2011).........................19

*Church of Scientology v. Wollersheim*,
   42 Cal. App. 4th 628 (1996)..............................................................................................20, 21

*Dease v. City of Anaheim*,
   838 F. Supp. 1381 (C.D. Cal. 1993) ..........................................................................................21

*Earley v. Super. Ct.*,
   79 Cal. App. 4th 1420 (2000)......................................................................................................15

*Equilon Enters., LLC v. Consumer Cause, Inc.*,
   29 Cal. 4th 53 (2002) ..................................................................................................................20

*Graciano v. Robinson Ford Sales, Inc.*,
   144 Cal. App. 4th 140 (2006)...............................................................................................13, 14

*Graham v. DaimlerChrysler Corp.*,
   34 Cal. 4th 553 (2004) ................................................................................................................16

*Guinn v. Dotson*,
   23 Cal. App. 4th 262 (1994)..................................................................................................15, 17

*Harman v. City and Cnty. of S.F.*,
   158 Cal. App. 4th 407 (2007)......................................................................................................13

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Serrano v. Unruh,*
    32 Cal. 3d 621 (1982) .................................................................................................. 16, 17

*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,*
    460 F.3d 1253 (9th Cir. 2006) ............................................................................................ 19

*Van de Kamp v. Bank of Am.,*
    204 Cal. App. 3d 819 (1988) .............................................................................................. 15

*Vo v. Las Virgenes Mun. Water Dist.,*
    79 Cal. App. 4th 440 (2000) ............................................................................................... 16

*Weber v. Langholz,*
    39 Cal. App. 4th 1578 (1995) ............................................................................................. 16

*Winick Corp. v. Safeco Ins. Co.,*
    187 Cal. App. 3d 1502 (1986) ............................................................................................ 13

**STATUTES**

California Business and Professions Code § 17200 ................................................................ 1, 14

California Civil Code
    § 3344 ........................................................................................................................... passim

California Code of Civil Procedure
    § 1032 ................................................................................................................................. 13
    § 1033.5 ........................................................................................................................ 21, 22

**OTHER AUTHORITIES**

Northern District of California Civil Local Rule 54-5(b)(2) ......................................................... 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

prevailing against Plaintiffs' other related claims.

Facebook respectfully requests that the Court award fees of $706,950.31. The amount of fees and costs requested by Facebook is reasonable given Plaintiffs' sweeping demand for relief and the results achieved by Facebook. *First*, in addition to injunctive relief, Plaintiffs sought hundreds of millions of dollars in statutory damages, actual damages of more than $100 million, disgorgement of profits, restitution, plus fees and costs. (Compl. at 18 ("Prayer for Relief"); First Amended Complaint ("FAC") at 24.) Facebook's claimed fees are entirely appropriate for almost 12 months of work on this litigation. *Second*, Facebook's fees are reasonable considering the results achieved by counsel—dismissal with prejudice of all claims—and taking into account the complexity of the case and the quality of Facebook's presentation to the Court. *Third*, the hourly rates of Facebook's attorneys fall well within the range of reasonableness as established by rates charged by comparable attorneys in Northern California. *Finally*, the fees requested are conservative because Facebook is not seeking fees for all the time actually expended by its attorneys to defend this litigation, despite being entitled to such fees under the law.

Facebook respectfully requests that the Court award it reasonable fees in the amount of $706,950.31.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A. Plaintiffs' Allegations Against Facebook

In their original Complaint and FAC, Plaintiffs alleged that Facebook used their and additional putative class members'[1] names and/or likenesses without consent or compensation in connection with Facebook's free "Friend Finder" utility. (*See, e.g.*, FAC ¶¶ 4, 12, 38-39; Compl. ¶ 34; Order Granting Motion to Dismiss filed June 28, 2011 ("June 28 Order") at 1.) Plaintiffs alleged that Facebook's display of users' names and/or likenesses violated their common law and statutory publicity rights (Section 3344), the UCL, and—in the original Complaint—the Lanham

