**EXHIBIT 2**

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBYN COHEN, SHANNON STOLLER, CHRISTOPHER MARSHALL, BRYAN SIGLOCK, and DEBRA LEWIN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 10-cv-05282-RS<br><br>FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Date: December 15, 2011<br>Time: 1:30 p.m.<br>Courtroom: 3<br>Judge: Hon. Richard Seeborg |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ackerman v. W. Elec. Co.*,
643 F. Supp. 836 (N.D. Cal. 1986), *aff'd* 860 F.2d 1514 (9th Cir. 1988) .......................... 9, 10

*Blanchard v. Bergeron*,
489 U.S. 87 (1989) ........................................................................................................... 7

*Bonenfant v. Standard Ins. Co.*,
No. CIV S-10-0361 KJM-KJN, 2011 U.S. Dist. LEXIS 99916
(E.D. Cal. Sept. 5, 2011) ................................................................................................ 13

*Cairns v. Franklin Mint Co.*,
292 F.3d 1139 (9th Cir. 2002) ................................................................................. 4, 5, 12

*Cal. Common Cause v. Duffy*,
200 Cal. App. 3d 730 (1987) ...................................................................................... 9, 12

*Chavez v. Netflix, Inc.*,
162 Cal. App. 4th 43 (2008) ........................................................................................... 10

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ........................................................................................................ 13

*Dietz v. Meisenheimer & Herron*,
177 Cal. App. 4th 771 (2009) ........................................................................................... 6

*Graciano v. Robinson Ford Sales, Inc.*,
144 Cal. App. 4th 140 (2006) ........................................................................................... 3

*Gracie v. Gracie*,
217 F.3d 1060 (9th Cir. 2000) .......................................................................................... 4

*H.J., Inc. v. Flygt Corp.*,
925 F.2d 257 (8th Cir. 1991) ........................................................................................ 8, 9

*Hemphill v. San Diego Ass'n of Realtors, Inc.*,
225 F.R.D. 616 (S.D. Cal. 2005) ..................................................................................... 6

*Hernandez v. City of Napa*,
781 F. Supp. 2d 975 (N.D. Cal. 2011) ............................................................................ 13

*Housing Rights Ctr. v. Sterling*,
No. CV 03-859 DSF (Ex), 2005 U.S. Dist. LEXIS 31872 (C.D. Cal. Nov. 2, 2005) ............. 14

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Serrano v. Unruh*,
  32 Cal. 3d 621 (1982) .................................................................................................. 4, 5

*Theme Promotions v. News Am. Mktg. FSI, Inc.*,
  731 F. Supp. 2d 937 (N.D. Cal. 2010) .............................................................................. 9

*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*,
  460 F.3d 1253 (9th Cir. 2006) ........................................................................................ 12

*U. S. Football League v. Nat'l Football League*,
  887 F.2d 408 (2d Cir. 1989) ............................................................................................ 3

*United Steelworkers of Am. v. Ret. Income Plan*,
  512 F.3d 555 (9th Cir. 2008) ......................................................................................... 10

*Vo v. Las Virgenes Mun. Water Dist.*,
  79 Cal. App. 4th 440 (2000) ............................................................................................ 5

*Wershba v. Apple Computer, Inc.*,
  91 Cal. App. 4th 224 (2001) ............................................................................................ 9

*White v. N.H. Dep't of Emp't*,
  455 U.S. 445 (1982) ......................................................................................................... 2

*Winterrowd v. Am. Gen. Annuity Ins.*,
  556 F.3d 815 (9th Cir. 2009) ........................................................................................... 9

*Yeager v. Bowlin*,
  No. 2:08-102 (E.D. Cal. 2010) ........................................................................................ 2

**STATUTES AND RULES**

California Business & Professions Code
  § 17200 ............................................................................................................................ 3
  §§ 6000-6238 ................................................................................................................. 13
  § 6068(e) .......................................................................................................................... 6
  § 6149 .......................................................................................................................... 6, 13

