1  Theodore H. Frank (SBN 196332)
2  **CENTER FOR CLASS ACTION FAIRNESS**
   1718 M Street NW
3  No. 236
   Washington, DC 20036
4  Voice: (703) 203-3848
   tfrank@gmail.com
5
6  *Attorneys for Objectors Sam Kazman and Theodore H. Frank*

7                  UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10

11 ANGEL FRALEY; PAUL WANG; SUSAN              Case No. CV-11-01726 RS
   MAINZER; JAMES H. DUVAL, a minor, by and
12 through JAMES DUVAL, as Guardian ad Litem; and   **NOTICE OF DECISION**
   W.T., a minor, by and through RUSSELL TAIT, as
13 Guardian ad Litem, individually on behalf of and all
   others similarly situated,                  Date:       June 28, 2013
14                                              Time:       10:00 a.m.
                                                Courtroom:  3
15             Plaintiffs,                      Judge:      Hon. Richard Seeborg

16      v.

17 FACEBOOK, INC., a corporation; and DOES 1-
   100,
18
               Defendants,
19 ───────────────────────────────────────
20 Sam Kazman and Theodore H. Frank,

21             Objectors.

22

23

24

25

26

27

28

   Case No. CV-11-01726 RS
   NOTICE OF DECISION

Objectors Sam Kazman and Theodore H. Frank respectfully bring to this Court's attention a recent appellate court decision issued after their objection (Dkt. No. 310) ("Obj.") had been filed. *See In re Dry Max Pampers Litigation*, -- F.3d --, No. 11-4156 (6th Cir. Aug. 2, 2013) (slip opinion attached as Exhibit 1).

*Pampers* reversed approval of a class action settlement involving a class of purchasers of Dry Max diapers. It bears upon a number of issues raised in the Objection to this settlement.

As in *Pampers*, class counsel rely on fictive valuations of prospective injunctive relief to justify their fee request. The Sixth Circuit rejected this: "The fairness of the settlement must be evaluated primarily based on how it *compensates class members*—not on whether it provides relief to other people." Slip Op. at 10 (quoting *Synfuel Techs. Inc v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006) and adding emphasis). *Accord* Obj. at 9-10.

*Pampers* continued, impugning methods of valuation that are based upon cost to the defendant. Slip Op. at 10 (*inter alia*, criticizing the "egocentrism" in belief that anything that inflicts a cost on the defendant is a benefit to the class). Plaintiffs here fall into the same methodological pitfalls. Obj. at 10-11.

*Pampers* also endorses a broad reading of *Radcliffe v Experian Info. Solutions*, 715 F.3d 1157, 1161 (9th Cir. 2013), on the question of how incentive awards undermine adequacy of representation. Obj. at 24-26. "These requirements are scrutinized more closely, not less, in cases involving a settlement class." Slip Op. at 12. The court, citing, held that the $1000/child incentive awards divorced named representative incentives from absent class members because the incentive awards had more than made them whole. *Id.* at 13. Thus, the representatives had "no reason to care whether the mechanisms available to unnamed class members can provide adequate relief." *Id.* As discussed at the fairness hearing, the problem is exacerbated here by Facebook's threats of obtaining attorneys' fees against the class representatives if they lose.

Finally, *Pampers* reaffirms the essential fiduciary roles of courts, class counsel and the class representatives. Slip Op. at 1, 6. *Accord* Obj. at 2-4. "[T]he adversarial process" between the parties can only assure fairness with respect to the total sum paid, "not the manner in which that amount is *allocated* between the class representatives, class counsel, and unnamed class members." Slip Op. at 6. *Accord* Obj. at 4, 27-28.

*Pampers* supports the arguments made in the Kazman/Frank objection.

Case No. C 11-01726 RS                                                                                                      1
NOTICE OF DECISION

Dated: August 5, 2013         Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank (SBN 196332)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
Email: tfrank@gmail.com
Voice: (703) 203-3848

*Attorney for Objectors Kazman and Frank*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing Objection using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

DATED this 5th day of August 2013,

/s/ *Theodore H. Frank*

Theodore H. Frank