Robert L. Bowman
P.O. Box 1363
Knoxville, Tennessee 37901-1363
Telephone: (865) 342-0432; (865) 805-7687
Facsimile: (865) 522-5723
E-mail: rlbowman@kramer-rayson.com
*Pro Se*



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINXER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., a corporation; and DOES 1-100, <br><br> Defendants. | Case No. CV 11-01726 RS <br> Reply to Plaintiffs' Response To Objections To Settlement and Fee Motion |

**REPLY TO PLAINTIFFS' RESPONSE TO
OBJECTIONS TO SETTLEMENT AND FEE MOTION**

Now comes Robert L. Bowman (Class Member No. 405769268) (hereinafter "Tennessee Objector" or "Bowman"), *pro se*, and submits this Reply to Plaintiff's Response to Objections to Settlement and Fee Motion. (R. 343.)

1

## I. PRELIMINARY STATEMENT

Objector is a citizen and resident of Tennessee and received notice of this civil action on January 25, 2013 via e-mail because "[he] may have been featured in a 'Sponsored Story' on Facebook prior to December 3, 2012." (Notice of Pending Class Action and Notice of Proposed Settlement.) The identifying information provided pursuant to the Notice of Class Action and Proposed Settlement, (Notice of Class Action and Proposed Settlement), is as follows:

    Full Name -        Robert Lynn Bowman
    Address:           P.O. Box 1363, Knoxville, TN 37901 and
                       1117 April Drive, Knoxville, TN 37919
    Telephone No.:     865-342-0430; 865-805-7687
    E-mail address associated with Facebook Account:
    rlbowman@kramer-rayson.com

This Tennessee Objector respectfully submits that the proposed settlement is unfair and unreasonable and should be denied final approval for the reasons set forth below:

## II. STATEMENT OF FACTS

1. Bowman filed a Notice of Objection, Intention to Appear, and Request to Be Heard ("Objection") in this civil action on May 2, 2013. (R. 316.) After that, Bowman called Plaintiff's counsel, Robert S. Arns ("Mr. Arns"), Jonathan E. Davis ("Mr. Davis"), and Jonathan Jaffe ("Mr. Jaffe"), three or four times to discuss a possible resolution of the Objection. None of his telephone calls were returned by them. (Bowman Decl. ¶ 2.)

2. On May 17, 2013, Bowman called Mr. Arns and subsequently participated in a conference call with him and Mr. Jaffe. The basic substance of that conversation is reflected in the declaration Mr. Arns and Mr. Jaffe filed with the court on June 7, 2013. (R. 337 and 338.) Bowman informed both attorneys that he was willing to dismiss and withdraw the Objection in return for monetary compensation, but he also clearly stated that he would consider dismissing or withdrawing the Objection if the parties agreed to exclude the claims of citizens and residents of

2

the State of Tennessee from the release. The declarations accurately reflect that Bowman did not request a specific dollar amount **or** state that he was requesting monetary compensation for himself. Bowman told the attorneys, as stated in their declaration, that he had never filed an objection before and did not know what to ask for. He told Mr. Arns and Mr. Jaffe he knew someone at the Tillery firm in St. Louis, which had also filed an objection, and he may check with someone there to see how much to ask for to resolve the matter. Again, Bowman also said that non-monetary relief may also be requested. (Bowman Decl. ¶ 3.)

3. On May 20, 2013, Bowman e-mailed a proposed stipulation, which generally sought to keep settlement discussions privileged and confidential to Mr. Arns and Mr. Davis. Mr. Arns wrote back later that day and declined the proposal. (Bowman Decl. ¶ 4.)

