Theodore H. Frank (SBN 196332)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW, No. 236
Washington, DC 20036
Voice: (703) 203-3848
tedfrank@gmail.com

*Attorney for Objector Sam Kazman*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem, individually on behalf of and all others similarly situated, | Case No. CV-11-01726 RS<br><br>**NOTICE OF MOTION,**<br>**MOTION FOR ATTORNEYS' FEES AND**<br>**MEMORANDUM IN SUPPORT**<br><br>Hon. Richard Seeborg |
| Plaintiffs, | Date:         October 17, 2013<br>Time:         1:30 p.m.<br>Courtroom:   3 |
| v. | |
| FACEBOOK, INC., a corporation; and DOES 1-100, | **CLASS ACTION** |
| Defendants, | |
| Sam Kazman, | |
| Objector. | |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 17, 2013, at 1:30 p.m. or as soon thereafter as the matter may be heard by the Honorable Judge Richard Seeborg of the United States District Court of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, Courtroom 3, Objector Kazman will and hereby does move the Court pursuant to Local Rule of Civil Procedure 54-5 for an order awarding Objector Kazman attorneys' fees in the amount of $135,000 to be paid out of class counsel's fee award and an incentive award of $500 to Objector Kazman.

This motion is based on this Notice of Motion and Motion for Attorneys' Fees, and the following memorandum of points and authorities, and such other matters as the Court may consider.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Local Rule 7-2, a proposed form of Order is attached.

PLEASE TAKE FURTHER NOTICE that the undersigned consents to disposition of this motion on the papers in accordance with Local Rule 7-1(b).

## STATEMENT OF COURT ACTION SOUGHT

Objector Kazman requests the Court enter an order awarding Objector Kazman attorneys' fees in the amount of $135,000 to be paid out of class counsel's fee award and an incentive award of $500 to Objector Kazman. To avoid any issue of an unseemly windfall, Kazman waives any fee award over $50,000, and asks the Court to award the excess over that amount to the class settlement fund.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law. *See Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) (objectors are entitled to attorneys' fees when they confer a substantial benefit on the class). This Court's fee opinion adopted many of Kazman's objection's arguments relating to the excessive fee request by class counsel relating to the valuation of injunctive relief, the appropriate application of the percentage-of-recovery method, whether class counsel was entitled to a multiplier on lodestar, and whether class counsel should earn a 25% commission on notice and settlement administration charges. *Compare* Fee Order (Dkt. 360) *with* Kazman Objection (Dkt. 310) at 4-

12, 16-17. The Kazman objection made successful arguments that highly paid counsel for Facebook failed to make. *Compare* Kazman Objection at 4-6 *and* Dkt. 360 at 3-4 *with* Facebook Objection to Fees (Dkt. 344) (advocating for use of the lodestar method). Instead of class counsel receiving $7.5 million in fees, they will receive between $4.5 million and $4.7 million in fees—a benefit to the class of over $2.8 million. *Cf.* Dkt. 336 at 3 (approximately $18.7 million in net settlement fund after expenses and administration costs); Dkt. 360 at 7 (awarding $236,591 in expenses, up to $45,000 for Razorfish claim, and holding fees to be calculated from net settlement fund). Moreover, it is likely that the Kazman objection motivated the parties to increase recovery to claimants by 50%, more than $3 million more going to class members that they would not already have. *Compare* Dkt. 310 at 17-21 (arguing for increase in claim award in lieu of *cy pres*) *with* Dkt. 336 at 3 (agreeing to raise claim amount from $10 to $15).

Thus, pursuant to Local Rule 54-5, Objector Kazman files this memorandum in support of his accompanying motion for attorneys' fees. The total benefit to the class is over $5.8 million, or, at a minimum, at least the $2.8 million reduction in the fee request. Under a normal percentage-of-benefit approach for awarding fees to objectors, Kazman's non-profit attorneys, the Center for Class Action Fairness, would be entitled to at least $280,000. *See, e.g., Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844, at *64 (D.N.J. Dec. 14, 2012) (awarding the Center for Class Action Fairness "10.5% of the benefit conferred, well within the range of acceptable percentages-of-recovery"); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) (finding that "10% [of $3 million benefit conferred] is reasonable and appropriate to reflect Objectors' time, effort, ingenuity and success in increasing the kitty for the benefit of the Class."); *Lan v. Ludrof,* 2008 WL 763763, at *28 (W.D. Pa. Mar, 21, 2008) (awarding objector 25% of the increase in the benefit to the class); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004) (awarding objector $1,260,000, which was 1.4% of class counsel's fee award, because objection was responsible for 1.4% of class recovery). Because Kazman's attorneys are non-profit, however, and tax law limits how much they may collect in fees and expenses, they ask only for $135,000—less than 5% of the conservatively-calculated benefit provided to the class, less than a fifth of class counsel's percentage of the benefit, and less than half (and perhaps less than a quarter) of what Kazman's counsel are legally entitled to. Because this is a multiple of counsel's lodestar, Kazman, to avoid any unseemly appearance of a windfall, agrees to waive any amount

