1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   ANGEL FRALEY; PAUL WANG; SUSAN            Case No. CV 11-01726 RS
     MAINZER; JAMES H. DUVAL, a minor, by
13   and through JAMES DUVAL, as Guardian ad   [~~PROPOSED~~] FINAL JUDGMENT
     Litem; and W.T., a minor, by and through
14   RUSSELL TAIT, as Guardian ad Litem;
     individually and on behalf of all others
15   similarly situated,

16                    Plaintiffs,

17          v.

18   FACEBOOK, INC., a corporation; and DOES
     1-100,
19
                      Defendants.
20

21          IT IS HEREBY ADJUDGED AND DECREED THAT:

22          1.      This Final Judgment incorporates by reference the defined terms in the Amended

23   Settlement Agreement and Release entered into between plaintiffs Susan Mainzer, James H.

24   Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem ("Plaintiffs"),

25   individually and in their representative capacity as plaintiffs on behalf of the Class, and defendant

26   Facebook, Inc. (see docket number 235-1, filed Oct. 5, 2012) ("Settlement Agreement").  All

27   capitalized terms used herein shall have the same meanings as set forth in the Settlement

28   Agreement unless set forth differently herein.

2.     The Court has jurisdiction over the subject matter of this action and all parties to the action, including all Settlement Class Members as defined herein.

3.     For the reasons set forth in the August 26, 2013 Order Granting Motion for Final Approval of Settlement Agreement (see docket number 359) ("Final Approval Order"), this Court granted final approval of the settlement of this action on the terms set forth in the Settlement Agreement.

4.     The Court grants final certification, for purposes of settlement only, of a Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as "all persons in the United States who have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, at any time on or before the date of entry of the Preliminary Approval Order."   The Preliminary Approval Order was entered on December 3, 2012 (see docket number 252).

5.     The Court grants final certification, for purposes of settlement only, of a Minor Subclass pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as "all persons in the Class who additionally have or have had a Facebook account at any time and had their names, nicknames, pseudonyms, profile pictures, photographs, likenesses, or identities displayed in a Sponsored Story, while under eighteen (18) years of age, or under any other applicable age of majority, at any time on or before the date of entry of the Preliminary Approval Order."

6.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Class (including all persons within the Minor Subclass), as defined in paragraphs 4 and 5 above, and who have not excluded themselves by timely filing a valid request for exclusion, as discussed in paragraph 8 below, are "Settlement Class Members."

7.     The notice delivered to Class members, including Minor Subclass members and Settlement Class Members, in accordance with section 3.3 of the Settlement Agreement and the Preliminary Approval Order—which included long-form notice, direct email notice, and publication notice—constituted the best notice practicable under the circumstances and constituted valid, due, and sufficient notice to Settlement Class Members of their rights and obligations, in compliance with due process and Federal Rule of Civil Procedure 23.

8.     The list of persons excluded from the group of Settlement Class Members because they timely filed valid requests for exclusion is attached hereto as Exhibit A, and was previously filed in this action (see docket number 348-1).  Persons who timely filed valid requests for exclusion are not bound by this Final Judgment.

9.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members are bound by this Final Judgment, by the Final Approval Order, and by the terms of the Settlement Agreement.

10.    The Court hereby dismisses this action in its entirety with prejudice.  No fees or costs are awarded, except as expressly provided in the Order Granting in Part Motion for Attorney Fees, Costs, and Incentive Awards (see docket number 360) ("Fee Order"), or by other order of the Court.

11.    The Releasing Parties, including Plaintiffs and all Settlement Class Members, are hereby: (a) deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Parties, as set forth in section 5.2 of the Settlement Agreement, and (b) forever barred and permanently enjoined from asserting, instituting, or commencing, either directly or indirectly, any of the Released Claims against any of the Released Parties in any manner.

12.    Plaintiffs Susan Mainzer, James H. Duval, and W.T., a minor, by and through Russell Tait as Guardian ad Litem, in their individual capacities only, and each of their successors, assigns, legatees, heirs, and personal representatives are hereby: (a) deemed to have released and forever discharged Facebook and its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of its present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with it, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, as set forth in section 5.3 of the Settlement Agreement, and (b)

forever barred and permanently enjoined from asserting, instituting, or commencing, either directly or indirectly, any of these released claims against any of these released parties in any manner.

13.     Consistent with the provisions of the Settlement Agreement governing the timing for performance, the parties are directed to perform the Settlement Agreement, in accordance with its terms (including the provisions governing the injunctive relief described in section 2.1 and all other provisions governing Settlement Class Member relief) and consistent with all additional parameters set forth in the Final Approval Order, Fee Order, or other subsequent order of the Court.

14.     Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing jurisdiction over the implementation, administration, and enforcement of this Final Judgment, the Settlement Agreement, and all matters ancillary thereto.

15.     As set forth more fully in sections 6.1 and 6.2 of the Settlement Agreement, if the Final Settlement Date does not or cannot occur for any reason, then this Final Judgment shall be rendered null and void and shall be vacated, and this action will revert to its previous status in all respects as it existed before the parties executed the Settlement Agreement, and the parties shall be deemed to have retained, and not waived or forfeited, all rights and arguments that were available to them before they executed the Settlement Agreement.

16.     The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**


Dated: September 19, 2013

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

Cooley LLP
Attorneys At Law
San Francisco

[PROPOSED] FINAL JUDGMENT
No. CV 11-01726 RS