ROBERT S. ARNS (#65071, rsa@arnslaw.com)
JONATHAN E. DAVIS (#191346, jed@arnslaw.com)
STEVEN R. WEINMANN (#190956, srw@arnslaw.com)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:     (415) 495-7800
Fax:    (415) 495-7888

JONATHAN M. JAFFE (# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:     (510) 725-4293
Fax:    (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W. T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>                    Defendants. | Case No. CV 11-01726 RS<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION OF KAZMAN FOR ATTORNEYS' FEES [CORRECTED]**<br><br>Date:  October 17, 2013<br>Time:  1:30 p.m.<br>Courtroom:  3<br>Judge:  Hon. Richard Seeborg |

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................ 2

   A.   Plaintiffs' Motion For Litigation Costs and Fees ............................................. 2

   B.   Class Counsel Recommended an Increase of the Monetary Award to Class Members
        Independently From Any Objection ................................................................. 3

   C.   The Court's Order Awarding Fees and Costs .................................................. 4

III.    Argument ............................................................................................................... 4

   A.   The Court Should Dismiss the Motion Due to Objectors' Failure to Meet and Confer
        with Class Counsel Prior to Filing This Motion .............................................. 4

   B.   Objector Kazman is Not Entitled to Any Recovery Because the Court's Orders Were
        Not the Result of Kazman's Objections ........................................................... 5

      1.   Kazman/Frank's Objection Had No Influence on the Increase in the Payments to the
           Class ......................................................................................................... 7

      2.   The Amount of Class Counsel's Attorney Fee Award Was Not Affected by the
           Kazman/Frank Objections ......................................................................... 8

         a.   The Issue Of Valuation of The Injunctive Relief For Purposes of Assessing
              Attorneys' Fees Was Raised By the Parties and this Court Well Before Kazman
              and Frank Became Involved In the Action ............................................ 10

         b.   Class Counsel Advocated for the Percentage of Recovery Method ........................ 11

         c.   Net Settlement Recovery ........................................................................ 12

   C.   Kazman's Efforts Were Not "Substantial" And Thus Not Deserving of Compensation
        Under the Common Fund Doctrine ................................................................. 13

   D.   Frank Has Not Submitted Proper Support for His Claimed Hours ................................. 15

   E.   The Objections Were Not Intended To Benefit The Class But Rather Counsel And Their
        Agenda ........................................................................................................... 17

   F.   Under Ninth Circuit Authority Any Fees Awarded Are To Be Paid Out of the Common
        Fund Rather Than Class Counsel's Fee Award .............................................. 18

   G.   Kazman Should Not Receive an Incentive Award ......................................... 21

IV.     CONCLUSION ..................................................................................................... 23

# TABLE OF AUTHORITIES

**State Cases**

*Garbedian v. Los Angeles Cellular Tel. Co.,* 118 Cal. App. 4th 123 (2004) .............................. 13

*Serrano v. Priest,* 20 Cal.3d 25 (2007). ................................................................................... 18

**Federal Cases**

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ................................................................. 5, 19

*Dennis v. Kellogg*, No. 09-CV-1786-IEG (S.D. Cal., Sept. 10, 2013) ...................................... 17

*Dewey v. Volkswagen of America,* No. 07-2249, 909 F. Supp. 2d 373
(D.N.J. Dec. 14, 2012) ............................................................................................... 8, 15, 17

*Duhaime v. John Hancock Mut. Life Ins. Co.* 2 F. Supp. 2d 175 (D. Mass. 1998) .................... 20

*Friend v. Kolodzieczak*, 72 F.3d 1286 (9th Cir. 1995) ............................................................. 16

*In re Apple Inc. Sec. Litigation*, No. 5:06-cv-05208-JF, 2011 UJ.S. Dist LEXIS 52685
(N.D. Cal. May 17, 2011) ..................................................................................................... 22

*In re Baby Product Antitrust Litigation*, 708 F.3d 163 (3rd Cir. 2013) ....................................... 9

*In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011) .............. 15

*In re Classmates.com Consolidated Litigation*, *No. C09-45RAJ, 2012* U.S. Dist LEXIS
83480 (W.D. Wash. June 15, 2012) ............................................................................ 5, 11, 21

*In re Dry Max Pampers Litig.*, No. 11- 4156, 2013 U.S. App. LEXIS 15930
(6th Cir. August 2, 2013) ........................................................................................................ 9

*In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208 (D.N.M. 1998) ........... 21

*In re HP InkJet Printer Litig.*, 716 F.3d 1173 (9th Cir. 2013) .................................................... 13

*In re Puerto Rican Cabotage Antitrust Litigation*, 815 F.Supp.2d 448 (D.P.R . 2011) ............. 15

*In re Synthroid Mrktg. Litig.*, 264 F.3d 712 (7th Cir. 2001) ....................................................... 9

*In re the Prudential Ins. Co. of Am. Sales Practices Litigation*, 273 F. Supp. 2d 563 (D.N.J.
2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004) ........................................................... 14, 19

*Lonardo v. Travelers Indem. Co.*, 2010 U.S. Dist. LEXIS 73703, 706 F. Supp. 2d 766 (N.D.
Ohio July 10, 2010) .................................................................................................... 6, 19, 22

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 807 (N.D. Ohio 2010) ............. 6, 18, 19

*McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448 (D.N.J. 2008) ................................................ 10

*Park v. Thomson Corp.*, 05 Civ. 2931 (WHP), 633 F. Supp. 2d 8, 2009
U.S. Dis. LEXIS 37617 (S.D.N.Y. Apr. 2, 2009) ...................................................... 22

*Parker v. Time Warner Entertainment Co., L.P.,* 631 F. Supp. 2d 242 (E.D.N.Y. 2009) .......... 20

*Reynolds v. Benefit Nat'l Bank*, 228 F. 3d 277 (7th Cir. 2002) ............................... 9, 12

*Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012) .................................................. 6, 9

*See Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d  942 (E.D. Tex. 2000) ........................... 7, 20

*Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F.3d 849 (10th Cir. 1993) ................... 8

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043 (9th Cir. 2002) .................................. 5, 13

*White v. Experian Information Solutions*, 2011 U.S. Dist LEXIS 79044
(C.D. Cal. July 15, 2011) ........................................................................ 10

*Wininger v. SI Mgmt.L.P.*, 301 F.3d 1115 (9th Cir. 2002) ...................................... 16

**Statutes**

Cal. Civ. Code § 3344 .............................................................................. 22

**Rules**

N.D. Cal. Civ. R. 54-5(a) ........................................................................... 4

N.D. Cal. Civ. R. 54-5(b) ........................................................................ 4, 15

**Treatises**

A. Conte & H. Newberg, 4 *Newberg on Class Actions*, 13:76 (Thomson West 2002) ............... 5

D. Herr, *Manual For Complex Litigation* (Fourth)(West 2012) §14:121 .................................. 11

## I. INTRODUCTION

Plaintiffs Susan Mainzer, James H. Duval, and W.T. submit this Opposition to the motion of Sam Kazman for Attorneys' fees and costs.

