# CERTIFICATION REGARDING TRANSCRIPTS (9th Cir. R. 10-3.1(f))

Case number: 13-16918
Case name: *Fraley v. Facebook*
Filed by: Objectors-appellants Schachter, Parsons, Leonard
(on behalf of themselves and their minor children), R.P., and J.C.

Objectors-appellants Schachter, Parsons, Leonard (on behalf of themselves and their minor children), R.P., and J.C. (hereinafter "Schachter appellants") do not intend to order any transcripts from the district court.

On October 23, 2013, undersigned counsel for Schachter appellants received a letter from appellee Facebook requesting that transcripts from the following five hearings be ordered:

(1) July 28, 2011, case management conference,
(2) September 29, 2011, motion to dismiss hearing,
(3) August 2, 2012, preliminary approval hearing,
(4) November 15, 2012, preliminary approval hearing, and
(5) June 28, 2013, final approval hearing.

Pursuant to Ninth Circuit Rule 10-3.1(f), undersigned counsel for Schachter appellants certifies that these transcripts are unnecessary to this appeal, for the following reasons.

In their appeal, Schachter appellants intend to raise the single legal issue of whether the fact that the class action settlement in this case permits violations of seven state laws should have defeated settlement approval. The legal questions relevant to that issue include whether a district court may approve a settlement that permits violations of state laws (including not only the law at issue in the underlying action but six other state laws as well), whether the settlement agreement at issue does in fact permit such violations, and whether the state laws at issue should be disregarded because they are preempted by the federal Child Online Privacy Protection Act. All of these issues can be resolved as a matter of law based on documents already filed with the district court, such as the settlement agreement itself. In raising the same argument below in their objections to the settlement, the Schachter appellants did not rely on any of the transcripts of proceedings that Facebook designated, and the Schachter appellants do not intend to rely on them on appeal. To Schachter appellants' knowledge, the transcripts do not contain any evidentiary submissions that could be material to their claim. Indeed, there are no facts in dispute concerning this claim, so there is no evidence

at issue anyway. What the transcripts would provide to the Court of Appeals — statements made by counsel to the district court, and the district court's questions to counsel — are not likely to be helpful in resolving the appeal, and are certainly not necessary. *Cf.* 9th Cir. R. 30-1.5 ("The excerpts of record shall not include briefs or other memoranda of law filed in the district court unless necessary to the resolution of an issue on appeal[.]").

Nor do the Schachter appellants see why Facebook would rely on anything said at any of these proceedings to resolve the legal issue the Schachter appellants intend to present in this appeal. Facebook has not explained why the transcripts are needed.

Finally, the Schachter appellants note that another objector to the same settlement, objector-appellant Shane (appeal number 13-16936) has ordered four of the five transcripts that Facebook has requested — all except the case management conference. *See Fraley v. Facebook*, No. 3:11-cv-01726 (N.D. Cal. Oct. 24, 2013) (Dkt. 402). Therefore, if Facebook wishes to rely on these documents, four of them will be before the Court of Appeals already. The Schachter appellants take no position regarding whether the transcripts Facebook has designated may be relevant to Shane's appeal or the appeals filed by other objectors to the same settlement.

Date: October 24, 2013               Respectfully submitted,

/s/ Scott Michelman
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
Telephone: 202.588.1000
Facsimile: 202.588.7795

*Counsel for objectors-appellants Schachter, Parsons, Leonard (on behalf of themselves and their minor children), R.P., and J.C.*

cc (by ECF): U.S. Court of Appeals for the Ninth Circuit
cc (by email): court reporters Belle Ball, Sahar Bartlett, Summer Fisher, and Lee-Anne Shortridge