Robert S. Arns, State Bar No. 65071
RSA@ARNSLAW.COM
Jonathan E. Davis, State Bar No. 191346
JED@ARNSLAW.COM
Steven R. Weinmann, State Bar No. 190956
SRW@ARNSLAW.COM
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:    (415) 495-7800
Fax:    (415) 495-7888

Jonathan M. Jaffe, State Bar No. 267012
JMJ@JAFFE-LAW.COM
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:    (510) 725-4293
Fax:    (510) 868-3393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FACEBOOK, INC., a corporation; and DOES 1-100,<br><br>                    Defendants. | Case No. CV 11-01726 RS<br><br>**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**<br><br> Courtroom: 3<br> Judge: Hon. Richard Seeborg<br> Date: February 13, 2014<br> Time: 1:30 p.m. |

1

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

# TABLE OF CONTENTS

NOTICE ......................................................................................................................... 1

STATMENT OF ISSUES ............................................................................................... 1

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................................... 3

I.     ARGUMENT ........................................................................................................ 6

   A.   Appellants are Financially Able to Post a Bond ............................................. 6

   B.   There is an Increased Risk That Out-of-State Appellants Will Not Pay Appellees' Costs .............................................................................................. 8

   C.   The Court Already Found These Objectors' Objections Meritless ................ 10

   D.   The Histories of Frivolous and Vexatious Litigation by Certain Objectors and Their Counsel ........................................................................................... 14

      1.   Jo Batman / Christopher Bandas ........................................................... 15

      2.   Barrett/ Joseph Darrell Palmer ............................................................. 17

      3.   Tracey Cox Klinge / Thomas L. Cox ..................................................... 18

      4.   Lally Objectors / John Pentz .................................................................. 19

      5.   Sheila Shane / Korein Tillery and Aaron Zigler ................................... 19

   E.   The Court Should Properly Impose an Appeal Bond Totaling $40,000 ........ 20

      1.   Taxable Costs Under Rule 39 ................................................................. 20

      2.   Administrative Costs of Addressing Settlement Class Delay .................. 21

II.    CONCLUSION .................................................................................................... 25

# TABLE OF AUTHORITIES

**Federal Cases**

*Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007)......................6, 14, 20, 22

*Blessing v. Sirius XM Radio Inc.*, 775 F. Supp. 2d 650 (S.D.N.Y. 2011) ................................ 15

*Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85 (Ill. Cir. Ct., Oct. 29, 2009) ............................... 17

*C.M.D. v. Facebook.com, Inc.*, No. 12-CV-01216 RS ......................................................... 20

*Cassese v. Washington Mutual, Inc.*, 743 F. Supp. 2d 148 (E.D.N.Y., 2010) ........................... 15

*Conroy v. 3M Corp.*, No. C 00-2810 CW, 2006 U.S. Dist LEXIS 96169

   (N.D. Cal. Aug. 10, 2006) ...................................................................................... 16

*Dennings v. Clearwire Corp.*, C10-1859JLR, 2013 U.S. Dist. LEXIS 34274

   (W.D. Wash. Mar. 11, 2013) ........................................................................ 16, 22, 25

*Dewey v. Volkswagen of America, Inc.*, No. 2:07-CV-2249(FSH) (D.N.J. Oct. 18, 2010)........ 19

*Embry v. ACER Am. Corp.,* No. C 09-01808 JW, 2012 U.S. Dist. LEXIS 78068

   (N.D. Cal. June 5, 2012) ................................................................................ 6, 8, 11, 16

*Fleury v. Richemont North America, Inc.*, No. C-05-4525-EMC, 2008 U.S. Dist. LEXIS

   88166 (N.D. Cal. Oct. 21, 2008).................................................................... 6, 8, 11, 20

*Gemelas v. Dannon Co.*, No. 1:08-CV-236, 2010 U.S. Dist LEXIS 99503

   (N.D. Ohio Aug. 31, 2010) ............................................................................................ 7, 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................................................. 10

*Heekin v. Anthem, Inc.*, No. 1:05-cv-01908, 2013 WL 752637 (S.D. Ind. Feb. 27, 2013) ........ 17

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* No. 02-cv-8853(SWK), 2007

   WL 4225486 (S.D.N.Y. Nov. 28, 2007)........................................................................ 19

*In re Broadcom Corp. Litig.*, No. SACV-01-275-DT(MLGx), 2005 U.S. Dist. Lexis 45656

   (C.D. Cal. Dec. 5, 2005) ................................................................................................ 23

*In re Cardizem CD Antitrust Litig.*, 391 F.3d 812 (6th Cir 2004) ..................................... 7

*In Re Cathode Ray Tube (CRT) Litig.*, 281 F.R.D. 531 (N.D. Cal. 2012) ............................... 16

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003) ................................................................ 14, 19, 23

*In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289 (S.D.N.Y. July 20, 2010) .... 8, 19, 21

*In re Ins. Brokerage Antitrust Litig.*, MDL 1663, No. 04-5184 (GEB), 2007 WL 196306 (D.N.J. July 02, 2007) ................................................................ 21

*In re MagSafe Apple Power Adapter Litig.*, C 09-01911 JW, 2012 WL 2339721, *2 (N.D. Cal. May 31, 2012) ................................................................ 7, 21

*In re Mutual Funds Inv. Litig.*, MDL No. 15863, 2011 WL 1102999 (D. Md. Mar. 23, 2011) ................................................................ 19

*In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 U.S. Dist. LEXIS 168298 (N.D. Cal. Nov. 25, 2013) ................................................................ passim

*In re Oil Spill*, No. MDL 2179, 2013 WL 144042 (E.D. La. Jan. 11, 2013) ................................ 17

*In re Online DVD Rental Antitrust Litigation*, No. 12-16038 (N.D. Cal. May 3, 2012) ............ 18

*In Re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274 (D. Mass. 2007) .... 15

*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383 (D. Md. 2006) .................... 19

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827 SI (N.D. Cal. Nov. 15, 2012) ................................................................ 18

*In re Uponor, Inc.*, F1807 Plumbing Fittings Prods. Liab. Litig., No. 11-MD-2247 ADM/JJK, 2012 WL 3984542 (D. Minn. Sept. 11, 2012) ................................................................ 17

