1

CHILDREN'S ADVOCACY INSTITUTE
CENTER FOR PUBLIC INTEREST LAW
University of San Diego School of Law
Robert C. Fellmeth (CA SBN 49897)
Christina McClurg Riehl (CA SBN 216565)
Elisa D'Angelo Weichel (CA SBN 149320)
5998 Alcala Park
San Diego, California  92110
Telephone: 619.260.4806
Facsimile: 619.260.4753
cpil@sandiego.edu

*Attorneys for Objectors
K.D. and C.D. by and through
their Guardian ad Litem Michael Depot*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; SUSAN MAINZER; JAMES H. DUVAL, a minor, by and through JAMES DUVAL, as Guardian ad Litem; and W.T., a minor, by and through RUSSELL TAIT, as Guardian ad Litem; individually and on behalf of all others similarly situated, | **Case No.  CV 11-01726 RS** |
| Plaintiffs, | **DEPOT'S OPPOSITION TO PLAINTIFFS' MOTION FOR POSTING OF APPEAL BOND BY OBJECTORS** |
| v. | |
| FACEBOOK, INC., a corporation; and DOES 1-100, | Date:          February 13, 2014 |
| Defendants. | Time:          1:30 p.m. |
| | Courtroom: 3 |
| | Judge:      Hon.  Richard Seeborg |

---

DEPOT'S OPPOSITION TO PLAINTIFF'S MOTION FOR POSTING OF APPEAL BOND / Case No. CV 11-01726 RS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF ISSUES ............................................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

ARGUMENT ..................................................................................... 1

I.   Plaintiffs' Motion Improperly Asks this Court to Require Bonds
     Totaling Fifteen Times the Amount of Anticipated Costs on Appeal
     and Administrative Expenses ............................................................ 1

II.  Ninth Circuit Authority Precludes the Inclusion of Administrative
     Expenses in an Appeal Bond Unless Expressly Authorized By Statute .......... 2

III. Plaintiffs Failed to Show the Requisite Need for the Posting of an
     Appeal Bond by the Depot Objectors/ Appellants ........................................... 5

CONCLUSION ..................................................................................... 7

1

## <u>TABLE OF AUTHORITIES</u>

2

### CASES

3  *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) ................. 1, 4, 5

4  *Cobell v. Salazar*, 816 F. Supp. 2d 10, 14-16 (D.D.C. 2011) ................................... 4

5  *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) ................... 3

6

7  *Fleury v. Richemont North America, Inc.* No. C-05-4525-EMC, 2008 U.S. Dist.
LEXIS 88166 (N.D. Cal. Oct. 21, 2008 ................................................................ 7

8  *In Re Am. President Lines, Inc.,* 779 F.2d 714, 250 U.S. App. D.C. 324 (D.C. Cir. 1985) ..... 4

9  *In Re Bayer Corp.*, 2013 U.S. Dist. LEXIS 125555, 2013 WL 4735641 ... .......................... 4

10

11  *In Re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.*,
09-MD-2023 BMC, 2013 U.S. Dist. LEXIS 125555, 2013 WL 4735641 ............................ 4

12  *In Re Broadcom Corp. Sec. Litig.*, 2010 U.S. Dist. LEXIS 45656 (C.D. Cal. Dec. 5, 2005) .. 4

13

14  *In Re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL 1361, 2003
U.S. Dist. LEXIS 25788, 2003 WL 22417252 (D. Me. Oct. 7, 2003) ........ .......................... 4

15  *In Re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 292-93 (S.D.N.Y. 2010) .......... 4

16  *In Re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D.N.Y.1999) ........ 4

17

18  *In Re Navistar Diesel Engine Products Liab. Litig.*, 11 C 2496, 2013 U.S. Dist. LEXIS
113111, 2013 WL 4052673 (N.D. Ill. Aug. 12, 2013) ............................. .......................... 4

19  *In Re Netflix Litigation*, 2013 U.S. Dist. LEXIS 169298 ........................... .......................... 5

20  *In Re Toyota Motor Corp.*, 2013 U.S. Dist. LEXIS 156986 (Oct. 21, 2013) .....................2-4

21  *Miletak v. Allstate Ins. Co.*, C 06-03778 JW, 2012 U.S. Dist. LEXIS 125426,
22  2012 WL 3686785 ................................................................................... 3

23  *Schulken v. Washington Mutual Bank,* 2013 U.S. Dist. LEXIS 48175 ........ .......................... 5

24  *Vaughn v. Am. Honda Motor Co., Inc.*, 507 F.3d 295, 300 (5th Cir. 2007) ......................... 4

25

### STATUTES AND RULES

26

27  Federal Rules of Appellate Procedure, Rule 7 ............................................................ passim

28  Federal Rules of Appellate Procedure, Rule 39(e) ................................................. 3

1

**STATEMENT OF ISSUES**

2
3

1. May a court order Objectors/Appellants to post appeal bonds totaling fifteen times the amount of estimated costs on appeal.

