FILED

2014 JAN 24 P 1:47

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

1  Jo Batman
2  441 Coral Place
   Corpus Christi, TX 78411
3  Phone: 361.850.7118
   jo.batman@kaplan.com
4
   *Pro Se Objector*
5
6
7              UNITED STATES DISTRICT COURT
8             NORTHERN DISTRICT OF CALIFORNIA
9                SAN FRANCISCO DIVISION
10
                                        Case No. CV 11-01726 RS
11
                                        [Hon. Richard Seeborg]
12  ANGEL FRALEY; PAUL WANG; SUSAN
    MAINZER; JAMES H. DUVAL, a minor, by   **OPPOSITION TO PLAINTIFFS'**
13  and through JAMES DUVAL, as Guardian ad **MOTION FOR POSTING APPEAL**
    Litem; and W.T., a minor, by and through **BONDS**
14  RUSSELL TAIT, as Guardian ad Litem;
    individually and on behalf of all others
15  similarly situated,
16            **Plaintiffs**
17       v.
18  FACEBOOK, INC., a corporation; and DOES
    1-100,
19
              Defendants.
20
21
22      Objector Jo Batman files this her Opposition to Motion for Posting Appeal Bonds by
23  Objectors.
24
25      Plaintiffs move for an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate
26  Procedure as to the Objectors. Specifically, Plaintiffs assert the following: "Plaintiffs anticipate
27  that they will incur significant taxable costs of the appeal, including copies of additional excerpts
28

of record, copies of briefs, and costs of filing fees and motions, of at least $1,500, as well as administrative costs of appeal to be incurred by the Settlement Administrator in the amount of $30,450. Plaintiffs therefore request that the Court require all objectors to each obtain a bond in the amount of $32,000 for the appeal."

Objector Jo Batman opposes the imposition of any bond amount over and above $1,500, which is Plaintiffs' estimate of taxable costs for this appeal. Class Plaintiffs may obtain a bond for anticipated costs under Rule 7 FRAP, but those costs are limited to those set forth in Rule 39 FRAP. Under Rule 7 FRAP, a bond cannot include attorneys' fees or administrative costs. Objectors/Appellants' objections to the settlement and Class Counsel's attorneys' fees and their appeal from the order overruling their objections to the settlement and Class Counsel's fees, are facially not frivolous and their appeal is highly unlikely to be declared so by the appellate panel.

It is clear that Class Counsel is seeking a bond from all Objectors is in an attempt to stifle objectors' appeal from this Court's approval of the settlement and their attorneys' fees. That is not a proper use of the rules relating to bonding, and the Court should not allow it pursuant to Rule 7 FRAP.

The overarching theme of Class Plaintiffs' request for a bond in this case is that Objectors' objection to the settlement and Class Counsel's fees are frivolous, and that Objectors' counsel are "professional objectors" who pursue objections for improper purposes. The allegation is made that by filing appeals, the objectors hope to receive fees but it goes without saying that Class Counsel can simply refuse and allow the appeal to be decided by an appellate court.

First, an appeal is frivolous if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983). *See also Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007).

**OPPOSITION TO PLAINTIFFS' MOTION
FOR POSTING APPEAL BONDS**

Case No. CV 11-01726 RS

1    It is well established that whether an appeal is frivolous is solely within the purview of

2  the appellate court not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d

3  295, 299 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir.

4  1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal.

5  *Azizian*, 499 F.3d at 960.

6

7    A district court does *not* have any "inherent or rule-based power" to impose an appeal

8  bond beyond "security for payment of costs on appeal." *American President Lines*, 779 F.2d at

9  716, 718-19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed

10  against an unsuccessful litigant under Federal Appellate Rule 39." *American President Lines*,

11  779 F.2d at 716.

12    Nor do "costs" under Rule 7 include administrative costs. While the plaintiffs claim they

13  are seeking an appeal bond, what they are really seeking is a *supersedeas* bond under Fed. R.

14
     App. Proc. 8, which is a bond for administrative costs. The difference between a *supersedeas*
15
     bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an
16
17  appellant can choose to forgo paying a *supersedeas* bond. *American President Lines*, 779 F.2d at

18  717-18. But there is no question that the requirements for Fed. R. App. Proc. 8 are not met

19  because Ms. Batman has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not

20  give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure

21  and require a bond for administrative costs as a precondition for appeal. *American President*

22
     *Lines*, 779 F.2d at 718-19. Moreover, if indeed increased administrative costs are approximately
23
24  $30,000, Plaintiffs should not be able to multiply that figure by each of the objectors who

25  appealed. The same is true of all of the costs on appeal. In any event, the 9th Circuit has not yet

26  allowed appeal bonds under Rule 7 to cover increased administrative expenses under these

27

28                                                                                    3

1    circumstances. The appeal bond motion should be denied.

