United States District Court
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8              SAN FRANCISCO DIVISION

9

10

11   ANGEL FRALEY, et al.                    No. C 11-1726 RS

12          Plaintiffs,
                                            **ORDER DENYING OBJECTOR'S**
     v.                                     **MOTION FOR ATTORNEY FEES**
13                                          **AND INCENTIVE AWARD**
     FACEBOOK, INC.,
14
            Defendant.
15   _____/

16

17          Objector Sam Katzman, represented by attorney Theodore H. Frank of the Center for Class

18   Action Fairness, seeks an award of attorney fees and an individual incentive payment, based on his

19   contention that his objections resulted in a substantial benefit to class members.  Katzman claims a

20   fee award of $135,000, together with an incentive award of $500, both to be paid out of class

21   counsel's fee recovery.  Katzman suggests that to avoid the appearance of any "unseemly windfall,"

22   he recover only $50,000 in fees, with the balance of the award to be added to the class recovery.[1]

23   Pursuant to Civil Local Rule 7-1(b), the motion has been submitted without oral argument.  The

24   motion will be denied.

25          Generally, objectors may be entitled to fees upon a showing that they "substantially

26   enhanced the benefits to the class under the settlement," by increasing the size of the fund or

27   _____

28   [1] As the existing settlement fund is sufficient to pay all the cash claims, any additional monies
     would be distributed to the *cy pres* recipients, rather than directly to class members.

1   otherwise. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52. (9th Cir. 2002).  Here, Katzman

2   contends his objections led or at least contributed to both (1) an increase in the cash payment each

3   class member who submits a valid claim will receive from $10 to $15, and (2) a fee award to class

4   counsel being made in an amount approximately $2.8 million less than requested.

5        Katzman's assertion that it is "likely" the cash payments were increased in response to his

6   objection is not supported by the record.  The settlement agreement always contemplated such an

7   increase in the event the number of claims made was low enough to permit it. There is nothing from

8   which it can reasonably be inferred that Katzman's discussion of the principle that distributions to

9   class members are generally preferable to *cy pres* distributions led to the parties exercising, and this

10  court ordering, that option under the settlement agreement, once the number of claims made became

11  known.   Indeed, Katzman's objection did not even address the most salient issue, discussed in the

12  final approval order: the need to balance the advantages of larger payments to class members against

13  the potential unfairness to those who elected not to submit claims, believing only $10 payments

14  were likely. Thus, not only did Katzman's objection play no role in the increased payments, his

15  arguments did not adequately address the propriety of making such an award in the first instance.

16       Katzman's claim that his objections reduced the fee award by approximately $2.8 million is

17  also not borne out by the record.  First, the $7.5 million fee request was predicated on plaintiff's

18  contention that a dollar value could and should be assigned to the injunctive relief for purposes of

19  calculating a percentage-based fee award.  As reflected in the order denying preliminary approval of

20  the first settlement proposal, the question of whether the value of injunctive relief could be

21  quantified in the manner proposed by plaintiffs and used to support a fee award was of great concern

22  long before Katzman appeared in this matter.  That plaintiffs ultimately were not able answer the

23  previously-expressed concerns was not the result of Katzman having echoed them in his objections.

24       Second, Katzman contends he was the only person who advocated for calculating the fee

25  award from the *net* settlement fund, after deduction of expenses.  While it may be that this particular

26  issue had not previously been raised by the Court, and was not addressed by the parties or other

27  objectors, it does not support a fee award.  It may sometimes be appropriate to award fees where an

28  objector advances a point not previously made by other parties or objectors even if the Court would

2

United States District Court
For the Northern District of California

have *sua sponte* reached the same conclusion.  This is because "objectors must decide whether to object without knowing what objections may be moot because they have already occurred to the judge."  *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002).  Nevertheless, the threshold requirements remain that the objectors must "contribute materially to the proceeding" and "produce an improvement in the settlement worth more than the fee they are seeking."  *Id.*

Here, applying the percentage recovery to the net settlement fund decreased the fee award by slightly less than $300,000, an amount which will now instead go to the *cy pres* recipients.  While not a *de minimus* amount, it represents a very small percentage of the overall settlement funds going either to class members directly or *cy pres* recipients.

It is only commonsense that a percentage-based fee should be based on the amount actually recovered by the class (directly or through *cy pres*) and not include a percentage of the sums going to pay costs.  Even though Katzman may have been the only litigant to articulate this point, his objection did not rise to the level of a material contribution warranting a fee award.[2]

Finally, Katzman's reliance on *Rodriguez v. West Pub. Corp.*, 563 F.3d 948 (9th Cir. 2009) to argue he is entitled to fees as a matter of law is misplaced.  Contrary to Katzman's insistence, *Rodriguez* did not hold it is "clearly erroneous" to deny an objector's fee request on grounds the objector "did not add anything" to the result.  (Reply Brief at 4:9-11.)   Rather, the court merely held that the record in that case demonstrated that the objections had, as a factual matter, affected the trial court's analysis and resulted in a benefit to the class.  563 F.3d at 963.  The record here does not support a similar conclusion.  The motion for a fee award and an incentive award is denied.

IT IS SO ORDERED.

---

[2]  Even if the increase of less than $300,000 in the amount going to *cy pres* recipients could be deemed a material contribution provided by Katzman, the associated reasonable fee for preparing what amounted to one paragraph of his objection would be *de minimus.*

Dated:  2/27/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California