IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANGEL FRALEY, et al.

        Plaintiffs,

  v.

FACEBOOK, INC.,

        Defendant.

No. C 11-1726 RS

**ORDER DENYING MOTION FOR POSTING OF APPEAL BONDS**

Plaintiffs seek an order requiring each objector, or group of objectors, who has filed an appeal in this action to post a bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure. That rule provides, in relevant part, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Plaintiffs request that each bond be posted in the amount of $32,000, roughly representing (1) an estimated $1500 plaintiffs will incur in copying costs in the event they find it necessary to supplement the excerpts of record the objectors submit, and (2) an additional $30,450 in estimated "costs of continued settlement administration during the length of the appeal period." Pursuant to Civil Local Rule 7-1(b), the plaintiffs' motion has been submitted without oral argument. It will be denied.

As reflected in the language of the rule, its purpose is to "protect[ ] . . . an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc.*, 2007 WL

2741033, *2 (S.D.N.Y. Sept. 20, 2007); *see also Page v. A.H. Robins Co*., 85 F.R.D. 139, 139-40 (E.D.Va. 1980) ("[T]he purpose[ ] of an appeal bond is to provide an appellee security for the payment of such costs as may be awarded to him in the event that the appellant is unsuccessful in his appeal."). The advisory committee notes to Rule 7 indicate that the question of the need for a bond, as well as its amount, are left to the discretion of the trial court. See Fed. R.App. 7, 1979 advisory committee notes. None of the parties dispute that this Court is vested with such discretion.

Rule 7 does not provide explicit guidance as to what factors a court should take into account in determining whether to require a bond, but courts have considered matters including (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and, (3) the merits of the appeal. *See Fleury v. Richemont North America, Inc*., 2008 WL 4680033, *6 (N.D.Cal. 2008) and cases cited therein. Here, the most significant dispute is whether it is proper to require a bond for "administrative costs" of the nature plaintiffs are seeking in the $30,450 amount.

In *Azizian v. Federated Department Stores, Inc*., 499 F.3d 950 (9th Cir. 2007), the Ninth Circuit noted that Rule 7 does not define "costs on appeal." *Id.* at 958. *Azizian* rejected the position, adopted by some courts, that the term is synonymous with the "costs" listed in Rule 39 as recoverable by a party prevailing on appeal. *Id.* at 956. Instead, the court concluded, for purposes of Rule 7 the term "costs on appeal" also "includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Id.* at 958. The objectors point to *Azizian* to argue that because administrative costs are neither recoverable under Rule 39 nor defined as costs in another statute, they are not properly included in any bond. Plaintiffs, in turn, insist that because the only issue decided in *Azizian* was the propriety of including attorney fees in a bond, it simply has no applicability here.

Plaintiffs are correct that *Azizian* does not expressly address "administrative costs" such as those they are claiming here. The point, however, is that *Azizian* demonstrates items included in bond amounts under Rule 7 must be authorized by some rule or statutory provision—if an item does not appear as a recoverable cost in Rule 39, then the party seeking to include it in a bond amount must show some other basis for treating it as such.

More fundamentally, the question is not whether an item represents a "cost" an appellee may incur during an appeal, but whether such "cost" is one that a losing appellant will become responsible for paying to the appellee. Indeed, in *Azizian* the court held inclusion of fees in a bond amount to be improper—notwithstanding the existence of a fee-shifting statute—because the appellant would not have been liable for those fees even if he lost, given that the fee-shifting statute was "asymmetrical." *Id.* at 959-60. Here, plaintiffs have pointed to no rule or statute that would render objectors liable for the "administrative costs" even assuming their appeals fail. Accordingly, there is no basis to require objectors to post a bond for those costs.

As noted, plaintiffs also estimate that they may incur up to approximately $1500 in copying costs in the event they deem it necessary to supplement the excerpts of record that the objectors submit on appeal. There is no dispute such costs, if incurred and otherwise appropriate, would fall within the ambit of Rule 39 and therefore be the proper subject of a bond under Rule 7. Under the circumstances here, however, plaintiffs have not made a sufficient showing that there is a risk recoverable costs will be incurred which they will be unable to collect, absent the posting of a bond or bonds by the objectors. Were a greater sum at stake, or if there were a basis to infer that objectors were likely to ignore or evade their obligations to comply with any cost award, or lack the resources to comply, the result might be different. On this record, however, discretion weighs against imposing any requirement that a bond be posted. Accordingly, the motion is denied.

IT IS SO ORDERED.

Dated: 6/27/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

3