FILED

JAN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC, | No. 13-16819 <br><br> D.C. No. 3:11-cv-01726-RS <br><br> MEMORANDUM[*] |
| Plaintiffs - Appellees, | |
| C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y., | |
| Intervenor-Plaintiffs - Appellees, | |
| v. | |
| JO BATMAN, | |
| Objector - Appellant, | |
| V. | |
| FACEBOOK, INC., | |
| Defendant - Appellee. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,<br><br>   Plaintiffs - Appellees,<br><br>C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,<br><br>   Intervenor-Plaintiffs - Appellees,<br><br> v.<br><br>JOHN SCHACHTER, on behalf of himself and his minor son S.M.S.; KIM PARSONS, on behalf of herself and her minor daughter C.B.P; ANN LEONARD, on behalf of herself and her minor daughter D.Z.; R.P., through her mother Margaret Becker; J.C., through his father Michael Carome,<br><br>   Objectors - Appellants,<br><br> V.<br><br>FACEBOOK, INC.,<br><br>   Defendant - Appellee. | No. 13-16918<br><br>D.C. No. 3:11-cv-01726-RS |
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and | No. 13-16919 |

| | |
|---|---|
| through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC, <br><br>      Plaintiffs - Appellees, <br><br>C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y., <br><br>      Intervenor-Plaintiffs - Appellees, <br><br>v. <br><br>WENDY LALLY; ALEC GREENHOUSE; JONATHAN BOBAK; ZACHARY COCHRAN, <br><br>      Objectors - Appellants, <br><br>V. <br><br>FACEBOOK, INC., <br><br>      Defendant - Appellee. | D.C. No. 3:11-cv-01726-RS |
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC, <br><br>      Plaintiffs - Appellees, | No. 13-16929 <br><br>D.C. No. 3:11-cv-01726-RS |

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

   Intervenor-Plaintiffs - Appellees,

 v.

K.D.; C.D., through their father, Michael Depot,

   Objectors - Appellants,

 V.

FACEBOOK, INC.,

   Defendant - Appellee.

---

ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,

   Plaintiffs - Appellees,

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

   Intervenor-Plaintiffs - Appellees,

 v.

No. 13-16936

D.C. No. 3:11-cv-01726-RS

H.L.S., through her mother, Sheila L. Shane,

  Objector - Appellant,

v.

FACEBOOK, INC.,

  Defendant - Appellee.

---

ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,

  Plaintiffs - Appellees,

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

  Intervenor-Plaintiffs - Appellees,

THOMAS L COX, Jr.; TRACEY COX KLINGE; KATIE SIBLEY,

  Objectors - Appellants,

v.

FACEBOOK, INC.,

  Defendant - Appellee.

No. 13-17028

D.C. No. 3:11-cv-01726-RS

|   |   |
|---|---|
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC, | No. 14-15595 <br><br> D.C. No. 3:11-cv-01726-RS |
| Plaintiffs - Appellees, | |
| C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y., | |
| Intervenor-Plaintiffs - Appellees, | |
| SAM KAZMAN, | |
| Objector - Appellant, | |
| v. | |
| FACEBOOK, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted September 17, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Several objectors challenge the district court's approval of a class action settlement and the court's award of attorney's fees. Objector Kazman appeals the district court's decision to deny him attorney's fees and an incentive award. We affirm.

1. The district court did not abuse its discretion in approving a class action settlement which awarded $15 to each claiming class member, notwithstanding the possibility of a $750 statutory penalty. The monetary award of $15 was reasonable in light of the minimal (if any) harm suffered by the plaintiffs. Furthermore, an award of $750 per claiming class member could implicate due process concerns.

2. The district court did not abuse its discretion in approving a class action settlement which authorized the distribution of unclaimed funds to *cy pres* recipients. We have previously approved of class actions settlements incorporating *cy pres* distribution of unclaimed funds, as long as an appropriate nexus existed between the issues underlying the case and the *cy pres* recipients. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012). The district court did not err in finding that an appropriate nexus existed here. As the district court found, "[t]he recipient organizations focus on consumer protection, research, education

regarding online privacy, the safe use of social media, and the protection of minors—the very issues raised in plaintiffs' complaint."