---

[1] Plaintiffs' proposed class included: "All Facebook users whose names, photographs or digital images and/or likenesses have been used without consent or compensation on Facebook.com for the purpose of advertising Facebook's Friend Finder service, commencing November 22, 2006 and continuing through the date of certification of this Class Action." (FAC ¶ 44.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

at Plaintiffs' lower estimate of 500,000 users, Plaintiffs claimed in excess of $375 million in statutory damages. Furthermore, in *addition to statutory damages*, Plaintiffs sought *actual* damages of more than $100 million. (Compl. at 18 (Plaintiffs seek "[a]n award of actual damages . . . in no event less than $100,000,000 in total"); FAC at 24 (same).) Plaintiffs also demanded injunctive relief, restitution, "[a]n award of Facebook's profits from its unlawful activity," and their fees and costs. (FAC at 24; Compl. at 18.)

### 1. Facebook's Motions to Dismiss

Plaintiffs brought claims under the common law and statutory rights of publicity—claims that are rarely litigated at all, particularly by non-celebrities and in class actions. The right of publicity claims necessitated extensive research and analysis of complex legal issues. Additionally, Facebook was required to research and analyze the legal issues arising from Plaintiffs' UCL and Lanham Act claims.

Facebook successfully researched, drafted, and argued two rounds of motions to dismiss. Facebook's first motion to dismiss was filed on January 11, 2011, with a hearing on March 3, 2011, resulting in an order by the Court on June 28, 2011 dismissing Plaintiffs' claims with leave to amend. (*See* June 28 Order.) In the June 28 Order, the Court held that Plaintiffs had not adequately pled injury, and it provided Plaintiffs with explicit guidance on what facts they would need to allege to state legally sufficient claims. With respect to the misappropriation claims, in light of Plaintiffs' failure to allege facts suggesting any possibility of economic injury, the Court explained, "plaintiffs must, at a minimum, plead that they suffered mental anguish as a result of the alleged misappropriation, and a plausible supporting factual basis for any such assertion." (June 28 Order at 9.) The Court also dismissed Plaintiffs' Lanham Act claim because they failed to allege any commercial interest in their names and likenesses "akin to a trademark" that was injured because of Facebook's actions. (*Id.* at 10.) Finally, the Court stated that Plaintiffs must allege that they suffered the "loss of money or property" necessary to state a claim under the UCL." (*Id.* at 11.)

Despite the Court's guidance, on July 18, 2011, Plaintiffs filed a FAC that made relatively minor revisions to the dismissed Complaint. Facebook moved to dismiss the FAC on August 1,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

correspondence with Plaintiffs' attorneys. (*Id.* ¶ 8.)

Furthermore, Cooley prepared and served interrogatories and requests for production on Plaintiffs in September 2011. (*Id.* ¶ 9.)

        **b.**    **Plaintiffs' Motion to Compel and for Sanctions; Facebook's Motion to Stay Discovery**

After the June 28 Order dismissing Plaintiffs' claims, with no operative complaint pending, Cooley told Plaintiffs' counsel that it thought it would be best to temporarily suspend the meet and confer efforts on discovery until after Plaintiffs filed an amended complaint. (*Id.* ¶ 10.) Not only did Plaintiffs reject this proposal, but on July 19, 2011—the *day after* filing their First Amended Complaint—Plaintiffs filed a motion (a) to compel discovery responses from Facebook and (b) for sanctions against Cooley. Plaintiffs filed their motion to compel even though Cooley had repeatedly requested that the parties meet and confer regarding discovery and that Plaintiffs provide a description of the basis for their threatened sanctions motion. (*Id.*)

Cooley was forced to research and prepare an opposition brief attacking the procedural deficiencies and substantive shortcomings of Plaintiffs' discovery and sanctions motions. (*Id.*) Furthermore, because Plaintiffs' FAC in no way remedied, or even addressed, the deficiencies that the Court had noted in its June 28 Order, Cooley researched and prepared a motion to temporarily stay discovery, which it filed on July 21, 2011. (*Id.* ¶ 11.) Thus, Plaintiffs themselves substantially increased the time Cooley attorneys were forced to devote to this action.