California Civil Code
  § 3344 ..................................................................................................................... *passim*
  § 3344.1 ........................................................................................................................... 5

California Evidence Code
  § 952 ................................................................................................................................. 6
  § 954 ................................................................................................................................. 6

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

## I. INTRODUCTION

Plaintiffs conducted this litigation with scant attention to the burden and costs they were imposing on Facebook. They refused to bifurcate discovery, served voluminous discovery requests, and filed a spurious motion to compel and for sanctions. Even after their original Complaint was dismissed, Plaintiffs refused to consider a temporary stay of discovery; only reluctantly did they agree to a measured staging of discovery, and only after Facebook had filed a motion for protective order with the Court. Now, after Facebook has obtained dismissal of their claims a second time (with prejudice) and filed its Motion for Attorneys' Fees and Costs (the "Motion"), Plaintiffs assert a litany of legally unsupported arguments to try to avoid the *mandatory* fee-shifting provision in the very statute (Cal. Civ. Code § 3344 ("Section 3344")) under which they chose to sue. For the reasons discussed below and in the Motion, Facebook's Motion should be granted.

## II. ARGUMENT

### A. Amendment of the Judgment Is Not Required.

Plaintiffs argue that Facebook is not entitled to attorneys' fees because the Court's October 27, 2011 Judgment (Dkt. No. 79) (the "Judgment") does not explicitly provide for an award of attorneys' fees. (Pls.' Opp'n Mot. Attorneys' Fees ("Opp'n") at 9-10.) Plaintiffs contend that "[i]t appears that Defendant ought to have—but did not, timely—moved [sic] to alter or amend the Judgment under Rule 59 to provide for Facebook's is [sic] entitlement to attorneys' fees. Having failed to so move, Defendant is not entitled to any costs, including the fees sought." (*Id.* at 10 (citation omitted).)[1]

Plaintiffs' argument is contrary to established law. Nothing in the Federal Rules of Civil Procedure or this Court's Civil Local Rules precludes Facebook from recovering fees as a

---

[1] Plaintiffs also state that a Rule 59 motion was due "within 28 days of the October 27 Judgment's [sic], a date that ha[d] passed" as of the filing of Plaintiffs' Opposition on November 23, 2011. (Opp'n at 10.) As discussed above, Facebook was not required to file a Rule 59 motion, but, in any event, the actual deadline would have been November 28, 2011. *See* Fed. R. Civ. P. 59(b) (motion due within "28 days after the entry of judgment"); Fed. R. Civ. P. 6(a)(1)(C) (extending time periods to end of next day that is not a Saturday, Sunday, or legal holiday).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

### B. The Court Should Award Attorneys' Fees for All Work on the Matter.

Facebook is entitled to attorneys' fees for its work on each of Plaintiffs' causes of action. Plaintiffs do not dispute that a prevailing party is entitled to attorneys' fees and costs under Section 3344 or that Facebook is the prevailing party because the Court granted Facebook's motion to dismiss the First Amended Complaint ("FAC") with prejudice. (*See* Mot. at 13; Opp'n at 11.)[2] Instead, Plaintiffs argue that Facebook is not entitled to recover for time spent defending against Plaintiffs' other claims or for work done in connection with Facebook's federal standing arguments. (*See* Opp'n at 11-12.) Plaintiffs are wrong.