4. On June 7, 2013 at 4:03 p.m. EST (1:03 p.m. PST, 01:13 Military), Bowman e-mailed a proposed settlement demand to Mr. Arns, Mr. Davis, and defense counsel, Michael G. Rhodes ("Mr. Rhodes"). The letter says:

> Dear Mr. Arns and Mr. Rhodes:
>
> As you know, I filed an objection to the proposed settlement in the above captioned matter. My objection is based on manifold reasons, but I am primarily concerned about the scope of the release and its effect on statutory and common law claims possessed by citizens and residents of the State of Tennessee.
>
> I believe it is in everyone's best interests to have the settlement approved, but Tennesseans should receive more relief than is currently proposed due to the strong privacy rights afforded to us by the General Assembly and common law. Accordingly, I make the following settlement offer to resolve my objection:
>
> 1. Common law and statutory claims currently possessed by citizens and residents of Tennessee are excluded from the release; or
>
> 2. A portion of the Net Settlement Fund is specifically allocated to public institutions in Tennessee to be used for

3

> promoting internet privacy and safety for children. I specifically request that Fifty Thousand Dollars ($50,000.00) of the Net Settlement Fund be designated to create an internet privacy and safety curriculum at Bearden Middle School ($25,000.00) and Bearden Elementary School ($25,000.00). Both of these schools are public institutions operated by the Knox County, Tennessee, Board of Education.
>
> Please discuss the foregoing settlement offer with your clients or class representatives and respond to me no later than the close of business on June 14, 2013. Thank you.

Bowman Decl. ¶ 5, Ex. 1.)

5. Later that afternoon, Mr. Arns and Mr. Jaffe filed their declarations. (R. 337 and 338.) The Docket Activity Report for this case shows that the declarations were filed at approximately 7:22 p.m. EST (4:22 p.m. PST, 16:22 Military), three hours after Bowman's settlement demand was sent. Over seven hours after receiving the settlement demand, Plaintiffs filed their Response to Objections to Settlement and Fee Motion (R. 343), at 11:08 p.m. EST (8:08 p.m. PST, 18:08 Military). (Bowman Decl. ¶ 6, Ex. 2.)

6. Although Plaintiffs knew for over seven hours that Bowman was not personally seeking monetary compensation to resolve his objection, Plaintiffs say on page 5 of the Response that "Objecter Bowman's only interest in bringing forward objections is his personal financial gain." (R. 343, p. 5.) Plaintiffs have not amended their Response or made any effort to correct the record prior to the filing of this reply. Indeed, it has never been Bowman's intent to personally profit from his objection. As clearly stated in the settlement demand letter, the beneficiaries of any monetary compensation received via the Objection are two public schools operated by the Knox County, Tennessee Board of Education. Bowman and his wife are strong advocates and proponents of public education, and are personally responsible for soliciting approximately Seventy Thousand Dollars ($70,000.00) in private and public donations to

4

Bearden Elementary School ("BES") over the last four years. Indeed in April 2013, Bowman facilitated a Twenty Thousand Dollars ($20,000.00) contribution to BES to convert a supply room into a computer laboratory. Bowman's settlement demand was intended to help develop an "internet privacy and safety curriculum" at BES. Bearden Middle School ("BMS"), which is also a public school operated by the Knox County, Tennessee Board of Education, is the other intended beneficiary of the settlement demand. (Bowman Decl. ¶ 7.)

7. Lastly, Bowman received notice of Plaintiffs' Response when he reviewed the docket sheet for the case on Pacer on or about June 11, 2013, Plaintiffs did not serve a copy of the Response on him under Fed. R. Civ. P. 5. (Bowman Decl. ¶ 8.)

### III. ARGUMENT

**A. The Representative Plaintiffs inaccurately represent Tennessee Class Members by failing to allege or assert a claim for damages under Tennessee Common and Statutory Law.**

The Plaintiffs' complaint failed to allege claims and seek remedies available to citizens and residents of the state of Tennessee under the Personal Rights and Protection Act of 1984 ("PRPA"), Tenn. Code Ann. §§ 47-25-1101, *et seq.* and Tennessee common law. The history behind the PRPA and Tennessee's common law right of privacy are set forth in the Objection. (R. 316, p. 10-12.) There is no need to restate that history again here.