over $50,000—less than 2% of the conservatively-calculated benefit provided to the class, and less than a fifth of what they are legally entitled—with any excess award over $50,000 redounding to the class. Kazman also requests a $500 incentive payment to Kazman to incentivize future good-faith objectors who risk being subjected to discovery and invective.

This $135,500 award should be paid from class counsel's share of the settlement fund, so that (1) the class is not double-charged or otherwise penalized by class counsel's excessive fee request; and (2) future class counsel will be incentivized not to make an excessive fee request.

## I.    Kazman is entitled to fees for the class benefit attributable to the Kazman objection.

Kazman objected, *inter alia*, that (1) the class should receive a larger share of settlement fund, and (2) the attorney-fee request was disproportionate to the settlement relief.

In likely response to the first objection, the parties modified the settlement relief from $10/class member to $15/class member, creating over $3 million in additional relief for the over 600,000 class members like Kazman who filed claims.

Kazman's objection to the attorneys' fees argued, *inter alia*, that, though percentage of recovery was the correct methodology for calculating fees, the $7.5 million fee request was too high because (1) the injunctive relief should not be valued for calculating attorneys' fees; and (2) calculating settlement value from the size of the gross settlement fund unfairly gave class counsel a commission on their expenses and settlement administration costs deducted from the settlement fund. This Court agreed, awarding fees of 25% of the net settlement fund after litigation expenses and settlement administration costs were deducted. This will reduce the ultimate fees to somewhere between $4.5 million and $4.7 million, creating at least $2.8 million in additional relief to the class that would otherwise have gone to class counsel.

At a minimum, Kazman should be credited with the $2.8 million additional benefit. Neither defendant Facebook nor any other objector argued for using a net settlement fund calculation. Kazman is entitled to a share of the total attorneys' fees awarded in this case because he realized a substantial pecuniary benefit to the class. *See Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) (objectors are entitled to attorneys' fees when they confer a substantial benefit on the class); *Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994) (error to deny fees to objector that benefitted class). In *Rodriguez v. W. Pub. Corp.*, the Ninth Circuit

held that it was "clearly erroneous" to deny an objector attorneys' fees where the objector had raised issues that the court had not previously considered. 563 F.3d 948 (9th Cir. 2009). Judge Posner similarly held in *Reynolds v. Beneficial Nat'l Bank* that objectors' "lawyers who contribute materially to the proceeding" are entitled to a fee, even if the judge would have *sua sponte* made same finding without the objection. 288 F.3d 277, 288 (7th Cir. 2002).

Objectors who create a benefit for the class should be rewarded with a percentage of recovery. In calculating attorneys' fees, the percentage-of-recovery approach "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). The benchmark for a reasonable award in the Ninth Circuit in a case alleging economic injury is 25% of the class benefit. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Splitting that 25% with class counsel would entitle an objector to 12.5%, and many courts agree that objectors' counsel are entitled to a similar recovery for their efforts as class counsel is. *See, e.g., Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844, at *64 (D.N.J. Dec. 14, 2012) (awarding the Center for Class Action Fairness "10.5% of the benefit conferred, well within the range of acceptable percentages-of-recovery"); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) (finding that "10% [of $3 million benefit conferred] is reasonable and appropriate to reflect Objectors' time, effort, ingenuity and success in increasing the kitty for the benefit of the Class."); *Lan v. Ludrof,* 2008 WL 763763, at *28 (W.D. Pa. Mar, 21, 2008) (awarding objector 25% of the increase in the benefit to the class); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004) (awarding objector $1,260,000 which was 1.4% of class counsel's fee award because objection was responsible for 1.4% of class recovery); *see also In re Classmates.com*, No. 09-cv-0045-RAJ, 2012 U.S. Dist. LEXIS 83480, at *34 (W.D. Wash. Jun. 15, 2012) (award of $100,000 "if anything" "would have undercompensated CCAF").