Objector Sam Kazman is an attorney with the General Counsel of the "Competitive Enterprise Institute," an entity generally dedicated to opposing government regulation and in favor of "limited government."[1]   His attorney Theodore "Ted" Frank is the primary attorney and founder of the Center for Class Action Fairness.   Kazman & Frank seek attorney's fees for objecting to the settlement in this action, as well as an incentive award for Kazman personally. There is no basis for this request, as the Kazman objections did not provide any benefit to the Class, let alone a substantial benefit.   Nor has Kazman himself done anything more than lend his name to the objection, thus, his efforts do not merit an incentive award.

Kazman/Frank seek to take credit for changing an aspect of the Settlement which was already in place in the Settlement Agreement itself—the possibility of an increase in the monetary payment to the claiming Class members. This increase was in part occasioned by the claims rate and in part by the lower-than-expected costs of administration tied to that claims rate.   Kazman/Frank seek fees calculated using a percentage method, and despite having vigorously argued for a "reduction" in fees for Class counsel The Arns Law Firm and Jonathan Jaffe Law ("Class Counsel"), Kazman/Frank are nevertheless asking for a *multiplier* of their own fees.   Recognizing that this is overreaching, and expressly admitting that it would be "unseemly" for them to receive such a multiplier, and apparently due to tax concerns, Kazman/Frank ask the Court to still award that same amount, but to give $85,000 of the "attorney's fee award" to the Class. In other words, Kazman/Frank want the court to effectively reduce Class Counsel's fee award below what the Court has ordered, as part of a sham transaction for attorney's fees.   As the Court has made no findings that Class Counsel's request was not made in good faith, this is simply an attempt to further chip away at Class Counsel's

---

[1] Declaration of Robert S. Arns ISO Opposition to Kazman Motion for Fees ("Arns Decl.) Ex. 1.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

fees, not a legitimate request for attorney's fees in compensation for work performed by Frank and a substantial benefit conferred to the Class.

Kazman Frank also base part of their claim to alleged "savings" to the Class on the fee request—rather than any monies actually awarded to the Class. It was always within the Court's discretion whether to award fees and how much, and with no clear sailing agreement, the amount requested by Class Counsel, though reasonable given the results and work performed, was never guaranteed to equal the full amount of the request.

Finally, Kazman/Frank's request that their fees come out of Class Counsel's fee award, is not supported by any Ninth Circuit authority, and the few out of jurisdiction cases do not support such an action under the facts presented here in any event. If indeed Kazman were entitled to any monies, that would be because he provided a benefit to the Class and under Ninth Circuit authority the monies to pay for such benefit are to come out of the Class' recovery in recognition of that.

Plaintiffs request oral argument on this motion.

## II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.  Plaintiffs' Motion For Litigation Costs and Fees

Subject to the Court's approval, Class Counsel submitted an application seeking their attorneys' fees and costs with respect to the Settlement of the claims of all Settlement Class Members out of the $20 million common fund. Amended Settlement Agreement ("A.S.A.") § 2.5. There was no "clear sailing" agreement, and Class Counsel's request was for $7.5 million. (ECF No. 253).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

**B.  Class Counsel Recommended an Increase of the Monetary Award to Class Members Independently From Any Objection**

Class Counsel clearly provided in the Settlement Agreement for an option for the Court to increase the monetary amounts distributed to the Class members in the Court's discretion if the settlement funds were not .  A.S.A. § 2.3(b). [2].

In addition to injunctive relief, every Class member who so wished and filed a claim will receive a cash payment that fully compensates them for the actual harm suffered. The Claims process has resulted in over 614,000 claims being made by Class members.[3]

Class counsel stated:

> Thus, over $6.1 million out of the $20 million settlement fund will be distributed, $10 for each validly filed claim. Now that the claims period has closed, it is feasible to determine the final numbers for funding to the class. We are pleased that the Garden City Group expenditures are less than expected; it is anticipated that they will be about $900,000, which is $1.5 million less than expected.  There are thus more than anticipated funds available to go to the class.

Memorandum in Support of Plaintiffs' Motion for Final Approval, at pages 2-3 (ECF No. 336).

Class counsel also stated in their Memorandum in Support of Plaintiffs' Motion for Final Approval, that:

> After deducting the requested attorneys' fees of up to $7.5 million, $280,000 in costs of litigation, and $900,000 for claims administration, and the $37,500 in requested service awards from the $20 million gross settlement fund, the net settlement fund will now have $11.2 million for the class and cy pres.  If the monies distributed to each class member were increased from $10 to $15, then $9.2 million would go to the class.  This $15 payment to the class would leave approximately $2 million for cy pres.  Based on these figures, Plaintiffs believe that an increased payment of $15, rather than $10, can and should now be made to the claiming Class Members if the Court believes that would be beneficial to the Class.  Pursuant to the Amended Settlement Agreement, Plaintiffs therefore

---

[2] Plaintiffs attached the Amended Settlement Agreement ("A.S.A.") as Exhibit 1 to the Declaration of Robert S. Arns in Support of Joint Motion for Preliminary Approval. (ECF No. 286)

[3] Declaration of Kevin M. Osborne in Support of Motion for Final Approval of Class Action Settlement ("Osborne Decl."), Ex. 5 (Jennifer Keough Decl.)  Note all subsequent references to declarations in support of the present motion will be stated as "[last name of declarant] Decl."

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

request that the Court increase the amounts going to each Class Member to $15, and direct the balance of the $20 million fund after attorneys' fees and costs, incentive awards, and settlement administration and notice costs, to the *cy pres* recipients the Parties have designated. These have been and are engaged in activities that will benefit the entire Class as well as the public at large, as they will advocate for issues such as the right of protection of the Class members' right of privacy on the internet. The *cy pres* recipients also include entities that are dedicated to the protection of the rights and welfare of minor children as they are affected by social media in an online context.