*In re Wal-Mart Wage & Hour Emp't Practices Litig.,* MDL No. 1735, 2010 WL 786513 (D.Nev. Mar. 8, 2010) ................................................................ 19

*Miletak v. Allstate Ins. Co.,* No. C 06-03778 JW, 2012 U.S. Dist. LEXIS 125426 (N.D. Cal. Aug. 27, 2012) ................................................................ passim

*Schulken v. Wash. Mut. Bank*, No. 09-CV-02708-LHK, 2013 U.S. Dist. LEXIS 48175 (N.D. Cal. April 2, 2013) ................................................................ passim

*Staton v. Boeing, Co.*, 327 F.3d 938 (9th Cir. 2008) ................................................................ 12

*Steven Brody, et al. v. Merck & Co Inc., et al.*, No. 13-2019 (3rd Cir. 2013) ............................ 15

*Yingling v. eBay, Inc.*, No. C09-01733, 2011 WL 2790181 (N.D. Cal. July 5, 2011) .......... 6, 11

ii

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

**Statutes**

Children's Online Privacy Protection Act, 15 U.S.C. § 6501 ...................................................... 12

**Rules**

9th Cir. R. 30-1.7 ........................................................................................................................ 21

9th Cir. R. 31-1 ........................................................................................................................... 21

9th Ct. R. 39-1.2 ......................................................................................................................... 21

Fed. R. App. P. ...................................................................................................................... 1, 20

Fed. R. App. P. 39 ........................................................................................................... 20, 21, 25

FED. R. APP. P. 39(e) ................................................................................................................... 20

Fed. R. Civ. P. 23(e) ................................................................................................................... 10

Fed. R. App. P. 7 .................................................................................................................. passim

iii

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

# NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

Notice is hereby given that on February 13, 2014 at 1:30 p.m. or as soon thereafter as counsel may be heard, Plaintiffs will move before the Honorable Richard Seeborg in the United States District Courthouse, Northern District of California, San Francisco Division, Courtroom 3, 450 Golden Gate Avenue, San Francisco, CA, 94102, for an Order requiring objectors to post an appeal bond for which they will be jointly and severally liable.  This Motion will be based on this Notice and Memoranda in Support thereof and the Declaration of Robert S. Arns, all documents in the record and any oral argument that may be presented at the hearing on this Motion.

## STATEMENT OF ISSUES

1.  Whether objectors should be ordered to post an appeal bond to cover Plaintiffs' costs on appeal of the Order granting final approval and Order awarding attorneys' fees and costs pursuant to Rule 7 of the Federal Rules of Appellate Procedure.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

On September 19, 2013, this Court entered an Order and Final Judgment granting final approval to the Amended Settlement Agreement (the "Settlement") between Plaintiffs Susan Mainzer, James Duval and W.T. on behalf of themselves and all others similarly situated ("Plaintiffs"), and Facebook, Inc.  The Class action settlement will provide a cash distribution to over 614,000 claiming class members in the amount of $15 each, or approximately $9,210,000.

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

The Settlement will also provide for significant injunctive relief in the form of changes to Facebook's practices with respect to its advertising product, Sponsored Stories, and allow users and parents of minors additional notice and control as to how their information is used by Facebook.   Plaintiffs by this Motion ask the Court to impose an appeal bond upon objectors whose primary interest is their own compensation, whose objections have already been rejected by this Court.   These objectors (listed in the chart on page 9) have shown that they are capable of paying for a bond, and Plaintiffs anticipate that Class Counsel and the Settlement Administrator will incur costs of appeal which will be made difficult to recover as to most of the objectors due to their out of jurisdiction residence.

Under Rule 7 of the Federal Rules of Appellate Procedure, the Court is empowered to require an appellant to post a bond in order to ensure the payment of the appellee's costs on appeal.  All of the criteria for the imposition of such a requirement are met here.  First, all but three of the fifteen individual adult objectors (not counting separately the nine minor children whom some of the adults represent and who are in the same states as their guardians/parents) are not residents of California, or indeed within the territory of the Ninth Circuit.  Thus, Plaintiffs face increased risk and difficulty in collecting the costs from the out-of-jurisdiction appellants.  Second, there is no indication that any of these appellants are financially unable to post a bond.  Third, as this Court has already rejected the arguments made by these objectors (in the case of the Shane objectors, more than once as they also objected at the preliminary approval stage), there is a high likelihood that the appeals will be unsuccessful.

2

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

Many of the objectors are serial objectors and so too are their counsel. Objectors Jo

Batman and Tracey Cox Klinge are vexatious, professional objectors who have filed objections

in numerous other actions. Objectors' counsel Christopher Bandas, Thomas Cox, Joseph Darrell

Palmer, and John Pentz have each participated in numerous other appeals as objector's counsel,

often being criticized for the quality of the objections and being forced to post appeal bonds.

Their histories show that they have been able to post bonds for frivolous appeals in the past, and

thus can pay here also. Plaintiffs anticipate that they will incur significant taxable costs of the

appeal, including copies of additional excerpts of record, copies of briefs, and costs of filing fees

and motions, of at least $1,500, as well as administrative costs of appeal to be incurred by the

Settlement Administrator in the amount of $30,450. Plaintiffs therefore request that the Court

require all objectors to each obtain a bond in the amount of $32,000 for the appeal.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this class action against Facebook on behalf of a putative Class of

individuals whose names, photographs, likenesses or identities were used in association with

Facebook's Sponsored Stories advertisement. On January 25, 2011, Facebook officially

launched a new advertising service called "Sponsored Stories." Ex. 22, Resp. No. 1.3. Facebook

created a legal fiction, refusing to call Sponsored Stories "Advertising" (see footnote 6) in order

to obtain immunity from some Federal Statutes. Since that time, when a user takes a "social

action," i.e. posts, "Likes," "Checks in," uses an application, or plays a game, and the content

relates to an ad campaign in some predetermined way, the user's profile image and name may

appear along with content created by Facebook as an endorsement in a Sponsored Story. A

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

user's "Like" action taken months, or even years, earlier makes a user eligible to appear in Sponsored Stories.  Plaintiffs contend that Sponsored Stories are paid advertisements shown to some or all of the Facebook "Friends" of that user. Sponsored Stories typically appeared in the right-hand column, known as the ad column.