4
5

2. Are administrative expenses to be included in "costs on appeal" for purposes of FRAP Rule 7.

6
7

3. Have Plaintiffs shown the requisite need for the posting of an appeal bond from the Depot Objectors/Appellants.

8

**INTRODUCTION AND SUMMARY OF ARGUMENT**

9
10
11
12
13

For the reasons summarized here and discussed in full below, Objectors/Appellants K.D. and C.D., by and through their *Guardian ad Litem* Michael Depot, respectfully request that the court deny Plaintiff's Motion for Posting of Appeal Bond. First, by asking the court to require each and every objector to post the full bond amount, Plaintiffs improperly seek an appeal bond that is fifteen times the anticipated amount of costs on appeal and administrative expenses.

14
15
16
17
18

Only $1,500 of the $32,000 appeal bond sought by Plaintiffs are for anticipated costs on appeal as that term is used in the Federal Rules of Appellate Procedure (FRAP), as interpreted by the Ninth Circuit Court of Appeal. Over 95% of the requested $32,000 bond amount is attributed to administrative expenses that may be incurred by the Settlement Administrator, but which are not to be considered "costs on appeal" for purposes of FRAP Rule 7.

19
20

Plaintiffs have not shown the requisite need for the posting of an appeal bond from the Depot Objectors/Appellants.

21
22
23

**I. PLAINTIFFS' MOTION IMPROPERLY ASKS THIS COURT TO REQUIRE BONDS TOTALING FIFTEEN TIMES THE AMOUNT OF ANTICIPATED COSTS ON APPEAL AND ADMINISTRATIVE EXPENSES**

24
25
26
27
28

By the express language of Rule 7 of the Federal Rules of Appellate Procedure, a district court may require an appellant to file a bond if one is "necessary to ensure payment of costs on appeal." "[W]e emphasize that the rule states that a district court 'may,' rather than 'shall,' impose a bond for costs on appeal." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007). That discretion is to be exercised based on the "need for a bond for costs." Fed.

1 R. App. P. 7 (1979 advisory notes).

2       Plaintiffs' Motion asks the court to abuse its discretion by requiring *each objector*

3 (fifteen in all) to post a bond in the amount of $32,000 — for a total bond amount of $480,000.

4 Assuming *arguendo* that a $32,000 bond amount would be appropriate in order to ensure the

5 payment of costs on appeal in this proceeding, Plaintiffs' Motion cites no authority and provides

6 no basis for asking the court to require the posting of an amount *fifteen* times that amount. Even

7 if this court were to grant Plaintiff's Motion in the amount of $1,500 (the amount of eligible

8 "costs on appeal" that Plaintiffs anticipate to be incurred), there is no authority for requiring

9 bonds to be posted in amounts that are *fifteen* times that amount.  *In Re Toyota Motor Corp.*,

10 2013 U.S. Dist. LEXIS 156986 (Oct. 21, 2013), provides useful guidance; there, plaintiff sought

11 the posting of an appeal bond that was four times the anticipated costs of appeal, and the court

12 called the request "clearly improper":

13
14       Plaintiffs seek bonds to cover their briefing costs four times over. This is clearly
improper under the plain language of the Rule, which permits imposition of a bond in an
amount limited to that 'necessary to ensure payment of costs on appeal.' Fed. R. App. P.
15       7.

16
17 *Id.*  If an appeal bond that was four times the anticipated costs of appeal was improper,

Plaintiff's request for an appeal bond that is at least fifteen times the anticipated costs of appeal
18
19 is clearly improper.