2        Objector Jo Batman incorporates by reference any response or opposition filed by any

3    other objector to the bond motion to the extent not inconsistent herewith. Class Counsel's

4    motion for a bond should be denied except insofar as Objector Jo Batman has no opposition to

5    posting a bond for Plaintiffs' estimated taxable costs of $1,500.

6        I have sought legal advice and assistance in this matter by Bandas Law Firm, P.C.,

7
     Corpus Christi, Texas, and this document was prepared with the assistance of counsel, no special
8
     favor or treatment is requested due to the fact that any document I submit is filed *pro se*.
9

10   Dated: January 23, 2014

11

12                           Respectfully submitted,

13
                    By:
14                           Jo Batman
                             441 Coral Place
15                           Corpus Christi, TX  78411
                             Phone: 631.850.7118
16                           jo.batman@kaplan.com

17                           *Pro Se Objector/Appellant Jo Batman*

18

19

20

21

22

23

24

25

26

27
                                                                              4
28
     OPPOSITION TO PLAINTIFFS' MOTION
     FOR POSTING APPEAL BONDS                             Case No. CV 11-01726 RS

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on the 23rd day of January, 2014 I filed the foregoing with the Clerk

3   of the Court using FedEx Priority Overnight delivery. I further certify that I caused the

4   foregoing document to be sent via USPS First Class mail to the following participants, postage

5   prepaid, at the addresses listed below:

6
   **Robert S. Arns**
7   **Jonathan E. Davis**
   **Steven R. Weinmann**
8   THE ARNS LAW FIRM
   515 Folsom Street, 3rd Floor
9   San Francisco, CA 94105

10
   **Jonathan M. Jaffe**
11   JONATHAN JAFFE LAW
   3055 Hillegass Avenue
12   Berkeley, CA 94705

13
   **S. Ashlie Beringer**
14   Facebook
   1601 Willow Road
15   Menlo Park, CA 94025

16
   **Martha Bronson**
17   Bronson & Associates
   15 West 8TH Street, SUITE A
18   Tracy, CA 95376

19
   **Matthew Dean Brown**
20   **Jeffrey Gutkin**
   **Candace A Jackman**
21   **Michael Graham Rhodes**
   Cooley LLP
22   101 California St. Flr 5
   San Francisco, CA 94111-5800
23
   **Robert Charles Fellmeth**
24   **Christina McClurg Riehl**
   **Elisa M Weichel**
25   Children's Advocacy Institute
   5998 Alcala Park
26   San Diego, CA 92110
27

28                                                                              5
   OPPOSITION TO PLAINTIFFS' MOTION
   FOR POSTING APPEAL BONDS                        Case No. CV 11-01726 RS

1  **Theodore Harold Frank**
2  Attorney at Law
   Center for Class Action Fairness
3  1718 M Street
   No. 23-6
4  Washington, DC 20036

5  **Jennifer Ann Hall**
6  Gibson Dunn & Crutcher LLP
   1881 Page Mill Road
7  Palo Alto, CA 94304

8  **Roman Melnik**
9  Goldberg, Lowenstein and Weatherwax
   11400 Olympic Boulevard
10 Suite 400
   Los Angeles, CA 90046
11
   **Janine Renee Menhennet**
12 The Markham Law Firm
13 750 B Street, Suite 1950
   San Diego, CA 92101
14
   **Scott Matthew Michelman**
15 **Scott L. Nelson**
   Public Citizen Litigation Group
16 1600 20th St. NW
17 Washington, DC 20009

18 **Joseph Darrell Palmer**
   Law Offices of Darrell Palmer PC
19 2244 Faraday Avenue
   Suite 121
20 Carlsbad, CA 92008
21
   **William Richard Restis**
22 Finkelstien & Krinsk LLP
   501 West Broadway, Suite 1250
23 San Diego, CA 92101
24
   **Jay Adam Rorty**
25 Law Offices of Jay Rorty
   835 Cedar St
26 Santa Cruz, CA 95060
27

28

6

OPPOSITION TO PLAINTIFFS' MOTION
FOR POSTING APPEAL BONDS                    Case No. CV 11-01726 RS

1  **Alan J Sherwood**
   Law Office of Alan J. Sherwood
2  1300 Clay Street #600
   Oakland, CA 94612
3
   **Antony Stuart**
4  Stuart Law Firm
   801 So. Grand Avenue
5  11th Floor
6  Los Angeles, CA 90017-4613

7  **Mark John Tamblyn**
   Wexler Wallace LLP
8  455 Capitol Mall
9  Suite 231
   Sacramento, CA 95814
10
   **Aaron Michael Zigler**
11 Korein Tillery - St. Louis
   Generally Admitted
12 505 N. 7th Street, Suite 3600
13 St. Louis, MO 63101

14

15

16

17

18                                    Jo Batman, *Pro Se Objector*

19

20

21

22

23

24

25

26

27
                                                              7
28
   OPPOSITION TO PLAINTIFFS' MOTION
   FOR POSTING APPEAL BONDS                    Case No. CV 11-01726 RS