3.  The settlement does not clearly authorize continued violations of the law. When approving a settlement, a district court should avoid reaching the merits of the underlying dispute. *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996); *see also Officers for Justice v. Civil Serv. Comm'n of San Franciso*, 688 F.2d 615, 625 (9th Cir. 1982). As a result, a district court abuses its discretion in approving a settlement only if the agreement sanctions "*clearly* illegal" conduct. *Robertson v. National Basketball Ass'n*, 556 F.2d 682, 686 (2d Cir. 1977) (emphasis added); *see also Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). It is not clear whether Facebook's use of minors' names and likenesses in Sponsored Stories violated California law. *See C.M.D. v. Facebook, Inc.*, No. 14-15603, 2015 WL 6575724, at *1 (9th Cir. Oct. 30, 2015) (rejecting some of plaintiffs' claims). It is also not clear whether the settlement at issue — which provides more protection for minors from Facebook's advertising practices than existed before — violates state law. The district court did not abuse its discretion in approving the settlement in the face of this uncertainty.

4.  There was no structural conflict of interest requiring the appointment of separate counsel for the minor subclass. The evidence that a structural conflict

of interest existed is sparse, especially given that (1) two of the three named representatives were minors, (2) most of the injunctive relief in the settlement benefitted only the minors, and (3) the minors were free to opt out of the settlement (as, in fact, many did). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998); *see also C.M.D.*, 2015 WL 6575724.

The objectors claim that a conflict existed because the minors had significantly more valuable claims than the adults. We have held that part of the minors' case was not meritorious, *see C.M.D.*, 2015 WL 6575724, indicating that the objectors may have exaggerated the relative strength of minor subclasses' claims as compared to the adults' claims. Furthermore, a difference in value of claims does not necessarily mean there is a structural conflict of interest requiring separate counsel. *See In re Online DVD–Rental Antitrust Litig.*, 779 F.3d 934, 942–43 (9th Cir. 2015); *Hanlon*, 150 F.3d at 1021.

5. The district court did not abuse its discretion by reasoning, in part, that the Children's Online Privacy Protection Act (COPPA) "may well" preempt the claims of the minor subclass. The district court did not decide whether COPPA actually preempts Cal. Civ. Code § 3344. Rather, the district court properly recognized that its duty was only to determine whether the proposed settlement was fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). The issue of COPPA

preemption has not been resolved, and thus the district court appropriately considered it as a risk of litigation that would exist if the plaintiffs' case continued.

6. The district court's attorney's fees award was not an abuse of discretion. The district court properly exercised its discretion to use a percentage-of-recovery approach, *see Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002), and awarded an amount (25% of the net settlement funds) which matches exactly this Court's established benchmark rate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Cross-checking the award with class counsel's lodestar confirms the reasonableness of the attorney's fees award.

7. The district court did not abuse its discretion in denying Objector Kazman's motion for attorney's fees and an incentive award. The record does not support Kazman's contention that he contributed to the district court's decision to award class counsel attorney's fees in an amount lower than requested. The district court was concerned with the excessiveness of the requested attorney's fees long before Kazman became involved. Kazman was also not entitled to attorney's fees for arguing that class counsel's attorney's fees should be calculated as a percentage of net (rather than gross) recovery because, as the district court found, the associated reasonable fee for preparing this argument was de minimis. Of

Kazman's 38–page objection to the settlement agreement, only one page was devoted to the net versus gross recovery argument. Kazman also was not entitled to an incentive award. Kazman cites little authority for the proposition that objectors are entitled to incentive awards. Even if objectors are occasionally entitled to incentive awards, there is no evidence that Kazman personally provided any "service to the class." *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

**AFFIRMED.**