In response to the parties' motions (and after Magistrate Judge Laura Beeler had denied Plaintiffs' motions without prejudice (*see* Dkt. No. 45)), Cooley and Plaintiffs' counsel negotiated an agreement—finalized on August 18, 2011—to undertake discovery in stages and for Facebook to withdraw its motion to stay discovery. (Brown Decl. ¶ 11 and Ex. F.)

        **c.**    **Document Collection, Review and Production**

Pursuant to the parties' discovery agreement, in August and September 2011, Cooley, along with its e-discovery vendor retrieved a substantial volume of electronically stored data from Facebook custodians. Over 164,000 documents were subsequently loaded into a document review tool. Cooley spent substantial time testing search terms to limit and, as necessary, expand

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

Table 1 – Time Expended by Cooley LLP
December 2010 through September 2011

| Timekeeper Name | Title | Hours | Hourly Rate | Total |
|---|---|---|---|---|
| Matthew D. Brown | Partner | 3.5 | $600 | $3,300.00 |
|  |  | 263.6 | $630 | $166,068.00 |
| Benjamin H. Kleine | Associate | 6.6 | $500 | $2,100.00 |
|  |  | 282.5 | $580 | $163,850.00 |
| Kelly A. Cooke | Associate | 314.3 | $425 | $133,577.50 |
| Megan L. Donohue | Associate | 35.1 | $305 | $10,705.50 |
|  |  | 166.4 | $375 | $62,400.00 |
| Raimondo A. Sardo | Associate | 94.3 | $525 | $49,507.50 |
| Jeffrey M. Gutkin | Partner | 30.1 | $615 | $18,511.50 |
| Kelly M. Murata | Senior Paralegal | 39.6 | $265 | $10,494.00 |
| Candace Jackman | Associate | 23.2 | $375 | $8,700.00 |
| Michael G. Rhodes | Partner | 5.9 | $930 | $5,487.00 |
| Jeannine A.R. Douglas | Paralegal Specialist | 11.2 | $285 | $3,192.00 |
| James B. McArthur | Associate | 7.7 | $375 | $2,887.50 |
| Steven M. Roberts | Litigation Support Systems Analyst | 14.7 | $195 | $2,866.50 |
| Robert M. Conlon | Senior Paralegal | 8.1 | $240 | $1,944.00 |
| Richard A. Nieva | Senior Paralegal | 5 | $235 | $1175.00 |
| Brian V. Zayas | Senior E-Discovery Project Manager | 4.7 | $235 | $1104.50 |
| Claire M. Cochran | Paralegal | 4.3 | $200 | $860.00 |
| Michelle J. Hittle | Senior Paralegal | 3.5 | $225 | $787.50 |
| Lori D. Ramsey | Senior Litigation Support Analyst | 3 | $205 | $615.00 |
| **Sub-Total for all Timekeepers:** |  | **1327.3** |  | **$650,133.00** |

Table 2 breaks down these fees by month, with a description of the primary work performed that month[3] (*see* Brown Decl. ¶ 23):

Table 2 – Cooley's Work Performed by Month
December 2010 through September 2011

| Month | Work Performed | Fees |
|---|---|---|
| December 2010 | Review complaint; research claims; draft motion to dismiss | $16,105.50 |
| January 2011 | Research, draft and file motion to dismiss | $31,014.50 |
| February 2011 | Review and analyze opposition to motion to dismiss; prepare for and engage in Rule 26(f) Conference; draft and file reply in support of motion to dismiss; prepare Case Management Statement; work on initial disclosures; prepare for motion to dismiss hearing | $91,935.50 |
| March 2011 | Prepare and serve initial disclosures; prepare for and | $26,163.50 |

---

[3] Table 2 summarizes the primary work performed each month, but relatively small amounts of time were spent on additional tasks inherent in any litigation, such as client communications, analysis of general case strategy, and communications with opposing counsel on case management issues. These are not reflected in the summary of work performed on Table 2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