As explained in the Motion (Mot. at 12-15), Facebook is entitled to attorneys' fees and costs for prevailing on Plaintiffs' Section 3344 claim and all claims that involve a common core of facts or are based on related legal theories. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 159 (2006) ("Attorneys fees need not be apportioned between distinct causes of action where . . . various claims involve a common core of facts or are based on related legal theories."). Here, all of Plaintiffs' claims were based on the same factual allegations and legal theory—*i.e.*, that Facebook allegedly misappropriated users' names and likenesses by displaying them in its "Friend Finder" utility to increase its user base and revenues. (Mot. at 13-14.) Plaintiffs, Facebook, and the Court all largely dealt with the common-law and statutory right of publicity claims together with little distinction. (*See, e.g.*, Mot. to Dismiss ("MTD") (Dkt. No. 11) at 9-12; Opp'n MTD (Dkt. No. 14) at 7-20; Order Granting MTD (Dkt No. 33) at 4-9.) Similarly, Plaintiffs' Business and Professions Code section 17200 ("UCL") claim was explicitly predicated on Plaintiffs' Section 3344 claim. (MTD at 14; FAC ¶¶ 75, 76.) The *Love* decision, affirmed by the Ninth Circuit, is directly on point, but Plaintiffs fail to address it. In that case, the court granted attorneys' fees and costs to plaintiff for work in connection with common-law right of publicity and UCL claims because they were inextricably intertwined with a Section 3344

---

[2] Even though Plaintiffs acknowledge that California substantive law governs Facebook's right to attorneys' fees (*see* Opp'n at 8), Plaintiffs continue to cite federal law throughout their Opposition. (*See, e.g., id.* at 10, 13, 14 (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 718 (5th Cir. 1974), *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 411 (2d Cir. 1989), and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

(1982) (stating that attorneys' fees "ordinarily include compensation for all hours reasonably spent" and noting that a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent . . . in response"); *Love*, 611 F.3d at 614 (granting attorneys' fees under Section 3344 after defendant successfully argued that British law, and not California law, applied under choice-of-law principles); *Cairns*, 292 F.3d at 1156 (reaching identical conclusion under California's posthumous right of publicity statute, California Civil Code § 3344.1).

For these reasons, Facebook is entitled to recover attorneys' fees and costs for work performed on all theories and arguments put forward in defense of each of Plaintiffs' claims.

### C. Facebook's Requested Fees Are Reasonable and Properly Supported.

Under the lodestar method, Facebook is presumptively entitled to compensation for all hours reasonably spent by its attorneys. *See Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal. App. 4th 440, 446 (2000); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111-12 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client. . . . By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). And Facebook is entitled to be compensated at a reasonable hourly rate that reflects the market value of those hours spent. *Serrano*, 32 Cal. 3d at 643.

Plaintiffs have offered no argument or evidence concerning the reasonableness of Facebook's attorneys' hourly rates. Instead, Plaintiffs' argument about the reasonableness of Facebook's fee request is based on (i) Plaintiffs' purported need for the confidential and privileged fee agreement between Facebook and Cooley (the "Fee Agreement") (Opp'n at 10-11), (ii) the supposed inadequacy of supporting evidence because Facebook did not submit the detailed, day-by-day narrative portion of its attorneys' time records (*id.* at 16-21), and (iii) speculation as to whether the total fee award should be reduced due to duplication between this and other litigations involving Facebook (*id.* at 4-5, 15). Each of these bases is without merit.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

of confidentiality and the attorney-client privilege, is a written fee contract between an attorney and a client."); Brown Supp. Decl. I/S/O Mot. Attorneys' Fees (dated Nov. 30, 2011) ("Brown Supp. Decl.") ¶ 7 (noting that the Fee Agreement is embodied in and is governed by a written document between Cooley and Facebook).

Furthermore, the Fee Agreement is not relevant to this Motion because under the lodestar method, Facebook is entitled to recover fees in an amount equal to "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). Facebook has requested recovery of fees only for time reasonably expended by its counsel based on a reasonable hourly rate. (*See, e.g.*, Mot. at 12-21 (discussing applicable legal standards).) Therefore, the Fee Agreement does not factor into the inquiry.