Plaintiffs' primary response to Bowman's adequacy argument is that the Objection "does not explain how the PRPA would be superior to the claims under Cal. Civil Code § 3344 and the Uniform Competition law, or that it would have increased the recovery." (R. 343, p. 15.) Plaintiffs obviously fail to recognize that they are seeking approval of the proposed settlement because of their belief, among other things, that the class members face the possibility of the court dismissing their complaint, losing at trial, or having a successful judgment reversed on

appeal. Common sense dictates, however, that Plaintiffs would have a stronger complaint had they not limited their claims to the laws of only one state, California. Indeed, if Plaintiffs had alleged violations of Tennessee law in their complaint, they would have a strong body of case law to use against Defendant. Tennessee Appellate Courts have held that privacy rights are strongly enforced and protected by both the state constitution and PRPA, *State Ex. Rel. Elvis Presley v. Crowell*, 733 S.W.2d 89, 96 (Tenn. Ct. App. 1987), but Plaintiffs failed to avail absent claim members of those rights in this case.

Plaintiffs clearly have the right to assert privacy claims under multiple state laws, *In Re Abbott Laboratories Norvir Anti-Trust Litigation*, No. C-04-1511, (2007 U.S. Dist. LEXIS 4459 at *28 (N.D. Cal. Jun 11, 2007) (certifying class which included common law claims for unjust enrichment for multiple states), but they elected not to do so. They have not vigorously represented the interests of absent Tennessee class members. Their failure to allege claims under the PRPA and Tennessee common law cannot be ignored. Plaintiffs do not meet the requirements of Fed. R. Civ. P. 23(a)(4) as they cannot establish they "fairly and adequately protect the interests of the class." Their proposed settlement must be rejected.

**B.     The proposed settlement violates the Rules Enabling Act and Principles of Federalism and the Notice of Pending Class Action and Notice of Proposed Settlement lacks specificity and the Proposed Release is over broad.**

The arguments made in the Objection, (R. 316), are incorporated herein by reference.

**C.     Plaintiffs' Attorney's Fees, Lodestar, and Hourly Rates.**

Bowman adopts and incorporates herein by reference Facebook Inc.'s Opposition To Plaintiffs' Motion for Attorneys' Fees and Costs, (R. 344), with one exception. Bowman does not adopt Defendant's argument that Plaintiffs' "seek compensation for an excessive number of hours for partner Robert Arns, including tasks a reasonable senior partner should delegate to

junior attorneys." (R. 344 at p. 8.) Mr. Arns, as a senior partner, has the right to delegate work as he sees fit and should not be penalized for taking a hands on approach in this litigation.

## IV. CONCLUSION

WHEREFORE, the undersigned requests that this court:

1. Reject the proposed settlement; and

2. Award such other and further relief as it is just and necessary in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 24th day of June, 2013.

ROBERT L. BOWMAN, *Pro Se*
P.O. Box 1363
Knoxville, TN 37901-1363
Telephone No. (865) 342-0432
Facsimile: (865) 522-5723
E-mail: rlbowman@kramer-rayson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of June, 2013, a true and exact copy of the foregoing was served by First Class U.S. Mail, postage prepaid, and by e-mail to the following:

Fraley v Facebook, Inc. Settlements
c/o GCG
P.O. Box 35009
Seattle, WA 98124-1009
GCG@fraleyfacebooksettlement.com

Robert S. Arns, Esq.
The Arns Law Firm
515 Folsom Street, 3rd Floor
SanFrancisco, CA 94104
E-mail: rsa@arnslaw.com

Michael G. Rhodes, Esq.
Colley, LLP
101 California Street, 5th Floor
SanFrancisco, CA 94111
E-mail: mrhodes@colley.com

_____
Robert L. Bowman