Kazman would thus be legally entitled to a fee award of over $280,000, perhaps even over $500,000 if one includes the claim augmentation benefit, as money awarded directly to the class is worth more to the class than money awarded to *cy pres*. Professional objectors who object in bad-faith can make substantial profits with meritless objections by being paid not to hold up settlements with meritless appeals. Sound public policy requires that good-faith objectors who bring substantive meritorious objections should be

compensated in an amount to incentivize counsel to represent class members unfairly treated. Kazman requests $135,000 in this case, less than half of the 10% awarded in similar cases.

To avoid the appearance of a windfall, however, Kazman's non-profit counsel,[1] the Center for Class Action Fairness is, however, waiving the right to receive more than $50,000, less than a fifth of what they're legally entitled to, and less than 2% of the increased pecuniary benefit—less than 1% if Kazman is given credit for both the $2.8 million augmentation of the net settlement fund and the over-$3 million augmentation. Any amount awarded over $50,000 should be used to supplement the net settlement fund.

## II.   Objectors' fee awards should be funded from class counsel's fee award.

As many courts from around the country have held, objector fees should be paid out of class counsel's award. *E.g., Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010) (awarding objector's attorneys' fees out of class counsel's fee award); *Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009) (same); *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 573 (D. N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3d Cir. 2004) (same); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74 (E.D. Tex. 2000) (same); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (same); *In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998) (same).

Objectors' expenditures of time and effort should not have been necessary to compel class counsel to make a reasonable fee request. The costs of proposing an initially unreasonable fee request should not be borne by class members themselves—who had nothing to do with the first proposal. The costs should be borne by class counsel—who had complete responsibility for the first proposal. Equity suggests that the class should not have to pay twice for a benefit they should have received at the outset. *Cf. In re Classmates.com*

---

[1] While the Center, as a non-profit, is limited in the total awards of fees it may receive in any given year, Rev. Proc. 92-59, 1992-2 C.B. 411, its non-profit status does not preclude it from being awarded fees as any other counsel. Representation that is *pro bono* and/or by a non-profit does not preclude a request for attorneys' fees of the same size that a for-profit firm could recover. *E.g., In re Primus*, 436 U.S. 412, 429-31 (1978) (ACLU and NAACP); *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (*pro bono publico* representation not grounds for reducing attorneys' fees) (42 U.S.C. § 1988); *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate."); *cf. also Morrison v. CIR*, 565 F.3d 658 (9th Cir. 2009).

*Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 U.S. Dist. LEXIS 83480, at *20 (W.D. Wash. Jun. 15, 2012) ("[C]lass counsel cannot satisfy its duty to the class by ignoring the weaknesses in the settlements it negotiated."); *id.* at *23 (reducing fee to less than 20% of the common fund to "reflect[] that counsel should not benefit from its efforts to win approval of an inadequate settlement.").

**III.    Kazman is entitled to an incentive award.**

Kazman requests a $500 incentive award. It is appropriate to award objectors incentive awards just as class representatives receive incentive awards. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-17 (N.D. Ohio 2010); *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011).

By objecting, Kazman exposed himself to the risk of harassing discovery and private investigation from the plaintiffs' attorneys; other Center clients have faced vitriolic personal attacks and abusive discovery requests when objecting, and many potential Center clients genuinely upset with abusive class-action settlements have declined to object when informed of these risks. Even when *pro bono* counsel is available, class members have little incentive to object and jump through hoops and hurdles erected by the settling parties. Thus, it is no surprise that the predominating response will always be apathy. *See Vought v. Bank of Am.*, 901 F. Supp. 2d 1071, 1093 (C.D. Ill. 2012) (citing, *inter alia*, a 1996 FJC survey that found between 42% and 64% of settlements engendered no filings by objectors).  Just as class representatives receive incentive payments, so should objectors whose objections meaningfully contribute to class recovery. Because Kazman made a claim, he had standing to request a reduction in the fee award. As a result of his having come forward, the net settlement fund is millions of dollars larger.

The incentive award Kazman seeks is one third the award given to the class representatives, and a tiny fraction of the incentive award the class representatives sought.

**IV.    A lodestar cross-check confirms that $135,500 is not unreasonable.**

A district court must utilize a lodestar cross-check because "the lodestar method can 'confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate.'" *Bluetooth*, 654 F.3d at 945. Here, Kazman's attorneys monitored two rounds of settlement proposals since they were announced in the

press in June 2012, communicated with numerous class members who expressed interest in objecting, researched and prepared substantive briefing, and prepared for and attended a fairness hearing.