*Id*. at page 3.

### C.  The Court's Order Awarding Fees and Costs

After full briefing on Class Counsel's Motion for Fees and Incentive Award and Motion for Final Approval of Class Action Settlement, a fairness hearing was held on July 11, 2013. On August 26, 2013, the Court entered an Order awarding Class Counsel their costs in the amount of $236,591.08, with up to an additional $45,000 set aside for the payment of the costs of subpoena claimed by Razorfish.[4] The three named Plaintiffs were awarded $1,500 each as incentive awards.  The Court then held that:

Plaintiffs may recover attorney fees of 25% of the balance of the settlement funds remaining after deduction of (1) settlement administration expenses, (2) the costs awarded herein, (3) the incentive awards made herein.  Upon calculation of these figures, plaintiffs shall file a statement setting forth the exact amount of their fee recovery consistent with this order.

Order Granting in Part Motion for Attorney Fees, Costs, and Incentive Awards (ECF No. 360), at page 7.

### III.  ARGUMENT

#### A.  The Court Should Dismiss the Motion Due to Objectors' Failure to Meet and Confer with Class Counsel Prior to Filing This Motion

Civil Local Rule 54-5(a) requires that a party moving for attorney's fees meet and confer with counsel for respective parties before filing his/her motion. Further, Civil Local Rule 54-5(b) mandates that if no such conference is held, the applying attorney's declaration

---

[4] The Razorfish claim which had been reserved at $45,000, was resolved for $3,000, so the balance of $42,000 will be added to the amount which will benefit the Class.  *See* Letter of Jonathan Davis dated July 8, 2013 (ECF No. 357).

-4-

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES   [CORRECTED]

CASE NO. CV 11-01726 RS

include a statement to that fact, with certification that the applying attorney made a good faith effort to arrange such a conference and explain why the conference was not held. Objector Frank, who is also counsel for Objector Kazman, failed to comply with this requirement by filing his motion for attorneys' fees on September 9, 2013 without having first met and conferred with Class Counsel or meaningfully attempting to do so.

Mr. Frank resorts to excuses in trying to justify his non-compliance. *See* Frank, Dec. pg. 1-2 (unnamed members of The Center for Class Action Fairness variously moving, pregnant [but not due for several months], busy with other cases and reporting requirements.). Mr. Frank did not email Mr. Arns about scheduling such a conference until 1:08 am on the day he filed his motion. Exhibit 2 to Arns Dec. (copy of email). Mr. Arns was in an all-day mediation on September 9. *Id*. ¶ 4. After only a few hours, Frank filed his motion before getting on a plane to object in another matter. Declaration of Theodore Frank ("Frank Decl."), ¶10. Frank's ineffective last-minute efforts to meet and confer do not qualify as a "meaningful" attempt. Because Kazman/Frank failed to meet this requirement, imposed in order to respect and preserve this Court's resources, this motion should be dismissed.

### B.  Objector Kazman is Not Entitled to Any Recovery Because the Court's Orders Were Not the Result of Kazman's Objections

Under the common fund doctrine, counsel for an objector to a class action settlement agreement may be entitled to reasonable attorneys' fees if, but only if, the objector's conduct in fact resulted in the conferral of a substantial benefit to the class members. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051-52 (9th Cir. 2002). It is the exception, not the rule. An award of attorneys' fees to objectors is appropriate only when "(1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced to those class members, and (3) the fee can be shifted with some exactitude to those benefitting from the settlement or judgment." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980) see A. Conte & H. Newberg, 4 *Newberg on Class Actions*, 13:76 at 490 (Thomson West 2002). Indeed, objectors bear the burden of proving "that it was *their efforts* that *resulted in* conferring this benefit on

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

the class." *Boeing Co.*, 444 U.S. at 478-479 (emphasis added).  *See also In re Classmates.com Consolidated Litigation*, *No. C09-45RAJ, 2012* U.S. Dist LEXIS 83480(W.D. Wash. June 15, 2012) at *26 (noting the discretionary nature of awarding fees to objectors "provided that the *objectors prove* that they 'substantially enhanced the benefits under the settlement'" (quoting *Vizcaino*, 290 F.3d at 1052 (emphasis added)).

Numerous other federal courts across the country have also expressly or impliedly required that, in seeking attorneys' fees, objectors make an affirmative showing of a causal link between their objections and a substantial benefit to the class.  *See, e.g., Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 807, 810 (N.D. Ohio 2010) (initially denying objector leave to file fee petition because objector "has not submitted any evidence to support the notion that his objections—as opposed to the objections of other Settlement Class Members, or even objections of the Court itself—actually provided a meaningful benefit to the class")("*Lonardo I*").  Even in *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012), cited by Kazman/Frank, the Court of Appeal made it clear that "[i]f these objections *result in* an increase to the common fund," objectors may be entitled to attorneys fees (emphasis added).

Objector Theodore Frank should be well versed in the language and jurisprudence of the common fund doctrine, as he frequently seeks to recover attorney fees based on his alleged contributions to class action settlements.[5]  Yet Frank fails to address these other requirements that govern the limited situation in which objectors are entitled to attorneys fees.  Frank's strategy appears to be one that involves casting a wide net of objections, and then taking sole credit for any change in the settlement terms or fee award, glossing over the fact that numerous other objectors, the parties, and/or the judge have made the same arguments or raised the same

---

[5] *See* Decl. of Theodore Frank, page 2, lines 19-20.

-6-

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]

CASE NO. CV 11-01726 RS

issues.[6] This strategy, trotted out by Frank in numerous other cases, is transparent and should not be rewarded.[7]  Because no evidence supports a finding that Objectors Frank and Kazman contributed in any way to the recovery of the class, they are not entitled to any recovery of attorneys' fees or an incentive award.