The Sponsored Stories service is already enabled for all users when they sign up, and Plaintiffs contend that users are unable prevent their appearance in such ads, much less completely opt-out. *See* Declaration of Steven R. Weinmann in support of Motion for Preliminary Approval (DKT183) ("Weinmann Decl.") Ex. 5 (DKT 183-5), pp. 24-26. The most common action that leads to an appearance in a Sponsored Story is clicking on a Facebook "Like" button anywhere on the Internet. Reasons for doing so include being able to thereby take advantage of some offer or see content on a page.

The terms of use effective during the Class Period thus far are generally referred to as the Statement of Rights and Responsibilities, or "SRRs."[1] Plaintiffs contended that none of the operative versions of the SRRs disclosed to users the fact that they may appear in Sponsored Stories or sought their consent as to appearances in Sponsored Stories.  Plaintiffs further contended that a problem with the voluminous "Help Center" (hundreds of linked pages) and the Settings arose from Facebook's failures to notify users of the addition of Sponsored Stories, or of the fact that editing ad privacy settings through the "Account Settings" link at the top of any page within Facebook did not affect eligibility to appear in Sponsored Stories. Facebook

---

[1] *See* Weinmann Decl., Exs. 8 to 13, attaching all operative versions of the SRRs during the Class Period, and the proposed changes pursuant to the injunctive relief.

4

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

contended in this litigation that Sponsored Stories are not ads. The parties litigated this case through a motion to dismiss, significant discovery, and the briefing of the motion for class certification before arriving at a proposed settlement.

After Preliminary Approval of the Settlement was granted and Notice was sent to the proposed Settlement Class, and full briefing and argument of the Joint Motion for Final Approval, and briefing of Plaintiffs' Motion for Attorneys' Fees and Costs, this Court granted Final Approval of the settlement in the Final Approval Order, and also awarded attorneys' fees and costs and incentive awards in a companion Order Granting in Part Motion for Attorney Fees, Costs and Incentive Awards. DKT 360.

Out of the over 150 million class members, only 17 objections on behalf of 29 class members were deemed timely and valid by the Settlement Administrator and the Court, with one other (the objection of Janine Menhennet), though held cumulative, being deemed validly submitted in the Order on Final Approval. Order Granting Motion for Final Approval of Settlement Agreement (hereafter "Order on Final Approval"), DKT 359, at page 11; *see* Plaintiffs' Response to Objections to Settlement and Fee Motion, DKT 343. This Court overruled all objections in approving the Settlement. Order on Final Approval, at 11-13. Six appeals have been filed and are pending as to the Order granting final approval and the Order awarding attorneys' fees and costs.[2]

---

[2] An additional appeal was filed by objector Jennifer Deachin on October 29, 2013, eight days past the deadline for filing a Notice of Appeal. The Court issued an Order to Show Cause and the appeal was withdrawn on November 27, 2013.

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

# I.  ARGUMENT

Rule 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 954-55 (9th Cir. 2007) (citing FED. R. APP. P. 7); *Yingling v. eBay, Inc.*, No. C09-01733, 2011 WL 2790181, at * 1 (N.D. Cal. July 5, 2011) (same). The purpose of the rule is to "protect[ ] . . . an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont North America, Inc.*, No. C-05-4525-EMC, 2008 U.S. Dist. LEXIS 88166, at *17-18 (N.D. Cal. Oct. 21, 2008).  "[T]he question of the need for a bond, as well as its amount, are left to the discretion of the trial court." *Id.* at *18 (internal citations omitted). When considering whether to require an appeal bond, district courts take the following three factors into account: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; [and] (3) the merits of the appeal." *Id.* Here, each of these factors weighs in favor of the imposition of an appeal bond.

## A.  Appellants are Financially Able to Post a Bond

Where there is "no indication that [a] plaintiff is financially unable to post bond . . . this factor weighs in favor of a bond." *Fleury,* 2008 U.S. Dist. LEXIS 88166, at *19; *see also Embry v. ACER Am. Corp.,* No. C 09-01808 JW, 2012 U.S. Dist. LEXIS 78068, at *4-5 (N.D. Cal. June 5, 2012) ("In absence of evidence that posting a bond will pose a substantial hardship, this factor weighs in favor of requiring a bond.") (internal citation omitted). Bare assertions of inability to pay are not sufficient evidence to avoid payment of a bond. *See Miletak v. Allstate Ins. Co.,* No.

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

C 06-03778 JW, 2012 U.S. Dist. LEXIS 125426, at *5, n.4 (N.D. Cal. Aug. 27, 2012) ("Thus, insofar as Objector Wilens has 'submitted no financial information to indicate that she is financially unable to post a bond,' this factor weighs in favor of imposing a bond."); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004) (failure to propose an alternative or provide evidence that the bond was improper resulted in dismissal of appeal).

An objector's habit of incessantly filing frivolous appeals further demonstrates an ability to pay. *See Gemelas v. Dannon Co.*, No. 1:08-CV-236, 2010 U.S. Dist LEXIS 99503, at *5-6 (N.D. Ohio Aug. 31, 2010) (noting that serial objector who paid "$450 to file an appeal" and "has the funds to appeal class action settlements" showed evidence of financial ability to pay appeal bond); *Schulken v. Wash. Mut. Bank*, No. 09-CV-02708-LHK, 2013 U.S. Dist. LEXIS 48175, at *14 (N.D. Cal. April 2, 2013) (finding objector's frequent litigation to be affirmative evidence of his financial ability to pay an appeal bond). The extensive history of these objectors in filing such frivolous appeals is set forth below.  Moreover, even if an objector provides some evidence of a financial hardship in posting the bond, "the significant risk of non-payment of costs and the lack of merit in Objectors' appeals" can nonetheless tip this factor in favor of requiring a bond. *In re MagSafe Apple Power Adapter Litig.*, C 09-01911 JW, 2012 WL 2339721, *2 (N.D. Cal. May 31, 2012).