20       **II.     NINTH CIRCUIT AUTHORITY PRECLUDES THE INCLUSION OF
ADMINISTRATIVE EXPENSES IN AN APPEAL BOND UNLESS
21       EXPRESSLY AUTHORIZED BY STATUTE**

22       According to its Motion, Plaintiffs' anticipated costs on appeal will total approximately

23 $1,500.  However, Plaintiffs also seek to include in the amount of the appeal bond

24 "administrative" costs of $30,450 that may be incurred by the Settlement Administrator during

25 the pendency of the appeal.  Much of Plaintiffs' Motion is devoted to convincing this court that

26 administrative expenses associated with the Settlement Administrator's "storage of records,…

27 handling class members' communications,…website updates,…escrow management,…and

28

1   overall project management" (see Declaration of Jennifer M. Keough Regarding Increased

2   Administrative Costs Resulting from Appeal, at 2) are proper "costs on appeal" for purposes of

3   FRAP Rule 7.

4          The FRAP uses the term "costs on appeal" in just two rules — Rule 7 and Rule 39. The

5   Rule 7 usage is quoted above.  Rule 39(e) lists the following as "costs on appeal" that are

6   taxable in the district court for the benefit of the party entitled to costs under Rule 39:

7          1)  the preparation and transmission of the record;

8          2)  the reporter's transcript, if needed to determine the appeal;

9          3)  premiums paid for a supersedeas bond or other bond to preserve rights pending

10             appeal; and

11         4)  the fee for filing the notice of appeal.

12         The types of administrative expenses that might be incurred by the Settlement

13  Administrator during the pendency of the appeal clearly do not fall within the limited types of

14  "costs on appeal" that are listed in Rule 39(e).  Although Rule 39(e) was not intended to be a

15  comprehensive and exclusive listing of what constitutes "costs on appeal" for purposes of Rule

16  7, the use of the same term in both sections is arguably illustrative of the types of *litigation*-

17  related costs that were envisioned as "costs on appeal" as that term is used in Rule 7.  In other

18  words, properly included "costs on appeal" are costs that are directly related to the filing and

19  preparation of the appeal — not administrative expenses that may be incurred by parties and/or

20  others while an appeal is pending.

21         That said, some courts are in disagreement with regard to whether administrative

22  expenses are to be factored in to the amount of a "costs on appeal" bond pursuant to FRAP Rule

23  7. One recent district court opinion thoroughly examined this issue and decided as follows:

24         In cases involving class action settlements, courts disagree on whether the
       additional costs of settlement administration are properly included within the calculation
25     of a bond amount under Rule 7. *Compare Dennings v. Clearwire Corp.*, 928 F. Supp. 2d
       1270, 1272 (W.D. Wash. 2013) (imposing bond amount including $39,150 associated
26     with additional settlement administration costs), *Miletak v. Allstate Ins. Co.*, C 06-03778
       JW, 2012 U.S. Dist. LEXIS 125426, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012)
27     (allowing bond including $50,000 in additional settlement administrative costs), *In Re*
28

*Broadcom Corp. Sec. Litig.*, 2010 U.S. Dist. LEXIS 45656, [WL] at *8-12 (C.D. Cal. Dec. 5, 2005) (allowing bond including $517,700 in additional settlement administrative costs), *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL 1361, 2003 U.S. Dist. LEXIS 25788, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003) (similar), with *In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.*, 09-MD-2023 BMC, 2013 U.S. Dist. LEXIS 125555, 2013 WL 4735641, at *4 (E.D.N.Y. Sept. 3, 2013) (rejecting request to impose additional amount*); In re Navistar Diesel Engine Products Liab. Litig.*, 11 C 2496, 2013 U.S. Dist. LEXIS 113111, 2013 WL 4052673, *2 (N.D. Ill. Aug. 12, 2013) (same); *Cobell v. Salazar*, 816 F. Supp. 2d 10, 14-16 (D.D.C. 2011) (same); *and In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 292-93 (S.D.N.Y. 2010) (same); and *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D.N.Y.1999) (similar); *cf. In re Am. President Lines, Inc.*, 779 F.2d 714, 716, 250 U.S. App. D.C. 324 (D.C. Cir. 1985) (limiting Rule 7 bond amount to estimated amount of Rule 39(e) taxable costs); *Vaughn v. Am. Honda Motor Co., Inc.*, 507 F.3d 295, 300 (5th Cir. 2007) (reducing bond amount imposed on objector from $150,000 to $1,000).