Table 3 – Cooley's Time Spent by Timekeeper by Month
December 2010 through September 2011

| Timekeeper | Dec. | Jan. | Feb. | Mar. | Apr. | May | Jun. | Jul. | Aug. | Sept. | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kelly A. Cooke | | | 30.5 | 9.5 | 9.9 | 12 | 62.4 | 71 | 46.4 | 72.6 | **314.3** |
| Benjamin H. Kleine | 6.6 | 6.3 | 30.1 | 8.8 | 3.6 | 11.4 | 79.7 | 85.3 | 42.3 | 15 | **289.1** |
| Matthew D. Brown | 3.5 | 24.8 | 44.4 | 24.9 | 2.1 | .9 | 17.8 | 42 | 52.2 | 54.5 | **267.1** |
| Megan L. Donohue | 35.1 | 23.7 | 77.7 | 2.9 | .1 | | 1.1 | 23 | 37.9 | | **201.5** |
| Raimondo A. Sardo | | | | | | | | | 28.5 | 65.8 | **94.3** |
| Kelly M. Murata | | | | | | | 7.4 | 11.8 | 4.5 | 15.9 | **39.6** |
| Candace Jackman | | | | | | | | 22.8 | .4 | | **23.2** |
| Jeffrey M. Gutkin | | | | .1 | | | 5.5 | 17.7 | .9 | 5.9 | **30.1** |
| James B. McArthur | | | | | | | | | | 7.7 | **7.7** |
| Steven M. Roberts | | | | | | | | | 3.8 | 10.9 | **14.7** |
| Robert M. Conlon | | | 8.1 | | | | | | | | **8.1** |
| Jeannine A.R. Douglas | | | | | | | | 4.1 | 3.3 | 3.8 | **11.2** |
| Michelle J. Hittle | | | 3.5 | | | | | | | | **3.5** |
| Michael G. Rhodes | | 1.8 | 1.8 | .2 | | | .3 | .4 | 1 | .4 | **5.9** |
| Richard A. Nieva | | 5 | | | | | | | | | **5** |
| Brian V. Zayas | | | | | | | | | | 4.7 | **4.7** |
| Claire M. Cochran | | | | | | | | | | 4.3 | **4.3** |
| Lori D. Ramsey | | | | | | | | | 3 | | **3** |
| **Totals** | 45.2 | 61.6 | 196.1 | 46.4 | 15.7 | 24.3 | 174.2 | 278.1 | 224.2 | 261.5 | **1327.3** |

Furthermore, to strive for cost efficiency in the review of documents, Facebook employed seven contract attorneys, working at Cooley's direction and under Cooley's supervision, to do the first-pass review through the documents. During September 2011, these contract attorneys spent a total of 94.6 hours reviewing documents at $53/hour for total fees of $5,013.80. (Brown Decl. ¶ 26.) At Cooley's standard first-year associate rates ($320/hour) (*Id.* ¶ 27), this review would have resulted in Cooley fees of $30,272.

Facebook's attorneys' total fees for the case prior to preparation of the motion for attorneys' fees therefore consist of $655,146.80 ($650,133 for Cooley's work + $5,013.80 in contract attorney fees).

In addition to time spent through September 2011 (reflected in Tables 1-3), Cooley also spent additional time in October and November 2011 that has not yet been finalized in Cooley's accounting systems. Such time was primarily related to researching and preparing this motion for attorneys' fees and supporting documents, although there were also small amounts of time

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

attorneys' fees under applicable law. (*See infra* Section IV.B.3; Brown Decl. ¶ 29.)

The total amount of reasonable attorneys' fees requested for work performed during the litigation, to prepare this fees motion, plus research costs recoverable as attorneys' fees is $706,950.31.