Plaintiffs have cited the Fifth Circuit's 1974 decision in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 718 (5th Cir. 1974), in support of the proposition that "[i]t is axiomatic that 'in no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay." (Opp'n at 10.) But to the extent *Johnson* could be read as requiring production of fee agreements, it would conflict with California law making fee agreements privileged; and, in any case, this proposition in *Johnson* is *no longer good law* even under federal attorneys' fees jurisprudence. *See Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989) (overruling *Johnson* and holding instead that "a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees . . . ."); *Quesada v. Thomason*, 850 F.2d 537, 543 (9th Cir. 1988) ("a reasonable hourly fee is not a windfall merely because the attorney was willing to work for less" and "just as a [losing party] should not be penalized for the existence of a private fee agreement [through a contingent fee award greater than the reasonable hourly rate], so too they should not benefit from the private agreement by being permitted to pay anything less than a reasonable hourly wage").

The Court should deny Plaintiffs' request for production of the Fee Agreement.

### 2. The Evidence Submitted in Support of Facebook's Fee Request is More than Sufficient under Applicable Law.

Plaintiffs' Opposition is filled with colorful rhetoric about Facebook's "vague and incomplete," "fragmentary," and "inadequate" time records, and based on such statements,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

1 *BiCoastal Corp.*, 121 B.R. 653, 656 (Bankr. M.D. Fla. 1990).[5] But that is not the law in this
2 Circuit or California:

> While other circuits require that attorney's fees applicants submit detailed, contemporaneous time records, the Ninth Circuit requires only that the affidavits be sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award. . . . California law is in accord with the Ninth Circuit view.

6 *Ackerman v. W. Elec. Co.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986) (citing authorities) (footnote
7 omitted)[6], *aff'd* 860 F.2d 1514 (9th Cir. 1988); *see also Winterrowd v. Am. Gen. Annuity Ins.*, 556
8 F.3d 815, 827 (9th Cir. 2009) ("While '[s]ome federal courts require that an attorney maintain
9 and submit 'contemporaneous, complete and standardized time records' . . . . [i]n California, an
10 attorney need not submit contemporaneous time records in order to recover attorney fees. . . .
11 Testimony of an attorney as to the number of hours worked on a particular case is sufficient
12 evidence to support an award of attorney fees, even in the absence of detailed time records.")
13 (citations omitted); *Theme Promotions v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937, 944
14 (N.D. Cal. 2010) (holding declaration by attorney as to the total number of hours worked by each
15 team member is sufficient evidence to recover attorneys fees under California law); *Martino v.
16 Denevi*, 182 Cal. App. 3d 553, 559 (1986) ("In California, an attorney need not submit
17 contemporaneous time records in order to recover attorney fees . . . . Testimony of an attorney as
18 to the number of hours worked on a particular case is sufficient evidence to support an award of
19 attorney fees, even in the absence of detailed time records."); *Raining Data Corp. v. Barrenechea*,
20 175 Cal. App. 4th 1363, 1375 (2009) ("The law is clear . . . that an award of attorney fees may be
21 based on counsel's declarations, without production of detailed time records."); *Wershba v. Apple
22 Computer, Inc.*, 91 Cal. App. 4th 224, 254-55 (2001) (holding detailed time records are not

---

[5] In addition to *H.J.*, *BiCoastal*, and *Ackerman*, which do not support Plaintiffs' argument for the reasons discussed herein, Plaintiffs also cite *California Common Cause v. Duffy*, 200 Cal. App. 3d 730, 752 (1987), as "rejecting contention that trial court abused its discretion when it reduced the number of compensated hours by over 50 percent." (Opp'n at 16.) But the reduction in *Duffy* did not concern vague, incomplete, or imprecise billing records, but rather was justified by duplication of effort between attorneys, elimination of time spent by attorneys dealing with press inquiries, and the elimination of time spent in unnecessary "adversarial skirmishing between the attorneys." 200 Cal. App. 3d at 753-54.