Theodore H. Frank billed 37.2 hours, not including cross-country travel time or time spent preparing this fee petition. His lodestar billing rate is $750/hour, less than the senior attorneys for class counsel and the defendant. *Cf.* Dkt. 310 at 15 n.12. His associate, Adam Schulman, billed 63.7 hours researching the legal issues related to the case and writing the first draft of the objection. His lodestar billing rate is $375/hour, less than similarly experienced attorneys in the Washington, D.C. or San Francisco legal markets. This is a total lodestar of $51,787.50—which understates the Center's lodestar entitlement, because the Center is not claiming lodestar for the hours spent editing by a third attorney, the hours spent on research projects by a summer associate, or the hours (or expense) Frank spent traveling to and from San Francisco. *See generally* Declaration of Theodore H. Frank.

"[A] lawyer with objector status plays a highly important role for the class and the court because he or she raises challenges free from the burden of conflicting baggage that Class Counsel carries." *In re Prudential Ins. Co. Am. Sales Practices Litig.*, 278 F.3d 175, 202 (3d Cir. 2002). Yet objection entails risks. There is no guarantee a court will honor objections (*see e.g., In re TFT-LCD (FLAT PANEL) Antitrust Litigation*, MDL 3:07-md-1827, 2011 U.S. Dist. LEXIS 154288 (N.D. Cal. Dec. 27, 2011) (overruling objections)); a successful objection may merely scuttle a settlement without class benefit creating an entitlement to attorneys' fees; and there is no guarantee that class counsel will accede to a fee request. *E.g., In re Apple Inc. Secs. Litig.*, 5:06-CV-05208-JF (HRL), 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011). Though the Center has had dozens of successful objections, including seven successful federal appeals, this is only the tenth time the Center has sought fees or expenses in district court.[2] A $135,000 award is under the range of

---

[2] Two of the Center's fee requests remain pending. *In re Bayer Corp. Combination Aspirin Prods. Marketing and Sales Practice Litigation*, No. 09-md-2023 (BMC) (JMA) (E.D.N.Y.); *In re Citigroup Sec. Litig.*, No. 07-cv-9901 (S.D.N.Y.) (requesting recovery of expert fees only). The Center's other seven fee requests were successful. *In re Apple Inc. Secs. Litig.*, 5:06-CV-05208-JF (HRL), 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011) ($87,000); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010) ($39,936); *Fogel v. Farmers Groups, Inc.*, No. BC300142 (Cal. Sup. Ct. (L.A. County) 2011) ($47,577); *In re New Motor Vehicles Canadian Export Antitrust Lit.*, 842 F. Supp. 2d 346, 351 (D. Me. 2012) ($10,000); *Weeks v. Kellogg Co.*, No. CV-09-08102 (MMM) (C.D. Cal. 2011) ($21,000); *Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844 (D.N.J. Dec. 14, 2012) ($86,000); *Pecover v. Electronic Arts*, No. C 08-02820 CW (N.D. Cal. 2013) ($33,975). *See also Classmates.com, supra* (forgoing fee request in lieu of $100,000 additional recovery to class).

multipliers class counsel argued was reasonable. Dkt. 253 at 36. Of this $135,000 amount, the Center is waiving any rights to an award over $50,000, an amount less than its lodestar, which is presumptively reasonable. *Perdue v. Kenny A*, 139 S.Ct. 1662 (2010).

## Conclusion

The result in this case proves that objectors can provide a "critically valuable service." *Lane v. Facebook*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfeld, J. dissenting), *rehearing en banc den'd*, 709 F.3d 791 (2013). The original settlement would have given $6.1 million to class members and $7.5 million to class counsel; the settling parties agreed to raise the settlement benefit to $9.2 million at the expense of *cy pres*. Now class counsel will receive less than $4.7 million, adding at least $2.8 million of indirect *cy pres* benefit to the class. Kazman requests less than 2% of this improvement—less than 1% if one also credits Kazman with the increase in direct class benefit. Kazman asks this Court grant his request for attorneys' fees in the amount of $135,000, and an incentive award of $500 to Kazman, with any excess over $50,000 reverting to the class in the net settlement fund.

Dated: September 9, 2013        Respectfully submitted,

                              */s/ Theodore H. Frank*
                              Theodore H. Frank (SBN 196332)
                              **CENTER FOR CLASS ACTION FAIRNESS**
                              1718 M Street NW, No. 236
                              Washington, DC 20036
                              tedfrank@gmail.com
                              (703) 203-3848

                              *Attorneys for Objector Sam Kazman*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case.

DATED this 9th day of September, 2013.

                              */s/ Theodore H. Frank*
                              Theodore H. Frank