### 1. Kazman/Frank's Objection Had No Influence on the Increase in the Payments to the Class

Kazman/Frank argue that their objection was responsible for an increase of up to $5.8 million to the class common fund.  First, Frank contends with zero support that $3 million of that benefit resulted from the parties increasing the settlement relief from $10 per class member to $15 per class member.   Frank practically admits, however, the absence of any causal link here by speculating that this result was "[i]n *likely response* to" his objection.  Frank reiterated this speculation on his blog by writing that the increase was "*perhaps* in response to" his objection.[8] Kazman/Frank Motion at page 3 (emphasis added).  As noted above and stated to

---

[6] *Compare* Frank, Objection to Proposed Settlement and Fee Request, *Fraley v. Facebook*, Dckt. 310, 4-26 (May 2, 2013) (objecting on grounds of insufficient notice, excessiveness of fee request, inappropriate use of a multiplier on lodestar, impropriety of cy pres distribution, artificial barriers to claim submission, adequacy of representation/collusion) *with Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 783-786, 2010 U.S. Dist. LEXIS 33180 (N.D. Ohio 2010)(initial order)(noting that Objector Daniel Greenberg, represented by Theodore Frank, asserted objections as to insufficient class notice, artificial barriers to recovery, and adequacy of representation/collusion). Frank received fees in *Lonardo* only on motion for reconsideration after class counsel stated that Greenberg's objection caused changes to the settlement which benefited the class. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 2010 U.S. Dist. LEXIS 73703 (N.D. Ohio 2010)(order on reconsideration). The court initially denied Frank's fee request on grounds that Frank "has not submitted any evidence" that his objections provided any meaningful benefit. 706 F.Supp.2d at 810.

[7] *See Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d  942, 973-94 (E.D. Tex. 2000) (recognizing the practice of some professional objectors of filing "canned" objections "simply to extract a fee by lodging generic, unhelpful protests;" also dismissing as "canned" and unhelpful, including one such objector's arguments which seemingly forgot to change the name of the defendant from Sears to Toshiba: "This Court would venture to say this particular language has previously been filed in another class-action lawsuit involving 'Sears.' Perhaps that's where it should have stayed.")

[8]  See August and September Update, CENTER FOR CLASS ACTION FAIRNESS, http://centerforclassactionfairness.blogspot.com/2013/09/august-and-september-update.html (Sept. 9, 2013) (emphasis added).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

the Court in Class Counsel's Motion for Final Approval, the increase in the claim payment amount, advocated for by Class Counsel, was simply a result of the lower-than-anticipated claim rate that became apparent between the time of preliminary approval and final approval. Memo of Law ISO Motion for Final Approval (ECF No. 336), at pages 2-3.

The Settlement's very terms allowed for an increased payout in such an event, which demonstrates that Class Counsel and the Court had anticipated just such an outcome. The clauses were drafted and approved by the court prior to any participation by Frank. A.S.A. § 2.3(b), Arns Preliminary Approval Decl. (ECF No. 286), Ex. 1.

### 2. The Amount of Class Counsel's Attorney Fee Award Was Not Affected by the Kazman/Frank Objections

Frank contends that a $2.8 million increase of the settlement fund was attributable to his objections relating to class counsel's fee request because the court ultimately awarded a "reduced" fee award in the amount of approximately $4.7 million (in comparison to the $7.5 million originally requested). He fails however to offer any evidence supporting a causal link between his shotgun-style objection brief and the court's fee opinion. Rather, he baldly states as fact that because the court "agreed" with or "adopted many of" those objections, he is entitled to a minimum of $288,000 in attorneys' fees.

Courts vary on the level of influence required to merit objector attorneys' fees. Some will award attorneys' fees where they find the objector has "enhanced the adversarial process." Others require more. Thus, "objectors must have economically benefitted the class or, at the very least, shown that a court adopted their objection." *Dewey v. Volkswagen of America,* No. 07-2249, 909 F. Supp. 2d 373, 395 (D.N.J. Dec. 14, 2012)(citing *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F.3d 849, 855 (10th Cir. 1993). Regardless of the standard applied, Frank is unable to demonstrate that his objection was the cause of anything. Unlike in most cases where objector's arguments were found to lead to a benefit, the Court's opinion here fails to expressly mention and value Kazman/Frank's objection as to the points for which credit

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

is sought here.[9]   Instead, this Court, in granting final approval of the settlement and awarding fees, mentions all the objections in general terms and only in order to overrule them.[10]   Kazman and Frank are never mentioned.

Specifically, as to the attorneys' fee award, Frank claims responsibility for: (a) the court declining to assign monetary value to the injunctive relief for purposes of calculating class counsel's fee award, (b) the application of the percentage of recovery method rather than lodestar to calculate Class Counsel's fees, and (c) the court's decision to exclude notice and administration costs when determining class counsel's fee award. He fails, however, to demonstrate the existence of any connection between any of his objections and the ultimate outcome.

Where an objector merely raises issues the court has already previously considered, it cannot be said that he contributed to the level warranting compensation.  Indeed, Judge Posner of the Seventh Circuit Court of Appeals held that "[a] compelling ground for denying objectors a fee . . . is that other lawyers at the hearing, notably counsel for [an intervening party] had vigorously objected to [the same issue]; the objectors added nothing." *Reynolds v. Benefit Nat'l Bank*, 228 F. 3d 277, 288-89 (7th Cir. 2002); *accord*, *In re Synthroid Mrktg. Litig.*, 264 F.3d 712, 722-23 (7th Cir. 2001); *Rodriguez v. Disner*, 688 F.3d at 658-59 (noting that it is not error to deny fees to objectors "whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit to the class"). The issues Frank takes credit for were hardly novel in this case. A review of the docket and preliminary approval hearing transcript demonstrates that these issues were already independently briefed and contemplated by the parties and Court prior to any participation by Frank.  Further, any argument Frank may make

---

[9] *Compare In re Dry Max Pampers Litig.*, No. 11- 4156, 2013 U.S. App. LEXIS 15930 (6th Cir. August 2, 2013)(repeatedly acknowledging by name Objector Greenberg's arguments); *In re Baby Product Antitrust Litigation*, 708 F.3d 163, 178 (3rd Cir. 2013)(directly acknowledging objector's arguments as being worthy of discussion, although ultimately refusing to adopt them).

[10] *See* Order Granting Final Approval, at pages11-14.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]

CASE NO. CV 11-01726 RS

as to a causal link between his objections on the court's decision is vitiated by the other objectors who lodged the same or similar arguments, which were entertained by the court.