Here, there is no evidence that the Objectors would be financially unable to post bond. In fact, the evidence suggests the opposite. First, every Objector has paid the $455 (now $505)

7

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

filing fee with the Ninth Circuit.[3] Second, many of the Objectors are represented by professional-objector attorneys with substantial financial resources sufficient to pay the bonds. These attorneys—Christopher Bandas, Thomas L. Cox, and Darrell Palmer—have a history of incessantly filing frivolous lawsuits and appeals throughout the country, which is further evidence of their ability to pay.  *See Gemelas*, 2010 WL 3703811. Third, and most importantly, "Objectors . . . do not provide any evidence indicating a financial inability to pay" an appeal bond. *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 U.S. Dist. LEXIS 168298, at *8 (N.D. Cal. Nov. 25, 2013). "As such, . . . this factor weighs in favor of requiring an appeal bond." *Id.*

**B. There is an Increased Risk That Out-of-State Appellants Will Not Pay Appellees' Costs**

When the appellant is located in another part of the country, the difficulty of collecting payment post-appeal is heightened and thus weighs in favor of a Rule 7 appeal bond. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. July 20, 2010); *Fleury*, 2008 U.S. Dist. LEXIS 88166, at *22; *Embry*, 2012 U.S. Dist. LEXIS 78068, at *5 ("With regards to the second factor—the difficulty of collecting payment post-appeal—Objector Cannata resides outside of the jurisdiction of the Ninth Circuit, which also weighs in favor of requiring a bond."). Courts in the Northern District of California have repeatedly recognized the

---

[3] Objector Carol Barrett's counsel Joseph Darrell Palmer, citing a calendaring error and ill health on the part of his staff and himself, paid the fee after having had the case dismissed for failure to pay.  Plaintiffs opposed Barrett/Palmer's motion to vacate the dismissal. *See* Plaintiffs.-Appellees' Resp. to Appellant's Mot. for an Order Vacating Dismissal of Appeal, No. 13-17097, DKT 12 (9th Cir. Dec. 26, 2013). The motion is pending.

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

"difficulty and risk associated with collecting costs from out-of-state appellants." *In re Netflix Privacy Litig.*, 2013 U.S. Dist. LEXIS 168298, at *8; *Schulken*, 2013 U.S. Dist. LEXIS 48175, at *15 (finding that this factor weighed in favor of requiring an appeal bond where appellant lived in Washington State, which, although is still within the jurisdiction of the Ninth Circuit, was outside the jurisdiction of the Northern District of California); *Embry*, 2012 U.S. Dist. LEXIS 78068, at *5.

The objectors, their States of residence, and their respective counsel are as follows:

| Objector | State(s) of residence | Counsel |
|---|---|---|
| Jo Batman | Texas | Christopher Bandas |
| Carol Barrett | California | Joseph Darrell Palmer |
| Michael Depot (for minors K.D. and C.D.) | Massachusetts | Robert Fellmeth / Children's Advocacy Institute |
| Tracy [Cox] Klinge | Texas | Thomas L. Cox |
| Wendy Lally, Alec Greenhouse, Jonathan Bobak, Zachary Cochran | Ohio | John Pentz |
| John Schachter, Judy Reidel, Kim Parsons, Ann Leonard, Margaret Becker, Michael Carome (for minors S.M.S, J.J.R., C.B.P., D.Z., R.P., J.C.) | Virginia, Tennessee, California (Reidel and Leonard), New York | Public Citizen Advocacy /Scott Michelman |
| Sheila Shane for minor H.L.S. | Illinois | Korein Tillery / Aaron Zigler |

*See* Arns Decl Ex. 1.

Enforcement of an order imposing costs comes from the district court level, (*see* FED. R. APP. P. 7), and almost none of the Objectors (with three exceptions out of fifteen adults) reside within the state of California, let alone the geographical boundaries of the Ninth Circuit. As such, should they refuse to pay, Class Counsel would be required to travel to seven states to institute

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

collection proceedings and recover their costs expended on appeal. Accordingly, the Objectors' out of state residence "weighs in favor of requiring an appeal bond." *Schulken*, 2013 U.S. Dist. LEXIS 48175, at *15. Further, while Objectors Carol Barrett, Ann Leonard, and Judy Reidel live in California, that fact does not weigh against imposing a bond but simply renders this factor neutral with regard to them. *See Miletak*, 2012 U.S. Dist LEXIS 125426, at *5 (discussing a California-resident objector).  These circumstances thus additionally weigh in favor of a Rule 7 appeal bond.

## C.  The Court Already Found these Objectors' Objections Meritless

The final factor bearing on the propriety of a bond analyzes the merits of the appeals themselves. Under Federal Rule of Civil Procedure 23(e), a district court has broad discretion to determine whether a class action settlement is fair, adequate, and reasonable, based on the law, facts, and circumstances of the case. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). A court's prior consideration and rejection of an objection weighs in favor of imposing a bond. *See In re Netflix Privacy Litig.*, 2013 U.S. Dist. LEXIS 168298, at *10 (granting motion for appellate bond where the "Court engaged in an extensive analysis of the Settlement, including the merits of the objections, and found the Settlement to be fair, adequate, and reasonable"); *Schulken*, 2013 U.S. Dist. LEXIS 48175, at *15-16 (granting bond where appellant's concerns regarding adequacy of representation, distribution of settlement funds, and sufficiency of notice had been thoroughly addressed and found to be meritless); *Embry*, 2012 U.S. Dist. LEXIS 78068, at *5 (granting motion for appellate bond after finding that objector's arguments regarding claims process and excessive attorney fees were without merit); *Fleury*,

10

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

2008 WL 4680033, at *8 (granting bond where "the Court ha[d] considered each of [the objector's] objections and found them meritless").

Here, the Court has examined (and rejected) each of the Objectors' arguments—carefully explaining that they were without merit—which further supports the requirement of an appeal bond. *See Yingling v. eBay, Inc.*, No. C 09-01733 JW, 2011 WL 2790181, at *2 (N.D. Cal. July 5, 2011) (finding that "[b]ecause the Court has already considered Objector []'s objections and found them to be meritless, the Court finds that Objector [] is unlikely to succeed on the merits of his appeal" and granting plaintiffs' motion for appeal bond). Specifically, and as further discussed below to remind the Court, each of the Objectors' appeals is baseless and an appeal bond should be granted.