Courts that refuse to impose appeal bonds to cover increased settlement administration costs reason that such costs are not "costs on appeal" because they are not within the scope of the Rule 39(e) taxable costs or another applicable fee-shifting statute. *E.g., In re Bayer Corp.*, 2013 U.S. Dist. LEXIS 125555, 2013 WL 4735641, at *3-4. Here, this Court is persuaded by that rationale.

This conclusion is in accord with Ninth Circuit authority, which has considered a related issue of whether attorney fees may be encompassed in the term "costs on appeal." *See Azizian*, 499 F.3d at 958. In *Azizian*, the Ninth Circuit expressed its holding regarding whether attorney fees could be included in a bond calculation in a manner that is directly applicable here. Specifically, the Ninth Circuit noted its agreement with three circuits that "hold that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Id.* Although Plaintiffs point to examples of cases in which other courts have imposed bonds based on delay costs, they have not been able to identify any "applicable fee-shifting statute," that might justify imposition of the additional amount of bond in the present case.

Therefore, the Court concludes that application of *Azizian* in this case precludes inclusion of increased settlement administration costs in the amount of a bond imposed on appeal.

*In Re Toyota Motor Corp.*, 2013 U.S. Dist. LEXIS 156986 (Oct. 21, 2013).

As the *Toyota* court explained, the Ninth Circuit's *Azizian* requires that in order to be included as "costs on appeal," expenses must be defined as "costs" by an applicable fee-shifting statute. Plaintiffs have identified no such statute that would allow the inclusion of a Settlement Administrator's purely administrative expenses to a bond sought pursuant to FRAP Rule 7.

One of the opinions cited by Plaintiffs in support of their position clearly agrees that

1   lacking specific statutory authority to consider administrative expenses as costs, they are not to

2   be included in an appeal bond.  However, that fact is not made clear in Plaintiffs' Motion.  The

3   following excerpt from page 24 of Plaintiffs' Motion purports to explain why Judge Lucy Koh

4   refused to include administrative expenses in an appeal bond in *Schulken v. Washington Mutual*

5   *Bank,* 2013 U.S. Dist. LEXIS 48175:

6       Judge Lucy Koh in *Schulken, supra*, declined to include the requested
7       administrative costs because plaintiffs 'could neither concretely identify the basis for
        their $10,000 estimate, nor clearly distinguish the projected costs from that that could be
8       claimed as attorney's fees.'

9       The quoted passage provided by Plaintiffs in its Motion is actually just part of the story

10  of why Judge Lucy Koh refused to include administrative expenses in an appeal bond.  The

11  unedited passage from *Schulken* reads as follows (*Schulken, supra,* at *23, emphasis added):

12      At the March 28, 2013 hearing, ***Plaintiffs-Appellees were unable to identify any***
        ***additional precedent or statutes authorizing administrative expenses as "costs,"*** and
13      could neither concretely identify the basis for their $10,000 estimate, nor clearly
        distinguish the projected costs from those that could be claimed as attorney's fees. As a
14      result, the Court declines to include the $10,000 of administrative costs in the appeal
15      bond.

16      Plaintiffs' reliance on *In Re Netflix Litigation*, 2013 U.S. Dist. LEXIS 168298 is equally

17  unavailing due to its internal inconsistencies. *Netflix* acknowledges that pursuant to *Azizian*,

18  costs can qualify as "costs" for purposes of FRAP Rule 7 "if they are so defined by a rule or

19  statute" (*Id.* at 11–12) but the court failed to articulate which rule or statute allowed it to find

20  that including such costs in the appeal bond was proper. Regardless, in the present case, no such

21  rule or statute is applicable, as Plaintiffs lack of citation thereto indicates.

22      **III.   PLAINTIFFS FAILED TO SHOW THE REQUISITE NEED FOR THE**
23      **POSTING OF AN APPEAL BOND BY THE DEPOT OBJECTORS/**
        **APPELLANTS**

24      FRAP Rule 7 does not provide explicit guidance as to what factors a court should

25  consider in determining whether to require a bond.  The Ninth Circuit has indicated that because

26  of due process concerns, the appellant's financial ability to post a bond is an appropriate

27  consideration. *See Azizian v. Federated Department Stores, Inc*., 499 F.3d 950, 961 (9th Cir.

28

1    2007) (noting that some factors, such as financial hardship, might indicate that a bond would

2    unduly burden a party's right to appeal).