## IV. DISCUSSION

A federal court sitting in diversity applies state substantive law to claims for attorneys' fees arising under state law both to determine entitlement to fees and the method for calculating such fees. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478-79 (9th Cir. 1995) (holding that state law controls the method of calculating attorneys' fees arising under state law where court had pendent jurisdiction over the state law claims); *Page v. Something Weird Video*, 960 F. Supp. 1438, 1445 (C.D. Cal. 1996) ("In a diversity case, the availability of attorneys' fees is governed by state law."). Under California law, Facebook is entitled to recover its fees for prevailing on Plaintiffs' Section 3344 claim and all other related claims. Facebook's fee request is reasonable in light of the results it achieved, the complexity of the issues presented in this case, and other factors described below.

### A. Facebook Is Entitled to Attorneys' Fees

Plaintiffs alleged violations of (1) the statutory right of publicity (Section 3344), (2) the common law right of publicity, (3) the Lanham Act, Section 1125(a)(1)(a), and (4) the UCL. (*See* Compl. ¶¶ 52-76; FAC ¶¶ 55-85; June 28 Order at 4-11.)[5] Facebook is entitled to recover reasonable fees for its attorneys' work defending against all of Plaintiffs' claims.

Under Section 3344, an award of fees and costs to the prevailing party is mandatory. *See* Cal. Civ. Code § 3344(a) ("[t]he prevailing party in any action under this section **shall also be entitled to attorney's fees and costs**") (emphasis added); *Kirby*, 144 Cal. App. 4th at 61 (affirming fee award to prevailing defendant and stating that "[t]he mandatory fee provision of section 3344, subdivision (a) leaves no room for ambiguity"); *Love v. Mail on Sunday*, No. CV05-7798 ABC(PJWX), 2007 WL 2709975, at *2-3 (C.D. Cal. Sept. 7, 2007) (granting attorneys' fees and

---

[5] Plaintiffs themselves requested attorneys' fees and costs. (*See* Compl. at 18 ("Prayer for Relief"); FAC at 24.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

(fees need not be apportioned where "claims involve a common core of facts or are based on related legal theories"); *Love*, 2007 WL 2709975, at *2-3 (granting attorneys' fees and costs for common law right of publicity claim brought alongside a Section 3344 claim). For example, in the FAC, Plaintiffs relied on their Section 3344 allegations to support the "use element" of their common law right of publicity claim. (FAC ¶ 68 ("Facebook has used Plaintiff's identity in the manner averred above").) In its opposition to Facebook's motion to dismiss, Plaintiffs addressed their statutory and common law right of publicity claims in the same argument and largely did not distinguish between the two claims. (*See* Pls.' MPA Opp. MTD FAC at 9-22; *see also* FAC ¶ 68 (in alleging the use element for the common law right of publicity, Plaintiffs simply stated that "Facebook has used Plaintiff's identity in the manner averred above").) Similarly, the Court's October 27 Order largely treated the claims together. (October 27 Order at 2-6.)

Facebook is also entitled to fees for time spent defending against Plaintiffs' UCL claim, because it was intimately related to and arose from the same core factual allegations as Plaintiffs' Section 3344 claim. It was expressly predicated on Facebook's alleged violation of Section 3344 (FAC ¶¶ 75, 76), making an award of fees for work done on the UCL claim appropriate. *See Love*, 2007 WL 2709975, at *7 (granting attorneys' fees and costs for UCL claim "predicated on" a claim for violation of Section 3344). In addition, the Court specifically stated in its June 28 Order that "Plaintiffs' claim that Facebook's alleged conduct violated California Business and Professions Code §17200 as an 'unlawful' or 'unfair' practice is derivative of, and dependent on the viability of their other claims." (June 28 Order at 10.)

Finally, Facebook is entitled to fees for work done on Plaintiffs' Lanham Act claim, which again relied on the same factual allegations as Plaintiffs' Section 3344 claim. *See Graciano*, 144 Cal. App. 4th at 159. For example, Plaintiffs' Complaint alleged that "[i]n each instance in which Facebook uses the names and likenesses of a Facebook.com user to promote the Friend Finder service without consent, Facebook . . . creates a false endorsement." (*See* Compl. ¶ 38; *see also id.* ¶¶ 24-43 (alleging that Facebook wrongfully used Facebook users' names and likenesses to promote its Friend Finder service).) The Court recognized that Facebook's defense to Plaintiffs' Lanham Act claim was "related" if "not identical" to its defense to Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

*Irrigation Dist.*, 172 Cal. App. 3d 914, 951 (1985) (secretarial and paralegal services are "necessary support services for attorneys [that] are includable within an award of attorneys fees"). In the San Francisco Bay Area, paralegal and practice support professional time is typically billed to clients. (Solanki Decl. ¶ 7; Brown Decl. ¶ 16.)