[6] Plaintiffs cite *Ackerman* in their Opposition but do not cite this language. (*See* Opp'n at 16.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

recorded their time for each of the three matters separately. (*See* Brown Decl. ¶ 15 (Cooley's record keeping system enables tracking for each "particular matter"); *id.* ¶¶ 18-19 (the time entries submitted are for "this litigation"); Brown Supp. Decl. ¶ 8.) Thus, the time for which Facebook seeks recovery has already been limited to work actually performed in this matter and does not include time spent on *Fraley* or *Nastro*. Further, contrary to Plaintiffs' argument, the fact that multiple cases involve similar issues would actually result in efficiencies and tend to *decrease* the amount billed to each case individually, since the attorneys involved would already be familiar with, for example, the case law and arguments.

Plaintiffs also overlook that, of the three actions, this action was the earliest filed *by four months*. (*See* Perez Decl., Exs. A-E.) Facebook filed its motion to dismiss Plaintiffs' original Complaint in this action a full two months before the *Fraley* action was even filed and four months before the *Nastro* action was filed. (*See id.*, Ex. F.) There was, therefore, no previous briefing or research from the other cases to rely on for purposes of the motion to dismiss Plaintiffs' original Complaint. Any savings on research and writing between the cases would therefore have been realized *not in this case*, but rather in *Fraley* and *Nastro*.[8]

### D. Electronic Research Costs Are Compensable as Attorneys' Fees.

As argued in Facebook's moving papers (Mot. at 19-20), Facebook is also entitled to recover electronic research costs as attorneys' fees. Plaintiffs argue that such costs "are only recoverable ***insofar as they are actually incurred***." (Opp'n at 21 (emphasis in original).) Here, these costs have, in fact, been incurred and paid; Cooley does not have a flat fee agreement with

---

[8] The same reasoning applies to the two other cases cited in the Motion, *J.N.D. v. Facebook, Inc.*, No. 11-cv-03287 (N.D. Cal. filed July 5, 2011) ("*Downey*"), and *E.K.D. v. Facebook, Inc.*, No. 3:11-cv-00461 (S.D. Ill. filed June 11, 2011) ("*Dawes*"). (Mot. at 4-5.) *Downey* was voluntarily dismissed on August 19, 2011 (*see* Notice of Voluntary Dismissal, *Downey* (N.D. Cal. Aug. 19, 2011)), which was a mere six weeks after the action was first filed and without the filing of any substantive motion by Facebook. Similarly, *Dawes* was filed almost six months after the complaint in this action and months after the first motion to dismiss was fully briefed and argued. (*See* Perez Decl., Ex. C.) For the same reason, Plaintiff's citation to *Navarro v. Eskanos & Adler*, No. C 02-03430 WHA, 2007 WL 4200171 (N.D. Cal. Nov. 26, 2007), *vacated* 2007 WL 4458306, at *1 (N.D. Cal. Dec. 11, 2007), which apparently involved a litigator duplicating materials filed in an earlier action, is also inapposite. *See* 2007 WL 4200171, at *12.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

975, 992 (N.D. Cal. 2011) (declining to rely on expert declaration deemed "speculative, unreliable, and not the proper subject of an expert opinion"); *Bonenfant v. Standard Ins. Co.*, No. CIV S-10-0361 KJM-KJN, 2011 U.S. Dist. LEXIS 99916, at *9-10 (E.D. Cal. Sept. 5, 2011) (striking expert declaration upon finding "an utter lack of foundation explaining how . . . plaintiff's proffered 'expert' came by any of his underlying facts").

Second, Mr. Knapton states that fee agreements are "usually provided for examination as it is necessary to understand the terms of the arrangement to evaluate what chargers were incurred." (Knapton Decl. ¶ 7.) Mr. Knapton's testimony fails to mention, and is contrary to, California law on attorney-client privilege and rules of professional conduct for attorneys— namely, Business and Professions Code section 6149 and the other statutory provisions cited therein. (*See supra* § II(c)(1).) Mr. Knapton's declaration thus demonstrates that he is not qualified to be an expert in attorneys' fees awards and it should be disregarded given his failure even to acknowledge or reference the governing statutory provision.[9] In any case, Mr. Knapton's testimony is demonstrably unreliable and should be excluded. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 590 (1993) (expert testimony must be reliable).