### a. The Issue Of Valuation of The Injunctive Relief For Purposes of Assessing Attorneys' Fees Was Raised By the Parties and this Court Well Before Kazman and Frank Became Involved In the Action

Frank contends that he is responsible for the court declining to assign monetary value to the injunctive relief for purposes of calculating Class Counsel's fee award.  Not only is there no evidence supporting this contention, to the contrary the record demonstrates that this issue was fully contemplated by the Court well before Frank's involvement.   While Class Counsel maintains their position as to the monetary value of the injunctive relief secured by the settlement agreement,[11] at the first hearing on preliminary approval on August 2, 2012, the Court extensively questioned counsel as to the methods of valuing the injunctive relief. [12]

In refusing to grant the first motion for preliminary approval, the Court voiced a concern that Class Counsel's theories for calculating the value of the injunctive relief were not convincing and could not, as presented, serve as measure of the economic value realized by Class as to the injunctive relief.[13]   Class Counsel in their second, Joint Motion for Preliminary Approval accordingly submitted additional economic theory, expert opinions, and detail in support of the valuation, but the Court nevertheless in its discretion declined to place a monetary value on the relief, though it did find that the injunctive relief "contributes to the conclusion that the settlement as a whole is fair, reasonable, and adequate."  August 26, 2013 Order at page 9 (ECF No. 359).

---

[11] Indeed, Courts in several actions have recognized the value of injunctive relief in approving class actions and attorneys' fees based thereon. See, e.g., *White v. Experian Information Solutions*, 2011 U.S. Dist LEXIS 79044 (C.D. Cal. July 15, 2011); *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448 (D.N.J. 2008).

[12] See Transcript of first hearing on Preliminary Approval on August 2, 2012 (noting  concerns about  expert Fernando Torres' valuation method)("August 2 Hearing Transcript") at pg. 6, 39-55 Arns Decl, Ex. 4. .

[13] August 2 Hearing Transcript at pages 54-55.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

The extent of the debate, research, and briefing that took place on this issue prior to any involvement by Frank precludes a finding that his objection contributed in any way to the Court's ultimate decision to calculate Class Counsel's fee award based only on the cash recovery. Again, the Order awarding fees makes no reference to Frank or his arguments at any point in the order granting in part Class Counsel's motion for attorneys' fees. Frank's brief was simply not the influential factor he claims it was.

### b. Class Counsel Advocated for the Percentage of Recovery Method

Frank claims the "Court's fee opinion adopted" his objection's argument regarding the "appropriate application" of the percentage-of-recovery method.[14] This argument is flawed for two reasons. First, it takes credit for an argument that Class Counsel themselves advocated repeatedly prior to Frank's involvement.[15] This precludes a finding that Frank's objection "resulted in" or caused any effect. Secondly, it seeks compensation for merely pointing out the obvious. "[W]here a lawyer merely reiterates the objections of unrepresented class members, or points out the routine or obvious, the lawyer does not enhance the settlement, he merely adds his voice to the chorus. Were the court to reach a contrary decision, it would only encourage attorneys to file 'me-too' objections to class settlements in the hope of obtaining compensation." *In re Classmates.com Consolidated Litigation, No. C09-45RAJ, 2012* U.S. Dist LEXIS 83480(W.D. Wash. June 15, 2012) at *27.

It is also common practice for federal courts to apply the percentage of recovery method when calculating class counsel's fee award. *See* D. Herr*, Manual For Complex Litigation* (Fourth)(West 2012) §14:121 at 258-259 ("the vast majority of courts of appeal now permit or direct district courts to use the percentage-fee method in common fund cases.")(citations omitted). Frank even acknowledges this fact in his motion. Kazman/Frank Motion at 3. Yet he nonetheless seeks to be paid for his duplicative and unhelpful "work." Because this objection merely repeated what Class Counsel already argued for, it is far from the type of work

---

[14] Frank, Motion, pg 1.
[15] See Plaintiff's Motion for Fees (advocating for the use of the percentage of recovery method)(ECF No. 253) at pages19-24.

-11-

warranting compensation. Even in the absence of Class Counsel's briefing on this issue, Frank

fails to prove that it was his objection that led the court to apply the percentage method.

### c. Net Settlement Recovery

Frank claims that "at a minimum," he should be credited with the Court's decision to

subtract fees and administration costs prior to calculating attorneys fees because "[n]either

Facebook nor any other objector" made such an argument. Kazman/Frank Motion at 3. As

above, however, he fails to provide any meaningful evidence that would affirmatively support a

finding that it was Frank's objection that resulted in this outcome. Instead, he merely makes a

bare assertion and then provides an irrelevant and duplicative string cite of cases standing for

the general validity of awarding fees to objectors where they have conferred a substantial

benefit.

By saying "at a minimum" Kazman should be credited for the argument concerning the

net settlement recovery calculation because "neither Facebook nor any other objector" argued

as much, he implicitly acknowledges that with respect to the above issues, the parties and/or

other objectors made the same arguments. As explained above, objectors are not entitled to

attorneys fees where the parties, court, or other objectors have made the same arguments. *See*

*Reynolds* at 288-89. This forecloses a finding that Frank should be credited with any outcome

that may have been affected by such arguments.

It plainly cannot be said that but-for Frank's objection, this Court would have included

administrative costs in the calculation of attorney's fees. The Court in its Order first explained

that the choice of whether a percentage recovery is calculated prior to or after the deduction of

costs and settlement administration expenses is one left to the court's discretion. [16] Without

citation or stated reasoning, the Order then simply states that "in this instance it appears more

appropriate and reasonable to apply the benchmark percentage" after the deduction of such

costs.[17]  Frank fails to bear his burden of proof of showing that his objection was the root of the

Court's decision.

---

[16] Fee Order, pg. 3
[17] Fee Order, pg. 4.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION
FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

### C.   Kazman's Efforts Were Not "Substantial" And Thus Not Deserving of Compensation Under the Common Fund Doctrine

Under the common fund doctrine, the benefit conferred to a class must be "substantial" in order for an objector to be entitled to a fee award. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051-52 (9th Cir. 2002). Frank argues that, "at a minimum," his work was responsible for an extra $2.8 million going to class by reducing class counsel's fees from $7.5 million to approximately $4.7 million.  On this point, it is important to note that class counsel's request for a certain dollar value of attorneys fees in no way guarantees the recovery of that amount. Fee awards in class actions are always subject to court approval and settlement agreement provisions regarding specific fee awards are not binding on a court. *In re HP InkJet Printer Litig.*, 716 F.3d 1173, 1177 (9th Cir. 2013) (noting the court's independent duty to determine reasonableness of any fee awards); accord, *Garbedian v. Los Angeles Cellular Tel. Co.,* 118 Cal. App. 4th 123, 129(2004).  A fee award of $7.5 million was, therefore, merely a request and in no way was assured to be awarded. There was not even a "clear sailing" agreement between the parties, and indeed, Facebook filed a detailed opposition to Plaintiffs' motion for fees. Frank's calculations in reaching the $2.8 million figure therefore are based on an unfounded assumption.  Thus, even if a relationship could be found between objector's arguments and the court's order, the benefit conferred is marginal at most and thus should not be compensated. Class Counsel's request for the $7.5 million, moreover, was premised in part upon the benefits conferred by the injunctive relief.