Jo Batman asserted that the attorney fee amount was omitted from the Notice, but it was included (Notice, Sec. 12). DKT 184-1, RSA Decl. Ex. 1, exhibit 1 to Motion for Preliminary Approval. Batman also alleged omission of the identity of cy pres recipients from the Notice, but again, they are identified (in Notice, Sec. 7). *Id*. Similarly, Batman asserted that the fee motion did not include the lodestar multiplier, that there was a blank there instead. This is also untrue, as Page 5 of the Memorandum in support of the Fee Motion states that Plaintiffs request a multiplier of 1.391. DKT 253.

The Schachter Objectors contended that the Settlement should not be approved because the laws of other states which require parental consent are "not preempted" by the Children's Online Privacy Act, 15 U.S.C. § 6501 et seq. ("COPPA"). The laws of the other States are not preempted, but claims under those statutes may be part of the Settlement. The Court properly

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

noted that this argument also amounts to an improper attempt to get the Court to decide the issue of consent by minors on the merits. Order on Final Approval, at 12. Further, the Court noted that the objectors had not shown as to the application of California law, that any state laws had differences which were material nor that the choice-of-law principles would permit their application. *Id*. at 13.

Objector Barrett argued that nothing in the record supports the incentive award to the objectors, relying on a 17 year old study of such awards. *See* Barrett Objection, DKT 312, at 8. The Shane Objectors also attacked the size of the requested incentive award, basing their argument on the holding in *Staton v. Boeing, Co.*, 327 F.3d 938 (9th Cir. 2008) which is factually and procedurally dissimilar to the situation here.[4]

In any case, the Court here approved incentive awards of $1,500 for each class representative, which were well below the requested amounts objected to by the objectors. The Court also correctly noted that the individual incentive awards were not conditioned on the representative's support for the settlement. Order on Final Approval, at 12 n. 13.

Objectors Schachter (Schachter Objection, DKT 308, at 14,) and Shane (Shane Objection, DKT 314, at 9-12) argued that the Settlement is overbroad. Shane objected to a "broadened" definition of Sponsored Stories to include other types of advertisements, yet failed

---

[4] In *Staton*, the plaintiffs' attorneys identified 264 individuals that actively participated in the case, and earmarked them to receive $3.77 million: <u>over 50%</u> of the $7.3 million monetary award available for the entire class. *Id.* at 948. The 29 named class representatives were designated to receive payments totaling $890,000, or <u>over 12%</u> of the $7.3 million fund. *Id.* at 977. Here, we have three named Plaintiffs with an aggregate <u>requested</u> award (at $12,500 each) of less than 0.2% of the $20 million fund.

12

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

to actually cite such broadened language.  Shane Objection, at 11.  All of these objections fail, as the definition of Sponsored Stories in the Release is clear: "The term 'Sponsored Stories' or 'Sponsored Story' means content displayed by or on behalf of Facebook that Facebook refers to or markets as 'Sponsored Stories.'" Amended Settlement Agreement, § 1.29, DKT 286-1, Ex. 1 to Declaration of Robert S. Arns in support of Joint Motion for Preliminary Approval, DKT 286 [hereinafter "A.S.A."]. The Settlement's definition then goes on to give examples, and goes so far as to include actual sample Sponsored Stories exhibits. The Release also does not go beyond Sponsored Stories and includes only those "related to the display of any Class Member's name, nickname, pseudonym, profile picture, photograph, likeness, or identity **in a Sponsored Story** ("Released Claims"). A.S.A. § 5.2 (emphasis added).

Objectors Schachter (Schachter Objection, at 18), and Shane (Shane Objection, at 11) also attempted to read a meaning into the Release unsupported by the plain language of the text. The Court as shown by its Order was not swayed by these linguistic gymnastics; the meaning is clear. The release, as the Court properly found, only applies to claims arising out of having had one's name or likeness appear Sponsored Stories. Order on Final Approval, at pg. 10-11.

The Court also expressly found that the criticisms of the injunctive relief by the Schachter Objectors and other objectors were simply that the settlement could have been better, which is not a valid objection.  Order on Final Approval, at pg. 7-9.

The objections of the Depot Objectors are as to the Settlement as applied to minors and are largely duplicative of those of the Shane Objectors.  The Court expended several pages discussing why those objections were invalid, including the arguments that the Settlement

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

authorizes the continuation of illegal conduct; would permit Facebook to use a minor's likeness without parental consent in violation of state laws; and that the injunctive relief requiring minor's representation that parental consent has been obtained is insufficient so it does not "ensure" consent. *See* Order on Final Approval, at pg. 12-13.

As the Court has already weighed and rejected the objections, the low likelihood of success on the merits of the appeal weighs in favor of the imposition of a bond on each of these objectors who have already had their arguments rejected once.

### D. The Histories of Frivolous and Vexatious Litigation by Certain Objectors and Their Counsel

While many courts typically consider a fourth factor in determining whether to impose an appeal bond, namely whether the appellant has shown any bad faith or vexatious conduct, the Ninth Circuit has concluded that such a factor cannot form the basis of a district court's decision. *Azizian*, 499 F.3d at 960 (indicating that Rule 7 is not intended to provide a penalty to address the frivolity of an appeal, which is a decision best left for the courts of appeal).

Nevertheless, such conduct can still be used to inform the Court's decision. *See In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003) (noting that the fact "plaintiff is a litigious *pro se* who has filed numerous lawsuits in state court" as evidence of frivolity, and holding that "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond") (citations omitted); *In Re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 277-78 (D. Mass. 2007) ("requiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers"). As

14

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**

**Case No. CV 11-01726 RS**

detailed below, the appeals by the objectors in this case involve attorneys with long histories of objecting to class settlements, having their objections overruled in the district court, and then using the appeal process to hold up the settlement until they are able to exact a pay off.  The review of the history of the Objectors and the attorneys representing these Objectors who now seek to appeal yet another settlement on baseless grounds is provided as context for the likelihood that the appeals will be rejected, and that they will continue to create additional work for the parties without regard to the merits of those appeals.