3           According to Plaintiffs, the fact that the Depot Objectors/Appellants were able to pay the

4    requisite $455 filing fee is evidence that they are capable of posting a $32,000 bond without

5    causing a substantial hardship. Plaintiffs' Motion at 6.  The utter incomparability of these two

6    amounts — and Plaintiffs' willingness to make such a comparison — illustrates Plaintiffs' lack

7    of evidence in this regard.

8           One point not made in Plaintiffs' Motion is that ***the Depot Objectors/Appellants are***

9    ***minors*** (participating in this matter by and through their *guardian ad litem*).  Ironically, the

10   Depot Objectors/Appellants appeal was made necessary by Plaintiffs' failure to adequately

11   protect the interests of the minor subclass as part of the Settlement Agreement — and in their

12   Motion, Plaintiffs have once again failed to consider the unique circumstances of the minor

13   subclass that is part of their lawsuit.

14          Other so-called evidence that Plaintiffs point to as proof that the objectors are financially

15   able to post a $32,000 bond is their statement that "many of the Objectors are represented by

16   professional-objector attorneys with substantial financial resources sufficient to pay the bonds."

17   Plaintiffs' Motion at 8.  This claim is clearly not true about the Depot Objectors/Appellants,

18   whose counsel is the nonprofit Children's Advocacy Institute/Center for Public Interest Law

19   (CAI/CPIL) of the University of San Diego School of Law.  Fellmeth Decl., ¶ 2.  In addition to

20   running an academic program, CAI/CPIL are public interest law firms that engage in research

21   and advocacy on behalf of children and consumers (Fellmeth Decl., ¶ 3, 4), and they are not in

22   the business of representing professional objectors (Fellmeth Decl., ¶ 5).  CAI/CPIL agreed to

23   work on this case on behalf of the minor Depot Objectors/Appellants on a *pro bono* basis.

24   Fellmeth Decl., ¶ 6.

25          Similarly, Plaintiffs' claims about certain objectors' "habit of incessantly filing frivolous

26   appeals", which Plaintiffs provide as evidence of the objectors' ability to pay a bond, does not

27   apply to the Depot  Objectors/Appellants.  Plaintiffs provided no evidence that the Depot

28

---

DEPOT'S OPPOSITION TO PLAINTIFF'S MOTION FOR POSTING OF APPEAL BOND / Case No. CV 11-01726 RS

6

1    Objectors/ Appellants have ever filed a single appeal before, let alone a frivolous one.

2          Another factor that should be considered in determining whether to require a bond is the

3    merits of the appeal. *Fleury v. Richemont North America, Inc.* No. C-05-4525-EMC, 2008 U.S.

4    Dist. LEXIS 88166 at \*17-18 (N.D. Cal. Oct. 21, 2008). The fact that the district court approved

5    the proposed settlement is no indication that the claims of the Depot Objectors/Appellants are

6    without merit. Plaintiff's self-serving claims that the District Court adequately considered and

7    disposed of the Depot Objectors/Appellants claims regarding the Settlement Agreement's legality

8    *vis-à-vis* California law on minor / parental consent, among other things, are insufficient to

9    demonstrate that the Depot Objectors/Appellant's appeal is without merit.

10                                    **CONCLUSION**

11         The cases cited by Plaintiffs acknowledge that administrative expenses included in an

12   appeal bond must be authorized as costs by a rule or statute, yet Plaintiffs seek a bond for over

13   $30,000 in administrative expenses without contending or indicating that any rule or statute

14   authorizes such expenses as costs. They improperly ask this court to require bonds totaling at

15   least fifteen times the amount of costs on appeal. Finally, they failed to show the requisite need

16   for the posting of an appeal bond from the Depot Objectors/Appellants. For these reasons,

17   Objectors/Appellants K.D. and C.D., by and through their *Guardian ad Litem* Michael Depot,

18   respectfully request that the court deny Plaintiff's Motion for Posting of Appeal Bond.

19

20                                    Respectfully Submitted,

21   Dated: January 24, 2014

22                          By:   *Robert C. Fellmeth*

23                                    Robert C. Fellmeth
                                      *Attorney for Objectors, K.D. and C.D, by and*
24                                    *through their Guardian ad Litem Michael Depot*

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 24, 2014, all individuals of record who

are deemed to have consented to electronic service are being served a true and correct copy of the

foregoing document using the Court's ECF system.


DATE: Jan. 24, 2014        _____
                                    ELISA WEICHEL