Finally, in addition to compensation for fees spent litigating the case, a prevailing party is also entitled to fees for time spent preparing and litigating the fee application itself. *Serrano v. Unruh*, 32 Cal. 3d 621, 632-38 (1982); *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 581 (2004).

### 1. Facebook Seeks Compensation for Reasonable Hours Spent Defending Itself

Under the lodestar method, a prevailing party is presumptively entitled to compensation for <u>all</u> hours reasonably spent. *See Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal. App. 4th 440, 446 (2000) (citing *Serrano*, 32 Cal. 3d at 632-33). Facebook is therefore entitled to attorneys' fees for all work reasonably expended, whether successful on all arguments or not. *See Hogar v. Cmty. Dev. Comm'n of Escondido*, 157 Cal. App. 4th 1358, 1369 (2007).

Facebook seeks compensation for 1,493.9 hours expended by Cooley and by contract attorneys working on this litigation, including in the preparation of this motion for attorneys' fees. Facebook has submitted a sworn declaration in support of this fee application demonstrating that the time spent by Cooley was justified and reasonable.[7] *See Weber v. Langholz*, 39 Cal. App. 4th 1578, 1586-87 (1995) (holding that declaration made under "penalty of perjury" was evidence of the reasonableness of the number of hours worked). As discussed above, Cooley's core team of two partners, one senior associate, and two junior associates performed the vast majority of work for the fees claimed in this motion. (Brown Decl. ¶¶ 3-4.) The number of hours claimed (1,493.9) is reasonable given the proceedings in the case and complexity of issues presented. Over of the course of ten months, Cooley had to file two motions to dismiss, a motion for protective order, and a response to Plaintiffs' sanctions and discovery motions; respond to

---

[7] Facebook has a confidential alternative fee arrangement with Cooley that applies to this case (among others), but this motion seeks recovery only for time actually spent by Cooley attorneys and other professionals to defend this litigation. (Brown Decl. ¶ 21.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

(Brown Decl. ¶ 30.) Mr. Rhodes is chair of Cooley's litigation department and was named one of *The Daily Journal*'s Top 100 lawyers in California in 2011 and an "Attorney of the Year" in 2010 by California legal newspaper *The Recorder*. (*Id.* ¶ 4(a) and Ex. B.) He has substantial experience representing technology companies and, specifically, litigating class actions, including those involving privacy-related claims. Mr. Rhodes's billing rate in 2011 is $930/hour. (*Id.* ¶ 4(a).) Mr. Brown, who supervised the case on a day-to-day basis, has over 13 years of experience as a litigator, with a broad practice that currently focuses on complex commercial disputes and class actions, Internet-related issues, and privacy-related issues. (*Id.* ¶ 2, Ex. A.) Mr. Brown's practice currently focuses on complex commercial disputes and class actions, Internet-related issues, and privacy-related issues. (*Id.* ¶ 3.) His billing rate in 2011 is $630/hour. (*Id.* ¶ 3.) Mr. Kleine, Mr. Sardo, Ms. Cooke and Ms. Donohue's 2011 billing rates are $580/hour (for a sixth year associate), $525/hour (for a fifth year associate), $425/hour (for a third year associate) and $375/hour (for a second year associate), respectively, and further description of the experience and work performed on this litigation by all team members is contained in the Brown Declaration. (*See Id.* ¶¶ 4-5 and Ex. C.)