*Third*, Mr. Knapton admits that he "do[es] not know" the manner in which Cooley charges its clients for online legal research costs, but he nonetheless proceeds to speculate on the arrangement and then summarily deems such costs inappropriate for reimbursement. (*See* Knapton Decl. ¶¶ 10-12.) Mr. Knapton's testimony is both speculative and veers into impermissible legal opinion, with Mr. Knapton declaring, "[t]his explanation . . . is not adequate to support the request in my opinion" (*id.* ¶ 9) and "I do not believe that it meets the usual requirements for reimbursement" (*id.* ¶ 11). (*See also* Opp'n at 23 (quoting Mr. Knapton's legal opinion on the adequacy of the support and the requirements for reimbursement).) Such testimony is improper. *See, e.g., Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1065 n.10 (9th Cir.

---

[9] Mr. Knapton's failure to cite Business and Professions Code section 6149 is especially curious given that he has penned an MCLE article entitled the "Ethics of Attorneys Fees" in which he states that "[t]he most important blackletter sources for ethics rules governing attorneys fees in the state are the California Rules of Professional Conduct and State Bar Act (Cal. Bus. & Prof. Code § 6000-6238)." Gerald G. Knapton, *Ethics of Attorneys Fees* (July 2004), available at http://www.callawyer.com/cleStory.cfm?qVersionID=129&eid=622655&evid=1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS

provided a declaration in support of its Bill of Costs that (1) explained that the costs were incurred because of Plaintiffs' discovery demands, (2) described the tasks for which Facebook's vendor, SFL Data, was employed, (3) listed the amounts billed by SFL Data, broken down by task, and (4) appended as exhibits the statements received from SFL Data. (*See* Costs Decl. ¶¶ 3-5, Exs. A & B.) Since Facebook filed its Bill of Costs, it has also provided further detail regarding $6,350 in charges for time spent by technicians managing the processing of these electronic documents and preparation for production. (*See* Brown Decl. I/S/O Resp. to Pls.' Mot. Admin. Relief (Dkt No. 91), Ex. A; Brown Supp. Decl., Ex. A.)[11]

Despite having access to this data, Plaintiffs' Opposition fails to make any argument that a specific charge related to the Bill of Costs is inappropriate or excessive. (*See* Opp'n at 22.)

Accordingly, Facebook's requested $11,795.60 in costs should be allowed.

## III. CONCLUSION

For the reasons stated above and in the Motion, Facebook respectfully requests that the Court award it its reasonable attorneys' fees in the amount of $706,950.31.

Dated: November 30, 2011					COOLEY LLP

/s/ Matthew D. Brown
Matthew D. Brown (196972)

Attorneys for Defendant FACEBOOK, INC.

---

[11] Plaintiffs' Opposition asserts that "Defendant's counsel has represented that it is unable to supply any further substantiation" of its claim for costs related to managing the production of data. (*See* Opp'n at 22.) What counsel for Facebook actually told counsel for Plaintiffs during the parties' November 17, 2011 meet-and-confer was that SFL Data would need to be contacted to determine whether further detail could be provided. (Brown Supp. Decl. ¶¶ 4-6.) As noted above—and which Plaintiffs inexplicably fail to mention—once Facebook received the additional documentation from SFL Data, it provided this additional documentation to Plaintiffs and the Court, authenticated by declaration, *two days before* Plaintiffs' Opposition was filed.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

FACEBOOK'S REPLY I/S/O
MOT. FOR ATTORNEYS' FEES AND COSTS
NO. 10-CV-05282-RS