Even assuming *arguendo* against all evidence and logic, Kazman/Frank were in some small way responsible for the Court's application of the net settlement recovery method, the benefit to the Class would be at most $296,114. As of June 7, 2013, the projected total costs of settlement administration were expected to be approximately $940,000. Declaration of Jennifer M. Keough Regarding Settlement Administration (ECF No. 341), ¶15.  The costs of the suit

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]

were $239,956,[18] and the class representative's incentive awards were a total of $4,500. The sum of these is $1,184,456. Subtracting this amount from the Settlement fund prior to calculating attorneys' fees results in a reduction of class counsel's fee award of $296,114 and thus an equal amount to go to the *cy pres* recipients. In comparison to the $20,000,000 gross settlement fund, however, this represents a 1.48% increase. This can hardly be called a "substantial benefit" as to the entire Class. Were Kazman/Frank entitled to a 10 percent recovery on this amount (which is what Kazman/Frank request), the most Kazman could be awarded would be $29,611.

Under case law cited by Kazman / Frank, however, any recovery would arguably be tied to the same percentage ratio the benefit obtained by the objection bears to the overall common fund. *In re the Prudential Ins. Co. of Am. Sales Practices Litigation*, 273 F. Supp. 2d 563, 571-573 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004).[19] Since at most that "benefit" would again be just 1.48% of the common fund ($296,114), applying that same ratio to award attorneys' fees would yield $4,384 in fees.

Further, fees for objectors are rarely so high as 10% in other cases, and under the cases cited by Frank where they have been, the contribution of the objection has been demonstrably and significantly more than Kazman/Franks' here. *See Dewey v. Volkswagen of America,* No. 07-2249, 909 F. Supp. 2d 373 (D.N.J. Dec. 14, 2012)( $782,283.87 in additional value to the Class); *In re Puerto Rican Cabotage Antitrust Litigation*, 815 F.Supp.2d 448, 467-468 (D.P.R .

---

[18] Plaintiffs will be filing a statement of costs calculating their attorneys' fees per the Court's Order awarding fees. The statement will note that they resolved the Razorfish subpoena for $3,000 (*see* ECF No. 357 and 357-1 discussing the subpoena) which amount will be added to amount previously stated for costs (as noted above, $45,000 total had been reserved against this claim).

[19] Frank oddly includes *Prudential Ins. Co. of Am. Sales Practices Litigation* in his string cite of cases supposedly having awarded "similar recovery" to that of class counsel, while acknowledging that there the Court awarded only 1.4% of the benefit awarded, in same ratio to the amount the benefit bore to the overall settlement fund. In other words, the recovery percentage-wise was in no way similar to the percentage awarded to class counsel in *Prudential*. Rather, it was a small fraction of it.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES   [CORRECTED]

CASE NO. CV 11-01726 RS

2011)(requested objector fee of 33% or 23% "clearly excessive," 10% awarded where class counsel admitted objection was instrumental and provided benefit of $3 million to the Class).

It is also worth noting that the benchmark of 25% discussed in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), cited by Kazman / Frank, referred to the percentage in common fund cases allowed for class counsel, not for objectors.

### D.  Frank Has Not Submitted Proper Support for His Claimed Hours.

Local Rule 54-5(b)(2) requires that an attorney applying for fees include in his accompanying declaration a "statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained."  In his declaration, Frank offers summary data regarding hourly rates and number of hours worked in order to try to substantiate a lodestar of $51,787.50.  The lodestar figure is offered for purposes of cross-checking the $135,000 he seeks under the percentage of recovery method.[20] Frank claims he worked 37.2 hours at a rate of $750 per hour "monitoring" the case, attending and arguing at the fairness hearing, "investigating" the settlement agreements and objections, and screening potential objectors. Frank claims his second-year associate, Adam Schulman, worked 63.7 hours at an hourly rate of $375 per hour researching the case, "hash[ing] out" legal strategy with Frank and writing portions of the objection.[21]

There are multiple problems with Frank's lodestar cross-check analysis.  In *Wininger v. SI Mgmt.L.P.*, 301 F.3d 1115 (9th Cir. 2002) the Ninth Circuit affirmed the district court's decision to exclude from the lodestar calculation offered by an objector seeking attorneys' fees those hours not "reasonably spent in achieving the results obtained." *Id.* at 1125 (citing *Friend v. Kolodzieczak*, 72 F.3d 1286 (9th Cir. 1995)). The district court there ultimately excluded over half of the objectors' claimed hours that had been "expended in unsuccessful efforts," explaining that objectors were entitled to compensation only for the hours spent on successfully challenging the plaintiffs' counsels' fee request. *Id.* Thus, *only* those hours actually spent on the

---

[20] Frank Decl., pages 3-5.
[21] Frank. Decl. pages 4-5.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]

CASE NO. CV 11-01726 RS

objection particular to Class Counsel's fee request should be included in his lodestar for purposes of this motion.  Because Frank failed to submit the requisite detailed time keeping records, it is impossible to determine which of the cited 100.3 hours were actually spent on this objection rather than the other objections that were unsuccessful. Out of Frank's thirty-page objection brief, just thirteen of those were aimed at the fee petition, and only a sentence or two was dedicated to the proposition that settlement administration costs should not be included in the fund for the purposes of calculating the percentage of recovery. Since Frank routinely files virtually identical objections in very similar cases, expending 67 hours researching and strategizing the same issues for this case would be both duplicative and unreasonable.  He has not explained how his boilerplate objection as to the issues for which he is claiming recovery warranted any special effort.

Finally, Frank argues that the multiplier necessary to bring his lodestar equal the requested $135,000 under the percentage of recovery method (which is based on his erroneous assessment of the money obtained by his objection for the benefit of the Class) is not "unreasonable" and claims that it is smaller than the multiplier Class Counsel sought to apply. This is false in many regards.  Class Counsel in the case at bench sought a multiplier of 1.391. A comparison of the requested $135,000 and Frank's lodestar would yield a multiplier of 2.6— well above what was requested by Class Counsel.  In *Wininger*, *supra*, the Ninth Circuit affirmed the district court's decision to refrain from applying a risk multiplier to an objector's lodestar based on the "relative lack of difficulty, and [their only] partial success." 301 F.3d at 1125-27. Here, as noted above, Frank's objections in this case were highly similar to other recent cases in which he has objected and only (and then only arguably) achieved success on one of the four he raised.  Frank, therefore, is not entitled to any multiplier and since he failed to substantiate the number of hours *reasonably* expended only on the objection pertinent to Class Counsel's fee petition, should receive nothing.  There is certainly no basis whatsoever for a multiplier on the amounts.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION
FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

### E.  The Objections Were Not Intended To Benefit The Class But Rather Counsel And Their Agenda

Despite Frank's seemingly boilerplate disclaimer that he is "not a professional objector," Frank Decl., pages 6-7, his actions speak otherwise.  Indeed, one of Frank's many excuses for failing to comply with the meet and confer requirement here is that he had to attend a fairness hearing in San Diego on September 9th.  Frank Decl., page 2. In his  objections to the settlement in that matter, Frank had the audacity to request attorneys' fees for work on an appeal that was filed, argued, and won *by different objectors represented by different counsel—* even though he and his client were not involved at all in that appeal, and apparently would not receive the fees if awarded. *Dennis v. Kellogg*, No. 09-CV-1786-IEG (S.D. Cal., Sept. 10, 2013) slip opinion at page 8. In denying the request as not properly before the Court, the district court judge made a point of noting that: "Theodore Frank of the Center for Class Action Fairness, [has] been widely and repeatedly criticized as [a] serial, professional, or otherwise vexatious objector." *Dennis v. Kellogg*, No. 09-CV-1786-IEG, slip opinion at page 7 n.2.  The court in *Dennis* also cited cases in which the courts "describ[ed] Frank as a 'professional objector' of which 'federal courts are increasingly weary.'" *Id.,*citing *Dewey v. Volkswagen of America,*728 F.Supp.2d 546, 575 (D.N.J. 2010).

The court in *Dennis v. Kellogg* also pointed out the hypocrisy of a back-up objection Frank lodged in *Dennis* regarding one of the potential *cy pres* recipients in that case calling it an "activist organization inappropriate as a *cy pres* recipient." *Dennis*, No. 09-CV-1786-IEG (S.D. Cal., Sept. 10, 2013), slip opinion at page 8 n.3.  The judge remarked that "[this objection] echoes the pot calling the kettle black; [objector's] own counsel, Theodore Frank, works for and represents an ostensibly 'activist' organization, the Center for Class Action Fairness, widely criticized as 'long on ideology and short on law.'"  *Id.* (quoting  *Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 785) (N.D. Ohio 2010)).

Objector Sam Kazman is also not simply a public-minded citizen; he is also an attorney with a track record of activism.  Kazman is General Counsel of the "Competitive Enterprise

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]

Case No. CV 11-01726 RS

Institute," and heads its "Death by Regulation" project, which purports to try to raise "public awareness of the hidden costs of government overregulation" according to the CEI's website. Arns Decl., Ex. 1.   Kazman's business address and name of his business were blacked out in the filed version of his Declaration in support of his objection, likely not only for privacy reasons but for the purposes of concealing his interests. (*See* ECF No. 310.)

Finally, Frank has expressed his intention not to appeal the Court's final approval as to "the parts of the decision which the Court got wrong," further demonstrating his motive of looking for an easy handout.[22]   Kazman and Frank here seek nothing but a piece of a pie to which they have contributed nothing.  The Court, therefore, should find that objectors are not entitled to any recovery.

### F.   Under Ninth Circuit Authority Any Fees Awarded Are To Be Paid Out of the Common Fund Rather Than Class Counsel's Fee Award

As noted above, Plaintiffs firmly believe that the Kazman/Frank objections in no way merit the payment of any fees to Kazman.  However, in the extremely unlikely circumstance that such fees were to be awarded, such objector's attorneys' fees are not properly taken from the fees awarded to Class Counsel as Frank has requested.  The equitable theory behind the common fund doctrine seeks to avoid the unjust enrichment of absent class members who benefit from the objector's services by awarding compensation in proportion to the benefit obtained. *See Serrano v. Priest,* 20 Cal.3d 25, 35(2007).  The Supreme Court, in *Boeing v. Van Gamert*, 444 U.S. 472, 478 (1980) explained that unjust enrichment is prevented "by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by" the work. Thus, contrary to Franks' request, even if fees were awarded to him, they can only be paid out of the common fund. Frank cites to no case law supporting such an argument in the Ninth Circuit.  Nor do the cases cited by Frank establish that the benchmark

---

[22]   August   and   September   Update,   CENTER   FOR   CLASS   ACTION   FAIRNESS, http://centerforclassactionfairness.blogspot.com/2013/09/august-and-september-update.html (Sept. 9, 2013) (Arns Decl. Ex. 3)

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

applied for common fund awards in the Ninth Circuit is to be "split" with an objector, even one with a meritorious objection.

A look at the factual backgrounds of the cases cited by Frank bars any application of their holdings to the present matter.  In *Lonardo v. Travelers Indem. Co.,* 2010 U.S. Dist. LEXIS 73703, 706 F. Supp. 2d 766, 808 (N.D. Ohio July 10, 2010)("*Lonardo II*"),[23] objector's attorneys' fees were paid out of class counsel's fee award only after objector's counsel, Ted Frank, on motion for reconsideration of denial of his fee request, obtained a declaration from class counsel affirmatively stating that the objection had resulted in value to the class in the form of a revised settlement, and stating that the objector's attorneys' fees should come out of class counsel's fees. 706 F.Supp.2d at 808.  The court had previously denied the request, finding that Frank's objections had not been shown to have provided a substantial benefit to the Class.  Here, by contrast, there has been no acknowledgement by the Court or by Class Counsel as to any value provided by the present objectors, and Class Counsel also have not and do not agree to have any such fees deducted from their fee award.[24]

*In re the Prudential Ins. Co. of Am. Sales Practices Litigation,* 273 F. Supp. 2d 563 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004), involved a similar arrangement between class counsel and the objectors, where class counsel agreed to not oppose the objectors' application for a fee award up to a certain amount to be paid out of fees awarded to class counsel.  273 F. Supp. 2d at 564-66.  The case involved a $4 billion settlement.  The District Court of New Jersey rejected the stipulation, and even though the award would in no way affect the defendants' liability, carefully analyzed the fee request. The court noted that the $56 million was only 1.4% of the total settlement amount, and thus awarded an equivalent percentage, or $1,126,000 in fees to some of the objectors (finding no fee at all appropriate for one) rather than the 3.5% or $2.25 million in fees to which class counsel and the objectors had

---

[23] The opinion on motion for reconsideration and original opinion of the District Court have been given the same citation in the official reporter, and thus can only be distinguished by the Lexis citation numbers.

[24] *See supra page* 6 (discussing language in *Lonardo I* requiring proof of causation before an objector may be entitled to attorneys' fees).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION
FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

agreed the objectors could request.  Not only is there again here no agreement by Class Counsel that the Kazman/Frank objection added value or that any payment should come out of Class Counsel's fees, the *Prudential* case establishes that the objector fee requests should be carefully scrutinized and perhaps tied to a percentage of the benefit relative to the overall settlement.[25]

The court in *Shaw v. Toshiba,* 91 F. Supp. 2d 942, 974 (E.D. Tex. 2000) did not, as Frank represents, require that class counsel, specifically, pay objector's attorneys fees but rather that the defendant and class counsel pay the fees "as they may agree" between themselves.  The court did not explain its reasoning in coming to this conclusion, and thus this holding is of little to no use here.  Moreover, it is once again very fact-specific: part of the class recovery in *Shaw* took the form of coupons, originally redeemable for 180 days. *Id.* That redemption period was extended to one year due to the objectors' involvement. *Id.* Because *Shaw* concerned the conferral of a non-cash benefit, it is distinguishable and should not be applied here.

The opinion in *Duhaime v. John Hancock Mut. Life Ins. Co.* 2 F. Supp. 2d 175, 176 (D. Mass. 1998) is also inapplicable. There the objector's attorneys' fees were paid out of monies reserved to pay class counsel's fee award, provisionally approved at $39 million, but only because there was no common fund established through the settlement agreement. *Id.* The monies to pay the fee award were required to be deposited into escrow, which the court said should "be thought of as a kind of common fund." *Id.* Upholding the equitable theory behind the common fund doctrine, the court ordered that objectors' attorneys' fees be funded from this "common fund."  Here, unlike in *Duhaime*, there is a $20 million common fund inuring to the benefit of the class. Not only is *Duhaime* therefore distinguishable, its reasoning actually

---

[25] Similarly inapplicable is *Parker v. Time Warner Entertainment Co., L.P.,* 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009). There, the settlement agreement included a provision stating that class counsel would pay any court awarded objectors fees and costs. It was only pursuant to this agreement that class counsel bore the burden of paying the objector's fee award. *Id.* Again, there is no such provision in the present settlement agreement that would support any objector's fees to be funded by class counsel's fee award.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION
FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

supports a finding that any award of attorneys' fees to the objectors should be paid out of the common fund.

Finally, Frank cites *In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998), which in addition to being fifteen years old, is also not properly applied here. The case involved a complex securities fraud class action, the litigation and settlement of which involved twenty-five law firms. *Id.* The institutional objector's objection was held to have caused the court to discover that the efforts of class counsel had not led to the early settlement as much as previously thought, causing it to reduce the attorneys' rates, and thus the court invoked its equitable power to redistribute those fees among all the attorneys involved, including an award to the objector. In the end, the court awarded the objectors a fee equal to 3% of that awarded to class counsel. Horizon, 3 F.Supp.2d at 1215. Here, there was no finding by the Court that the actual hours or rates submitted by Class Counsel were excessive or that their efforts did not lead to the Settlement.

### G. Kazman Should Not Receive an Incentive Award

Research has uncovered little authority in the Ninth Circuit for providing incentive awards to objectors. Indeed, the Court in *In Re Classmates.com Consolidated Litigation*, *No.* C09-45RAJ, 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. June 12, 2012) noted that "The court is aware of no authority authorizing a "service award" to an objector. If there were such authority, the court assumes that it would treat a participation award to an objector similarly to a participation award to a class representative." *Id.* at *27. The authority that Kazman/Frank cites is easily distinguishable on the facts from the situation here.[26]   Furthermore, as noted

---

[26] *See Lonardo II*, 706 F.Supp.2d at 813 (finding that objector's involvement was "nominal" compared to the amount of time expended by the class representatives, who were awarded $5,000, and accordingly awarding $500, or 10% of that amount—by extension, since the Class Representatives here were awarded $1,500 each, Kazman here would get $150); *In re Apple Inc. Sec. Litigation*, No. 5:06-cv-05208-JF, 2011 UJ.S. Dist LEXIS 52685(N.D. Cal. May 17, 2011)(court found that objector created benefit of $2.5 million to the class in awarding $1,000 as an incentive award; by analogy under the same ratio assuming a $296,000 benefit, Kazman at most would receive $118).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]

CASE NO. CV 11-01726 RS

above, Kazman is hardly the average class member. Rather, he is an attorney whose career is dedicated to pushing an agenda.  He should not be awarded any incentive award.

"The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." *Park v. Thomson Corp.*, 05 Civ. 2931 (WHP), 633 F. Supp. 2d 8, 2009 U.S. Dis. LEXIS 37617, at *4 (S.D.N.Y. Apr. 2, 2009). In the absence of any evidence that the objector was "put at risk or inconvenienced in any meaningful way by lending their names to the objections pursued by the counsel," an incentive award should be denied. *Id.* (denying incentive awards to objectors even though their attorney was awarded $97,915 in fees because there was "no indication that [the objectors] were put at risk" or inconvenienced).  Unlike the class representatives herein, who were subjected to intrusive, day-long depositions and who were at risk for the payment of Facebook's substantial attorneys' fees under California Civil Code § 3344, Kazman did nothing but lend his legal standing as a class member and his name to the objection in furtherance of his own agenda and that of the  CCAF.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS

## IV.  CONCLUSION

For all the foregoing reasons, the Motion should be denied in its entirety.

THE ARNS LAW FIRM

By:___/s/ Robert S. Arns_____
      Robert S. Arns
      Steven R. Weinmann

JONATHAN JAFFE LAW

By:___/s/ Jonathan M. Jaffe_____
      JONATHAN M. JAFFE
      Attorneys for Plaintiffs

## ATTESTATION
## (LOCAL RULE 5-1(i) (3))

I, Robert S. Arns, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories which shall serve in lieu of their signatures on this document.

/s/  Robert S. Arns_____
 Robert S. Arns

PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO KAZMAN MOTION FOR ATTORNEYS' FEES    [CORRECTED]
CASE NO. CV 11-01726 RS