Of the seven appeals, at least five of them involve vexatious litigants and/or "professional objectors" counsel who have appeared as objectors' counsel in numerous other litigations. They are as follows:

### 1.  Jo Batman / Christopher Bandas

Jo Batman, in this matter represented by Christopher Bandas, was previously represented in other matters by Christopher Batman, and she and Christopher Batman have together appeared as non-party litigants in one form or another in *Steven Brody, et al. v. Merck & Co Inc., et al.*, No. 13-2019 (3rd Cir. 2013); *Cassese v. Washington Mutual, Inc.*, 743 F. Supp. 2d 148 (E.D.N.Y., 2010); and *Blessing v. Sirius XM Radio Inc.*, 775 F. Supp. 2d 650 (S.D.N.Y. 2011).  The same Christopher Batman also appeared with objectors Theodore Frank and Joseph Darrell Palmer in the *Blessing* case.[5]  Bandas has a history of representing objectors in numerous

---

[5] Frank is a lawyer and was represented in the case below here by his own law organization, the "Center for Class Action Fairness," along with attorney Sam Kazman ("Kazman/Frank Objectors").  Kazman and Frank did not appeal the orders.   Palmer did appeal on behalf of objector Carol Barrett, but the appeal was dismissed for failure to pay fees.

15

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

other class actions, including in *Dennings v. Clearwire Corp.*, C10-1859JLR, 2013 U.S. Dist. LEXIS 34274, at *6-7 (W.D. Wash. Mar. 11, 2013) (approving appellate bond based on administrative costs in the amount of $39,150).

In *In Re Cathode Ray Tube (CRT) Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012), Judge Samuel Conti noted that "Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal  financial gain . . . [and] has been excoriated by Courts for this conduct."  Bandas was held in contempt (and Bandas' client's objection was stricken) by Judge Ware for failure to obey a court order. *Embry v. Acer*, No. C 09-01808 JW, 2012 U.S. Dist. LEXIS 127813 (N.D. Cal. Aug. 29, 2012).  Judge Claudia Wilken in another matter stated as to Bandas that his "objections were patently frivolous: [his] cookie-cutter written objections bore no particular relationship to the circumstances of the settlement here, and at the hearing, [Bandas] erroneously referred to this case as involving 'defective' tape, which had nothing to do with the class claims or settlement." *Conroy v. 3M Corp.*, No. C 00-2810 CW, 2006 U.S. Dist LEXIS 96169, at *11 (N.D. Cal. Aug. 10, 2006)  Similarly, the Illinois Circuit Court noted that Bandas had filed "a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' client . . .  the record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel…" Order Den. Objections to the Settlement and Fees and the Mot. to Intervene and for Pro Hac Vice Admis., *Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85 (Ill. Cir. Ct., Oct. 29, 2009).

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

### 2. Barrett/ Joseph Darrell Palmer

Objector Barrett's counsel Joseph Darrell Palmer has routinely filed appeals in other matters, with Palmer having been called a "professional objector" or "serial objector" by many courts. *See, e.g., Heekin v. Anthem, Inc.*, No. 1:05-cv-01908, 2013 WL 752637, at *3 (S.D. Ind. Feb. 27, 2013) (noting that plaintiffs there had produced evidence that Palmer was a serial objector, and questioning his good faith in the case before it). He has also been chastised by courts for unethical behavior.[6] Of the numerous objections and subsequent appeals filed by Palmer, nearly all of them have resulted in the courts finding the objections and appeals without merit, in many of the cases Palmer has withdrawn the appeal after a short period of time, and in several cases courts have imposed appeal bonds on his clients—often then resulting in a withdrawal of the appeal.[7] The Court below rejected all of the objections raised by Palmer in his brief for Objector Barrett as to both the settlement and the attorneys' fee award.

---

[6] *In re Oil Spill*, No. MDL 2179, 2013 WL 144042, at *48 n.40 (E.D. La. Jan. 11, 2013) (noting "Mr. Palmer has been deemed a 'serial objector' by several courts;" and citing a transcript wherein "Mr. Palmer admit[ed] it was 'regrettable' that he had been found to have engaged in 'bad faith and vexatious conduct'"); *In re Uponor, Inc.*, F1807 *Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 3984542, at *3 (D. Minn. Sept. 11, 2012) (noting "the Palmer Objectors appear to be represented by an attorney who has not entered an appearance in this case and who is believed to be a serial objector to other class-action settlements […]. This attorney, Darrell Palmer, paid the appellate filing fee on behalf of the Palmer Objectors").

[7] A compendium of Palmer's fruitless appeals is contained in Appendix A to the Indirect-Purchaser Plaintiffs' and Settling States' Joint Response To Objections To Combined Class, *Parens Patriae*, and Governmental Entity Settlements, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827 SI (N.D. Cal. Nov. 15, 2012) Dkt. 7162. Appendix B to the same brief includes a listing of numerous appeals by objector counsel John Pentz wherein Pentz's objections were criticized by courts as being frivolous or similarly unhelpful.

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

In another action in which Class Counsel, The Arns Law Firm, represents a certified settlement class, *Webster v. LegalZoom.com, Inc.*, No. B240129, Court of Appeal of the State of California, Second Appellate District, Division 1, Joseph Darrell Palmer represents two objectors to the class action settlement therein.   After requesting and receiving an additional 60 days in which to file an opening brief in the appeal, Palmer simply filed a one sentence joinder in the opening brief of another appellant.   Arns Decl., ¶ 5.   His efforts in this matter are likely to be of no more consequence than they were there.

### 3.   Tracey Cox Klinge / Thomas L. Cox

Objector Tracey Cox Klinge, here identified only as "Tracey Klinge" in the papers filed by Thomas Cox, has objected in numerous other actions. Thomas Cox represents Tracey Cox Klinge as an objector in *In re Netflix Privacy Litigation*, No. 13-15754 (N.D. Cal.), *appeal pending*.   Gary Sibley of Dallas represents Tracey Cox Klinge as an objector in *In re Online DVD Rental Antitrust Litigation*, No. 12-16038 (N.D. Cal. May 3, 2012) *appeal pending*.

Attorney Thomas Cox has been identified by courts, including in yet another case in which he represented Tracey Klinge, as being "a frequent and professional objector, as he has objected or represented objectors in at least six other class action settlements since 2010." *See In re Mutual Funds Inv. Litig.*, MDL No. 15863, 2011 WL 1102999, at *1, n.1 (D. Md. Mar. 23, 2011).   In other words, both Cox and his client Klinge have a track record of filing baseless appeals.   Tracey Klinge, represented by Cox, was ordered to post an appeal bond in the amount of $21,519 in *In re Netflix Privacy Litigation*, 2013 U.S. Dist. LEXIS 168298, at *11-12.   Cox filed an objection on his own behalf (Cox Objection, DKT 298, Obj. No. 92) but did not file an

18
**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

appeal for himself, instead representing Tracey Cox Klinge in her appeal, she having appeared in pro per below.

### 4. Lally Objectors / John Pentz

Objector's counsel John Pentz, representing the Lally objectors in this matter, has also been involved in dozens of appeals, in many of which he has been roundly criticized for the quality of those appeals or has had a substantial bond required. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.,* 721 F. Supp. 2d 210, 211, 218 (S.D.N.Y. 2010) (imposing a $25,000 bond reflecting amount of taxable costs for which all objectors are jointly and severally liable); *In re Walmart Wage & Hour Emp't Practices Litig.,* MDL No. 1735, 2010 WL 786513, at *2 (D.Nev. Mar. 8, 2010); *In re Compact Disc Minimum Advertised Price Antitrust Litig.,* No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct.7, 2003); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* No. 02-cv-8853(SWK), 2007 WL 4225486, at *3 (S.D.N.Y. Nov. 28, 2007) (denying Pentz's motion for attorney fees, noting that his "irrelevant" and "simply incorrect" arguments were counterproductive to the resolution of the litigation); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383, 386 (D. Md. 2006); *Dewey v. Volkswagen of America, Inc.*, No. 2:07-CV-2249(FSH) (D.N.J. Oct. 18, 2010) (imposing $25,000 bond).  *See also supra* note 7 (referencing cases where Pentz's objections were criticized by courts as being frivolous or similarly unhelpful).

### 5. Sheila Shane / Korein Tillery and Aaron Zigler

This Court is familiar with the firm of Korein Tillery and the background of the firm's tag-along suit, *C.M.D. v. Facebook.com, Inc.*, No. 12-CV-01216 RS.  The history of that suit and

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

its counsel's attempt to co-opt the claims in *Fraley v. Facebook* are set out in detail in Plaintiffs' Memorandum of Law in Opposition to Motion to Intervene, DKT 191 at pages 4-5. The differences between the *C.M.D.* and *Fraley* actions are also spelled out in that memorandum, including the fact that *C.M.D.* likely has no viable claim absent the inclusion of the Sponsored Stories product—which it did not purport to cover in the beginning and for some time after filing, and which claims would be wiped out by the settlement of the minor claims in *Fraley* as to Sponsored Stories. *See id*. at pg. 13-15.

### E.   The Court Should Properly Impose an Appeal Bond Totaling $40,000

The Federal Rules of Appellate Procedure provides that the costs taxable by a district court are "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedes bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." FED. R. APP. P. 39(e). In addition, the Ninth Circuit has held that "costs other than those identified in FRAP 39 can qualify as 'costs' for purposes of Rule 7 if they are so defined by some positive law, such as a fee-shifting statute." *Fleury*, 2008 WL 4680033, at * 8 (citing *Azizian*, 499 F.3d at 958) ("[T]he costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal [for purposes of Rule 7].").

#### 1.   Taxable Costs Under Rule 39

Rule 7 does not expressly require Plaintiffs to make any showing of costs for a bond motion. *See* FED. R. APP. P. 7; *In re Ins. Brokerage Antitrust Litig.*, MDL 1663, No. 04-5184 (GEB), 2007 WL 1963063, at *3 (D.N.J. July 02, 2007) (finding that Rule 7 does not require any

20
**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

"showing of costs for a bond motion"). However, courts routinely apply Rule 39 taxable costs in the tens of thousands of dollars. *See In re Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d 210, 216 (S.D.N.Y June 17, 2010) *opinion clarified*, No. 21 MC 92 (SAS), 2010 WL 5186791 (S.D.N.Y July 20, 2010) (awarding $25,000 in taxable costs for copying and reproduction of the record); *Miletak v. Allstate Ins. Co.,* No. C 06-03778 JW, 2012 U.S. Dist. LEXIS 125426, at *6 (N.D. Cal. Aug. 27, 2012) (granting $10,000 in Rule 39 appellate costs alone); *In re MagSafe Apple Power Adapter Litig.*, C 09-01911 JW, 2012 WL 2339721 (N.D. Cal. May 29, 2012) (granting $15,000 in taxable costs).

Plaintiffs anticipate compiling additional excerpts of the record which would include various supporting documents from their expert witnesses regarding the calculation of damages suffered by the Class. Circuit Rule 30-1.7. Arns Decl.,¶4. These documents are relevant to the appeal but unlikely to be included by the appellants. *Id.* Thus, Plaintiffs' taxable costs on the appeal will include the costs of five copies of these excerpts for the Court of Appeals plus one copy for each party required to be served in the appeal and providing from seven to 27 copies of their brief to the Court of Appeals (the latter if the case is to be heard en banc). Circuit Rule 39-1.2 & 31-1. Such copies could increase if additional motions and concomitant filing fees are incurred. Thus, Plaintiffs anticipate at least $1,500 in copy costs.

**2. Administrative Costs of Addressing Settlement Class Delay**

The Court should also include the administrative costs of continued settlement administration during the length of the appeal period, in addition to the taxable costs explained above. *See Azizian*, 499 F.3d at 958 (holding that the Court may include such expenses in the

21

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

appeal bond if an applicable rule or statute defines them as "costs"). Administrative costs have been defined as those costs incurred in "responding to class members' needs pending the appeal." *Schulken*, 2013 U.S. Dist. LEXIS 48175, at *22; *see also Miletak*, 2012 U.S. Dist. LEXIS 125426 at *6-8 (distinguishing administrative costs from delay damages and finding the former as falling with the meaning of "costs" under FRAP Rule 7 and including them in the appeal bond amount). Settlement Administrator Garden City Group has estimated that it will expend between $1,250 and $1,750 per month including "an estimated monthly cost of $250 for storage of records, $500 to $700 for handling class members' communications, $50 for website updates, $100 to $200 for escrow management, and $350 to $500 for overall project management." Declaration of Jennifer Keough, ¶5. Given that the appeal in this action will not be heard before March, 2014 according to the information provided to Plaintiffs by the Circuit Mediator (Arns Decl., ¶6), and the fact that the average time for appeals to be decided in the Court of Appeals for the Ninth Circuit has been stated as being 17.4 months,[8] these administrative expenses are expected to total $25,000 to $35,000 for the first 17.4 months beyond the date on which the judgment should have become final.

Very recently, Judge Davila of the Northern District required from each of the individual objectors (including objectors Tracey Klinge, one of the objectors herein, and clients of attorneys Palmer, Cox and Bandas) an appeal bond for $21,519, which included $21,344 in administrative costs. *In re Netflix Privacy Litig.*, 2013 U.S. Dist. LEXIS 168298, at *11-12 (N.D.

---

[8] *See Dennings v. Clearwire Corp.*, C10-1859JLR, 2013 U.S. Dist. LEXIS 34274, at *6-7 (W.D. Wash. Mar. 11, 2013)

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

Cal. Nov. 25, 2013). Specifically, these administrative costs represented the expenses associated with answering questions from class members, maintaining and administering the settlement website and toll-free phone number, managing and filing taxes for the settlement and escrow account, and paying monthly storage costs during the pendency of the appeal. *Id.* The court noted that those costs were not "delay damages or attorneys' fees," which may not be included in an appeal bond, but were more properly considered "costs" incurred during the delay of settlement and thus were appropriate to include in the appeal bond. *Id*.

Other courts, including in the Northern District of California, have also included administrative costs in appeal bonds. *See Miletak*, 2012 WL 3686785, at *2 (including $50,000 in "administrative costs" in the amount of appeal bond, and defining such costs to include those incurred in order "to continue to service and respond to class members' needs pending the appeal") (internal quotations omitted); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003) (holding that "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond"); *In re Broadcom Corp. Litig.*, No. SACV-01-275-DT(MLGx), 2005 U.S. Dist. Lexis 45656, at *11-12 (C.D. Cal. Dec. 5, 2005) (imposing $517,000 bond which included the administrative costs of "updating address and other information needed to remain in contact with Class members, sending notices to Class members to apprise them of Objector's appeal and keep them informed about the status of the appeal, paying monthly fees for maintaining the website created to inform Class members, and providing phone support to answer inquiring from the Class members").

23

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

Judge Lucy Koh in *Schulken, supra,* declined to include the requested administrative costs because plaintiffs "could neither concretely identify the basis for their $10,000 estimate, nor clearly distinguish the projected costs from those that could be claimed as attorney's fees." 2013 U.S. Dist. LEXIS 48175, at *23. These problems are avoided here, just as they were in *Netflix*: "As distinguished from *Schulken*, Plaintiffs in this case concretely identified the basis for their estimate and distinguished the projected costs from attorneys' fees." *In re Netflix Privacy Litig.*, 2013 U.S. Dist. LEXIS 168298, at *12, n.2. They did so by providing specific monthly cost estimates for the different components of administrative needs associated with the appeal, supported by a declaration from the settlement claims administrator. *Id.*; *see also* Declaration of Tore Hodne In Support of Plaintiffs' Mot. For Appeal Bond, *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD (N.D. Cal. May 31, 2013), Dkt. No. 281-4.

Just as in *Netflix*, Class Counsel here expects that significant administrative costs will be incurred pending the resolution of these appeals. These costs include but are not limited to those necessary to: maintain and administer the Settlement Website, answer questions from class members, manage and file taxes for the settlement fund escrow account, and pay monthly storage costs. The Settlement Administrator, Garden City Group, Counsel estimates that the cost of continuing such services and responding to the class pending appeal will be as much as approximately $1,750 per month, over a span of 17.4 months (the average length of time from notice of appeal to decision in the Ninth Circuit). *See* Declaration of Jennifer Keough, attached to the Arns Declaration as Exhibit 2, providing a detailed breakdown of expenses associated with administration; *see also Dennings v. Clearwire Corp.*, C10-1859JLR, 2013 U.S. Dist. LEXIS

24

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

34274, at *6-7 (W.D. Wash. Mar. 11, 2013) (approving bond in the amount of $39,150, consisting of administrative costs calculated by multiplying the estimated monthly increase in settlement administration costs ($2,250) by the median length of a Ninth Circuit appeal (17.4 months) and finding it to be "a sound methodology that is supported by evidence.") Accordingly, the Court should include $30,450 in increased and necessary administrative costs (in addition to the $1,500 in taxable costs under Rule 39) when calculating the bond(s) to impose against the Objectors.

## II.  CONCLUSION

There is a genuine risk that Plaintiffs will have difficulty collecting the taxable costs on this appeal, as most of the appellant objectors are out-of-state.  Those costs are likely to be substantial given the additional administrative costs needed for storage of records, the handling of class members' communications, website updates, escrow management, and overall project management costs expected be incurred by the Settlement Administrator, as well as for Class Counsel to provide excerpts of the record including the evidentiary support provided during the Preliminary Approval and Final Approval Hearings, which support is relevant but unlikely to be provided by the appellants.  The ability of the objectors to pay the bonds, and the lack of likelihood of success of their appeals given that this Court has already rejected them, weigh in favor of the imposition of a bond.  Thus, Plaintiffs respectfully request that the Court impose an appeal bond in the amount of $32,000 on each of the appellants.

By:_____

25

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**

ROBERT S. ARNS
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:     (415) 495-7800
Fax:    (415) 495-7888


By_____/s/ Jonathan M. Jaffe_____

JONATHAN M. JAFFE, ESQ.
 (# 267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Telephone: (510) 725-4293

Attorneys for Plaintiffs

**NOTICE OF MOTION AND MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS**
**Case No. CV 11-01726 RS**