Cooley's rates are well within the norm for the California billing rates for national law firms. For example, data available from PeerMonitor, a service that tracks court filings around the country, shows that for attorneys based in Southern California or the San Francisco Bay Area, the median billing rate for sixth year associates at Weil, Gotshal & Manges LLP, Morrison & Foerster LLP, Fish & Richardson P.C., and Gibson Dunn & Crutcher LLP—all national law firms with significant presences in Northern California—is $592/hour, and the median for fifth year associates is $565/hour. (*Id.* ¶ 31(a) and Ex. J.)

Data from Valeo Partners, another service that tracks court filings, shows that in 2011 for attorneys based in California, second-year associates (graduation date 2009) were billed at $485/hour at Kirkland & Ellis LLP and $495/hour at Weil Gotshal & Manges LLP. (*See* Declaration of Chuck Chandler ("Chandler Decl."), Ex. B.) In 2010, attorneys with that same 2009 graduation year (i.e., 2011 second-year associates) were billed at $399/hour at Gibson Dunn & Crutcher LLP. (*Id.*)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

753-54 (1987) (granting, as attorneys' fees, charges for computer research); *Cairns v. Franklin Mint Co.*, 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000) (granting, as attorneys' fees under Section 3344, Westlaw fees for computer research). These online legal research costs were accrued by Cooley attorneys performing online legal research related to this case. (Brown Decl. ¶ 29.) Facebook is thus entitled to compensation of these costs in the form of attorneys' fees.

### 4. The Total Fee Award Sought Is Reasonable

Facebook's fee request is also reasonable in light of the other factors that courts typically consider, including "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded . . . the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed." *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 659 (1996), *disapproved of on other grounds by Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002).

First, the total fees amounting to $706,950.31 ($684,713 in Cooley fees plus $5,013.80 in contract attorney fees and $17,223.51 in online research costs) are reasonable in light of the relief sought by Plaintiffs. Plaintiffs sought statutory damages in excess of $375 million on behalf of a putative class of at least 500,000 individuals, actual damages of more than $100,000,000, disgorgement of profits, restitution, and fees and costs. Cooley's fees thus represent less than 0.15% of the *minimum* damages Plaintiffs sought in this action—and a much lower percentage of the possible relief Plaintiffs would ultimately seek. *See Church of Scientology*, 42 Cal. App. 4th at 659 (in determining what constitutes a reasonable fee award, the court may consider "the amount involved" and the "importance of the litigation"); *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1159 (9th Cir. 2002) (holding that fees were reasonable where "the ratio between the attorneys' fees awarded to defendant . . . and the damages sought [by plaintiff] in this unsuccessful Lanham Act case is at most one to fourteen" (emphasis omitted).)

Second, Cooley's fees are also reasonable considering the nature of the litigation, a putative class action alleging commercial misappropriation of millions of users' names and/or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

section is entitled to an award of costs." *Page*, 960 F. Supp. at 1447; *see also* Cal. Civ. Code § 3344 ("The prevailing party in any action under this section shall also be entitled to attorney's fees and costs."). Since Facebook is the prevailing party in this action, it is entitled to its costs, as provided by California Code of Civil Procedure Section 1033.5, "which sets forth those costs that may and may not be recovered in a civil action." *Page*, 960 F. Supp. at 1447. Recoverable costs include "[f]iling, motion, and jury fees," expenses related to depositions, and attorney travel. *See* Cal. Civ. Proc. § 1033.5.

Facebook does not seek costs pursuant to Section 3344. However, Facebook does seek costs for its electronic discovery expenses under Federal Rule of Civil Procedure 54 and Local Rule 54, as detailed in the concurrently-filed Bill of Costs.[9]

## V. CONCLUSION

For the reasons stated above, Facebook respectfully requests that the Court award it $706,950.31 in attorneys' fees.

Dated: November 10, 2011

COOLEY LLP

/s/ Matthew D. Brown
―――――――――――――――
Matthew D. Brown (196972)

Attorneys for Defendant FACEBOOK, INC.

1243068 /SF

---

[9] As discussed above, charges for WestLaw and LEXIS databases are treated as attorneys' fees rather than costs under the case law. (*Supra* Section IV.B.3.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22.

FACEBOOK'S MOTION FOR
ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS